1  MARC TOBEROFF (CA SBN 188547)
   MToberoff@toberoffandassociates.com
2  JAYMIE PARKKINEN (CA SBN 318394)
   JParkkinen@toberoffandassociates.com
3  TOBEROFF & ASSOCIATES, P.C.
4  23823 Malibu Road, Suite 50-363
   Malibu, CA 90265
5  Telephone: (310) 246-3333

6  *Attorneys for Plaintiff Elon Musk*

7  (Additional counsel listed on the next page)
8
9                    UNITED STATES DISTRICT COURT
10                   NORTHERN DISTRICT OF CALIFORNIA

11 | ELON MUSK,                        | Case No. 4:24-cv-04722-YGR          |
12 |         Plaintiff,                | **JOINT STATEMENT OUTLINING ELEMENTS OF CLAIMS** |
13 |     v.                            |                                     |
14 | SAMUEL ALTMAN, et al.,            | Hearing Date:    None Set           |
15 |         Defendants.               | Action Filed:  August 5, 2024       |
   |                                   | Judge: Hon. Yvonne Gonzalez Rogers  |

1 | JORDAN ETH (CA SBN 121617)
JEth@mofo.com
2 | DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
3 | MORRISON & FOERSTER LLP
425 Market Street
4 | San Francisco, CA 94105
5 | Telephone: (415) 268-7000

6 | WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
7 | SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
8 | WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
9 | New York, NY 10019
10 | Telephone: (212) 403-1000

11 | *Attorneys for Defendants Samuel Altman, Gregory Brockman,*
*OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
12 | *OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
*OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
13 | *OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
*OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
14 | *OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
*OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
15 | *OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
*Aestas Management Company, LLC, and Aestas LLC*
16 |

JOINT STATEMENT OUTLINING ELEMENTS OF CLAIMS

Plaintiff Elon Musk and Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC (collectively, the "OpenAI Defendants" and together with Plaintiff, the "Parties"), submit this Joint Statement Outlining Elements of Claims pursuant to the Court's October 11, 2024 Order. (Dkt. No. 27.) Any applicable pleading standards and rules regarding standing are not addressed herein.

1. **Count I: Promissory Fraud**

The elements of promissory fraud are "'(1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent not to perform at the time the promise was made; (3) intent to deceive or induce the promisee to enter into a transaction; (4) reasonable reliance by the promisee; (5) nonperformance by the party making the promise; and (6) resulting damage to the promise[e].'" *Missakian v. Amusement Indus., Inc.*, 69 Cal. App. 5th 630, 653-54 (2021) (quoting *Gruber v. Gruber*, 48 Cal.App.5th 529, 540 (2020)); *see also Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996).

2. **Count II: Constructive Fraud**

"'To state a claim for constructive fraud under California law, a plaintiff must allege: (1) a fiduciary or confidential relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage.'" *Fabian v. LeMahieu*, No. 19-cv-0054-YGR, 2019 WL 4918431, at *14 (N.D. Cal. Oct. 4, 2019) (quoting *Sacramento E.D.M., Inc. v. Hynes Aviation Indus.*, 965 F. Supp. 2d 1141, 1152 (E.D. Cal. 2013), citing Cal. Civ. Code § 1573); *see also Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1131 (2014).

3. **Count III: Aiding and Abetting Fraud**

To state a claim for aiding and abetting fraud, a plaintiff must allege (1) an underlying

fraud committed by another; and (2) that the defendant (a) "knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144-48 (2005) (quotations omitted).

### 4. Count IV: Federal Civil RICO, 18 U.S.C. § 1962(c)

"The elements of a civil RICO claim are: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Cooney v. City of San Diego*, No. 4:21-cv-1721-YGR, 2022 WL 1991211, at *3 (N.D. Cal. June 6, 2022) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)).

"'[E]nterprise' is defined as including 'any individual, partnership, corporation, association, or other legal entity[.]'" *United States v. Turkette*, 452 U.S. 576, 580 (1981) (quoting 18 U.S.C. § 1961(4)). "[T]o conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs," 18 U.S.C. § 1962(c), a defendant must have "participated in the operation or management of the enterprise," and "not just their own affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 183, 185 (1993); *see also Ferrari v. Mercedes-Benz USA, LLC*, No. 15-cv-04379-YGR, 2016 WL 7188030, at *2 (N.D. Cal. Dec. 12, 2016).

"An enterprise is 'operated' not just by upper management but also by lower rung participants in the enterprise who are under the direction of upper management. An enterprise also might be 'operated' or 'managed' by others 'associated with' the enterprise who exert control over it as, for example, by bribery." *LD v. United Behav. Health*, 508 F. Supp. 3d 583, 602-03 (N.D. Cal. 2020) (quoting *Reves*, 507 U.S. at 184).

A pattern of racketeering activity requires at least two related acts undertaken in violation of enumerated federal statutes, including the wire fraud statute, 18 U.S.C. § 1343. *See* 18 U.S.C. §§ 1961(5), 1961(1)(B). To state a claim for wire fraud, a plaintiff must allege: "(1) that the defendant formed a scheme to defraud; (2) used the United States wires . . . in furtherance of the scheme; and (3) did so with a specific intent to deceive or defraud." *Pac. Recovery Sols. v. United Behav. Health*, 481 F. Supp. 3d 1011, 1028 (N.D. Cal. 2020) (citing *Schreiber Distrib. Co. v.*

*Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986)); *LD v. United Behav. Health*, 508 F. Supp. 3d 583, 603 (N.D. Cal. 2020) (same).

**5. Count V: Conspiracy to Violate Federal Civil RICO, 18 U.S.C. § 1962(d)**

Title 18, Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate" section 1962(c). A plaintiff must allege either "an agreement which is a substantive violation of RICO (such as conducting the affairs of an enterprise through a pattern of racketeering)" or "the defendant's participation or agreement to participate in two predicate offenses." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993).

**6. Count VI: Breach of Express Contract**

"To state a breach of contract claim, a plaintiff must assert: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) breach of the terms of the contract; and (4) that the breach caused harm to the plaintiff." *Smith v. Nationstar Mortg. LLC*, No. 18-cv-5612-YGR, 2019 WL 1745121, at *6 (N.D. Cal. Apr. 18, 2019) (citing *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008)); *see also Verde Media Corp v. Levi*, No. 14-cv-00891-YGR, 2015 WL 374934, at *7 (N.D. Cal. Jan. 28, 2015).

Contract formation requires "mutual assent (usually accomplished through the medium of an offer and acceptance) and consideration." *Levy v. Only Cremations for Pets, Inc.*, 57 Cal. App. 5th 203, 211 (2020) (quoting *Div. of Lab. L. Enf't v. Transpacific Transp. Co.*, 69 Cal. App. 3d 268, 275 (1977)); *Fabian*, 2019 WL 4918431, at *10 (same). "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." Cal. Civ. Code § 1605.

**7. Count VII: Breach of Implied-In-Fact Contract**

"As to the basic elements, there is no difference between an express and implied contract. While an express contract is defined as one, the terms of which are stated in words (Civ. Code, § 1620), an implied contract is an agreement, the existence and terms of which are manifested by conduct (Civ. Code, § 1621)." *Div. of Lab. L. Enf't*, 69 Cal. App. 3d at 275. The elements of

breach are the same as for Count VI. *See, e.g.*, *Yari v. Producers Guild of Am., Inc.*, 161 Cal. App. 4th 172, 182 (2008) (citing *Chandler v. Roach*, 156 Cal. App. 2d 435, 440 (1957)).

### 8. Count VIII: Breach of Implied Covenant of Good Faith and Fair Dealing

"A plaintiff asserting a claim for breach of the implied covenant of good faith and fair dealing must allege the following elements: (1) the existence of a contract; (2) the plaintiff did all, or substantially all of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Oculus Innovative Scis., Inc. v. Nofil Corp.*, No. C 06-01686, 2007 WL 2600746, at *4 (N.D. Cal. Sept. 10, 2007) (citation omitted).

### 9. Count IX: Breach of Quasi-Contract/Unjust Enrichment

To state a claim for breach of quasi-contract (or "unjust enrichment"), a plaintiff must allege "receipt of a benefit and unjust retention of the benefit at the expense of another." *Prakashpalan*, 223 Cal. App. 4th at 1132 (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)).

### 10. Count X: False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)

"To prove false advertising in violation of 15 U.S.C. section 1125(a)(1), a plaintiff must show: (1) the defendant made a false 'designation of origin, false or misleading description of fact, or false or misleading representation of fact' either about the plaintiff's or its own product; (2) the statement was made in a commercial advertisement or promotion; (3) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (4) the deception is material, in that it is likely to influence a purchasing decision; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product." *Netlist, Inc. v. Diablo Techs., Inc.*, No. 13-cv-5962-YGR, 2015 WL 5138634 (N.D. Cal. Sept. 1, 2015) (quoting 15 U.S.C. § 1125(a)(1), citing *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 n.4 (9th Cir. 2002)).

**11. <u>Count XI: Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200 *et seq.*</u>**

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice[.]" Cal. Bus. & Prof. Code § 17200. "The UCL creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Each 'prong' of the UCL provides a separate and distinct theory of liability.'" *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1049 (N.D. Cal. 2020) (citing *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007)). "[A] person asserting an unfair competition claim must allege that (1) he or she 'suffered injury in fact,' and (2) 'lost money or property as a result of such unfair competition.'" *Lozano*, 504 F.3d at 731-32 (quoting Cal. Bus. & Prof. Code § 17204). "To state a claim under the unlawful prong of the UCL, plaintiff may allege the commission of any act 'forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made.'" *Dejong v. Nationstar Mortg. LLC*, No. 17-cv-3653-YGR, 2017 WL 3968539, at *5 (N.D. Cal. Sept. 7, 2017) (quoting *Saunders v. Sup. Ct.*, 27 Cal. App. 4th 832, 838-39 (1994)). "With respect to the unfair prong, an act or practice is unfair if the practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Id.* (quoting *Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 81 (2013)). "With respect to the fraudulent prong, the UCL requires 'only a showing that members of the public are likely to be deceived' by the allegedly fraudulent practice." *Id*. (quoting *Lueras*, 221 Cal. App. 4th at 81).

**12. <u>Count XII: False Advertising Under Cal. Bus. & Prof. Code §§ 17500 *et seq.*</u>**

To state a claim for false advertising under California law, a plaintiff must allege that, with the "intent directly or indirectly to dispose of real or personal property or to perform services . . . or to induce the public to enter into any obligation relating thereto," a defendant "ma[d]e or disseminate[d] or cause[d] to be made or disseminated . . . in any newspaper or other publication, or any advertising device . . . or in any other manner or means whatever, including over the Internet," a statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. "[A] statement is false or misleading if members of the public are likely to be deceived."

*McCann v. Lucky Money, Inc.*, 129 Cal. App. 4th 1382, 1388 (2005). The plaintiff must allege he suffered an "economic injury . . . caused by[] the . . . false advertising." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322 (2011) (emphasis omitted).

### 13. Count XIII: Aiding and Abetting Breach of Fiduciary Duty

"'Liability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person.'" *Casey*, 127 Cal. App. 4th at 1144 (quoting *Saunders*, 27 Cal. App. 4th at 846).

"The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *Marzec v. Cal. Pub. Emps. Ret. Sys.*, 236 Cal. App. 4th 889, 915 (2015) (quotation marks and citations omitted).

### 14. Count XIV: Tortious Interference with Contract

"The elements necessary to state a cause of action for intentional interference with contractual relations are '(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.'" *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1603 (2009) (quoting *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990)).

### 15. Count XV: Declaratory Relief

"Pursuant to the Declaratory Judgment Act, '[i]n a case of actual controversy,' the Court 'may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Epic Games, Inc.*, 435 F. Supp. 3d at 1044 (quoting 28 U.S.C. § 2201(a)). "To determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"

*Id.* (quoting *Shell Gulf of Mexico, Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014)). "A critical question is whether the declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue[.]'" *Id.* (quoting *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir. 1966)).

| | | | |
|---|---|---|---|
| 1 | Dated: October 16, 2024 | | TOBEROFF & ASSOCIATES, P.C. |
| 2 | | | |
| 3 | | By: | s/    *Marc Toberoff* |
| 4 | | | Marc Toberoff (CA SBN 188547) |
| 5 | | | *Attorneys for Plaintiff Elon Musk* |
| 6 | Dated: October 16, 2024 | | MORRISON & FOERSTER LLP |
| 7 | | | |
| 8 | | By: | s/    *Jordan Eth* |
| | | | Jordan Eth (CA SBN 121617) |

*Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC*

**SIGNATURE ATTESTATION**

I hereby attest that signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Dated: October 16, 2024            s/    *Marc Toberoff*
                                            Marc Toberoff (CA SBN 188547)