MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
JAYMIE PARKKINEN (CA SBN 318394)
JParkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

*Attorneys for Plaintiff Elon Musk*

(Additional counsel listed on the next page)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMUEL ALTMAN, et al.,<br><br>　　　　　Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**PLAINTIFF AND OPENAI DEFENDANTS' JOINT OPPOSITION TO LEONARD HOROWITZ'S MOTION TO INTERVENE**<br><br>Hearing Date:　None Set<br>Action Filed:　August 5, 2024<br>Judge: Hon. Yvonne Gonzalez Rogers |

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,
OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,
OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,
OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,
OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,
OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,
OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,
OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,
OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,
Aestas Management Company, LLC, and Aestas LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Elon Musk ("Musk" or "Plaintiff") and Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC (collectively, the "OpenAI Defendants" and together with Plaintiff, the "Parties"), submit this Joint Opposition to Leonard Horowitz's Motion to Intervene.

### I. INTRODUCTION

Non-party and putative intervenor Leonard Horowitz's ("Horowitz") Motion to Intervene (Dkt. No. 24) ("Motion") should be denied. The Motion fails to demonstrate any legitimate basis to intervene under Federal Rule of Civil Procedure 24 ("Rule 24").[1] As the putative intervenor, Horowitz bears the burden of proving each of the requisite elements for intervention, yet his Motion falls well short of doing so.

On October 8, 2024, Horowitz filed his Motion and a Proposed Complaint appended thereto which advances a host of sensational allegations ranging from the OpenAI Defendants' "alliance with Google and the CIA" (Mot. at 12), to claims about "anthrax mailings" (*id.* at 21-23) and "the natural healing arts and sciences," including the "528Hz frequency" (*id.* at 24-26). The Proposed Complaint asserts that the OpenAI Defendants violated federal and state law when their ChatGPT interface provided Horowitz with false information in response to his queries about himself and his work—and charged him a fee for doing so. *Id.* at 17-21, 35-37, 46-47, 48-50, 52-54. Horowitz's claims have nothing whatsoever to do with those in the underlying action and serve only to distract.

---

[1] The Motion erroneously cites the intervention standard under California state law, Cal. Code Civ. Proc. § 387, portending the kinds of disruptions and needless issues that are sure to follow should Horowitz's intervention be permitted.

Horowitz has failed to prove he is eligible to intervene under Rule 24, and as such, his Motion must be denied.

## II. ARGUMENT

### A. Horowitz Is Not Entitled to Intervene as of Right

Though he frames his Motion as "for Permissive Intervention," *id.* at 2, Horowitz cites the criteria governing mandatory intervention under Federal Rule of Civil Procedure 24(a), *id.* at 2-5. Lest there be any doubt, those criteria are nowhere near satisfied. Horowitz does not identify a federal statute giving him "an unconditional right to intervene," Fed. R. Civ. P. 24(a)(1), nor does he allege that a resolution of the claims in this action would impede or impair his ability to protect the interests he identifies—namely, (1) "ensuring that [the OpenAI] Defendants' commercial activities adhere to law and their founding principles of public benefit and openness," (2) "opposing . . . unethical and damaging commerce" in the field of artificial intelligence ("AI") and artificial general intelligence ("AGI"), and (3) protecting his own reputation from alleged falsehoods. Mot. at 3-4; *see Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (party seeking to intervene as of right must "show that (1) [he] has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede [his] ability to protect [his] interest; (3) [his] application is timely;[2] and (4) the existing parties may not adequately represent [his] interest."); *see also, e.g.*, *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). Among other things, nothing about Musk's Complaint would bind Horowitz as a matter of claim preclusion or prevent Horowitz from asserting his claims in a separate action. *See United States v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002) (denying motion to intervene as of right on the ground that "[t]he litigation does not prevent

---

[2] As to the issue of timeliness, Horowitz's Proposed Complaint reveals that he discovered ChatGPT's allegedly false statements about him as early as April 9, 2023. Mot. at 32-33. Horowitz failed to pursue any claims until after Musk filed his Complaint in this action on August 5, 2024, with wide media coverage. Horowitz should not be permitted to sit on his claim—well past defamation's one-year statute of limitations, Cal. Code Civ. Proc. § 340(c)—only to insert himself opportunistically eighteen months later in a case having nothing at all to do with him.

[the putative intervenors] from initiating suit" separately); *Haw.-Pac. Venture Cap. Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977) (appellants failed to satisfy this requirement because, among other reasons, they could "pursu[e] their individual claims in independent actions").

### B. Horowitz Is Not Entitled to Intervene Permissively

Nor does Horowitz satisfy the requirements to intervene permissively under Rule 24(b).[3] He cites no federal statute granting him "a conditional right to intervene," Fed. R. Civ. P. 24(b)(1)(A), and does not meet the test under Rule 24(b)(1)(B), which requires showing, among other things, that the would-be intervenor's "claim or defense, and the main action, have a question of law or a question of fact in common," *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997).[4] Even were Rule 24(b)'s requirements met, the Court should exercise its discretion to deny the Motion. *See Donnelly*, 159 F.3d at 412 (permissive intervention is subject to district court's discretion).

#### 1. Horowitz's and Musk's claims share no common question of law or fact.

Here, though the Motion pleads a few allegations parroting those in Musk's Complaint, Horowitz's claims have nothing really to do with Musk's allegations. Rather, Horowitz asserts claims for defamation, racketeering, false advertising, and unfair competition based on his dissatisfaction with responses he allegedly received from ChatGPT regarding his work and himself—and the fees he was required to pay for these services. Mot. at 17-21, 35-37, 46-47, 48-50, 52-54. Indeed, the only factual commonality Horowitz cites in support of his Motion is his

---

[3] The Motion "fails to address the legal standard under Rule 24(b)." *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-226-YGR, 2017 WL 1075051, at *2 (N.D. Cal. Mar. 22, 2017). This procedural deficiency, standing alone, warrants denial of the Motion.

[4] The other requirements for permissive intervention are "independent grounds for jurisdiction" and timeliness. *Id.* As to independent jurisdictional grounds, Horowitz has failed to plead any for his "newly raised cause[] of action" for defamation/libel per se. *Blake v. Pallan*, 554 F.2d 947, 956 (9th Cir. 1977). He specifies no amount-in-controversy, as required for diversity jurisdiction to lie under 28 U.S.C. § 1332(a), and there is no basis to exercise supplemental jurisdiction over the claim, which is not "so related to claims in the [underlying] action . . . that they form part of the same case or controversy," *id.* § 1367(a). As to timeliness, Horowitz has failed to satisfy that criterion for any of his claims. *See supra* note 2.

generalized interest in OpenAI, Inc.'s "founding principles of public benefit and openness." *Id.* at 3. This will not do.

That Horowitz and Musk (and many others, including the OpenAI Defendants) are concerned about the future of AI and AGI does not establish a common question sufficient to permit intervention. *Donnelly*, 159 F.3d at 412 ("The intervention rule is . . . not intended to allow the creation of whole new lawsuits by [putative] intervenors." (quoting *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994))). Indeed, the claims Musk and Horowitz assert are entirely different. Musk's Complaint concerns the founding of OpenAI, Inc., his contributions thereto, and the alleged promises, duties, and breaches thereof by the OpenAI Defendants. Compl. ¶¶ 68-147. Horowitz's Proposed Complaint, on the other hand, concerns the allegedly unfavorable responses he received while asking ChatGPT about himself and the fees he was required to pay for those services. Mot. at 17-21, 35-37, 46-47, 48-50, 52-54. The two cases simply do not share a "common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Because Horowitz has failed to satisfy this threshold element, the Motion must be denied. *See, e.g.*, *People of State of Cal., ex rel., Van de Kamp v. Tahoe Reg'l Plan. Agency*, 792 F.2d 779, 782 (9th Cir. 1986) (district court did not abuse its discretion in denying a motion for permissive intervention because "[t]he legal and factual issues [the putative intervenors] raised were foreign to those presented in the [underlying] action").

### 2. The Court should exercise its discretion to deny the Motion.

Even if Horowitz could satisfy the threshold requirements for permissive intervention, the Court should exercise its discretion to deny the Motion. Horowitz seeks to inject into this lawsuit a litany of conspiracy theories and irrelevant factual allegations about "frequency therapeutics" and the "natural healing arts and sciences," Mot. at 9-10, in contravention of the well-established principle that "permissive intervention is 'not intended to allow the creation of whole new lawsuits by [putative] intervenors,'" *Sierra Club v. U.S. Env't Prot. Agency*, No. 13-cv-2809-YGR, 2013 WL 5568253, at *5 (N.D. Cal. Oct. 9, 2013) (quoting *Donnelly*, 159 F.3d at 412). Given the substantial differences between Horowitz's and Musk's claims, intervention would "likely [] result in duplicative briefing," creating an additional "layer of unwarranted procedural complexity," *Drakes Bay Oyster Co. v. Salazar*, No. 12-cv-6132-YGR, 2013 WL 451813, at *9 (N.D. Cal. Feb. 4, 2013),

and serving only "to confuse the matters at issue in [Musk's] complaint and to delay the proceedings unnecessarily," *Sierra Club*, 2013 WL 5568253, at *5. In these circumstances, there would be no "benefits of proposed intervention" and any hypothetical benefit would be far "outweighed by the efficient resolution of the pending dispute," *Drakes Bay Oyster Co.*, 2013 WL 451813, at *9, and denying Horowitz's Motion would serve the goal of "judicial economy," *Garza v. Cnty. of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990).

This outcome is especially warranted given Horowitz's long history as a vexatious litigant. Horowitz has engaged in a two decades-long marathon of *pro se* litigation. *See*, *e.g.*, *Manifestation of Divine Will v. State of Haw. Health Dep't et al.*, No. 04-cv-645 (D. Haw.) (*pro se* action by Horowitz, removed to federal court on Oct. 29, 2004). A review of the Hawaii State Judiciary eCourt Kokua System reveals 50 dockets associated with Leonard G. Horowitz; a PACER search turns up 22 dockets in federal court. And as shown in just a small selection of these cases below, state and federal courts throughout the country have expressed their exasperation with his litigation tactics.

This is hardly Horowitz's first attempt to intervene in a federal action. In *Wolf v. Martin, et al.*, No. 10-cv-8163 (D. Ariz.), Horowitz was called as plaintiff's witness. *Id.*, ECF No. 29. In denying the plaintiff's motion for a preliminary injunction, the court found Horowitz "to be lacking in credibility." *Wolf v. Martin*, No. 10-cv-8163, 2010 WL 3984826, at *1 (D. Ariz. Oct. 12, 2010). After the court entered its decision, Horowitz, appearing *pro se*, filed a motion to intervene together with an incoherent 42-page "Answer in Intervention." *Wolf v. Martin*, No. 10-cv-8163 (D. Ariz.), ECF Nos. 32, 33. Shortly thereafter, the plaintiff voluntarily dismissed his action. *Id.*, ECF No. 35.

Just one year ago, Horowitz unsuccessfully attempted to insert himself into a federal criminal case in favor of the prosecution. *United States v. Sulla*, No. 22-cr-58 (D. Haw. Oct. 12, 2023), ECF No. 82. The district court in that case denied his request. *Id.*, ECF No. 83 ("The Court interprets [Horowitz's] filing as a motion for leave to appear as amicus curiae in this matter [and] DENIES those requests . . . and DIRECTS the Clerk to terminate Mr. Horowitz from the docket as an interested party in this matter.").

In addition, Horowitz has spent over a decade engaging in frivolous litigation in real estate disputes to the frustration of both state and federal courts. *See, e.g.*, *Hester v. Horowitz*, 442 P.3d

5

439, 440 (Haw. Ct. App. May 2, 2019) ("These consolidated appeals arise from over a decade of legal proceedings primarily between Jason Hester . . . Leonard G. Horowitz . . . and the Royal Bloodline of David . . . ."), *reconsideration denied*, Nos. CAAP-16-162, 163, 2019 WL 2178556 (Haw. Ct. App. May 17, 2019), *cert. denied*, No. SCWC-16-162, 2019 WL 4785880 (Haw. Sept. 30, 2019), *remanded to* No. 17-1-407, 2021 WL 12252374 (Haw. Cir. Ct. May 12, 2021), *appeal dismissed*, No. CAAP-21-18, 2024 WL 3439438 (Haw. Ct. App. July 17, 2024); *Sulla v. Horowitz*, 366 P.3d 1086 (Haw. Ct. App. Feb. 19, 2016) (affirming trial court's grant of summary judgment and award of costs and fees to Appellees on their claim that Horowitz filed a "frivolous" nonconsensual common law lien on real property); *Horowitz v. Sulla*, No. 15-cv-186, 2015 WL 5439227, at *1, *8 (D. Haw. Sept. 11, 2015) (noting that "[t]his action by *pro se* Plaintiff[] Leonard G. Horowitz … is another attempt . . . to have this federal court intervene in an ongoing and long-running dispute" and that "[t]he current claims are 'vexatious or reactive'" (citation omitted)).

Courts consistently lament Horowitz's confusing "shotgun" pleading. *See, e.g.*, *Horowitz v. Stewart Title Guar. Co.*, No. 16-cv-666, 2017 WL 10647373, at *3, *5-6 (D. Haw. Dec. 14, 2017) ("The proposed amended complaint attached to the Motion for Leave is an overwhelming 104-page 'shotgun' pleading, with a nine-page affidavit, and exhibits totaling nearly 200 pages. . . . The proposed amended complaint is also riddled with narrative ramblings and storytelling. In addition, the statements are confusing and meandering."); *Horowitz v. Emerald Nutraceuticals, LLC*, No. 23-cv-696, 2023 WL 7385807, at *2 (M.D. Fla. Nov. 8, 2023) ("Even if jurisdiction were proper, [Horowitz's] Complaint is an impressible shotgun pleading."), *dismissed for failure to file amended complaint*, 2023 WL 8373396 (M.D. Fla. Dec. 4, 2023), *on reconsideration*, 2024 WL 402869, at *1 (M.D. Fla. Feb. 2, 2024), *mot. to dismiss granted with leave*, 2024 WL 4275197, at *5 (M.D. Fla. Sept. 24, 2024) ("[T]his Court's tolerance for Plaintiff's pleading deficiencies has reached its limit."). In yet another example, a district court admonished Horowitz as follows:

> Although each Defendant has moved to dismiss on various grounds, all agree that Dr. Horowitz has filed an impermissible shotgun pleading. . . . And they are correct. The Complaint spans some 340 paragraphs across 90 pages and teems with vague, conclusory, and immaterial allegations seemingly unrelated to any legal theory for which Dr. Horowitz seeks redress. Those legal theories (and the parties he seeks to hold liable) change page by page, filing by filing, further preventing the Court from

reaching the merits of Defendants' motions to dismiss in any meaningful way. Simply put, the Court cannot make heads or tails of the pleading.

*Horowitz v. Pfizer Inc.*, No. 20-cv-955, 2021 WL 3679101, at *1 (M.D. Fla. Aug. 19, 2021) (citations omitted).[5] Because Horowitz has engaged in similar tactics here, his Motion should be denied.

### III. CONCLUSION

For the foregoing reasons, the Parties respectfully request the Court deny the Motion with prejudice.

Dated: October 22, 2024              TOBEROFF & ASSOCIATES, P.C.

                                     By:  s/ *Marc Toberoff*
                                          Marc Toberoff (CA SBN 188547)

                                     *Attorneys for Plaintiff Elon Musk*

Dated: October 22, 2024              MORRISON & FOERSTER LLP

                                     By:  s/ *Jordan Eth*
                                          Jordan Eth (CA SBN 121617)

                                     *Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup*

---

[5] In granting leave to amend, the court warned Horowitz that "if [he] is litigating this dispute in bad faith, the Court may impose appropriate sanctions[.]" *Id.* at *7. Horowitz thereafter failed to file an amended pleading and the case was closed. *Horowitz v. Pfizer Inc.*, No. 2:20-cv-955 (M.D. Fla.), ECF No. 87.

*Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC*

**SIGNATURE ATTESTATION**

I hereby attest that signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Dated: October 22, 2024                    s/    *Marc Toberoff*
                                                                    Marc Toberoff (CA SBN 188547)