UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELON MUSK,

        Plaintiff,

   v.

SAMUEL ALTMAN, et al.,

        Defendants.

Case No. 4:24-cv-04722-YGR

**[PROPOSED] ORDER DENYING LEONARD HOROWITZ'S MOTION TO INTERVENE**

Hearing Date:   None Set
Action Filed:  August 5, 2024
Judge: Hon. Yvonne Gonzalez Rogers

# [PROPOSED] ORDER

On October 8, 2024, Leonard G. Horowitz filed a Motion to Intervene, with a Proposed Complaint appended thereto (Dkt. No. 24) ("Motion"). Plaintiff Elon Musk ("Musk" or "Plaintiff") and Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC (collectively, the "OpenAI Defendants" and together with Plaintiff, the "Parties"), submitted a Joint Opposition to the Motion on October 22, 2024. The Court, having fully reviewed and considered all papers and arguments submitted in support of and in opposition to such Motion, orders that the Motion is DENIED WITH PREJUDICE.

The Motion fails to demonstrate any legitimate basis to intervene under Federal Rule of Civil Procedure 24 ("Rule 24").

As to intervention as of right under Rule 24(a), Horowitz neither identifies a federal statute giving him "an unconditional right to intervene," Fed. R. Civ. P. 24(a)(1), nor adequately alleges that a resolution of the claims in this action would "as a practical matter, impair or impede [his] ability to protect [his] interest[s]," *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).[1] Nothing about Musk's Complaint would bind Horowitz as a matter of claim preclusion or prevent Horowitz from asserting his claims in a separate action. *See United States v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002).

---

[1] The Motion also fails to satisfy the timeliness requirement for intervention as of right and permissive intervention. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302, 1308 (9th Cir. 1997). Horowitz's Proposed Complaint reveals that he discovered ChatGPT's allegedly false statements about him as early as April 9, 2023, Mot. at 32-33, yet waited until October 8, 2024—well past defamation's one-year statute of limitations, Cal. Code Civ. Proc. § 340(c)—to assert his claims. Thus, each of Horowitz's claims is untimely.

As to permissive intervention under Rule 24(b), Horowitz cites no federal statute granting him "a conditional right to intervene," Fed. R. Civ. P. 24(b)(1)(A), and does not meet the test under Rule 24(b)(1)(B). Among other things, Horowitz has failed to demonstrate that his "claim or defense, and the main action, have a question of law or a question of fact in common." *League of United Latin Am. Citizens*, 131 F.3d at 1308. The Motion asserts claims for defamation, racketeering, false advertising, and unfair competition based on Horowitz's dissatisfaction with responses he allegedly received from ChatGPT regarding his work and himself—and the fees he was required to pay for these services. Mot. at 17-21, 35-37, 46-47, 48-50, 52-54. Musk's Complaint, on the other hand, concerns the founding of OpenAI, Inc., his contributions thereto, and the alleged promises, duties, and breaches thereof by the OpenAI Defendants. Compl. ¶¶ 68-147.

Even if Horowitz could satisfy Rule 24(b)'s requirements, the Court finds that permissive intervention is not warranted here. Given the substantial differences between Horowitz's and Musk's claims, intervention would "likely [] result in duplicative briefing," creating an additional "layer of unwarranted procedural complexity," *Drakes Bay Oyster Co. v. Salazar*, No. 12-cv-6132-YGR, 2013 WL 451813, at *9 (N.D. Cal. Feb. 4, 2013), and serving only "to confuse the matters at issue in [Musk's] complaint and to delay the proceedings unnecessarily," *Sierra Club*, 2013 WL 5568253, at *5.

For the foregoing reasons, the Motion is DENIED WITH PREJUDICE.

IT IS SO ORDERED this ___ day of _____, 202_

_____
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

2

CASE NO. 4:24-CV-04722-YGR
[PROPOSED] ORDER DENYING HOROWITZ'S MOTION TO INTERVENE