# EXHIBIT 21

Registry of Charitable Trusts
P.O. Box 903447
Sacramento, CA 94203-4470
Telephone: (916) 445-2021

WEBSITE ADDRESS:
http://ag.ca.gov/charities/

# INITIAL
# REGISTRATION FORM
## STATE OF CALIFORNIA
## OFFICE OF THE ATTORNEY GENERAL
## REGISTRY OF CHARITABLE TRUSTS
(Government Code Sections 12580-12599.7)



**NOTE: A $25.00 REGISTRATION FEE MUST ACCOMPANY THIS REGISTRATION FORM. MAKE CHECK PAYABLE TO DEPARTMENT OF JUSTICE.**

Pursuant to Section 12585, registration is required of every trustee subject to the Supervision of Trustees and Fundraisers for Charitable Purposes Act within thirty days after receipt of assets (cash or other forms of property) for the charitable purposes for which organized.

Every charitable (public benefit) corporation, association and trustee holding assets for charitable purposes or doing business in the State of California must register with the Attorney General, except those exempted by California Government Code section 12583. Corporations that are organized primarily as a hospital, a school, or a religious organization are exempted by Section 12583.

Name of Organization: **OpenAI, Inc.**

The name of the organization should be the legal name as stated in the organization's organizing instrument (i.e., articles of incorporation, articles of association, or trust instrument).

Official Mailing Address for Organization:

Address: **335 Pioneer Way**

~~RECEIVED~~
Attorney General's Office

City: **Mountain View**

AUG 2 8 2017

State: **California**

ZIP Code: **94041**

Registry of Charitable Trusts

Organization's telephone number: **(650) 387-6701**

Organization's e-mail address:

Organization's fax number:

Organization's website:

All organizations must apply for a Federal Employer Identification Number from the Internal Revenue Service, including organizations that have a group exemption or file group returns.

| Federal Employer Identification Number (FEIN): | Group Exemption FEIN (if applicable): |
|---|---|
| **81-0861541** | |

All California corporations and foreign corporations that have qualified to do business in California will have a corporate number. Unincorporated organizations are assigned an organization number by the Franchise Tax Board upon application for California tax exemption.

Corporate or Organization Number: **C3858313**

527431

CT-1  REGISTRATION FORM (6/2007)

**Names and addresses of ALL trustees or directors and officers (attach a list if necessary):**

| | | |
|---|---|---|
| **Name Christopher Clark** | | **Position President and Director** |
| **Address 335 Pioneer Way** | | |
| **City Mountain View** | **State California** | **ZIP Code 94041** |
| **Name Jonathan Levy** | | **Position Secretary and Treasurer** |
| **Address 335 Pioneer Way** | | |
| **City Mountain View** | **State California** | **ZIP Code 94041** |
| **Name Elon Musk** | | **Position Director** |
| **Address 335 Pioneer Way** | | |
| **City Mountain View** | **State California** | **ZIP Code 94041** |
| **Name Sam Altman** | | **Position Director** |
| **Address 335 Pioneer Way** | | |
| **City Mountain View** | **State California** | **ZIP Code 94041** |
| **Name** | | |
| **Address** | | |
| **City** | **State** | **ZIP Code** |

Describe the primary activity of the organization. (A copy of the material submitted with the application for federal or state tax exemption will normally provide this information.) If the organization is based outside California, comment fully on the extent of activities in California and how the California activities relate to total activities. In addition, list all funds, property, and other assets held or expected to be held in California. Indicate whether you are monitored in your home state, and if so, by whom. Attach additional sheets if necessary.

OpenAI, Inc. ("OpenAI") is a nonprofit artificial intelligence ("AI") scientific research organization. Its goal is to engage in research activities that advance digital intelligence in the way that is most likely to benefit humanity as a whole, unconstrained by a need to generate financial return. AI technology will help shape the 21st century, and OpenAI wants to help the world build safe AI technology and ensure that AI's benefits are as widely and evenly distributed as possible. To that end, OpenAI hopes to build AI as part of a larger community, and wants to openly share its plans and capabilities along the way.

The organization will be required to file financial reports annually. All organizations must file the Annual Registration/Renewal Fee Report (RRF-1) within four months and fifteen days after the end of the organization's accounting period. Organizations with $25,000 or more in either gross receipts or total assets are also required to file either the IRS Form 990, 990-EZ, or 990-PF. Forms can be found on the Charitable Trusts' website at http://ag.ca.gov/charities/.

| | |
|---|---|
| If assets (funds, property, etc.) have been received, enter the date first received:<br><br>Date assets first received: **January 7, 2016** | **Registration with the Attorney General is required within thirty days of receipt of assets.** |

What annual accounting period has the organization adopted?

☐ Fiscal Year Ending _____    ☒ Calendar Year **December 31**

CT-1 REGISTRATION FORM (6/2007)

Attach your founding documents as follows:

A)   <u>Corporations</u> - Furnish a copy of the articles of incorporation and all amendments and current bylaws.  If incorporated outside California, enter the date the corporation qualified through the California Secretary of State's Office to conduct activities in California.

B)   <u>Associations</u> - Furnish a copy of the instrument creating the organization (bylaws, constitution, and/or articles of association).

C)   <u>Trusts</u> - Furnish a copy of the trust instrument or will and decree of final distribution.

D)   <u>Trustees for charitable purposes</u> - Furnish a statement describing your operations and charitable purpose.

Has the organization applied for or been granted IRS tax exempt status  Yes ☒  No ☐

Date of application for Federal tax exemption: <u>September 1, 2016</u>

Date of exemption letter: <u>November 3, 2016</u>          Exempt under Internal Revenue Code section 501(c) <u>3</u>

If known, are contributions to the organization tax deductible?     Yes  ☒          No  ☐

Attach a copy of the Application for Recognition of Exemption (IRS Form 1023) and the determination letter issued by the IRS.

Does your organization contract with or otherwise engage the services of any commercial  fundraiser for charitable purposes, fundraising counsel, or commercial coventurer? If yes, provide the name(s), address(es), and telephone number(s) of the provider(s):

| Commercial Fundraiser ☐ | Fundraising Counsel ☐ | Commercial Coventurer ☐ |
|---|---|---|

Name

Address

| City | State | ZIP Code |
|---|---|---|

Telephone Number

| Commercial Fundraiser ☐ | Fundraising Counsel ☐ | Commercial Coventurer ☐ |
|---|---|---|

Name

Address

| City | State | ZIP Code |
|---|---|---|

Telephone Number

| Commercial Fundraiser ☐ | Fundraising Counsel ☐ | Commercial Coventurer ☐ |
|---|---|---|

Name

Address

| City | State | ZIP Code |
|---|---|---|

Telephone Number

I declare under penalty of perjury that I have examined this registration form, including accompanying documents, and to the best of my knowledge and belief, the form and each document are  true, correct, and complete.

Signature _____    Title <u>President</u> _____    Date _____

If additional information is required, please refer to the Supervision of Trustees and Fundraisers for Charitable Purposes Act (Government Code sections 12580-12599.7),  the Administrative Rules and Regulations pursuant to the Act (California Code of Regulations, Title 11, Sections 300-312.1).

If you have questions regarding registration, or need assistance, information is available on our website at http://ag.ca.gov/charities/  or you can reach us by telephone at  (916) 445-2021 or fax at (916) 444-3651.

CT-1  REGISTRATION FORM (6/2007)

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:22 PM 12/08/2015
FILED 02:22 PM 12/08/2015
SR 20151247198 - File Number 5902936

## CERTIFICATE OF INCORPORATION OF

## A NON-STOCK CORPORATION

## OPENAI, INC.

FIRST: The name of the Corporation is "OpenAI, Inc." (the **"Corporation"**).

SECOND: The address of the Corporation's registered office in the State of Delaware is 2711 Centerville Road, Suite 400, Wilmington, New Castle County, Delaware 19808. The name of its registered agent at such address is Corporation Service Company.

THIRD: This Corporation shall be a nonprofit corporation organized exclusively for charitable and/or educational purposes within the meaning of section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or the corresponding provision of any future United States Internal Revenue law. The specific purpose of this corporation is to provide funding for research, development and distribution of technology related to artificial intelligence. The resulting technology will benefit the public and the corporation will seek to open source technology for the public benefit when applicable. The corporation is not organized for the private gain of any person. In furtherance of its purposes, the corporation shall engage in any lawful act of activity for which nonprofit corporations may be organized under the General Corporation Law of Delaware.

FOURTH: This corporation is organized and operated exclusively for purposes set forth in Article THIRD hereof within the meaning of the Internal Revenue Code section 501(c)(3). No substantial part of the activities of this corporation shall consist of carrying on propaganda, or otherwise attempting to influence legislation and this corporation shall not participate or intervene in any political campaign (including the publishing or distribution of statements) on behalf on any candidate for public office. Notwithstanding any other provision of these articles, the corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation/organization exempt from Federal income tax under section 501(c)(3) of the Internal Revenue Code, or the corresponding section of any future federal tax code, or (b) by a corporation/organization, contributions to which are deductible under section 170(c)(2) of the Internal Revenue Code, or the corresponding section of any future federal tax code.

FIFTH: The property of this corporation is irrevocably dedicated to the purposes in Article THREE hereof and no part of the net income or assets of this corporation shall ever inure to the benefit of any director, officer or member thereof or to the benefit of any private person. Upon the dissolution or winding up of this corporation, its assets remaining after payment, or provision for payment, of all debts and liabilities of this corporation shall be distributed to a nonprofit fund, foundation, or corporation which is organized and operated exclusively for charitable, educational and/or religious purposes and which has established its tax exempt status under Internal Revenue Code section 501(c)(3), or the corresponding section of any future federal tax code, or shall be distributed to the federal government, or to a state or local government, for a public purpose.

SIXTH: The corporation shall not have any capital stock.

SEVENTH: The corporation shall not have any members.

EIGHTH: The name and mailing address of the incorporator are as follows:

> Jonathan Levy
> 335 Pioneer Way
> Mountain View, CA 94041

I, Jonathan Levy, for the purpose of forming a corporation under the laws of the State of Delaware, do make, file and record this Certificate, and do certify that the facts herein stated are true, and I have accordingly hereunto set my hand this

Executed on December 8, 2015.

**AUTHORIZED OFFICER**

/s/Jonathan Levy_____
Jonathan Levy

**TABLE OF CONTENTS**

Page

ARTICLE I – REGISTERED OFFICE AND PRINCIPAL PLACE OF BUSINESS ..................... 1

ARTICLE II – MEMBERSHIP .............................................................................................. 1
    Section 1.    Conditions of Membership ................................................... 1
    Section 2.    Meetings and Actions of Members....................................... 1
    Section 3.    Nonliability........................................................................... 2
    Section 3.    Nontransferability................................................................ 2

ARTICLE III – MEMBERSHIP RIGHTS ........................................................................... 2
    Section 1.    Voting Rights........................................................................ 2
    Section 2.    Inspection Rights.................................................................. 2
    Section 3.    Other Rights.......................................................................... 3

ARTICLE IV – BOARD OF DIRECTORS .......................................................................... 3
    Section 1.    Powers................................................................................... 3
    Section 2.    Number of Directors............................................................. 3
    Section 3.    Election and Term of Office of Directors............................. 3
    Section 4.    Vacancies.............................................................................. 3
    Section 5.    Resignation and Removal .................................................... 3
    Section 6.    Annual Board Meetings ....................................................... 3
    Section 7.    Special Meetings .................................................................. 4
    Section 8.    Place of Meetings; Notice ................................................... 4
    Section 9.    Waiver of Notice .................................................................. 4
    Section 10.    Quorum ............................................................................... 4
    Section 11.    Action Without a Meeting................................................... 4
    Section 12.    Telephone or Electronic Meetings...................................... 4
    Section 13.    Reliance .............................................................................. 5
    Section 14.    Inspection........................................................................... 5
    Section 15.    Board Compensation .......................................................... 5
    Section 16.    Executive Compensation..................................................... 5

ARTICLE V – COMMITTEES ............................................................................................ 5
    Section 1.    Board Committees................................................................ 5
    Section 2.    Subcommittees ..................................................................... 6
    Section 3.    Advisory Committees........................................................... 6
    Section 4.    Audit Committees ................................................................ 6
    Section 5.    Meetings .............................................................................. 7
        A.    Of Board Committees .......................................................... 7
        B.    Of Advisory Committees ..................................................... 7

ARTICLE VI – OFFICERS .................................................................................................. 7

Section 1.    Officers ................................................................................................. 7
Section 2.    Election ................................................................................................. 7
Section 3.    Removal ................................................................................................ 7
Section 4.    Resignation .......................................................................................... 7
Section 5.    Vacancies ............................................................................................. 7
Section 6.    President .............................................................................................. 8
Section 7.    Secretary .............................................................................................. 8
Section 8.    Treasurer ............................................................................................. 8

ARTICLE VII – INTERESTED DIRECTOR OR OFFICER TRANSACTIONS............................ 8
Section 1.    Voidability of Transactions................................................................. 8
Section 2.    Quorum ................................................................................................ 9
Section 3.    Conflict of Interest Policy .................................................................. 9

ARTICLE VIII – INDEMNIFICATION AND INSURANCE ........................................... 9
Section 1.    Indemnification.................................................................................... 9

ARTICLE IX – GRANTS ADMINISTRATION ........................................................... 10
Section 1.    Purpose of Grants ............................................................................. 10
Section 2.    Board of Directors Oversight............................................................ 10
Section 3.    Refusal; Withdrawal.......................................................................... 11
Section 4.    Accounting ........................................................................................ 11
Section 5.    Restrictions on Contributions........................................................... 11

ARTICLE X – MISCELLANEOUS........................................................................... 11
Section 1.    Fiscal Year......................................................................................... 11
Section 2.    Contracts, Notes, and Checks .......................................................... 11
Section 3.    Amendments....................................................................................... 11
Section 4.    Governing Law................................................................................... 11

BYLAWS
of
OpenAI, INC.


ARTICLE I
REGISTERED OFFICE AND PRINCIPAL PLACE OF BUSINESS

This corporation shall have and maintain at all times within the State of Delaware a registered office at such place as may be specified in the Certificate of Incorporation or subsequently designated by the Board. Notwithstanding the foregoing, this corporation's principal place of business may be different from its registered office, and may be located from time to time at any place as may be designated by the Board of Directors of this corporation, including a place outside of the State of Delaware. This corporation shall keep at its principal place of business current copies of the Certificate of Incorporation and Bylaws of this corporation, and in accordance with these Bylaws, the Secretary shall furnish copies of the Certificate of Incorporation and Bylaws to the members or directors requesting to inspect them.


ARTICLE II
MEMBERSHIP

Section 1.    Conditions of Membership.  The conditions of membership shall be as follows:  (1) the directors of this corporation then serving shall serve as the members of this corporation, (2) election to the Board shall constitute election to the membership of this corporation; and (3) the membership status of any director shall terminate immediately and without further corporate action upon such person's ceasing to be a director for any reason.

Section 2.    Meetings and Actions of Members.

(a)    Any action which may be taken at a meeting of the members, may be taken without a meeting, without prior notice, and without a vote if a consent or consents in writing, setting forth the action so taken, shall be dated and signed by members having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all members having a right to vote thereon were present and voted, and shall be delivered to this corporation by delivery to its registered office in this State, its principal place of business, or its Secretary. Any such writing may be signed in counterparts. Notwithstanding the foregoing, members may demonstrate their consent to actions through an electronic transmission, provided that the electronic transmission is delivered with information from which this corporation can determine:  (A) that the electronic transmission was transmitted by the member (or by a person or persons authorized to act for the member); and (B) the date on which such member or authorized person or persons transmitted such electronic transmission. Such electronic transmissions may be delivered to the principal place of business of this corporation or to this corporation's Secretary if either such delivery has been approved by resolution of the Board of Directors and is made in the manner provided in the resolution.

(b)     Except as otherwise expressly provided in the Certificate of Incorporation or Bylaws or in the Delaware General Corporation Law, meetings and actions of the members shall be governed by and held and taken in accordance with the provisions of Article IV of these Bylaws concerning meetings and actions of the Board of Directors, with such changes in content as are necessary to substitute the members for the Board of Directors.

Section 3.    Nonliability.    The members shall not be liable for the debts, liabilities, or obligations of this corporation.

Section 4.    Nontransferability.    No member may transfer for value or otherwise his or her membership or any right arising therefrom.    Appointing successor members shall not be deemed to be a transfer.

ARTICLE III
MEMBERSHIP RIGHTS

Section 1.    Voting Rights.    Subject to these Bylaws, the members of this corporation shall have the following rights, as set forth in these Bylaws:

(a)     the exclusive right to elect any director and to set the number of authorized directors;

(b)     the exclusive right to remove a director;

(c)     the right to vote on any sale, lease, transfer, or other disposition of all or substantially all of the assets or properties of this corporation;

(d)     the right to vote on any merger of this corporation, but only to the extent required by the Delaware General Corporation Law;

(e)     the right to vote on dissolution of this corporation;

(f)     the exclusive right to vote on the amendment or repeal of these Bylaws;

(g)     the right to vote on any amendment to this corporation's Certificate of Incorporation; and

(h)     the right to vote on any other matters that may properly be presented to the members for a vote, pursuant to this corporation's Certificate of Incorporation, Bylaws, or action of the Board of Directors, or by operation of law.

Section 2.    Inspection Rights.  The right of the members to have access to the membership list of this corporation or its other books and records shall be governed by Section 220 of the Delaware General Corporation Law.

- 2 -

Section 3.    Other Rights.  In addition to the rights described in these Bylaws, the members of this corporation shall have any other rights afforded voting members under the Delaware General Corporation Law.

ARTICLE IV
BOARD OF DIRECTORS

Section 1.    Powers.    This corporation shall have powers to the full extent allowed by law.  All powers and activities of this corporation shall be exercised and managed by the Board of Directors of this corporation directly or, if delegated, under the ultimate direction of the Board.

Section 2.    Number of Directors.  The number of directors shall be not less than one nor more than seven, with the exact authorized number of directors to be fixed from time to time by the members.

Section 3.    Election and Term of Office of Directors. Except for the initial directors appointed by the incorporator, directors shall be elected from time to time by a majority of the votes of the members of this corporation present in person or represented by proxy at the meeting and entitled to vote thereon.  The effective date of any election shall be as provided in the action of the members.  Directors shall be elected annually.  Each director shall hold office until such director's successor is elected and qualified or until such director's earlier death, resignation or removal.

Section 4.    Vacancies.  A vacancy shall be deemed to exist on the Board in the event that the actual number of directors is less than the authorized number for any reason. Vacancies may be filled by the members for the unexpired portion of the term.  No reduction in the number of directors shall have the effect of removing any director prior to the expiration of his or her term of office.

Section 5.    Resignation and Removal.  Any director may resign at any time upon notice given in writing addressed to any director or officer of this corporation other than himself or herself or by electronic transmission addressed to any member of the Board or officer of this corporation other than himself or herself.  A resignation is effective when the resignation is delivered unless the resignation specifies a later effective date or an effective date determined upon the happening of an event or events.  Unless otherwise specified in that notice, the acceptance of the resignation shall not be necessary to make it effective.  Any director may be removed at any time by the members with or without cause or by the Board of Directors if and to the extent permitted in the Certificate of Incorporation.

Section 6.    Annual Board Meetings.  A meeting of the Board of Directors shall be held at least once a year.  Annual meetings shall be called by the President or any two directors; or, if only one director is serving, by the sole director, and noticed in accordance with Section 8 of this Article.

Section 7.    Special Meetings.  Special meetings of the Board may be called by the President or any two directors; or, if only one director is serving, by the sole director, and noticed in accordance with Section 8 of this Article.

Section 8.    Place of Meetings; Notice.  Meetings of the Board of Directors may be held at a location inside or outside of the state of Delaware, which is fixed by the Board of Directors or, in the case of a special meeting, by the person or persons calling the special meeting. Notice of the annual meeting and any special meetings of the Board of Directors shall state the date, place, and time of the meeting and shall be given to each director at least four days before any such meeting if given by first-class mail or forty-eight hours before any such meeting if given personally, by telephone, including a voice messaging system, or by other system of technology designed to record and communicate messages, by facsimile, or by electronic transmission.

Section 9.    Waiver of Notice.  Whenever notice is required to be given under any provision of these Bylaws, a written waiver, signed by the person entitled to notice, or a waiver by electronic transmission by the person entitled to notice, whether before or after the time stated therein, shall be deemed equivalent to notice. Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.  Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board of Directors or committee of the Board of Directors need be specified in any written waiver of notice or any waiver by electronic transmission.  All waivers, consents, and approvals shall be filed with the corporate records or made a part of the minutes of the meeting.  Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

Section 10.    Quorum.  A majority of the total number of directors then in office shall constitute a quorum of the Board.  Except as otherwise required by the Certificate of Incorporation, these Bylaws or the Delaware General Corporation Law, the act of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board.  Each director shall be entitled to one vote.

Section 11.    Action Without a Meeting.  Any action required or permitted to be taken at any meeting of the Board of Directors may be taken without a meeting if all members of the Board consent thereto in writing or by electronic transmission, and if the writing or writings or electronic transmission or transmissions are filed with the minutes of proceedings of the Board. Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

Section 12.    Telephone or Electronic Meetings.  Directors may participate in a meeting through use of conference telephones, electronic video screen, or similar communications equipment so long as all directors participating in such meeting can hear one another. Participation in a meeting pursuant to this Section constitutes presence in person at such meeting.

Section 13.  Reliance.  Any director or member of a committee of the Board shall, in the performance of his or her duties, be fully protected in relying in good faith upon the records of this corporation and upon such information, opinions, reports, or statements presented to this corporation by any of this corporation's officers or employees, or committees of the Board of Directors, or by any other person as to matters the director reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of this corporation.

Section 14.  Inspection.  Every director shall have the right to examine this corporation's list of members and its other books and records for a purpose reasonably related to the director's position as a director.

Section 15.  Board Compensation.  The Board of Directors may authorize, by resolution, the payment to a director of a reasonable fee for services and expenses as a director and for attending meetings of the Board and Board Committees.  The Board may authorize the advance or reimbursement of actual reasonable expenses incurred by a director in carrying out his or her duties as a director.

Section 16.  Executive Compensation.  For any tax year in which this corporation is required to register and file reports with the Attorney General of the State of California, the Board of Directors (or a Board Committee) shall review any compensation packages (including all benefits) of the President or the chief executive officer and the Treasurer or chief financial officer, regardless of job title, and shall approve such compensation only after determining that the compensation is just and reasonable.  This review and approval shall occur when such officer is hired, when the term of employment of such officer is renewed or extended, and when the compensation of such officer is modified, unless the modification applies to substantially all of the employees of this corporation.

ARTICLE V
COMMITTEES

Section 1.  Board Committees.  The Board of Directors may, by resolution adopted by a majority of the directors then in office, create any number of Board Committees, each consisting of one or more directors.  The Board may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  Appointments to and removals from any Board Committee shall be made by any method determined by a majority of the directors then in office.  Any such committee, to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of this corporation except that no such committee shall have the power or authority to:

(a)     approve or adopt, or recommend to the members, any action or matter (other than the election or removal of directors) expressly required by these Bylaws, the Certificate of Incorporation, or the Delaware General Corporation Law to be submitted to members for approval;

- 5 -

     (b)     amend or repeal any resolution of the Board of Directors which by its express terms is not so amendable or repealable;

     (c)     adopt, amend, or repeal any bylaw of this corporation; or

     (d)     adopt amendments to the Certificate of Incorporation of this corporation.

     Section 2.    Subcommittees.  Unless otherwise provided in the resolution of the Board of Directors designating the Board committee, such committee may create one or more subcommittees, each subcommittee to consist of one or more members of the committee, and delegate to a subcommittee any or all of the powers and authority of the committee.

     Section 3.    Advisory Committees.  The Board of Directors may establish one or more Advisory Committees to the Board.  The members of any Advisory Committee may consist of directors or non-directors and may be appointed as the Board determines.  Advisory committees may not exercise the authority of the Board to make decisions on behalf of this corporation, but shall be restricted to making recommendations to the Board or Board Committees, and implementing Board or Board Committee decisions and policies under the supervision and control of the Board or Board Committee.

     Section 4.    Audit Committee.  For any tax year in which this corporation is required to register and file reports with the Attorney General of the State of California and has gross revenues of $2 million or more, this corporation shall have an Audit Committee whose members shall be appointed by the Board of Directors, and who may include both directors and non-directors, subject to the following limitations:  (a) members of the finance committee, if any, shall constitute less than one-half of the membership of the Audit Committee; (b) the chair of the Audit Committee may not be a member of the Finance Committee, if any; (c) the Audit Committee may not include any member of the staff, including the President or chief executive officer and Treasurer or chief financial officer; (d) the Audit Committee may not include any person who has a material financial interest in any entity doing business with this corporation; and (e) Audit Committee members who are not directors may not receive compensation greater than the compensation paid to directors for their Board service.  The Audit Committee shall: (1) recommend to the full Board of Directors for approval the retention and, when appropriate, the termination of an independent certified public accountant to serve as auditor, (2) subject to the approval of the full Board, negotiate the compensation of the auditor on behalf of the Board, (3) confer with the auditor to satisfy the Audit Committee members that the financial affairs of this corporation are in order, (4) review and determine whether to accept the audit, and (5) approve performance of any non-audit services provided to this corporation by the auditor's firm.

Section 5.    Meetings.

A.    Of Board Committees.  Meetings and actions of Board Committees or subcommittees thereof shall be governed by and held and taken in accordance with the provisions of Article IV of these Bylaws concerning meetings and actions of the Board of Directors, with such changes in the content of those Bylaws as are necessary to substitute the Board Committee and its members for the Board of Directors.  Minutes shall be kept of each meeting of any Board Committee and shall be filed with the corporate records.

B.    Of Advisory Committees.  Subject to the authority of the Board of Directors, Advisory Committees shall determine their own meeting rules and whether minutes shall be kept.

The Board of Directors may adopt rules for the governance of any Board or Advisory Committee not inconsistent with the provisions of these Bylaws.

ARTICLE VI
OFFICERS

Section 1.    Officers.  The officers of this corporation shall be a President a Secretary, and a Treasurer. This corporation may also have, at the discretion of the Board of Directors, such other officers as may be appointed by the Board of Directors.  Any number of offices may be held by the same person.

Section 2.    Election.  The officers of this corporation shall be elected annually by the Board of Directors, and each shall serve at the pleasure of the Board, subject to the rights, if any, of an officer under any contract of employment.  Each officer shall hold office until his or her successor is elected and qualified or until his or her earlier resignation or removal.

Section 3.    Removal.  Subject to the rights, if any, of an officer under any contract of employment, any officer may be removed, with or without cause, by the Board of Directors or by an officer on whom such power of removal may be conferred by the Board of Directors.

Section 4.    Resignation.  Any officer may resign at any time by giving written notice to any member of the Board or officer of this corporation other than himself or herself or by electronic transmission addressed to any member of the Board or officer of this corporation other than himself or herself.  A resignation is effective when delivered unless the resignation specifies a later effective date or an effective date determined upon the happening of an event or events, and unless otherwise specified in that notice, the acceptance of the resignation shall not be necessary to make it effective.  Any resignation is without prejudice to the rights, if any, of this corporation under any contract to which the officer is a party.

Section 5.    Vacancies.  A vacancy in any office for any reason shall be filled in the same manner as these Bylaws provide for election to that office.

Section 6. <u>President</u>. The President shall be the chief executive officer of this corporation and shall, subject to control of the Board, generally supervise, direct, and control the business and other officers of this corporation. The President shall preside at all meetings of the Board of Directors and shall have the general powers and duties of management usually vested in the office of President of a corporation and shall have such other powers and duties as may be prescribed by the Board or these Bylaws.

Section 7. <u>Secretary</u>. The Secretary shall supervise the keeping of a full and complete record of the proceedings of the Board of Directors, its committees and the membership of this corporation, shall supervise the giving of such notices as may be proper or necessary, shall supervise the keeping of the minute books of this corporation, and shall have such other powers and duties as may be prescribed by the Board or these Bylaws.

Section 8. <u>Treasurer</u>. The Treasurer shall supervise the charge and custody of all funds of this corporation, the deposit of such funds in the manner prescribed by the Board of Directors, and the keeping and maintaining of adequate and correct accounts of this corporation's properties and business transactions, shall render reports and accountings as required, and shall have such other powers and duties as may be prescribed by the Board or these Bylaws.

ARTICLE VII
INTERESTED DIRECTOR OR OFFICER TRANSACTIONS

Section 1. <u>Voidability of Transactions</u>. No contract or transaction between this corporation and:

(a) any of its directors or officers,

(b) any organization in which one or more of this corporation's directors or officers has or have a financial interest, or

(c) any organization for which a director or officer of this corporation also serves as a director or officer,

shall be void or voidable solely for that reason, or solely because the director or officer is present at or participates in the meeting of the Board or committee of the Board which authorizes the contract or transaction, or solely because any such director's or officer's vote was counted for such purpose, if:

(i) The material facts as to the director's or officer's relationship or interest, and as to the contract or transaction, are disclosed or are known to the Board or the committee, and the Board or committee in good faith authorizes the contract or transaction by the affirmative votes of a majority of the disinterested directors, even though the disinterested directors be less than a quorum; or

- 8 -

(ii) The contract or transaction is fair to this corporation as of the time it is authorized, approved, or ratified by the Board or committee.

Section 2.    Quorum.    Common or interested directors may be counted in determining the presence of a quorum at a meeting of the Board or of a committee which authorizes a contract or transaction described in Section 1 of this Article.

Section 3.    Conflict of Interest Policy.    Each director and officer of this corporation shall comply with any policies of this corporation regarding conflicts of interest.

## ARTICLE VIII
## INDEMNIFICATION AND INSURANCE

Section 1.    Indemnification. To the fullest extent permitted by law:

(a)    This corporation may indemnify any Indemnified Person, for and against all expenses (including attorneys' fees), judgments, Fines and amounts paid in settlement actually and reasonably incurred by that Indemnified Person in connection with that Action. Notwithstanding the foregoing, this corporation may indemnify any Indemnified Person seeking indemnification in connection with an Action (or part of an Action) initiated by that person only if that Action (or part of that Action) was authorized by the Board.

(b)    This corporation may pay expenses as incurred by any Indemnified Person in connection with any Action; *provided, that,* if these expenses are to be paid in advance of the final disposition of an Action, then the payment of expenses will be made only upon delivery to this corporation of an undertaking, by or on behalf of the person, to repay all amounts so advanced if it is ultimately determined that the person is not entitled to be an Indemnified Person or otherwise.

(c)    This corporation may purchase and maintain insurance on behalf of any Indemnified Person against any liability asserted against that person, whether or not this corporation would have the power to indemnify the person against that liability under the provisions of this Article VIII or otherwise.

(d)    The provisions of this Article VIII will be applicable to all Actions made or commenced after the adoption of this Article VIII, whether arising from acts or omissions occurring before or after its adoption. The provisions of this Article VIII will be deemed to be a contract between this corporation and each director or officer who serves in that capacity at any time while this Article and the relevant provisions of the laws of the State of Delaware and other applicable law, if any, are in effect, and any repeal or modification of this Article VIII will not adversely affect any right or protection of any Indemnified Person in respect of any act or omission occurring prior to the time of the repeal or modification.

(e)    If any provision of this Article VIII will be found to be invalid or limited in application by reason of any law or regulation, that finding will not affect the validity of the remaining provisions of this Article VIII. The rights of indemnification provided in this Article

- 9 -

VIII will neither be exclusive of, nor be deemed in limitation of, any rights to which any person described in subsection (a) of this Article VIII may otherwise be entitled or permitted by contract, the Certificate of Incorporation, vote of the Board, or otherwise, or as a matter of law, both as to actions in the person's official capacity and actions in any other capacity while holding that office, it being the policy of this corporation that indemnification of any Indemnified Person will be made to the fullest extent permitted by law.

(f)     This corporation may, by vote of the Board, provide indemnification and advancement of expenses to employees and agents of this corporation with the same scope and effect as the foregoing indemnification of and advancement of expenses to directors and officers.

(g)     Definitions.  As used in this Article VIII, the following terms will have the following meanings:

"Action" means any threatened, pending, or completed action, suit, proceeding or inquiry (brought in the right of this corporation or otherwise), whether civil, criminal, administrative, or investigative, and whether formal or informal, including appeals.

"Eligible Person" means: (1) any individual who is a former or current director or officer of this corporation; (2) any former or current director or officer of this corporation, who while a director or officer of this corporation, is or was serving at the request of this corporation as a director, officer, partner, trustee, employee, or agent of another corporation, partnership, joint venture, trust, or other enterprise, which includes, without limitation, employee benefit plans; and (3) the foregoing persons' heirs, executors, guardians, administrators, assigns, and any other legal representatives.

"Fines" includes, without limitation, any excise taxes assessed on a person with respect to an employee benefit plan.

"Indemnified Person" means: any Eligible Person who was, or is, a party, or is threatened to be made a party to, or is involved in (including as a witness), any Action by reason of the fact that the person is an Eligible Person.

## ARTICLE IX
## GRANTS ADMINISTRATION

Section 1.     Purpose of Grants.  This corporation shall have the power to make grants and contributions and to render other financial assistance for the purposes expressed in this corporation's Certificate.

Section 2.     Board of Directors Oversight.   The Board, or any person or persons on whom such power may be conferred by the Board, shall make policy with regard to grants. The Board shall retain ultimate control over all grants, contributions, and other financial assistance given by this corporation.

Section 3.    <u>Refusal; Withdrawal</u>.  The Board, in its absolute discretion, shall have the right to refuse to make any grants or contributions, or to render other financial assistance, for any or all of the purposes for which the funds are requested.  In addition, the Board, in its absolute discretion, shall have the right to withdraw its approval of any grant at any time and use the funds for other purposes within the scope of the purposes expressed in the Certificate, subject to any charitable trust imposed on such funds and any rights of third parties under any contract relating to such grant.

Section 4.    <u>Accounting</u>.  The Board shall determine under what circumstances to require that grantees furnish a periodic accounting to show that the funds granted by this corporation were expended for the purposes that were approved by the Board.

Section 5.    <u>Restrictions on Contributions</u>.  Unless otherwise determined by resolution of the Board in particular cases, this corporation shall retain complete control and discretion over the use of all contributions it receives, and all contributions received by this corporation from solicitations for specific grants shall be regarded as for the use of this corporation and not for any particular organization or individual mentioned in the solicitation. This corporation may accept contributions earmarked by the donor exclusively for allocation to one or more foreign organizations or individuals only if the Board of this corporation:  (a) has determined that the specific charitable activity for which the donation was made furthers this corporation's exempt purposes; (b) has approved in advance disbursements of funds to support such charitable activity; (c) retains discretion and control as to the use of the contributions received by this corporation; and (d) exercises appropriate supervision to ensure funds are actually spent for the intended purposes.

ARTICLE IX
MISCELLANEOUS

Section 1.    <u>Fiscal Year</u>.  The fiscal year of this corporation shall end each year on December 31.

Section 2.    <u>Contracts, Notes, and Checks</u>.  All contracts entered into on behalf of this corporation must be authorized by the Board of Directors or any person or persons on whom such power may be conferred by the Board, and, except as otherwise provided by law, every check, draft, promissory note, money order, or other evidence of indebtedness of this corporation shall be signed by any person or person on whom such power may be conferred by the Board.

Section 3.    <u>Amendments</u>.  Only the members may amend or repeal the Bylaws of this corporation.

Section 4.    <u>Governing Law</u>.  These Bylaws shall be construed and interpreted in accordance with the laws of the State of Delaware as amended from time to time, so as to give full effect and validity to the intent and meaning of these Bylaws.

## CERTIFICATE OF SECRETARY

I, Chris Clark, certify that I am Secretary of OpenAI, Inc., a Delaware nonstock corporation, and that the above Bylaws, consisting of 11 pages, are the Bylaws of this corporation as adopted by Action of Sole Incorporator and unanimous written consent of the Board of Directors, effective as of January 4, 2016.

DATED: January 4, 2016

Chris Clark

Chris Clark, Secretary

INTERNAL REVENUE SERVICE
P. O. BOX 2508
CINCINNATI, OH  45201

DEPARTMENT OF THE TREASURY

Date:    **NOV 03 2016**

OPENAI INC
C/O ADLER & COLVIN
INGRID MITTERMAIER
235 MONTGOMERY ST STE 1220
SAN FRANCISCO, CA  94104

Employer Identification Number:
 81-0861541
DLN:
 17053250330046
Contact Person:
 ERIC KAYE                    ID# 31612
Contact Telephone Number:
 (877) 829-5500
Accounting Period Ending:
 December 31
Public Charity Status:
 170(b)(1)(A)(vi)
Form 990/990-EZ/990-N Required:
 Yes
Effective Date of Exemption:
 December 8, 2015
Contribution Deductibility:
 Yes
Addendum Applies:
 No

Dear Applicant:

We're pleased to tell you we determined you're exempt from federal income tax
under Internal Revenue Code (IRC) Section 501(c)(3). Donors can deduct
contributions they make to you under IRC Section 170. You're also qualified
to receive tax deductible bequests, devises, transfers or gifts under
Section 2055, 2106, or 2522. This letter could help resolve questions on your
exempt status. Please keep it for your records.

Organizations exempt under IRC Section 501(c)(3) are further classified as
either public charities or private foundations. We determined you're a public
charity under the IRC Section listed at the top of this letter.

If we indicated at the top of this letter that you're required to file Form
990/990-EZ/990-N, our records show you're required to file an annual
information return (Form 990 or Form 990-EZ) or electronic notice (Form 990-N,
the e-Postcard). If you don't file a required return or notice for three
consecutive years, your exempt status will be automatically revoked.

If we indicated at the top of this letter that an addendum applies, the
enclosed addendum is an integral part of this letter.

For important information about your responsibilities as a tax-exempt
organization, go to www.irs.gov/charities. Enter "4221-PC" in the search bar
to view Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities,
which describes your recordkeeping, reporting, and disclosure requirements.

Letter  947

-2-

OPENAI INC


We sent a copy of this letter to your representative as indicated in your power of attorney.

Sincerely,

Jeffrey I. Cooper
Director, Exempt Organizations
Rulings and Agreements

Letter  947



**ADLER & COLVIN**

ROSEMARY E. FEI
ROBERT A. WEXLER
ERIK DRYBURGH
INGRID MITTERMAIER
DAVID A. LEVITT
STEPHANIE L. PETIT
NANCY E. McGLAMERY
ERIC K. GOROVITZ

GREGORY L. COLVIN - SENIOR COUNSEL

STEVEN CHIODINI - OF COUNSEL
MATTHEW CLAUSEN - OF COUNSEL

235 MONTGOMERY STREET • RUSS BUILDING, SUITE 1220 • SAN FRANCISCO, CALIFORNIA 94104
TEL: 415.421.7555 • FAX: 415.421.0712 • WWW.ADLERCOLVIN.COM

August 24, 2017

**VIA FEDERAL EXPRESS**

RECEIVED
Attorney General's Office

AUG 2 8 2017

Registry of Charitable Trusts

Attorney General
Registry of Charitable Trusts
1300 I Street, Suite 125
Sacramento, CA 95814

Re:    Initial Registration for OpenAI, Inc.
        <u>California Corporation No. C3858313</u>

Dear Sir/Madam:

We enclose the initial registration of OpenAI, Inc., a Delaware nonprofit nonstock corporation which qualified to do business in California on January 7, 2016, pursuant to Government Code Section 12585. The following items are submitted:

1.    Originally-executed Form CT-1;
2.    Copy of Delaware Certificate of Incorporation;
3.    Copy of Bylaws;
4.    Copy of IRS Determination Letter; and
5.    Our check for $25.00, payable to the Department of Justice, for the initial registration fee.

If you have any questions regarding this registration, please contact this office.

Very truly yours,

ADLER & COLVIN

By:

Jorge Lopez

Enclosures

{00922956.DOC; 2}