**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ELON MUSK, ET AL.,**<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**SAMUEL ALTMAN, ET AL.,**<br><br>　　Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**ORDER DENYING MOTION TO INTERVENE AND DENYING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 24, 25. |

Movant Leonard Horowitz seeks to intervene in this action. The parties to the action jointly object. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the Motion.[1]

Federal Rule of Civil Procedure 24 provides for intervention both permissively and as of right.[2] A movant may intervene as of right where they "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In order to intervene as of right, the movant must show:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

[2] It is unclear from the motion whether Horowitz seeks intervention by right or permissive intervention. As the Court explains below, Horowitz is entitled to neither.

*Citizens for Balanced Use v. Montana Wilderness Ass'n.*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotations omitted). Permissive intervention, by contrast, stems from a showing that a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

> "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. . . . Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention."

*Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (internal cites omitted).

Here, movant fails to meet the criteria for either form of intervention. Horowitz's alleged claims have nothing to do with those brought by Musk. Horowitz alleges harm stemming from search results after entering his own name in ChatGPT. Though he uses terminology in his complaint similar to Musk's complaint, the use of the same legal jargon does not create commonality amongst factual claims which are, at bottom, distinct.

Thus, Horowitz has shown neither that "the disposition of th[is] action may, as a practical matter, impair or impede [his] ability to protect [his] interest," nor that his claims "share[] a common question of law or fact with the main action." Fed. R. Civ. P. 24.

As such, the motion to intervene is **DENIED.**

\*\*\*

On a separate note, On November 14, 2024, plaintiff filed an Amended Complaint. On October 8, 2024, defendant moved to dismiss plaintiff's initial complaint. With an amended complaint, the prior complaint is no longer operative. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*) ("[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect."); 6 Charles Alan Wright, Arthur R. Miller & M. Kane, Federal Practice and Procedure § 1476 & n.1 (3d ed. 2005) (an amended pleading "supersedes the pleading it modifies" and "becomes the operative complaint," and "the original pleading no longer performs any function in the case").

Defendant's pending motion to dismiss is therefore **DENIED AS MOOT.** Defendant shall respond to the new complaint within twenty-one (21) days.

This terminates Docket Nos. 24. & 25.

**IT IS SO ORDERED**.

Date: November 19, 2024

                                            **YVONNE GONZALEZ ROGERS**
                                            **UNITED STATES DISTRICT COURT JUDGE**