JORDAN ETH (CA SBN 121617)
JEth@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,*
*OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
*OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
*OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
*OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
*OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
*OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
*OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
*OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
*Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **DECLARATION OF ROBERT WU IN SUPPORT OF OPENAI DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | Date:  January 14, 2024 |
| | Time:  2:00 p.m. |
| | Courtroom:  1 – 4th Floor |
| | Judge:  Hon. Yvonne Gonzalez Rogers |
| | Compl. Filed:  August 5, 2024 |

I, ROBERT WU, declare as follows:

1.      I serve as Deputy General Counsel for OpenAI OpCo, LLC, one of the defendants in this action. OpenAI OpCo, LLC is an entity within the broader OpenAI corporate family ("OpenAI") through which OpenAI conducts business and raises capital. I focus on corporate transactional matters at OpenAI, including issues related to OpenAI's capital raising.

2.      I submit this declaration in connection with Defendants' opposition to the preliminary injunction motion filed by Plaintiffs Elon Musk, Shivon Zilis, and X.AI Corp. ("xAI") in the above captioned matter. I have personal knowledge of the facts set forth herein unless stated otherwise.

3.      In October 2024, OpenAI closed a funding round in which it raised approximately $6.6 billion. I was the in-house attorney principally responsible for advising the company in connection with that funding round, and I have personally reviewed all of the agreements entered into with the investors who participated.

4.      I understand that Plaintiffs have alleged, based on certain media reports, that OpenAI entered into agreements barring investors in the October 2024 funding round from investing in OpenAI's competitors.

5.      That allegation is false, and the reporting Plaintiffs rely on is inaccurate. OpenAI did not enter into any agreements, including with Microsoft, preventing investors from funding OpenAI competitors. Rather, a minority of the investors participating in the funding round were granted access to certain OpenAI confidential information on an ongoing basis, and those investors agreed to customary provisions governing their access to that information. In general, these investors would receive periodic access to OpenAI's nonpublic financial statements and other nonpublic OpenAI information that is both commercially and competitively sensitive.

6.      To protect against the potential disclosure or misuse of this nonpublic information, the agreements with these investors generally give OpenAI the right to terminate continuing access to the information should the investor obtain significant voting or other governance rights in an OpenAI competitor by virtue of an investment in that competitor. "Passive" investments in OpenAI's competitors would not result in any change to the investors' information rights. In

general, the agreements provide that an investment is "passive" if the investor owns less than a certain threshold percentage of the voting power of a competitor's securities and does not otherwise have specific rights with respect to the competitor's corporate governance, *e.g.*, the contractual right to appoint a member of the competitor's board. The vast majority of investments would be deemed "passive" under these agreements, and therefore would not limit the investors' access to OpenAI information.

7.    None of these agreements restrict the ability of participants in the funding round to invest in OpenAI's competitors—whether on a passive or a non-passive basis. In the event an investor subject to these provisions chose to pursue a non-passive investment in one of OpenAI's competitors, the only consequence would be losing access to OpenAI's nonpublic and commercially-sensitive information going forward.

8.    In my experience, agreements of this type are customary in connection with investments in private technology companies, as they allow such companies to protect against potential misuse of their proprietary, and competitively-sensitive, information by competitors, thereby facilitating the investors' meaningful and informed participation in the business. For example, the model "Investors' Rights Agreement" maintained by the National Venture Capital Association—prepared by a national coalition of attorneys who specialize in venture capital financings—includes a term providing that a company has no obligation to provide a "Major Investor" with financial statements if that investor is a financial investment firm or collective investment vehicle that owns a threshold level of outstanding equity of any competitor and has a right to designate any members of the board of directors of a competitor.[1]

9.    Attached as Exhibit A is a true and correct copy of an executed letter agreement entered between OpenAI, Inc. and Microsoft Corporation, dated December 9, 2023, regarding "Board Observer Rights."

---

[1] *See* https://nvca.org/document/investors-rights-agreement-updated-october-2024/ (§ 3.1 and definition of "Competitor").

1      I declare under penalty of perjury that the foregoing is true and correct. Executed on

2  December 13, 2024, at San Francisco, California.

3

4                                              Robert Wu

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ECF ATTESTATION

I, Jordan Eth, am the ECF User whose ID and password are being used to file this **DECLARATION OF ROBERT WU IN SUPPORT OF OPENAI DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**. In accordance with Civil Local Rule 5-1, concurrence in the filing of this document has been obtained from each of the other signatories, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: December 13, 2024

*/s/ Jordan Eth*
Jordan Eth