1
2
3
4              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
5                       **OAKLAND DIVISION**
6
   ELON MUSK et al.,                         Case No. 4:24-cv-04722-YGR
7
              Plaintiffs,
8                                            **[PROPOSED] ORDER DENYING**
       v.                                    **PLAINTIFFS' MOTION FOR A**
9                                            **PRELIMINARY INJUNCTION**
   SAMUEL ALTMAN, et al.,
10                                           **Date:**     **January 14, 2025**
              Defendants.                    **Time:**    **2:00 p.m.**
11                                           **Place:**   **Courtroom 1 (4th Floor)**
                                                          **1301 Clay St.**
12                                                        **Oakland, CA  94612**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On January 14, 2025, this Court heard oral argument on Plaintiffs Elon Musk, Shivon Zilis, and X.AI Corporation's ("Plaintiffs") Motion for a Preliminary Injunction against Samuel Altman, Gregory Brockman, OpenAI (including its various subsidiaries and corporate affiliates), Microsoft Corporation, Reid Hoffman, and Deannah Templeton ("Defendants").

It is Plaintiffs' burden to establish (1) a likelihood of success on the merits, (2) that they are likely to suffer irreparable harm in the absence of an injunction, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs fail to meet their burden.

First, Plaintiffs are not likely to succeed on the merits of their antitrust claims that Microsoft agreed not to fund OpenAI's competitors (or agreed with others not to do so) in violation of 15 U.S.C. § 1 or that Microsoft, Hoffman, and Templeton participated in a board interlock in violation of 15 U.S.C. § 19. Plaintiffs also lack antitrust injury, and Plaintiff Musk lacks antitrust standing.

Second, Plaintiffs have not shown that they are likely to suffer irreparable harm in the absence of an injunction from a lack of investment capital, alleged board interlocks, or alleged unspecified information exchanges.

Third, the balance of equities tips in Defendants' favor, especially because enjoining Microsoft's use of OpenAI technology would harm not only Microsoft but also Microsoft's customers.

Fourth, the public interest favors denying the request for a preliminary injunction because the costs to customers, developers, and users—all of whom depend on rapidly advancing AI technology—from enjoining their use of OpenAI models would be a substantial and immediate harm.

Accordingly, Plaintiffs' motion for a preliminary injunction is **DENIED.**

**IT IS SO ORDERED** this ____ day of _____, 2025.

By: _____
The Honorable Yvonne Gonzalez Rogers
United States District Court Judge