# EXHIBIT 49

# TOBEROFF

Toberoff & Associates, P.C.
23823 Malibu Road
Suite 50-363
Malibu, CA 90265
Telephone: +1 310 246 3100

**Marc Toberoff**
Direct Line:  +1 310 246 3333
mtoberoff@toberoffandassociates.com

November 27, 2024

**Via E-mail: caitlin.noble@doj.ca.gov**

Caitlin Noble, Esq.
Supervising Deputy Attorney General
Charitable Trusts Section
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

**RE: *Musk et al. v. Altman et al.*, No. 4:24-cv-04722 (N.D. Cal., filed Aug. 5, 2024)**

Dear Supervising Deputy Attorney General Noble:

Thank you for your guidance today in response to our status inquiry concerning Mr. Musk and Ms. Zilis' request on November 12, 2024 for relator status. You indicated that it has not been processed, because we must first follow the regulations governing such requests, and directed us to the Department of Justice website for further information, which we appreciate.

We write to request clarification because, in searching the website, the only regulations mentioning relators we find are those in Cal. Code Regs. tit. 11, § 1-11. Those regulations would not appear to apply to our situation, however, at least not by their terms. As you may recall from our request letter, sent you just prior to our filing the First Amended Complaint:

> We note that the procedure for seeking relator status specified in Cal. Code Regs. tit. 11, § 2 applies only to "Proceedings in the Nature of Quo Warranto" where the law also "*require*[s] the prior permission" of the Attorney General. Cal. Code Regs. tit. 11, § 1 (emphasis added). As neither condition exists here, please advise if you require anything beyond this letter to complete our request.

It seemed to us that, as proceedings in the nature of quo warranto—the title of this Chapter of the Regulations—are governed by Cal. Code. Civ. P. §§ 803-811, while our proceedings are governed by Cal. Corp. Code §§ 5142, 5233, this Chapter's regulations would not apply. We further reasoned that, as Cal. Code Civ. P. § 803 requires *all* quo warranto actions "be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party," whereas Section 5142(a)(1)-(5) and Section 5233(c)(1)-(4) permit suit by various kinds of plaintiffs in their own name—directors, officers, members, the corporation itself, and persons with a contractual interest in the charity's assets—our causes of action under these Sections do not arise "under any law *requiring* the prior *permission* therefor of the Attorney General." Cal. Code Regs. tit. 11 § 1 (emphases added). Indeed, in contrast to "prior permission," our causes of action require only notice to (Section 5142) or joinder of the Attorney General as an indispensable party (Section 5233).

This, at any rate, was our analysis. If you still disagree, we are happy, as our pre-filing letter indicated, to follow the process you specify. We await your instructions so that we may comply as expeditiously as possible.

Very truly yours,

Marc Toberoff
Counsel for Elon Musk, Shivon Zillis
and x.AI Corp.