PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON (SBN 76342)
bruce.ericson@pillsburylaw.com
LEE BRAND (SBN 287110)
lee.brand@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:        415.983.1000
Facsimile:        415.983.1200

Attorneys for Amicus Curiae,
Delaware Attorney General

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

|  |  |
|---|---|
| ELON MUSK, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>SAMUEL ALTMAN, et al.<br><br>                    Defendants. | Case No. 4:24-CV-04722-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**NOTICE OF MOTION AND MOTION OF KATHLEEN JENNINGS IN HER CAPACITY AS THE ATTORNEY GENERAL FOR THE STATE OF DELAWARE FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF REGARDING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Date:   January 14, 2025<br>Time:   2:00 p.m.<br>Place:  Courtroom 1, 19th Floor<br>            1301 Clay St.<br>            Oakland, CA 94612 |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE THAT Kathleen Jennings in her capacity as the Attorney

3    General for the State of Delaware (the "Delaware Attorney General") hereby moves the Court

4    for leave to file an amicus curiae brief in the above-captioned case regarding Plaintiffs' motion

5    for a preliminary injunction.  Copies of the proposed amicus brief and the supporting

6    declaration of Lee Brand are  attached as exhibits to this motion.[1]

7    **I.    LEGAL STANDARD**

8         District courts have broad discretion to grant leave to participate as amicus curiae.  *See*

9    *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin*

10   *v. Conner*, 515 U.S. 472 (1995); *see also Woodfin Suite Hotels, LLC v. City of Emeryville*, No.

11   C-06-1254, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) ("Whether to allow Amici to file a

12   brief is solely within the Court's discretion, and generally courts have exercised great

13   liberality" in granting amicus participation. (internal quotation marks and citation omitted)).

14   "District courts frequently welcome amicus briefs from non-parties concerning legal issues

15   that have potential ramifications beyond the parties directly involved or if the amicus has

16   unique information or perspective that can help the court beyond the help that the lawyers for

17   the parties are able to provide."  *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.

18   Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal quotation marks and citation omitted).  "[T]he

19   classic role of amicus curiae" is to "assist[] in a case of general public

20   interest, . . . supplement[] the efforts of counsel, and draw[] the court's attention to law that

---

[1]    The OpenAI Defendants (as identified in ECF 64); Defendants Microsoft Corporation, Reid Hoffman, and Deannah Templeton; and the California Attorney General all consent to this Motion.  Plaintiffs stated that they do not oppose this Motion "so long as [the Delaware Attorney General] ha[s] no objection to our filing a response given we obviously disagree that an AG takes primacy over the Court in assessing the public interest for purposes of a motion for preliminary injunction."  The Delaware Attorney General disagrees with Plaintiffs' characterization of the amicus brief but does not oppose Plaintiffs' request to file a response.

might otherwise escape consideration." *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986).

## II.    THE DELAWARE ATTORNEY GENERAL'S INTEREST IN THIS MATTER

The Delaware Attorney General has an interest in the subject matter and legal implications of the controversy before this Court because one of the Defendants in this matter, OpenAI, Inc. ("OpenAI"), is a Delaware charitable nonstock corporation that was organized entirely for not-for-profit purposes and Plaintiffs are seeking, *inter alia*, to preliminarily enjoin a transaction alleged to involve the conversion of OpenAI into a for-profit entity (the "Proposed Transaction").  *See* ECF 46.[2]

The Delaware Attorney General has the authority to review transactions by charitable nonstock corporations incorporated in the State.  *Oberly v. Kirby*, 592 A.2d 445, 468 (Del. 1991) (citing *Wier v. Howard Hughes Med. Inst.*, 407 A.2d 1051, 1057 (Del. Ch. 1979)). "[T]he test as to the legality of action taken by the governing board of a [charitable] corporation is to be determined in accordance with principles of corporate law."  *Id.* at 466 (quoting *Denckla v. Indep. Found.*, 193 A.2d 538, 541 (Del. 1963)).  In the event the Delaware Attorney General determines that the transaction is contrary to Delaware law, she has the power to seek an injunction in Delaware state court.  *See id.* at 468.

The Delaware Attorney General moves to submit an amicus brief to make the Court aware that she and her office are actively reviewing the Proposed Transaction and will take appropriate actions to protect the public interest, including seeking an injunction, if she determines that the Proposed Transaction is contrary to Delaware law or the public good.

---

[2]    According to an OpenAI blogpost dated December 27, 2024, OpenAI's "plan is to transform [its] existing for-profit [subsidiary, OpenAI Global LLC] into a Delaware Public Benefit Corporation (PBC) with ordinary shares of stock and the OpenAI mission as its public benefit interest."  *See* Declaration of Lee Brand, Ex. A.  According to such plan, the charitable nonstock corporation would then hold "shares in the PBC" and the PBC would "run and control OpenAI's operations and business, while the nonprofit will hire a leadership team and staff to pursue charitable initiatives in sectors such as health care, education, and science."  *See id.*

1

**III.    CONCLUSION**

2          Respectfully, for the foregoing reasons, the Court should grant this Motion and permit

3    the Delaware Attorney General to proceed with filing her proposed amicus brief in the above-

4    captioned case, a copy of which is included as an exhibit to this motion.

5

6

7    Dated:  December 30, 2024              PILLSBURY WINTHROP SHAW PITTMAN LLP

8

9                                  By:    */s/ Bruce A. Ericson*

10                                         Bruce A. Ericson
                                           Lee Brand
                                           Attorneys for Amicus Curiae Delaware Attorney General

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28