PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON (SBN 76342)
bruce.ericson@pillsburylaw.com
LEE BRAND (SBN 287110)
lee.brand@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:     415.983.1000
Facsimile:      415.983.1200

Attorneys for Amicus Curiae,
Delaware Attorney General

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SAMUEL ALTMAN, et al.<br><br>　　　　　　　　Defendants. | Case No. 4:24-CV-04722-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**BRIEF OF AMICUS CURIAE KATHLEEN JENNINGS IN HER CAPACITY AS THE ATTORNEY GENERAL FOR THE STATE OF DELAWARE REGARDING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Date:　　January 14, 2025<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 1, 19th Floor<br>　　　　　1301 Clay St.<br>　　　　　Oakland, CA 94612 |

Amicus Curiae, Kathleen Jennings, the Attorney General of the State of Delaware (the "Delaware Attorney General"), respectfully presents this brief for the Court's consideration in connection with Plaintiffs' Motion for a Preliminary Injunction (the "Motion") in the above-captioned action. *See* ECF 46.

## I. INTRODUCTION

Plaintiffs seek, among other things, to preliminarily enjoin a transaction alleged to involve the conversion of OpenAI, Inc. ("OpenAI"), a Delaware charitable nonstock corporation that was organized entirely for not-for-profit purposes, into a for-profit entity (the "Proposed Transaction").[1] *See* ECF 46. According to an OpenAI blogpost dated December 27, 2024, OpenAI's "plan is to transform [its] existing for-profit [subsidiary, OpenAI Global LLC] into a Delaware Public Benefit Corporation (PBC) with ordinary shares of stock and the OpenAI mission as its public benefit interest." *See* Declaration of Lee Brand ("Brand Decl."), Ex. A. According to such plan, the charitable nonstock corporation would then hold "shares in the PBC" and the PBC would "run and control OpenAI's operations and business, while the nonprofit will hire a leadership team and staff to pursue charitable initiatives in sectors such as health care, education, and science." *See id.* To enjoin the Proposed Transaction, Plaintiffs must establish, among other things, that an injunction is "in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Delaware Attorney General submits this brief to make the Court aware that she is conducting a concurrent review of the Proposed Transaction on behalf of the public pursuant to her authority under Delaware law. Specifically, the Delaware Attorney General has authority to review the Proposed Transaction for compliance with Delaware law by ensuring, among other things, that the Proposed Transaction accords with OpenAI's charitable purpose and the fiduciary duties of OpenAI's board of directors. The Delaware Attorney General has not yet concluded her review or reached any conclusions regarding the Proposed Transaction, and she takes no position on the propriety of a preliminary injunction in this case. The Court,

---

[1] OpenAI refers to the Proposed Transaction as a "reorganization." ECF 64, at 5.

-1-

however, should be aware that Delaware will not hesitate to take appropriate action to protect the public interest if the Delaware Attorney General's review demonstrates that such action is warranted.

## II.   ARGUMENT

The Delaware Attorney General has the authority and responsibility to oversee Delaware charitable corporations. "Delaware law unambiguously places the burden of protecting the interests of beneficiaries [of a charity] upon the Attorney General." *Oberly v. Kirby*, 592 A.2d 445, 468 (Del. 1991) (citing *Wier v. Howard Hughes Med. Inst.*, 407 A.2d 1051, 1057 (Del. Ch. 1979)). The public is the ultimate beneficiary that the Attorney General represents. *Wier*, 407 A.2d at 1057.

"[T]he test as to the legality of action taken by the governing board of a [charitable] corporation is to be determined in accordance with principles of corporate law." *Oberly*, 592 A.2d at 466 (quoting *Denckla v. Indep. Found.*, 193 A.2d 538, 541 (Del. 1963)). If the Delaware Attorney General determines that any transaction is contrary to Delaware corporate law, then she may "seek injunction or rescission of the tainted transaction." *Oberly*, 592 A.2d at 468.

Pursuant to her responsibility and authority to protect the public by supervising and overseeing charities, the Delaware Attorney General is in ongoing dialogue with OpenAI regarding the Proposed Transaction. The Delaware Attorney General's authority includes the ability to review the transaction for, *inter alia*, whether the charitable purpose of Open AI's charitable assets would be lost or impaired; whether any intended for-profit entity will adhere to the existing charitable purpose of OpenAI (assuming the not-for-profit entity remains affiliated with it); whether OpenAI's directors are meeting their fiduciary duties; and whether, if applicable, the Proposed Transaction satisfies Delaware's "entire fairness" test.

Under Delaware law, a nonprofit organization must be organized and operated exclusively for charitable, religious, educational, scientific, or literary purposes. OpenAI is a charitable nonstock corporation first incorporated in Delaware on December 8, 2015. *See* Brand Decl., Ex. B (Certificate of Incorporation). OpenAI's original corporate purpose was

"to provide funding for research, development and distribution of technology related to artificial intelligence." *Id.* In April 2020, OpenAI's corporate purpose was amended via the adoption of an Amended and Restated Certificate of Incorporation (Brand Decl., Ex. C) (the "Amended Certificate"), which provides that OpenAI's specific purpose is:

> [to] ensure that artificial general intelligence benefits all of humanity, including by conducting and/or funding artificial intelligence research. The corporation may also research and/or otherwise support efforts to safely develop and distribute such technology and its associated benefits, including analyzing the societal impacts of the technology and supporting related educational, economic, and safety policy research and initiatives.

*Id.* The Amended Certificate further states that the "resulting technology will benefit the public and the corporation will seek to distribute it for the public benefit when applicable. The corporation is not organized for the private gain of any person." *Id.*

The Delaware Attorney General is reviewing the Proposed Transaction to ensure that OpenAI is adhering to its specific charitable purposes for the benefit of the public beneficiaries, as opposed to the commercial or private interests of OpenAI's directors or partners. "Any action that poses a palpable and identifiable threat to those [charitable] goals, or that jeopardizes its assets would be contrary to the Certificate [of Incorporation] and hence *ultra vires*." *Oberly*, 592 A.2d at 462.

As part of this review, the Delaware Attorney General will consider whether the OpenAI board members are satisfying their fiduciary duties to OpenAI's beneficiaries—the public. *See Gassis v. Corkery*, No. CIV.A. 8868-VCG, 2014 WL 2200319, at *14 (Del. Ch. May 28, 2014), *aff'd*, 113 A.3d 1080 (Del. 2015) (explaining "a nonprofit charitable corporation's board owes fiduciary duties to its *beneficiaries*" (emphasis in original)). Specifically, each board member has a fiduciary duty "to act with fairness and loyalty, devoid of considerations of self-interest" and "to advance [OpenAI's] charitable goals and protect its assets." *See Oberly*, 592 A.2d at 462. In connection with the Proposed Transaction, the board members must act to advance OpenAI's charitable purpose and protect its charitable assets for the benefit of the public, without any consideration of their own self-interest.

1   To the extent the Proposed Transaction is an "interested transaction," Delaware law may also require that the Proposed Transaction meet the "entire fairness" standard, which would include assessing the fairness of the price and the fairness of the negotiations. *See Oberly,* 592 A.2d. at 468-69. If implicated, this too will be part of the Delaware Attorney General's review.

While the parties before this Court have generally referenced the public interest and how it will be impacted by their respective positions, the interest of the charity's beneficiaries receives only limited consideration in the briefing. *See* ECF 46, at 24-25; ECF 64, at 25; ECF 65, at 22-23. The Proposed Transaction—or its enjoinder—is likely to have multiple and profound impacts on the public. The Delaware Attorney General is well-positioned to consider how the interests of the charity's beneficiaries are best served. If the Delaware Attorney General concludes that the Proposed Transaction is not consistent with OpenAI's mission and its obligations to the public, that OpenAI's board members are not fulfilling their fiduciary duties, or, if applicable, that the value of the Proposed Transaction or the process for deriving it is not entirely fair, the Delaware Attorney General will take appropriate action, whether through a requested modification of the terms of the Proposed Transaction or, if necessary, by seeking an injunction if and when she determines judicial intervention is necessary.

### III.   CONCLUSION

Respectfully, the Delaware Attorney General submits this amicus brief to make the Court aware that she is exercising her authority under Delaware law to review the multiple impacts of the OpenAI Proposed Transaction on the public and, conversely, the multiple impacts of modifying or enjoining the Proposed Transaction on the public. This concurrent review is ongoing, and the Delaware Attorney General currently takes no position on the propriety of a preliminary injunction in this case. Nevertheless, the Delaware Attorney General thought it prudent to bring this concurrent review to the Court's attention insofar as it may inform how the Court wishes to address the pending Motion for a Preliminary Injunction.

-5-

Dated: December 30, 2024        PILLSBURY WINTHROP SHAW PITTMAN LLP

By:  */s/* Lee Brand
     Bruce A. Ericson
     Lee Brand
     Attorneys for Amicus Curiae Delaware Attorney General