JORDAN ETH (CA SBN 121617)
JEth@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al. | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **OPENAI DEFENDANTS' OBJECTIONS TO NEW EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY** |
| v. | |
| SAMUEL ALTMAN, et al., | Date:  January 14, 2025<br>Time:  2:00 p.m. |
| Defendants. | Courtroom:  1 – 4th Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers<br>Compl. Filed:  August 5, 2024 |

1  Pursuant to Civil Local Rule 7-3(d)(1), Sam Altman, Greg Brockman, OpenAI, Inc., and
2  affiliated OpenAI entities (the "OpenAI Defendants") object to Plaintiffs' submission of five new
3  declarations with their reply brief. Four of these declarations were submitted on December 27, 2024
4  by long-time associates of Musk (Dkt. No. 73): (1) Gavin Baker of Atreides Management LP (Dkt.
5  No. 73-31); (2) Jared Birchall, Chief Financial Officer of Plaintiff X.AI Corp. ("xAI") (Dkt. No.
6  73-32); (3) Antonio Gracias of Valor Equity Partners (Dkt. No. 73-33); and (4) Plaintiff Shivon
7  Zilis (Dkt. No 73-34). The fifth, from Musk himself, was filed on December 28, 2024 (Doc. No.
8  74)—a day after the already-extended reply deadline (Dkt. No. 68).

**I.    Plaintiffs' new declarations are untimely and should be stricken**

Courts in the Ninth Circuit "recognize the potential inequities that might flow from the injection of new [factual] matter" on reply. *Dutta* v. *State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171-72 (9th Cir. 2018). "New evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond." *Stiner* v. *Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1179 (N.D. Cal. 2023) (cleaned up); *see also Contratto* v. *Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005).

Local Rule 7-3(d) thus provides a remedy—among other relief, the court may "simply strik[e] the new matter from consideration" if it was available at the time of party's initial filing. *See Dutta,* 895 F.3d at 1172; *see also Townsend* v. *Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027-28 (C.D. Cal. 2018) (striking "new evidence presented in [a] [r]eply" where plaintiffs could have disclosed the evidence "two months" prior); *Citcon USA, LLC* v. *RiverPay Inc.*, 2019 WL 2603219, at *3 (N.D. Cal. June 25, 2019) (disregarding declaration in support of preliminary injunction as "impermissible new evidence submitted on a reply brief in violation of Civil Local Rule 7-3(d)(1)"); *BoomerangIt, Inc.* v. *ID Armor, Inc.*, 2012 WL 2368466, *4 n.1 (N.D. Cal. June 21, 2012) (same on temporary injunction motion); *Acosta, Inc.* v. *Kerdman Enters, G.P.*, 2008 WL 11336210, at *8 (C.D. Cal. June 2, 2008) ("It is well established that new arguments and evidence presented for the first time in reply are waived." (cleaned up)).

Plaintiffs' new declarations should be stricken pursuant to this settled law as they all contain purported "evidence"—in the form of unsupported conclusory statements—that could have been

submitted with Plaintiffs' moving papers on November 29, 2024 (Dkt. No. 46). Parroting the allegations in Plaintiffs' First Amended Complaint ("FAC") (Dkt. No. 32), four of the declarations (from Baker, Birchall, Gracias, and Musk) variously offer unsubstantiated "understandings" or "information and belief" regarding what unidentified market participants allegedly believed about unattributed statements purportedly made during OpenAI's *October* 2024 funding round—more than a month before the FAC's filing and nearly two months before Plaintiffs sought a preliminary injunction. *See* Gracias Decl. ¶¶ 3-4 (attesting on "information and belief" to supposed "common knowledge" in the "investment community" concerning funding restrictions in October 2024); Baker Decl. ¶¶ 3-4 (offering "understanding and belief" regarding same); *see also* Musk Decl. ¶¶ 3-4 (similar).

Birchall (the CFO of Musk's own OpenAI competitor, xAI, and the head of Musk's family office) is explicit in this regard—he claims to report on supposed information provided to him on October 29 and November 1, 2024, long before Plaintiffs' preliminary injunction motion was filed. Birchall Decl. ¶¶ 3-5. Plaintiffs nevertheless chose to move for a preliminary injunction relying almost entirely on the allegations in the FAC (allegations themselves made largely on "information and belief"). They cannot cure that evidentiary defect on reply.[1]

As for Zilis, her declaration is, if anything, even more untimely; she merely reports on her own alleged efforts in 2021 to raise concerns about purported "self-dealing" transactions with OpenAI's board. Zilis Decl. ¶¶ 4-6. That information was of course within her possession when she filed her motion. Had Plaintiffs desired to offer a self-serving sworn statement from Zilis to support those alleged efforts, the time to do it was in their opening papers, not by sandbagging in reply.[2]

---

[1] Musk's declaration should be stricken for the independent reason that it was filed a day after the already-extended deadline for reply, without explanation for the delay.

[2] Exhibits 24-27 and 30-38 of the Toberoff Declaration (Dkt. No. 73-1) should likewise be stricken as untimely, as they all reflect "evidence" that pre-dates the filing of Plaintiffs' motion. These exhibits consist of additional podcast transcripts that purportedly show Hoffman's involvement in OpenAI and Microsoft (Exs. 24-27); years-old SEC filings from Microsoft, offered to show supposed areas of competition between Microsoft and OpenAI that are referenced nowhere in Plaintiffs' FAC or motion (Exs. 30-32); and webpages apparently intended to show Hoffman's involvement in other AI-related organizations, which are cited nowhere in Plaintiffs' Reply (Exs. 33-38). All of these exhibits could have, and should have, been submitted with Plaintiffs' motion.

## II. The declarations are unreliable and inadmissible and should be given no weight

Even had the declarations been timely filed, four of them—from Baker, Birchall, Gracias, and Musk—are riddled with unreliable hearsay and "information and belief" that should be afforded no weight. *See Miyoko's Kitchen* v. *Ross*, 2020 WL 8361994, at *5 n.5 (N.D. Cal. Aug. 21, 2020) (though hearsay "may . . . be taken into account for the purposes of a preliminary injunction, it need not be given weight where . . . it does not seem particularly reliable"); *Flynt Distrib. Co., Inc.* v. *Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (trial court considering preliminary injunction may give "inadmissible" hearsay "some weight," but only "when to do so serves the purpose of preventing irreparable harm before trial").

Gracias and Baker declare—with no support at all—that it was alleged "common knowledge" that OpenAI requested funding exclusivity in its October 2024 funding round. *See* Gracias Decl. ¶ 3; Baker Decl. ¶ 3. These declarants do not claim to have heard anything from OpenAI directly, nor do they even identify anyone who did. And their observations are offered on "information and belief" (Gracias Decl. ¶ 4) or "understanding and belief" (Baker Decl. ¶ 4), rather than on personal knowledge of any kind. The evidence is plainly inadmissible hearsay, bears no indicia of reliability, and should be accorded no weight. *See Imagine Studios, LLC* v. *Robeji Designs, LLC*, 2012 WL 12882705, at *2 (C.D. Cal. Oct. 26, 2012) ("self-serving declaration" containing "uncorroborated" "hearsay" based on "no personal knowledge of the facts" accorded "no weight" on preliminary injunction motion); *see also* 11A C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2949 (3d ed. 2024) ("[W]hen the primary evidence introduced is an affidavit made on information and belief rather than on personal knowledge, it generally is considered insufficient to support a motion for a preliminary injunction.") (collecting cases).

While Birchall at least claims he heard something from a specific person about statements Altman purportedly made, *see* Birchall Decl. ¶¶ 3, 5, he refuses to identify the source, *id.* ¶ 6—rendering his inadmissible "evidence" just as unreliable as the "information and belief" from Baker and Gracias. *Prasad* v. *Cnty. of San Mateo*, 2024 WL 457811, at *2 (N.D. Cal. Feb. 6, 2024) (hearsay from "unidentified" third party could not justify temporary restraining order, where there was no compelling basis to "consider" it).

Finally, Musk's "evidence" on this topic is of no better—and in many respects *worse*—quality. Musk claims to have been "informed" by unidentified sources of statements made by Altman, and says he "believe[s]" based on conversations with unidentified "other market participants," that other unidentified "investors" themselves "believe" that OpenAI "may deny allocations to those who invest in xAI and other competitors of OpenAI." Musk Decl. ¶¶ 3-4. This unattributed hearsay is at least three layers deep. As for Musk's fact-free and conclusory assertion that he is "deeply concerned" about "OpenAI and Microsoft's obvious sharing of competitively sensitive information," that is likewise rooted in pure speculation, rather than personal knowledge, and lacks any foundation. *See* Musk Decl. ¶ 9.

The "evidence" Plaintiffs seek to offer through these declarants is thus fatally defective, and certainly cannot form a basis for the extraordinary relief sought.

### III. If the Court is inclined to consider any of Plaintiffs' newly-submitted declarations, the OpenAI Defendants should be permitted to respond

In the alternative—and only to the extent the Court finds it appropriate to consider Plaintiffs' new declarations—the OpenAI Defendants request leave to file a brief surreply (not to exceed five pages) to respond to the newly-filed declarations. *See Dutta*, 895 F.3d at 1171 ("[Civil Local] Rule 7-3(d) provides the aggrieved party with the opportunity to object to the district court's consideration of the newly submitted evidence or to request leave to file a sur-reply opposition to it."); *Provenz* v. *Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the non-movant an opportunity to respond." (cleaned up)); *Balsam Brands Inc.* v. *Cinmar, LLC*, 2015 WL 7015417, at *4 (N.D. Cal. Nov. 12, 2015) (untimely evidence could "only [be] properly considered" if the non-movant was "given an opportunity to respond"). The surreply will explain why the declarations, even if considered, do not support injunctive relief on any of Plaintiffs' claims.

| | |
|---|---|
| Date: January 3, 2025 | MORRISON & FOERSTER LLP<br><br>*/s/ Jordan Eth*<br>JORDAN ETH (CA SBN 121617)<br>JEth@mofo.com<br>DAVID J. WIENER (CA SBN 291659)<br>DWiener@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>Telephone:   (415) 268-7000<br>Facsimile:    (415) 268-7522<br><br>WILLIAM SAVITT (admitted *pro hac vice*)<br>WDSavitt@wlrk.com<br>SARAH K. EDDY (admitted *pro hac vice*)<br>SKEddy@wlrk.com<br>NATHANIEL CULLERTON (admitted *pro hac vice*)<br>NDCullerton@wlrk.com<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone:   (212) 403-1000<br>Facsimile:    (212) 403-2000<br><br>*Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC* |