Marc Toberoff (S.B. #188547)
mtoberoff@toberoffandassociates.com
Jaymie Parkkinen (S.B. #318394)
jparkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiffs Elon Musk,
Shivon Zilis, and X.AI Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELON MUSK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL ALTMAN, et al.,<br><br>Defendants. | Case No. 4:24-cv-04722-YGR<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY**<br><br>Date:   January 14, 2025<br>Time:   2:00 p.m.<br>Place:  Courtroom 1 (4th Fl.)<br>            1301 Clay St.<br>            Oakland, CA 94612 |

## I. INTRODUCTION

Defendants' L.R. 7-3(d)(1) Objections, Dkt. Nos. 83 and 84 (collectively, "Objections"), should be overruled for two independent reasons: *First*, Plaintiffs' Motion for a Preliminary Injunction ("Motion") established their prima facie case for injunctive relief. The Reply merely provides evidence that directly rebuts arguments raised in Defendants' Oppositions that Plaintiffs could not have anticipated at the time they filed the Motion. For example, Plaintiffs could not have known that Hoffman would (falsely) swear he has no operational involvement with AI at Microsoft, or that Microsoft and OpenAI would try to obfuscate their well-known Fund No Competitors edict with carefully crafted declarations. *Second*, the Objections fail to establish that the challenged declarations are inadmissible for the purposes offered, particularly in light of the relaxed evidentiary standard applicable to a motion for a preliminary injunction.

## II. ARGUMENT

### A. Rebuttal Evidence Is Permitted on Reply.

There is no prohibition on the submission of rebuttal evidence with a reply. Just the opposite; a "reply to an opposition may include affidavits or declarations, as well as a supplemental brief or memorandum." L.R. 7-3(c); *Applied Materials, Inc. v. Demaray LLC*, No. 2020 WL 7642869, at *1 n.1 (N.D. Cal. Dec. 23, 2020) (exercising discretion to consider "new evidence presented on reply" because it "appears to be a reasonable response to the opposition"). This is consistent with the general rule that "rebuttal evidence is [permitted] to contradict, impeach or defuse the impact of the evidence offered by an adverse party" even if it may be otherwise inadmissible. *Huawei Techs., Co., Ltd. v. Samsung Elec. Co., Ltd*., 340 F. Supp. 3d 934, 996 (N.D. Cal. 2018); *U.S. v. Mendoza-Prado*, 314 F.3d 1099, 1105 (9th Cir. 2022) (explaining a party may "introduce otherwise inadmissible evidence when the defendant 'opens the door' by introducing potentially misleading testimony" at trial) (internal quotations omitted).[1]

---

[1] To argue to the contrary, Defendants selectively quote from numerous decisions, including *Dutta v. State Farm Mut. Auto. Ins. Co*., 895 F.3d 1166 (9th Cir. 2018), where the court acknowledged the "potential inequities" from new matter, but made clear that, "[a]t the same time, the fact that a ground to object to that new matter is available does not command that the objection be sustained." *Id.* at 1171-72. Indeed, here they should be overruled.

Plaintiffs' Reply papers and supporting declarations directly rebut arguments and evidence raised in Defendants' Opposition briefing, and, as such, constitute proper reply material, not improper "new" evidence or argument. *S.E.C. v. Priv. Equity Mgmt. Grp., Inc.*, 2009 WL 2488044, at *8 (C.D. Cal. Aug. 10, 2009); *see also Living on the Edge, LLC v. Lee*, 2015 WL 12661917, at *3 (C.D. Cal. Aug. 25, 2015) ("[T]he Court has examined the challenged exhibits and how they are used in the Reply, and concludes that they do not constitute new evidence. Rather, they rebut arguments raised by Plaintiff in its opposition to Defendants' Motion for Summary Judgment. Consequently, these objections are overruled.").

Plaintiffs' Reply and the accompanying evidence are exactly the type of rebuttal evidence routinely permitted. For example, Defendants argued Hoffman had no operational involvement with AI at Microsoft, MSoft Opp. at 6-7; Hoffman Decl. ¶ 3; Plaintiffs showed that indeed he did and was in a position to exploit his access to sensitive information to enable potentially harmful anticompetitive coordination between OpenAI and Microsoft, Reply at 11-12; Exs. 24-27; Musk Decl. ¶¶ 9-10. Defendants argued that the futility of Plaintiffs' demands on OpenAI's closely-controlled board of directors was insufficient to support Zilis' derivative standing as a member, OAI Opp. at 22-23; thus, Plaintiffs in reply further elaborated on Zilis' efforts to challenge specific self-dealing transactions but explained that Altman's influence over OpenAI's board made further protests futile, Reply at 20-21; Zilis Decl. ¶¶ 2-3, 5. Defendants raised a safe-harbor defense against Section 8's prohibition of interlocking directorates, OAI Opp. at 15-17; MSoft Opp. at 15-17; Klobuchar Decl. ¶¶ 4-7; Arenas Decl. ¶ 10; Hoffman Decl. ¶ 5; Templeton Decl. ¶¶ 2-3, 10, 16; Plaintiffs showed the safe-harbor defenses do not apply to Hoffman or Microsoft (via Templeton), Reply at 14-15; Exs.[2] 30-32, 44, 46, 48. Defendants erroneously argued that Plaintiffs' Motion is moot because Hoffman and Templeton stepped down as directors on OpenAI's board, OAI Opp. at 13-14; MSoft Opp. at 15, 18; Hoffman Decl. ¶ 5; Templeton Decl. ¶ 15; in reply, Plaintiffs showed an injunction is not moot because OpenAI has permitted numerous board interlocks, has or enforces no policy against them, and Hoffman and Templeton

---

[2] Citations of "Ex." Are to the December 27, 2024 Toberoff Declaration.

have not foresworn interlocking service in the future, Reply at 10, 17; Exs. 33-38.[3] Defendants argued their Fund No Competitors edict was not in any written documents, which Plaintiffs never claimed, OAI Opp. at 12; Wu Decl. ¶¶ 5-8; MSoft Opp. at 11-13; Wetter Decl. ¶¶ 6-10; Plaintiffs showed in fact Altman issued the edict verbally, Reply at 1, 6-7; Musk Decl. ¶¶ 3-5; Birchall Decl. ¶¶ 3-5; Gracias Decl. ¶¶ 3-4; Baker Decl. ¶¶ 3-4. Plaintiffs submitted this rebuttal evidence to assist the Court in making a determination on the merits, and indeed, the quantum of evidence supporting Plaintiffs' Motion has only continued to grow. Each exhibit and declaration confirms this.

The very cases Defendants cite show the relief sought by Defendants is also improper. In *Provenz v. Miller,* 102 F.3d 1478 (9th Cir. 1996), the Ninth Circuit did not strike even legitimately "new" evidence submitted in reply; it merely held that it would be improper to consider such new evidence without allowing the opposing party to respond. If the Court agrees with Defendants that Plaintiffs presented "new" evidence in Reply (an assessment Plaintiffs dispute), the proper remedy would not be to strike Plaintiffs' reply papers, but instead to allow Defendants the opportunity to respond to it—as they already have, with their Objections.[4] *See Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018). Despite their omission of *Provenz*'s key holding, Defendants alternatively seek leave to file a reply to Plaintiffs' additional evidence, limited to five pages. Plaintiffs have no objection to this (even though, as noted, they have already responded) *provided* Defendants raises no new arguments, such as attempting to revive their waived Section 8 safe-harbor defense, which they failed to prove in their Oppositions despite all relevant evidence being in their possession.

**B.    Hearsay is Properly Considered in Ruling on Preliminary Injunctions.**

A motion for preliminary injunction is "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Texas*

---

[3] Exhibits 33-38 are referenced explicitly in Plaintiffs' Reply, though citation thereto was inadvertently omitted, as explained below.

[4] The minor delay in the filing of Musk's declaration caused no prejudice to Defendants. Defendants have had a full opportunity to respond through their present Objections and may address any substantive concerns in their proposed sur-reply.

1  *v. Camenisch*, 451 U.S. 390, 395 (1981).[5] The relaxed evidentiary standard on a motion for a
2  preliminary injunction is further supported by the fact that a court may well consider evidence
3  that would be inadmissible at trial. *See, e.g., Fellowship of Christian Athletes v. San Jose Unif.*
4  *Sch. Dist.*, 82 F.4th 664, 682 (9th Cir. 2023) ("Legally, that the declarations are hearsay is
5  irrelevant because a court may exercise its discretion to accept hearsay and make inferences in
6  ruling on a preliminary injunction." (citing *Rep. of the Philippines v. Marcos*, 862 F.2d 1355,
7  1363 (9th Cir. 1988) (en banc))).[6] This very proposition is recognized in the cases Defendants
8  cite. *See, e.g.*, *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

9      Defendants' argument that statements made on information and belief must be disregarded
10 is also without merit. "[T]he Court has wide discretion to consider sworn testimony made on
11 information and belief when evaluating a motion for preliminary injunction." *Language Line*
12 *Servs., Inc. v. Language Servs. Assocs., LLC*, 2010 WL 2764714, at *4 n.5 (N.D. Cal. July 13,
13 2010) (citations omitted). "[S]uch issues . . . properly go to weight rather than admissibility."
14 *Disney Enters. v. VidAngel, Inc.*, 224 F. Supp. 3d 957, 966 (C.D. Cal. 2016)).

15     Defendants' argument to strike Plaintiffs' rebuttal evidence submitted with their Reply[7]
16 fundamentally misunderstands the nature and purpose of preliminary injunction proceedings.
17 Such motions are filed because urgent relief is needed, and they are routinely decided, as here,
18 before parties have the benefit of any discovery. A rule requiring parties to discover and submit
19 all relevant evidence before filing would defeat the very purpose of preliminary relief, as it would

---

[5] *See also, e.g., Coffman v. UPS Supply Chain Sols., Inc.,* 2024 WL 36174, at *3 n.4 (E.D. Cal. Jan. 3, 2024) ("Federal courts commonly consider affidavits and other similar evidence when deciding whether to grant preliminary [] relief, even if that evidence does not comply strictly with the Federal Rules of Evidence.") (citations omitted).

[6] *Indep. Techs., LLC v. Otodata Wireless Network, Inc.*, 836 F. App'x 531, 533 n.3 (9th Cir. 2020) ("Although the emails demonstrating this use constitute hearsay, '[a] district court may . . . consider hearsay in deciding whether to issue a preliminary injunction.'") (quoting *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009)); *Coffman v. Queen of Valley Med. Ctr.*, 895 F.3d 717, 729 (9th Cir. 2018).

[7] Defendants are simply wrong that Exhibits 33-38 are nowhere in Plaintiffs' Reply, as these materials documenting Hoffman's rapacious involvement in AI companies are explicitly referenced and discussed at page 17 of the Reply, though their pin citation was inadvertently omitted due to scrivener's error.

force parties to choose between delaying their request for emergency relief until after belabored investigation and discovery or risk the exclusion of relevant evidence diligently uncovered in the compressed timeline of preliminary proceedings. The relaxed evidentiary standards at the preliminary injunction stage recognize both the urgency of such relief and the practical impossibility of complying with all evidentiary formalities before discovery. That Plaintiffs have continued to gather additional supporting evidence through ongoing investigation, particularly evidence that directly rebuts the arguments raised in Defendants' Oppositions, should not bar its consideration.

## III. CONCLUSION

For the foregoing reasons, Defendants' Objections should be overruled in their entirety. The evidence submitted with Plaintiffs' Reply is proper rebuttal evidence that directly responds to Defendants' arguments and declarations first raised in their Oppositions. Even if the Court were to find any of the challenged evidence to be "new," the appropriate remedy would be to permit Defendants a limited response to such evidence rather than to strike critical evidence. Given the well-established relaxed evidentiary standards governing preliminary injunction proceedings, Defendants' technical objections regarding hearsay and statements made on information and belief are misplaced and do not undermine the admissibility of Plaintiffs' rebuttal evidence. Plaintiffs respectfully request that the Court overrule Defendants' Objections and consider the complete record in evaluating Plaintiffs' Motion for Preliminary Injunction.

DATED: January 10, 2025

Respectfully Submitted,

TOBEROFF & ASSOCIATES, P.C.

 /s/ Marc Toberoff
Marc Toberoff

*Attorneys for Plaintiffs Elon Musk, Shivon Zilis, and X.AI Corp.*

5

Case No. 24-cv-04722-YGR
Pls.' Resp. to Defs.' Objections