1  ROB BONTA
2  Attorney General of California
   ELIZABETH S. KIM
3  Senior Assistant Attorney General
   CAITLIN W. NOBLE
4  Supervising Deputy Attorney General
   ANNA NGUYEN
5  Deputy Attorney General
   State Bar No. 335873
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 510-3457
    Fax:  (415) 703-5480
8   E-mail:  Anna.Nguyen@doj.ca.gov
   *Attorneys for Rob Bonta, in his official capacity as*
9  *Attorney General of California*

10                 IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

|  |  |
|---|---|
| 14 | |
| 15 ELON MUSK, individually and derivatively on behalf of OpenAI, Inc.; SHIVON ZILIS, derivatively on behalf of OpenAI, Inc.; and X.AI CORP., a Nevada benefit corporation, | 4:24-cv-04722-YGR |
| 17 | |
| | Plaintiffs, | **DEFENDANT (INVOLUNTARY PLAINTIFF) ATTORNEY GENERAL OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| 18 | |
| 19 v. | |
| 20 SAMUEL ALTMAN, an individual; GREGORY BROCKMAN, an individual; OPENAI, INC., a Delaware corporation; OPENAI, L.P., a Delaware limited partnership; OPENAI, L.L.C., a Delaware limited liability company; OPENAI GP, L.L.C., a Delaware limited liability company; OPENAI OPCO, LLC, a Delaware limited liability company; OPENAI GLOBAL, LLC, a Delaware limited liability company; OAI CORPORATION, a Delaware corporation; OPENAI HOLDINGS, LLC, a Delaware limited liability company; OPENAI STARTUP | F.R.C.P. 12(b)(1), 12(b)(6) |
| 21 | |
| 22 | Date:     May 28, 2025<br>Time:     10:00 AM<br>Judge:   The Honorable Yvonne Gonzales Rogers<br>Action Filed: August 5, 2024 |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

FUND MANAGEMENT, LLC, a Delaware limited liability company; OPENAI STARTUP FUND GP I, L.L.C., a limited liability company; OPENAI STARTUP FUND I, L.P. a Delaware limited partnership; OPENAI STARTUP FUND SPV GP I, L.L.C., a Delaware limited liability company; OPENAI STARTUP FUND SPV GP II, L.L.C., a Delaware limited liability company; OPENAI STARTUP FUND SPV GP III, L.L.C., a Delaware limited liability company; OPENAI STARTUP FUND SPV GP IV, L.L.C., a Delaware limited liability company; OPENAI STARTUP FUND SPV I, L.P., a Delaware limited partnership; OPENAI STARTUP FUND SPV II, L.P., a Delaware limited partnership; OPENAI STARTUP FUND SPV III, L.P., a Delaware limited partnership; OPENAI STARTUP FUND SPV IV, L.P., a Delaware limited partnership; AESTAS MANAGEMENT COMPANY, LLC, a Delaware limited liability company; AESTAS, LLC, a Delaware limited liability company; DEANNAH TEMPLETON, an individual; REID HOFFMAN, an individual; MICROSOFT CORP., a Washington corporation; ROB BONTA, in his official capacity as Attorney General of California; and DOES 1-100,

                              Defendants.

PLEASE TAKE NOTICE that on May 28, 2025, at 10:00 AM, or soon thereafter as the matter may be heard before the Honorable Yvonne Gonzales Rogers at the Oakland Courthouse, located at 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, California 94612, Defendant (Involuntary Plaintiff) Rob Bonta, in his official capacity as Attorney General of California ("Attorney General") will and hereby moves for an order dismissing him, with prejudice, from the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

1  This motion to dismiss is made on the grounds that (1) the Attorney General is immune from suit
2  under the Eleventh Amendment; and (2) Plaintiffs fail to state a claim against the Attorney
3  General upon which relief can be granted.
4      This motion is based on this Notice and the accompanying Memorandum of Points and
5  Authorities as well as the pleadings and papers on file in this action, and upon such matters as
6  may be presented to the Court at the time of the hearing.

Dated: January 31, 2025                                Respectfully submitted,

                                                                           ROB BONTA
                                                                          Attorney General of California
                                                                          CAITLIN W. NOBLE
                                                                          Supervising Deputy Attorney General


                                                                          */s/ Anna Nguyen*
                                                                          ANNA NGUYEN
                                                                          Deputy Attorney General
                                                                          *Attorneys for Defendant (Involuntary Plaintiff) Rob Bonta, in his official capacity, as the Attorney General of California*

**TABLE OF CONTENTS**

Page

STATEMENT OF ISSUES TO BE DECIDED ................................................................................ 1
INTRODUCTION ........................................................................................................................... 1
FACTUAL AND PROCEDURAL HISTORY ............................................................................... 1
      ARGUMENT ...................................................................................................................... 2
    I.     LEGAL STANDARDS ...................................................................................................... 2
          A.     Rule 12(b)(1) of the Federal Rules of Civil Procedure ............................... 2
          B.     Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................... 2
    II.    LEGAL ARGUMENT ....................................................................................................... 3
          A.     This Court Lacks Jurisdiction Because the Attorney General of California Is Immune from Suit in Federal Court. ....................................... 3
          B.     The California Corporations Code Does Not Confer Federal Jurisdiction ................................................................................................... 4
          C.     Count XXIII Fails to State a Claim for Relief Against the Attorney General Under California's Nonprofit Corporation Law ............................ 4
CONCLUSION ................................................................................................................................ 5

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adams v. Johnson*
  355 F.3d 1179 (9th Cir. 2004) .................................................................................................. 5

*Balistreri v. Pacifica Police Dep't*
  901 F.2d 696 (9th Cir. 1990) .................................................................................................... 2

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) .................................................................................................................. 2

*Cervantes v. Countrywide Home Loans, Inc.*
  656 F.3d 1034 (9th Cir. 2011) .................................................................................................. 5

*Chandler v. State Farm Mut. Auto. Ins. Co.*
  598 F.3d 1115 (9th Cir. 2010) .................................................................................................. 2

*Deanco Healthcare, LLC v. Becerra*
  365 F.Supp.3d 1029 (C.D. Cal. 2019) ...................................................................................... 3

*Doe v. United States*
  58 F.3d 494 (9th Cir. 1995) ...................................................................................................... 3

*Edelman v. Jordan*
  415 U.S. 651 (1974) .................................................................................................................. 3

*Erickson v. Pardus*
  551 U.S. 89 (2007) .................................................................................................................... 5

*Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*
  966 F.3d 1316 (Fed. Cir. 2020) ................................................................................................ 4

*Pennhurst State Sch. & Hosp. v. Halderman*
  465 U.S. 89 (1984) .................................................................................................................... 3

*Jackson v. Carey*
  353 F.3d 750 (9th Cir. 2003) .................................................................................................... 3

*Knievel v. ESPN*
  393 F.3d 1068 (9th Cir. 2005) .................................................................................................. 5

*Moss v. U.S. Secret Service*
  572 F.3d 962 (9th Cir. 2009) .................................................................................................... 5

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) .................................................................................................... 2

# **TABLE OF AUTHORITIES**
(continued)

**Page**

*Papasan v. Allain*
    478 U.S. 265 (1986) .............................................................................................................. 3

*Scott v. Pasadena Unified Sch. Dist.*
    306 F.3d 646 (9th Cir. 2002) ................................................................................................. 4

*Steel Co. v. Citizens for a Better Env't*
    523 U.S. 83 (1998) ................................................................................................................ 2

*Watison v. Carter*
    668 F.3d 1108 (9th Cir. 2012) ............................................................................................... 3

*Welch v. State Dep't of Highways & Public Transp.*
    483 U.S. 468 (1987) .............................................................................................................. 3

*Will v. Michigan Dept. of State Police*
    491 U.S. 58 (1989) ................................................................................................................ 3

*Williams v. Facebook, Inc.*
    498 F. Supp. 3d 1189 (N.D. Cal. 2019) ................................................................................ 2

**STATUTES**

California Code of Civil Procedure
    § 382 ...................................................................................................................................... 4

California Corporations Code
    § 5233 ................................................................................................................................ 1, 4
    § 5233(c) ............................................................................................................................... 4

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    Eleventh Amendment ........................................................................................................ 1, 3

**COURT RULES**

Federal Rules of Civil Procedure
    Rule 12(b)(1) ......................................................................................................................... 2
    Rule 12(b)(6) ..................................................................................................................... 2, 5
    Rule 19 .............................................................................................................................. 1, 4
    Rule 19(a)(2) ..................................................................................................................... 3, 4

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Eleventh Amendment doctrine of sovereign immunity bars suits against Defendant (Involuntary Plaintiff), Rob Bonta, in his official capacity as Attorney General of California.

2. Whether Plaintiffs have stated a claim for relief against the Attorney General in the First Amended Complaint.

## INTRODUCTION

The Attorney General seeks an order dismissing him from Plaintiffs' First Amended Complaint for lack of subject matter jurisdiction under the Eleventh Amendment, and for failure to state a claim against the Attorney General.

Plaintiffs' First Amended Complaint named the Attorney General as an involuntary plaintiff, and as a defendant, pursuant to Federal Rules of Civil Procedure 19. The joinder of the Attorney General is improper because, unlike individuals, the Attorney General has sovereign immunity and cannot be coerced into a lawsuit. Because Plaintiffs' claim against the Attorney General cannot be salvaged, the Court should dismiss the Attorney General from the First Amended Complaint with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

On November 14, 2024, Plaintiffs Elon Musk, individually and derivatively on behalf of OpenAI, Inc., Shivon Zilis, derivatively on behalf of OpenAI, Inc., and X.AI Corp. filed their First Amended Complaint (ECF No. 52) in response to a Motion to Dismiss filed by Defendants Samuel Altman, et al. (ECF No. 25). The First Amended Complaint includes a new cause of action, Count XXIII, alleging self-dealing under section 5233 of the California Corporations Code. Count XXIII is the only count in which the Attorney General, in his official capacity as the Attorney General of California, is named, but there is no allegation against the Attorney General.

///
///
///

# ARGUMENT

## I. LEGAL STANDARDS

### A. Rule 12(b)(1) of the Federal Rules of Civil Procedure

Dismissal is appropriate when the Court lacks subject matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-102 (1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) allows a party to raise the defense that the court lacks "jurisdiction over the subject matter" of a claim. It is the plaintiff's burden, the party asserting federal subject matter jurisdiction, to prove jurisdiction at the time the action is commenced. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010); *Williams v. Facebook, Inc.*, 498 F. Supp. 3d 1189, 1194 (N.D. Cal. 2019).

### B. Rule 12(b)(6) of the Federal Rules of Civil Procedure

A court should grant a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). But dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged to support that theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Dismissal without leave to amend is appropriate when deficiencies in the complaint could not possibly be cured by amendment. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *see also Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (dismissal without leave to amend is appropriate if the district court "determines that the pleading could not possibly be cured by the allegation of other facts," quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

///

///

## II.   LEGAL ARGUMENT

### A. This Court Lacks Jurisdiction Because the Attorney General of California Is Immune from Suit in Federal Court.

The Eleventh Amendment prohibits suit against a state or its instrumentalities for legal or equitable relief, in the absence of consent or waiver by the state or an abrogation of that immunity by Congress. *Papasan v. Allain*, 478 U.S. 265, 276–77 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "A State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued." *Welch v. State Dep't of Highways & Public Transp.*, 483 U.S. 468, 473 (1987). That immunity extends to state officials when "the state is the real, substantial party in interest," such as, for example, when the damages sought would be paid by the state. *Pennhurst*, 465 U.S. at 101 & n.11; *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (lawsuit by a private party "seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.")

The Office of the Attorney General is undoubtedly an arm of the state entitled to immunity in federal court. *Deanco Healthcare, LLC v. Becerra*, 365 F.Supp.3d 1029, 1036 (C.D. Cal. 2019). Plaintiffs' claim against Defendant Rob Bonta in his official capacity as "Attorney General of California," is against the Attorney General's Office, and thus is no different from suing the state itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiffs named the Attorney General as a defendant, which they believe to be "consistent with Fed. R. Civ. P. 19(a)(2)." (FAC Introduction ¶ n.2). But Plaintiffs have not alleged that the Attorney General has waived sovereign immunity and consented to be sued in federal court. Indeed, Plaintiffs agree that there was no such consent. *Id.* In the absence of a state voluntarily availing itself of federal court jurisdiction, or an express waiver of sovereign immunity, Rule 19 must yield to the state's assertion of sovereign immunity. *Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*, 966 F.3d 1316, 1324 (Fed. Cir. 2020). Accordingly, Plaintiffs' attempt to join the Attorney General in any capacity—whether characterized as an Involuntary Plaintiff or Defendant under Rule 19—fails.

When a federal claim is dismissed for lack of subject matter jurisdiction, the court has no discretion to retain supplemental jurisdiction over the plaintiff's state law claims. *Scott v.*

*Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002). Thus, the Attorney General may not be named as an involuntary plaintiff under California Corporations Code section 5233 by exercising supplemental jurisdiction and must be dismissed with prejudice from the First Amended Complaint. *Id*.

### B. The California Corporations Code Does Not Confer Federal Jurisdiction

California Corporations Code section 5233(c) states in relevant part that the "Attorney General or, if the Attorney General is joined as an indispensable party, any of the following may bring an action **in the superior court of the proper county** for the remedies specified in subdivision (h)." Cal. Corp. Code, § 5233 (c) (emphasis added). Finding no procedure for naming indispensable parties in federal courts, Plaintiffs instead invoked Federal Rule of Civil Procedure 19(a)(2) and section 382 of the California Code of Civil Procedure as authority for naming the Attorney General as an Involuntary Plaintiff and for seeking relief against the Attorney General. (FAC ¶¶ 459-460). However, neither statute confers subject matter jurisdiction over the Attorney General as an indispensable party in federal district court, or provides an exception to the doctrine of sovereign immunity. Thus, the Attorney General must be dismissed with prejudice from the First Amended Complaint

### C. Count XXIII Fails to State a Claim for Relief Against the Attorney General Under California's Nonprofit Corporation Law.

A motion to dismiss is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff has failed to state a claim upon which relief may be granted. In considering a motion to dismiss under Rule 12(b)(6), the court must accept all material facts alleged in complaint as true and construe them in the light most favorable to the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). But the court need not accept conclusory allegations and unwarranted inferences. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citation omitted). And "[d]ismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

///

Plaintiffs Musk and Zilis summarily allege that joining the Attorney General in Count XXIII, and in the prayer for relief, confers standing. (FAC ¶¶ 459-460). But critically, Plaintiffs do not allege fault or wrongdoing by the Attorney General. Given Plaintiffs' failure to state a claim for relief, the Attorney General must be dismissed from the First Amended Complaint. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.")

## CONCLUSION

For the foregoing reasons, the Attorney General respectfully requests that the Court grant this motion to dismiss the Attorney General from the First Amended Complaint, with prejudice.

Dated: January 31, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
CAITLIN W. NOBLE
Supervising Deputy Attorney General


*/s/ Anna Nguyen*
ANNA NGUYEN
Deputy Attorney General
*Attorneys for Rob Bonta, in his official capacity, as Attorney General of California*

SF2024402680

# CERTIFICATE OF SERVICE

Case Name:   **Musk et al. v. Altman et al.**      No.   **4:24-cv-04722-YGR**

I hereby certify that on January 31, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT (INVOLUNTARY PLAINTIFF) ATTORNEY GENERAL OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on January 31, 2025, at San Francisco, California.

|  |  |
|---|---|
| R. Caoile | /s/ R. Caoile |
| Declarant | Signature |

SF2024402680
44492814.docx