Marc Toberoff (S.B. #188547)
mtoberoff@toberoffandassociates.com
Jaymie Parkkinen (S.B. #318394)
jparkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiffs Elon Musk,
Shivon Zilis, and X.AI Corp.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN, et al., <br><br> Defendants. | Case No. 4:24-cv-04722-YGR <br><br> Assigned to Hon. Yvonne Gonzalez Rogers <br><br> **PLAINTIFFS' OPPOSITION TO REQUEST FOR LEAVE TO FILE SUPPLEMENTAL MATERIAL IN SUPPORT OF OPENAI DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

Plaintiffs submit this Opposition to OpenAI Defendants' Request to File Supplemental Material. Dkt. 116. Plaintiffs' letter of intent to purchase OpenAI, Inc.'s assets[1] is entirely irrelevant to their pending Motion for a Preliminary Injunction. The OpenAI Defendants' Request introduces the letter to distract from the core issues before this Court.

Plaintiffs' Motion seeks to enjoin Sam Altman and OpenAI from breaching the terms of Musk's donations and OpenAI's charitable trust through repeated self-dealing, putting profits over safety, transferring its technology and keeping it closed source, concentrating AI's power in the hands of Microsoft, and operating a *de facto* for-profit entity without required regulatory approvals. *See* Dkt. 73 at 19-20 ("Absent such approval, the Court should enjoin OpenAI from further violating its obligations and abandoning its mission as a safety-first charitable organization."). Whether Musk or any other party might purchase OpenAI, Inc.'s assets following regulatory approval of the "conversion" OpenAI itself initiated is immaterial to whether it is *currently* violating its charitable obligations. The purchase offer would become relevant only after—and if—(1) this Court denies Plaintiffs' Motion, (2) OpenAI proceeds with its conversion, and (3) OpenAI obtains approvals from the IRS and California and Delaware Attorneys General.[2]

Should these hurdles be met and the charity's assets proceed to sale, a Musk-led consortium has submitted a serious offer of $97.375 billion—money that would go to the charity in furtherance of its mission. Yet, Altman, who plans to have significant equity in the corporation presently planned to result from OpenAI's "conversion," rejected the offer unilaterally, on behalf of the Board, before the Board had even seen the proposal. Ex. 1 at 1. These further breaches of fiduciary duty to the charity illustrate Altman's continuing adverse domination of the Board.

If OpenAI, Inc.'s Board is prepared to preserve the charity's mission and stipulate to take the "for sale" sign off its assets by halting its conversion, Musk will withdraw the bid. Otherwise, the charity must be compensated by what an arms-length buyer will pay for its assets.

---

[1] After Altman/OpenAI, Inc.'s prior breaches of charitable trust by transferring its intellectual property and employees, OpenAI, Inc.'s assets—that Defendants now seek to "convert"—consist almost entirely of its majority ownership and control over the OpenAI For-Profit Entities.

[2] Even with regulatory approval, Altman and OpenAI are still liable to Musk for their broken promises, and Defendants are still liable to OpenAI for all past breaches of charitable trust.

| | | |
|---|---|---|
| 1 | DATED: February 12, 2025 | Respectfully Submitted, |
| 2 | | TOBEROFF & ASSOCIATES, P.C. |
| 3 | | */s/ Marc Toberoff* |
| 4 | | Marc Toberoff |
| 5 | | *Attorneys for Plaintiffs Elon Musk, Shivon Zilis, and X.AI Corp.* |