JORDAN ETH (CA SBN 121617)
JEth@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (*pro hac vice* forthcoming)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,*
*OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
*OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
*OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
*OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
*OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
*OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
*OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
*OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
*Aestas Management Company, LLC, and Aestas LLC*
(Additional counsel listed on the next page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| SAMUEL ALTMAN, et al., | **Date: April 4, 2025** |
| Defendants. | **Time: 2:00 p.m.** |
| | **Courtroom: 1 – 4th Floor** |
| | Judge: The Hon. Yvonne Gonzalez Rogers |
| | Trial Date: None Set |

MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
JAYMIE PARKKINEN (CA SBN 318394)
JParkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

*Attorneys for Plaintiffs Elon Musk, Shivon Zilis, and X.AI Corp.*

RUSSELL P. COHEN (SBN 213105)
Russ.Cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.Ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500

NISHA PATEL (SBN 281628)
Nisha.PatelGupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700

ANDREW J. LEVANDER (admitted *pro hac vice*)
Andrew.Levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue Of The Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JOHN (JAY) JURATA (admitted *pro hac vice*)
Jay.Jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendants Microsoft Corporation, Reid Hoffman, and Deannah Templeton*

Pursuant to the Court's Order Denying Motion for a Preliminary Injunction (the "Order") (ECF No. 121), Plaintiffs Elon Musk, Shivon Zilis, and X.AI Corp. (collectively, "Plaintiffs"); Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC (collectively, the "OpenAI Defendants"); and Defendants Reid Hoffman, Deannah Templeton, and Microsoft Corporation (collectively, the "Microsoft Defendants"; together with the OpenAI Defendants, "Defendants"; and together with both Plaintiffs and the OpenAI Defendants, the "Parties") have conferred and submit the following joint statement in advance of the case management conference.

**Scope of Expedited Proceedings**

The Parties understand this Court's Order to have dismissed the following claims asserted in Plaintiffs' First Amended Complaint (the "FAC"): Count 16 (Section 8 of the Clayton Act, 15 U.S.C. § 19)[1] and Count 23 (Plaintiffs' self-dealing claim).[2]  The Parties also understand the Court

---

[1] Defendants' position is that Count 16 has been dismissed in its entirety, in light of the Court's order finding "plaintiffs without standing to bring this claim," granting "the pending motion to dismiss Count XVI of the FAC," and noting that "[f]urther briefing on this topic is not necessary." *See* Order at 11 n.8.  Microsoft notes that the Court dismissed Count 16, and Count 17 (UCL) to the extent predicated on Count 16, that these were the only Counts that named Hoffman and Templeton as Defendants, and submits that it is the only remaining Microsoft Defendant. Plaintiffs' position is that, because the Court's dismissal of Count 16 was on current mootness grounds in connection with a forward-looking motion for preliminary injunction, Plaintiffs' requests for retrospective relief under Count 16 and both retrospective and prospective relief under the different legal standards for their UCL claim in Count 17, *see* Dkt. 87 at 7-10, could not have been dismissed.

[2] The OpenAI Defendants' position is that the Court's reasoning as to Count 23 also mandates dismissal of Plaintiffs' other derivative claims (Counts 22 and 24, for Breach of Fiduciary Duty and Aiding and Abetting Breach of Fiduciary Duty to OpenAI, Inc.). As the Court

---

1

to have dismissed for lack of standing Count 9 with respect to Plaintiff Musk. Order at 6 n.3. The

Parties further understand the Court to have denied the OpenAI Defendants' motion to dismiss

Count 20 of the FAC (Breach of Charitable Trust). Order at 15 n.11.

### A. The OpenAI Defendants' Position

The OpenAI Defendants' position is that the expedited proceedings contemplated by the

Court's Order should be limited to: (i) Count 20; (ii) any of Counts 1-8, 19, 21-22, and 24-26 that

remain following the Court's disposition of Defendants' pending motions to dismiss; and (iii) any

counterclaims that share a common nucleus of operative facts with the claims described in (i) or

(ii) (collectively claims (i)-(iii) the "Subject Claims"), subject in all cases to disposition of any

future motion(s) for summary judgment.

The OpenAI Defendants submit that each of Counts 1-8, 19, 21-22, and 24-26—alleging

breach of contract, fraud, false advertising under California law, breach of fiduciary duty, and civil

violations of the Racketeer Influenced and Corrupt Organizations Act—share a common nucleus

of operative facts with Plaintiff Musk's breach of charitable trust claim.  Like Count 20, these

claims concern the circumstances of Musk's donations to OpenAI, Inc. and the OpenAI

Defendants' alleged breach of purported commitments to Musk in connection with those

donations.  Accordingly, these claims implicate common questions of fact and law, and should, to

the extent they survive Defendants' pending motions to dismiss and any summary judgment

motion, be tried together with Count 20.  This approach not only would promote efficiency and

judicial economy, but also would avoid unwarranted prejudice to the OpenAI Defendants in the

form of exposure to serial proceedings and repetitive overlapping discovery on claims grounded in

common facts.  (Plaintiffs' antitrust claims stand on a different footing, because they center not on

explained, "[d]espite expending considerable paper explaining why the requirements of [Cal.
Corp. Code §] 5710"—which governs all of Plaintiffs' putative derivative claims—"are met,
Musk and Zilis are not currently members of OpenAI.  That Musk and Zilis may have been
members at one point is insufficient as a matter of law."  Order at 16.  Plaintiffs' position is that
these equitable claims (Counts 22 and 24, for Breach of Fiduciary Duty and Aiding and Abetting
Breach of Fiduciary Duty to OpenAI, Inc.), created by the common law rather than statute, could
not have been dismissed by the Court's standing analysis for Count 23, which was brought under
Cal. Corp. Code § 5233, a specific statute with its own, detailed standing requirements.

Musk's donations but instead on allegations that Defendants have entered into investment agreements, exclusivity arrangements, and pricing decisions that purportedly hinder competition in the generative AI industry.  Accordingly, were any such claims to survive the pending motions to dismiss, including them within the scope of the contemplated expedited proceedings would add complexity and burden not justified by efficiency.)

As to summary judgment, it would be premature to decide now whether Plaintiffs have demonstrated a genuine dispute of material fact on any of their Subject Claims.  No discovery has been taken, and the OpenAI Defendants are not prepared to waive summary judgment at this time.

**B.  Microsoft's Position**

Microsoft takes no position on whether the scope of the expedited proceedings contemplated by the Court's Order extends beyond Count 20 (Breach of Charitable Trust).  Microsoft, however, has moved to dismiss all the claims against it and the Court's Order did not determine that any of those claims could go forward.  To the extent any claims against Microsoft are incorporated into an expedited proceeding, it would add even more complexity to an already compressed schedule.

But even if the proceedings include only Counts brought against the OpenAI Defendants, they would still implicate Microsoft's interests in at least two important ways: (1) any potential remedy would impact Microsoft, its developers, and/or its customers, as previewed in Microsoft's Opposition to Plaintiffs' P.I. Motion (ECF No. 65); and (2) discovery and any factual or legal decision related to the in-scope Count(s) could bear on Microsoft's alleged liability or defenses on any stayed Microsoft Counts.  For these reasons, even if Microsoft is not a defendant in any of the expedited Counts, it seeks procedural rights necessary to protect its interests, including the right to participate in limited discovery, submit limited briefing, cross examine witnesses on a limited basis, and present limited evidence at trial, as appropriate.

**C. Plaintiffs' Position**

Plaintiffs' position is that the expedited trial contemplated by the Court's Order should be limited to: (i) Count 20 (Breach of Charitable Trust) and (ii) Counts 1-4 (Breach of Express Contract, Breach of Implied-in-Fact Contract, Breach of Implied Covenant of Good Faith and Fair

1    Dealing, and Breach of Quasi-Contract/Unjust Enrichment) and (iii) any counterclaims that

2    closely share a common nucleus of operative facts with the claims described in (i) or (ii)

3    (collectively claims (i)-(iii) the "Subject Claims").

4           Plaintiffs submit that the Court's Order was expressly limited to the breach of charitable

5    trust and contractual claims, while contemplating an immediate stay as to all other causes of

6    action. Given the demands expedited proceedings will place on the Court and the parties, Plaintiffs

7    submit that this is most efficient.[3] The mere fact other claims have factual overlap with the "core

8    claims driving this litigation" presents no reason to deviate from the Court's plan to "efficient[ly]"

9    address the core claims that are "more urgent in terms of public, not private, considerations."

10   Order at 1. The antitrust claims also have considerable factual overlap, given Plaintiffs' allegations

11   that Defendants' abuse of the charitable form for commercial advantage is fundamentally

12   anticompetitive, *see* Order at 14, lns. 18-21, yet Defendants do not seek their inclusion.

13          Plaintiffs submit that sufficient evidence has already been adduced to establish genuine

14   issues of material fact concerning Counts 1-4 and 20, and defer to the Court whether summary

15   judgment is consistent with its goal to expedite trial on the core claims.

16          **Proposed Schedule**

17          The Parties[4] propose the following case schedule for any claims to be tried on an expedited

18   basis:

19
| April 4, 2025 | Case Management Conference |
| --- | --- |
20

21   _____

22          [3] Plaintiffs submit Count 4, which is stated against both the OpenAI Defendants and
     Microsoft, should be part of the expedited trial. If for any reason it is not, Microsoft should not

23   enjoy party status privileges (discovery, briefing, etc.) in proceedings where it faces no judgment
     risk, as this would impede the expedited process and provide Microsoft a free bite at the apple.

24
           [4] Microsoft takes no position on the proposed case schedule but notes that if the expedited
25   proceedings expand to encompass multiple defendants, it will make it harder to try those claims on
     an expedited basis. Microsoft also notes that it is seeking to participate in limited discovery as

26   appropriate, including to protect its interests in any expedited phase remedy.  Plaintiffs agree and
     note that for the same reason providing Microsoft all the benefits but none of the burdens by

27   allowing it discovery on the Subject Claims to which it is not a party, will consume time and
     resources contrary to expedition of the proceedings.

28

4

| April 4, 2025 | Discovery opens |
|---|---|
| April 11, 2025 | OpenAI Defendants to file a partial answer and assert any counterclaims arising from a common nucleus of operative facts with any claims to be tried on an expedited basis[5] |
| April 11, 2025 | Exchange initial disclosures |
| May 5, 2025 | Plaintiffs to plead in response to any counterclaims filed by OpenAI Defendants that qualify as Subject Claims |
| May 6, 2025 | Deadline to exchange requests for written discovery and serve third-party document subpoenas absent good cause shown |
| June 12, 2025 | Substantial completion of all document discovery |
| June 19, 2025 | Start of fact deposition period |
| July 3, 2025 | Close of fact discovery |
| July 3, 2025 | Deadline to identify opening experts |
| July 11, 2025 | Exchange of opening expert reports |
| August 1, 2025 | Exchange of rebuttal expert reports |
| August 11, 2025 | Close of expert discovery |
| August 11, 2025 | Deadline to file any letter requesting pre-filing conference for any motions for summary judgment |
| August 14, 2025 | Deadline for response to any letter requesting pre-filing conference |
| August 20, 2025 | Summary judgment pre-filing conference (if any letter filed) |
| August 27, 2025 | Deadline to file any motions for summary judgment |
| September 17, 2025 | Deadline to file oppositions to any motions for summary judgment |
| September 29, 2025 | Deadline to file replies in support of any motions for summary judgment |
| October 13, 2025 | Hearing on any motions for summary judgment |
| November 6, 2025 | Pre-trial conference statement |

---

[5] The Parties' respective positions on the claims to be answered are discussed below in the "Answer and Motion to Dismiss" section.

| November 6, 2025 | Deadline to file motions *in limine* and, if appropriate, proposed jury instructions |
| November 20, 2025 | Deadline to file oppositions to motions *in limine* |
| November 21, 2025 | Pre-trial conference |
| November 27, 2025 | Deadline to file replies in support of motions *in limine* |
| December 8, 2025 | Trial commences (estimated two weeks) |

## Answer and Motion to Dismiss

Defendants' motions to dismiss remain pending as to all claims other than those the parties understand to have been ruled upon (as discussed above in "Scope of Expedited Proceedings").

### A. OpenAI Defendants' Position

The OpenAI Defendants' position is that they should file an answer to Count 20 of the FAC (Breach of Charitable Trust). The OpenAI Defendants would amend and supplement that answer to address any of Counts 1-8, 19, 21-22, and 24-26 that survive the Court's ruling on their motion to dismiss, and which are included in any expedited proceeding, within 30 days from such ruling.

Any other Counts of the FAC that remain following the Court's disposition of Defendants' pending motions to dismiss would thereafter be stayed for all purposes, including discovery, pending further order of the Court.

### B. Microsoft's Position

Microsoft agrees that Defendants' motions to dismiss remain pending as to all claims other than those the parties understand to have been ruled upon. Microsoft further submits that it would file any answer or counterclaim on any Count that survives the Court's ruling on a dispositive motion *and* which is included in any expedited proceeding within 30 days from such ruling. Any other Counts of the FAC that remain against Microsoft following the Court's disposition of the Microsoft Defendants' pending motion to dismiss would thereafter be stayed for all purposes, including discovery, pending further order of the Court.

6

1    **C. Plaintiffs' Position**

2         Plaintiffs submit that the OpenAI Defendants should file an answer to Counts 1-4 and 20,

3    while motions to dismiss and answers on all other claims should be stayed until after the expedited

4    trial.  Any answer or counterclaim by the Microsoft Defendants as to Count 4, the only claim

5    asserted against the Microsoft Defendants that Plaintiffs believe should be tried on an expedited

6    basis, should be filed at the same time as the OpenAI Defendants' answer. If the Court in its

7    discretion prefers for purposes of efficiency to limit the expedited trial to Plaintiffs and the

8    OpenAI Defendants, Plaintiffs would consent to a stay of all proceedings involving Microsoft.

9    **Discovery**

10         The Parties shall meet and confer promptly regarding a protective order and a discovery

11    plan that addresses, among other appropriate subjects, the form of production of electronically

12    stored information and the form and content of privilege logs.

13         Plaintiffs for the Subject Claims shall collectively be limited to a total of 25

14    Interrogatories, and the OpenAI Defendants shall collectively be limited to a total of 25

15    interrogatories.[6]  Per Federal Rule of Civil Procedure 30(a), depositions shall be limited to no

16    more than 10 per side without leave of the Court or further stipulation of the Parties. Microsoft

17    submits it should have appropriate discovery rights, given its interests, including the right to issue

18    limited interrogatories. Plaintiffs object unless Microsoft actually *is* a Party to the expedited

19    proceeding, in which case it shall collectively be limited to a total of 25 Interrogatories, including

20    Permitted Subparts, and Plaintiffs shall collectively be limited to a total of 25 Interrogatories,

21    including Permitted Subparts.

22         Responses and objections to requests for production or interrogatories shall be due 14

23    calendar days after service of the request.  Document production should commence promptly

24    thereafter, and the parties will make good faith efforts to substantially complete their document

25

---

26    [6] Plaintiffs' position is that each of these 25 Interrogatories should encompass 4 related subparts

27    per interrogatory ("Permitted Subparts").  The OpenAI Defendants' position is that, per Fed. R. Civ. Proc. 33(a)(1), "all discrete subparts" on any interrogatory should be counted toward the

28    maximum of 25.

productions within 37 days following service of the subject requests.  In the event additional responsive documents are found by the responding Party following substantial completion of the Party's document productions, such documents must be produced within 7 days after the date the documents are found. The Parties acknowledge and agree that depositions cannot effectively proceed without prior substantial completion of responsive document production, and as such, no Party shall be compelled to produce witnesses for deposition until the responding party has certified that its document production is substantially complete.  If a Party identifies any discovery deficiencies, the Party shall first raise that dispute in writing and send it by email to all relevant Parties.  Any opposing Party shall use reasonable best efforts to acknowledge receipt of the correspondence and either cure the deficiency or provide a reason why the production was not deficient within 72 hours of receipt of such correspondence.  If the issue is not resolved within five business days of the initial notice of the deficiency, then at the election of the Party identifying the deficiency(ies), the parties shall file a joint discovery letter compliant with the requirements of Paragraph 8(b) of the Court's Standing Order in Civil Cases.

**Matters to be Tried by a Jury**

The Parties agree that a determination as to which issues, if any, will be decided by a jury in connection with the expedited trial contemplated by the Court's Order should be deferred at this time.

**Miscellaneous**

The Parties confirm that they have reviewed the Guidelines for the Discovery of Electronically Stored Information ("ESI Guidelines").

The Parties confirm that they have each filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.  The Parties further confirm that all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  March 14, 2025

TOBEROFF & ASSOCIATES, P.C.

By:    /s/ Marc Toberoff
       Marc Toberoff (CA SBN 188547)

       *Attorneys for Plaintiffs Elon Musk, Shivon Zilis, and X.AI Corp.*

Dated:  March 14, 2025

MORRISON & FOERSTER LLP

By:    /s/ Jordan Eth
       Jordan Eth (CA SBN 121617)

       *Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC*

Dated:  March 14, 2025

DECHERT LLP

By:    /s/ Russell P. Cohen
       Russell P. Cohen (CA SBN 213105)

       *Attorneys for Defendants Microsoft Corporation, Reid Hoffman, and Deannah Templeton*

1

## **<u>SIGNATURE ATTESTATION</u>**

2          I hereby attest that the signatories listed above, on whose behalf this stipulation is

3   submitted, concur in the filing's content and have authorized the filing.

4

5   Dated:  March 14, 2025                              */s/ Jordan Eth*

                                                        Jordan Eth (CA SBN 121617)
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28