1   Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
2   Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandassociates.com*
3   TOBEROFF & ASSOCIATES, P.C.
4   23823 Malibu Road, Suite 50-363
Malibu, CA 90265
5   Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiffs Elon Musk,
Shivon Zilis, and X.AI Corp.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMUEL ALTMAN, et al.,<br><br>        Defendants. | Case No. 4:24-cv-04722-YGR<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS OF DEFENDANT (INVOLUNTARY PLAINTIFF) ATTORNEY GENERAL OF CALIFORNIA**<br><br>Date:     May 28, 2025<br>Time:    10:00 a.m.<br>Place:   Courtroom 1 (4th Fl.)<br>          1301 Clay St.<br>          Oakland, CA 94612 |

# STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Attorney General's joinder as an involuntary plaintiff in the First Amended Complaint is permissible, as it does not implicate sovereign immunity, because Plaintiffs seek no relief from him and California Corporations Code § 5233(c) ("Section 5233") specifically contemplates his joinder by private plaintiffs.

2. Whether the *Ex parte Young* exception applies to further permit the Attorney General's joinder, as the self-dealing claim is closely related to Plaintiffs' federal claims and his presence is necessary for complete adjudication.

3. Whether federal courts have jurisdiction over state law claims requiring joinder of the Attorney General where (i) federal jurisdiction over the action is properly founded on federal statutes, (ii) supplemental jurisdiction exists over related state law claims under 28 U.S.C. § 1367, (iii) the Attorney General's joinder is required by Section 5233(c) as a necessary party, and (iv) state statutory language referring to "superior court" venue cannot restrict properly invoked federal jurisdiction.

4. Whether dismissing the Attorney General would improperly fragment this litigation by preventing Plaintiffs from pursuing their claim under Section 5233, which is inextricably intertwined with their federal claims regarding the diversion of OpenAI's charitable assets.

# INTRODUCTION[1]

Defendant Rob Bonta, in his official capacity as Attorney General of California (the "Attorney General"), moves to dismiss his involvement in this litigation. The Attorney General argues (1) sovereign immunity under the Eleventh Amendment, (2) that the California Corporations Code does not confer federal jurisdiction, and (3) Plaintiffs fail to state a claim for relief against him. The Attorney General's Motion to Dismiss should be denied because joining the Attorney General as an indispensable party under these circumstances falls within the well-established *Ex parte Young* exception to sovereign immunity, is necessary to Plaintiffs' derivative action, and is permitted by federal courts addressing similar state statutory schemes.

# LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim for lack of subject matter jurisdiction, such as on the basis of sovereign immunity. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. EPA*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007). However, in considering a Rule 12(b)(1) motion, courts must "take as true all material allegations in the complaint" and "construe the complaint in favor of the plaintiff." *Arizona v. Yellen*, 34 F.4th 841, 849 (9th Cir. 2022) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate when the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

/ / /

/ / /

---

[1] The Court dismissed the only claim for which the Attorney General is joined (Count XXIII), and indicated further briefing on the claim is not required. Dkt. 121 at 15-16 & n.13. Plaintiffs nevertheless file this opposition for purposes of preservation.

# ARGUMENT

## I. PLAINTIFFS' JOINDER OF THE ATTORNEY GENERAL AS AN INVOLUNTARY PLAINTIFF DOES NOT IMPLICATE SOVEREIGN IMMUNITY.

The Attorney General attempts to characterize his joinder as an impermissible "coercion" into federal court. However, the Attorney General misunderstands the nature of his joinder. Plaintiffs do not seek any form of relief from the Attorney General, nor do they allege any wrongdoing by him. This is the reason he is an involuntary *plaintiff* rather than a true defendant.

Moreover, modern sovereign immunity jurisprudence has two touchstones: the effect of the plaintiff's request for relief on the state treasury and "'the indignity of subjecting a [s]tate to the coercive process of judicial tribunals at the instance of private parties.'" *Kohn v. State Bar of California*, 87 F.4th 1021, 1027 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 1465, 218 L. Ed. 2d 694 (2024) (internal citation omitted). With respect to this, the California Legislature has already determined there is no dignitary interest in avoiding coercive process under Section 5233 by specifically providing for the Attorney General's joinder by private plaintiffs, and doing so in language evidencing such joinder would not be at the Attorney General's initiative. Cal. Corp. Code § 5233(c) ("The Attorney General or, if the Attorney General *is joined* as an indispensable party …." (emphasis added)). Further, even if Plaintiffs *were* seeking affirmative relief from the Attorney General, which they are not, the relief they seek is equitable, not monetary damages from the state treasury.

## II. EVEN IF THE ATTORNEY GENERAL'S JOINDER DID IMPLICATE SOVEREIGN IMMUNITY, THE *EX PARTE YOUNG* EXCEPTION APPLIES.

While the Attorney General correctly notes that the Eleventh Amendment generally prohibits federal courts from hearing suits against states and their instrumentalities, this principle is subject to several well-established exceptions. Relevant here, under the doctrine established in *Ex parte Young*, 209 U.S. 123 (1908), federal courts may exercise jurisdiction over state officials in their official capacities for claims seeking prospective injunctive relief to prevent ongoing violations of federal law. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997).

While *Ex parte Young* is traditionally understood as permitting federal courts to hear claims against state officials for violations of federal law, the doctrine also extends to state law claims that are properly before the federal court under supplemental jurisdiction. In *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), the Supreme Court held that the Eleventh Amendment bars federal courts from ordering state officials to conform their conduct to state law. However, again, Plaintiffs do not seek to compel the Attorney General to do *anything*, whether under state law or otherwise. Even if they did, nothing in *Pennhurst* precludes the joinder of state officials where necessary to provide complete relief on federal claims or closely related state claims. *See Edelman v. Jordan*, 415 U.S. 651, 653 n.1 (1974).

Here, Count XXIII for self-dealing under California Corporations Code Section 5233 is closely related to Plaintiffs' federal claims. The alleged self-dealing by defendants Altman and Brockman forms part of the same pattern of conduct that underlies Plaintiffs' federal antitrust, RICO, and Lanham Act claims, as well as the UCL claim over which there is federal jurisdiction. The diversion of OpenAI, Inc.'s charitable assets for private gain is central to the overall scheme alleged in the FAC. Because the Attorney General's presence is necessary to adjudicate claims that arise from the same nucleus of operative facts as Plaintiffs' federal claims, but Plaintiffs seek no *relief* from the Attorney General, the *Ex parte Young* exception applies.

The Attorney General is named as an indispensable party solely because California Corporations Code Section 5233(c) *requires* his joinder for Plaintiffs to pursue their derivative claim for self-dealing. This statutory requirement reflects the Attorney General's unique role in supervising charitable organizations under California law, and the California Legislature determined that his joinder is necessary to provide complete relief to persons like Plaintiffs.

The Ninth Circuit has consistently recognized that state officials may be joined in federal court actions when they have responsibility for enforcing a statute, as indeed the Attorney General has regarding the misuse of the charitable form for self-dealing. *See, e.g., Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) (holding that state officials could be joined in federal court action); *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (finding that

state officials were proper defendants where their presence would be necessary to provide prospective relief). There is simply no sovereign immunity defense here.

### III. FEDERAL COURTS HAVE JURISDICTION OVER STATE LAW CLAIMS THAT REQUIRE JOINDER OF THE ATTORNEY GENERAL.

The Attorney General argues that California Corporations Code Section 5233 does not confer federal jurisdiction. But, of course, there would be no way for a *state* statute to confer *federal* jurisdiction. Plaintiffs do not assert that Section 5233 itself confers federal jurisdiction. Rather, federal jurisdiction over this action is based on 15 U.S.C. § 4, 15 U.S.C § 1121, 18 U.S.C. § 1964, and 28 U.S.C. § 1331, as clearly stated in Paragraph 41 of the FAC.

The Court has supplemental jurisdiction over the state law claims, including Count XXIII, pursuant to 28 U.S.C. § 1367, because these claims form part of the same case or controversy under Article III. The Attorney General's joinder is as a necessary party to a state law claim that falls within the Court's supplemental jurisdiction. Indeed, Federal Rule of Civil Procedure 19 explicitly contemplates the joinder of parties necessary for the adjudication of claims properly before the Court.

Furthermore, federal courts clearly have the power to exercise supplemental jurisdiction over state officials when doing so, as here, does not offend principles of sovereign immunity. In *Edelman v. Jordan*, 415 U.S. 651 (1974), the Supreme Court held that "the District Court was correct in exercising pendent jurisdiction over [plaintiffs'] statutory claim," *id.* 653, n.1, but then concluded that the Eleventh Amendment barred an award of retroactive relief on that pendent claim. *Id.* at 678. As discussed above, Plaintiffs in this case seek no retroactive or other relief against the Attorney General prohibited by sovereign immunity.

The fact that California Corporations Code Section 5233(c) refers to actions being brought "in the superior court of the proper county" does not limit federal supplemental jurisdiction. It is an ancient principle of federal jurisprudence that state statutes cannot restrict federal jurisdiction where it otherwise exists. *See Railway Co. v. Whitton*, 80 U.S. 270, 286 (1871) ("[W]herever a general right is conferred by the laws of a State, and a general remedy for its violation exists in the courts of the State, that right may be enforced and that remedy pursued in the Federal courts as well as in the

4

CASE NO. 24-CV-04722-YGR
PLS.' OPPOSITION TO CAL. AG MTD

courts of the State. It cannot be withdrawn from the cognizance of such Federal court by any provision of State legislation that it shall only be enforced in a State court."). The principle is not only ancient, but enduring. *E.g.*, *U.S. ex rel. Galmines v. Novartis Pharms. Corp.*, No. CIV.A. 06-3213, 2013 WL 5924962 (E.D. Pa. Nov. 5, 2013) ("This rule, that 28 U.S.C. § 1367(a) controls, rather than state law, is not merely an implication from [*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997) ("ICS")]. Rather, although the *ICS* Court did not cite to *Railway Co. v. Whitton's Administrator*, 80 U.S. (13 Wall.) 270 (1872), it clearly relied on a foundational principle found in that case [namely, the quoted portion above]."); *Elgard Corp. v. Brennan Const. Co.*, 157 F.R.D. 1, 2 (D. Conn. 1994) ("While a state statute may mandate that a bond suit be filed only in a particular state court, *Johnson Acoustics, Inc. v. P.J. Carlin Construction et al.*, 29 Conn.Supp. 457, 292 A.2d 273, 276 (1971), a state statute cannot divest a federal District Court of diversity jurisdiction. *Railway Company v. Whitton's Administrator*, 80 U.S. (13 Wall.) 270, 286, 20 L.Ed. 571 (1872); *Grand Bahama Petroleum Co. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1324–25 (2d Cir. 1977).").

The proper interpretation of Section 5233(c) is that it identifies the appropriate venue within California's state court system, not that it excludes federal court jurisdiction.

### IV. CALIFORNIA CORPORATIONS CODE SECTION 5233 REQUIRES THE ATTORNEY GENERAL'S JOINDER BUT DOES NOT REQUIRE CLAIMS AGAINST HIM.

The Attorney General argues that Plaintiffs fail to state a claim against him under Rule 12(b)(6). This argument fundamentally misunderstands the nature of the Attorney General's role in this litigation. California Corporations Code Section 5233(c) requires the Attorney General's joinder not as a defendant against whom relief is sought, but as an indispensable party whose presence is necessary to adjudicate claims against other defendants.

Section 5233(c) clearly states that "the Attorney General or, *if the Attorney General is joined as an indispensable party*, any of the following may bring an action in the superior court of the proper county for the remedies specified in subdivision (h)." (Emphasis added.) The statute then lists the parties who may bring such an action if the Attorney General is joined, including "[t]he

corporation, or a member asserting the right in the name of the corporation pursuant to Section 5710." Cal. Corp. Code § 5233(c)(3).

This statutory structure does not require Plaintiffs to assert specific claims "against" the Attorney General. Rather, it requires his joinder as an indispensable party to ensure that the public interest in charitable assets is represented. As the California Supreme Court has recognized, "the Attorney General has broad powers under common law and California statutory law to carry out his mission to protect and oversee charities and public trusts." *Holt v. College of Osteopathic Physicians & Surgeon*s, 61 Cal. 2d 750, 754 (1964).

The absence of specific allegations of wrongdoing against the Attorney General is thus not a deficiency in the FAC, but rather a reflection of the unique role the Attorney General plays in actions involving charitable corporations. The Attorney General's presence ensures that the remedies sought by Plaintiffs—including the imposition of a constructive trust over Defendants and their ill-gotten gains, and the voiding of contracts contrary to the non-profit's charitable purposes—are consistent with the public interest.

### V. DISMISSAL WOULD IMPROPERLY FRAGMENT THIS LITIGATION.

Dismissing the Attorney General would improperly fragment this litigation and potentially prevent Plaintiffs from pursuing their self-dealing claim altogether. If the Court dismisses the Attorney General, Plaintiffs would be forced to either abandon their self-dealing claim under Section 5233, leaving a critical aspect of Defendants' wrongdoing unaddressed, or file a separate action in state court against the same defendants for the same conduct.

Such fragmentation would be particularly inappropriate here, where the self-dealing claim is inextricably intertwined with Plaintiffs' federal claims. The same factual allegations that support Plaintiffs' federal antitrust, RICO, and Lanham Act claims, as well as the UCL claim over which there is federal jurisdiction, also support their Section 5233 claim. Requiring Plaintiffs to litigate related claims in different forums would undermine judicial economy and risk inconsistent outcomes.

Moreover, the Attorney General has failed to demonstrate that his presence in this litigation would impose any actual burden on the state. As noted above, Plaintiffs do not seek damages from

the state treasury or allege any wrongdoing by the Attorney General. His role is limited to that of an indispensable party whose presence ensures that the public interest in charitable assets is represented, pursuant to the express intentions of Section 5233. Practically speaking, his inclusion imposes no obligations to participate in this litigation and amounts to receiving service of docket entries

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Attorney General's Motion to Dismiss. The Attorney General's joinder as an indispensable party under California Corporations Code Section 5233 falls within the *Ex parte Young* exception to sovereign immunity, is necessary for Plaintiffs to pursue their derivative action, and is consistent with federal courts' exercise of supplemental jurisdiction over state law claims. The absence of specific allegations of wrongdoing against the Attorney General reflects the California Legislature's unique system for bringing claims related to charitable self-dealing, not a failure to state a claim. Maintaining the Attorney General as an indispensable party is necessary to provide complete relief to Plaintiffs and avoid fragmenting this litigation.

DATED: March 24, 2025

Respectfully Submitted,

TOBEROFF & ASSOCIATES, P.C.

 */s/ Marc Toberoff*
Marc Toberoff

*Attorneys for Plaintiffs Elon Musk, Shivon Zilis, and X.AI Corp.*