1  Lester Lawrence Lessig (MA Bar No. 710593)
     *lessig@lessig.law*
2  *Attorney for Proposed Amici Curiae*
     Former OpenAI Employees
3

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SAMUEL ALTMAN, et al.,<br><br>　　　　Defendants. | Case No. 4:24-cv-04722-YGR<br><br>Assigned to: Hon. Yvonne Gonzalez Rogers<br><br>**MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS**<br><br>(*Filed concurrently with Proposed Amicus Brief and [Proposed] Order*) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT former OpenAI Employees Steven Adler, Rosemary Campbell, Neil Chowdhury, Jacob H. Hilton, Daniel B. Kokotajlo, Gretchen M. Krueger, Todor M. Markov, Richard M.C. Ngo, Girish N. Sastry William R. Saunders, Carroll L. Wainwright II, and Jeffrey K. Wu move for leave to file the accompanying *amici curiae* brief in support of the part of Plaintiffs' Opposition to the Motions to Dismiss (Dkt. Nos. 127 (Microsoft), 128 (OpenAI), 129 (CA. AG)). Plaintiffs consent. Microsoft has no objection to the motion for leave to file. The consent of the OpenAI Defendants have not yet been obtained, pending further discussion of the contents of the amicus.

"District courts have broad discretion to appoint amici curiae." *Levin Richmond Terminal Corp. v. City of Richmond*, 482 F. Supp. 3d 944, 951 n.1 (N.D. Cal. 2020) (Rogers, J.) (granting proposed amici curiae's motions) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). *Amici curiae* can be particularly useful in cases where the outcome affects the public beyond the parties to the case. *See Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (describing the "classic role" of amici as "assisting in a case of general public interest" (citations omitted). *Amici* in this case have unique information that can aid the court beyond the help provided by the parties' lawyers. *California by and through Becerra v. United States Department of the Interior*, 381 F.Supp.3d 1153 (2019).

*Amici curiae* are former employees at OpenAI who collectively worked at the organization between 2018 and 2024. During their tenures, which span the organization's formative years through its more recent development, *amici* held various technical and leadership positions within the organization, including Research Scientists, Members of Technical Staff, Policy Researchers, Research Leads and Policy Leads. Through their direct involvement in OpenAI's operations and development, *amici* possess unique firsthand knowledge of the organization's founding principles, research methodologies, governance structures, and technological capabilities. *Amici* have a significant interest in this litigation as it addresses fundamental questions about OpenAI's mission and organizational structure that they helped shape during their employment.

No counsel for any party authored the proposed brief of *amicus curiae* in whole or in part, and no person or entity, other than counsel, made a monetary contribution intended to fund the preparation or submission of the brief.

For the foregoing reasons, the former OpenAI employees respectfully request that this Court grant it leave to file the accompanying proposed *amicus* brief.

Respectfully submitted,

Dated: April 11, 2025

*/s/ Lester Lessig*
*Attorney for Proposed Amici Curiae*
(*Pro Hac* pending)