# EXHIBIT A



CALIFORNIA
DEPARTMENT OF JUSTICE

**Rob Bonta**
*Attorney General*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 510-4400
Telephone: (415) 510-3498
Facsimile: (415) 703-5480
E-Mail: Caitlin.Noble@doj.ca.gov

April 14, 2025

Marc Toberoff; Jaymie Parkkinen
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
mtoberoff@toberoffandassociates.com
jparkkinen@toberoffandassociates.com
Attorneys for Plaintiffs

Jordan Eth; David Wiener
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105
jeth@mofo.com
dwiener@mofo.com
Attorneys for OpenAI Defendants

Russel Cohen; Howard Ullman
Dechert LLP
45 Fremont St., 26th Fl.
San Francisco, CA 94105
russ.cohen@dechert.com
howard.ullman@dechert.com
Attorneys for Microsoft Defendants

William Savitt; Bradley Wilson
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
wdsavitt@wlrk.com
brwilson@wlrk.com
Attorneys for OpenAI Defendants

RE: Request for relator status in *Musk, et al., v. Altman, et al.*, United States District Court, Northern District of California, Case No. 4:24-cv-04722-YGR

Dear Counsel:

We have received and reviewed the application for relator status submitted by proposed relators Elon Musk and Shivon Zilis for leave to sue, in the name of the People of the State of California, proposed defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI, L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, Aestas, LLC, Deannah Templeton, Reid Hoffman, and Microsoft Corp. We note that while submitting a request for relator status to sue in the name of the People of the State of California, Elon Musk and Shivon Zilis filed a First Amended Complaint on November 14, 2024, in the United States District Court, Northern District of California, Case No. 4:24-cv-04722-YGR. The case is assigned to Judge Yvonne Gonzalez Rogers.

April 14, 2025
Page 2

In deciding whether to grant leave to sue in the name of the People of the State of California, two fundamental principles provide the basis for the analysis. We consider whether there is a substantial question of law or fact which requires judicial resolution. (72 Ops.Cal.Atty.Gen. 15, 19 (1989).) We also consider whether the action would serve the overall public interest of the people of this state. (*Ibid.*)

The Attorney General has broad discretion in this regard. (*Rando v. Harris* (2014) 228 Cal.App.4th 868, 875, citing *Lamb v. Webb* (1907) 151 Cal.451, 454 [the trial court's power "to compel [the Attorney General] to violate his own judgment by ordering him to grant leave to commence a suit, against his own conviction and conscientious belief that such leave should not be given, should be exercised only where the abuse of discretion by the attorney-general in refusing the leave is extreme and clearly indefensible."]; see also *International Association of Fire Fighters v. City of Oakland* (1985) 174 Cal.App.3d 687, 697 [The Attorney General "has discretion to refuse to sue when the issue is debatable."]) The mere existence of a legal dispute does not require that leave be granted, or that the public interest requires a judicial resolution of the dispute. (72 Ops.Cal.Atty.Gen. 8, 10 (1989).)

### A. The pleadings submitted by Elon Musk and Shivon Zilis do not raise a question of California law or fact that requires judicial resolution.

In support of their request, Musk and Zilis claim an "urgent necessity" with respect to "California's largest charity ever." (Proposed Relators' Memorandum of Points and Authorities "MPA" 5:12-6:23.) Musk and Zilis argue that relator status is necessary to "better effectuate their efforts to maintain OpenAI, Inc.'s charitable status." (MPA 8:14-15.) But whether an organization is a charity, thus granted charitable status, is determined by the Internal Revenue Service. (26 I.R.C. § 501(c).)

In support of their request, Musk and Zilis refer generally to the allegations in their First Amended Complaint. The First Amended Complaint raises four California claims under California law: unfair competition in violation of Business and Professions Code section 17200, false advertising in violation of Business and Professions Code sections 17500, self-dealing in violation of Corporations Code section 5233, and breach of charitable trust in violation of Corporations Code section 5142. Musk previously raised unfair competition and false advertising without relator status. (U.S. District Court Case No. 4:24-cv-04722, docket no. 1, Counts XI, XII.) Relator status is not necessary to his claims.

The Court dismissed the self-dealing claim under Corporations Code section 5233 in the First Amended Complaint for lack of standing. (U.S. District Court Case No. 4:24-cv-04722, docket no. 121, fn. 13.)

Musk's claim for breach of trust was previously raised without notice to, or relator status from, the Attorney General. (San Francisco Superior Court Case No. CGC-24-612746.) Musk voluntarily dismissed his breach of trust claim without prejudice. Musk and Zilis now allege diversion of customers and investors, but it is not clear whether they allege diversion of charitable assets in their federal action. In fact, Musk seems to allege breach of charitable trust in relation to a breach of contract claim against OpenAI for his donations to OpenAI. Musk and

April 14, 2025
Page 3

Zilis also do not state what they intend to do with OpenAI's assets if they prevail in establishing a constructive trust. (U.S. District Court Case No. 4:24-cv-04722, docket no. 32, ¶¶ 416-426.) It does not appear that Musk and Zilis seek to restore diverted funds to the public. (*Id.*) On the contrary, Musk seeks to purchase charitable assets himself. (U.S. District Court Case No. 4:24-cv-04722, docket no. 116.)

On balance, we do not find in the pleadings a question of California law or fact that requires a relator to resolve.

### B. The request from Musk and Zilis does not serve the overall public interest of Californians.

Musk and Zilis seek relator status based on "the People's interest in this action." As support for that proposition, Musk and Zilis cite their own allegations. (MPA 5:14-6:16.) They claim that proposed Defendants' conduct threatens the public because "it suggests wealthy tech executives are allowed to do what the average citizen or charity could never." (MPA 6:19-20.) But Musk and Zilis do not explain how their action would affect "wealthy tech executives" other than themselves. It appears, however, that Musk seeks the charitable assets for his own use. (U.S. District Court Case No. 4:24-cv-04722, docket no. 116.)

As a general rule, a relator has no personal stake in the relief sought. (*People ex rel. Strathmann v. Acacia Research Corp.* (2012) 210 Cal.App.4th 487, 501).) But here, Musk and Zilis do have a personal interest in the relief sought. They have a personal and financial interest in OpenAI's assets and in Plaintiff x.AI Corp., a for-profit Nevada corporation. x.AI Corp. is one of the Plaintiffs in the First Amended Complaint. (U.S. District Court Case No. 4:24-cv-04722, docket no. 32.) x.AI Corp., in turn, has an interest in suing Defendants, x.AI's competitors.

Leave to sue is properly denied in matters of private concern where there is an adequate remedy otherwise available to the parties claiming to be aggrieved. (80 Ops.Cal.Atty.Gen. 290 (1997); see also 81 Ops.Cal.Atty.Gen. 243 (1998).) Here, the procedural history demonstrates that Musk and Zilis have an adequate legal remedy available without relator status.

In view of the foregoing, we are not persuaded that the request will serve the overall public interest of the People of the State of California. For these reasons, Musk's and Zilis's relator application is DENIED.

Sincerely,

CAITLIN W. NOBLE
Supervising Deputy Attorney General

For    ROB BONTA
       Attorney General

CWN:
SF2024402680/44495500.docx