| | |
|---|---|
| RUSSELL P. COHEN (SBN 213105)<br>Russ.cohen@dechert.com<br>HOWARD M. ULLMAN (SBN 206760)<br>Howard.ullman@dechert.com<br>DECHERT LLP<br>45 Fremont Street, 26th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 262-4500<br>Facsimile: (415) 262-45555<br><br>NISHA PATEL (SBN 281628)<br>Nisha.patelgupta@dechert.com<br>DECHERT LLP<br>633 West 5th Street, Suite 4900<br>Los Angeles, CA 90071<br>Telephone: (213) 808-5700<br>Facsimile: (213) 808-5760 | ANDREW J. LEVANDER (admitted *pro hac vice*)<br>Andrew.levander@dechert.com<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 698-3500<br>Facsimile: (212) 698-3599<br><br>JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)<br>Jay.jurata@dechert.com<br>DECHERT LLP<br>1900 K Street, N.W.<br>Washington, DC 20006<br>Telephone: (202) 261-3300<br>Facsimile: (202) 261-3333 |

*Attorneys for Defendants Microsoft Corporation,
Reid Hoffman, and Deannah Templeton*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMUEL ALTMAN, et al.,<br><br>        Defendants. | Case No. 4:24-cv-04722-YGR<br><br>Judge Yvonne Gonzalez Rogers<br><br>**DEFENDANT MICROSOFT CORPORATION, REID HOFFMAN, AND DEANNAH TEMPLETON'S SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO DISMISS RE: HOFFMAN/TEMPLETON'S STATUS AS DEFENDANTS**<br><br>**Action filed: August 5, 2024** |

## I. INTRODUCTION

This Court has already rejected Plaintiffs' Clayton Act § 8 claim. Plaintiffs' Supplemental Brief regarding Defendants Hoffman and Templeton misinterprets the Court's Preliminary Injunction Order and overlooks the requirements of Clayton Act § 8 and Cal. Bus. & Prof. Code § 17200. There is no basis to keep Hoffman or Templeton in this case.[1]

***Section 8***: The Court dismissed Count 16 on the basis that Plaintiffs lack standing because there was no board interlock when the FAC was filed. Plaintiffs seek to cabin in this ruling by claiming it focuses only on prospective injunctive relief and otherwise seek to disregard it by again focusing on mootness. But nothing in the FAC plausibly alleges that the claimed interlocks caused any injury-in-fact or antitrust injury—essential elements for a private antitrust claim. Additionally, other vaguely referenced Hoffman interlocks are irrelevant and not claimed to have harmed Plaintiffs or competition in any way.

***Section 17200***: Plaintiffs rehash the same deficient boilerplate standing arguments advanced in their Opposition Brief (*compare* Supplemental Brief [Dkt. No. 155] at 6 and Opposition [Dkt. No. 127] at 17). The lack of standing, however, also precludes the Section 17200 claim against Hoffman and Templeton. Plaintiffs admit the Section 17200 claim arises from a "common factual nucleus" to the Section 8 claim. Supplemental Brief at 1. Section 17200 claims require both Article III and UCL standing. Further, Section 17200's only monetary remedy is restitutionary disgorgement, but the FAC does not allege that Hoffman or Templeton took anything from Plaintiffs. Therefore, no basis exists for any claim against Hoffman and Templeton under Section 17200.

---

[1] The FAC asserts only two claims against Hoffman and Templeton. Count 16 alleges that Hoffman and Templeton violated Section 8 of the Clayton Act (15 U.S.C. § 19) through alleged board interlocks and Count 17 alleges that they violated California's Unfair Competition Law ("UCL") (Cal. Bus. and Prof. Code §§ 17200, *et seq*.) based on the same factual predicate as in Count 16.

- 1 -

DEFENDANT MICROSOFT CORPORATION, REID HOFFMAN, AND DEANNAH TEMPLETON'S
SUPPLEMENTAL REPLY RE HOFFMAN/TEMPLETON'S STATUS AS DEFENDANTS 4:24-CV-04722-YGR

## II. ARGUMENT

### A. The FAC Does Not State a Clayton Act Section 8 Claim Against Hoffman or Templeton (Count 16)

The Court has already found that the FAC fails to properly allege a Section 8 claim against Hoffman or Templeton. *See* March 4 Order Denying Motion for a Preliminary Injunction ("PI Order") [Dkt. No. 121] at 8-11. Plaintiffs assert that the Court's ruling applies only to their request for prospective injunctive relief. This argument is wrong for three reasons: (1) mootness is a separate issue from standing; (2) the FAC neither plausibly alleges injury-in-fact nor antitrust injury resulting from the claimed interlocks; and (3) Hoffman's involvement with other companies ended prior to the filing of the FAC and so is also insufficient to support standing, is not alleged to have caused any injury, or is not alleged to exceed the competitive sales thresholds that would trigger the statute.[2]

***First***, the Court's PI Order held that Plaintiffs could not show that any Section 8 injury existed when the FAC was filed, and therefore, Plaintiffs lacked ***standing***. *See id*. at 11:8-9 and 11:22-23. The Court then granted the motion to dismiss Count 16. *See* PI Order at 11 n.8. Additionally, the Court noted during the April 4 CMC that its PI Order was not limited to mootness but focused on the threshold issue of standing: "There is no standing, therefore there can be no claim, period. Count 16 is out." Transcript of April 4 CMC at 6:22-7:2. Plaintiffs' argument that the PI Order did not "moot" xAI's request for Section 8 damages, only its forward-looking request for injunctive relief, *see* Pl. Suppl. Br. [Dkt. No. 155] at 3, is therefore incorrect. In short, the Court has already ruled based on the FAC and the PI motion record that Plaintiffs ***lack standing to bring any Section 8 claim*** because any alleged injury ended before the FAC was filed. There is no basis for Plaintiffs' request for further briefing on xAI's Section 8 damages request, *see* Pl. Supp. Br. at 3 n.2, and the Court should reject it.

---

[2] Musk dismissed his Section 8 claim. The Court's PI Order held that Musk, as an owner or investor in xAI, lacked both Article III and antitrust standing to bring a Sherman Act § 1 claim, *see* PI Order at 6:3-8 and n.3. Following this ruling, Plaintiffs voluntarily dismissed all of Musks's antitrust claims. *See* Opposition to the Microsoft Defendants' Motion to Dismiss [Dkt. No. 127] at 4 n. 2. Thus, Musk cannot assert any Clayton Act claim. *See* 15 U.S.C. § 12 (the antitrust laws include the Clayton Act).

- 2 -

***Second***, xAI also lacks antitrust standing to bring the Section 8 claim because, as a private plaintiff, it must demonstrate "that it is a proper party to pursue [an antitrust] claim." *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 448 (9th Cir. 2021). This means xAI must allege not only its own injury but a direct injury to competition generally. *See Hip Hop Beverage Corp. v. Monster Energy Co.*, 733 Fed. App'x 380, 381 (9th Cir. 2018). The injury must not be "derivative and indirect" or "secondary, consequential, or remote." *Oakland Raiders*, 20 F.4th at 458 (citation omitted). Because a Section 8 violation does not ***itself*** cause any anticompetitive effects, it is unsurprising that when a court has considered the question, it has found that a Section 8 violation ***alone*** does not suffice to establish a concrete injury to a competitor for standing purposes.[3] *See Bearden v. Ballad Health*, 967 F.3d 513, 517 (6th Cir. 2020) (private plaintiff must allege a concrete injury in fact and harm to competition more generally). Tellingly, Plaintiffs do not cite a single case awarding damages to a competitor under Section 8 and Defendants are aware of none.

Here, the FAC fails to allege that the mere existence of an interlock caused xAI any specific injury or harmed competition. In their Supplemental Brief, Plaintiffs point only to FAC ¶ 227's conclusory allegations about unspecified exchanges of "competitively sensitive information" between OpenAI and Microsoft. Pl. Supp. Br. at 5:26-27. The statute's plain language does not provide a general cause of action against information sharing; it is narrowly tailored to prevent certain board interlocks. And for good reason, since claims regarding unlawful information sharing can be brought under Sherman Act § 1. *See, e.g., United States v. Container Corp. of Am.*, 393 U.S. 333, 335, 337 (1969) (holding information exchange unlawful when it "chill[s] the vigor of price competition"). The FAC explains neither how the alleged unspecified exchanges negatively affected xAI nor price competition in general. *See In re Baby Food Antitrust Litig.*, 166 F.3d 112, 125 (3d Cir. 1999) (only specific exchanges that cause a price impact are actionable— under Sherman Act § 1, not Clayton Act § 8); *see also* Microsoft Defendants' MTD [Dkt. No.

---

[3] "Unlike the United States government, which is authorized to sue anyone who violates the antitrust laws, a private antitrust plaintiff [such as xAI] must show 'standing' to sue." *Oakland Raiders*, 20 F.4th at 455 n.10. Thus, the cases cited by Plaintiffs in which board interlocks were sought to be enjoined by government enforcers, *see, e.g.*, Motion for PI [Dkt. No. 46] at 11, 13, did not require proof of injury and did not consider antitrust standing.

- 3 -

DEFENDANT MICROSOFT CORPORATION, REID HOFFMAN, AND DEANNAH TEMPLETON'S
SUPPLEMENTAL REPLY RE HOFFMAN/TEMPLETON'S STATUS AS DEFENDANTS 4:24-CV-04722-YGR

102] at 9. In short, the FAC's vague allegations about information exchanges cannot support any antitrust claim, let alone a Section 8 claim.

*__Third__*, Hoffman's other alleged interlocks are irrelevant and insufficient to state a Section 8 claim against him. FAC ¶ 163 alleges that Hoffman co-founded Inflection AI, Inc.; FAC ¶ 169 alleges that Hoffman served on the OpenAI and Inflection Boards at some indeterminate point in time; and FAC ¶ 375 alleges that Hoffman served on the OpenAI and Microsoft Boards while he was a partner at Greylock Partners.[4] None of these allegations matters because Hoffman left the OpenAI Board more than two years ago, and xAI has not alleged any basis to complain about any interlocks not involving OpenAI. *See supra* at 2-3. The FAC also does not allege that the other interlock(s) involved companies that exceeded Section 8's competitive sales thresholds. And nothing in these conclusory paragraphs adequately alleges that any other non-Microsoft/OpenAI interlocks caused xAI injury or antitrust injury. *See supra* at 3.

### B. The FAC Does Not State a Section 17200 Claim Against Hoffman or Templeton (Count 17)

Section 17200 prohibits unlawful, unfair, or fraudulent business practices. Plaintiffs' argument that the alleged interlocks were unlawful or unfair fails for two reasons: (1) Section 17200 by its own terms requires injury-in-fact, and like any other claim requires Article III standing; and (2) monetary damages are not recoverable under the UCL and Plaintiffs have not (and cannot) plead a claim for restitution.

*__First__*, contrary to Plaintiffs' suggestion, Section 17200's standing requirements do not fundamentally differ. A plaintiff invoking federal jurisdiction—whether for a federal or state cause of action—must establish Article III standing, including injury in fact fairly traceable to the defendant's conduct. *See, e.g., Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1082 (N.D. Cal. 2017) (dismissing UCL claim for lack of Article III standing), *aff'd*, 731 F. App'x 719 (9th Cir. 2018); *see also Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 872 (N.D. Cal. 2024) (evaluating

---

[4] Plaintiffs' Reply ISO PI Motion [Dkt. No. 73] at 17 is outside the FAC. Even if it were not, Plaintiffs' arguments about Hoffman's "indirect [AI company] interlocks" through "his roles at Entrepreneur First, Reinvent Capital, and Village Global" are so vague as to be meaningless and are unconnected to any alleged harm in this case.

- 4 -

DEFENDANT MICROSOFT CORPORATION, REID HOFFMAN, AND DEANNAH TEMPLETON'S
SUPPLEMENTAL REPLY RE HOFFMAN/TEMPLETON'S STATUS AS DEFENDANTS 4:24-CV-04722-YGR

Article III standing for Section 17200 unfair and unlawful prong claims). Section 17200's injury requirement is similar. *See Sud*, 229 F. Supp. 3d at 1081; Cal. Bus. and Prof. Code § 17204 (UCL claim requires "injury in fact and [loss of] money or property."). For the same reasons that xAI lacks standing to assert a Section 8 claim, xAI lacks Article III or UCL standing to assert a Section 17200 claim against Hoffman and Templeton.

***Second***, xAI cannot recover damages under Section 17200 because the UCL is equitable in nature. The only monetary remedy available to a private, non-governmental plaintiff under Section 17200 is restitutionary disgorgement. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). The FAC does not (and cannot) allege that Hoffman or Templeton took anything from the Plaintiffs because of the alleged board interlocks, so there is nothing to restore. Accordingly, the UCL does not provide Plaintiffs a monetary remedy. *See Korea Supply*, 29 Cal. 4th at 1140.[5]

## III. CONCLUSION

There is no reason for the Court to revisit its prior dismissal of Count 16, and the Court should also dismiss Count 17 as to Defendants Hoffman and Templeton with prejudice. Plaintiffs' suggestion to defer ruling on this issue is a waste of time. The issues are ripe now, there is no basis for the claims, and there is no reason to burden Hoffman and Templeton with party status only to dismiss them down the road.

---

[5] Although the Supplemental Brief discusses the Statement of Interest filed by the United States DOJ and the FTC at length, neither agency has or claims expertise about California's UCL. Indeed, then-Commissioner and now-Chairman Ferguson stated in his concurrence regarding the filing of the Statement that "the UCL is not formally relevant to the Commission's authority to prevent unfair methods of competition under Section 5" and the FTC has "no direct interest in the outcome of that claim." *See* https://www.ftc.gov/system/files/ftc_gov/pdf/musk-statement-of-interest-ferguson-holyoak-concurrence.pdf.

- 5 -

DATED: April 16, 2025

Respectfully Submitted,

DECHERT LLP

By:  */s/ Russell P. Cohen*
 Russell P. Cohen (SBN 213105)
 Russ.cohen@dechert.com
 Howard M. Ullman (SBN 206760)
 Howard.ullman@dechert.com
 45 Fremont Street, 26th Floor
 San Francisco, CA 94105
 Telephone: (415) 262-4500
 Facsimile: (415) 262-45555


 Nisha Patel (SBN 281628)
 Nisha.patelgupta@dechert.com
 DECHERT LLP
 633 West 5th Street, Suite 4900
 Los Angeles, CA 90071
 Telephone: (213) 808-5700
 Facsimile: (213) 808-5760

 Andrew J. Levander (admitted *pro hac vice*)
 Andrew.levander@dechert.com
 DECHERT LLP
 Three Bryant Park
 1095 Avenue of the Americas
 New York, NY 10036
 Telephone: (212) 698-3500
 Facsimile: (212) 698-3599

 John (Jay) Jurata, Jr. (admitted *pro hac vice*)
 Jay.jurata@dechert.com
 DECHERT LLP1900 K Street, N.W.
 Washington, DC 20006
 Telephone: (202) 261-3300
 Facsimile: (202) 261-3333

 *Attorney for Defendants Microsoft Corporation, Reid Hoffman, and Deannah Templeton*

- 6 -

DEFENDANT MICROSOFT CORPORATION, REID HOFFMAN, AND DEANNAH TEMPLETON'S
SUPPLEMENTAL REPLY RE HOFFMAN/TEMPLETON'S STATUS AS DEFENDANTS 4:24-CV-04722-YGR