| | |
|---|---|
| 1 | JORDAN ETH (CA SBN 121617) |
|  | JEth@mofo.com |
| 2 | WILLIAM FRENTZEN (CA SBN 343918) |
|  | WFrentzen@mofo.com |
| 3 | DAVID J. WIENER (CA SBN 291659) |
|  | DWiener@mofo.com |
| 4 | MORRISON & FOERSTER LLP |
|  | 425 Market Street |
| 5 | San Francisco, CA 94105 |
|  | Telephone:   (415) 268-7000 |
| 6 | Facsimile:   (415) 268-7522 |
| 7 | WILLIAM SAVITT (admitted *pro hac vice*) |
|  | WDSavitt@wlrk.com |
| 8 | BRADLEY R. WILSON (admitted *pro hac vice*) |
|  | BRWilson@mofo.com |
| 9 | SARAH K. EDDY (admitted *pro hac vice*) |
|  | SKEddy@wlrk.com |
| 10 | NATHANIEL CULLERTON (admitted *pro hac vice*) |
|  | NDCullerton@wlrk.com |
| 11 | WACHTELL, LIPTON, ROSEN & KATZ |
|  | 51 West 52nd Street |
| 12 | New York, NY 10019 |
|  | Telephone:   (212) 403-1000 |
| 13 | Facsimile:   (212) 403-2000 |

*Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **OPENAI DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO FILE AN AMICUS BRIEF** |
| v. | |
| SAMUEL ALTMAN, et al., | Date: May 28, 2025 |
|  | Time: 10:00 a.m. |
| Defendants. | Courtroom: 1 – 4th Floor |
|  | Judge: Hon. Yvonne Gonzalez Rogers |

Leave to file an amicus brief will be granted where the brief would "assist [the] court" in resolving the matter at issue by "supplementing the efforts of counsel [or] drawing the court's attention to law that escaped consideration." *Cody* v. *Ring LLC*, 718 F. Supp. 3d 993, 1004 (N.D. Cal. 2024) (quoting *Miller-Wohl Co.* v. *Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)).

The OpenAI Defendants do not object to the filing of the former employees' proposed amicus brief. That said, the proposed brief does not "assist [the] court" in resolving the OpenAI Defendants' pending motion to dismiss, nor "draw[] the court's attention to law that escaped consideration" during prior, and now completed, briefing. *Id.* The proposed brief consists of factual assertions and personal opinions and cites no legal authority. It has no bearing on the legal sufficiency of the allegations in Plaintiffs' First Amended Complaint.

Confirming this, the brief says nothing in support of Plaintiffs' primary allegations of breach. Musk alleges that in 2019 OpenAI formed a for-profit entity, OpenAI, L.P, "to siphon assets from the non-profit" in violation of OpenAI's charitable mission. Dkt. 128 at 2-3. By contrast, proposed amici emphasize that this exact structure—"a 501(c)(3) public charity" that "controls several for-profit subsidiaries"—was "a crucial part" of OpenAI's "overall strategy," "critical to OpenAI's ability to attract and retain talent," and a "fundamental safeguard ensuring OpenAI would never stray" from its charitable mission. Dkt. 154-1 at 1, 2, 5, 11.

Proposed amici thus identify no past or present "breach" or harm to Musk or anyone else flowing from OpenAI's existing structure, which has been in place for over six years. Rather, proposed amici argue that a "violation" of OpenAI's "mission" *may* occur in the future *if* OpenAI were to "change . . . [its] corporate structure" to "remove[] the Nonprofit's controlling role." *Id.* at 2, 10-11. Proposed amici's views on a hypothetical organizational change—that has not yet occurred and may never occur—provide no support for, and are irrelevant to, Musk's allegations that OpenAI long ago breached purported commitments to him. In any event, OpenAI has made clear that the nonprofit will remain in place under any contemplated restructuring, and recently announced the formation of a NonProfit Commission to inform the organization's philanthropic

efforts and ensure that it continues to tackle urgent global challenges—from health and education to public service and scientific discovery.

Date: April 22, 2025

MORRISON & FOERSTER LLP

*/s/ Jordan Eth*
JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:   (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@mofo.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:   (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC*