MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
JAYMIE PARKKINEN (CA SBN 318394)
JParkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

*Attorneys for Plaintiffs Elon Musk, Shivon Zilis, and X.AI Corp.*

(Additional counsel listed on the next page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN, et al., <br><br> Defendants. | Case No. 4:24-cv-04722-YGR <br><br> **STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER** |

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted pro hac vice)
BRWilson@mofo.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
NATHANIEL CULLERTON (admitted pro hac vice)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,*
*OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
*OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
*OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
*OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
*OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
*OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
*OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
*OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
*Aestas Management Company, LLC, and Aestas LLC*

RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700

ANDREW J. LEVANDER (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JAY JURATA (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendants Microsoft Corporation,
Reid Hoffman, and Deannah Templeton*

I. **PURPOSES AND LIMITATIONS**

1.1 Disclosures and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and respectfully request the Court to enter this Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Paragraph 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

II. **DEFINITIONS**

2.1 "Challenging Party" means a Party or Non-Party that challenges the designation of Protected Material under this Stipulated Protective Order.

2.2 "CONFIDENTIAL" means Discovery Material (regardless of how it is generated, stored or maintained) that a Producing Party in good faith and reasonably believes contains nonpublic personal, business, strategic, proprietary, or commercially sensitive information or that otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.3 "Counsel" means Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 "Designating Party" means a Party or Non-Party that designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5 "Discovery Material" means all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, written discovery responses, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee or agent (except as to retention for litigation) of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL" means extremely sensitive CONFIDENTIAL information or items that a Producing Party in good faith and reasonably believes the disclosure of which to another Party or Non-Party (other than as permitted pursuant to Section 7 of this Order) would create a substantial risk of serious harm that could not be avoided by less restrictive means. All Parties agree not to abuse the HIGHLY CONFIDENTIAL designation, and the Parties specifically agree to meet and confer in good faith to resolve any disagreement over HIGHLY CONFIDENTIAL designations.

2.8     "House Counsel" means attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    "Outside Counsel of Record" means attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are current partners or employees of a law firm that has appeared on behalf of that Party.

2.11    "Party" means any named party to this action, including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    "Producing Party" means a Party or Non-Party that produces Discovery Material in this action.

2.13    "Professional Vendors" means persons or entities that provide document review or litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their

employees and subcontractors.

2.14  "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Stipulated Protective Order.

2.15  "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

2.16  "Termination" means the later of: (a) dismissal of all claims and defenses in this action, with or without prejudice, or (b) final judgment in this action after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time under applicable law.

### III.  SCOPE

3.1  This Stipulated Protective Order covers: (a) Protected Material; (b) any information copied or extracted from Protected Material; (c) all copies, excerpts, summaries, or compilations of Protected Material; and (d) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.

3.2  This Stipulated Protective Order does not provide CONFIDENTIAL or HIGHLY CONFIDENTIAL protection for: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party or other obligations regarding confidentiality of personal protected information; and (c) any use of Protected Material at trial, which shall be governed by a separate agreement or order.

### IV.  DURATION

4.1  This Stipulated Protective Order and the obligations herein shall remain in effect even after Termination of this litigation, unless a Designating Party agrees otherwise in writing or a

court order otherwise directs.

## V. DESIGNATING PROTECTED MATERIAL

5.1     <u>Restraint and Care in Designating Protected Material</u>.  Each Party or Non-Party that designates information or items under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If practical to do so, the Designating Party must designate for protection only those parts of Discovery Material that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.  Designations that are clearly shown to be unjustified or made for an improper purpose (e.g., to cause unnecessary delay, expense, or burdens) may expose the Designating Party to sanctions.

5.2     <u>Withdrawal of Designation.</u>  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Receiving Parties that it is withdrawing the mistaken designation.

5.3     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection must be clearly designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding deposition, pretrial or trial transcripts in this action), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material to the extent reasonably feasible.  For documents where this is not reasonably feasible, such as documents produced in native format like Excel files, a production cover sheet shall be affixed with the legend.  A Party or Non-Party that makes original documents available for inspection need not designate them until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all documents

made available for inspection shall be treated as "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") as provided above.

(b)     for deposition, pretrial and trial transcripts in this action, the Designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 10 days after receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. After such identification, only those portions of the testimony that are appropriately designated for protection within the 10 days shall be covered by this Stipulated Protective Order. Prior to the expiration of the 10-day period, the testimony shall be treated as "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed. For the avoidance of doubt, a Designating Party may specify, at the deposition or up to 10 days after the receipt of the final transcript if that period is properly invoked, that the entire transcript or any portion thereof shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if such protection is warranted under this Stipulated Protective Order.

(c)     for information in some other form (e.g., tangible items), the Producing Party shall affix in a prominent place on the exterior of the container in which it is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion of the information or item warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.4     Additional Procedures Applicable to Testimony. The following procedures shall also apply where testimony is given in this action (whether at deposition or pretrial proceedings):

(a) Parties and Non-Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of Protected Material as a deposition exhibit shall not in any way affect its designation.

(b) Any transcript pages containing Confidential testimony shall be separately bound from any other pages, and any transcript pages containing Highly Confidential testimony shall be separately bound from any other pages. Any separately bound transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" testimony. The Designating Party shall inform the court reporter of these requirements.

5.5     Inadvertent Failure to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VI.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Receiving Party may challenge a designation of Protected Material pursuant to paragraphs 6.2 and 6.3 below. Unless a prompt challenge is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a designation by not challenging it promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party that (a) identifies each designation it is challenging, (b) describes the basis for each challenge, and (c) recites that the challenge is being made in accordance with this paragraph. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of

communication are not sufficient) within 7 days of service of the written notice. In conferring, the Challenging Party must explain the basis for its challenge and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner or, following the meet and confer, the parties cannot resolve a challenge without court intervention.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge. In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's

designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material or any other material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Protected Material may be disclosed only to the categories of persons and under the conditions in this Stipulated Protective Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order. When the litigation has been Terminated, a Receiving Party must comply with Section 12 below. For the avoidance of doubt, nothing herein shall impose any restriction on the use or disclosure by any Party of documents or information obtained lawfully independently of discovery proceedings in this action.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or agreed in writing or on the record by the Designating Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's officers, directors, or employees to whom disclosure is reasonably necessary for the prosecution, defense, or attempted settlement of this litigation;

(b)     the Receiving Party's Outside Counsel of Record and House Counsel in this action, as well as paralegal, secretarial, and clerical employees of such counsel and/or Professional Vendors retained by such counsel who are actively involved in this litigation and to whom it is reasonably necessary to disclose the information for the prosecution, defense, or attempted settlement of this litigation;

(c)     the Receiving Party's testifying or consulting Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters (including their staff) retained in connection with a

deposition or hearing in this litigation;

(f) professional jury or trial consultants and mock jury participants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or agreed in writing or on the record by the Designating Party, a Receiving Party may disclose information or items designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as paralegal, secretarial, and clerical employees of such counsel and/or Professional Vendors retained by such counsel who are actively involved in this litigation and to whom it is reasonably necessary to disclose the information for the prosecution, defense, or attempted settlement of this litigation;

(b) the Receiving Party's testifying or consulting Experts to whom disclosure is reasonably necessary for the prosecution, defense, or attempted settlement this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff in this litigation (whether at deposition or pretrial proceedings);

(e) professional jury or trial consultants and mock jury participants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS

8.1     If a Receiving Party is served with a subpoena or a court order issued in another proceeding that compels disclosure of Protected Material, that Party must: (a) promptly notify the Designating Party in writing, which shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other proceeding that some or all of the material sought by the subpoena or order is subject to this Protective Order, which notice shall include a copy of this Stipulated Protective Order; and (c) cooperate with all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2     If the Designating Party timely seeks a protective order in the other proceeding, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission in writing.  The Designating Party shall bear the burden and expense of seeking protection in the other proceeding.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1     This Stipulated Protective Order is applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections from the Court.

9.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the

information requested is subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the Non-Party.

9.3     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

X.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10.1     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person(s) execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

XI.     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or

information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in this Stipulated Protective Order.

## XII. MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  No party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material.  A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

## XIII. FINAL DISPOSITION

13.1    Within 30 days after the Termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that (1)

identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  5/22/2025              /s/ Marc Toberoff
                                Attorneys for Plaintiffs

DATED:  5/22/2025              /s/ Jordan Eth
                                Attorneys for OpenAI Defendants

DATED:  5/22/2025              /s/ Howard M. Ullman
                                Attorneys for Microsoft Defendants


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____  _____
                                Hon. Yvonne Gonzalez Rogers
                                United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Musk et al. v. Altman et al.,* Case No. 4:24-cv-04722-YGR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
      [printed name]

Signature: _____
      [signature]

**SIGNATURE ATTESTATION**

I hereby attest that the signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.


Dated:  5/22/2025                                    /s/ Jordan Eth