| | |
|---|---|
| RUSSELL P. COHEN (SBN 213105)<br>Russ.cohen@dechert.com<br>HOWARD M. ULLMAN (SBN 206760)<br>Howard.ullman@dechert.com<br>DECHERT LLP<br>45 Fremont Street, 26th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 262-4500<br>Facsimile: (415) 262-45555<br><br>NISHA PATEL (SBN 281628)<br>Nisha.patelgupta@dechert.com<br>DECHERT LLP<br>633 West 5th Street, Suite 4900<br>Los Angeles, CA 90071<br>Telephone: (213) 808-5700<br>Facsimile: (213) 808-5760 | ANDREW J. LEVANDER (admitted *pro hac vice*)<br>Andrew.levander@dechert.com<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 698-3500<br>Facsimile: (212) 698-3599<br><br>JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)<br>Jay.jurata@dechert.com<br>DECHERT LLP<br>1900 K Street, N.W.<br>Washington, DC 20006<br>Telephone: (202) 261-3300<br>Facsimile: (202) 261-3333 |

*Attorneys for Defendants Microsoft Corporation, Reid Hoffman, and Deannah Templeton*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAMUEL ALTMAN, et al.,<br><br>    Defendants. | Case No. 4:24-cv-04722-YGR<br><br>Judge Yvonne Gonzalez Rogers<br><br>**DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS SECOND AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      July 15, 2025<br>Time:     2:00 p.m.<br>Place:    Courtroom 1 (4th Floor)<br>           1301 Clay St.<br>           Oakland, CA 94612<br><br>Action filed:  August 5, 2024 |

# NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN THAT, on July 15, 2025, at 2:00 p.m., before Judge Yvonne Gonzalez Rogers in Courtroom 1 of the U.S. District Court for the Northern District of California, 1301 Clay Street, Oakland, California, Defendant Microsoft Corporation will and does move this Court, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), for an order dismissing with prejudice Counts 20 and 21 of the Second Amended Complaint ("SAC") in this action, dated May 22, 2025.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings, records and papers on file, including the OpenAI Defendants' Motion to Dismiss the SAC and their Memorandum in Support Thereof, and such other argument and materials as may be presented before the Court takes this matter under submission.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Plaintiffs' claims against Microsoft for violations of RICO Sections 1962(c)-(d) (Counts 20-21) should be dismissed for failure to adequately plead the operation of an enterprise through racketeering activity, the specific intent of or any predicate acts with the necessary particularity by Microsoft, or how Microsoft conducted OpenAI's affairs in a manner RICO was intended to reach.

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ........................................................................................ i

STATEMENT OF ISSUES TO BE DECIDED ........................................................................... ii

I.      INTRODUCTION ............................................................................................................. 1

II.     BACKGROUND ............................................................................................................... 1

III.    LEGAL STANDARD ........................................................................................................ 4

IV.    ARGUMENT .................................................................................................................... 4

       A.      The SAC Fails to State Any RICO Claim (Counts 20-21) ..................................... 4

       B.      The SAC Fails to State a RICO Claim Against Microsoft (Counts 20-21) ............ 5

             1.      The SAC Does Not Allege with Particularity Predicate Offenses by Microsoft ..................................................................................................... 5

             2.      The SAC Does Not Allege Microsoft's Specific Intent .............................. 6

             3.      The SAC Does Not Allege Microsoft's Participation in the Operation or Management of a RICO Enterprise ........................................ 7

             4.      The SAC Does Not Allege a Section 1962(d) Conspiracy ......................... 8

V.     CONCLUSION .................................................................................................................. 8

- iii -

DEFENDANTS MICROSOFT CORPORATION'S NOTICE OF MOTION TO DISMISS SAC AND
MEMORANDUM IN SUPPORT                                                                              4:24-CV-04722-YGR

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft* v. *Iqbal*,
556 U.S. 662 (2009) .................................................................................................................. 4

*Coronavirus Rep. v. Apple, Inc.*,
85 F.4th 948 (9th Cir. 2023) ..................................................................................................... 5

*Eclectic Props. E., LLC* v. *Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) ................................................................................................. 5, 6

*Ferrari* v. *Mercedes-Benz USA, LLC*,
2016 WL 7188030 (N.D. Cal. Dec. 12, 2016) .......................................................................... 7

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .................................................................................................. 5

*Lewis v. Sporck*,
612 F. Supp. 1316 (N.D. Cal. 1985) ......................................................................................... 8

*McLaughlin v. Anderson*,
962 F.2d 187 (2d Cir. 1992) ..................................................................................................... 6

*Reves v. Ernst & Young*,
507 U.S. 170 (1993) .................................................................................................................. 7

*Sanford* v. *MemberWorks, Inc.*,
625 F.3d 550 (9th Cir. 2010) .................................................................................................... 8

*Semegen* v. *Weidner*,
780 F.2d 727 (9th Cir. 1985) .................................................................................................... 4

*Ebeid ex rel. United States* v. *Lungwitz*,
616 F.3d 993 (9th Cir. 2010) .................................................................................................... 4

*Walter v. Drayson*,
538 F.3d 1244 (9th Cir. 2008) .................................................................................................. 7

**Statutes**

RICO Section 1962(c) ............................................................................................................... 2, 7

RICO Section 1962(d) ............................................................................................................... 2, 8

## I. INTRODUCTION

Plaintiffs have tried for the third time to stretch complex theories of a primarily criminal statute around what is at heart a civil dispute over the founding of a legitimate venture. But the RICO claims simply do not fit the alleged facts set forth in the Second Amended Complaint ("SAC"). There is no allegation in the SAC or elsewhere that Microsoft committed any alleged predicate acts, that Microsoft had any intent to defraud, or that Microsoft participated in any RICO enterprise. The facts alleged by Plaintiffs do not state civil RICO claims against Microsoft, and Counts 20 and 21 in the SAC should be dismissed.

Dismissal of the SAC on these grounds is consistent with the Court's reasons for dismissing the First Amended Complaint ("FAC"). This Court dismissed Plaintiffs' RICO claims in the FAC because Plaintiffs failed to allege facts to "identify how the named defendants operated the entity ***through a pattern*** of racketeering activity." Dkt. 163 at 10. Plaintiffs have not alleged any specific new facts that show any pattern of racketeering activity, and certainly none involving Microsoft. They have added no allegations that (i) Microsoft undertook even a single predicate act, much less a pattern of racketeering activity, (ii) Microsoft had specific intent to defraud, or (iii) Microsoft participated in the operation of a RICO enterprise. Consistent with the Court's dismissal of the RICO claims in the FAC, each of these defects precludes the RICO claims against Microsoft in the SAC.[1] The RICO claims have no place in this dispute and Counts 20 and 21 should be dismissed with prejudice.[2]

## II. BACKGROUND

In August 2024, Elon Musk filed the first federal complaint against Samuel Altman, Gregory Brockman, and the OpenAI defendants. That lawsuit contained a variety of causes of

---

[1] Microsoft also joins the OpenAI Defendants' arguments in their Motion to Dismiss the SAC's RICO claims. These arguments include: (1) the SAC does not allege a pattern of racketeering, (2) even if a pattern is alleged, it is not the conduct of an enterprise but the conduct of Altman and Brockman as individuals, and (3) the SAC does not allege a RICO enterprise distinct from the persons alleged to have conducted its affairs.

[2] Microsoft is simultaneously filing its Answer to the other Phase I claims against it. The remaining allegations in the SAC relate to claims that have either been dismissed or were stayed at the direction of the Court on April 4, 2025. Microsoft will answer these allegations if and when ordered to do so by the Court.

action related to what is at the center of this dispute: the enforceability of alleged promises Altman and Brockman made to Musk. Dkt. 1. At the same time, the complaint attempted to transform Musk's core dispute into a sprawling and implausible RICO scheme, claiming Altman's and Brockman's purportedly fraudulent misrepresentations in OpenAI's early years as both the purported predicate acts and pattern of racketeering activity. While the complaint also detailed Musk's displeasure with OpenAI and Microsoft's relationship, it did not name Microsoft as a defendant—which made sense, as Microsoft was not a party to the alleged promises or any of the alleged misconduct. *Id*.

The FAC, filed in November 2024, added eleven new counts and named Microsoft as a defendant for the first time. FAC, Dkt. 32. The basis for the claims, including the RICO counts, remained the core dispute between Altman, Brockman, and Musk. The FAC—still grounding its RICO predicate acts and pattern of racketeering activity on the allegedly fraudulent representations by Altman and Brockman to Musk—now also named Microsoft as a participant in the scheme because of a 2019 commercial agreement (an agreement that came well after the alleged fraudulent representations) between Microsoft and OpenAI. FAC ¶¶ 486-506. The FAC added conclusory allegations that Microsoft was "aware of, benefitted from, and aided and abetted the continuation of this unlawful conduct by, without limitation, providing the capital, corporate structure(s), and advice and encouragement to exploit OpenAI, Inc. and its assets for Defendant's enrichment rather than the public's benefit." *Id*. ¶ 496.

This Court found that the FAC failed to allege that Defendants operated a RICO enterprise through a pattern of racketeering activity and dismissed the RICO and RICO conspiracy claims. Dkt. 163 at 9-10. In doing so, the Court noted that "[t]he development of technology and creation of various corporate subsidiaries are not predicate acts, and the other allegations are not tethered to the enterprise's conduct." Dkt. 163 at 10. Although the Court granted leave to amend sections 1962(c) and (d), it directed Plaintiffs to "demonstrate how the defendants named under Section 1962(c) conducted OpenAI's affairs in a manner RICO was intended to reach." Dkt. 163 at 10.

Relatedly, the Court dismissed the aiding and abetting fraud claim (Count 8) against Microsoft, finding that Microsoft's alleged involvement occurred after the timeframe of the

- 2 -

alleged fraud, and the later involvement "cannot give rise to liability for an earlier fraudulent promise." Dkt. 163 at 6. So, not only had Plaintiffs failed to adequately plead RICO claims, they also had failed to show that Microsoft could be liable for the alleged predicate acts when it was not yet on the scene.

Contrary to the Court's Order, Plaintiffs' SAC does not add any new factual allegations as to the "Wire Fraud Predicate Offenses," which are the only predicate acts the SAC specifically identifies. *Compare* FAC, Dkt. 32 ¶¶ 486-502, *with* SAC, Dkt. 170 ¶¶ 421-43. Those predicate offenses continue to rely entirely on the theory that Altman and Brockman made fraudulent representations to Musk before Microsoft's 2019 agreement with OpenAI. As to Microsoft, the SAC maintains the FAC's boilerplate assertions that Altman and Brockman acted "in concert with" Microsoft to invest Musk's funds (SAC ¶ 427), that all Defendants made unspecified false or misleading representations online about OpenAI at some unspecified time between 2015 and today (*id*. ¶ 428), and that Microsoft was "aware of, benefitted from, and aided and abetted" unlawful conduct (*id*. ¶ 431), "acted in concert" with the OpenAI Defendants (*id*. ¶ 433, 436) and provided "assistance" to Altman (*id*. ¶ 435). In Plaintiffs' own words, the alleged "predicate acts by Microsoft . . . were committed by Altman, Brockman, and/or representatives of [OAI] entities acting through, or on behalf of and for the benefit of those [OAI] entities"—not by Microsoft. *Id*. ¶ 437.

The SAC also makes no new factual allegations as to the "Pattern of Racketeering Activity," adding only two words to the entire section. *Id*. ¶ 439 (adding "cognizable") and ¶ 440 (adding "repeatedly"). As in the FAC, the pattern of racketeering activity that Plaintiffs allege consists solely of Altman's and Brockman's allegedly fraudulent representations to Musk pre-Microsoft. *Id*. ¶ 438-441. Plaintiffs yet again claim that Altman and Brockman solicited donations with fraudulent representations (*id*. ¶ 445(a)) and made continued misrepresentations to Musk in 2017 (*id*. ¶ 445(b))—before Microsoft's involvement in 2019. That leaves the following RICO allegations as to Microsoft:[3]

---

[3] The SAC is unclear whether these allegations are directed towards Microsoft and/or the For-Profit Entities.

- 3 -

- Microsoft and/or the For-Profit Entities "knowingly provid[ed] capital, corporate structure and advice and encouragement" to Altman and Brockman (*id.* ¶ 446(a));
- Microsoft and/or the For-Profit Entities "facilitate[ed] and conceal[ed] Defendants' profiteering" (with no details as to how) (*id.* ¶ 446(b));
- Microsoft and/or the For-Profit Entities "siphon[ed] off and exploit[ed] OpenAI, Inc.'s valuable AI/AGI technology and . . . personnel" (*id.* ¶ 446(c)), and;
- Microsoft and/or the For-Profit Entities "execut[ed] the reshuffling of OpenAI, Inc.'s assets" (*id.* ¶ 446(d)).

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In addition, any claim grounded in allegations of fraud or false representations must satisfy Rule 9(b)'s heightened pleading standard. The complaint must plead with particularity "what is false or misleading about a statement, and why it is false." *Ebeid ex rel. United States* v. *Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (citation omitted). And it must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen* v. *Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

## IV. ARGUMENT

### A. The SAC Fails to State Any RICO Claim (Counts 20-21)

Despite the Court's requirement to show how Defendants "operated the entity ***through a pattern*** of racketeering activity," Dkt. 163 at 10, Plaintiffs' SAC fails to plausibly allege that purported misrepresentations that Altman and Brockman supposedly made to Musk amounts to operating a RICO enterprise through a pattern of racketeering activity. As laid out in more detail

- 4 -

1  in the OpenAI Defendants' Memorandum in Support of their Motion to Dismiss, Plaintiffs' SAC does not allege facts that constitute a pattern of racketeering—*i.e.* a pattern of predicate fraudulent acts. And, as OpenAI demonstrates, even if Plaintiffs have alleged a pattern of racketeering, Plaintiffs do not plead any conduct of the alleged enterprise, OpenAI, Inc., but instead only plead the actions of individuals, Altman and Brockman, conducting their own affairs. Additionally, the SAC —which alleges that the Defendants operate together as a unitary enterprise—negates the requirement that a RICO enterprise be distinct from the "persons" alleged to have conducted its affairs. (*See* OAI Brief at 8-14).

### B. The SAC Fails to State a RICO Claim Against Microsoft (Counts 20-21)

In addition to the reasons stated in the OpenAI Defendants' Memorandum, Counts 20 and 21 fail specifically as to Microsoft. The SAC, like the FAC before it, does not plead any predicate acts by Microsoft, much less with the necessary particularity; does not allege Microsoft's specific intent to defraud; and does not allege Microsoft's participation in the operation of the purported RICO enterprise. Because the RICO claim fails, so too does the conspiracy to commit RICO claim.

#### 1. The SAC Does Not Allege with Particularity Predicate Offenses by Microsoft

The RICO statute requires plaintiffs to plead a pattern of racketeering activity (known as "predicate acts") undertaken specifically by Microsoft. *See Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023). When, as here, plaintiffs base the alleged pattern of racketeering activity on wire fraud, plaintiffs must plead, with heightened particularity, "(A) the formation of a scheme to defraud, [and] (B) the use of the . . . wires in furtherance of that scheme." *Eclectic Props. E., LLC* v. *Marcus & Millichap Co.,* 751 F.3d 990, 997 (9th Cir. 2014). Plaintiffs must also sufficiently plead specific intent to defraud. *Id*. The pattern of racketeering must specifically include at least two predicate acts by each defendant. *See id*. at 995 n.5, 997.

Here, the only predicate acts Plaintiffs allege are emails between Altman, Brockman, and Musk involving "repeated misrepresentations" to induce Musk's "financial and other

- 5 -

DEFENDANTS MICROSOFT CORPORATION'S NOTICE OF MOTION TO DISMISS SAC AND
MEMORANDUM IN SUPPORT                                                          4:24-CV-04722-YGR

contributions" to OpenAI, and allegedly false online marketing statements. SAC ¶¶ 421-22, 428.[4] That these are the only predicate acts is clear on the face of the SAC: "[t]he predicate acts by Microsoft . . . were committed by Altman, Brockman, and/or representatives of [OAI] entities," *not* by Microsoft. *Id*. ¶ 437. Because the SAC fails to allege that Microsoft itself committed ***any*** predicate acts, the Court should dismiss with prejudice Counts 20 and 21 as to Microsoft. *See McLaughlin v. Anderson*, 962 F.2d 187, 192 (2d Cir. 1992) ("the bare minimum of a RICO charge is that a defendant personally committed or aided and abetted the commission of two predicate acts").

The Court's reason for dismissing FAC's Count 8 also supports dismissing the RICO claim against Microsoft. Dkt. 163 at 6. As this Court already ruled, Microsoft could not plausibly have aided or abetted Altman or Brockman's alleged fraud because the alleged fraudulent statements preceded Microsoft's involvement with OpenAI, and Microsoft's later activity "cannot give rise to liability for an earlier fraudulent promise." *Id*. For the same reason, Plaintiffs cannot repurpose those failed fraud allegations as to Microsoft to support the predicate fraud underlying the SAC's equally flawed RICO claim against Microsoft. For these reasons too, the Court should dismiss Count 20 as to Microsoft for failure to adequately plead any predicate or aiding and abetting predicate acts by Microsoft. *See McLaughlin*, 962 F.2d at 192.

### 2.     The SAC Does Not Allege Microsoft's Specific Intent

To state a RICO claim, Plaintiffs must also plead Microsoft's "specific intent to defraud." *Eclectic Props.,* 751 F.3d at 997. Given the SAC bases its RICO claims on events that preceded Microsoft, it is not surprising that the SAC claims Altman and Brockman had a "specific intent to defraud Musk," (SAC ¶ 423) but remains silent on any such intent by Microsoft.

Nor can Plaintiffs infer intent to defraud as to Microsoft because this Court has already ruled that Microsoft was not a knowing participant in the allegedly fraudulent misrepresentations, and the SAC adds no new allegations that would alter that ruling. Dkt. 163 at 6; *See Eclectic*

---

[4] The allegations about false and/or misleading statements in SAC ¶ 428 contain no information about what the statements said, when they were made, where they were made, or who made them, and as such, fall far short of the particularity required to plead wire fraud. *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1126 (9th Cir. 2009).

- 6 -

*Props.,* 751 F.3d at 997 (affirming dismissal of RICO claims for lack of specific intent where factual allegations did not show "the existence of a plausible fraudulent scheme" in which the defendant participated). The SAC does not allege Microsoft's specific intent to defraud, requiring dismissal of Count 20 for this additional reason.

### 3. The SAC Does Not Allege Microsoft's Participation in the Operation or Management of a RICO Enterprise

Separately, Plaintiffs' 1962(c) claim fails as to Microsoft because the SAC does not allege facts establishing that Microsoft participated in the operation or management of a RICO enterprise, "not just [its] *own* affairs." *Ferrari* v. *Mercedes-Benz USA, LLC*, 2016 WL 7188030, at *2 (N.D. Cal. Dec. 12, 2016) (citations omitted); *see also Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008) (dismissing claim for failure to allege that defendants had a part in directing the enterprise's affairs). None of the SAC's minimal additions comes anywhere close to suggesting that Microsoft participated in the operation or management of a RICO enterprise.

Only one paragraph attempts to allege Microsoft's participation in the enterprise, and that falls far short. *See* SAC ¶ 446. As shown above, *see supra* at p. 3-4, that paragraph makes only vague, conclusory, and insufficient allegations that some combination of the For-Profit Entities and Microsoft "knowingly provid[ed] the capital, corporate structure(s), and advice and encouragement" and were "vital participants in siphoning off and exploiting OpenAI, Inc's valuable AI/AGI technology" SAC ¶ 446(a), (c). Inflammatory characterization aside, this simply alleges that Microsoft provided OpenAI with needed investment capital (SAC ¶¶ 157, 216) and, in return, OpenAI licensed its GenAI technology to Microsoft (SAC ¶ 131). That allegation amounts to nothing more than Microsoft's normal business activity, with no relation to the purported "racketeering activity" alleged against Altman and Brockman. It therefore does not suffice to allege participation in a RICO enterprise. *See Reves v. Ernst & Young*, 507 U.S. 170, 184 (1993); *Ferrari,* 2016 WL 7188030, at *3 (dismissing a claim where allegations were insufficient to show that the defendants "conducted or participated in the conduct of a racketeering enterprise, rather than just the business of [their company] separate and apart from any alleged racketeering acts.").

- 7 -

As this Court has already observed, the RICO statute is designed to address a specific pattern of racketeering conduct. Dkt. 163 at 10. Applying the RICO laws to Microsoft's arm's length business contracts with OpenAI distorts the law's purpose. *See Reves*, 507 U.S. at 184 ("[I]t is clear that Congress did not intend to extend RICO liability under § 1962(c) beyond those who participate in the operation or management of an enterprise through a pattern of racketeering activity."). This supplies yet another reason requiring dismissing Count 20 as to Microsoft.

### 4. The SAC Does Not Allege a Section 1962(d) Conspiracy

Finally, the SAC's Section 1962(d) claim fails as to Microsoft because a RICO conspiracy claim cannot survive when the underlying RICO claim fails. *See Sanford* v. *MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010). Despite multiple attempts, Plaintiffs still plead no facts showing that Microsoft knew about or agreed to facilitate the alleged RICO scheme. *See Lewis v. Sporck*, 612 F. Supp. 1316, 1325 (N.D. Cal. 1985). As a result, Count 21 should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Microsoft's Motion to Dismiss SAC Counts 20 and 21 without leave to amend.

- 8 -

| | | |
|---|---|---|
| DATED: June 5, 2025 | | Respectfully Submitted, |
| | | DECHERT LLP |
| | By: | */s/ Russell P. Cohen* |
| | | Russell P. Cohen (SBN 213105) |
| | | Russ.cohen@dechert.com |
| | | Howard M. Ullman (SBN 206760) |
| | | Howard.ullman@dechert.com |
| | | 45 Fremont Street, 26th Floor |
| | | San Francisco, CA 94105 |
| | | Telephone: (415) 262-4500 |
| | | Facsimile: (415) 262-45555 |
| | | |
| | | Nisha Patel (SBN 281628) |
| | | Nisha.patelgupta@dechert.com |
| | | DECHERT LLP |
| | | 633 West 5th Street, Suite 4900 |
| | | Los Angeles, CA 90071 |
| | | Telephone: (213) 808-5700 |
| | | Facsimile: (213) 808-5760 |
| | | |
| | | Andrew J. Levander (admitted *pro hac vice*) |
| | | Andrew.levander@dechert.com |
| | | DECHERT LLP |
| | | Three Bryant Park |
| | | 1095 Avenue of the Americas |
| | | New York, NY 10036 |
| | | Telephone: (212) 698-3500 |
| | | Facsimile: (212) 698-3599 |
| | | |
| | | John (Jay) Jurata, Jr. (admitted *pro hac vice*) |
| | | Jay.jurata@dechert.com |
| | | DECHERT LLP1900 K Street, N.W. |
| | | Washington, DC 20006 |
| | | Telephone: (202) 261-3300 |
| | | Facsimile: (202) 261-3333 |
| | | |
| | | *Attorney for Defendants Microsoft Corporation, Reid Hoffman, and Deannah Templeton* |