**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | Judge Yvonne Gonzalez Rogers |
| v. | **[PROPOSED] ORDER GRANTING DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS** |
| SAMUEL ALTMAN, et al., | |
| Defendants. | **Date:** July 15, 2025<br>**Time:** 2:00 p.m.<br>**Place:** Courtroom 1 (4th Floor)<br>1301 Clay St.<br>Oakland, CA 94612 |

**[PROPOSED] ORDER**

Defendant Microsoft Corporation has moved the Court, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), to dismiss Counts 20 and 21 of the Second Amendment Complaint ("SAC") filed in this action on May 22, 2025 (Dkt. No. 170).

Having considered all the papers filed by the parties in connection with Microsoft's motion, and the parties' argument at the hearing on this matter, Microsoft's motion to dismiss is GRANTED, and Counts 20 and 21 against Microsoft in the SAC are DISMISSED WITH PREJUDICE.

**BACKGROUND**

This litigation began on August 5, 2024, when Plaintiff Elon Musk filed a complaint against Defendants Sam Altman, Greg Brockman, OpenAI, Inc., and several affiliated entities (the "OpenAI Defendants"). Dkt. No. 1. The OpenAI Defendants moved to dismiss all counts on October 8, 2024, Dkt. No. 25, and Musk withdrew the original complaint and filed an amended complaint on November 14, 2024. Dkt. No. 32. The FAC asserted a total of 26 claims, including 16 that named Microsoft. The Court ruled on the parties' motions to dismiss the FAC on May 1, 2025, dismissing some counts with prejudice, and other counts (3, 25 and 26) with leave to amend. On May 22, 2025, Plaintiffs filed a Second Amended Complaint (SAC), repleading Counts 3, 25, and 26, which became Counts 3 (breach of the implied covenant of good faith and fair dealing against Altman and OpenAI, Inc.), 20 and 21 (RICO Section 1962(c) and (d) against Altman, Brockman, Microsoft, and the For-Profit Entities) in the SAC.

**ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Antitrust claims must also be economically plausible, *see Twombly*, 550 U.S. at 556, and claims grounded in allegations of fraud or false representations must satisfy Rule 9(b)'s heightened pleading standard requiring a party to plead with particularity "what is false or misleading about a statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)

1  (citation omitted). Plaintiffs' Counts 20 and 21 of the SAC against Microsoft fail to meet these
2  standards.

3  **I.     RICO CLAIMS**

4      **a.  Section 1962(c) (Count 20)**

5  Count 20 alleges that Musk was induced to make "significant financial and other
6  contributions," SAC ¶ 421, through a pattern of wire fraud activity that Microsoft "participated as
7  a principal" in violation of 18 U.S.C. § 1962(a-c). SAC ¶ 441. This claim fails against all
8  Defendants because Plaintiffs have not pled a pattern of racketeering activity, the conduct of an
9  enterprise, or a distinct RICO enterprise. The claims also fail against Microsoft specifically for
10 multiple reasons. First, Plaintiffs have not sufficiently pled wire fraud as a RICO predicate against
11 Microsoft. Second, Plaintiffs have not sufficiently pled that Microsoft had the requisite specific
12 intent to defraud. Third, Plaintiffs plead no facts that establish Microsoft was a member of a RICO
13 enterprise and "participat[ed] in [its] operation or management," "not just [its] own affairs."
14 *Ferrari* v. *Mercedes-Benz USA, LLC*, 2016 WL 7188030, at *2 (N.D. Cal. Dec. 12, 2016)
15 (citations omitted).

16     **b.  Section 1962(d) (Count 21)**

17 Count 21 alleges that the Defendants including Microsoft have "undertaken the wrongful
18 acts described in Count [20] above as part of a common scheme" in violation of 18 U.S.C. §
19 1962(d). SAC ¶ 455. This claim fails because a RICO conspiracy claim cannot survive when the
20 underlying RICO claim falls, *see Sanford* v. *MemberWorks, Inc.,* 625 F.3d 550, 559 (9th Cir.
21 2010), and Plaintiffs fail to plead any facts showing Microsoft's knowledge of and agreement to
22 facilitate the alleged scheme. *See Lewis v. Sporck*, 612 F. Supp. 1316, 1325 (N.D. Cal. 1985).

23 **CONCLUSION**

24 For the foregoing reasons, Microsoft's motion to dismiss is GRANTED, and Counts 20
25 and 21 against Microsoft in the SAC are DISMISSED WITH PREJUDICE.

26
27
28

**IT IS SO ORDERED** this _____ day of _____, 2025.

By: _____
The Honorable Yvonne Gonzalez Rogers
United States District Court Judge