VIA CM/ECF

June 20, 2025

The Honorable Yvonne Gonzalez Rogers
District Judge of the Northern District of California
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street, Oakland, CA 94612

Re:     *Musk, et al.* v. *Altman, et al.*, Case No. 4:24-cv-04722-YGR

Dear Judge Gonzalez Rogers,

Pursuant to Paragraph 8(b) of the Court's Standing Order in Civil Cases, the OpenAI Defendants respectfully submit this letter brief to seek the Court's assistance with two discovery issues on which they have reached impasse: (i) Plaintiff Musk's unwillingness to collect and search—as a component of party discovery—all of his relevant personal devices and business email accounts maintained at any of his entities; and (ii) Plaintiffs' refusal to facilitate service of a subpoena on Jared Birchall.

Counsel for the OpenAI Defendants (William Frentzen, David Wiener, Bradley Wilson, and Nathaniel Cullerton) and Plaintiffs (Jaymie Parkkinen and Spencer Gibbs) met and conferred by videoconference on June 12 and June 13 and exchanged correspondence both before and after conferencing in an effort to resolve these disputes. The OpenAI Defendants and Plaintiffs have been unable to reach agreement on these issues as detailed below.

Counsel for the OpenAI Defendants are mindful of the joint letter procedure outlined in Paragraph 8(b) of the Court's Standing Order and attempted to comply with it. Counsel for the OpenAI Defendants provided Plaintiffs' counsel with a draft of this letter brief on Wednesday, June 18. Counsel for the OpenAI Defendants told Plaintiffs' counsel that the OpenAI Defendants intended to file the letter brief today and asked that Plaintiffs' counsel provide a draft of their section by today. Counsel for the OpenAI Defendants reiterated their request for Plaintiffs' section yesterday and followed up again this afternoon, but Plaintiffs have not provided their section or even acknowledged those follow-up messages. Therefore, the OpenAI Defendants have proceeded with filing this letter brief without a statement on Plaintiffs' behalf.

## OpenAI Defendants' Statement

***Background.*** Elon Musk brought this case, which is proceeding on an expedited schedule that includes a July 14 deadline for the substantial completion of document discovery. That deadline is now only 24 days away, and despite the diligent efforts of the OpenAI Defendants, Musk and his controlled entities have not complied with even the most basic discovery obligations.

The OpenAI Defendants served party discovery on April 7 and began serving subpoenas on Musk's companies on April 8. More than two months later, Musk, xAI, and Shivon Zilis have produced only 345 total documents—a pre-packaged set of emails that were compiled last year, long before discovery opened in this case, to use in court filings. Musk's companies, meanwhile, have produced zero documents: nothing from Musk's accounts; nothing from any other custodian; and no documents related to the donations Musk alleges. Musk's trial counsel has also refused to accept service of a subpoena on Jared Birchall—the head of Musk's family office, Treasurer of Musk's private foundation, CEO of Musk-owned Neuralink, and CFO of Plaintiff xAI—even though that same counsel represents three of those entities in this case. Depositions start in less than six weeks.

Although it took several weeks of asking questions for the OpenAI Defendants to uncover the facts, it is now clear that Musk and his counsel do not plan to collect any documents from Musk. They have not collected and are refusing to collect, review, or produce emails that Musk sent or received using his Tesla, SpaceX, Neuralink, xAI, Excession (Musk's family office), and Musk Foundation email accounts—even though Musk uses these accounts as his principal means of communication, including about OpenAI, and could with a snap of his fingers cause the responsive files to be turned over. Musk has forced the OpenAI Defendants to instead pursue third-party subpoenas, only to then play a shell game, working with the entities to resist discovery. These entities have missed deadlines; complained about resource constraints; and claimed non-party status to try to limit their obligations.

The OpenAI Defendants, by contrast, are working hard to satisfy their discovery obligations. They have communicated their positions on scope with clarity from the outset and have promptly responded to concerns raised by Plaintiffs—offering compromises where appropriate. The OpenAI Defendants have also agreed to review tens of thousands of emails, Slack messages, and electronic files from directors and executives, plus text messages from Sam Altman and Greg Brockman and extensive other corporate records.

Musk's refusal to treat discovery as a two-way street is familiar. In the lawsuit arising out of Musk's acquisition of Twitter, the court criticized Musk's "discovery conduct" as "suboptimal," finding that Musk "fell short in [his] obligations" despite having "far less to do" in document discovery, *Twitter, Inc.* v. *Musk*, Dkt. 221, C.A. No. 2022-0613-KSJM (Del. Ch. Aug. 23, 2022). More recently, in a case pending in this District, Judge Breyer ordered Musk to reappear for questioning after Musk walked out in the middle of his own deposition without any explanation. *See Pampena* v. *Musk*, No. 22-cv-05937, Dkt. 202, 204, 206 (N.D. Cal.). Musk is once again stonewalling in this case, but now doing so as *plaintiff*—while seeking to impose substantial burdens on others.

Against this backdrop, the OpenAI Defendants seek an order (i) compelling Musk to collect and search as a component of party discovery all of his relevant personal devices and email accounts maintained at any of his entities; and (ii) requiring Plaintiffs to facilitate Birchall's prompt compliance with the OpenAI Defendants' subpoena.

***Musk's Email Accounts***. Rule 34 obligates parties to collect, search, and review documents in their "possession, custody, or control." An individual in a position of control over a corporate entity—as Musk is with respect to each of his companies and entities—has custody or control of the entity's documents. *See, e.g.*, *Welter* v. *Hurt*, 2024 WL 5372778, at *6 (C.D. Cal. Oct. 25, 2024) (individual "control[le]d any responsive documents [his entity] may possess because he owned the company" and held "roles as CEO, president, treasurer, and director") (collecting cases).

Contradicting his current position, Musk has previously submitted sworn affidavits—one executed personally—acknowledging his unique and total control over his business email accounts. *See, e.g.*, *Twitter, Inc.* v. *Musk,* Dkt. 513, C.A. No. 2022-0613-KSJM (Del. Ch. Sept. 15, 2022) (Musk Affidavit) ("Due to my role . . . nobody associated with Tesla is authorized to access my Tesla Email Accounts without my consent[.]"). And another court in this District recently rejected the very maneuver that Musk is attempting here, holding that "if [Musk] uses the business account somewhere else . . . then he's going to have to produce those business accounts." *X Corp.* v. *Bright Data Ltd.*, C.A. No. 3:23-cv-03698-WHA, Dkt. 237 at 7 (N.D. Cal. Mar. 12, 2025).

There is no legal or practical justification for Musk's failure to ensure a complete collection and review of his custodial documents from all of his controlled entities.

***Birchall.*** Birchall is an important witness to many relevant events. He has been Musk's right hand for years, with deep involvement in many of Musk's financial and business activities. For example, as Treasurer of the Musk Foundation and head of Musk's family office, Birchall facilitated the donations that Musk alleges to be at the heart of this dispute. And as CFO of Plaintiff xAI, Birchall is also likely to have been directly involved in Musk's sham bid to purchase OpenAI.

On June 13, 2025, the OpenAI Defendants sent a document and deposition subpoena for Birchall to Plaintiffs' counsel and asked them to accept service. This was an eminently reasonable request given Birchall's long-time association with Musk, his involvement in key events, and his senior position at entities that Musk controls and that Musk's counsel represents in this case. But Plaintiffs' counsel refused.

Musk and xAI have the power to facilitate service on Birchall. *See, e.g.*, *All-Tex, Inc.* v. *Aramsco, Inc.*, 2018 WL 11473762, at *2 (C. D. Cal. Mar. 14, 2018) ("[I]t is generally expected that a [party] may compel its employees to testify"). They should be ordered to do so promptly rather than requiring the OpenAI Defendants to chase Birchall's evidence.

\* \* \* \* \*

Prompt resolution of these critical threshold issues is needed to ensure that the OpenAI Defendants obtain a full and fair record before the expedited discovery window closes.

**VIA CM/ECF**

Sincerely,

*/s/ William Frentzen*
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
JORDAN ETH (CA SBN 121617)
JEth@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:(415) 268-7000
Facsimile: (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:(212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC*