# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | Assigned to Hon. Yvonne Gonzalez Rogers |
| v. | **[PROPOSED] ORDER DENYING MICROSOFT'S MOTION TO DISMISS COUNTS XX AND XXI** |
| SAMUEL ALTMAN, et al., | |
| Defendants. | Date: July 15, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 1 (4th Fl.)<br>1301 Clay St.<br>Oakland, CA 94612 |

## [PROPOSED] ORDER

Defendant Microsoft Corporation has moved the Court to dismiss the second amended complaint ("SAC") filed by Plaintiffs Elon Musk and X.AI Corp. on May 22, 2025, Dkts. 170, 173. Having considered the Motion, Plaintiffs' Opposition, the pleadings on file, and the arguments of counsel, the Court hereby **DENIES** the Motion.

## BACKGROUND

In 2015, Sam Altman, Greg Brockman, Ilya Sutskever, and Elon Musk launched OpenAI as a laboratory dedicated to developing safe and beneficial artificial general intelligence ("AGI") for the public good. Dkt. 170 ¶¶ 80-88, 91. Musk made substantial donations to OpenAI, Inc. from 2016 until September 2020, totaling over $44 million. *Id.* ¶ 94. In March 2023, Musk created X.AI Corp. ("xAI"), which now competes with OpenAI in the generative AI market. *Id.* ¶¶ 10, 224-25.

Musk filed this federal action on August 5, 2024. Dkt. 1. On November 14, 2024, he filed the FAC, including antitrust claims and adding as defendants Microsoft, Reid Hoffman, and Deannah Templeton. Dkt. 32. After granting in part and denying in part motions to dismiss filed by OpenAI and Microsoft, Dkt. 163, the Court granted Plaintiffs leave to amend Counts III (breach of the implied covenant of good faith and fair dealing), XX (RICO), and XXI (RICO conspiracy). *Id.* at 10-11. Microsoft has now filed a renewed motion to dismiss addressed to Counts XX and XXI. Dkt. 173.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded factual allegations as true and draw reasonable inferences in favor of the plaintiff. *See id.* "Dismissal for failure to state a claim is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks omitted). "[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the time, place, and specific content of the false

representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal citations omitted).

## ANALYSIS

After careful consideration of the parties' arguments and the allegations in the SAC, the Court finds that Plaintiffs have stated plausible claims against Microsoft sufficient to survive a motion to dismiss.

### I. RICO (Count XX)

Microsoft argues that the SAC fails to state a RICO claim because: (1) it does not allege that Microsoft committed predicate acts with specific intent; and (2) it does not plausibly allege that Microsoft operated the enterprise through a pattern of racketeering activity. The only defect identified by the Court in its order on Microsoft's prior motion to dismiss, and therefore the only proper subject of a renewed motion to dismiss, was Plaintiffs' failure to allege the conduct of an enterprise through racketeering activity. Dkt. 163 at 9-11. Nevertheless, for the sake of comprehensiveness, the Court addresses both of Microsoft's arguments.

#### A. The SAC Adequately Pleads Predicate Acts and Specific Intent.

The Court has already determined in its prior order that Plaintiffs adequately pled Microsoft's knowing participation and specific intent in the context of claims for tortious interference with contract and aiding and abetting breach of fiduciary duty. Dkt. 163 at 4-5, 8. These determinations applied to the same underlying conduct now alleged as RICO predicate acts.

The SAC alleges that Microsoft actively participated in a wire fraud scheme by: (1) using interstate wires to invest funds obtained through fraud while knowing of the fraudulent scheme, Dkt. 170 ¶ 427; (2) helping create an "opaque web of for-profit OpenAI affiliates" designed to siphon OpenAI, Inc.'s charitable assets, *id.* ¶¶ 5, 94, 446(d); and (3) making and causing to be made false representations via interstate wires to maintain the façade of OpenAI's charitable mission, *id.* ¶ 428. The SAC specifically alleges Microsoft acted "intentionally," "willfully," and "with intent or knowledge" in committing these acts. *Id.* ¶¶ 436-37, 441, 446.

Under *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007) (en banc), "specific intent to deceive or defraud [] requires only a showing of the defendants' state of mind, for which general allegations are sufficient." The SAC's allegations satisfy this standard.

### B. The SAC Adequately Pleads Operation of the Enterprise Through a Pattern of Racketeering.

In the Court's prior order, it directed Plaintiffs to "demonstrate how the defendants named under Section 1962(c) conducted OpenAI's affairs in a manner RICO was intended to reach." Dkt. 163 at 10. The SAC meets this requirement.

The SAC alleges Microsoft was not a passive investor but exercised operational control over OpenAI through: (1) its exclusive compute agreement, which gave it power over OpenAI's most critical resource, Dkt. 170 ¶¶ 110, 157; (2) board representation through Reid Hoffman, who served as a voting member on both Microsoft's and OpenAI Inc.'s boards, *id.* ¶¶ 161, 367; (3) forcible intervention when Sam Altman's dismissal threatened Microsoft's interests, resulting in the removal of independent board members and the installation of Microsoft's agent Deannah Templeton, *id.* ¶¶ 146-70; and (4) the systematic infiltration of OpenAI, Inc., *id.* ¶ 156 (Microsoft's CEO: "We are in there. We are below them, above them, around them.").

The Supreme Court has made clear that RICO reaches both "legitimate" and "illegitimate" enterprises. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 499 (1985). Here, the allegations demonstrate that Microsoft operated the enterprise to perpetuate systematic wire fraud and charitable asset diversion—precisely the type of conduct RICO was enacted to combat.

### II. RICO Conspiracy (Count XXI)

Even if the Court were to find the substantive RICO claim inadequate, however, the conspiracy claim survives. As the Supreme Court has explained concerning RICO, "It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues." *Salinas v. United States*, 522 U.S. 52, 65 (1997). As the Ninth Circuit has further explained, "[i]t is the mere agreement to violate RICO that § 1962(d) forbids; it is not necessary to prove any substantive RICO violations ever occurred as a result of the conspiracy." *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-75 (9th Cir. 2002).

The SAC alleges Microsoft's agreement to participate in the RICO conspiracy through its: (1) $13.75 billion investment in the for-profit scheme while knowing OpenAI purported to be a charity, Dkt. 170 ¶ 348; (2) purging of the charity's board when it threatened Microsoft's interests, *id.* ¶ 159; and (3) systematic conduct over multiple years demonstrating specific intent to further the fraudulent scheme. This pattern of coordinated activity establishes the requisite agreement through Microsoft's "words, actions, [and] interdependence of activities and persons involved." *Oki Semiconductor Co.*, 298 F.3d at 775.

## CONCLUSION

For the foregoing reasons, Microsoft's motion to dismiss is **DENIED**.

IT IS SO ORDERED this \_\_\_\_ day of _____, 2025.

_____
The Honorable Yvonne Gonzalez Rogers
United States District Court Judge