# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al.,<br><br>         Plaintiffs,<br><br>  v.<br><br>SAMUEL ALTMAN, et al.,<br><br>         Defendants. | Case No. 4:24-cv-04722-YGR<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE OPENAI DEFENDANTS' FIFTY-FIVE DEFENSES**<br><br>Date:    August 5, 2025<br>Time:   2:00 p.m.<br>Place:  Courtroom 1 (4th Fl.)<br>         1301 Clay St.<br>         Oakland, CA 94612 |

**[PROPOSED] ORDER**

This matter comes before the Court on Plaintiffs Elon Musk and X.AI Corp.'s Motion to Strike OpenAI Defendants' Fifty-Five Defenses pursuant to Federal Rules of Civil Procedure 8 and 12(f), and Civil Local Rule 7-2. The Court, having reviewed the Motion, all responses and replies thereto, the pleadings and papers on file, and the applicable law hereby **GRANTS** the Motion.

**BACKGROUND**

OpenAI's original answer contained twelve separately denominated defenses. Dkt. 147 at 94-96. Following the Court's granting in part and denying in part OpenAI's motion to dismiss, Dkt. 163, Plaintiffs filed their Second Amended Complaint ("SAC"), containing five fewer causes of action. Dkt. 170 at 1-2. OpenAI responded to this narrowed pleading by filing fifty-five separately denominated defenses. Dkt. 176 at 117-24. Thereafter, Plaintiffs brought this timely motion to strike.

**LEGAL STANDARD**

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994)). Because Rule 12(f) motions are disfavored, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

**ANALYSIS**

The Court holds that OpenAI's sixteen affirmative defenses (Nos. 4-6, 12-14, 16-18, 46-49, 51-52, and 55) fail to satisfy the plausibility standard established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). These defenses contain no factual allegations whatsoever and consist solely of legal conclusions and labels, which are insufficient as a

matter of law. *Winns v. Exela Enter. Sols., Inc.*, No. 4:20-CV-06762-YGR, 2021 WL 5632587, at *2 (N.D. Cal. Dec. 1, 2021).

The Court further holds that thirty-seven of OpenAI's purported defenses (Nos. 1-2, 7-11, 15, 19-43, 50, 53-54) are negative defenses that merely restate denials contained elsewhere in its Answer and are therefore impermissibly duplicative. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010).

The Court also determines that all fifty-five defenses overlap to such a degree while failing to contain any meaningful information beyond bare labels that they are essentially incomprehensible and additionally fail to provide Plaintiffs with fair notice of the defenses asserted, as required by *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

The clearly apparent insufficiency of these defenses is prejudicing Plaintiffs. First, Plaintiffs cannot conduct meaningful discovery on defenses lacking any factual or legal specificity. Second, the OpenAI Defendants' use of the defenses to significantly expand the scope of discovery imposes significant cost and burden on Plaintiffs and third parties in these expedited Phase One proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to strike is **GRANTED**. All of OpenAI's separately denominated defenses are **STRICKEN** from its pleading.

IT IS SO ORDERED this _____ day of _____, 2025.

_____
The Honorable Yvonne Gonzalez Rogers
United States District Court Judge