RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-45555

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

ANDREW J. LEVANDER (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendants Microsoft Corporation,
Reid Hoffman, and Deannah Templeton*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN, et al., <br><br> Defendants. | Case No. 4:24-cv-04722-YGR <br><br> Judge Yvonne Gonzalez Rogers <br><br> **DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS 20 AND 21 OF THE SECOND AMENDED COMPLAINT** <br> Date:  July 15, 2025 <br> Time:  2:00 p.m. <br> Place: Courtroom 1 (4th Floor) <br>         1301 Clay St. <br>         Oakland, CA 94612 <br><br> **Action filed: August 5, 2024** |

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should dismiss with prejudice Plaintiffs' claims against Microsoft in the Second Amended Complaint for violations of RICO Sections 1962(c)-(d) (Counts 20-21) for failure to adequately allege that (a) Defendants operated an enterprise through a pattern of predicate acts, (b) Microsoft committed any predicate acts, (c) Microsoft had a specific intent to defraud, (d) Microsoft participated in the operation of an enterprise, (e) Microsoft participated in OpenAI's affairs in a manner RICO was intended to reach, and (f), with respect to the Section 1962(d) claim, Microsoft knew of and agreed to participate in a fraudulent scheme.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ...................................................................................................................... 2

    A.    The SAC Fails to Cure the Pleading Defects in the FAC. ..................................... 2

    B.    The SAC Does Not Remedy the Defects Specific to Microsoft. ........................... 4

        1.    The SAC does not allege any predicate acts by Microsoft. ....................... 4

        2.    The SAC does not allege Microsoft's specific intent to defraud. .............. 6

        3.    The SAC does not allege Microsoft's participation in the operation of a RICO enterprise. ................................................................................. 7

    C.    The SAC Does Not Save the RICO Conspiracy Claim. ........................................ 8

III.  CONCLUSION ................................................................................................................... 8

- i -

DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS 20 AND 21 OF SECOND AMENDED COMPLAINT    4:24-CV-04722-YGR

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Casey v. U.S. Bank Nat'l Ass'n*,
   127 Cal. App. 4th 1138 (2005) ................................................................................................ 7

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ................................................................................................... 6

*Eclectic Props. E., LLC. v. Marcus & Millichap Co.*,
   No. C-09-00511 RMW, 2012 WL 713289 (N.D. Cal. Mar. 5, 2012) ...................................... 5

*Howard v. Am. Online Inc.*,
   208 F.3d 741 (9th Cir. 2000) ................................................................................................ 3, 8

*Lewis v. Sporck*,
   612 F. Supp. 1316 (N.D. Cal. 1985) ........................................................................................ 8

*McLaughlin v. Anderson*,
   962 F.2d 187 (2d Cir. 1992) ................................................................................................ 4, 5

*Mintz v. Blue Cross of Cal.*,
   172 Cal. App. 4th 1594 (2009) ................................................................................................ 7

*Odom v. Microsoft Corp.*,
   486 F.3d 541 (9th Cir. 2007) ................................................................................................... 7

*Sanford v. MemberWorks, Inc.*,
   625 F.3d 550 (9th Cir. 2010) ................................................................................................... 8

**Statutes**

18 U.S.C. § 1961 ............................................................................................................................. 6

18 U.S.C. § 1962 ..................................................................................................................... *passim*

- ii -

DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS
20 AND 21 OF SECOND AMENDED COMPLAINT                                           4:24-CV-04722-YGR

I.  **INTRODUCTION**

The Court should grant with prejudice Microsoft's motion to dismiss Plaintiffs' RICO claims against it for three reasons:

*First*, as the Microsoft and OpenAI Defendants showed in their motions to dismiss, the Second Amended Complaint ("SAC") does not do what the Court instructed any amendment must do—*i.e.*, "demonstrate how the defendants named under Section 1962(c) conducted OpenAI's affairs in a manner RICO was intended to reach." Motion to Dismiss Order, Dkt. 163 ("Order") at 10. Quite the contrary, the SAC adds ***no factual allegations*** demonstrating that Defendants operated through a pattern of fraudulent predicate acts. Microsoft's Motion to Dismiss ("MTD"), Dkt. 173, at 4-5; OpenAI Defendants' Motion to Dismiss ("OAI MTD"), Dkt. 175, at 7-11. In their Opposition, Plaintiffs make no effort to show that the SAC pleads anything more substantial—and nor could they, as the SAC simply repeats many of the conclusory allegations in the First Amended Complaint ("FAC"). *See* Dkt. 182 ("Opposition" or "Opp."). They also do not address the inadequacy of their efforts in the SAC to amend the pattern-of-racketeering-activity allegations, amendments which Microsoft showed comprised of one adjective, one adverb, and zero facts. SAC ¶¶ 438-441, *see also* Order at 10 (dismissing FAC because the alleged pattern of predicate acts was "not tethered to the enterprise's conduct"). Plaintiffs did not heed the Court's Order, and the Court should dismiss their RICO claims with prejudice.

*Second*, as Microsoft showed, the RICO claims in the SAC continue to suffer from the same defects specific to Microsoft as in the FAC, requiring dismissing the RICO claims against Microsoft for this additional reason.[1] Namely, Plaintiffs plead (1) no predicate acts committed by Microsoft, MTD at 5-6; (2) no specific intent by Microsoft to defraud, MTD at 6-7; and (3) no facts showing Microsoft participated in the operation or management of the RICO enterprise, MTD at 7-8. In response, Plaintiffs fail to identify any alleged predicate acts undertaken by Microsoft itself, Opp.

---

[1] Because the Court dismissed the RICO claims for failure to allege facts specifying how the Defendants operated an enterprise through a pattern of racketeering activity, it did not reach the Microsoft-specific arguments. *See* Order. Plaintiffs erroneously contend that in so ruling, the Court implicitly held that there were no defects as to the allegations regarding Microsoft's predicate acts or specific intent. Opp at 1. Microsoft disagrees; the Order did not reach or foreclose these other arguments.

- 1 -

at 3-5; to identify any allegations in the SAC that Microsoft had the requisite intent to defraud, Opp. at 5; or to point to new allegations demonstrating that Microsoft operated the alleged enterprise through an ongoing pattern of fraud. Opp. at 6-8. Instead, Plaintiffs try to impute the alleged actions of others to Microsoft. But a RICO plaintiff must plead facts plausibly showing that each defendant participated in at least two predicate acts. Even if that were otherwise (and it is not), Plaintiffs rest on recycled allegations from the FAC that the Court already found insufficient. Plaintiffs also seek to shortcut the requirement to plead that Microsoft intended to defraud by relying on different intent allegations supporting their tortious interference and aiding and abetting claims. Plaintiffs cannot circumvent RICO's strict pleading requirements by pointing to allegations relating to other elements of other claims.

*Third*, Microsoft showed that the RICO conspiracy claim fails because Plaintiffs do not plead facts establishing that Microsoft knew about or agreed to facilitate the alleged fraud underlying the RICO scheme, (MTD at 8), and Plaintiffs offer no cogent response.

Civil RICO claims have no legitimate role in this business dispute. The Court should dismiss Counts 20 and 21 against Microsoft with prejudice.

## II.     ARGUMENT

### A.     The SAC Fails to Cure the Pleading Defects in the FAC.

Given the chance to cure the pleading defects in the FAC, Plaintiffs instead chose to replead in the SAC the same insufficient RICO-related factual allegations as in the FAC: *i.e.*, Altman and Brockman allegedly made fraudulent representations to Musk in 2017 (SAC, Dkt. 170 ¶ 445), and the For-Profit Entities and/or Microsoft[2] allegedly provided "capital, corporate structure(s), and advice and encouragement" (SAC ¶ 446(a)); "facilitat[ed] and conceal[ed] Defendants' profiteering . . . through [unspecified] wire fraud that misrepresented its charitable mission and Defendants' profiteering" (SAC ¶ 446(b)); "siphon[ed] off and exploit[ed] OpenAI, Inc.'s valuable AI/AGI technology and highly skilled personnel" (SAC ¶ 446(c)); and "execut[ed]

---

[2] The SAC is unclear whether these allegations are directed towards Microsoft and/or the For-Profit Entities, as there are no facts from which one can determine who is alleged to have done what.

- 2 -

the reshuffling of OpenAI, Inc.'s assets" (SAC ¶ 446(d)). The Court already deemed these allegations insufficient to allege that Defendants engaged in a pattern of racketeering activity to operate a RICO enterprise. Order at 10.

In particular, the Court instructed Plaintiffs that to state this claim, they needed to allege how Defendants "operated the entity *through a pattern* of racketeering activity." Order at 10. Yet Plaintiffs did not add a single new factual allegation to their RICO claims. At most, they rephrased preexisting factual allegations (SAC ¶¶ 438, 439, 445, 446, 447) and added a few conclusory statements (SAC ¶¶ 420, 448). Neither satisfies the Court's ruling.

As Microsoft argued, only RICO predicate acts can satisfy the requirement that an enterprise operates through a pattern of racketeering activity. MTD at 4-5; *see also Howard v. Am. Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000) (explaining that "[a] pattern is defined as 'at least two acts of racketeering activity'" and barring the use of non-predicate acts "as part of a pattern of racketeering activity"); Order at 10 (dismissing the FAC where the predicate act "allegations are not tethered to the enterprise's conduct"). In the SAC, Plaintiffs made the same operation-through-a-pattern allegations as they did in their FAC. *Compare* SAC ¶¶ 438-441 *with* FAC ¶¶ 503-506. Not surprisingly, then, Plaintiffs' Opposition fails to point to any new alleged predicate acts, relying instead on the same purported pattern of racketeering as before. Opp. at 3-5.

But Plaintiffs cannot allege that Defendants operated an enterprise through a pattern of racketeering activity by relying on a series of acts that the Court has already ruled are not predicate acts, including "exploiting" donations, developing technology, engaging in self-dealing by creating for-profit entities and the like. Order at 9-10; *see also Am. Online Inc.*, 208 F.3d at 748 ("Citing acts as part of a RICO pattern, without proving that they are indictable, is not sufficient.")). Nor can they use these non-predicate acts to establish operation-through-a-pattern simply by combining them with predicate acts (the alleged misrepresentations made by Altman and Brockman to Musk), a theory the Court rejected when it dismissed the claims in the FAC. Order at 10.[3]

---

[3] Plaintiffs' suggestion that Microsoft waived this argument by succinctly raising it and joining OpenAI Defendants' Brief, Opp. at n.1, is wrong. Standing Order ¶ 21(b), which bars

- 3 -

Because Plaintiffs still do not allege facts plausibly showing that Defendants engaged in the conduct of an enterprise through a pattern of racketeering activity, the Court should dismiss Counts 20 and 21 of the SAC with prejudice.

**B.     The SAC Does Not Remedy the Defects Specific to Microsoft.**

Count 20 against Microsoft also fails because the SAC alleges no predicate acts committed by Microsoft, no specific intent by Microsoft to defraud, and no facts showing Microsoft participated in the operation or management of the alleged RICO enterprise.

**1.     The SAC does not allege any predicate acts by Microsoft.**

The SAC, like the FAC, still does not allege with particularity any predicate acts by Microsoft. *See* MTD at 5-6. Rather than refute this point, Plaintiffs raise three arguments, each of which misses the mark.

First, Plaintiffs argue without support that predicate acts alleged against other Defendants should be imputed to Microsoft because they say Microsoft was involved in "perpetuating" the allegedly "continuing" scheme. Opp. at 3. But a RICO Plaintiff must allege, at the "bare minimum . . . that a defendant personally committed or aided and abetted the commission of two predicate acts." *McLaughlin v. Anderson,* 962 F.2d 187, 192 (2d Cir. 1992). Plaintiffs do not cite a single case holding otherwise, and the SAC fails to allege any specific predicate act aided or undertaken by Microsoft.  Plaintiffs also offer no authority for the proposition that Microsoft could be held liable for RICO when it did not commit or aid and abet any predicate acts. *See* MTD at 5-6. Indeed, the Court has already ruled that the predicate acts alleged—that Altman and Brockman "made false promises via emails from 2015 through early 2019"—occurred prior to "Microsoft's involvement . . . [which] did not begin until July 2019." *See* Order at 6.

Plaintiffs further try to impute others' alleged conduct to Microsoft, arguing that while the alleged scheme between Microsoft and OpenAI started after the initial predicate acts were purportedly undertaken by Altman and Brockman, Microsoft is liable for later joining a

---

incorporating by reference ***prior arguments***, does not prohibit a co-defendant from joining in another defendant's brief. Regardless, Microsoft set forth the basis for dismissal in its own brief, *see* MTD at 4-5, and has not waived the argument.

- 4 -

"continuing" scheme. But that fares no better. The facts supporting Plaintiffs' theory of a "continuing" scheme involving Microsoft are not new; they are the same as in the FAC. As to the now-dismissed aiding and abetting fraud claim against Microsoft, the Court previously ruled that "later activity cannot give rise to [Microsoft's] liability for an earlier fraudulent promise," directly contradicting Plaintiffs' argument here. Order at 6. Because, as Plaintiffs admit, Microsoft was not involved in those alleged acts, Plaintiffs cannot rely on them to establish Microsoft's RICO liability. *See Eclectic Props. E., LLC. v. Marcus & Millichap Co.*, No. C-09-00511 RMW, 2012 WL 713289, at *6 (N.D. Cal. Mar. 5, 2012), *aff'd sub nom.*, 751 F.3d 990 (9th Cir. 2014) ("Section 1962(c)'s requirements must be established as to *each individual defendant*"); *McLaughlin v. Anderson*, 962 F.2d at 192.

Plaintiffs next point to other supposed acts committed by Microsoft—all of which were in the FAC—and claim they are "predicate acts" for purposes of RICO. As to some, this Court has already held they are not predicate acts. As to others, they are indisputably not predicate acts. The list of purported "predicate acts," and their deficiencies, is below:

| Purported Predicate Act | Deficiency |
| --- | --- |
| "Microsoft relied on wires to invest [funds obtained from Musk]." Opp. at 3. | This quote misrepresents the allegation in the SAC, which states that "Altman and Brockman, acting in concert with the For-Profit Entities and Microsoft, relied on wires to invest such funds in furtherance of their fraudulent scheme." SAC ¶ 427. This is not an allegation of an action taken by Microsoft. |
| Microsoft's "use of wires . . . as the primary funder" of OpenAI. Opp. at 3. | Microsoft's use of wires to invest money in OpenAI is not alleged to be wire fraud. The use of wires alone does not make this a predicate act. Nor is Microsoft's investment "tethered" to the enterprise's alleged conduct. |
| Creating "opaque web of for-profit entities." Opp. at 3. | The Court already held that the "creation of various corporate subsidiaries" is not a predicate act. Order at 10. |
| Unspecified false representations through interstate wires (online). Opp. at 3. | Predicate acts must be pled with particularity, and there are no specific allegations of any false representations made by Microsoft. |
| "Providing capital, corporate structure(s) and advice and encouragement." Opp. at 4. | The Court already held that the "creation of various corporate subsidiaries" is not a predicate act, Order at 10, and the related actions likewise have nothing to do with wire fraud. Order at 10. |

- 5 -

DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS 20 AND 21 OF SECOND AMENDED COMPLAINT                                    4:24-CV-04722-YGR

| Purported Predicate Act | Deficiency |
|---|---|
| "Siphoning off and exploiting OAI's technology." Opp. at 5. | The Court already held that "the development of technology" is not a predicate act. Order at 10. Similarly, the use of that technology is not a predicate act. Order at 10. |
| Exclusive licenses. Opp. at 5. | There are no allegations of wire fraud related to the exclusive licenses between Microsoft and OpenAI, and thus these are not predicate acts. |

Finally, Plaintiffs seek to overcome their failure to allege predicate acts by Microsoft by relying on their tortious interference and aiding and abetting breach of fiduciary duty claims as predicate acts. But there is no legal authority for doing so, *see* 18 U.S.C. § 1961(1) (listing defined set of predicate acts), and Plaintiffs point to none. This makes sense, because RICO has heightened pleading requirements. *See* MTD at 4, 5-6. Additionally, these state law claims have entirely different elements, and neither requires alleging wire or mail fraud by Microsoft. Plaintiffs cannot circumvent their pleading burden for a RICO claim—and specifically their burden to allege facts plausibly establishing predicate acts of mail or wire fraud by Microsoft—by pointing to different allegations in support of different state law claims with different elements under different pleading standards. Plaintiffs' continued inability to plead predicate acts by Microsoft requires dismissing their RICO claims.

### 2. The SAC does not allege Microsoft's specific intent to defraud.

As Microsoft argued in its opening brief, Plaintiffs still do not plead another essential element of a RICO claim based on predicate acts of wire fraud: a "specific intent to defraud." MTD at 6-7; *Eclectic Props. E., LLC* v. *Marcus & Millichap Co.,* 751 F.3d 990, 997 (9th Cir. 2014). Plaintiffs dispute neither that they must so plead nor that they have not done so. Instead, they point to their tortious interference and aiding and abetting breach of fiduciary duty claims to satisfy this requirement. Opp. at 5-6. Plaintiffs cite no authority holding that intent to tortiously interfere with a contract or intent to aid and abet a breach of fiduciary duty is equivalent to or establishes an intent to defraud under RICO. Nor could it be. Tortious interference requires intent to induce a breach. *See Mintz v. Blue Cross of Cal.,* 172 Cal. App. 4th 1594, 1603 (2009). And aiding and abetting a breach of fiduciary duty requires intent to facilitate the breach. *See Casey v.*

- 6 -

*U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1146 (2005). In contrast, the RICO predicate act of wire fraud requires a "specific intent to deceive or defraud." *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007).

While *Odom* does not require pleading specific intent to defraud with heightened particularity, it still requires Plaintiffs to plead specific intent to defraud. And on the face of Plaintiffs' SAC, this case is unlike *Odom*. There, plaintiffs alleged that Microsoft and Best Buy had ***previously agreed*** to embark on a "strategic alliance" that resulted in the allegedly fraudulent promotion at issue in the case. *Id.* at 543. But here, Plaintiffs allege predicate fraudulent acts that occurred prior to Microsoft's involvement and without its knowledge. *See* Order at 6. Unlike in *Odom*, there are no allegations here that Defendants engaged in fraudulent acts "jointly . . . and/or ***with Microsoft's knowledge*** and approval." *Odom,* 486 F.3d at 543 (emphasis added).

The Court should hold Plaintiffs to their pleading burden and should dismiss the RICO claims for failure to plead specific intent to defraud by Microsoft.

### 3. The SAC does not allege Microsoft's participation in the operation of a RICO enterprise.

Finally, as detailed in Microsoft's Motion, the SAC does not remedy Plaintiffs' failure to allege facts showing that Microsoft participated in the operation or management of a RICO enterprise. MTD at 7-8. Plaintiffs acknowledge the Court's instruction to "demonstrate how the defendants named under Section 1962(c) conducted OpenAI's affairs in a manner RICO was intended to reach." Order at 10. But they point only to allegations regarding Microsoft's conduct that, as shown in the table below, are unchanged from the FAC. As a result, these allegations do not address the Court's direction to demonstrate the operation of the entity through a pattern of racketeering activity:

| **Purported Operation of the Enterprise** | **FAC Cite** | **SAC Cite** |
|---|---|---|
| Use of exclusive compute agreements as leverage over OpenAI. Opp. at 6-7. | FAC ¶¶ 112; 288 | SAC ¶¶ 110, 285 |
| Reid Hoffman's service on the OpenAI board. Opp. at 7. | FAC ¶ 163 | SAC ¶ 161 |
| Microsoft's involvement in Sam Altman's firing and rehiring. Opp. at 7. | FAC ¶ 148-172 | SAC ¶ 146-70 |

- 7 -

| Deannah Templeton's board observer role. Opp at 7. | FAC ¶ 168 | SAC ¶ 166 |

Plaintiffs acknowledge that RICO was intended to reach situations where legitimate enterprises are "infiltrated, corrupted, and *operated though ongoing patterns of fraud*." Opp. at 7 (emphasis added). But as detailed *supra* in Section B(1), and as with the FAC, none of the above allegations against Microsoft constitutes a predicate fraudulent act, so none adequately demonstrates that Microsoft "operated the entity *through a pattern* of racketeering activity." Order at 10.

The SAC alleges no new factual allegations establishing that Microsoft participated in the operation of a RICO enterprise, supplying yet another reason to dismiss these claims.

### C. The SAC Does Not Save the RICO Conspiracy Claim.

As Microsoft explained, the Section 1962(d) RICO conspiracy claim fails not only because the underlying RICO claim fails, *see Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010), but also because the SAC still fails to allege facts establishing that Microsoft knew about and agreed to participate in a fraudulent scheme. MTD at 8; *see Am. Online Inc.*, 208 F.3d at 751; *see also Lewis v. Sporck*, 612 F. Supp. 1316, 1324 (N.D. Cal. 1985). Plaintiffs ask the Court to infer this element as to Microsoft because they claim Microsoft later participated in non-fraudulent acts. Opp. at 9-10. But as the Court already held, Plaintiffs did not plausibly allege Microsoft's knowledge of the allegedly fraudulent nature of the representations that Altman and Brockman supposedly made to Musk (Order at 6), and the SAC contains no new facts showing otherwise. As such, the SAC fails to plausibly allege that Microsoft knowingly agreed to participate in the purported fraud, requiring dismissing Plaintiffs' RICO conspiracy claim.

### III. CONCLUSION

The SAC does not "demonstrate how the defendants named under Section 1962(c) conducted OpenAI's affairs in a manner RICO was intended to reach." Nor does it cure the FAC's pleading defects specific to Microsoft. And Plaintiffs have not shown that Microsoft agreed to participate in any fraud. For these reasons and the reasons in Microsoft's opening motion, the Court should grant Microsoft's Motion to Dismiss Counts 20-21 with prejudice.

- 8 -

| | | |
|---|---|---|
| DATED: June 27, 2025 | | Respectfully Submitted, |
| | | DECHERT LLP |
| | By: | */s/ Russell P. Cohen* |
| | | Russell P. Cohen (SBN 213105) |
| | | Russ.cohen@dechert.com |
| | | Howard M. Ullman (SBN 206760) |
| | | Howard.ullman@dechert.com |
| | | 45 Fremont Street, 26th Floor |
| | | San Francisco, CA 94105 |
| | | Telephone: (415) 262-4500 |
| | | Facsimile: (415) 262-45555 |
| | | |
| | | Nisha Patel (SBN 281628) |
| | | Nisha.patelgupta@dechert.com |
| | | DECHERT LLP |
| | | 633 West 5th Street, Suite 4900 |
| | | Los Angeles, CA 90071 |
| | | Telephone: (213) 808-5700 |
| | | Facsimile: (213) 808-5760 |
| | | |
| | | Andrew J. Levander (admitted *pro hac vice*) |
| | | Andrew.levander@dechert.com |
| | | DECHERT LLP |
| | | Three Bryant Park |
| | | 1095 Avenue of the Americas |
| | | New York, NY 10036 |
| | | Telephone: (212) 698-3500 |
| | | Facsimile: (212) 698-3599 |
| | | |
| | | John (Jay) Jurata, Jr. (admitted *pro hac vice*) |
| | | Jay.jurata@dechert.com |
| | | DECHERT LLP1900 K Street, N.W. |
| | | Washington, DC 20006 |
| | | Telephone: (202) 261-3300 |
| | | Facsimile: (202) 261-3333 |
| | | |
| | | *Attorneys for Defendants Microsoft Corporation, Reid Hoffman, and Deannah Templeton* |

- 9 -

DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS
20 AND 21 OF SECOND AMENDED COMPLAINT                                            4:24-CV-04722-YGR