VIA CM/ECF

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK et al., | |
| Plaintiffs, | Case No. 24-cv-04722-YGR-TSH |
| vs. | |
| SAMUEL ALTMAN et al., | **PLAINTIFFS' RESPONSE TO OPENAI'S** |
| Defendants. | **DISCOVERY LETTER BRIEF (DKT. 180)** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson:

     Pursuant to the Court's order of June 27, 2025, Dkt. 188, Plaintiffs submit this response to the OpenAI Defendants' ("OpenAI") discovery letter brief of June 20, 2025, Dkt. 180.

Respectfully submitted,

*/s/ Jaymie Parkkinen*
Jaymie Parkkinen, SBN 318394
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

Since OpenAI's filing of its June 20, 2025 letter, the parties have resolved the matters concerning Mr. Musk's devices and the subpoenas to Mr. Birchall, and have agreed these matters require no further attention by the Court. The only remaining point that OpenAI raises concerns third-party discovery, which is without merit and is, in any event, moot.

***Third-Party Documents***

OpenAI's letter contains numerous inaccuracies that the parties' correspondences will readily demonstrate, should the Court desire them. Most notably, OpenAI claims that Mr. Musk and his counsel "have not collected and are refusing to collect, review, or produce emails that Musk sent or received using his" non-party company email accounts including those of Tesla, SpaceX, and Neuralink. Dkt. 180 at 1. This is entirely inaccurate. In a letter Plaintiffs sent to OpenAI on June 14, they explained that Plaintiffs are working with these companies to produce responsive documents. Indeed, productions from SpaceX and Neuralink have already begun, with Tesla's due to begin imminently. OpenAI's claim that Plaintiffs "forced" it to subpoena these third parties is also false—OpenAI, conceding each company's third-party status, served subpoenas of its own volition *weeks before* inquiring whether Plaintiffs planned to produce third-party documents.

OpenAI's assertion that Plaintiffs are "working with the entities to resist discovery" is also incorrect. *Id*. Plaintiffs have actively assisted these third parties in their production efforts by helping them understand the case, collaboratively developing search terms and appropriate custodian lists, and directly conducting, as well as providing guidance during, responsiveness review. Plaintiffs' June 14 letter even cooperatively disclosed the third-party custodian email addresses identified to date that were being searched and the search terms used.

It is unclear what OpenAI seeks in its June 20 letter to the Court or why it believes judicial intervention is necessary. As best Plaintiffs can discern, OpenAI either seeks greater involvement by Plaintiffs in a process where, as just described, Plaintiffs are already participating at each stage, or alternatively seeks to diminish these third parties' appropriate oversight of their own document production. The former is moot and latter would be improper.

These third parties have a legitimate right to review their productions and serve as necessary contributors to an efficient production process, not obstacles, as misconstrued by OpenAI. *First,* they possess sensitive data that they are best positioned to identify. SpaceX, for example, coordinates with NASA and the Armed Forces on national defense, making the company's participation not merely appropriate, but essential for the secure and efficient handling of its materials. *Second*, while Plaintiffs are actively involved in the production process, these third parties enhance efficiency by providing additional resources and expertise to support Plaintiffs' overall production effort.

Responsive documents are already being produced by these third parties directly, and requiring the withdrawal and re-production of such documents through Plaintiffs would serve no meaningful purpose while multiplying costs and creating needless delay. Regardless of whether documents are transmitted by Plaintiffs or these companies directly, OpenAI receives the same materials, rendering this issue entirely academic.

One thing OpenAI *does* have correct is that discovery is a two-way street. Plaintiffs have served subpoenas on investment entities owned and controlled by Defendant Sam Altman—including Altman Family LLC and others—which Mr. Altman has used to covertly invest in companies doing business with OpenAI that Plaintiffs allege breaches the OpenAI charitable trust. Dkt. 170 ¶¶ 135-42, 250(b)-(c), (j), 399(a). During the parties' June 12 conference and again in Plaintiffs' June 14 letter, Plaintiffs specifically inquired whether, given Defendants' position on Mr. Musk's third-party obligations, OpenAI would produce documents from these Altman-controlled entities, and whether OpenAI intended to search for documents from the Altman-Jony Ive "io" joint venture that OpenAI recently acquired. To date, OpenAI has neither produced documents from these entities nor stated whether it even intends to search for and/or produce any such materials, only offering to "investigat[e]" the matter. While Plaintiffs work to ensure third-party documents on their end continue to be produced, the Court's guidance as to Defendants' production obligations concerning Mr. Altman's various entities would be very beneficial to the efficient resolution of this matter.

In the interest of compromise, Plaintiffs propose that the parties meet and confer to establish a reciprocal schedule for periodic status updates on their respective third-party productions.

Dated: June 29, 2025

Respectfully submitted,

*/s/ Jaymie Parkkinen*
Jaymie Parkkinen, SBN 318394
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*