VIA CM/ECF

June 30, 2025

Magistrate Judge Thomas S. Hixson
U.S. District Court for the Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue, San Francisco, CA 94102

Re:     *Musk, et al.* v. *Altman, et al.*, Case No. 4:24-cv-04722-YGR

Dear Magistrate Judge Hixson:

      Last night, pursuant to the Court's June 27 Order, Plaintiffs submitted a second response to the discovery dispute letter that the OpenAI Defendants filed on June 20 (Dkt. 180, Dkt. 183). Plaintiffs changed their position after the OpenAI Defendants filed that letter, resolving two of the disputed issues, but the most important one remains: Musk and his counsel are still refusing to collect and search, in party discovery, Musk's business email accounts from his controlled entities, including Tesla, SpaceX, X Corp., Neuralink, Excession (Musk's family office), and the Musk Foundation (the entity that made many of the alleged donations at the core of Plaintiffs' claims). Because Plaintiffs' submission provides an incomplete account of the events that have transpired since the OpenAI Defendants first sought the Court's assistance, the OpenAI Defendants respectfully submit this short update in further support of their request for relief.

      The dispute over Musk's documents is not "moot" as Plaintiffs suggest. With only two weeks left until the substantial completion deadline, Musk and his controlled entities are miles away from complying with their discovery obligations. Musk has still produced only 345 total documents, consisting entirely of files gathered for some other purpose before this action was filed. Musk's controlled entities, meanwhile, have ignored discovery correspondence, invoked their nonparty status to claim undue burden, and slow-walked their production of documents. Musk's entities did not produce a single document until June 24—after the OpenAI Defendants sought the Court's assistance and more than two months after they were subpoenaed. To be more specific:

- Tesla, served on April 9, missed the subpoena response deadline, prompting the OpenAI Defendants to contact its General Counsel. Although in-house counsel initially agreed to produce documents, Tesla then reversed course, retained outside counsel, and served untimely objections. Tesla has since invoked its nonparty status to claim undue burden and refused to commit to any production by the substantial completion deadline. Tesla has produced nothing.

- Neuralink, served on April 9, blamed its slow process on limited in-house resources despite having outside counsel. It stopped responding to inquiries on June 9 and produced nothing until last week—after the OpenAI Defendants sought Court intervention. The 179-page production includes no metadata, but Neuralink has declared its obligations "satisfied."

- SpaceX, served on April 9, produced nothing until last week—after the OpenAI Defendants sought relief from the Court. It has only one in-house lawyer handling its review and has provided no metadata for the documents it has produced.

- Excession and the Musk Foundation—both served on April 10 and represented by Plaintiffs' counsel here—have produced nothing. Despite multiple requests, these entities have refused

to identify which of the OpenAI Defendants' discovery requests they will produce documents in response to, if any.

- X Corp. (which was reportedly recently acquired by Plaintiff xAI) has not committed to producing any documents on any timetable.

Plaintiffs do not dispute that Musk controls these entities. They instead say this issue is "academic" because it supposedly does not matter who produces Musk's documents. But it matters a great deal whether counsel of record is taking direct responsibility for the positions Musk's entities are taking. The alternative approach forces the OpenAI Defendants to continue expending substantial time and resources pursuing core discovery from Musk's controlled entities, all while those entities invoke their nonparty status to resist complying with the demands of an expedited case Musk brought. And as to the purported sensitivities with a narrow category of SpaceX documents, if there is a legitimate issue there, it can be handled with a targeted solution—rather than allowing Musk to avoid collecting, searching, and producing any of his own documents.[1]

With document discovery ending in just a couple of weeks, the Court should grant the relief requested by the OpenAI Defendants to ensure that they obtain a full and fair discovery record. We are available should the Court have any questions.

Sincerely,

*/s/ William Frentzen*
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
JORDAN ETH (CA SBN 121617)
JEth@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:(415) 268-7000
Facsimile: (415) 268-7522

---

[1] Plaintiffs' finger pointing at certain Altman-affiliated entities is an unfounded distraction. Musk only served these entities earlier this month, and the OpenAI Defendants have been investigating the questions Plaintiffs asked about their documents. The OpenAI Defendants recently confirmed that Altman's email addresses affiliated with these entities auto-forward to another account that the OpenAI Defendants are already searching for responsive documents.

VIA CM/ECF

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:(212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC*