UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELON MUSK, et al.,

Plaintiffs,

v.

SAMUEL ALTMAN, et al.,

Defendants.

Case No. 24-cv-04722-YGR (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 180, 191, 192

In this case, Plaintiffs Elon Musk and X.AI Corp. sue Defendants Samuel Altman, Gregory Brockman, a bunch of OpenAI entities, two Aestas entities, Deannah Templeton, Reid Hoffman and Microsoft Corp. ECF No. 170 (Second Amended Complaint). The Second Amended Complaint alleges 21 causes of action, but it's not necessary to discuss them in the context of the current discovery dispute. The district judge has entered a scheduling order that requires the substantial completion of document discovery by July 14, 2025, which is a little less than two weeks from now. Fact discovery is set to close on August 4, 2025, with depositions to be completed by August 18, 2025. Expert reports are due in September, and trial is set for next March. ECF No. 146. This is a schedule that plainly expects the parties to move quickly.

A dispute has arisen concerning discovery of Musk's emails, specifically Musk's business email accounts from the following entities he controls: Tesla, SpaceX, X Corp., Neuralink, Excession, and the Musk Foundation. Plaintiffs are treating this as third-party discovery and have insisted that the OpenAI Defendants serve subpoenas on these other companies to obtain Musk's business emails. The OpenAI Defendants report that they have served subpoenas on these entities, but the results have been unsatisfactory. They say Tesla, X Corp., Excession and the Musk Foundation have produced nothing, and that SpaceX and Neuralink have produced no metadata.

United States District Court
Northern District of California

The present dispute arises because the OpenAI Defendants say that treating Musk's business email accounts at these entities as "third-party discovery" is a category error. They argue this is party discovery, and they are right. Federal Rule of Civil Procedure 34(a)(1) says that a party may request the production of documents from another party that are within that party's "possession, custody or control." "Control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers*, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989).

Here, Musk has control over his business email accounts at these entities because, as his counsel agreed at the hearing, he is a high-level executive at each of these entities. That is sufficient to make his business email accounts at those entities party discovery within the meaning of Rule 34.[1] *See, e.g., PlayUp, Inc. v. Mintas*, 2024 WL 3621449, *4 (D. Nev. Aug. 1, 2024) ("Ample case law has found that a high-level corporate officer has control over corporate documents. The law has been particularly clear that a corporate officer is required to produce the emails that the officer herself sent or received. Courts have emphatically rejected the contention that a high-level corporate officer does not have control over corporate documents based on the contention that the documents are 'owned' by the corporation.") (citations omitted); *Inland Concrete Enterprises, Inc. v. Kraft Americas LP*, 2011 WL 13209239, *3 (C.D. Cal. Feb. 3, 2011) ("[a]n individual party to a lawsuit can be compelled to produce relevant information and documents relating to a non-party corporation of which it is an officer, director or shareholder.") (citations omitted).

The responsibility for timely collecting and producing those emails falls on Musk and his attorneys in this case. There is nothing wrong with the other entities retaining additional lawyers to assist with document review and production, but the obligation to timely produce documents in party discovery rests on the parties and their counsel in this case. Accordingly, the Court **ORDERS** Musk and his attorneys in this case to produce documents[2] from Musk's business email

---

[1] This control extends to the metadata fields that are normally part of an email document production.

[2] The only issue the Court rules on in this order is whether Musk's business email accounts with these other entities (and the associated metadata) count as party discovery. The answer is yes. It

accounts with these entities in compliance with the case schedule, meaning that document production must be substantially complete by July 14, 2025, and the close of fact discovery is August 4, 2025.

**IT IS SO ORDERED.**

Dated: July 1, 2025

THOMAS S. HIXSON
United States Magistrate Judge

is possible, of course, that following a diligent document review, it might turn out that Musk's email accounts at one or more of these entities do not have any responsive documents.

United States District Court
Northern District of California