# EXHIBIT B

# TOBEROFF

Toberoff & Associates, P.C.
23823 Malibu Road
Suite 50-363
Malibu, CA 90265
Telephone: +1 310 246 3100

**Marc Toberoff**
mtoberoff@toberoffandassociates.com
**Jaymie Parkkinen**
jparkkinen@toberoffandassociates.com

June 18, 2025

_Via Email_

Jordan Eth
_jeth@mofo.com_
William Frentzen
_wfrentzen@mofo.com_
David J. Wiener
_dwiener@mofo.com_
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

William Savitt
_wdsavitt@wlrk.com_
Bradley Wilson
_brwilson@wlrk.com_
Sarah K. Eddy
_skeddy@wlrk.com_
Nathaniel Cullerton
_ndcullerton@wlrk.com_
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019

**RE:**    _**Musk, et al. v. Altman, et al.**_, No. 4:24-cv-04722-YGR (N.D. Cal.)

Brad, Nate:

　　　　We write in response to OpenAI Defendants' letter dated June 14, 2025. Please note that several subjects referenced in your letter, such as ESI matters, have been addressed in a separate correspondence to which we refer you.

　　　　In the spirit of constructive communication, we need to address what appears to be an emerging pattern of OpenAI Defendants' mischaracterizing Plaintiffs' correspondences and positions. We have observed repeated instances where our statements and positions have been presented inaccurately, which we have endeavored to correct in our email correspondences with you and again during our June 12-13 conference. Rather than continuing to spend time correcting each misconstruction—including additional ones that have surfaced in your June 14 letter—we believe our efforts would be better directed toward resolving the substantive issues and moving this case forward.

　　　　To that end, Plaintiffs respond as follows[1]:

---

[1] These positions reflect Plaintiffs' current views on the subjects addressed herein. To the extent Microsoft has a similar interest in these matters, Plaintiffs welcome its input to develop a comprehensive agreement that works for all parties.

<u>General Matters</u>

The parties engaged in extensive discussion regarding the so-called "relevance filter." Plaintiffs maintain that their responses were appropriate and fully consistent with their discovery obligations, and OpenAI Defendants have cited no authority to the contrary. Solely in the interest of streamlining the discovery process in deference to the Court's expressed preference for expedited proceedings, Plaintiffs are prepared to accommodate OpenAI Defendants' preferences and will withdraw "relevance" from their discovery responses.

Regarding OpenAI Defendants' date range objection, we believe the most practical approach would be for the parties to mutually agree that privileged documents created after February 29, 2024 need not be logged, while responsive documents through the present should be produced. This framework would streamline the privilege logging process while ensuring complete production of appropriate materials. We await your response to this proposal.

As to the privacy, identity of informer privilege, and confidentiality objections, we clarify that no documents have been withheld on these bases to date. These objections are standard precautionary measures, reasonably asserted given our clients' roles across business and government sectors, as well as limitations imposed by standard clauses in business relationships.

Concerning redaction, we observe that OpenAI Defendants have advocated for a considerably broader redaction framework, including asserting their prerogative to redact any information they deem appropriate under their stated reservation of "the right to apply targeted redactions to protect OpenAI's interests." B. Wilson June 10, 2025 Letter at 8. We have addressed this expansive position separately in our June 16 correspondence.

<u>Musk RFP No. 2</u>

In a good faith effort to resolve this matter, Musk agrees to expand the temporal scope of his production to 2015-2025.

<u>Musk RFP Nos. 5, 29; Zilis RFP Nos. 8, 13</u>

During our conference, we proposed a comprehensive framework whereby agreements, drafts, and communications concerning the same would be produced across all relevant RFPs. This approach would efficiently resolve overlapping issues across multiple requests exchanged by the parties. We believe this global understanding represents a practical solution that advances both parties' discovery objectives. We await OpenAI Defendants' response to this proposal.

<u>Musk RFP No. 9; xAI RFP No. 5</u>

While Plaintiffs maintain their position that this request does not seek relevant information, in a good faith effort to resolve this matter and to facilitate resolution, Plaintiffs propose narrowing this request to Plaintiffs' hiring artificial intelligence engineers from OpenAI from 2015 to 2018. Please confirm OpenAI Defendants' agreement to this proposal or provide a similarly tailored counterproposal.

<u>Musk RFP No. 10</u>

During our conference, you did not articulate the relevance of this request, but rather simply stated that you wanted to know who "calls the shots" at the Musk Foundation. To the extent the relevance was not made clear during our discussion, please explain how this request is relevant to the

claims or defenses in this matter and provide a narrowing proposal for our consideration.

<u>Musk RFP No. 11, 31; xAI RFP No. 3; Zilis RFP No. 11, 17</u>

In a good faith effort to resolve this matter, Plaintiffs agree to produce documents/communications concerning OpenAI's capital needs.

<u>Musk RFP Nos. 12-14</u>

We propose narrowing these overbroad requests to documents sufficient to reflect (i) Musk's financial contributions to OpenAI, Inc., (ii) financial contributions Musk made to OpenAI, Inc. through YC Org, and (iii) payments made by Musk Industries to or on behalf of OpenAI, Inc., along with communications concerning the same. Please confirm OpenAI Defendants' agreement to this proposal or submit a counterproposal.

<u>Musk RFP Nos. 15-16</u>

During our conference, you proposed that a declaration addressing some of the sensitive financial information could suffice in lieu of document production. We await OpenAI Defendants' proposed draft of that declaration.

<u>Musk RFP No. 19; Zilis RFP No. 7; xAI RFP No. 7</u>

OpenAI's documents and information concerning its valuation are relevant, as we have noted in Plaintiffs' June 16 correspondence. Plaintiffs are willing to consider producing such documents on a reciprocal basis. Please confirm OpenAI Defendants' agreement to this mutual approach.

<u>Musk RFP Nos. 21-22; Zilis RFP Nos. 14-15</u>

In a good faith effort to resolve this matter, Plaintiffs agree to produce responsive documents subject to their stated objections.

<u>Musk RFP No. 23; Zilis RFP No. 16</u>

In a good faith effort to resolve this matter, Plaintiffs agree to remove the temporal limitation.

<u>Musk RFP No. 25-27; Zilis RFP No. 10; xAI RFP Nos. 1, 3</u>

As a preliminary matter, we reject OpenAI Defendants' unfounded argument that the relevance standard is satisfied through deflective finger-pointing that only serves to divert attention from the substantive claims in this litigation. Indeed, during the conference, you were not able to explain why, for example, the corporate form of xAI was relevant to any of the claims or defenses in this case, stating only in conclusory fashion that such information "is relevant to [Musk's] criticisms" of OpenAI's conversion, without further explanation. Nevertheless, we remain open to considering additional reasoning from OpenAI Defendants regarding the relevance of such information to the substantive legal issues in dispute.

<u>Musk RFP No. 32</u>

Plaintiffs agree to produce documents concerning the involvement of Musk and individuals acting on his behalf in creating a for-profit entity called "Open Artificial Intelligence Technologies, Inc." in 2017 that are in his possession, custody, or control.

Musk RFP No. 33

     In the interest of compromise, Musk agrees to expand his production of documents to include actual, contemplated, or potential proposals he has made concerning OpenAI, Inc.'s governance structure that are in his possession, custody, or control.

Musk RFP Nos. 28, 34-36, 39-40, 44-47, 50, 54-55; xAI RFP Nos. 2, 9-10, 14, 17-22; Zilis RFP Nos. 20, 23-26, 28; Response to Interrogatory Nos. 11-12; Response to RFA No. 5; Subpoena to Ariel Emanuel; Subpoena to Emanuel Capital

     Your letter states: "During the meet-and-confer, you stated for the first time that you viewed this request, and all other discovery related to OpenAI's counterclaims, as out of scope[.]" B. Wilson June 14, 2025 Letter at 7. That is inaccurate. Since the filing of Plaintiffs' Motion to Dismiss OpenAI's counterclaims, it has been Plaintiffs' consistent position that discovery concerning those counterclaims is inappropriate pending resolution of the motion. We cited, for example, Musk's Responses to OpenAI's Second Set of RFPs, dated May 13, 2025. This is precisely the approach OpenAI Defendants adopted in the state court action, *Musk v. Altman, et al.*, Case No. CGC-24-612746 (S.F. Sup. Ct.), when faced with similar circumstances:

> "Defendant objects generally to the Requests as improper, premature, unduly burdensome, and neither relevant nor proportional to the needs of the case in light of Defendant's pending demurrer (Dkt. 36-38) seeking dismissal without leave to amend of each cause of action contained in Musk's complaint (Dkt. 1) and Defendant's pending Motion to Strike (Dkt. 39-41) seeking to strike various forms of relief sought in the complaint. Resolution of the demurrer in Defendant's favor would result in the dismissal of each cause of action in the complaint without the need for factual discovery, and partial resolution of the demurrer in Defendant's favor could change the scope of the case and, accordingly, the scope of appropriate discovery. Resolution of the Motion to Strike in Defendant's favor would likewise change the scope of the case and of appropriate discovery." Altman's R&Os to Musk's First Set of Requests for Production at 2.

     We do not see why the situation should be treated differently here.

Musk RFP No. 38; xAI RFP No. 13

     While Plaintiffs maintain their disagreement with OpenAI Defendants' position that the journalistic privilege does not apply here, in a good faith effort to resolve this matter, Plaintiffs agree to withdraw that objection.

Musk RFP Nos. 43, 51; xAI RFP No. 25; Zilis RFP No. 29

     Plaintiffs will agree to search for and produce such documents to the extent they relate to the subject matter of Plaintiffs' Second Amended Complaint. This agreement is subject to OpenAI Defendants' commitment to produce documents they intend to use at depositions by July 14, and in no event later than 10 days in advance of any such deposition. We do not agree with OpenAI Defendants' strategy or "practice" of sandbagging deponents. We await your response.

Musk RFP No. 49

     During our conference, we proposed limiting the production of documents evidencing Musk's donations to OpenAI, Inc. to those sufficient to show the transactions, along with communications

concerning the same, including any conditions or restrictions pertaining to such donations. This more tailored approach would provide the necessary transactional details while avoiding unnecessarily broad, invasive, and burdensome production. We did not receive a definitive response from you regarding this proposal. Please confirm OpenAI Defendants' agreement to this framework or provide a counterproposal along these lines.

Musk RFP No. 52; xAI RFP No. 26; Zilis RFP No. 30

We do not believe 48 hours is reasonable for such production. We propose that the parties endeavor to produce these documents within 7 days of receipt.

RFPs to Zilis

We accept your proposal. We further note that OpenAI Defendants acknowledged their understanding that Zilis is a third party to this litigation and that she will respond to OpenAI's RFPs in accordance with her obligations under Federal Rule of Civil Procedure 45.

Responses to Interrogatory Nos. 2, 3, and 10

We do not agree with your characterization of the discussion during our conference. Setting those issues aside, the parties discussed an agreement whereby Musk would supplement his responses to include oral communications with respect to the foregoing interrogatories, contingent upon OpenAI Defendants agreeing to do the same with respect to Altman, Brockman, and OpenAI, Inc. ROG Nos. 1-2. Please confirm OpenAI Defendants' agreement.

Responses to Interrogatory Nos. 4, 5, and 6

As discussed, and consistent with the Federal Rules, the requested information will be ascertainable from the documents being produced. Plaintiffs made a proposal concerning the donation-related documents they are willing to produce and await OpenAI Defendants' response. In a good faith effort to resolve this matter, we agreed to try to provide further identifying information for the UBS DAF in advance of the production of such documents. For your information, UBS is the custodian of the Fidelity DAF. We trust this resolves the matter.

Response to Interrogatory No. 7

We are continuing to confer with our client concerning the interrogatory responses. If it is the case that Musk recalls an oral conversation regarding open sourcing OpenAI's technology, we will supplement this interrogatory response accordingly.

Response to Interrogatory No. 9

As discussed during the conference, we find this interrogatory overbroad and burdensome insofar as it seeks information not relevant to any of the claims or defenses in this litigation. OpenAI Defendants did not make any relevance proffer nor suggest a reasonable limiting principle. In a good faith effort to resolve this matter, we propose limiting this interrogatory to identifying persons with whom Musk communicated about establishing OpenAI. Beyond that scope, we continue to question the relevance. If OpenAI Defendants have a counterproposal, we will consider it.

Response to Interrogatory No. 13

We do not agree with the statements made in your June 14 letter, namely that supplemental

information would be provided to you the following day. To the extent you are referring to ESI information, we refer you to our June 14 correspondence. Regardless, we stand by our written response to Interrogatory No. 13, and again emphasize that the information OpenAI Defendants have requested that has not already been provided will be readily ascertainable from the documents themselves. If there is an immediate need for specific information not already in OpenAI Defendants' possession, we will certainly consider such a request.

Response to Interrogatory No. 14

We agreed to supplement this response to provide the names of the social media accounts. We asked in our June 16 letter whether OpenAI Defendants prefer that the parties exchange amended/ supplemental discovery responses or whether setting forth the substance of such responses in a letter would be sufficient. We have yet to hear back.

Subpoenas to Musk Foundation and Excession

Regarding the subpoenas served on the Musk Foundation and Excession, we are prepared to facilitate the production of documents consistent with Plaintiffs' responses to the Requests for Production, subject to an agreement with OpenAI Defendants on the appropriate scope and reciprocal discovery from the Altman funds and family office. While we disagree with your characterization of the parties' discovery obligations with respect to non-parties, we are nevertheless proactively working to produce relevant documents. As to your questions concerning custodians, which we received after we had already drafted our June 14 correspondence, we will address them in our forthcoming ESI response letter. We note that Plaintiffs submitted reasonable inquiries on June 14 concerning the search practices of OpenAI Defendants and third parties represented by their counsel. You promised a prompt response to those questions, but we have yet to receive one.

*      *      *

The foregoing represents Plaintiffs' comprehensive effort to compromise and narrow or eliminate outstanding discovery disputes. We respectfully ask that OpenAI Defendants, who have been somewhat less receptive to finding middle ground on most requests, demonstrate similar flexibility and collaborative spirit to avoid burdening the Court with needless motion practice. Should OpenAI Defendants wish to meet and confer with Plaintiffs again, we remain available and willing to do so.

We look forward to your response. All rights reserved.

Very truly yours,

Jaymie Parkkinen