# EXHIBIT C

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Non-Party Musk Foundation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | Assigned to Hon. Yvonne Gonzalez Rogers |
| v. | **MUSK FOUNDATION'S RESPONSES AND OBJECTIONS TO OPENAI DEFENDANTS' SUBPOENA** |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

Propounding Parties:          OpenAI Defendants

Responding Party:             Musk Foundation

**PRELIMINARY STATEMENT**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Musk Foundation ("Responding Party") responds and objects to the April 9, 2025 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") issued by the OpenAI Defendants.

Responding Party makes these responses and objections without waiving, or intending to waive, its right to seek a protective order or file a motion to quash the Subpoena to which these responses and objections are addressed. Nothing contained in any response is intended to be an admission, concession, or waiver by Responding Party regarding the existence, relevance, materiality, or admissibility of any documents or information, nor an agreement to submit to the jurisdiction of the U.S. District Court for the Northern District of California for purposes of resolving disputes regarding this Subpoena.

Responding Party is not a party to this action. Accordingly, Responding Party may not in every instance appreciate that a request lacks relevance, seeks privileged and/or confidential information, or is otherwise objectionable. The following objections and responses are based on information currently known to Responding Party. Responding Party's failure to object on a particular ground, because it lacks adequate knowledge or information to make every applicable objection, shall not waive any such objections, and Responding Party reserves the right to supplement these responses and/or assert any applicable objections in the future.

Responding Party's responses to the Subpoena are based on Responding Party's reasonable, good-faith investigation of documents and information falling within the particular requests for production ("Requests"), during the timeline for Responding Party's response.

**GENERAL OBJECTIONS**

Each of the following General Objections are incorporated into Responding Party's responses and objections to each definition, instruction, and Request in the Subpoena, as if fully set forth therein, whether or not specifically identified in response thereto.

1.    These responses and objections are made without waiving or intending to waive, but, to the contrary, preserving and intending to preserve:

   a.    all objections to the competency, relevance, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in the above-captioned action or in any related or subsequent action or proceeding, of the documents, if any, produced hereunder or the subject matter thereof;

   b.    the right to object on any ground to the use of the documents, if any, produced hereunder at any trial or hearing in the above-captioned action or in any related or subsequent action or proceeding;

   c.    the right to object on any ground at any time to any other subpoena or set of Requests; and

   d.    the right at any time to revise, amend, supplement, or correct the responses and objections provided herein, but does not undertake any obligation to do so.

2.    Responding Party objects to each definition, instruction, and Request to the extent that it seeks to impose on Responding Party any obligation different from, inconsistent with, or in addition to, those imposed by the Federal Rules of Civil Procedure or other applicable rules, laws, or orders. In responding to the Subpoena, Responding Party will comply with those rules and applicable laws.

3.    Responding Party objects to each definition, instruction, and Request to the extent that it purports to require Responding Party to produce documents that are unrelated to, or beyond the scope of, the elements of any party's claims or defenses. To the extent that it agrees to produce documents, Responding Party will only produce documents that are demonstrably relevant to any party's claims or defenses consistent with Fed. R. Civ. P. 26(b)(1)'s directive that parties are entitled only to discovery on any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

4.    Responding Party objects to each definition, instruction, and Request to the extent that it seeks documents or information (i) in the possession, custody, or control of other persons or entities, (ii) not presently in the possession, custody, or control of Responding Party, (iii) already in

the possession of, or equally available to, a party to this action, or (iv) that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive. In responding to this Subpoena, Responding Party will not search for or produce any documents also in the possession, custody, or control of any party to this action.

5.     To the extent that Responding Party responds to any individual Request, it does not concede that the documents requested are thereby relevant, material, competent, or admissible. Responding Party expressly reserves the right to object to any further discovery into any subject matter covered by the Subpoena. Responding Party objects to any individual Request to the extent that it is duplicative or cumulative of one or more individual Requests that precede it or any prior discovery served by OpenAI Defendants.

6.     Responding Party objects to each definition, instruction, relevant time period, and Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, the common interest privilege, the self-evaluation privilege, the mediation privilege, the settlement privilege, the trial preparation privilege as set forth in Fed. R. Civ. P. 26(b)(3)-(5), or any other statutory or common law privilege, immunity, rule of privacy or confidentiality, protection, or restriction that protects such information from involuntary disclosure or production. Responding Party intends to and does claim privilege with respect to all such documents. Responding Party will not produce documents covered by one or more such privileges, immunities, or rules.

7.     Inadvertent production of any material subject to the attorney-client privilege, the work product doctrine, the common interest privilege, the self-evaluation privilege, the mediation privilege, the trial preparation privilege, or any other statutory or common law privilege, immunity, rule of privacy or confidentiality, protection, or restriction that protects such information from involuntary disclosure or production, shall not constitute a waiver of any privilege or any other grounds for objecting to discovery of such materials, its subject matter or information contained therein, or of Responding Party's right to object to the use of such material during any later proceeding or otherwise seek return of the produced material. For the purposes of responding to this

Subpoena, Responding Party will interpret such definitions, instructions, and Requests as excluding such material from production.

8.      Responding Party's responses and objections to the Subpoena or any part thereof do not constitute a representation that responsive documents exist, but only that responsive documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise objected to or protected from disclosure.

9.      Responding Party objects to the Subpoena because OpenAI Defendants have not taken reasonable steps to avoid imposing undue burden and expense on non-party Responding Party as required by Fed. R. Civ. P. 45(d)(1), which states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

10.     Responding Party objects to the Subpoena to the extent that it requests documents that are in the public domain and therefore equally available to OpenAI Defendants.

11.     Responding Party objects to the Subpoena because it fails to allow reasonable time for compliance. Responding Party objects that this compliance date is unreasonable, harassing and oppressive, and imposes undue burden and expense on non-party Responding Party under Fed. R. Civ. P. 45(d)(3). To the extent that it agrees to produce any documents, Responding Party will produce responsive, non-privileged documents, if any, at a mutually agreeable time and place, as limited by these responses and objections, any additional responses and objections, and any additional agreement with OpenAI Defendants.

12.     Responding Party objects to each definition, instruction, and Request to the extent that it seeks documents, materials, or information that are confidential or proprietary in nature, or which otherwise constitutes protected commercial, strategic, financial, or competitively sensitive or trade secret information. To the extent that such relevant and responsive documents, materials, or information exist, Responding Party will produce such documents, materials, or information only upon the execution of, and subject to the conditions contained in, an appropriate order. Nothing above is intended to waive, and Responding Party expressly reserves, all rights to assert that some information is so sensitive or irrelevant that it should not be produced at all.

13.      Responding Party objects to each definition, instruction, and Request to the extent that it purports to require the disclosure of documents or information which disclosure would violate (i) any court order, contract, or agreement obligating Responding Party to keep information confidential, (ii) any rights of privacy or other statutory or judicially-recognized protections, or (iii) Responding Party's contractual or legal obligations to protect the security and confidentiality of third parties' information. Responding Party will not produce such documents, materials, or information in the absence of obtaining the permission of those third parties.

14.      Responding Party objects to each definition, instruction, and Request to the extent that it (i) implies the existence of facts or circumstances that do not or did not exist or (ii) calls for, states, or assumes legal or factual conclusions. Any response by Responding Party shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in OpenAI Defendants' definitions, instructions, or Requests or an admission of any of OpenAI Defendants' factual or legal premises.

15.      Responding Party objects to each definition, instruction, and Request to the extent that terms and phrases are meant to include any broader meaning than that provided by the Federal Rules of Civil Procedure or other applicable rules or laws, on the grounds that such definitions, instructions, and Requests are overbroad, unduly burdensome, oppressive, not relevant to any claim or defense of any party to the above-captioned action, and not reasonably calculated to lead to the discovery of admissible evidence.

16.      Responding Party objects to each Request seeking "All Documents" or "All Communications" as overbroad, unduly burdensome, vague, indefinite, and ambiguous. Responding Party further objects to the extent that such Requests purport to require Responding Party to produce "All Documents" or "All Communications" potentially responsive to the Request where it would be unduly burdensome to search for and produce "All Documents" or "All Communications" in contravention of Fed. R. Civ. P. 45(d)(1), which states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." To the extent that it agrees to produce any documents, Responding Party will only conduct a reasonable and diligent search in good faith to

discover and produce documents or communications "relevant to any party's claim or defense" properly sought by OpenAI Defendants' Subpoena. Fed. R. Civ. P. 26(b)(1).

17.    Responding Party objects to the definition of "Fidelity Charitable" as overbroad, unduly burdensome, and vague, as the definition includes "any of its predecessors, successors, and affiliates." Responding Party interprets "Fidelity Charitable" to mean the Fidelity Investments Charitable Gift Fund itself.

18.    Responding Party objects to the definition of "Musk" as overbroad, unduly burdensome, and vague, as the definition includes "all other Persons or entities acting or purporting to act on his behalf." Responding Party interprets "Musk" to mean Elon Musk himself.

19.    Responding Party objects to the definition of "Vanguard Charitable" as overbroad, unduly burdensome, and vague, as the definition includes "any of its predecessors, successors, and affiliates." Responding Party interprets "Vanguard Charitable" to mean the Vanguard Charitable Endowment Program itself.

20.    Responding Party objects to the definition of "xAI" as overbroad, unduly burdensome, and vague, as the definition includes "any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates (including X Corp. or XAI Holdings Corp.)." Responding Party interprets "xAI" to mean X.AI Corp. itself.

21.    Responding Party objects to the definition of "X Corp." as overbroad, unduly burdensome, and vague, as the definition includes "any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates." Responding Party interprets "X Corp." to mean X Corp. itself.

22.    Responding Party objects to the definition of "Y Combinator" as overbroad, unduly burdensome, and vague, as the definition includes "each of its wholly owned affiliates and subsidiaries." Responding Party presently lacks knowledge of Y Combinator's corporate and/or ownership structures, including the identity(ies) of any wholly owned affiliates and subsidiaries that may be encompassed by this definition. Responding Party interprets "Y Combinator" to mean Y Combinator LLC itself.

23.    Responding Party objects to the definition of "YC Org" as overbroad, unduly burdensome, and vague, as the definition includes "each of its predecessors, successors, affiliates, parents, or subsidiaries." Responding Party interprets "YC Org" to mean YC Org itself.

24.    Responding Party objects to the definition of "You" and "Your" as overbroad, unduly burdensome, and vague, as the definition includes "any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates, and each and all of (a) its present and former employees, agents, representatives, or advisors; (b) any entity over which Musk Foundation exercised or exercises control; and (c) any other Persons acting on its or their behalves." Responding Party interprets "You" and "Your" to refer to Musk Foundation itself.

25.    Responding Party objects to Instruction Nos. 1 and 8-9 as overbroad and unduly burdensome to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

26.    Responding Party objects to Instruction No. 6 to the extent that it purports to require Responding Party to log documents on an individual, as opposed to categorical basis.

27.    Responding Party objects to each and every Request, definition, and instruction to the extent it seeks documents dated after February 29, 2024—the date the state court action captioned *Musk v. Altman, et al.*, Case No. CGC-24-612746 (S.F. Sup. Ct.), was filed—on the grounds that such Requests are overbroad, beyond the scope of the allegations, seek documents protected by the attorney-client privilege and work product doctrines as well as communications made in anticipation of litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to each and every Request, definition, and instruction to the extent it lacks a reasonable temporal limitation and is thus unduly burdensome and disproportionate to the needs of the case. Unless otherwise indicated in the specific responses below, Responding Party will not produce documents dated after February 29, 2024.

28.    Responding Party objects to each and every Request, definition, and instruction to the extent it seeks to require Responding Party to log documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges dated after February 29, 2024, as the burden and expense of logging such documents would outweigh any benefit of logging

them. Unless otherwise indicated in the specific responses below, Responding Party will not log privileged documents dated after February 29, 2024.

<b><u>SPECIFIC OBJECTIONS TO REQUESTS</u></b>

**<u>REQUEST FOR PRODUCTION NO. 1.</u>**

All Documents and Communications concerning (i) OpenAI, (ii) Samuel Altman, (iii) Gregory Brockman, or (iv) the Action.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1.</u>**

Responding Party objects to this Request as impermissibly seeking documents from a third party that have already been requested from a party to the litigation. *See* OpenAI's First Set of Requests for Production to Musk, No. 1; OpenAI's First Set of Requests for Production to Zilis, No. 2. Relatedly, Responding Party objects to this Request as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their counsel have not taken any steps, much less reasonable steps, to avoid imposing undue burden or expense on a third party. Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportionate to the needs of the case, and—insofar as it calls for the production of "All Documents and Communications concerning" OpenAI, Samuel Altman, Gregory Brockman, or the Action—seeks documents that are not relevant to any issue in this case and are not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request to the extent it seeks documents and communications concerning "the Action" in its entirety, as the Court expedited trial on certain, select causes of action, rendering this Request overbroad and unduly burdensome to the extent it seeks discovery beyond the scope of the claims at issue in the expedited proceedings. Responding Party further objects to this Request to the extent that it seeks sensitive, confidential, or proprietary business information, or documents, communications, or items protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Further responding, Responding Party objects to the production of any and all information or documents before a protective order and an applicable ESI protocol have been entered in this case. Subject to and without waiving these specific objections and the General Objections, Responding Party agrees

to meet and confer regarding this Request. In advance of this meet-and-confer discussion and to ensure a productive conference, Responding Party requests that the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 2.**

All Documents and Communications concerning any charitable contributions, donations, gifts, or grants to OpenAI, including Documents and Communications concerning (i) the terms on which any charitable contributions, donations, gifts, or grants were made to OpenAI; (ii) any actual or contemplated agreements, contracts, arrangements, or understandings (including any drafts) governing any charitable contributions, donations, gifts, or grants to OpenAI; and (iii) any conditions or restrictions (or lack thereof) on the disposition or use of any charitable contributions, donations, gifts, or grants to OpenAI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2.**

Responding Party objects to this Request as impermissibly seeking documents from a third party that have already been requested from a party to the litigation. *See* OpenAI's First Set of Requests for Production to Musk, No. 12; OpenAI's First Set of Requests for Production to Zilis, No. 27. Relatedly, Responding Party objects to this Request as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their counsel have not taken any steps, much less reasonable steps, to avoid imposing undue burden or expense on a third party. Responding Party objects to this Request to the extent it is overbroad, unduly burdensome, not proportionate to the needs of the case, and seeks documents that are not relevant to any issue in this case and are not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds that it is vague and ambiguous and fails to identify the requested documents with reasonable particularity. Responding Party objects to this Request because it infringes upon Responding Party's legitimate privacy rights protected by constitution, statute, contract, court order, and/or public policy. Responding Party further objects to this Request to the extent that it seeks sensitive, confidential, or proprietary business information, or documents, communications, or items protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from

1    contractual obligation. Further responding, Responding Party objects to the production of any and

2    all information or documents before a protective order and an applicable ESI protocol have been

3    entered in this case. Subject to and without waiving these specific objections and the General

4    Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this

5    meet-and-confer discussion and to ensure a productive conference, Responding Party requests that

6    the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

7    **REQUEST FOR PRODUCTION NO. 3.**

8         All Documents and Communications concerning any charitable contributions, donations,

9    gifts, or grants to Y Combinator or YC Org, including Documents and Communications concerning

10   (i) the terms on which any charitable contributions, donations, gifts, or grants were made to Y

11   Combinator or YC Org; (ii) any actual or contemplated agreements, contracts, arrangements, or

12   understandings (including any drafts) governing any charitable contributions, donations, gifts, or

13   grants to Y Combinator or YC Org; and (iii) any conditions or restrictions (or lack thereof) on the

14   disposition or use of any charitable contributions, donations, gifts, or grants to Y Combinator or YC

15   Org.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3.**

17        Responding Party objects to this Request as impermissibly seeking documents from a third

18   party that have already been requested from a party to the litigation. *See* OpenAI's First Set of

19   Requests for Production to Musk, Nos. 13, 15. Relatedly, Responding Party objects to this Request

20   as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their counsel have not taken

21   any steps, much less reasonable steps, to avoid imposing undue burden or expense on a third party.

22   Responding Party objects to this Request to the extent it is overbroad, unduly burdensome, not

23   proportionate to the needs of the case, and seeks documents that are not relevant to any issue in this

24   case and are not reasonably calculated to lead to the discovery of admissible evidence. Responding

25   Party objects to this Request because it infringes upon Responding Party's legitimate privacy rights

26   protected by constitution, statute, contract, court order, and/or public policy. Responding Party

27   objects to this Request on the grounds it is vague and ambiguous and fails to identify the requested

28   documents with reasonable particularity. Responding Party further objects to this Request to the

extent that it seeks sensitive, confidential, or proprietary business information, or documents, communications, or items protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Further responding, Responding Party objects to the production of any and all information or documents before a protective order and an applicable ESI protocol have been entered in this case. Subject to and without waiving these specific objections and the General Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this meet-and-confer discussion and to ensure a productive conference, Responding Party requests that the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 4.**

All Documents and Communications concerning any charitable contributions, donations, gifts, or grants to Fidelity Charitable, Vanguard Charitable, or any donor-advised or other charitable fund associated with Fidelity or Vanguard, including Documents and Communications concerning (i) the terms on which any charitable contributions, donations, gifts, or grants were made Fidelity Charitable, Vanguard Charitable, or any donor-advised or other charitable fund associated with Fidelity or Vanguard; (ii) any actual or contemplated agreements, contracts, arrangements, or understandings (including any drafts) governing any charitable contributions, donations, gifts, or grants to Fidelity Charitable, Vanguard Charitable, or any donor-advised or other charitable fund associated with Fidelity or Vanguard; and (iii) any conditions or restrictions (or lack thereof) on the disposition or use of any charitable contributions, donations, gifts, or grants to Fidelity Charitable, Vanguard Charitable, or any donor-advised or other charitable fund associated with Fidelity or Vanguard.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4.**

Responding Party objects to this Request as impermissibly seeking documents from a third party that have already been requested from a party to the litigation. *See* OpenAI's First Set of Requests for Production to Musk, No. 16. Relatedly, Responding Party objects to this Request as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their counsel have not taken any

steps, much less reasonable steps, to avoid imposing undue burden or expense on a third party. Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportionate to the needs of the case, and—insofar as it calls for the production of "All Documents and Communications concerning any charitable contributions[,]" unbounded by any temporal limitations and unconnected to the issues in this litigation—seeks documents that are not relevant to any issue in this case and are not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds that it is vague and ambiguous and fails to identify the requested documents with reasonable particularity. Responding Party objects to this Request because it infringes upon Responding Party's legitimate privacy rights protected by constitution, statute, contract, court order, and/or public policy. Responding Party further objects to this Request to the extent that it seeks sensitive, confidential, or proprietary business information, or documents, communications, or items protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Further responding, Responding Party objects to the production of any and all information or documents before a protective order and an applicable ESI protocol have been entered in this case. Subject to and without waiving these specific objections and the General Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this meet-and-confer discussion and to ensure a productive conference, Responding Party requests that the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 5.**

With respect to each of the grants or charitable contributions listed in Exhibit A to these Requests, Documents and Communications sufficient to show (i) the terms on which each such grant or charitable contribution was made, including any contracts, agreements, arrangements, or understandings governing each grant or charitable contribution; and (ii) any conditions or restrictions on the disposition or use of each grant or charitable contribution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5.**

Responding Party objects to this Request as impermissibly seeking documents from a third

party that have already been requested from a party to the litigation. *See* OpenAI's First Set of Requests for Production to Musk, No. 49. Relatedly, Responding Party objects to this Request as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their counsel have not taken any steps, much less reasonable steps, to avoid imposing undue burden or expense on a third party. Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportionate to the needs of the case, and—insofar as it calls for the production of documents concerning "each of the grants or charitable contributions listed in Exhibit A"—seeks documents that are not relevant to any issue in this case and are not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request because it infringes upon Responding Party's legitimate privacy rights protected by constitution, statute, contract, court order, and/or public policy. Responding Party further objects to this Request to the extent that it seeks sensitive, confidential, or proprietary business information, or documents, communications, or items protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Further responding, Responding Party objects to the production of any and all information or documents before a protective order and an applicable ESI protocol have been entered in this case. Subject to and without waiving these specific objections and the General Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this meet-and-confer discussion and to ensure a productive conference, Responding Party requests that the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 6.**

Client copies of Your Form 990s for each year You have been in operation, including any attachments, schedules, or other supporting documentation thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6.**

Responding Party objects to this Request as impermissibly seeking documents from a third party that may be obtained from a party to the litigation. Relatedly, Responding Party objects to this Request as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their counsel have not

taken any steps, much less reasonable steps, to avoid imposing undue burden or expense on a third party. Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportionate to the needs of the case, and seeks documents that are not relevant to any issue in this case and are not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request because it infringes upon Responding Party's legitimate privacy rights protected by constitution, statute, contract, court order, and/or public policy. Responding Party further objects to this Request to the extent that it seeks sensitive, confidential, or proprietary business information, or documents, communications, or items protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Further responding, Responding Party objects to the production of any and all information or documents before a protective order and an applicable ESI protocol have been entered in this case. Subject to and without waiving these specific objections and the General Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this meet-and-confer discussion and to ensure a productive conference, Responding Party requests that the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 7.**

All Documents and Communications concerning the "Open Letter" titled "Pause Giant AI Experiments: An Open Letter," published by the Future of Life Institute on March 22, 2023, and signed by Elon Musk, including all Communications with any signatories or concerning Musk's decision to sign and promote the Open Letter and call for a pause in the development of certain artificial intelligence technologies and all Documents concerning such Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7.**

Responding Party objects to this Request as impermissibly seeking documents from a third party that have already been requested from a party to the litigation. *See* OpenAI's First Set of Requests for Production to Musk, No. 34; OpenAI's First Set of Requests for Production to xAI, No. 9. Relatedly, Responding Party objects to this Request as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their counsel have not taken any steps, much less reasonable steps, to

avoid imposing undue burden or expense on a third party. Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportionate to the needs of the case, and seeks documents that are not relevant to any issue in this case and are not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request to the extent that it seeks sensitive, confidential, or proprietary business information, or documents, communications, or items protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Further responding, Responding Party objects to the production of any and all information or documents before a protective order and an applicable ESI protocol have been entered in this case. Subject to and without waiving these specific objections and the General Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this meet-and-confer discussion and to ensure a productive conference, Responding Party requests that the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 8.**

All Communications between You or any Person affiliated with You, on the one hand, and any Governmental Authority, on the other hand, concerning OpenAI, Samuel Altman, Gregory Brockman, or the Action, including any Communications with representatives from (i) the office of the Delaware Attorney General; (ii) the office of the California Attorney General; (iii) the office of any other state's Attorney General; (iv) the Internal Revenue Service; (v) the U.S. Securities and Exchange Commission; (vi) the Federal Trade Commission; (vii) the Central Intelligence Agency; (viii) the Department of Justice; (ix) the Department of Commerce; (x) the Department of Defense; (xi) the Department of Government Efficiency; (xii) the Department of State; (xiii) the United States Congress; (xiv) any candidate for President of the United States; (xv) the President Elect of the United States; and (xvi) the President of the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8.**

Responding Party objects to this Request as impermissibly seeking documents from a third party that have already been requested from a party to the litigation. *See* OpenAI's First Set of

Requests for Production to Musk, Nos. 40-41; OpenAI's First Set of Requests for Production to Zilis, Nos. 20-21; OpenAI's First Set of Requests for Production to xAI, Nos. 14-16. Relatedly, Responding Party objects to this Request as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their counsel have not taken any steps, much less reasonable steps, to avoid imposing undue burden or expense on a third party. Responding Party objects to this Request to the extent it is overbroad, not proportionate to the needs of the case, and—insofar as it requests "All Communications . . . concerning OpenAI, Samuel Altman, [or] Gregory Brockman," unbounded by any temporal limitation and unconnected to the issues in this litigation—seeks communications that are not relevant to any issue in this case and are not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request to the extent it seeks documents and communications concerning "the Action" in its entirety, as the Court expedited trial on certain, select causes of action, rendering this Request overbroad and unduly burdensome to the extent it seeks discovery beyond the scope of the claims at issue in the expedited proceedings. Responding Party objects to this Request on the grounds that "any Person affiliated with You" is vague and ambiguous and fails to identify the requested documents with reasonable particularity. Responding Party objects to this Request to the extent that it seeks sensitive, confidential, or proprietary business information, or communications or items protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Responding Party further objects to this Request to the extent it seeks information that is protected from disclosure by governmental privileges, the First Amendment, the litigation privilege, and/or related privileges. Further responding, Responding Party objects to the production of any and all information or documents before a protective order and an applicable ESI protocol have been entered in this case. Subject to and without waiving these specific objections and the General Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this meet-and-confer discussion and to ensure a productive conference, Responding Party requests that the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

1    **REQUEST FOR PRODUCTION NO. 9.**

2    　　　All Communications between You or any Person affiliated with You, on the one hand, and

3    any representative of a nonprofit or charitable entity, on the other hand, about OpenAI, Samuel

4    Altman, Gregory Brockman, or any of the topics discussed in the Complaint, including

5    Communications with those Persons listed in Exhibit B of these Requests.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9.**

7    　　　Responding Party objects to this Request as impermissibly seeking documents from a third

8    party that have already been requested from a party to the litigation. *See* OpenAI's First Set of

9    Requests for Production to Musk, No. 44; OpenAI's First Set of Requests for Production to Zilis,

10   No. 23; OpenAI's First Set of Requests for Production to xAI, No. 18. Relatedly, Responding Party

11   objects to this Request as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their

12   counsel have not taken any steps, much less reasonable steps, to avoid imposing undue burden or

13   expense on a third party. Responding Party objects to this Request on the grounds that it is

14   overbroad, unduly burdensome, not proportionate to the needs of the case, and—insofar as it

15   requests "All Communications . . . about OpenAI, Samuel Altman, [or] Gregory Brockman,"

16   unbounded by any temporal limitation and unconnected to the issues in this litigation—seeks

17   communications that are not relevant to any issue in this case and are not reasonably calculated to

18   lead to the discovery of admissible evidence. Responding Party objects to this Request to the extent

19   it seeks documents and communications concerning "any of the topics discussed in the Complaint"

20   in its entirety, as the Court expedited trial on certain, select causes of action, rendering this Request

21   overbroad and unduly burdensome to the extent it seeks discovery beyond the scope of the claims at

22   issue in the expedited proceedings. Responding Party objects to this Request on the grounds that

23   "any Person affiliated with You" is vague and ambiguous and fails to identify the requested

24   documents with reasonable particularity. Responding Party objects to this Request to the extent that

25   it seeks sensitive, confidential, or proprietary business information, or communications or items

26   protected by the attorney-client privilege, the attorney work product doctrine, the common interest

27   or joint defense privileges, and any other privilege or immunity available under law or arising from

28   contractual obligation. Further responding, Responding Party objects to the production of any and

all information or documents before a protective order and an applicable ESI protocol have been

entered in this case. Subject to and without waiving these specific objections and the General

Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this

meet-and-confer discussion and to ensure a productive conference, Responding Party requests that

the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 10.**

All Communications between You or any Person affiliated with You, on the one hand, and

any representative of any competitor of OpenAI, on the other hand, concerning OpenAI, Samuel

Altman, Gregory Brockman, or any of the topics discussed in the Complaint, including all

Communications with representatives of Meta Platforms, Inc. or any of its affiliates (including

Mark Zuckerberg) related to its interactions with the California Attorney General.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10.**

Responding Party objects to this Request as impermissibly seeking documents from a third

party that have already been requested from a party to the litigation. *See* OpenAI's First Set of

Requests for Production to Musk, No. 45; OpenAI's First Set of Requests for Production to Zilis,

No. 24; OpenAI's First Set of Requests for Production to xAI, No. 19. Relatedly, Responding Party

objects to this Request as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their

counsel have not taken any steps, much less reasonable steps, to avoid imposing undue burden or

expense on a third party. Responding Party objects to this Request on the grounds that it is

overbroad, unduly burdensome, not proportionate to the needs of the case, and—insofar as it

requests "All Communications . . . concerning OpenAI, Samuel Altman, [or] Gregory Brockman,"

unbounded by any temporal limitation and unconnected to the issues in this litigation—seeks

communications that are not relevant to any issue in this case and are not reasonably calculated to

lead to the discovery of admissible evidence. Responding Party objects to this Request to the extent

it seeks documents and communications concerning "any of the topics discussed in the Complaint"

in its entirety, as the Court expedited trial on certain, select causes of action, rendering this Request

overbroad and unduly burdensome to the extent it seeks discovery beyond the scope of the claims at

issue in the expedited proceedings. Responding Party objects to this Request on the grounds that

1    "any Person affiliated with You" is vague and ambiguous and fails to identify the requested

2    documents with reasonable particularity. Responding Party objects to this Request to the extent that

3    it seeks sensitive, confidential, or proprietary business information, or communications or items

4    protected by the attorney-client privilege, the attorney work product doctrine, the common interest

5    or joint defense privileges, and any other privilege or immunity available under law or arising from

6    contractual obligation. Further responding, Responding Party objects to the production of any and

7    all information or documents before a protective order and an applicable ESI protocol have been

8    entered in this case. Subject to and without waiving these specific objections and the General

9    Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this

10   meet-and-confer discussion and to ensure a productive conference, Responding Party requests that

11   the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

12   **REQUEST FOR PRODUCTION NO. 11.**

13       All Documents and Communications concerning any payments to, or any actual,

14   contemplated, or potential engagement or solicitation of any Person to make public statements

15   about OpenAI, Samuel Altman, Gregory Brockman, or the Action.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11.**

17       Responding Party objects to this Request as impermissibly seeking documents from a third

18   party that have already been requested from a party to the litigation. *See* OpenAI's First Set of

19   Requests for Production to Musk, No. 39; OpenAI's First Set of Requests for Production to xAI,

20   No. 22. Relatedly, Responding Party objects to this Request as violating Rule 45(d)(1) and (d)(3)(A)

21   as OpenAI Defendants and their counsel have not taken any steps, much less reasonable steps, to

22   avoid imposing undue burden or expense on a third party. Responding Party objects to this Request

23   on the grounds that it is overbroad, unduly burdensome, not proportionate to the needs of the case,

24   and seeks documents that are not relevant to any issue in this case and are not reasonably calculated

25   to lead to the discovery of admissible evidence. Responding Party objects to this Request to the

26   extent it seeks documents and communications concerning "the Action" in its entirety, as the Court

27   expedited trial on certain, select causes of action, rendering this Request overbroad and unduly

28   burdensome to the extent it seeks discovery beyond the scope of the claims at issue in the expedited

1   proceedings. Responding Party objects to this Request to the extent that it seeks sensitive,

2   confidential, or proprietary business information, or documents, communications, or items protected

3   by the attorney-client privilege, the attorney work product doctrine, the common interest or joint

4   defense privileges, and any other privilege or immunity available under law or arising from

5   contractual obligation. Further responding, Responding Party objects to the production of any and

6   all information or documents before a protective order and an applicable ESI protocol have been

7   entered in this case. Subject to and without waiving these specific objections and the General

8   Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this

9   meet-and-confer discussion and to ensure a productive conference, Responding Party requests that

10  the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

11  **REQUEST FOR PRODUCTION NO. 12.**

12       All Documents and Communications concerning SB 1047 or AB 501 or the potential impact

13  of either on xAI or OpenAI, including any Communications between You or any Person affiliated

14  with You, on the one hand, and any Governmental Authority or advocacy group, on the other hand,

15  concerning SB 1047 or AB 501 and all Documents concerning such Communications.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12.**

17       Responding Party objects to this Request as impermissibly seeking documents from a third

18  party that have already been requested from a party to the litigation. *See* OpenAI's First Set of

19  Requests for Production to Musk, No. 46; OpenAI's First Set of Requests for Production to Zilis,

20  No. 25; OpenAI's First Set of Requests for Production to xAI, No. 20. Relatedly, Responding Party

21  objects to this Request as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their

22  counsel have not taken any steps, much less reasonable steps, to avoid imposing undue burden or

23  expense on a third party. Responding Party objects to this Request on the grounds that it is

24  overbroad, unduly burdensome, not proportionate to the needs of the case, and seeks documents that

25  are not relevant to any issue in this case and are not reasonably calculated to lead to the discovery of

26  admissible evidence. Responding Party objects to this Request on the grounds that "any Person

27  affiliated with You" is vague and ambiguous and fails to identify the requested documents with

28  reasonable particularity. Responding Party objects to this Request to the extent that it seeks

1   sensitive, confidential, or proprietary business information, or documents or items protected by the

2   attorney-client privilege, the attorney work product doctrine, the common interest or joint defense

3   privileges, and any other privilege or immunity available under law or arising from contractual

4   obligation. Responding Party further objects to this Request to the extent it seeks information that is

5   protected from disclosure by governmental privileges, the First Amendment, the litigation privilege,

6   and/or related privileges. Further responding, Responding Party objects to the production of any and

7   all information or documents before a protective order and an applicable ESI protocol have been

8   entered in this case. Subject to and without waiving these specific objections and the General

9   Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this

10  meet-and-confer discussion and to ensure a productive conference, Responding Party requests that

11  the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

12  **REQUEST FOR PRODUCTION NO. 13.**

13      All Documents and Communications with or concerning LASST, Tyler Whitmer, or Vivian

14  Dong regarding OpenAI, Samuel Altman, Gregory Brockman, or any topic referenced in the

15  Complaint.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13.**

17      Responding Party objects to this Request as impermissibly seeking documents from a third

18  party that have already been requested from a party to the litigation. *See* OpenAI's First Set of

19  Requests for Production to Musk, No. 47; OpenAI's First Set of Requests for Production to Zilis,

20  No. 26; OpenAI's First Set of Requests for Production to xAI, No. 21. Relatedly, Responding Party

21  objects to this Request as violating Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their

22  counsel have not taken any steps, much less reasonable steps, to avoid imposing undue burden or

23  expense on a third party. Responding Party objects to this Request on the grounds that it is

24  overbroad, unduly burdensome, not proportionate to the needs of the case, and—insofar as it

25  requests "All Documents and Communications . . . regarding OpenAI, Samuel Altman, [or] Gregory

26  Brockman," unbounded by any temporal limitation and unconnected to the issues in this litigation—

27  seeks documents that are not relevant to any issue in this case and are not reasonably calculated to

28  lead to the discovery of admissible evidence. Responding Party objects to this Request to the extent

it seeks documents and communications concerning "any topic referenced in the Complaint" in its

entirety, as the Court expedited trial on certain, select causes of action, rendering this Request

overbroad and unduly burdensome to the extent it seeks discovery beyond the scope of the claims at

issue in the expedited proceedings. Responding Party objects to this Request to the extent that it

seeks sensitive, confidential, or proprietary business information, or documents, communications, or

items protected by the attorney-client privilege, the attorney work product doctrine, the common

interest or joint defense privileges, and any other privilege or immunity available under law or

arising from contractual obligation. Further responding, Responding Party objects to the production

of any and all information or documents before a protective order and an applicable ESI protocol

have been entered in this case. Subject to and without waiving these specific objections and the

General Objections, Responding Party agrees to meet and confer regarding this Request. In advance

of this meet-and-confer discussion and to ensure a productive conference, Responding Party

requests that the OpenAI Defendants narrow the scope of this Request in light of the foregoing

objections.

**REQUEST FOR PRODUCTION NO. 14.**

All Documents and Communications sent or received by Elon Musk responsive to the

OpenAI Defendants' First Set of Requests for Production to Musk attached as Exhibit C.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14.**

Responding Party objects to this Request as impermissibly seeking documents from a third

party that have already been requested from a party to the litigation. *See* OpenAI's First Set of

Requests for Production to Musk. Relatedly, Responding Party objects to this Request as violating

Rule 45(d)(1) and (d)(3)(A) as OpenAI Defendants and their counsel have not taken any steps,

much less reasonable steps, to avoid imposing undue burden or expense on a third party.

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome,

not proportionate to the needs of the case, and seeks documents that are not relevant to any issue in

this case and are not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this Request on the grounds that it is vague and ambiguous and fails to

identify the requested documents with reasonable particularity. Responding Party objects to this

Request to the extent that it seeks sensitive, confidential, or proprietary business information, or documents or items protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Responding Party further objects to this Request to the extent it seeks information that is protected from disclosure by governmental privileges, the First Amendment, the litigation privilege, and/or related privileges. Further responding, Responding Party objects to the production of any and all information or documents before a protective order and an applicable ESI protocol have been entered in this case. Subject to and without waiving these specific objections and the General Objections, Responding Party agrees to meet and confer regarding this Request. In advance of this meet-and-confer discussion and to ensure a productive conference, Responding Party requests that the OpenAI Defendants narrow the scope of this Request in light of the foregoing objections.

DATED: May 14, 2025                                    TOBEROFF & ASSOCIATES, P.C.

                                                        _____*/s/ Marc Toberoff*_____
                                                        Marc Toberoff

                                                        *Attorneys for Non-Party Musk Foundation*

1    **PROOF OF SERVICE**

2    I, Jaymie Parkkinen, declare:

3          I am over the age of eighteen years and not a party to the within action. I am a resident of or

4    employed in the county where the service described below occurred. My business address is 23823

5    Malibu Road, Suite 50-363, Malibu, CA 90265. On the date indicated below, I caused the following:

6    **MUSK FOUNDATION'S RESPONSES AND OBJECTIONS TO OPENAI DEFENDANTS'**

7    **SUBPOENA**

8    to be served as follows:

9          [X]    **BY ELECTRONIC MAIL** -  I caused the above-described document to be served by

10   electronic mail transmission on the interested parties noted below, where an electronic mail address

11   is indicated.

12   William Savitt                                  Russell Cohen
     *wdsavitt@wlrk.com*                       *russ.cohen@dechert.com*
13   Bradley R Wilson                           Nisha Patel Gupta
     *brwilson@wlrk.com*                       *nisha.patelgupta@dechert.com*
14   Sarah Eddy                                      Howard Ullman
15   *skeddy@wlrk.com*                         *howard.ullman@dechert.com*
     Nathaniel Cullerton                        Jay Jurata
16   *ndcullerton@wlrk.com*                 *jay.jurata@dechert.com*
     Ioannis Drivas                                Andrew Levander
17   *iddrivas@wlrk.com*                      *andrew.levander@dechert.com*
     Kelsey Borenzweig                         DECHERT LLP
18   *kaborenzweig@wlrk.com*
19   WACHTELL, LIPTON, ROSEN & KATZ

20   Jordan Eth
     *jeth@mofo.com*
21   William Frentzen
22   *wfrentzen@mofo.com*
     David Wiener
23   *dwiener@mofo.com*
     MORRISON & FOERSTER LLP
24

25         I declare under penalty of perjury that the foregoing is true and correct. Executed on May 14,

26   2025, at Beverly Hills, California.

27                                        */s/ Jaymie Parkkinen*
                                          Jaymie Parkkinen

28