# EXHIBIT 2

# TOBEROFF

Toberoff & Associates, P.C.
23823 Malibu Road
Suite 50-363
Malibu, CA 90265
Telephone: +1 310 246 3100

**Marc Toberoff**
mtoberoff@toberoffandassociates.com
**Jaymie Parkkinen**
jparkkinen@toberoffandassociates.com

June 16, 2025

*Via Email*

| | |
|---|---|
| Jordan Eth | William Savitt |
| *jeth@mofo.com* | *wdsavitt@wlrk.com* |
| William Frentzen | Bradley Wilson |
| *wfrentzen@mofo.com* | *brwilson@wlrk.com* |
| David J. Wiener | Sarah K. Eddy |
| *dwiener@mofo.com* | *skeddy@wlrk.com* |
| MORRISON & FOERSTER LLP | Nathaniel Cullerton |
| 425 Market Street | *ndcullerton@wlrk.com* |
| San Francisco, CA 94105 | WACHTELL, LIPTON, ROSEN & KATZ |
| | 51 West 52nd Street |
| | New York, NY 10019 |

**RE:** *Musk, et al. v. Altman, et al.*, No. 4:24-cv-04722-YGR (N.D. Cal.)

Brad:

    We write to follow up on Plaintiffs' discovery requests discussed during the nine-hour conference conducted over June 12 and 13. As a preliminary matter, we feel compelled to address your conduct at the conference. We were troubled by the tone of the proceedings, which included your raised voice, use of profanity, and sarcastic and personally disrespectful comments. This behavior was unprofessional, inappropriate, and made it more difficult to have productive dialogue to resolve the issues at hand. Moving forward, we need to be able to work together professionally and ask that you maintain appropriate decorum and a civil tone.

## I. Overarching Issues

    OpenAI Defendants refused to produce almost all information across RFPs, RFAs, and ROGs in certain categories, including concerning OpenAI's safety information, Defendants' conflicts of interest, and Altman's firing in November 2023.[1]

    During our conference, we explained, for example, the relevance of OpenAI's safety information to this litigation. You stated that you did not know what "safety practices" or "protocols"

---

[1] Subpoenaed parties Deng, Hurd, Brundage, and Morikawa refused to produce documents in these categories as well.

were or what communications concerning them would entail. Although OpenAI Defendants' responses to these requests did not raise such confusion, we nevertheless explained what those documents were. Concerningly, your professed unfamiliarity with these terms suggests that OpenAI Defendants have not yet conducted a search for these obviously relevant and responsive documents.

We also explained the obvious relevance of information regarding Altman and Brockman's financial interests in other companies to Plaintiffs' claims concerning OpenAI Defendants' breaches of charitable trust, fiduciary duty, fraud, unjust enrichment, and otherwise. Similarly, we explained the relevance of information concerning Altman's termination from OpenAI for his allegedly deceitful conduct, conflicts of interest, and issues concerning his approach to safety at OpenAI. Despite these explanations, you stated that you needed to confer with your clients about such requests.

Please promptly advise us of OpenAI Defendants' final positions on these categories of requests, and should they agree to provide such information, supplement responses to:
- Altman's firing: RFP Nos. 12, 41, 73; OpenAI, Inc. ROG No. 13; Subpoena Request Nos. 6-7;
- Conflicts of interest: RFP Nos. 13-33; Altman RFA Nos. 36, 39-58; Brockman RFA Nos. 38-41; Altman and Brockman ROG No. 4; OpenAI, Inc. ROG Nos. 10, 15; Subpoena Request No. 8;
- Safety: RFP Nos. 45, 49, 51, 58, 62, 74, 78; OpenAI, Inc. ROG No. 6; Altman RFA Nos. 65-67; Brockman RFA No. 50; OpenAI, Inc. RFA Nos. 29, 39-40; Subpoena Request Nos. 2-3, 12.

Additionally, in response to several RFPs, OpenAI Defendants provided the following evasive response: "OpenAI Defendants will produce responsive, non-privileged documents or communications to the extent such documents or communications are responsive to other Requests that the OpenAI Defendants have agreed to produce documents in response to," e.g., RFP No. 35, or similar. This circular non-response is unacceptable. OpenAI Defendants must clearly state which specific documents, if any, they will produce in response to these requests, or Plaintiffs will interpret this as a categorical refusal to produce any documents responsive to these requests. Please confirm OpenAI Defendants will supplement these responses.

Further, in their June 10 letter, OpenAI Defendants stated they were "willing to consider" providing supplemental responses to the following: RFP Nos. 1, 3-6, 8, 35, 61; Altman RFA Nos. 60, 62; Brockman RFA Nos. 44, 46; OpenAI, Inc. RFA Nos. 35, 37. Please confirm that OpenAI Defendants will provide these supplemental responses and produce the requested documents, and advise when such supplemental responses and production will be provided.

## II. Particular Issues

As an initial matter, the OpenAI For-Profit Entities entirely refused to respond to Plaintiffs' RFAs. You expressed concern that Plaintiffs were trying to burden OpenAI by the numerosity of the requests. However, we explained that Plaintiffs have actively sought to *minimize* any undue burden by, among other things, propounding one combined set of RFPs on all OpenAI Defendants with the understanding that each has an obligation to search for and produce documents. RFAs are fundamentally different in that they seek party admissions, and different entities are positioned differently and may not have the same responses. If OpenAI Defendants have reasonable means of reducing any purported burden while ensuring Plaintiffs obtain full and complete responsive information, we will consider such a proposal. Otherwise, please confirm that the OpenAI For-Profit Entities will comply with their discovery obligations and promptly provide substantive responses to Plaintiffs' RFAs.

We also discussed specific issues concerning the following discovery requests, for which you indicated you would need to confer with your clients before providing a final response. Please state

2

your clients' final positions on the following requests:

RFP No. 2

We explained why a complete production in response to this request was appropriate. Please confirm OpenAI Defendants' agreement to make a comprehensive production in response to this request.

RFP No. 7

We explained that a fulsome production of overhead expenses is necessary to trace Musk's contributions to OpenAI. You stated you were uncertain what was included in overhead and asked whether that included expenses such as carpet cleaning and vending machine restocking. For the avoidance of doubt, Plaintiffs are primarily interested in the overhead expenses identified in their request—namely, rent, salaries, and utilities, as well as compute, equipment, and other similar operational expenses. Please confirm OpenAI Defendants will produce these documents.

RFP No. 36

We explained why limiting responsive documents to 2019 is inappropriate given that the alleged misconduct and corporate restructuring continued well beyond that date, including to today. You indicated you would consider extending the production period to the present. Please confirm OpenAI Defendants' final position on this temporal scope.

RFP No. 38

During our conference, OpenAI Defendants resisted making a full production of responsive documents but proposed that the documents they intended to produce in response to this request would likely suffice. Please produce and identify these documents so we can assess whether that is indeed the case.

RFP No. 40

We explained that OpenAI Defendants' agreement to produce documents is too narrow. A complete production is required of all communications leading up to the Microsoft agreements, including discussions of the financial arrangements between the parties, Microsoft's awareness of OpenAI's mission and promises, and deliberations concerning the terms of the agreement. Please advise whether OpenAI Defendants will make this production.

RFP No. 44

We explained why Plaintiffs need all communications concerning whether to open source technology, namely, because the OpenAI board has historically been uninformed about ongoing developments at the company, and therefore, their communications concerning such decisions will not suffice. Please confirm OpenAI Defendants will produce all such documents.

RFP Nos. 54-55

We explained that this financial information is directly relevant to Plaintiffs' claims for unjust enrichment and constructive trust, which require Plaintiffs to trace Musk's contributions through OpenAI's corporate structure. Moreover, the transfer of assets from the non-profit entity to enrich

3

private investors constitutes a breach of charitable trust. Please confirm whether OpenAI Defendants will produce this financial information.

RFP Nos. 59 and 69

We explained that board-level communications are necessary but not sufficient to satisfy these requests. Non-board-level communications, including those with consultants, investors, and relevant employees, are also required. Additionally, Plaintiffs do not agree that OpenAI Defendants can make non-privilege redactions of information. Please confirm that OpenAI Defendants will produce these documents without improper redactions.

RFP No. 66

Please state whether OpenAI Defendants will be producing responsive communications with state regulators, not just the IRS.

RFP No. 71

We explained why limiting production to communications made concerning commitments made by OpenAI to Musk was too narrow. Communications concerning OpenAI's commitments to employees, regulators, and the public are also relevant, particularly, though not exclusively, to the RICO claims given the relevance of multiple victims to those claims, and Plaintiffs' claim for breach of charitable trust. Please confirm that OpenAI Defendants will produce documents concerning all such communications.

RFP No. 80

Plaintiffs and OpenAI Defendants have each propounded what is essentially the same RFP. Plaintiffs agreed to make a complete production, but during the conference you expressed that OpenAI Defendants did not wish to produce publicly available documents in advance of depositions. You stated that this measure was not intended to "sandbag" the deponent, but then described exactly that strategy, essentially admitting your intent to ambush deponents with documents they have not seen. We reject this approach. OpenAI Defendants requested documents that Plaintiffs intend to use at depositions, and Plaintiffs agreed to provide them. OpenAI Defendants must make the same reciprocal production.

Altman, Brockman, and OpenAI, Inc. ROG Nos. 1-2

Please confirm that these Defendants will amend their responses to include information regarding oral communications responsive to the interrogatories. If Defendants do not recall any oral communications, they should so state.

OpenAI, Inc. ROG No. 4

Please confirm whether OpenAI, Inc. will provide specific details regarding the actual consideration paid for the transfer of the non-profit's intellectual property, and replace the nonresponsive and unduly vague "fair-market value."

OpenAI, Inc. ROG No. 15

We explained the direct relevance of identifying investors in the For-Profit Entities, including, at minimum, by helping to identify all persons or entities with relevant evidence concerning the

4

allegations. This is fundamental discovery information and must be provided. Please confirm whether OpenAI, Inc. will amend its response to provide a complete and substantive answer.

<u>Altman RFA Nos. 41, 44, 47, 50, 54, 57, 61, 63, 77-79; Brockman RFA Nos. 41, 45, 47, 54-56; OpenAI, Inc. RFA Nos. 36, 38, 61-63</u>

We discussed a potential arrangement where OpenAI Defendants would be permitted to respond to these requests after the substantial completion deadline. Please confirm that OpenAI Defendants will provide substantive responses by July 21.

<u>Subpoenas to Deng, Hurd, Brundage, and Morikawa</u>

Request No. 1

We explained that publicly available documents regarding reasons for their departure would not suffice. We need private communications concerning their reasons for leaving to the extent those communications address safety concerns, conflicts of interest, or contravention of OpenAI's mission. Please confirm such documents will be searched for and produced.

Request No. 11

We explained that the employees' and board members' observations of OpenAI's adherence to its commitments is directly relevant to Plaintiffs' claims. The subpoenaed parties must produce documents concerning their understanding of OpenAI's mission and any failures to adhere to it that they observed, not merely documents discussing the mission as a reason for joining OpenAI. Please confirm they will do so.

\*     \*     \*

Please provide OpenAI Defendants' and the subpoenaed parties' final positions on the foregoing issues by June 18 so that Plaintiffs may prepare their portion of a joint letter addressing any remaining areas of disagreement. Further, we have received OpenAI Defendants' letter and email from over the weekend and will respond to those correspondences shortly.

Please also advise whether you prefer that the parties exchange amended/supplemental discovery responses or whether setting forth the substance of such responses in a letter will be sufficient.

All rights reserved.

Very truly yours,

Jaymie Parkkinen