UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAMUEL ALTMAN, et al.,<br><br>    Defendants. | Case No. 24-cv-04722-YGR  (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 199, 200, 201 |

The parties have filed joint discovery letter briefs at ECF Nos. 199, 200 and 201. The Court rules as follows.

**A.  ECF No. 199 (OpenAI Defendants' Motion to Compel)**

The OpenAI Defendants move to compel on certain discovery requests to Plaintiffs Elon Musk and X.AI Corp. and non-parties Shivon Zilis, Ariel Emanuel and Emanual Capital Management, LLC.

**The alleged contract.**  The Court **GRANTS** the OpenAI Defendants' motion to compel as to Musk RFPs 5 and 29 and Zilis RFPs 8 and 13. These RFPs seek relevant documents because they ask about the existence and content of the alleged contract in this case, including what actions allegedly violate it. Plaintiffs and Zilis do not present contrary arguments.

**Alleged breached of contract/charitable trust.**  The OpenAI Defendants' motion to compel is **DENIED** as to Musk RFP 27 and xAI RFP 4 because what X.AI does with respect to open-sourcing or not open-sourcing products does not seem to have anything to do with this case. By contrast, the OpenAI Defendants' motion is **GRANTED** as to Musk RFPs 21-22 and Zilis RFPs 14 and 15 because efforts by Musk to incorporate OpenAI into Tesla or to convert it into a for-profit company are relevant because they may be inconsistent with Plaintiffs' core theories of

liability. The OpenAI Defendants' motion is **DENIED** as to Musk RFP 31, xAI RFP 3 and Zilis RFP 17 because they relate to AGI generally, rather than to OpenAI in particular. Likewise, the OpenAI Defendants' motion is **DENIED** as to Musk RFP 26 and xAI RFP 1 because the formation of X.AI is not relevant. XAI RFP 1 also asks about anticipated competition with OpenAI, and that may be relevant to the antitrust claims, but those claims have been stayed.

**Alleged donations to OpenAI.** The OpenAI Defendants' motion is **DENIED** as to Musk RFP 16 because it is not limited to donations that are relevant to this case. Their motion is **GRANTED** as to Musk RFP 10 because the requested documents will help the OpenAI Defendants understand any alleged donations. Their motion is **GRANTED** as to RFP 15. In connection with the preliminary injunction motion, Plaintiffs argued that one of the public harms caused by the alleged breach of a constructive trust was that people took tax deductions on money donated to a non-profit, and that money was being converted into a for-profit business. ECF No. 121 at 14-15. So, whether Musk in fact took tax deductions on his donations to OpenAI is relevant. If he did, that makes the alleged conversion of OpenAI to a for-profit business look worse. And if he didn't, the opposite is true. The Court also **GRANTS** the OpenAI Defendants' motion as to rogs 4-6. A Rule 33(d) response will be acceptable provided that it actually complies with Rule 33(d). Their motion is **GRANTED** as to Musk RFPs 12-14.

**Discovery on Counterclaims.** The OpenAI Defendants argue that Plaintiffs and Zilis must produce discovery relevant to the OpenAI Defendants' counterclaims, notwithstanding the pending motion to dismiss or stay, and they list a bunch of those discovery requests in a footnote. However, for the discovery requests in the footnote, the OpenAI Defendants do not provide even a single sentence explaining why that discovery is relevant, so the Court does not think they have carried their burden of persuasion as the moving party. In the main text, the OpenAI Defendants argue that Musk's bid for OpenAI is relevant to phase 1 issues. The Court agrees because Musk's bid may be inconsistent with Plaintiffs' phase 1 theories of liability. Accordingly, the Court **GRANTS** the OpenAI Defendants' motion to compel as to Musk rogs 11-12, Musk RFPs 35-36 and xAI RFP 10.

**Date range.** It's unclear where this dispute stands. The Court **ORDERS** the parties to

1  meet and confer and to file another joint discovery letter brief if they cannot resolve their dispute.

2  **Third-party productions.**  The Court **ORDERS** Plaintiffs to serve a declaration on the
3  OpenAI Defendants from their e-discovery vendor, or other relevant IT person, explaining how
4  long it takes to reproduce third-party documents.  Plaintiffs shall serve that declaration within seen
5  days.  Following service of that declaration, the Court **ORDERS** the parties to meet and confer
6  about how long third-party productions should take to reproduce, and if they cannot reach an
7  agreement, they shall file another joint discovery letter brief.

8  **B.    ECF No. 200 (OpenAI Defendants' Motion to Compel)**

9  In ECF No. 200, the OpenAI Defendants move to compel on subpoenas directed to non-
10 parties the Musk Foundation and Excession, LLC.

11 For the subpoena to the Musk Foundation, the Court **DENIES** the motion as to RFPs 1, 4
12 and 5.  RFP 1 is overbroad.  RFP 4 isn't limited to donations that are relevant to this case.
13 Skepticism that Musk would have made tens of millions of dollars in contributions to OpenAI
14 without any writing memorializing them doesn't mean that every document about the Musk
15 Foundation's contributions becomes proportional to the needs of the case.  For the same reasons,
16 RFP 5 is not relevant or proportional to the needs of the case.

17 As for RFPs 7-13, the OpenAI Defendants say they are relevant to Musk's efforts to
18 interfere with OpenAI's business, which looks like an argument that they relate to OpenAI's
19 counterclaims.  The question of whether to stay OpenAI's counterclaims (if they are not
20 dismissed) is currently pending before Judge Gonzalez Rogers.  *See* ECF No. 166.  The Court
21 **DEFERS** ruling on RFPs 7-13 pending a decision by Judge Gonzalez Rogers.  The parties shall
22 file a further joint discovery letter brief concerning RFPs 7-13 (and RFPs 8-15 in the Excession
23 subpoena) within five days after Judge Gonzalez Rogers issues a ruling.

24 The Court **GRANTS** the motion as to RFPs 2, 3 and 6.  They seek relevant and
25 proportional discovery.

26 As for the subpoena to Excession, the Court similarly **DENIES** RFP 1 as overbroad.  The

27
28

Court **GRANTS** the motion as to RFPs 2-7. The Court **DEFERS** ruling on RFPs 8-15.[1]

### C. ECF No. 201 (Plaintiffs' Motion to Compel)

Plaintiffs move to compel on several discovery requests directed to the OpenAI Defendants.

**Altman's firing.** Altman's removal from OpenAI is relevant enough to phase 1 to justify the discovery Plaintiffs seek, and the OpenAI Defendants' proposed time frame limitation is unduly narrow. The Court **GRANTS** Plaintiffs' motion as to RFPs 12, 41 and 73 and OpenAI rog 13.

**Altman and Brockman's conflicts of interest.** It is not sufficient for the OpenAI Defendants to limit their responses to the seven entities Plaintiffs have managed to discover on their own. Nor does the Court see that this relevant discovery is difficult to comply with. The Court **GRANTS** Plaintiffs' motion as to RFPs 31 and 33, Altman rog 4, Brockman rog 4, and OpenAI rog 10.

**OpenAI's financial information.** RFP 7 is a bit over the top. Every utility bill, every rent payment, every bank statement, and so on, for six years is not necessary. Accordingly, Plaintiffs' motion is **DENIED** as to RFP 7. But RFPs 54 and 55 seek relevant and proportional discovery, and the Court **GRANTS** Plaintiffs' motion as to them. Similarly, the Court **GRANTS** Plaintiffs' motion as to OpenAI rog 4.

**OpenAI's for-profit conversions.** RFP 36 seeks relevant documents at the core of this case. Plaintiffs' motion is **GRANTED** as to RFP 36.

**Documents for use at depositions.** The Court **GRANTS** Plaintiffs' motion as to RFP 80. The OpenAI Defendants cannot withhold documents from production on the ground that they are publicly available somewhere.

**RFAs to OpenAI for-profit entities.** Plaintiffs move to compel responses to RFAs 1-2, 10-38 and 43 from each of the OpenAI for-profit entities. The Court agrees with Plaintiffs that

---

[1] The OpenAI Defendants don't say anything about RFP 14 in the subpoena to the Musk Foundation or RFP 16 in the subpoena to Excession, so the Court thinks they are not moving on those RFPs.

4

entity-specific responses are relevant and proportional discovery that are likely to narrow issues for trial, and accordingly **GRANTS** their motion to compel as to these RFAs.

**IT IS SO ORDERED.**

Dated: July 9, 2025

THOMAS S. HIXSON
United States Magistrate Judge