Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN, et al., <br><br> Defendants. | Case No. 4:24-cv-04722-YGR <br><br> Assigned to Hon. Yvonne Gonzalez Rogers <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE OPENAI DEFENDANTS' FIFTY-FIVE DEFENSES** <br><br> Date: August 5, 2025 <br> Time: 2:00 p.m. <br> Place: Courtroom 1 (4th Fl.) <br>  1301 Clay St. <br>  Oakland, CA 94612 |

**ISSUES TO BE DECIDED**

Pursuant to Local Civil Rule 7-4(a)(3), Plaintiffs identify the following issues to be decided:

1. Whether ordering the filing of OpenAI's proposed Amended Counterclaims, Answer, and Defenses, without any waiver by Plaintiffs as to their deficiencies, is an appropriate disposition of Plaintiffs' Motion.

2. Whether OpenAI's total failure to allege any facts or elements of law in support of its affirmative defenses requires them to be struck under the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

3. Whether OpenAI's pleading of duplicative negative defenses requires them to be struck under *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010).

4. Whether, regardless of the applicable pleading standard or the propriety of pleading duplicative negative defenses, OpenAI's overlapping defenses—pled without factual or legal support, and in many instances, without specification of the claims to which a purported defense applies—fail to provide Plaintiffs with "fair notice" of OpenAI's defenses under *Wyshak v. City Nat. Bank*, 607 F.2d 824 (9th Cir. 1979).

5. Whether OpenAI's misuse of these insufficiently and confusingly pled defenses as a weapon in discovery establishes prejudice to Plaintiffs.

# INTRODUCTION

OpenAI's Opposition tacitly concedes the fundamental deficiencies Plaintiffs identified in their Motion to Strike.[1] The proposed amended answer removes all thirty-seven negative defenses and attempts to add factual detail to the remaining affirmative defenses. This complete overhaul—eliminating 67% of the defenses and only now attempting to substantiate the remaining ones—effectively confirms Plaintiffs' argument: the original answer failed to provide fair notice, fell far short of the *Twombly/Iqbal* standard, and improperly included duplicative and confusing negative defenses.

While OpenAI's vastly narrowed, yet only somewhat improved, proposed amended pleading remains deficient, Plaintiffs recognize that motions to strike are a disfavored means of addressing such deficiencies. Given the expedited nature of these proceedings and in the interest of judicial efficiency, Plaintiffs would consent to the Court treating their Motion to Strike as withdrawn if the proposed amended pleading is ordered filed. Plaintiffs make this concession solely to advance the proceedings and expressly reserve all objections, defenses, and arguments concerning the Proposed Amended Answer, Counterclaims, and Defenses.

# ARGUMENT

The Court need not reach these issues given the above, but if it does, OpenAI's thin attempts to justify its original pleading fail. *First*, OpenAI claims negative defenses are permissible, citing out-of-District cases while utterly failing to engage with the directly applicable *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010), from this District. Regardless, even if negative defenses are *sometimes* permissible, Plaintiffs showed why OpenAI's particular form of pleading them is not; they are not merely duplicative but also confusing in such a way that prejudices Plaintiffs and deprives them of fair notice. *Second*, OpenAI strategically relegates to Part III its attempts to circumvent the *Twombly/Iqbal* standard that controls affirmative defense pleading, even though this was the Motion's main point. OpenAI's approach

---

[1] Instead of defending its original pleading's patent inadequacies, the Opposition attempts to deflect with discovery complaints while claiming to recognize such issues have been referred. Dkt. 205 at 16 n.5. Plaintiffs dispute OpenAI's characterizations but will not further burden this Court by addressing these diversions.

would gut *Twombly/Iqbal* entirely. Under OpenAI's reasoning, so long as a party alleged some facts elsewhere, a pleading could satisfy *Twombly/Iqbal* with the following: "COUNT I – BREACH OF CONTRACT – Defendants breached a contract"—providing no supporting facts, no legal elements, or anything beyond a mere caption. OpenAI knows this approach is inadequate, which is precisely why it offered the proposed amended pleading.[2]

## I. A MOTION TO STRIKE SHOULD BE GRANTED WHEN DEFENDANTS PLEAD DUPLICATIVE AND CONFUSING NEGATIVE DEFENSES.

"To the extent that the [answer] restates negative defenses that exist in other parts of the complaint, those defenses are redundant pursuant to Rule 12(f) and should be struck so as to simplify and streamline the litigation." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010). OpenAI cites this case but ignores its on-point discussion, immediately pivoting to out-of-District cases to claim the rule is otherwise. Dkt. 205 at 7-8. It is not.

Regardless, the problem with OpenAI's negative defenses extends beyond mere duplication, even if such redundancy were tolerable. Contrary to OpenAI's assertion that Plaintiffs show no prejudice, the Motion provided specific examples showing how the overlapping defenses rendered OpenAI's answer incomprehensible to Plaintiffs. Dkt. 186 at 5-6 & n.1. The Opposition fails to disentangle these logic puzzles, effectively conceding the pleading is unintelligible.

## II. MERE LABELS FAIL EVEN THE PRE-*TWOMBLY/IQBAL* STANDARD.

Even setting aside whether *Twombly/Iqbal* applies to negative defenses, OpenAI concedes this Court applies that standard to affirmative defenses. Dkt. 205 at 10-11. Since OpenAI's pleading squarely fails that standard, it resorts to arguing that facts scatted elsewhere—in Plaintiffs' Second Amended Complaint, OpenAI's Counterclaims, etc.—can salvage these defenses. But this Court has rejected such reasoning: "In pleading affirmative defenses, a defendant must allege sufficient facts

---

[2] Plaintiffs do not understand OpenAI's assertion in Part I of the Opposition that expanding from twelve separately pled defenses—including seven that specifically embraced claims beyond the breach of charitable trust claim to which OpenAI purported to limit its initial answer, Dkt. 147 at 97-98—to fifty-five such defenses somehow does not constitute an increase. Since this point relates only to the equities between the parties rather than the legal deficiencies identified in the Motion, Plaintiffs will not further tax the Court with this dispute.

to 'nudge[ ] their [legal] claims across the line from conceivable to plausible.'" *Winns v. Exela Enter. Sols., Inc.*, No. 4:20-CV-06762-YGR, 2021 WL 5632587, at *2 (N.D. Cal. Dec. 1, 2021).

Thus, whether or not sufficient facts exist *elsewhere* in the record—and they do not—those facts must be pled within the affirmative defenses themselves. OpenAI's approach would permit "mere labels and conclusions . . . [to] suffice" under *Twombly/Iqbal* for both affirmative defenses and for a plaintiff's claims. *Id.* That has never been permissible, even before *Twombly/Iqbal*. OpenAI nowhere engages with the prejudice Plaintiffs experienced as a result of OpenAI's choice to plead strategically deficient defenses—a strategy OpenAI abandoned immediately upon being challenged. Dkt. 186 at 8-10.

## CONCLUSION

While the Federal Rules of Civil Procedure provide OpenAI no right to amend its plainly deficient Answer, Counterclaims, and Defenses, Dkt. 174, Plaintiffs will not stand on procedural formalities. OpenAI's defenses lack merit and will fail regardless of their form. Plaintiffs are confident that substance, not pleading deficiencies, will determine the outcome.

Accordingly, without waiving any substantive response or argument regarding OpenAI's proposed amended pleading, Plaintiffs would consent to the Court treating their Motion as withdrawn and ordering the Proposed Amended Answer, Counterclaims, and Defenses be filed so as to facilitate appropriate discovery.

DATED: July 17, 2025               Respectfully Submitted,

                                   TOBEROFF & ASSOCIATES, P.C.

                                     */s/ Marc Toberoff*
                                       Marc Toberoff

                                    *Attorneys for Plaintiffs Elon Musk
                                    and X.AI Corp.*