United States District Court
Northern District of California

1

2

3                            **UNITED STATES DISTRICT COURT**

4                            **NORTHERN DISTRICT OF CALIFORNIA**

5

6

7   **ELON MUSK, ET AL.**,                              **Case No.: 4:24-CV-4722-YGR**

8                                                       **ORDER GRANTING IN PART MOTION TO**
            Plaintiffs,                                 **STRIKE**
9
            v.
10                                                      Re: Dkt. No. 186
    **SAMUEL ALTMAN, ET AL.**,
11
            Defendants.
12

13          In response to plaintiffs' Second Amended Complaint, defendants asserted fifty-five (55)

14  affirmative defenses. Plaintiffs now move to strike them all or, in the alternative, to strike sixteen

15  specific affirmative defenses they identify as plainly insufficient.  Having carefully considered the

16  papers submitted and the pleadings in this action, and for the reasons set forth below, the Court

17  hereby **GRANTS IN PART** the Motion to strike.[1]

18          Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an

19  insufficient defense." Though motions to strike are disfavored, "[t]he function of a 12(f) motion to

20  strike is to avoid the expenditure of time and money that must arise from litigating spurious issues

21  by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970,

22  973 (9th Cir. 2010) (internal citation omitted).

23          Here, the parties to this action have repeatedly over-litigated this case.  The pleading of

24  excessive affirmative defenses is consistent with the approach.  Plaintiffs are correct that

25  defendants have inappropriately asserted an excessive number of defenses, many of which appear

26

27          [1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court

28  finds this motion appropriate for decision without oral argument.  Accordingly, the Court **Vacates**
    the hearing set for **August 5, 2025**.

to be irrelevant, redundant, insufficient, or immaterial. That said, plaintiffs failed to take the high ground, instead moving to strike *all* of the asserted defenses.  They too over-reached.

The Court will not waste precious judicial resources on the parties' gamesmanship.  Instead, the Court finds the following specific affirmative defenses plainly insufficiently alleged, irrelevant, redundant or immaterial and they are hereby **STRICKEN**: affirmative defenses 4, 5, 6, 12, 13, 14, 16, 17, 18, 46, 47, 48, 49, 51, 52 and 55.

This terminates Docket No. 186.

**IT IS SO ORDERED**.

Date: July 29, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

2