JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:     (415) 268-7000
Facsimile:     (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:     (212) 403-1000
Facsimile:     (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,*
*OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
*OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
*OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
*OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
*OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
*OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
*OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
*OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
*Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **MOTION FOR LEAVE TO AMEND OPENAI DEFENDANTS' DEFENSES** |
| v. | Date:  September 16, 2025 |
| SAMUEL ALTMAN, et al., | Time:  2:00 p.m. |
| Defendants. | Courtroom:  1 – 4th Floor
Judge:  Hon. Yvonne Gonzalez Rogers |

**NOTICE OF MOTION FOR LEAVE TO AMEND**

TO ALL PARTIES AND THEIR COUNSEL: Please take notice that on September 16, 2025 at 2:00 p.m., or at such other time as the matter may be heard, in the courtroom of the Honorable Yvonne Gonzalez Rogers, in Courtroom 1 of the U.S. District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC (the "OpenAI Defendants") will, and hereby do, move the Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for an order granting leave to amend their answer to replead a narrowed subset of five of the sixteen defenses the Court struck in its July 29, 2025 order (*see* Dkt. 222).

The OpenAI Defendants' motion is based on this Notice of Motion and Motion for Leave to Amend, the accompanying Memorandum of Points and Authorities, and such other argument and materials as may be presented before the Court takes this matter under submission.

**STATEMENT OF ISSUES TO BE DECIDED**

1.     Whether the Court should grant the OpenAI Defendants leave to amend their defenses to replead a narrowed subset of the defenses the Court struck in its July 29, 2025 order.

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 6

CONCLUSION ................................................................................................................... 9

**INTRODUCTION**

The OpenAI Defendants bring this motion pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to amend their answer to replead a narrowed subset of the 16 defenses that the Court struck in its July 29, 2025 order. In light of the Court's order and guidance to the parties, the OpenAI Defendants move for leave on the following five key affirmative defenses: (i) statute of limitations; (ii) laches; (iii) statute of frauds; (iv) termination of alleged contract; and (v) unclean hands.

As set out in the OpenAI Defendants' proposed amended answer (submitted with this motion as Exhibit A to the Declaration of William Frentzen), these defenses are supported by well-pled factual allegations, including based on discovery that occurred after the original pleadings were filed.

Where a court strikes an affirmative defense, leave to amend should be freely given absent a showing of prejudice by the opposing party. There is no prejudice here—as confirmed by Plaintiffs' agreement in their reply supporting their motion to strike that they "would consent to the Court treating their Motion as withdrawn and ordering the Proposed Amended Answer" that the OpenAI Defendants submitted with their opposition "be filed." Dkt. 209 at 3. The proposed pleading that the OpenAI Defendants now proffer is even more streamlined, and contains even more factual detail, than what Plaintiffs already agreed could be filed.

All of the other factors that courts in this Circuit consider in ruling on a motion for leave to amend also favor granting the motion:

- This would be the OpenAI Defendants' first opportunity to cure. "[T]his is not a situation of *repeated* failure to cure deficiencies by amendment." *Stone* v. *Jaguar Land Rover N.A.*, 2025 WL 458828, at *1-2 (N.D. Cal. Feb. 11, 2025) (emphasis in original).

- There has been no "undue delay." The OpenAI Defendants have acted with dispatch, both (i) in submitting a proposed amended answer simultaneously with their July 10 opposition to Plaintiffs' motion to strike (Dkt. 205-2, Ex. A), and then (ii) by bringing this motion for leave within days of the Court's July 29 order.

- Because the proposed amendment adequately pleads all of the subject defenses, it would

not be "futile."

- The motion is not being filed for a "bad faith" purpose like delay, but to assert key affirmative defenses against claims brought by Plaintiffs.

In an effort to avoid further motion practice, and in light of Plaintiffs' earlier position that they would consent to the filing of the proposed amended answer that the OpenAI Defendants previously submitted, on August 4 counsel for the OpenAI Defendants emailed Plaintiffs' counsel asking if Plaintiffs would consent to the OpenAI Defendants' filing of this proposed amendment. Plaintiffs responded that they would agree not to oppose this motion, but only if the OpenAI Defendants agreed to voluntarily withdraw their counterclaims in this phase of the litigation. The OpenAI Defendants did not accept Plaintiffs' proposal.

The OpenAI Defendants respectfully request that the Court grant their motion for leave to amend their answer to replead the five affirmative defenses specified herein.

## BACKGROUND

### A.    Procedural history

Plaintiffs filed their First Amended Complaint ("FAC") on November 14, 2024. Dkt. 32. The FAC asserted 26 claims against Defendants Sam Altman, Greg Brockman, OpenAI, Inc., and another 21 OpenAI entities (the "OpenAI Defendants"). Plaintiffs sought a preliminary injunction with respect to a subset of those claims, which the Court denied. *See* Dkts. 46, 121.

On January 31, 2025, the OpenAI Defendants filed a motion to dismiss the FAC. Dkt. 103.

On April 9, 2025, the OpenAI Defendants filed their Counterclaims, Answer, and Defenses to the FAC. In that April filing, the OpenAI Defendants answered only the FAC's claim for breach of charitable trust, which the Court had ruled in its preliminary injunction ruling would go forward. *See* Dkt. 147 at 27; Dkt. 121 at 15 n.11. The remainder of Plaintiffs' claims scheduled to be tried in the first phase of this action ("Plaintiffs' Phase I claims") were still subject to the pending motion to dismiss. In the April filing, the OpenAI Defendants asserted as defenses to Plaintiffs' charitable trust claim the affirmative defenses of statute of limitations, laches, and unclean hands (among others). Dkt. 147 at 96-97. Plaintiffs did not file a motion to strike any defenses in response to that pleading.

On May 1, the Court granted in part and denied in part the OpenAI Defendants' motion to dismiss the remainder of Plaintiffs' Phase I claims. Dkt. 163. In that order, the Court denied the OpenAI Defendants' motion to dismiss Plaintiffs' fraud claim as time-barred, reasoning that the Court "cannot, on this record, determine that the claim is barred by the statute of limitations." *Id.* at 6.

On May 22, Plaintiffs filed a Second Amended Complaint ("SAC") with repleaded breach of the implied covenant and civil RICO claims—claims the Court had dismissed with leave to amend. Dkt. 170. Consistent with the Court's May 1 order, the OpenAI Defendants filed an answer to the SAC on June 5, 2025 (the "June 5 Answer"), responding to these repleaded claims and all the claims as to which the Court denied the OpenAI Defendants' motion to dismiss. *See* Dkt. 163 at 11. In their June 5 Answer, the OpenAI Defendants again asserted (among other defenses) the affirmative defenses of statute of limitations, laches, and unclean hands. Dkt. 176 at 117. The OpenAI Defendants also asserted as defenses to Plaintiffs' implied-in-fact contract claim (which had survived the motion to dismiss) and Plaintiffs' repleaded implied covenant claim the additional affirmative defenses of statute of frauds and termination of contract. Dkt. 176 at 119.

On June 26, Plaintiffs moved to strike all of the OpenAI Defendants' defenses. On July 10, the OpenAI Defendants responded to the motion, arguing that it should be denied or, in the alternative, denied as moot based on a proposed amended pleading that (i) omitted the 37 "negative" defenses that Plaintiffs asserted in their motion were redundant and unnecessary, and (ii) added substantial detail, marshaling facts pleaded in the narrative section of the June 5 pleading, to the recitation of the remaining defenses that Plaintiffs designated "affirmative." Dkt. 205 at 5-15.

In their July 17 reply, Plaintiffs agreed that in light of the proposed amendment they "would consent to the Court treating their Motion [to Strike] as withdrawn and ordering the Proposed Amended Answer, Counterclaims, and Defenses be filed[.]" Dkt. 209 at 3.

On July 29, the Court issued an order granting in part and denying in part Plaintiffs' motion to strike, ordering that the following 16 defenses pled in the June 5 Answer be stricken: No. 4 (unclean hands), No. 5 (laches), No. 6 (statute of limitations), No. 12 (excusal of OpenAI Defendants' performance), No. 13 (substantial performance), No. 14 (failure of consideration),

No. 16 (termination of alleged contract), No. 17 (statute of frauds), No. 18 (non-occurrence of conditions), No. 46 (equitable estoppel), No. 47 (waiver), No. 48 (acquiescence), No. 49 (economic loss rule), No. 51 (speculative or remote damages), No. 52 (failure to mitigate damages), and No. 55 (public policy).

### B. Proposed amendment

In consideration of the Court's July 29 order, and to ensure that this expedited litigation remains focused on the key issues in dispute, the OpenAI Defendants are seeking leave to replead five of the 16 defenses that the Court struck from the June 5 Answer: (1) statute of limitations; (2) laches; (3) statute of frauds; (4) termination of alleged contract; and (5) unclean hands. *See* Frentzen Decl., Ex. A (proposed amendment); Ex. B (redline).[1]

As noted above, all of these defenses were asserted in the OpenAI Defendants' June 5 Answer to the SAC, and, with the exception of the two contract-based defenses (statute of frauds and termination), were asserted in the OpenAI Defendants' April 9 Answer to the FAC as well. *See* Dkts. 147, 176. The OpenAI Defendants had also supplemented each of these defenses in the proposed amendment they submitted with their July 10 opposition in an effort to address the issues that Plaintiffs raised in their motion to strike. *See* Dkt. 205-2 at 117-126.

The amended pleading that the OpenAI Defendants are seeking leave to file further supplements these five defenses, including by adding factual allegations based on discovery after the original pleadings in the case were filed. *See* Frentzen Decl., Ex. A at 117-22; Ex. B (redline) at 123-29. As alleged in detail in the proposed amended pleading and summarized here:

<u>Statute of limitations</u>: The OpenAI Defendants allege that each of the Subject Claims[2] is barred by the applicable statute of limitations. Ex. A at 117. As detailed in the proposed amended pleading, OpenAI, Inc.'s establishment of its for-profit affiliate grounds each of those claims. The principal terms of that transaction were disclosed to Musk in 2018 and 2019, including in the form

---

[1] The current proposed amendment includes the defenses from the June 5 Answer as to which the Court denied Plaintiffs' motion to strike. These defenses have been renumbered, and separately-listed, as "negative" defenses Nos. 6-44. *See* Ex. A at 122-28.

[2] The "Subject Claims" comprise Plaintiffs' Phase I claims that survived the OpenAI Defendants' motion to dismiss and the claims that the Court dismissed with leave to amend. *See* Ex. A at 27.

4

of draft term sheets and press releases, outside the applicable two-, three-, and four-year limitations periods. *Id.* at 117-19.

Laches: Similarly, the OpenAI Defendants allege that the Subject Claims are barred by the doctrine of laches to the extent they are equitable in nature or request equitable relief. As alleged in the proposed amended pleading, Musk's delay in bringing the Subject Claims was unreasonable, including in light of the analogous statutes of limitations. Ex. A at 119-20.

Statute of frauds: As alleged in the OpenAI Defendants' proposed amended pleading, Musk's purported contract is barred by the statute of frauds because it was not intended to be performed or capable of being performed within one year, including with respect to its alleged commitments to reflexively open source OpenAI's technology and to "continue with OpenAI as a nonprofit." *See* SAC ¶¶ 247, 250. Musk claims that these purported commitments—allegedly made sometime between 2015 and 2018—continue to be in force today. Ex. A at 120-21.

Termination of contract: The OpenAI Defendants plead that Musk's purported contract terminated prior to the conduct that allegedly constituted breach, and that any alleged obligations expired no later than Musk's decision to end his affiliation with, and support of, OpenAI, including by ceasing any financial support of, and launching a competitor to, OpenAI. Ex. A at 121.

Unclean hands: The OpenAI Defendants allege that each of the Subject Claims is barred by Musk's unclean hands because he engaged in inequitable conduct directly related to those claims, including by seeking to restructure OpenAI into a for-profit entity under his exclusive control in 2017, by proposing that Tesla absorb OpenAI through a for-profit pivot, and by orchestrating an allegedly sham bid to purchase OpenAI, Inc.'s assets for $97.375 billion. Ex. A at 121-22.[3]

---

[3] The OpenAI Defendants have not included in their proposed amended answer certain defenses on which Plaintiffs bear the burden: namely, (i) excusal of performance, (ii) absence of consideration, and (iii) the economic loss rule. The OpenAI Defendants reserve the right to raise these defenses to the extent they negate elements of Plaintiffs' claims. *See* Dkt. 205 at 15 & n.4; *see also Navcom Tech., Inc.* v. *Oki Elec. Indus. Co., Ltd.*, 2017 WL 2617977, at *2-3 (N.D. Cal. June 16, 2017) ("In proving its breach of contract claim, Plaintiffs were required to present evidence sufficient to show it did all, or substantially all, of the significant things that the contract required it to do[.]"); *Pac. Bay Recovery, Inc.* v. *Cal. Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 215 (2017) ("vital elements of a cause of action" for breach of implied contract include "consideration"); *Hammond* v. *BMW of N.A., LLC*, 2019 WL 2912232, at *2 n.2 (C.D. Cal. June 26, 2019) ("The economic loss rule is a bar to

*     *     *

On August 4, counsel for the OpenAI Defendants emailed Plaintiffs' counsel asking if Plaintiffs consented to the OpenAI Defendants' filing of the proposed amended answer. *See* Fed. R. Civ. P. 15(a)(2). Plaintiffs' counsel responded on August 5 that Plaintiffs would agree not to oppose this motion if the OpenAI Defendants agreed to the "voluntary dismissal of [their] Counterclaims without prejudice to their reassertion . . . in Phase Two of this litigation." The OpenAI Defendants did not agree to that proposal and promptly filed this motion the next day.

## ARGUMENT

Under Federal Rule of Civil Procedure 15(a), "the court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party." *Rodgers* v. *Claim Jumper Rest., LLC*, 2014 WL 1760959, at *1 (N.D. Cal. May 1, 2014); *Haskins* v. *Cherokee Grand Ave., LLC*, 2012 WL 1110014, at *3 (N.D. Cal. Apr. 2, 2012) (same).

"[P]ublic policy strongly encourages courts to permit amendments," *Oden* v. *Voong*, 2019 WL 3068418, at *1 (N.D. Cal. July 12, 2019) (citing *Waldrip* v. *Hall*, 548 F.3d 729, 732 (9th Cir. 2008)), and "[t]he policy of allowing amendments 'is to be applied with extreme liberality.'" *Id.* (quoting *Owens* v. *Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "All inferences are drawn 'in favor of granting the motion,'" *Finjan, Inc.* v. *Qualys Inc.*, 2020 WL 1865264, at *1 (N.D. Cal. Apr. 13, 2020), and "the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Vasquez* v. *Libre By Nexus, Inc.*, 2018 WL 6305616, at *1 (N.D. Cal. Dec. 3, 2018).

*     *     *

The Court should grant the OpenAI Defendants leave to amend their answer to replead the following five affirmative defenses that were stricken in the Court's July 29 order: (1) statute of limitations; (2) laches; (3) statute of frauds; (4) termination of alleged contract; and (5) unclean hands. In consideration of the concerns raised by the Court in its order, the OpenAI Defendants

---

recovery. . . . Plaintiff cites no authority, and the Court found none, that Defendant was required to plead the economic loss rule as an affirmative defense.").

have (i) limited their proposed amendment to those five key affirmative defenses; (ii) added additional detail to each of those defenses to ensure that they satisfy any applicable pleading standards; and (iii) further supplemented the factual allegations supporting those defenses based on the discovery record to date (even beyond the additional detail provided in the proposed amendment submitted with the OpenAI Defendants' July 10 opposition). *See* Ex. A at 117-22. In light of those steps, the strong policy favoring granting leave to amend, and the absence of any prejudice that could justify denying the OpenAI Defendants the ability to present any affirmative defense in this lawsuit, the Court should grant this motion for leave to amend.

Courts in this Circuit "consider five factors in ruling on a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the movant has previously amended its pleadings." *Finjan*, 2020 WL 1865264, at *1. "Not all factors merit equal weight," and "[p]rejudice" to the opposing party "is the 'touchstone of the inquiry under rule 15(a).'" *Id.* (quoting *Eminence Cap., LLC* v. *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). "In the absence of 'strong evidence' of one or more of these factors, leave to amend must be granted." *Id.* (quoting *Sonoma Cnty. Ass'n of Retired Emps.* v. *Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013)). Each of the relevant factors supports leave in this case:

(1) *No bad faith in proposing the amendment*. "In order for a court to find that a moving party filed for leave to amend in bad faith, the adverse party must offer evidence that shows wrongful motive on the part of the moving party." *Nat'l Union Fire Ins. Co. of Pitt., Pa.* v. *Elec. Transit Inc.*, 2007 WL 3460280, at *2 (N.D. Cal. Nov. 14, 2007); *see also WiAV Networks, LLC* v. *Hewlett-Packard Co.*, 2010 WL 11484493, at *6 (N.D. Cal. Dec. 17, 2010) (explaining that "bad faith" in this context means "bad faith in the sense of 'wrongful motive' for proposing the amendment"). "Bad faith" has been found where, for example, a proposed amendment "merely [] duplicated other pending litigation," served as "a dilatory tactic," or sought to "harass or burden the other party." *Finjan, Inc.* v. *Check Point Software Techs., Inc.*, 2019 WL 1455333, at *6 (N.D. Cal. Apr. 2, 2019); *WiAV Networks*, 2010 WL 11484493, at *6. None of these ill motives exists here. The OpenAI Defendants filed this motion promptly to assert key defenses against claims that, if successful, could have substantial adverse impact. *WiAV Networks*, 2010 WL 11484493, at *6

(no "bad faith motive" where proposed amendment filed "for no reason other than a good faith desire to seek relief"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 2581581, at *3 (N.D. Cal. June 9, 2014) (no bad faith motive where "prompt" motion for leave to amend filed even after dismissal with prejudice).

(2) *No undue delay*. Nor is there a basis to find "undue delay," which in any event is "by itself [] insufficient to justify denying a motion to amend." *Finjan*, 2020 WL 1865264, at *4 (quoting *Owens*, 244 F.3d at 712). The OpenAI Defendants have acted with proper dispatch, first by submitting a proposed amended pleading simultaneously with their July 10 opposition to address the alleged deficiencies that Plaintiffs identified for the first time in their motion to strike, and then by bringing this motion for leave within days of the Court's July 29 order.

(3) *No prejudice*. As to this "most important" factor, Plaintiffs will suffer no prejudice if the amendment is granted. *See Cards Against Human., LLC* v. *Loftek Tech. Co., LLC*, 2014 WL 120976, at *1 (N.D. Cal. Jan. 13, 2014). Plaintiffs have been on notice of these defenses for months: The OpenAI Defendants' April 9 answer to the FAC contained defenses of statute of limitations, laches, and unclean hands, and the June 5 Answer added statute of frauds and termination of contract. *See supra* pp. 2-3; *see also Gonda* v. *Permanente Med. Grp., Inc.*, 2015 WL 537770, at *3 (N.D. Cal. Feb. 9, 2015) (granting leave and finding no prejudice where defendants "mentioned" in a prior case management statement "intention" to rely on defense). When on July 10 the OpenAI Defendants proposed a more streamlined and more detailed amended answer in response to Plaintiffs' motion to strike, Plaintiffs consented to the filing and the withdrawal of their motion. *See* Dkt. 209 at 3. The proposed amendment here contains even *fewer* affirmative defenses and even *more* factual detail than the July 10 proposed amendment to which Plaintiffs have already agreed. Given Plaintiffs' previous consent and long notice, there is no conceivable prejudice. *See Moua* v. *Int'l Bus. Machs. Corp.*, 2012 WL 370570, at *5 (N.D. Cal. Jan. 31, 2012) (granting leave: "[d]efendants have not met their burden to show prejudice sufficient to outweigh the 'extreme liberality' with which the court must examine Plaintiff's motion for leave to amend").

(4) *Not futile*. A proposed amendment is futile where it "would fail to cure the pleading deficiencies." *Cervantes* v. *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

1  Futility here also requires showing that "under no set of circumstances could the defense succeed."

2  *Rodgers*, 2014 WL 1760959, at *1. Plaintiffs did not dispute that the earlier proposed amendment

3  cured the alleged deficiencies they had identified—namely, too many defenses pleaded with too

4  little detail. Nor did Plaintiffs argue that any of those defenses could not succeed. Now that the

5  defenses are supported by yet further detail, the adequacy of the cure is all the more apparent.

6  (5) *Movant has not previously amended its pleadings*. Finally, this case does not "involve

7  repeated failure to cure deficiencies by amendments previously allowed." *Reimer* v. *Snohomish*

8  *Cty. Fire Dist. No. 1*, 853 F. App'x 59, 61-62 (9th Cir. 2021). The June 5 Answer was the OpenAI

9  Defendants' first response to the SAC, and the proposed July 10 amendment was not accepted by

10  the Court for filing. The OpenAI Defendants have not yet had an opportunity to cure, and they

11  would be "severely prejudiced" if forever barred from raising the few affirmative defenses now

12  contained in the revised pleading. *See Oden*, 2019 WL 3068418, at *1 (granting motion for leave

13  to amend answer to add defense because defendants would be "severely prejudiced if they did not

14  have the opportunity to raise the defense").

## CONCLUSION

16  For the reasons set forth above, the OpenAI Defendants' motion for leave to amend their

17  defenses, as set forth in the proposed amended answer attached as Exhibit A to the Declaration of

18  William Frentzen, should be granted.

1 | Date: August 6, 2025

MORRISON & FOERSTER LLP

2

3 | */s/ Jordan Eth*
JORDAN ETH (CA SBN 121617)
JEth@mofo.com

4 | WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com

5 | DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com

6 | MORRISON & FOERSTER LLP
425 Market Street

7 | San Francisco, CA 94105
Telephone:    (415) 268-7000

8 | Facsimile:    (415) 268-7522

9 | WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com

10 | BRADLEY R. WILSON (admitted *pro hac vice*)

11 | BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)

12 | SKEddy@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)

13 | NDCullerton@wlrk.com

14 | STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com

15 | WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street

16 | New York, NY 10019
Telephone:    (212) 403-1000

17 | Facsimile:    (212) 403-2000

18 | *Attorneys for Defendants Samuel Altman,*

19 | *Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI*

20 | *OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC,*

21 | *OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI*

22 | *Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II,*

23 | *L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV,*

24 | *L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI*

25 | *Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management*

26 | *Company, LLC, and Aestas LLC*

27

28