UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **JOINT LETTER BRIEF** |
| v. | Judge: Hon. Yvonne Gonzalez Rogers |
| SAMUEL ALTMAN, et al., | Magistrate Judge: Hon. Thomas S. Hixson |
| Defendants. | Date Action Filed: August 5, 2024<br>Trial Date: March 30, 2026 |

August 21, 2025

The Honorable Thomas S. Hixson
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

   **Re: *Musk, et al.* v. *Altman, et al.*, Case No. 4:24-cv-04722-YGR**

Dear Judge Hixson:

  Pursuant to Your Honor's Discovery Standing Order, the parties respectfully submit this joint letter addressing the OpenAI Defendants' subpoena to Meta Platforms Inc., which was served on June 18. *See* Ex. A. Meta's counsel provided responses and objections on July 2. *See* Ex. B. The parties attest that they met and conferred in good faith in an effort to resolve this dispute before filing this joint letter.

/s/ Alison L. Plessman
Alison L. Plessman
Stephanie Xiao
Nicholas Kellum (*Admitted Pro Hac Vice*)
HUESTON HENNIGAN LLP
523 W. 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile:  (888) 866-4825

*Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC*

/s/ Christopher W. Keegan, P.C.
Christopher W. Keegan, P.C. (SBN 232045)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: +1 415 439 1400
Facsimile: +1 415 439 1500
chris.keegan@kirkland.com

K. Winn Allen, P.C. (*pro hac vice* forthcoming)
Yaffa A. Meeran (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: +1 202 389 5000
Facsimile: +1 202 389 5200
winn.allen@kirkland.com
yaffa.meeran@kirkland.com

*Attorneys for Non-Party Meta Platforms, Inc.*

**OpenAI Defendants' Statement**

The OpenAI Defendants seek an order compelling production of documents responsive to two requests in a subpoena served on Meta Platforms Inc. related to Meta's coordination with Plaintiffs in their bid to purchase OpenAI. The Court should compel Meta to comply with two requests that are relevant to OpenAI's defenses and similar to discovery ordered by this Court.

*Background.* Musk and xAI sent a "Letter of Intent" ("LOI") through their litigation counsel, Marc Toberoff, to the board of OpenAI Inc. on behalf of a "consortium" of private investors. Dkt. 118-1. The investors who signed the letter are all close associates of Musk. Among them are Musk's artificial intelligence company, Plaintiff xAI, and other long-time Musk associates who have invested in Musk's ventures and vacationed with Musk.

In responses to Interrogatories served by the OpenAI Defendants, Musk identified Mark Zuckerberg, Meta's Chairman and CEO, as an individual with whom he had communicated concerning the LOI, including "about potential financing arrangements or investments" in connection with OpenAI. Meta, meanwhile, has been spending heavily to develop its own AI capabilities, including, according to public reports, offering pay packages of $100 million or more to leading AI researchers and attempting to poach OpenAI employees. Neither Zuckerberg nor Meta signed the LOI.

In addition to grounding OpenAI's counterclaims, Dkt. 176, this Court held in its July 9 Order that discovery related to Musk's bid and the LOI "is relevant to phase 1 issues," "because Musk's bid may be inconsistent with Plaintiffs' phase 1 theories of liability." Dkt. 203 at 2; *see also id.* at 1-2 (noting that "efforts by Musk to incorporate OpenAI into Tesla or to convert it into a for-profit company are relevant because they may be inconsistent with Plaintiffs' core theories of liability").

*Meta blocks relevant discovery.* The OpenAI Defendants served Meta with a Rule 45 subpoena on June 18. *See* Ex. A. Meta served responses and objections on July 2. *See* Ex. B at 9. Counsel for the OpenAI Defendants and Meta conferred on four occasions regarding Meta's responses and objections.

In light of this Court's July 9 Order, at this time, the OpenAI Defendants seek an order compelling Meta to produce documents only in response to RFPs 3 and 4. These RFPs seek documents directly relevant to Phase I claims and defenses and are nearly identical to RFPs for which this Court has recently compelled compliance of other third parties.

RFP 3 seeks documents and communications "concerning any actual or potential restructuring or recapitalization of OpenAI." Ex. A at RFP 3. The OpenAI Defendants further narrowed the request during the meet and confer process, seeking only responsive communications with Plaintiffs or reflecting discussions or coordination with Plaintiffs. Narrowed in that way, the RFP goes to the heart of the case and is undeniably relevant, and this Court has compelled compliance with similar requests. *Compare, e.g.*, Dkt. 203 at 4 (compelling non-party Excession LLC to comply with request seeking documents and communications related to the governance or organizational structure of OpenAI and any actual, contemplated or potential change thereto, any

actual, contemplated or potential formation of a for-profit entity affiliated with OpenAI, or any actual, contemplated, or potential change in OpenAI's means of raising capital (citing Dkt. 200-2 at 12 (RFP 4))) *with* Ex. A at RFP 3.

RFP 4 seeks documents and communications related to any actual or contemplated bid to acquire OpenAI or any of its assets. Ex. A at RFP 4. Meta does not deny being in possession of responsive documents. Musk has disclosed in sworn Interrogatory responses that he communicated with Zuckerberg concerning the bid and LOI. OpenAI is entitled to probe Meta's involvement in discovery. Among other things, Meta's reasons for considering or rejecting the bid, its contemplation of any other bid involving Musk, its communications, including with Plaintiffs or with any of the other actual or potential bidders, concerning the LOI or any other contemplated bid to purchase OpenAI, and its assessments of the terms of the bid and of OpenAI's value are all relevant to developing OpenAI's claims and defenses. For example, coordination between Musk and Meta, two of OpenAI's most significant competitors, or between Meta and any other signatories to the LOI, in an effort to purchase OpenAI for private benefit would be "inconsistent with Plaintiffs' phase 1 theories of liability." Dkt. 203 at 2. Meta's communications with other bidders, or internal communications, including those reflecting discussions with Musk or other bidders, would also shed light on the motivations for the bid, contemplated or considered terms, and any due diligence. This Court has compelled compliance with similar requests and interrogatories from the parties and other third parties. *Compare* Dkt. 203 at 4 (compelling Excession LLC to comply with requests related to the LOI and efforts to solicit participants in the LOI (citing Dkt. 200-2 at 13 (RFPs 6-7))), 2 (compelling Plaintiffs to comply with similar discovery), *with* Ex. A at RFP 4.

***Meta's objections are meritless.*** Because the requests seek documents and communications directly relevant to Plaintiffs' claims and OpenAI's defenses, Meta must search for and produce responsive documents. *Abdo* v. *Fitzsimmons*, 2019 WL 10910805, at *1 (N.D. Cal. Oct. 2, 2019); Fed. R. Civ. P. 26(b)(1). Meta's objections are meritless:

Duplicative of Party Discovery. Meta objects on the basis that it is a non-party and that the requested discovery may be obtained from the parties. But the requests are not limited to documents or communications exchanged with or in possession of the parties. *See, e.g.*, Ex. A at RFP 4 (seeking documents and communications that may include internal communications or communications with other non-party bidders concerning the LOI). Even as narrowed above, RFP 3 seeks documents not likely to be in Plaintiffs' possession, including Meta's internal communications reflecting discussions or coordination with Plaintiffs.

In any event, "there is no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in defendants' possession," including where the third party's files may contain different versions of documents or additional material. *Viacom Int'l, Inc. v. YouTube, Inc.*,

2008 WL 3876142, at *3 (N.D. Cal. Aug. 18, 2008).[1] Here, the OpenAI Defendants "may request discovery from nonparties without first exhausting discovery with [Plaintiffs]" because the requests seek a set of documents whose completeness is not readily verifiable. *Id.* at *2, *4. Moreover, given the expedited schedule (with depositions beginning in less than a month), exhausting party discovery first is impractical, particularly where Plaintiffs have yet to substantially complete their own productions. *In re Uber Techs., Inc.*, 2024 WL 3416644, at *4 (N.D. Cal. July 14, 2024) ("Plaintiffs are not required to exhaust party discovery before seeking discovery from nonparties. For months, Plaintiffs have endeavored to collect discovery from [defendant] Uber. Uber has yet to begin producing documents . . . , though the deadline to complete substantial production is less than two months away.").

<u>Burden and Boilerplate Objections</u>. Meta objects to the requests as overly burdensome, but it has done nothing to substantiate any claim of burden. *Caliper Techs. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 562 (N.D. Cal. 2003) ("A producing party is obligated to show, by affidavits or other evidence, the specific nature of the burden imposed."). And Meta cannot rely on any of its remaining "boilerplate, conclusory, or speculative [objections]." *Rubke v. ServiceNow, Inc.*, 2024 WL 4540756, at *4 (N.D. Cal. Oct. 21, 2024).

\*   \*   \*

The OpenAI Defendants have raised these arguments with Meta's counsel, and Meta has refused to amend its responses and objections. The Court should order them to produce documents responsive to RFPs 3 and 4.

---

[1] Meta's attempts to distinguish *Viacom* "in part" fail to appreciate the breadth of its holding, which relied primarily on the fact that there was "sufficient reason to believe that respondents' files may contain additional material." 2008 WL 3876142, at *3. So too here. Meta is incorrect that "OpenAI has provided no reason to think that plaintiffs do not have responsive documents in their possession, or that Meta has documents that plaintiffs do not." *Infra* p. 4. Neither RFP 3 nor RFP 4 is limited to documents or communications exchanged with Plaintiffs.

## Meta Platforms, Inc.'s Statement

This Court should deny OpenAI's motion to compel against Meta, a non-party, for two reasons. *First*, many of the documents OpenAI seeks can and should be obtained directly from plaintiffs, rather than imposing that burden on non-party Meta. *Second*, to the extent OpenAI seeks Meta documents that plaintiffs do not have, such documents are not relevant to this action. The Court should deny OpenAI's motion to compel on these bases.

***Request No. 3.*** As narrowed above, RFP 3 seeks Meta's communications with plaintiffs (and internal Meta communications "reflecting discussion or coordination" with plaintiffs) concerning OpenAI's restructuring or recapitalization. This request is inappropriate for two reasons.

*First*, OpenAI should seek communications between plaintiffs and Meta ***from the plaintiffs***, not from a non-party like Meta. "'[W]hen an opposing party and a non-party both possess documents, the documents should be sought from the party to the case.'" *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *3 (N.D. Cal. July 20, 2021) (Hixson, J.) (quoting *Genus Lifesciences Inc. v. Lannett Co.*, 2019 WL 7313047, *4 (N.D. Cal. Dec. 30, 2019)). "'When the requesting party has not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking documents from a non-party, a subpoena duces tecum places an undue burden on a non-party.'" *Id.* (quoting *Genus*, 2019 WL 7313047, at *4).

OpenAI jumps straight to arguing that it need not "exhaust" party discovery before seeking discovery from Meta, and that doing so would be "impractical" given the parties' "expedited schedule." But far from "exhausting" anything, OpenAI has not shown that it even attempted to obtain the requested discovery from plaintiffs at any point during party discovery (even after the written discovery deadline was extended by three weeks, and the start of depositions by five, *see* ECF Nos. 214, 215). The law is clear: "[t]here is simply no reason to burden" Meta "when the documents sought are in possession of the [plaintiffs]." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). OpenAI must go through plaintiffs first.

OpenAI's cited cases do not change this outcome. In *Viacom Int'l Inc. v. YouTube, Inc.*, the Court compelled production from the subpoena recipients in part because there were questions as to the completeness of the defendant's files due to "poor initial record keeping," such that it was likely that the recipients would have responsive documents that the defendant did not. 2008 WL 3876142, at *3 (N.D. Cal. Aug. 18, 2008). That is not the case here—OpenAI has provided no reason to think that plaintiffs do not have responsive documents in their possession, or that Meta has documents that plaintiffs do not. As to *In re Uber Techs., Inc.*, Meta does not ask OpenAI to "exhaust party discovery," 2024 WL 3416644, at *4 (N.D. Cal. July 14, 2024), rather to seek the discovery (through documents or even deposition testimony) from plaintiffs, a "more convenient, less burdensome, [and] less expensive" source than non-party Meta. Fed. R. Civ. P. 26(b)(2)(C).

*Second*, Meta's own communications concerning OpenAI's restructuring or recapitalization (even as narrowed) are not relevant to this action. Per OpenAI, the claims in Phase I "concern the circumstances of ***Musk's*** donations to OpenAI, Inc. and ***the OpenAI Defendants***' alleged breach of purported commitments to Musk in connection with those donations." ECF No. 125 at 2 (emphasis added). The key players for those issues—as OpenAI itself put it—are Musk and

OpenAI, not Meta. Indeed, it is difficult to see how any communications by any Meta employee are at all relevant. OpenAI's conclusory assertions that RFP 3 "goes to the heart of the case and is undeniably relevant" do not help its case. *Lyft, Inc. v. Quartz Auto Techs. LLC*, 2022 WL 17076703, at *2 (N.D. Cal. Nov. 18, 2022) ("[C]onclusory statements are insufficient to establish a movant's entitlement to discovery[.]").

That this Court compelled Excession LLC to produce documents has no bearing on whether Meta has relevant discovery. For one, Excession is—in OpenAI's own words—a "Musk-controlled entit[y]." ECF No. 200 at 1. Jared Birchall, the head of Excession, is Musk's "long-time adviser" who "has for years managed Musk's sprawling financial and personal affairs" and serves as a senior executive at plaintiff xAI. *Id.* Excession and plaintiffs even share the same counsel in this action. *Id.* Excession and Musk are evidently closely intertwined, such that Excession "cannot be wholly deemed a non-party." *Arista Records LLC v. Lime Group LLC*, 2011 WL 679490, at *2 (W.D. Wash. Feb. 9, 2011). Though this Court did not explain its reasoning for compelling production, *see* ECF No. 203 at 3-4, that entanglement explains why discovery from Excession could yield relevant information. *See Arista Records*, 2011 WL 679490, at *2 (finding that "probative value" of documents from entity affiliated with plaintiffs "is much greater than that of" true non-party). The same is not true of Meta. The Court should deny OpenAI's motion to compel.

**Request No. 4.** RFP 4 asks Meta to produce documents and communications concerning "any actual, potential, proposed, or contemplated offer, bid, or proposal to acquire OpenAI or any of its assets, in whole or in part." Ex. A at RFP 4. RFP 4 is improper for the same reasons as RFP 3.

*First*, to the extent OpenAI seeks communications between Meta and plaintiffs about Musk's bid, it again must seek those communications from plaintiffs before burdening non-party Meta. *See Davis*, 2021 WL 3044958, at *3. OpenAI may claim that it already has attempted to obtain discovery from plaintiffs and that their production was insufficient, pointing to generic requests that seek, *e.g.*, "all documents and communications" about the Letter of Interest or the proposed transaction therein. *See* ECF No. 200-2 (RFP 35). But such requests for "all documents and communications" are simply too broad to be reasonably interpreted as a request for communications with Meta. Rather, OpenAI must *specifically* ask plaintiffs for their communications with Meta before it can resort to non-party discovery. *See Davis*, 2021 WL 3044958, at *2-3 (denying motion to compel subpoena compliance where plaintiff could and should have obtained documents from defendant and finding that plaintiffs' prior requests for "all documents" were not sufficiently specific to meet that burden). Until OpenAI does so, it may not seek plaintiffs-related documents from non-party Meta. *Id.* at *3 ("[W]hen an opposing party and a non-party both possess documents, the documents should be sought from the party to the case." (internal quotations omitted)).

*Second*, OpenAI has failed to provide sufficient explanation for why any Meta documents concerning Musk's bid (or any actual or contemplated bid) are relevant to this action. Again, OpenAI's conclusory statements that "Meta's reasons for considering or rejecting the bid, its contemplation of any other bid involving Musk … and its assessments of the terms of the bid and of OpenAI's value" are "relevant to developing OpenAI's claims and defenses" "are insufficient to establish relevancy." *Lyft, Inc.*, 2022 WL 17076703, at *2. They also make no sense. OpenAI

- 5 -

is looking for "coordination between Musk and Meta … to purchase OpenAI for private benefit" and information on Musk's "motivations for the bid," among other topics unrelated to Meta. *Supra*. But as OpenAI readily admits, ***Meta did not sign the Letter of Intent*** or otherwise participate in the bid to purchase OpenAI, facts that distinguish Meta from the other third-parties from which OpenAI has sought discovery, such as Eight Partners VC. *See* ECF No. 210. Meta's documents can hold no evidence of "coordination" with Musk, or of Meta's purported attempt to purchase OpenAI, or of any other relevant information when ***Meta did not join Musk's bid***. Meta's communications (if any) with entities that ***did*** join the bid also hold little to no relevance, and in any event, should be sought from those entities, not Meta, which ***did not participate***. And again, that the Court compelled discovery from Excession, essentially Musk's alter-ego, does not establish that discovery from non-party Meta is relevant. The Court should deny OpenAI's request to compel as to RFP 4.

***Discovery on OpenAI's counterclaims is not appropriate in Phase I.*** At a minimum, the Court should decline to compel production at this time because the discovery that OpenAI seeks relates only to its counterclaims, which the Court decided "properly belong in Phase II of the action." ECF No. 228 at 9. OpenAI's counterclaim alleges that Musk's bid was a "sham designed to disrupt [its] operations and to gain an unfair business advantage … by reducing competition from [OpenAI]." ECF No. 176 ¶¶ 105, 109. In OpenAI's own words, these RFPs are looking for evidence of "coordination between Musk and Meta, two of OpenAI's most significant competitors, in an effort to purchase OpenAI for private benefit." *See supra*. Given the overlap between OpenAI's counterclaims and these RFPs, this discovery should not be permitted in Phase I.

*          *          *

Meta respectfully requests that the Court hold a discovery hearing on this joint letter. And for the reasons described above, the Court should decline to compel Meta to produce documents.

**ATTESTATION**

Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: August 21, 2025

By:    <u>/s/Alison L. Plessman</u>