# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| ELON MUSK, et al., | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:24-cv-04722-YGR |
| | ) | |
| SAMUEL ALTMAN, et al., | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Meta Platforms, Inc.
c/o CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  As instructed on Schedule A attached hereto.

| Place: aplessman@hueston.com or/and<br>Attn: Specialized Legal Services c/o USA Legal Network<br>1112 Bryant St # 200<br>San Francisco, CA 94103 | Date and Time:  July 2, 2025 at 5:00 PM PST |
|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  June 18, 2025

CLERK OF COURT                                                  OR

_____                  _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  OpenAI Defendants (as defined herein) , who issues or requests this subpoena, are:
Alison Plessman, Hueston Hennigan LLP, 523 West 6th St. Suite 400, Los Angeles, CA 90014
T: 213.788.4542 E: aplessman@hueston.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A TO SUBPOENA TO META PLATFORMS, INC.

As used in Schedule A, the following terms shall have the following meanings:[1]

### DEFINITIONS

1. "You," "Your," or "Meta" mean Meta Platforms, Inc., and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates, and each and all of (a) their present and former employees, agents, representatives, or advisors; (b) any entity over which they exercised or exercise control; and (c) any other Persons acting on their behalves.

2. "Action" means the action captioned *Musk, et al.* v. *Altman, et al.*, Case No. 4:24-cv-04722-YGR.

3. "Any" and "all" means any and all in the most inclusive sense of those terms.

4. "Communication" and "Communications" means any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, or electronic means, including but not limited to by notes, letter, telegram, facsimile, electronic mail, electronic message (including text message), or voicemail.

5. "Document" and "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and shall include, without limitation, the original and all non-identical copies of any handwritten, printed, typed, recorded, or graphic material, or ESI (as defined below), of any kind and nature, including all drafts and transcriptions thereof, however produced or reproduced, and including but not limited to accounting materials, accounts, agreements, analyses, appointment books, books, books of account, brochures, calendars, catalogs, checks, computer data, computer disks, contracts, correspondence, data sheets, date books, diaries, diskettes, drawings, email messages, faxes, guidelines, instructions, inter-office communications, invoices, letters, logs, manuals, memoranda, minutes, notes, opinions, payments, plans, presentations, purchase confirmations, receipts, records, regulations, reports,

---

[1] Notwithstanding any definition set forth herein, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

sound recordings, spreadsheets, statements, studies, surveys, tickets, text messages, instant messages, timesheets, trade records, video recordings, voice-mail messages, vouchers, word processing materials (however stored or maintained), and all other means by which information is stored for retrieval.

6. "ESI" means information that is stored in an electronic format, regardless of the media or whether it is in the original format in which it was created, and that is retrievable in perceivable form and includes but is not limited to metadata, system data, deleted data, and fragmented data.

7. "Including" means including but not limited to.

8. "Musk" means Elon Musk and all other Persons or entities acting or purporting to act on his behalf.

9. "Musk-Affiliated Entity" means any entity or business owned, operated, controlled, funded, or founded by Elon Musk, including but not limited to the Boring Company, the Musk Foundation, Musk Industries LLC, Neuralink Corp., Space Exploration Technologies Corporation, Tesla, Inc., xAI, and X Corp., and each such entity's or business's respective predecessors, successors, parents, divisions, subsidiaries, or affiliates.

10. "OpenAI" means Defendant OpenAI, Inc. and its affiliated entities.

11. "OpenAI Defendants" means Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC.

12. "Person" means any natural person, individual, corporation, limited liability company, trust, partnership, proprietorship, association, joint venture, group, business entity,

governmental or public entity, or any other form or organization of legal entity.

13. "Plaintiff(s)" means plaintiffs Elon Musk, Shivon Zilis, and X.AI Corp. in the Action.

14. "xAI" means X.AI Corp and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates (including X Corp. or XAI Holdings Corp.).

15. The terms "concerning" and "with respect to" shall be read and applied as interchangeable and shall be construed in the broadest sense permitted to mean discussing, supporting, describing, concerning, regarding, with regard to, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in connection or in conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending, or constituting, in whole or in part.

16. Whenever used herein, (i) the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; (ii) the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; (iii) the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); (iv) each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the others; and (v) the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. These Requests require the production of all responsive Documents that are in Your possession, custody, or control, wherever located and whether active, in storage, or otherwise, including in the possession of Your agents or advisors.

2. You are obligated to undertake and produce all responsive Documents in Your possession, custody, or control even if You believe that another Person has already produced the same or similar Documents or may produce such Documents in the future.

3.    All Documents shall be produced as kept in the ordinary course of business, in the form and in the same order within each file in which they were located prior to production. Where a portion of a Document is responsive to the Requests set forth below, the entire Document, along with all transmittal sheets, cover letters, attachments, appendices, enclosures, and exhibits to such Document, shall be produced.

4.    Each Request shall be construed independently, and none of the Requests shall be construed as limiting the scope of any of the other Requests.

5.    Each Request shall be considered as including all non-identical copies and, to the extent applicable, preliminary drafts of Documents that, as to content, differ in any respect from the original or final draft or from each other.

6.    If any Documents called for by these Requests are withheld under a claim of privilege or protection, You are requested at the time of responding to these Requests, or at such other time as may be mutually agreed by You and the OpenAI Defendants, to produce a log that separately identifies each such Document and both (i) specifies the assertion(s) of privilege or protection asserted for withholding the Document; and (ii) sets forth all information necessary to support the assertion(s) of privilege or protection for withholding the Document, including the type or nature of the Document (*e.g.*, letter, memorandum, e-mail, etc.), its author, all recipients, all Persons to whom it was shown or otherwise made available or with whom it was discussed, the date of the Document, and a description of the substance of the Document, all in a manner sufficient to allow the Court to rule on the validity of the claim(s) of privilege or protection asserted for withholding each Document from production.

7.    You must produce all portions of requested Documents that are not subject to a claim of privilege or protection by excising or otherwise protecting the portions of such Document for which a claim of privilege or protection is asserted and producing the remainder.

8.    If no Documents exist that are responsive to a particular Request, then so state in Your response to such Request. If any Documents requested herein have been lost, discarded, deleted, destroyed, or are otherwise no longer in Your possession, custody, or control, then You

shall identify such Documents as completely as possible, including the following information: (i) the date of disposal; (ii) the manner of disposal; (iii) the reason(s) for disposal; (iv) the Person(s) who authorized the disposal; and (v) the Person(s) who disposed of the Document.

9. Where anything has been deleted or redacted from a Document produced in response to a Request, specify the nature of the material deleted or redacted and the reason for the deletion or redaction, and identify the location of any deletion or redaction on the produced copy of such Document.

10. Each of these Definitions and Instructions shall be fully applicable to all of the Requests, notwithstanding that a particular Definition or Instruction above may, in whole or in part, be reiterated in certain Requests or that certain Requests may incorporate supplemental instructions or definitions.

11. Unless otherwise specified in the Request, each Request shall be deemed to include all Documents prepared, sent, received, written, reviewed, or marked upon from January 1, 2022 through the date of production.

12. Subject to any protocol governing the production and use of ESI that may be agreed to by You and the OpenAI Defendants or ordered by the Court, all Documents shall be Bates-labeled and shall be produced electronically in single page Group IV TIF format (except that Microsoft Excel, PowerPoint, and structured data files shall be produced in native format), with load files containing, for each Document, extracted searchable text and all available metadata for at least the following fields: BEGBATES; ENDBATES; BEGBATESATT; ENDBATESATT; All Custodians; File Name; Email Importance; File Type; File Size; Page Count; Author; Subject; From; To; CC; BCC; Sent Date; Received Date; Date Appointment Start; Date Appointment End; Time Zone Processed; MD5 Hash; and Redaction.

## REQUESTS FOR PRODUCTION

**Request For Production No. 1:**

All Documents and Communications concerning Your letter to the California Attorney General regarding OpenAI, dated December 12, 2024, including all Documents or Communications exchanged with the California Attorney General, or any Plaintiff or Musk-Affiliated Entity (or any Person or entity acting on their behalves) concerning the letter or the subject matter thereof.

**Request For Production No. 2:**

All Communications exchanged with any Plaintiff or Musk-Affiliated Entity (or any Person or entity acting on their behalves) concerning any OpenAI Defendant or the Action, and all Documents referencing or relating to such Communications.

**Request For Production No. 3:**

All Documents and Communications concerning any actual or potential restructuring or recapitalization of OpenAI, including as described in public statements dated December 27, 2024 and May 5, 2025, available at https://openai.com/index/why-our-structure-must-evolve-toadvance-our-mission/ and https://openai.com/index/evolving-our-structure/.

**Request For Production No. 4:**

All Documents and Communications concerning any actual, potential, proposed, or contemplated offer, bid, or proposal to acquire OpenAI or any of its assets, in whole or in part.

**Request For Production No. 5:**

All Communications between You or any Person or entity affiliated with You (including Meta Platforms, Inc. or The Chan Zuckerberg Initiative and any of their respective representatives), on the one hand, and any representative of a nonprofit or charitable entity, on the other hand, regarding any OpenAI Defendant or the Action, including Communications with those Persons and entities listed in Exhibit A of these Requests.

**Exhibit A – Representative of a Nonprofit or Charitable Entity**

1. Joel Aurora and/or any other representatives of Coalition for AI Nonprofit Integrity
2. Robert Weissman and/or any other representatives of Public Citizen
3. Fred Blackwell and/or any other representatives of the San Francisco Foundation
4. Orson Aguilar and/or any other representatives of Latino Prosperity
5. Aarti Kohli and/or any other representatives of Asian Law Caucus
6. Mark Philpart and/or any other representatives of California Black Freedom Fund
7. Sabrina Smith and/or any other representatives of California Calls
8. Adam Briones and/or any other representatives of California Community Builders
9. Miguel Santana and/or any other representatives of California Community Foundation
10. Richard Tate and/or any other representatives of The California Wellness Foundation
11. John Kim and/or any other representatives of Catalyst California
12. Alex Tom and/or any other representatives of Center for Empowered Politics
13. Natalie Foster and/or any other representatives of Economic Security Project
14. Cathy Cha and/or any other representatives of Evelyn and Walter Haas, Jr. Fund
15. Michelle Vilchez and/or any other representatives of Innovate Public Schools
16. Allison Scott and/or any other representatives of Kapor Foundation
17. Sonja Diaz and/or any other representatives of Latina Futures 2050 Lab
18. Julián Castro and/or any other representatives of Latino Community Foundation
19. Shane Goldsmith and/or any other representatives of Liberty Hill Foundation
20. Page Hedley and/or any other representatives of Not For Private Gain
21. Mike Kubzansky and/or any other representatives of Omidyar Network LLC
22. Joseph Tomás McKellar and/or any other representatives of PICO California
23. Guillermo Mayer and/or any other representatives of Public Advocates
24. Paulina Gonzalez-Britto and/or any other representatives of Rise Economy

8

25. Cynthia Strathmann and/or any other representatives of Strategic Actions for a Just Economy

26. Catherine Bracy and/or any other representatives of TechEquity

27. Brenda Solorzano and/or any other representatives of The California Endowment

28. Don Howard and/or any other representatives of The James Irvine Foundation

29. Fred Sotelo and/or any other representatives of Urban Leadership Development Institute

30. Joanna S. Jackson and/or any other representatives of Weingart Foundation

31. Merrick Wayne and/or any other representatives of Loevy + Loevy

32. Yasmin Aslam and/or any other representatives of Eko.org or SumofUs