# EXHIBIT B

K. Winn Allen, P.C.
Yaffa A. Meeran
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: +1 202 389 5000
Facsimile: +1 202 389 5200
winn.allen@kirkland.com
yaffa.meeran@kirkland.com

*Attorneys for Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL ALTMAN, et al.,<br><br>Defendants. | CASE NO. 4:24-cv-04722-YGR<br><br>**META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS** |

**META'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Meta Platforms, Inc. ("Meta") hereby submits its Responses and Objections to the OpenAI Defendants' Subpoena to Produce Documents.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning Your letter to the California Attorney General regarding OpenAI, dated December 12, 2024, including all Documents or Communications exchanged with the California Attorney General, or any Plaintiff or Musk-Affiliated Entity (or any Person or entity acting on their behalves) concerning the letter or the subject matter thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Meta objects to Request No. 1 as it seeks documents and communications involving Plaintiffs and Plaintiff-affiliated entities, which are available to the OpenAI Defendants via party discovery. The OpenAI Defendants are required by Rule 45(d) to "take reasonable steps to avoid imposing undue burden or expense" on non-parties such as Meta, and they have not provided an explanation as to why such Requests are directed at Meta and cannot be sought directly from Plaintiffs. Meta will therefore limit its response to this Request, as further detailed below, to include documents and communications exchanged with the California Attorney General that are otherwise responsive to this Request and not otherwise objected to, but not documents and communications with any Plaintiff or Musk-Affiliated Entity.

Meta also objects to this Request as vague, overbroad, and unduly burdensome, because it seeks documents and communications with "any Person or entity" acting on behalf of "any Plaintiff or Musk-Affiliated Entity," without further information about the identity of such Persons or entities, an explanation as to why other Musk-Affiliated Entities are relevant to this action, or an explanation as to why the burdens of such a request comply with Rule 45(d), which requires the requesting party to "take reasonable steps to avoid imposing undue burden or expense" on the recipient. Meta will therefore limit its response to this Request, as further detailed below, to include documents and communications

exchanged with the California Attorney General that are otherwise responsive to this Request and not otherwise objected to, but not any "Musk-Affiliated Entit[ies]."

Meta further objects that this Request seeks documents and communications internal to non-party Meta "concerning" its letter to the California Attorney General. Such internal documents and communications (even to the extent they are not privileged, which many likely are) are not "relevant to any party's claim or defense [or] proportional to the needs of the case," as required by Rule 26(b), or relevant to the subject matter of this litigation. Meta will therefore limit its response to this Request, as further detailed below, to include documents and communications exchanged with the California Attorney General that are otherwise responsive to this Request and not otherwise objected to, but not any strictly internal documents or communications.

Subject to its specific and general objections, Meta will conduct a reasonable search for and produce responsive, non-privileged documents and communications exchanged with the California Attorney General concerning Meta's letter to the California Attorney General, dated December 12, 2024, to the extent such documents exist and are located from a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications exchanged with any Plaintiff or Musk-Affiliated Entity (or any Person or entity acting on their behalves) concerning any OpenAI Defendant or the Action, and all Documents referencing or relating to such Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Meta objects to Request No. 2 as it seeks documents and communications involving Plaintiffs and Plaintiff-affiliated entities, which are available to the OpenAI Defendants via party discovery. The OpenAI Defendants are required by Rule 45(d) to "take reasonable steps to avoid imposing undue burden or expense" on non-parties such as Meta, and they have not provided an explanation as to why such Requests are directed at Meta and cannot be sought directly from Plaintiffs.

Meta also objects to this Request as vague, overbroad, and unduly burdensome, because it seeks communications with "any Person or entity" acting on behalf of "any Plaintiff or Musk-Affiliated Entity," without further information about the identity of such Persons or entities, an explanation as to why other Musk-Affiliated Entities are relevant to this action, or an explanation as to why the burdens of

such a request comply with Rule 45(d), which requires the requesting party to "take reasonable steps to avoid imposing undue burden or expense" on the recipient.

Meta further objects to this Request, as it seeks communications "concerning any OpenAI Defendant," regardless of whether such communications are "relevant to any party's claim or defense [or] proportional to the needs of the case," as required by Rule 26(b), or relevant to the subject matter of this litigation. Meta also objects that the Request seeks documents and communications internal to non-party Meta concerning any OpenAI Defendant or the Action. Such internal documents and communications are not "relevant to any party's claim or defense [or] proportional to the needs of the case," as required by Rule 26(b), or relevant to the subject matter of this litigation.

Subject to its specific and general objections, Meta is willing to meet-and-confer about this Request to further understand how, if it all, it is relevant and proportional to any party's claim or defense, why the OpenAI Defendants are not seeking such discovery from the Plaintiffs, and how, if at all, the Request can be tailored to avoid imposing undue burden or expense on Meta.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning any actual or potential restructuring or recapitalization of OpenAI, including as described in public statements dated December 27, 2024 and May 5, 2025, available at https://openai.com/index/why-our-structure-must-evolvetoadvance-our-mission/ and https://openai.com/index/evolving-our-structure/.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Meta objects to Request No. 3 as it seeks documents and communications internal to non-party Meta "concerning any actual or potential restructuring or recapitalization of OpenAI," which are not "relevant to any party's claim or defense [or] proportional to the needs of the case," as required by Rule 26(b), or relevant to the subject matter of this litigation. The Request fails to provide any explanation as to why any document or communication by *Meta* has any bearing whatsoever on OpenAI's actual or potential plans to restructure or recapitalize, or an explanation as to why the burdens of such a request comply with Rule 45(d), which requires the requesting party to "take reasonable steps to avoid imposing undue burden or expense" on the recipient.

Subject to its specific and general objections, Meta is willing to meet-and-confer about this Request to further understand how, if it all, it is relevant to any party's claim or defense and can be tailored to avoid imposing undue burden or expense on Meta.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning any actual, potential, proposed, or contemplated offer, bid, or proposal to acquire OpenAI or any of its assets, in whole or in part.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Meta objects to Request No. 4 as it seeks documents and communications internal to non-party Meta "concerning any actual, potential, proposed, or contemplated offer, bid, or proposal to acquire OpenAI." Such internal documents and communications (even to the extent they are not privileged, which many likely are) are not "relevant to any party's claim or defense [or] proportional to the needs of the case," as required by Rule 26(b), or relevant to the subject matter of this litigation. The Request fails to provide any explanation as to why the burdens of such a request comply with Rule 45(d), which requires the requesting party to "take reasonable steps to avoid imposing undue burden or expense" on the recipient. Meta will therefore limit its response to this Request, as further detailed below, to include documents and communications that are otherwise responsive to this Request and not otherwise objected to, but not any strictly internal documents or communications.

Meta further objects to Request No. 4 as it seeks documents and communications concerning any "potential, proposed, or contemplated" offer, bid, or proposal by Meta to acquire OpenAI. If Meta internally considered or contemplated a bid to acquire OpenAI, such internal and unrealized business plans by non-party Meta are not "relevant to any party's claim or defense [or] proportional to the needs of the case," as required by Rule 26(b), or relevant to the subject matter of this litigation. Meta will therefore limit its response to this Request, as further detailed below, to include documents and communications that are otherwise responsive to this Request and not otherwise objected to, but not documents or communications concerning any "potential, proposed, or contemplated" (as opposed to "actual") offer, bid, or proposal.

Subject to its specific and general objections, Meta will conduct a reasonable search for and produce responsive, non-privileged documents and communications transmitting to OpenAI any offered

bid by Meta or proposal from Meta to acquire OpenAI or any of its assets, in whole or in part, to the extent such documents exist and are located from a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications between You or any Person or entity affiliated with You (including Meta Platforms, Inc. or The Chan Zuckerberg Initiative and any of their respective representatives), on the one hand, and any representative of a nonprofit or charitable entity, on the other hand, regarding any OpenAI Defendant or the Action, including Communications with those Persons and entities listed in Exhibit A of these Requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Meta objects to Request No. 5 as vague, overbroad, and unduly burdensome, because it seeks communications with "any representative of a nonprofit or charitable entity," without an explanation as to why communications Meta had with nonprofit or charitable entities, if any, are relevant to this action, or an explanation as to why the burdens of such a request comply with Rule 45(d), which requires the requesting party to "take reasonable steps to avoid imposing undue burden or expense" on the recipient. Meta further objects to this Request, as it seeks communications "concerning any OpenAI Defendant," regardless of whether such communications are "relevant to any party's claim or defense [or] proportional to the needs of the case," as required by Rule 26(b), or relevant to the subject matter of this litigation. Meta also objects to this Request as it seeks communications that include The Chan Zuckerberg Initiative and any of its respective representatives, which are outside of Meta's possession, custody, and control, and without explanation as to how such communications are "relevant to any party's claim or defense [or] proportional to the needs of the case," as required by Rule 26(b), or relevant to the subject matter of this litigation.

Subject to its specific and general objections, Meta is willing to meet-and-confer about this Request to further understand how, if it all, it is relevant to any party's claim or defense and can be tailored to avoid imposing undue burden or expense on Meta.

**OBJECTIONS TO DEFINITIONS**

Meta asserts these Objections to Definitions with respect to each Request propounded by Defendants. Any responses to these Requests shall be subject to and without waiver of these Objections.

1. Meta objects to the definition of the terms "You," "Your," or "Meta" to the extent it seeks to impose obligations beyond those required under the Federal Rules of Civil Procedure, the Local Rules, any applicable orders of this Court, or any stipulations or protocols agreed to in this case. Meta will produce documents that are currently within its possession, custody, or control.

2. Meta objects to the definition of the terms "Document" and "Documents" to the extent it seeks to impose obligations beyond those required under the Federal Rules of Civil Procedure, the Local Rules, any applicable orders of this Court, or any stipulations or protocols agreed to in this case.

3. Meta will construe "concerning" or "with respect to" to call for the disclosure of relevant information in Meta's possession, control, or custody.

**GENERAL OBJECTIONS AND OBJECTIONS TO INSTRUCTIONS**

Meta makes the following general objections and objections to the Instructions (collectively, "general objections") to the Requests, which apply to each Request regardless of whether these general objections are specifically incorporated into any of the specific responses set forth below.

1. Meta objects to the Requests, including the instructions and definitions, and specifically including the definition of "ESI," to the extent they seek to impose upon Meta duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules, any applicable orders of this Court, or any stipulation or agreement of the parties.

2. Meta will produce information in a form in which it is ordinarily maintained or in a reasonably usable form, in such a manner and format as required by the Federal Rules of Civil Procedure, the Local Rules, and any agreement that may be reached by the parties. Meta objects to the extent the Requests require more than such efforts.

3. Meta objects to the Requests to the extent that the OpenAI Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on Meta, a non-party to this action, as required by Federal Rule of Civil Procedure 45(d)(1), including the Requests for documents and communications that may be sought from Plaintiffs through party discovery.

4. Meta objects to these Requests to the extent they seek the disclosure of information, documents, or communications protected by the attorney-client privilege, the work-product exemption from discovery, and/or any other applicable constitutional, statutory, or common-law privilege. No

privileged information, document, or communication will intentionally be provided in response to these Requests. By responding to any particular Request, Meta does not intend to nor does it waive any applicable privilege that it may have, and Meta specifically intends to assert the same.

5. Production or disclosure of any document and/or information, which is, in whole or in part, confidential, contains confidential information, is privileged, or was prepared in anticipation of litigation shall not constitute waiver of any privilege or of any other ground for objection of discovery of such document, the information contained therein, or the subject matter thereof, or of Meta's right to object to the use of that document or the information contained therein. Any documents produced will be subject to a sufficient Protective Order, such as the Stipulated Protective Order entered into by the parties, ECF No. 171, or any additional protections Meta seeks from the Court.

6. Meta objects to the Requests to the extent they presume facts or legal conclusions, such as the presumption that Meta contemplated an offer, bid, or proposal to acquire OpenAI. Meta submits these responses and objections without waiver of any right to object to any requested discovery. In providing responses and objections to these Requests, Meta does not waive, and expressly reserves, all objections as to competency, relevancy, materiality, and admissibility of the Responses or subject matter thereof as well as all objections to any other discovery requests in this or any other proceeding.

7. Meta objects to these Requests to the extent they request Meta to provide information not in its possession, custody, or control, including any documents from any third-party suppliers. Any such Request is disproportionate, overbroad, unduly burdensome, inconsistent with, and imposes obligations beyond the obligations required under the Federal Rules of Civil Procedure, or the Local Rules.

8. Meta objects to these Requests to the extent they purport to require the use of unreasonably burdensome, expensive, or unnecessary data recovery processes to identify "all" or "any" documents or things requested. To the extent discovery moves forward, in searching for responsive materials, Meta will conduct a reasonable search for those documents it agrees to produce. Meta further objects to these Requests to the extent they purport to require the production of documents and/or information that is not reasonably accessible.

9. Meta specifies that its Responses are based upon the knowledge, information, and belief that it has acquired to the present date. These Responses, and any subsequent document production are,

therefore, subject to change. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, the Local Rules, any applicable orders of this Court, or any stipulation or agreement of the parties, Meta reserves its right to amend these Responses, assert additional objections, and supplement any document production in the future, as it completes its review and analysis in response to these Requests.

10. To the extent Meta responds to a Request, it does not admit to the OpenAI Defendants' characterizations of any documents, facts, theories, or conclusions.

11. Meta objects to the Instruction that each Request "shall be deemed to include" documents from January 1, 2022 through the date of production as disproportionate, overbroad, and unduly burdensome, as it seeks documents from a timeframe that is not relevant to any party's claim or defense.

DATED: July 2, 2025               KIRKLAND & ELLIS LLP

                                  Respectfully submitted,


                                  */s/ K. Winn Allen*
                                  K. Winn Allen, P.C.
                                  Yaffa A. Meeran
                                  KIRKLAND & ELLIS LLP
                                  1301 Pennsylvania Avenue, N.W.
                                  Washington, D.C. 20004
                                  Telephone: +1 202 389 5000
                                  Facsimile: +1 202 389 5200
                                  winn.allen@kirkland.com
                                  yaffa.meeran@kirkland.com

                                  *Attorneys for Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of July 2025, a copy of the foregoing was served upon counsel for the OpenAI Defendants, as directed in the Subpoena, via electronic mail.

*/s/ K. Winn Allen*
K. Winn Allen, P.C.