UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELON MUSK, et al.,

    Plaintiffs,

v.

SAMUEL ALTMAN, et al.,

    Defendants.

Case No. 24-cv-04722-YGR   (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 230, 236

We are here on two joint discovery letter briefs. ECF No. 230 was filed by OpenAI and Meta, and ECF No. 236 was filed by Plaintiffs and OpenAI. The issue is the relevance of the February 10, 2025 letter of intent ("LOI") to phase I issues.

Recall that Judge Gonzalez Rogers stated that she would have an expedited trial on Plaintiffs' unlawful conversion claim (i.e., that OpenAI was improperly converted into a for-profit) and potentially the interrelated contract claims, and that all ancillary claims would be stayed. ECF No. 121 at 16. She recently held that OpenAI's counterclaims belong in phase II, and reiterated that "[i]n considering the parties' competing proposals as to bifurcation, the Court ruled that the factual predicate for the claims controlled the analysis and claims sharing a common nucleus of facts properly belonged together in phase I." ECF No. 228 at 9. The undersigned previously held that "Musk's bid for OpenAI is relevant to phase 1 issues" because "Musk's bid may be inconsistent with Plaintiffs' phase 1 theories of liability." ECF No. 203 at 2; *see also id.* at 1-2 ("[E]fforts by Musk to incorporate OpenAI into Tesla or to convert it into a for-profit company are relevant because they may be inconsistent with Plaintiffs' core theories of liability.").

In ECF No. 230, OpenAI moves to compel Meta to produce documents responsive to RFPs 3 and 4 in OpenAI's subpoena. RFP 3 seeks "All Documents and Communications concerning

1  any actual or potential restructuring or recapitalization of OpenAI, including as described in public
2  statements dated December 27, 2024 and May 5, 2025, available at https://openai.com/index/why-
3  our-structure-must-evolvetoadvance-our-mission/ and https://openai.com/index/evolving-our-
4  structure/." RFP 4 seeks "All Documents and Communications concerning any actual, potential,
5  proposed, or contemplated offer, bid, or proposal to acquire OpenAI or any of its assets, in whole
6  or in part." In ECF No. 236, Plaintiffs argue that OpenAI's motion to compel against Meta should
7  be denied, and Plaintiffs also seek a protective order barring any further discovery into LOI issues.
8  The parties report that OpenAI has served document subpoenas on all of the bidders in the LOI,
9  has served a Rule 30(b)(6) deposition notice on Plaintiff xAI seeking testimony about the LOI,
10 and has discussed potential depositions of some of the non-party bidders.

11 When the Court remarked that Musk's bid for OpenAI and efforts by him to incorporate
12 OpenAI into Tesla or to convert it into a for-profit company are relevant to phase I because they
13 may be inconsistent with Plaintiffs' core theories of phase I liability, the Court was essentially
14 addressing a matter of credibility. The Court envisioned this as a simple and narrow issue. Now
15 having seen the scope of the discovery and potential discovery that OpenAI is attempting to drive
16 through this opening, the Court reconsiders whether its previous discovery ruling was correct.

17 The LOI and related discovery from Meta do not share a common nucleus of facts with the
18 charitable trust and contract-based claims in phase I. The LOI happened later. The LOI and the
19 facts surrounding the LOI do not seem to have anything to do with the obligations OpenAI did or
20 did not take on with respect to the conversion and contract-based claims, nor with whether
21 OpenAI did or did not live up to those alleged obligations. Judge Gonzalez Rogers noted that "the
22 counterclaims . . . stem from actions taken far after the actions forming the basis of plaintiff's
23 breach of contract claims. Indeed, the acts giving rise to the counterclaims occurred after this
24 litigation began. The counterclaims will be tried in Phase II." ECF No. 228 at 9. The LOI also
25 occurred after this litigation began. RFP 3 to Meta is similarly directed to events after this
26 litigation began. Just from reading RFP 4, you can't tell what time frame it relates to, but OpenAI
27 makes clear in the letter brief that RFP 4 is targeting events around the time of the LOI. This all
28 confirms that the LOI is a phase II issue. OpenAI argues that there is no difference in time periods

United States District Court
Northern District of California

between the LOI and phase I issues because the conversion of OpenAI has not happened yet. However, that doesn't mean that the nucleus of facts that are relevant to the phase I claims overlaps temporally with the LOI. Regardless, they are simply different sets of facts. Further, even assuming that the LOI has some limited relevance to phase I, such as the credibility issue noted above, the discovery that OpenAI seeks is not proportional to the needs of phase I.

Accordingly, the Court **DENIES** OpenAI's motion to compel directed at Meta and **GRANTS** Plaintiffs' motion for a protective order barring further discovery concerning the LOI in phase I.

**IT IS SO ORDERED.**

Dated: August 28, 2025

THOMAS S. HIXSON
United States Magistrate Judge