UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAMUEL ALTMAN, et al.,<br><br>    Defendants. | Case No. 24-cv-04722-YGR (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 242 |

We are here on a dispute about Plaintiff Elon Musk's text messages. The dispute concerns two different time periods.

**Pre-2020.** OpenAI says that Musk has produced no text messages pre-dating 2020, and Musk says that's because he does not have them anymore. Specifically, Musk says that 2020 is the year he activated cloud storage on his phone. As a result, text messages from 2020 and later were preserved in cloud storage, whereas text messages from before that date were lost whenever Musk changed phones. Further, Musk says this is not a problem: He says he wasn't anticipating this litigation back in 2020, so in his view there was no duty to preserve.

OpenAI observes that there is a good chance that Musk's phone was imaged for purposes of document preservation obligations in other litigation before the pre-2020 texts were wiped out. Those images that are in the possession of his or his companies' current or former counsel are within his possession, custody or control. *See Lifeguard Licensing Corp. v. Kozak*, 2016 WL 3144049, at *5 (S.D.N.Y. May 23, 2016). It will be somewhat time-consuming and burdensome to find those images, if they exist, and then to search them for responsive texts, but this effort is proportional to the needs of the case. This is an important case, Musk is a key figure in it, and

everyone agrees that 2015 to 2020 is a key time period in this case. It will not do to have all of Musk's text messages from this period simply be gone, unless after a thorough investigation, it is clear they really cannot be obtained elsewhere. Further, Musk's argument that this exercise would run afoul of protective orders entered in the other cases does not make sense because protective orders limit what you can do with somebody else's documents, not what you can do with your own documents. Accordingly, the Court **ORDERS** Musk to direct his and his companies' current and former counsel to provide his counsel in this case any images they have (or their vendor has) that contain his text messages from before 2020. The Court **ORDERS** Musk to file a status report on this effort within 14 days.

The remaining relief OpenAI seeks as to pre-2020 texts is denied. If OpenAI wants to question Musk during his deposition about his pre-2020 text messages, it can do so, but the Court sees no reason to order Musk to submit a declaration on that subject. Nor will the Court order his counsel to provide further answers to OpenAI's "discovery about discovery" questions, as there does not seem to be a factual dispute about what happened to the pre-2020 text messages: they were not preserved.

**2020 and Later.** Here, OpenAI complains that Musk has produced very few texts from this time period. However, this argument is underdeveloped. OpenAI makes a passing reference to Musk having produced no texts with Shivon Zilis but that Zilis produced six texts with Musk, but OpenAI does not say when those texts were dated, and if they were before 2020, we already know what happened. For his part, Musk suggests that the lack of text messages since 2020 is unsurprising because this corresponds to the time period when Musk disengaged from OpenAI. The Court would like to know if there is an evidentiary basis to think that Musk has failed to produce responsive text messages from this time period, such as texts produced by others that he was copied on that were not produced by him. The Court **ORDERS** the parties to file a joint discovery letter brief, not to exceed five pages, concerning whether there is evidence to show that Musk's production of text messages from 2020 and later is insufficient. The parties shall attach any evidentiary exhibits they would like the Court to consider.[1] This joint discovery letter brief is

---

[1] Not having seen these documents, the Court does not know if they should be filed under seal. The Court expects the parties to adhere to the rules concerning motions to seal.

due in seven days.

**IT IS SO ORDERED.**

Dated: September 12, 2025

THOMAS S. HIXSON
United States Magistrate Judge