# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **JOINT STATUS REPORT** |
| v. | Judge:  Hon. Yvonne Gonzalez Rogers |
| SAMUEL ALTMAN, et al., | Magistrate Judge:  Hon. Thomas S. Hixson |
| Defendants. | Date Action Filed: August 5, 2024<br>Trial Date: March 30, 2026 |

September 12, 2025

The Honorable Thomas S. Hixson
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

 **Re:** *Musk, et al.* **v.** *Altman, et al.***, Case No. 4:24-cv-04722-YGR**

Dear Judge Hixson:

 Pursuant to Your Honor's September 9, 2025 Discovery Order (Dkt. 252), undersigned counsel for the OpenAI Defendants ("OpenAI") and nonparties Shivon Zilis and Jared Birchall respectfully submit the following status report on the Birchall and Zilis productions.

## **Update from OpenAI Defendants**

***Birchall.*** Counsel has represented that Birchall's text message production is complete. That production consists of 31 text message chains. Only three are texts with Elon Musk; 19 are with Zilis. Counsel has refused to disclose how many Birchall-Musk and Birchall-Zilis text chains it reviewed for responsiveness or what time periods those chains cover. Counsel has also refused to conduct a linear review of Birchall's texts with Musk and Zilis, despite the OpenAI Defendants' conducting a similar linear review of text communications involving their key custodians.

Counsel has also certified that Birchall's email production from his Excession and Musk Foundation emails is complete. But there are significant gaps in that production—which consisted of only 485 emails—that counsel has not substantively addressed despite repeated requests. Most notably, other third parties recently produced more than 160 emails with Birchall's Excession and Musk Foundation accounts on core topics that Birchall himself failed to produce. The OpenAI Defendants raised this issue more than a week ago, and counsel has not said how or when it intends to remedy it. Birchall has not served a privilege log even though his subpoena requests one.

OpenAI deposed Birchall on September 10 subject to a reservation of rights in light of the pending motion and the other unresolved issues with Birchall's production.

***Zilis.*** Counsel has represented that Zilis's text production is complete. Only 13 of the text chains in the production were texts with Musk; 13 were texts with Birchall. Counsel has refused to disclose how many Zilis-Musk and Zilis-Birchall text chains it reviewed for responsiveness or what time periods those text chains cover. At Zilis's deposition today, counsel repeatedly instructed Zilis not to answer questions about her texting habits or discovery compliance efforts, based on claims of attorney-client privilege. For example, counsel refused to allow Zilis to answer questions regarding the extent of her texting with Musk about OpenAI or Sam Altman since 2015. Counsel has also refused to conduct a linear review of Zilis's texts with Musk and Birchall.

OpenAI learned today that Zilis's Gmail review is not close to complete, despite Zilis having been served with a document subpoena in April. Counsel reports that only 40% of the documents hitting on search terms have undergone first-level review. Zilis has also not served a privilege log, even though OpenAI's requests from April asked for one. OpenAI also learned yesterday that Zilis has possession in her Gmail account of privileged and potentially privileged documents that Zilis received when she was an OpenAI director. Zilis's counsel has evidently been reviewing those Gmails for responsiveness even though the same law firms are representing Musk in this action. OpenAI is evaluating how to proceed to address the resulting prejudice.

OpenAI deposed Zilis earlier today subject to a reservation of rights in light of the pending motion and the other unresolved issues with Zilis's production.

***Requested Relief.*** At this time, OpenAI seeks an order (1) compelling Birchall and Zilis to conduct a linear review of their text message with Musk and with each other; and (2) compelling Zilis to complete her document production within 72 hours. OpenAI reserves the right to seek additional deposition time with Birchall and/or Zilis based on any documents they subsequently produce and to seek appropriate relief related to the deficiencies with Birchall's email production.

## Update from Birchall and Zilis

**Birchall.** Birchall's counsel produced most of Birchall's responsive, nonprivileged texts on Friday, September 5, and produced a small number of additional texts on Tuesday, September 9. Birchall's counsel have advised OpenAI that, with those productions, they have completed production of Birchall's texts. Birchall's deposition proceeded as scheduled on September 10. OpenAI's counsel stated on the record that they were leaving the deposition open to address any production issues, while Birchall's counsel stated that they consider the deposition closed.

While OpenAI complains about the small number of Birchall texts produced, that number is consistent with Birchall's limited involvement in the OpenAI dispute, as elaborated at Birchall's deposition. OpenAI fails to show that a "linear review" of Birchall's texts against Zilis's and Musk's texts would serve any useful purpose. Finally, OpenAI requested a privilege log from Birchall earlier today, and Birchall's counsel agreed to provide one.

OpenAI's complaints about the Excession/Musk Foundation production of Birchall emails are beyond the scope of the pending discovery letter. Those emails were produced by Excession and Musk Foundation, not Birchall. Plaintiffs' counsel has been engaging over those issues with OpenAI's counsel and is not aware that there are any issues ripe for review.

**Zilis.** On or around Saturday, September 6, Zilis's litigation counsel completed the process necessary to obtain access to the Zilis Gmails without prior Tesla pre-screening review. The Zilis Gmails were loaded onto counsel's review platform on Sunday, September 7, and review began that day. The document count for review upon ingestion was 11,826 documents, which was higher than anticipated. Zilis's counsel have been reviewing the documents and making productions on a rolling basis, using batch review strategies designed to prioritize review of batches most likely to contain responsive information. Counsel produced 106 Zilis Gmail documents on Wednesday, September 10; 189 documents on Thursday, September 11; and 184 documents on Thursday, September 11. As of this morning, first-level review of the 11,826 documents is approximately 40% complete. Excluding the emails discussed immediately below, however, we expect the responsiveness rate to decrease significantly, as many of the remaining emails are list subscriptions.

Further complications have arisen because, on Thursday, September 11, Zilis's counsel identified and brought to OpenAI's attention a Zilis Gmail that appeared to contain OpenAI privileged information. OpenAI then stated that additional documents in the already produced Zilis Gmails likewise contain OpenAI privileged information. OpenAI requested that all Zilis Gmails with top-level @openai.com addressees be clawed back pending further review. Zilis's counsel have complied with that request and sequestered approximately 1,300 documents on the review platform. The parties have not yet agreed on a plan for reviewing those documents but intend to do so. Plaintiffs' counsel reserve their right to challenge OpenAI's privilege assertions.

In light of the greater than anticipated volume of Zilis Gmails, Zilis's counsel proposed on Monday, September 8, that Zilis's September 12 deposition be adjourned to a later date. OpenAI declined that request. The Zilis deposition proceeded today, Friday, September 12. OpenAI reserves its right to seek to recall Zilis at a later date.

OpenAI's complaints about the number of Zilis texts ignores that Zilis produced over 800 text strings, more than half of OpenAI's total text production across all its witnesses combined. OpenAI requested a Zilis privilege log earlier today, and Zilis's counsel agreed to provide one. OpenAI has not shown that a "linear review" of Zilis's texts would serve any useful purpose. OpenAI's complaints about privilege instructions given during Zilis's deposition are far afield from the submission this Court ordered, which is supposed to be a status update on the Birchall text and Zilis Gmail productions, not a platform for unrelated grievances.

Finally, OpenAI's statement that "Zilis's counsel has evidently been reviewing [Zilis's privileged] Gmails for responsiveness" is misleading. Zilis's counsel sequestered all emails with OpenAI addresses in the top-level email at OpenAI's request while the parties figure out what to do, even though the use of an OpenAI email address as a proxy for privileged emails is a very overbroad mechanism. It bears repeating that this issue came to light only because Zilis's counsel promptly brought the issue to OpenAI's attention after discovering an apparently privileged document. OpenAI has been pressuring Zilis's counsel to review and produce Zilis's Gmails for some time, and OpenAI was equally if not better positioned to give some forewarning if OpenAI's lawyers have been corresponding with Zilis at her personal Gmail address. Zilis's counsel have been working diligently and cooperatively with OpenAI's counsel to address this unforeseen issue. OpenAI's complaints on this issue are wholly baseless.

/s/ Bradley R. Wilson
Bradley R. Wilson (admitted *pro hac vice*)
Nathaniel Cullerton (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Defendants Samuel Altman,*
*Gregory Brockman, OpenAI, Inc., OpenAI*
*L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
*OpenAI OpCo, LLC, OpenAI Global, LLC,*
*OAI Corporation, LLC, OpenAI Holdings,*
*LLC, OpenAI Startup Fund Management,*
*LLC, OpenAI Startup Fund GP I, L.L.C.,*
*OpenAI Startup Fund I, L.P., OpenAI*
*Startup Fund SPV GP I, L.L.C., OpenAI*
*Startup Fund SPV GP II, L.L.C., OpenAI*
*Startup Fund SPV GP III, L.L.C., OpenAI*
*Startup Fund SPV GP IV, L.L.C., OpenAI*
*Startup Fund SPV I, L.P., OpenAI Startup*
*Fund SPV II, L.P., OpenAI Startup Fund*
*SPV III, L.P., OpenAI Startup Fund SPV IV,*
*L.P., Aestas Management Company, LLC,*
*and Aestas LLC*

/s/ Jaymie Parkkinen
Jaymie Parkkinen, SBN 318394
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Steven F. Molo (*pro hac vice*)
Robert K. Kry (*pro hac vice*)
Jennifer Schubert (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Shivon Zilis and Jared Birchall*

## ATTESTATION

Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the

filing of this document has been obtained from the other signatories.

Dated: September 3, 2025

/s/ Jordan Eth
| Jordan Eth |
| --- |