MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
JAYMIE PARKKINEN (CA SBN 318394)
JParkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN et al., <br><br> Defendants. | Case No. 4:24-cv-04722-YGR <br><br> **MOTION FOR ADMINISTRATIVE RELIEF TO MODIFY CASE MANAGEMENT AND PRETRIAL ORDER** |

Pursuant to Civil Local Rule 7-11 and Section 3 of this Court's Standing Order in Civil Cases, Plaintiffs Elon Musk and X.AI Corp. (the "Plaintiffs") respectfully file this motion for administrative relief to modify the Case Management and Pretrial Order by extending the deadlines for expert discovery by 35 days as set forth below.  Good cause for this extension exists for the following reasons.

This dispute arises out of Plaintiffs' claims that Defendants breached their obligations to Plaintiff Elon Musk by improperly transforming OpenAI into a for-profit enterprise after Musk contributed tens of millions of dollars to OpenAI on the understanding that it would remain a nonprofit dedicated to the public good.  On April 9, 2025, this Court entered an expedited schedule for the trial of certain Phase I claims.  Dkt. 146.  On July 25, 2025, the Court extended that schedule by stipulation.  Dkts. 214, 215.  Pursuant to that expedited schedule, the parties are currently in the midst of conducting 16 fact depositions in the span of 30 days.  Fact discovery is scheduled to close on October 1, 2025.  *Id.*  Opening expert reports are due a mere fourteen days later on October 15, 2025.  *Id.*

Recent developments have made that highly-compressed schedule even more challenging and difficult to meet than it already is.  Plaintiffs' core claim for breach of charitable trust depends on a complete picture of OpenAI's for-profit structure and finances, and Plaintiffs' claim for disgorgement of wrongful profits relies heavily on Defendants' own financial forecasts and valuations.  Defendant OpenAI, however, initially refused to produce financial information in response to Plaintiffs' discovery requests.  On July 9, 2025, Magistrate Judge Hixson granted Plaintiffs' motion to compel production of that information.  Dkt. 203 at 4.  Nonetheless, OpenAI continued to withhold critical financial information under the so-called "business strategy doctrine."  On September 9, 2025, Judge Hixson granted Plaintiffs' second motion to compel. Dkt. 251.

OpenAI finally produced the information the evening of September 14, 2025.  OpenAI's production includes crucial forecasts, valuations, and other financial analysis that Plaintiffs' damages expert will consider when formulating his opinions.  Plaintiffs were deprived of that information until late in the discovery process due to OpenAI's discovery positions that Judge

Hixson ultimately deemed unfounded. Plaintiffs should not be prejudiced by Defendants' tactical choices to withhold highly relevant information.

Further complicating matters, on September 11, 2025, OpenAI and Microsoft publicly announced a Memorandum of Understanding that would substantially alter OpenAI's corporate structure. OpenAI produced information about those plans in its September 14 production. This development is also highly material to multiple expert reports that Plaintiffs plan to submit.

Finally, Plaintiffs originally noticed OpenAI's Rule 30(b)(6) deposition for September 18, 2025, but that deposition was rescheduled at OpenAI's request to October 1, 2025, due to witness unavailability. Plaintiffs anticipate that OpenAI's corporate representative will provide crucial testimony on multiple topics. But because Plaintiffs accommodated OpenAI's scheduling request, Plaintiffs will not obtain that testimony until the very last day of fact discovery.

Plaintiffs' experts plan to address a number of complex topics, such as AI safety, standards and practices for nonprofits, and the wrongful profits that Defendants have derived from Musk's contributions. AI is an emerging technology, and financial projections and valuations for AI ventures present unusual challenges. It would disserve the interests of justice to require experts to prepare and submit reports on these complex topics a mere two weeks after the close of fact discovery given the above recent developments.

A five-week extension of expert discovery would better accommodate the substantial work the parties' experts confront. That extension will not prejudice the parties or the Court. Even as extended, expert discovery will conclude on January 9, 2026, six weeks before the existing compliance deadline of February 20, 2026, and long before the existing trial date of March 30, 2026. While Defendants have expressed concerns about their experts' availability, Plaintiffs are willing to work cooperatively to find convenient dates on which all experts may be deposed.[1]

---

[1] A five-week extension is preferable to a four-week extension because the five-week extension would result in expert discovery closing on January 9, 2026, rather than immediately after the holidays on January 2, 2026.

For all of the above reasons, Plaintiffs respectfully submit that good cause for extending the existing case schedule exists. If this motion is granted, the deadlines in the Case Management and Pretrial Order would be adjusted as follows:

| | Original Date(s) | New Date(s) |
|---|---|---|
| SUMMARY JUDGMENT CONFERENCE | September 17, 2025 at 2:00 p.m. | TBD |
| DEADLINE TO COMPLETE DEPOSITIONS | October 1, 2025 | October 1, 2025 |
| DISCLOSURE OF EXPERTS (retained/non-retained): | Opening: October 6, 2025<br>Rebuttal: October 20, 2025 | Opening: November 10, 2025<br>Rebuttal: November 24, 2025 |
| EXCHANGE OF OPENING EXPERT REPORTS | October 15, 2025 | November 19, 2025 |
| EXCHANGE OF REBUTTAL EXPERT REPORTS | November 10, 2025 | December 15, 2025 |
| EXPERT DISCOVERY CUTOFF: | December 5, 2025 | January 9, 2025 |
| COMPLIANCE DEADLINE | February 20, 2026; statement to be filed by February 13, 2026 | February 20, 2026; statement to be filed by February 13, 2026 |
| JOINT PRETRIAL CONFERENCE STATEMENT: | Friday, February 27, 2026 | Friday, February 27, 2026 |
| PRETRIAL CONFERENCE: | Friday, March 13, 2026 at 9:00 a.m. | Friday, March 13, 2026 at 9:00 a.m. |
| TRIAL DATE: | Monday, March 30, 2026 at 8:30 a.m. (Jury Trial) | Monday, March 30, 2026 at 8:30 a.m. (Jury Trial) |

All other provisions of the Case Management and Pretrial Order would remain in effect.

Dated: September 17, 2025                    TOBEROFF & ASSOCIATES, P.C.

By:     */s/ Marc Toberoff*
Marc Toberoff (CA SBN 188547)

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*

**DECLARATION**

MARC TOBEROFF declares as follows pursuant to 28 U.S.C. § 1746:

1. I represent Plaintiffs Elon Musk and X.AI Corp. and submit this declaration pursuant to Civil Local Rule 7-11(a) to explain why a stipulation could not be obtained in this matter.

2. On September 10, 2025, I wrote to opposing counsel to request a stipulation for a four to five week extension of expert discovery. I observed that under the current circumstances it would be quite difficult for any expert to be able to adequately review the full set of facts in this case and apply them in this novel context in just two weeks after the close of fact discovery.

3. On September 14, 2025, opposing counsel responded that they did not see any reason to modify the expert report deadlines because Defendants and their experts had relied on the existing deadlines in their case planning, including to ensure availability during the current expert deposition window. Defendants stated that they would not oppose an application to move the deadlines for submitting opening and rebuttal expert reports and for completing expert discovery by one week.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: September 17, 2025                 /s/ Marc Toberoff
                                             Marc Toberoff

## [PROPOSED] ORDER

GOOD CAUSE APPEARING, the foregoing motion is granted.

Dated: _____        _____
                                                                    The Hon. Yvonne Gonzalez Rogers