1  JORDAN ETH (CA SBN 121617)
   JEth@mofo.com
2  WILLIAM FRENTZEN (CA SBN 343918)
   WFrentzen@mofo.com
3  DAVID J. WIENER (CA SBN 291659)
   DWiener@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, CA 94105
   Telephone:   (415) 268-7000
6  Facsimile:   (415) 268-7522

7  WILLIAM SAVITT (admitted *pro hac vice*)
   WDSavitt@wlrk.com
8  BRADLEY R. WILSON (admitted *pro hac vice*)
   BRWilson@wlrk.com
9  SARAH K. EDDY (admitted *pro hac vice*)
   SKEddy@wlrk.com
10 STEVEN WINTER (admitted *pro hac vice*)
   SWinter@wlrk.com
11 NATHANIEL CULLERTON (admitted *pro hac vice*)
   NDCullerton@wlrk.com
12 WACHTELL, LIPTON, ROSEN & KATZ
   51 West 52nd Street
13 New York, NY 10019
   Telephone:   (212) 403-1000
14 Facsimile:   (212) 403-2000

15 *Attorneys for Defendants Samuel Altman, Gregory Brockman,*
   *OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
16 *OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
   *OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
17 *OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
   *OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
18 *OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
   *OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
19 *OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
   *Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMUEL ALTMAN, et al.,<br><br>        Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF TO MODIFY CASE MANAGEMENT AND PRETRIAL ORDER** |

The OpenAI Defendants oppose Plaintiffs' motion to extend the deadlines for expert discovery by another five weeks. The schedule for completing discovery in this expedited action has already been extended once at Plaintiffs' request. Plaintiffs have not shown good cause for the further extension they now seek, which would complicate the deposition program for experts, upset the schedule of witnesses who have arranged to make themselves available for deposition in the period contemplated by the ordered timetable, and compress the parties' time to meet the Court's Pretrial Compliance Deadline and prepare for trial.

The OpenAI Defendants believe the current schedule ordered by the Court on July 25, 2025 is appropriate and that the parties should proceed according to those deadlines. The OpenAI Defendants do not, however, oppose a shorter extension of one or two weeks, which would provide a month between the end of fact depositions and the submission of opening expert reports, while enabling expert depositions to be completed before the Christmas holiday period.

## I. THERE IS NO GOOD CAUSE FOR PLAINTIFFS' PROPOSED EXTENSION OF EXPERT DISCOVERY.

Plaintiffs have not shown good cause for their proposed extension of the expert discovery deadlines. The OpenAI Defendants produced of the bulk of OpenAI's financial information called for by Plaintiffs' requests for production—including valuation materials, audited financials, and investor presentations—by the August 4, 2025 deadline for the Substantial Completion of Document Discovery. Plaintiffs and their experts have had access to that information for more than a month and a half, and will have had it for more than two and a half months before they are required to submit opening expert reports.

Plaintiffs complain about the OpenAI Defendants' recent reproduction of approximately 137 documents on September 13, 2025 promptly following a discovery ruling by Magistrate Judge Hixson. Dkt. No. 251. Plaintiffs will have had access to these documents in unredacted form for more than a month before opening expert reports are due. And most of those documents—which represent a tiny fraction of the documents the OpenAI Defendants have produced in this action—were produced to Plaintiffs with only targeted redactions weeks earlier, on August 25.

Plaintiffs also point to a fourteen-page Memorandum of Understanding entered by OpenAI

and Microsoft on September 11. The OpenAI Defendants produced that MOU two days later, on September 13, and Plaintiffs asked questions of Mr. Altman regarding the MOU at his deposition on September 16. Plaintiffs have supplied no reason to conclude that their experts and large legal team cannot process this timely produced discovery consistent with the Court's order.

Plaintiffs have also offered shifting reasons for the extension they seek. In writing to Defendants seeking an extension of the expert discovery deadlines on September 10, Plaintiffs made no mention of their need to digest the valuation-related information included in the OpenAI Defendants' recent reproduction. Instead, Plaintiffs claimed that the two depositions that occurred on September 10 yielded "359 pages worth of testimony," making it "quite difficult for any expert to be able to adequately review the full set of facts in this case and apply them in this novel context" by the October 15, 2025 deadline to submit opening expert reports. That fact deposition testimony would be adduced in September was known to all parties when they agreed to the case deadlines ordered by the Court on July 25, and Plaintiffs have abandoned this rationale—the only one offered in communication with Defendants—in their application to the Court.

The production of less than 200 documents—representing less than 2% of the OpenAI Defendants' overall production in this case—does not provide good cause to upend the expert discovery schedule.

## II. PLAINTIFFS' PROPOSED EXTENSION OF THE EXPERT DISCOVERY DEADLINES IS UNWORKABLE AND PREJUDICES PREPARATION FOR TRIAL.

As the OpenAI Defendants explained to Plaintiffs, the OpenAI Defendants and their experts have relied on the existing deadlines in case planning and to ensure expert availability during the current deposition window. Plaintiffs now propose that rebuttal expert reports be exchanged on December 15, which would require most of the expert depositions to occur during the Christmas and New Year holiday period, when availability would be understandably limited. This schedule is not practical and will invariably necessitate further extensions well into January 2026 to complete expert depositions.

There is no reason that discovery in this expedited action cannot be completed this year.

And there is no reason to unduly compress the parties' time to prepare for trial and ensure their ability to comply with the Court's Standing Pretrial Order by the Compliance Deadline.

As Plaintiffs observe, the OpenAI Defendants responded to Plaintiffs' extension request by agreeing to a one-week extension of all expert discovery deadlines. Plaintiffs did not respond to that email, let alone seek to meet and confer with Defendants to discuss this issue further in an effort to find resolution before burdening the Court with this motion.

For all of these reasons, the OpenAI Defendants oppose the requested five-week extension. The OpenAI Defendants believe the current Court-ordered deadlines are appropriate and are prepared to comply with them. If the Court is inclined to move the existing expert discovery deadlines, the OpenAI Defendants do not oppose an extension of up to two weeks. That extension would provide a month between the close of fact depositions and exchange of opening expert reports. A two-week extension would also allow all expert discovery, including depositions, to be completed by December 19, before the Christmas and New Year holiday period. The OpenAI Defendants have included a chart for the Court's benefit showing the revised schedule with a two-week extension to the expert discovery deadlines:

|  | **Original Date(s)** | **New Date(s)** |
|---|---|---|
| SUMMARY JUDGMENT CONFERENCE: | September 17, 2025 at 2:00 p.m. | TBD |
| DEADLINE TO COMPLETE DEPOSITIONS: | October 1, 2025 | October 1, 2025 |
| DISCLOSURE OF EXPERTS (retained/non-retained): | Opening: October 6, 2025<br>Rebuttal: October 20, 2025 | Opening: October 20, 2025<br>Rebuttal: November 3, 2025 |
| EXCHANGE OF OPENING EXPERT REPORTS: | October 15, 2025 | October 29, 2025 |
| EXCHANGE OF REBUTTAL EXPERT REPORTS: | November 10, 2025 | November 24, 2025 |
| EXPERT DISCOVERY CUTOFF: | December 5, 2025 | December 19, 2025 |
| COMPLIANCE DEADLINE: | February 20, 2026; statement to be filed by | February 20, 2026; statement to be filed by |

|  | Original Date(s) | New Date(s) |
|---|---|---|
|  | February 13, 2026 | February 13, 2026 |
| JOINT PRETRIAL CONFERENCE STATEMENT: | Friday, February 27, 2026 | Friday, February 27, 2026 |
| PRETRIAL CONFERENCE: | Friday, March 13, 2026 at 9:00 a.m. | Friday, March 13, 2026 at 9:00 a.m. |
| TRIAL DATE: | Monday, March 30, 2026 at 8:30 a.m. (Jury Trial) | Monday, March 30, 2026 at 8:30 a.m. (Jury Trial) |

## CONCLUSION

The motion should be denied. In the alternative, the OpenAI Defendants respectfully request that the Court order a two-week extension of the expert discovery deadlines.

| | |
|---|---|
| Date: September 19, 2025 | MORRISON & FOERSTER LLP |
| | |
| | */s/ Jordan Eth* |
| | JORDAN ETH (CA SBN 121617) |
| | JEth@mofo.com |
| | WILLIAM FRENTZEN (CA SBN 343918) |
| | WFrentzen@mofo.com |
| | DAVID J. WIENER (CA SBN 291659) |
| | DWiener@mofo.com |
| | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| | San Francisco, CA 94105 |
| | Telephone:   (415) 268-7000 |
| | Facsimile:   (415) 268-7522 |
| | |
| | WILLIAM SAVITT (admitted *pro hac vice*) |
| | WDSavitt@wlrk.com |
| | BRADLEY R. WILSON (admitted *pro hac vice*) |
| | BRWilson@wlrk.com |
| | SARAH K. EDDY (admitted *pro hac vice*) |
| | SKEddy@wlrk.com |
| | STEVEN WINTER (admitted *pro hac vice*) |
| | SWinter@wlrk.com |
| | NATHANIEL CULLERTON (admitted *pro hac vice*) |
| | NDCullerton@wlrk.com |
| | WACHTELL, LIPTON, ROSEN & KATZ |
| | 51 West 52nd Street |
| | New York, NY 10019 |
| | Telephone:   (212) 403-1000 |
| | Facsimile:   (212) 403-2000 |
| | |
| | *Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC* |