UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>SAMUEL ALTMAN, et al.,<br><br>          Defendants. | Case No. 24-cv-04722-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 240, 264, 273 |

The Court held a hearing on September 22, 2025 concerning the discovery disputes at ECF Nos. 240, 264 and 273. The Court now issues the following order.

**A.  ECF Nos. 240 and 264**

Plaintiffs' counsel, who are also counsel for non-parties Shivon Zilis and Jared Birchall, have been untimely in producing documents from these subpoena recipients and have not been transparent in their handling of the document productions. OpenAI has made a showing that for the text message productions from Zilis and Musk, at least, something has likely gone significantly wrong. This gives the Court no confidence that Birchall's text messages were collected or reviewed in an appropriate way. The Court **ORDERS** Plaintiffs' counsel to serve one or more detailed declarations explaining the steps they took to comply with the subpoenas to Zilis and Birchall and when they took those steps. This declaration, or these declarations, should explain the technical and logistical challenges counsel encountered. These declarations shall be served within two business days of the date of this order. The Court also **ORDERS** Plaintiffs' counsel to perform a linear review of all text messages between Zilis and Birchall, or between either of them and Musk. A "linear review" means that counsel must look at each text message to determine if it is relevant and responsive and cannot, for example, rely on search terms.

The Court understands that Zilis and Birchall have been deposed and that OpenAI asserted a reservation of rights, which the witnesses dispute. If OpenAI wants to depose either or both witnesses again, it must file a joint discovery letter brief that makes an evidentiary showing that witness documents produced after the deposition warrant another deposition.

**B.     ECF No. 273**

The Court **ORDERS** Plaintiffs' counsel to serve one or more detailed declarations explaining (i) the role that Tesla and any other Musk-controlled company has played in the collection, review, and production of Musk's texts; (ii) the details of the transmission issue that prevented Musk from timely producing all his responsive post-2020 texts; and (iii) the volume of texts affected by this error. This declaration, or these declarations, shall be served within two days of the date of this order. The Court also **ORDERS** Plaintiffs' counsel to perform a similar linear review of text messages between Musk and Zilis or between Musk and Birchall.

If OpenAI wants to proceed with Musk's deposition on September 26, 2025, it may do so. If it does, then in order to obtain a second deposition of him, it will have to file a joint discovery letter brief that makes an evidentiary showing that witness documents produced after the deposition warrant another one.

**C.     Where This Leaves The Parties**

For phase I discovery, the Court thinks that the October 1, 2025 deadline to complete fact depositions is the close of fact discovery within the meaning of Civil Local Rule 37-3. That means that October 8, 2025 is the deadline for all discovery-related motions.[1] As the commentary to the rule observes, "'Discovery-related motions' encompasses all motions relating to discovery, including motions to compel or protect against discovery, motions regarding the duty to preserve documents, including spoliation motions, motions to quash or enforce subpoenas, and motions for discovery sanctions." Pursuant to the undersigned's Discovery Standing Order, motions to compel must be brought in a joint discovery letter brief. By contrast, a sanctions motion must be

---

[1] At the hearing, the parties reported that they have agreed that one non-party will be deposed on October 8, 2025. The Court views the L.R. 37-3 deadline as being tolled for issues that newly arise at that deposition, meaning that the seven day deadline runs from the date of that deposition.

2

brought separately as a motion under Local Rule 7.  *See* Civ. L.R. 7-8, 37-4.

In other words, discovery is important, and discovery disputes are important, but they do come to an end at some point, absent a modification of the case schedule.  To preview a possible occurrence, if Plaintiffs produce additional documents for Zilis, Birchall or Musk after the deadline for discovery-related motions, and the witnesses do not voluntarily sit for another deposition, OpenAI will need to obtain a modification of the case schedule from Judge Gonzalez Rogers in order to move to compel.

**IT IS SO ORDERED.**

Dated: September 22, 2025

THOMAS S. HIXSON
United States Magistrate Judge