# EXHIBIT A

| | |
|---|---|
| RUSSELL P. COHEN (SBN 213105) | ANDREW J. LEVANDER (admitted *pro hac vice*) |
| Russ.cohen@dechert.com | Andrew.levander@dechert.com |
| HOWARD M. ULLMAN (SBN 206760) | DECHERT LLP |
| Howard.ullman@dechert.com | Three Bryant Park |
| DECHERT LLP | 1095 Avenue of the Americas |
| 45 Fremont Street, 26th Floor | New York, NY 10036 |
| San Francisco, CA 94105 | Telephone: (212) 698-3500 |
| Telephone: (415) 262-4500 | Facsimile: (212) 698-3599 |
| Facsimile: (415) 262-45555 | |
| | JOHN (JAY) JURATA, JR. (admitted *pro hac vice*) |
| NISHA PATEL (SBN 281628) | Jay.jurata@dechert.com |
| Nisha.patelgupta@dechert.com | DECHERT LLP |
| DECHERT LLP | 1900 K Street, N.W. |
| 633 West 5th Street, Suite 4900 | Washington, DC 20006 |
| Los Angeles, CA 90071 | Telephone: (202) 261-3300 |
| Telephone: (213) 808-5700 | Facsimile: (202) 261-3333 |
| Facsimile: (213) 808-5760 | |

*Attorneys for Defendant Microsoft Corporation and Phase One Non-Party Reid Hoffman*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **CORRECTED DECLARATION OF REID HOFFMAN [CORRECTING DKT. 65-21]** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

1  I, Reid Hoffman, state and declare as follows:

2  1. I submit this Declaration to correct an earlier statement I made in a declaration sworn on December 12, 2024 ("December 12 Declaration"), and submitted to the Court in opposition to Plaintiffs' Motion for a Preliminary Injunction. *See* Dkt. No 65-21. I have personal knowledge of all the facts stated herein, and if called as a witness could competently testify to them under oath.

2. As I explained in my December 12 Declaration, I am an internet entrepreneur and venture capitalist. I am active in all facets of the consumer internet and software industries, and my focus spans product development, innovation, business strategy, and finance. I am a co-founder of LinkedIn, and since 2009 I have worked as an investor at Greylock Partners, where I focus on building products that can reach hundreds of millions of participants. I have been involved with some of the best-known seed-stage and growth companies over the past two decades, including PayPal, Facebook, Zynga, Last.fm, Flickr, Mozilla, and OpenAI.

3. As I explained in my December 12 Declaration, I currently serve as an independent director on the board of Microsoft Corporation ("Microsoft"). I joined the board of Microsoft in March 2017, following its acquisition of LinkedIn, and have served continuously since that time as an independent director. Aside from my duties as an independent director, I have no operational role or responsibilities relating to generative AI or any other business at Microsoft, nor have I in the past.

4. As I explained in my December 12 Declaration, I was involved with OpenAI, Inc. since its inception, and joined its board in March 2019. I am providing this declaration to correct the dates that I served on the OpenAI board as a result of discovery into Phase One of this litigation. That discovery has clarified that my December 12 Declaration mistakenly stated that I joined OpenAI's board in March 2018. As originally stated, throughout the time I was on the OpenAI board it was designated as a 501(c)(3) tax-exempt nonprofit organization.

5. I resigned from OpenAI's board in February 2023. This was shortly after OpenAI's release of ChatGPT in November 2022 and around the time of its first paid version

Docusign Envelope ID: 675728C8-2EFB-474B-AA93-04F464D68083

1. of ChatGPT in February 2023. As clarified through Phase One discovery, in my December 12 Declaration, I mistakenly stated that I resigned from OpenAI's board in March 2023.

6. As I said in my December 12 Declaration, throughout my career, I have served as a director on numerous for-profit and non-profit boards. On every board I serve I take my legal and ethical obligations seriously. I ensure that confidential information is protected and that conflict of interest principles are appropriately observed.

7. In my December 12 Declaration, I stated that during the time I was on both the Microsoft and OpenAI boards, I abstained from voting on any proposal relating to Microsoft's investment in OpenAI on either the OpenAI or Microsoft boards. However, I have been reminded through the course of discovery for this litigation that as an OpenAI, Inc. director, on January 19, 2023, I signed a unanimous written consent ("UWC") approving a number of board-related items including an amendment to Microsoft's Joint Development and Collaboration Agreement ("JDCA") with OpenAI and further investment in OpenAI. Additionally, I have been reminded that I agreed to authorize a group of OpenAI, Inc. directors (not including me) to finalize and execute the terms of an additional investment by Microsoft and an amendment to the JDCA, which amendment had an effective date of March 5, 2021.

8. I was relying on memory and recollection when I swore the December 12 Declaration and did not recall having executed the UWC or authorizing certain other directors to finalize and execute the terms of Microsoft's additional investment and the JDCA amendment. I did not locate any record of the UWC or authorization in my personal files. Microsoft would not have had any record of these either. Now that the details of these events have been brought to my attention as a result of OpenAI's document production in this case, my memory has been refreshed and I would like to correct the record.

9. As before, I understand that Plaintiffs in their motion allege that I was a "key negotiating force" between Microsoft and the Altman-Brockman team in connection with the events around Sam Altman's removal from and reinstatement at OpenAI in November 2023. This is false. I played no role in connection with Sam's firing or rehiring by OpenAI. It is also false that I continue to "reference" my non-public knowledge of OpenAI information. I have

1 not disclosed to anyone at Microsoft, or anyone else, non-public OpenAI information that I may have obtained before leaving the OpenAI board more than 31 months ago. Likewise, I never disclosed to OpenAI any non-public Microsoft information that I may have obtained from my role as a Microsoft director.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 16, 2025, in Seattle, WA.

By: *Reid Hoffman*
Reid Hoffman