MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
JAYMIE PARKKINEN (CA SBN 318394)
JParkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | |
| v. | **PLAINTIFF ELON MUSK'S NOTICE OF ELECTION** |
| SAMUEL ALTMAN et al., | |
| Defendants. | |

1    Plaintiff Elon Musk respectfully submits this notice of election pursuant to this Court's
2 Order Granting in Part and Denying in Part Defendants' Motions To Dismiss First Amended
3 Complaint dated May 1, 2025.  Dkt. 163.
4    This Court ordered that "Plaintiff must make an election to bring either a **quasi-contract**,
5 or unjust enrichment claim, but not both, no later than thirty (30) days after the close of fact
6 discovery."  Dkt. 163 at 4 n.3 (emphasis added); *see also id.* at 11 ("Musk shall elect to bring
7 either a quasi-contract or unjust enrichment claim, but not both, no later than thirty (30) days after
8 the close of fact discovery").  As between those two claims, Plaintiff elects to pursue his unjust
9 enrichment claim rather than a quasi-contract claim.
10   Defendant Microsoft has argued that the text of this Court's order does not correctly reflect
11 the Court's intent and that Plaintiff should instead be required to elect between his **implied**
12 **contract** and unjust enrichment claims.  Plaintiff will not presume to rewrite this Court's order,
13 which duly reflects that California law permits a party to pursue both claims in the alternative, so
14 that the jury may decide at trial which claim the evidence supports.  *See Newport Harbor*
15 *Ventures, LLC v. Morris Cerullo World Evangelism*, 6 Cal. App. 5th 1207, 1223 n.4 (2018) ("At
16 some point, [plaintiff] might have to elect between a breach of contract remedy and a quantum
17 meruit remedy.  But that point is not now.  'Plaintiff is entitled to introduce his evidence upon
18 each and all of these causes of action, and the election, or in other words the decision as to which
19 of them is sustained, is, after the taking of all the evidence, a matter for the judge or the jury.' ");
20 *Williams v. Marshall*, 37 Cal. 2d 445, 457 (1951) (holding that requiring "an election between
21 [rescission and damages] during the course of the trial . . . would be contrary to fundamental
22 principles of law"); *Tanforan v. Tanforan*, 173 Cal. 270, 274 (1916) ("[I]t is not proper for the
23 judge to force upon the plaintiff an election between those causes which he has a right to plead.
24 Plaintiff is entitled to introduce his evidence upon each and all of these causes of action, and the
25 election . . . [is] a matter for the judge or the jury."); 4 Witkin, California Procedure: Pleading
26 § 418 (6th ed. 2025) ("It has been asserted that the plaintiff may be required to choose between
27 'inconsistent causes' before submission of the case to the jury or the court. . . . But the theory is
28 unsound and unsupported by authority in California.  Controlling decisions establish the right of

the plaintiff to submit to the jury or court the question as to which of the counts is sustained by the proof."); *id.* § 419 (citing "[e]xpress, implied in fact, or quasi-contractual" claims as an example).

If Microsoft is nonetheless correct that the Court's order contains an error, the Court may wish to consider inviting the parties to address the issue in their forthcoming summary judgment briefs. This issue has not been the subject of contested briefing in this case.

Dated: September 24, 2025                                TOBEROFF & ASSOCIATES, P.C.

                                                         By:  */s/ Marc Toberoff*
                                                              Marc Toberoff (CA SBN 188547)

                                                         *Attorneys for Plaintiffs Elon Musk and X.AI Corp.*