MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
JAYMIE PARKKINEN (CA SBN 318394)
JParkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Shivon Zilis*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN et al., <br><br> Defendants. | Case No. 4:24-cv-04722-YGR <br><br> **RESPONSE TO OPENAI DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rule 79-5(f)(3), non-party Shivon Zilis respectfully files this Response to the OpenAI Defendants' ("OpenAI's") Administrative Motion To Consider Whether Another Party's Material Should Be Sealed.  Dkt. 272.  Ms. Zilis requests limited redactions to Exhibit E and F (currently provisionally filed under seal at Dkt. 273), which are text strings between Ms. Zilis and Elon Musk.

Exhibits like these that are "not related, or only tangentially related, to the merits of a case" are not subject to any strong presumption of public access.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'").  Parties moving to seal or redact such documents need only show "good cause" under Rule 26(c).  *Kamakana*, 447 F.3d at 1176.  The party must show that "specific prejudice or harm will result" from public filing.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Good cause exists for redactions here.  First, Exhibit E discloses Ms. Zilis's personal phone number on page ZILIS-0002324.  Courts routinely permit the redaction of personal phone numbers from public filings.  *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640, 2021 WL 1925460, at *3 (N.D. Cal. Apr. 30, 2021) (Gonzales Rogers, J.) (granting motion to seal that was "narrowly tailored in redacting personal identifying information, including names, phone numbers, and email addresses"); *Castro v. ABM Indus., Inc.*, 325 F.R.D. 332, 334 n.2 (N.D. Cal. 2018) (Gonzales Rogers, J.) (finding good cause to seal "names, addresses, and phone numbers"); *Am. Auto. Assoc. of N. Cal., Nev. & Utah v. General Motors LLC*, No. 17-cv-03874, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (similar).  Disclosure of a non-party witness's personal phone number in a high-profile case like this one raises obvious concerns about invasion of privacy and harassment.  Throughout this case, the parties have been redacting personal phone numbers even from sealed filings.  But OpenAI inadvertently failed to redact this one instance of Ms. Zilis's phone number.  The Court should permit redaction of the phone number.

Second, Exhibits E and F both contain certain nonresponsive personal content in addition to their responsive content.  Courts permit the redaction of nonresponsive personal content from documents.  *See, e.g.*, *United States v. Nosal*, No. 08-cr-0237, 2013 WL 11327121, at *9 (N.D. Cal. Mar. 29, 2013) (permitting redactions to voicemails that "contain[ed] a combination of personal and business information"); *VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671, 2023 WL 7472953, at *2 (N.D. Cal. Oct. 23, 2023) (permitting sealing of "personal information that is not relevant to any matter in this case"); *Apple Inc. v. Rivos, Inc.*, No. 22-cv-02637, 2024 WL 748394, at *5 (N.D. Cal. Feb. 23, 2024) (similar).  Ms. Zilis requests redaction of the following content:

- Exhibit E, page ZILIS-0002326, text at 2/16/2018, 6:48 AM: redact from after the word "about" to the end of the sentence, and redact the fourth and fifth sentences in full.  As redacted, the text would read:  "Will leave you be on the Demis stuff.  I'm sure it's hard to think about [redacted].  I just needed to say it once since it's been plaguing me.  [redacted]."

- Exhibit F, page ZILIS-0002320, text at 10/23/2022, 1:30 PM: redact from after the word "above" to before the word "but."  As redacted, the text would read:  "No need to call back if you don't feel like it.  I thought it might help to share some context that appears to be missing above [redacted] but neither are required."

The redacted material is personal in nature and its disclosure in a public court filing would be an unwarranted invasion of a non-party witness's privacy.

OpenAI has stated that it consents to the redaction of the inadvertently included phone number in Exhibit E and that it has no objection to the redaction of the nonresponsive personal content in Exhibits E and F.

Dated:  September 26, 2025                                     TOBEROFF & ASSOCIATES, P.C.

                                                               By:      */s/ Marc Toberoff*
                                                                    Marc Toberoff (CA SBN 188547)

                                                               *Attorneys for Shivon Zilis*

**[PROPOSED] ORDER**

Finding good cause, the Court approves the proposed redactions to Exhibits E and F filed at Dkt. 273 as follows:

| Document | Designator | Basis for Redaction |
|---|---|---|
| Exhibit E – phone number | Zilis | personal privacy |
| Exhibit E – personal content | Zilis | personal privacy |
| Exhibit F – personal content | Zilis | personal privacy |

Dated: _____     _____
                                                                    The Hon. Yvonne Gonzalez Rogers