# DECLARATION CONDITIONALLY FILED PARTIALLY UNDER SEAL

MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
JAYMIE PARKKINEN (CA SBN 318394)
JParkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA  90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN, et al., <br><br>  Defendants. | Case No. 4:24-cv-04722-YGR (TSH) <br><br> **DECLARATION OF JAYMIE PARKKINEN** |

# DECLARATION

I, Jaymie Parkkinen, declare as follows:

1. I am an attorney with Toberoff & Associates, P.C., counsel for Plaintiff in *Musk, et al. v. Altman, et al.*, No. 4:24-cv-04722-YGR (N.D. Cal.). Except as otherwise noted, I have personal knowledge of the facts stated herein and, if called, could and would testify competently thereto. I submit this declaration in support of Plaintiff's Motion to Authorize Alternative Service of Deposition Subpoena and Compel Compliance (the "Motion").

2. In August 2025, Plaintiff issued a document subpoena to Ermira Murati. I am informed that a registered process server attempted to effect service of the subpoena at ▮ ▮ ("Residence One") – which was believed to be Ms. Murati's residence – at least five times over the course of two weeks. A Proof of Service dated August 18, 2025, so stating, is attached as **Exhibit 1.**

3. I am also informed that in August 2025, a registered process server attempted to effect service of the same subpoena at ▮ ("Residence Two")—another residence believed to be Ms. Murati's—at least four times over the course of two weeks. A Proof of Service dated August 18, 2025, so stating, is attached as **Exhibit 2**.

4. On September 11, 2025, Plaintiff issued a subpoena for Ms. Murati's deposition. That subpoena is attached as **Exhibit 3**. I am informed that a registered process server effected service of that subpoena at Ms. Murati's place of work, Thinking Machines Lab, 2300 Harrison Street, San Francisco, CA 94110, by delivering the subpoena to ▮, Front Desk Security, who represented he was authorized to accept service for Ms. Murati. A Proof of Service dated September 11, 2025, so stating, is attached as **Exhibit 4**.

5. When Plaintiff was unable to make contact with Ms. Murati, Plaintiff issued another deposition subpoena on September 15, 2025. That subpoena is attached as **Exhibit 5**. I am informed that between September 15 and September 19, 2025, a registered process server made five separate attempts to personally serve that subpoena on Ms. Murati at Thinking Machines Lab, 2300 Harrison Street, San Francisco, CA 94110. A Proof of Service dated September 22, 2025, so stating, is attached as **Exhibit 6**.

6. In parallel, Plaintiff engaged investigators through the litigation services firm Nardello & Co. LLC to confirm Ms. Murati's location and attempt to serve her.

7. On September 29, 2025, Plaintiff again issued a revised deposition subpoena for Ms. Murati. That subpoena is attached as **Exhibit 7**.

8. On September 29, 2025, Nardello & Co. LLC informed me that U.S. public records confirmed that Ms. Murati was in fact associated with the Residence Two address within the past year.

9. I am informed that on September 30, 2025, investigators engaged by Nardello & Co. LLC attempted to personally serve Ms. Murati's deposition subpoena at Thinking Machines Lab and at Residence Two. I am informed that neither attempt was successful, but a copy of the service packet was left with a plain clothes security guard at Residence Two. Proofs of Service, so stating, are attached as **Exhibit 8**. The Declaration of Michael Conner, filed in conjunction with the Motion, further explains these events.

10. I am informed that after the September 30, 2025 efforts were made at Residence Two and Ms. Murati's workplace, a copy of the deposition subpoena was sent to those addresses via FedEx overnight delivery, and was confirmed delivered at both addresses on October 1, 2025. A Proof of Service, so stating, is attached as **Exhibit 9**.

11. I am informed that on October 1, 2025, an investigator from Nardello & Co. LLC again attempted service at Thinking Machines Lab's office and Residence Two, and that security personnel at both locations again declined to accept service. Proofs of Service, so stating, are attached as **Exhibit 10**.

12. Neither a stipulation under Civil L.R. 7-12, nor a meet and confer under Civil L.R. 37-1, have been possible with respect to the relief requested in the Motion due to Plaintiff's inability to make contact with Ms. Murati or her counsel, as described herein and in the Motion.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 7, 2025, at Beverly Hills, California.

                                                 */s/ Jaymie Parkkinen*
                                                 Jaymie Parkkinen