# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELON MUSK, ET AL.**, <br><br> Plaintiffs, <br><br> v. <br><br> **OPENAI, INC., ET AL.**, <br><br> Defendants. | Case No.: 4:24-CV-4722-YGR <br><br> **ORDER REQUIRING FURTHER ELECTION** <br><br> Re: Dkt. No. 281 |

The Court writes to clarify its previous order. In granting in part and denying in part defendants' motion to dismiss plaintiffs' First Amended Complaint, the Court stated as follows:

> To state a claim for breach of quasi-contract (or "unjust enrichment"), a plaintiff must allege "receipt of a benefit and unjust retention of the benefit at the expense of another." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1132 (2014). Plaintiff has sufficiently alleged that the OpenAI defendants unjustly retained the benefit of their conduct pled in Count II (FAC ¶¶ 260–61, 265), Count VI (*id.* ¶¶ 296–99), and Count VII (*id.* ¶¶ 305–08, 310–15). Therefore, the OpenAI defendants' motion to dismiss Count IV is **DENIED**.
>
> Similarly, plaintiff asserts that Microsoft unjustly retained the benefit of the conduct alleged for Counts V, VIII, and XXI. Where a plaintiff's unjust enrichment claim is premised on the same factual allegations as claims that are dismissed, the claim for unjust enrichment must fail. *Gudgel v. Clorox Co*., 514 F.Supp.3d 1177, 1188 (N.D. Cal. 2021). As set forth below, Counts V and XXI survive the motion to dismiss. Accordingly, because the conduct for this count is based thereon, Microsoft's motion to dismiss Count IV is **DENIED**.
>
> [3] Plaintiff must make an election to bring either a quasi-contract, or unjust enrichment claim, but not both, no later than thirty (30) days after the close of fact discovery.

(Dkt. No. 163 at 3-4 & n.3.)

Based on the above, plaintiff Elon Musk notified the Court on September 24 of his choice "to pursue his unjust enrichment claim rather than a quasi-contract claim." (Dkt. No. 281 at 2.) In so notifying, Musk stated that "Microsoft has argued that the text of this Court's order does not correctly reflect the Court's intent and that Plaintiff should instead be required to elect between his ***implied contract*** and unjust enrichment claims." (*Id.* (emphasis in original).) Musk stated he "will not presume to rewrite this Court's order" and disagreed with Microsoft's interpretation. Microsoft is correct. The footnote contained an obvious error.

Not only did the text equate the quasi-contract with unjust enrichment, the Ninth Circuit has stated the following regarding pleading unjust enrichment as a standalone cause of action.

> Some California courts allow a plaintiff to state a cause of action for unjust enrichment, while others have maintained that California has no such cause of action. . . . While California case law appears unsettled on the availability of such a cause of action, this Circuit has construed the common law to allow *an unjust enrichment cause of action through quasi-contract.*

*ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (emphasis supplied).

More recently, courts in this district have explained that even at the pleading stage, "even though a plaintiff can allege multiple theories of recovery, to pursue a quantum meruit claim, 'a plaintiff may not plead the existence of an enforceable contract and maintain a quasi-contract claim at the same time, unless the plaintiff has pled facts suggesting that the contract may be unenforceable or invalid.'" *Jacobs v. Sustainability Partners LLC*, 2020 WL 5593200, at *17 (N.D. Cal. 2020) (quoting *Schulz v. Cisco Webex, LLC*, 2014 WL 2115168, at *5 (N.D. Cal. May 20, 2014).

Expanding on the unavailability of both a contract-based claim and an unjust enrichment claim, one California Court of Appeal explained the concept thusly:

> . . . an unjust enrichment claim is grounded in equitable principles of restitution. . . . Unjust enrichment is sometimes considered a general principle, underlying various legal doctrines and remedies, rather than a remedy itself.
>
> Unjust enrichment is generally an inapplicable basis for restitution where the parties have an enforceable express contract; however, restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is

2

> unenforceable or ineffective for some reason, or where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct. Common law principles of restitution require a party to return a benefit when the retention of such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is quasi-contract. . . . .
>
> More fundamentally, . . . equitable relief (such as restitution) will not be given when the plaintiff's remedies at law are adequate.

*Sepanossian v. Nat'l. Ready Mixed Concrete Co.*, 97 Cal. App. 5th 192, 207-08 (2023).

These principles lead to the conclusion that Musk must choose whether the claims he brings rest on allegations that a contract existed between the parties (as with his implied contract claim) or rest on allegations for which no adequate remedy at law exists. Under Musk's reading, the Court would have him elect between two causes of action it identified as synonymous with one another.

As such, with trial drawing closer, and the deadline past, Musk must elect between his breach of an implied contract or his unjust enrichment claim and docket the same by **Thursday, October 9, 2025.**

**IT IS SO ORDERED**.

Date: October 7, 2025

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3