VIA CM/ECF

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| ELON MUSK et al., | Case No.  24-cv-04722-YGR |
| Plaintiffs, | **JOINT LETTER BRIEF** |
| vs. | Judge:  Hon. Yvonne Gonzalez Rogers |
| SAMUEL ALTMAN et al., | Magistrate Judge:  Hon. Thomas S. Hixson |
| Defendants. | Date Action Filed: August 5, 2024 |
|  | Trial Date: March 30, 2026 |

October 8, 2025

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson:

Plaintiffs respectfully submit this letter addressing two issues regarding third-party witness Ilya Sutskever, set forth below.  We are mindful of the Court's rules on submitting a joint letter regarding discovery disputes.  Consistent with notice the parties have given each other in this case, on October 6, 2025, late morning Pacific time, Plaintiffs attempted to engage Sutskever's counsel for a meet and confer.  *See* Ex. 1.  Plaintiffs offered to meet any time on Tuesday, October 7. Counsel stated they were unavailable at any time that day, and Plaintiffs asked to meet Wednesday morning.  Counsel again stated their unavailability and indicated their first available window to confer was Wednesday evening.  The parties thus met and conferred in good faith at 5 p.m. P.T. on October 8.  Counsel for Sutskever have long been aware that the deposition period closed on October 1, 2025, Ex. 2, thus ending discovery and transitioning to motion practice.  Mindful of Civil Local Rule 37-3, Plaintiffs are filing this discovery motion today, seven days after close of fact discovery.  We respectfully request that the Court set a date by which Sutskever's counsel should respond.

1. Plaintiffs' Motion To Compel Additional Deposition Testimony By Third Party Ilya Sutskever.

2

2. Plaintiffs' Motion To Compel Production of ████████████████████
████████████████████████

_/s/ Steven F. Molo_
Jaymie Parkkinen, SBN 318394
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Steven F. Molo (_pro hac vice_)
Robert K. Kry (_pro hac vice_)
Jennifer Schubert (_pro hac vice_)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

_Attorneys for Plaintiffs Elon Musk
and X.AI Corp._

**Plaintiffs' Statement**

Plaintiffs respectfully move to compel additional deposition testimony by third-party Ilya Sutskever, ██████████████████████████████████████████████████████████████

Plaintiffs also move to compel production of ██████████████████████████████████████
████████

██████████████████████████████████████ On October 1, 2025, Plaintiffs deposed Sutskever, a co-founder and former executive of OpenAI. Consistent with document discovery in this case, Sutskever testified ████████████████████████ OpenAI. Ex ("Tr.") at 349:22-352:13. OpenAI has been publicly valued at $500 billion. Sutskever ████████████████████████████████████████████████████████████████████████████████
████████████████ See id. at 350:12-25. Relatedly, █████████████████████████
███████████████████████ See id. at 4:2-9, 357:22-358:1.
Nonetheless, when Plaintiffs asked ██████████████████████████████████████████████
Sutskever's counsel ███████████████████████████████████████████████████████████
at 166:19-24; 167:18-24; 168:3-169:1. Plaintiffs also ████████████████████████████
█████████████████████████████████████████████████████. at 349:22-351:6;
352:15-353:4. Plaintiffs' counsel explained ████████████████████████████████████
██████████████████████████████████████████. at 350:5-9. Sutskever's counsel
████████████████████████████████████████████████████████████████████████████████
██████████████████████████████ id. at 350:1-351:6, 353:1-9. In total, counsel
for Sutskever ████████████████████████████████████████████████████████████████
█████████████████. at 304:25-305:3; 306:22-307:1; 315:3-7; 316:7-16; 317:10-11;
325:13-██████████████████████████████ id. 316:14-317:11.

Plaintiffs are entitled to this evidence under Rule 26, which allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" regardless of admissibility at trial. Fed. R. Civ. P. 26(d)(1). ██████████████████████████
██████████ falls squarely within that scope because it goes directly to ████████████
See United States v. Harris, 185 F.3d 999, 1008 (9th Cir. 1999) ████████████████
████████████████████████████████████████████████████████████████████████████████
████████████ see also United States v. Abel, 469 U.S. 45, 52 (1984) ████████████████
██████████████ As an owner of the defendant, OpenAI, ██████████████ Sutskever ██████
████████████████████████████████████████████████████████████████████████████████

Not only is the evidence clearly relevant, the instruction by counsel for Sutskever that ██████
████████████████████████████████████. at 167:18-19, ██████████████████████████
Any such interest does not bar the disclosure of relevant, otherwise unavailable information. See Vieste, LLC v. Hill Redwood Dev., No. C-09-04024 JSW DMR, 2011 WL 855831, at *2 (N.D. Cal. Mar. 9, 2011) (██████████████████████████████████████████████████████████
██████████ see also Cohen v. Trump, No. 10-CV-0940-GPC-WVG, 2015 WL

3966140 (S.D. Cal. June 30, 2015) ███████████████████████████████████
████████████████████████████████████████████████████████████████████████████

At the parties' meet and confer, counsel for Sutskever ████████████████████████
███████████████████████████████████ For the reasons stated here, the Court should compel
Sutskever to ████████████████████████████████████████████████████████████████
████████████████████████████████████████████

**The Brockman Memo.** At Sutskever's deposition, Plaintiffs' counsel learned for the first time of
████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████ Tr. at 128:5-132:10. That
████████████████████████████████████████ 2024MUSK-0011437 at 7.

At the deposition, Plaintiffs' counsel learned ██████████████████████████████
████████████████████████████████████████████████████████████ Tr. at 132:11-
133:8.   Sutskever's counsel █████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
      Id. at 133:2-25.  Sutskever's counsel also contended ████████████████████
██████████████████████████████████████████████████████████████████████████
      Id. at 360:19-362:19.  That is wrong. █████████████████████████████████
██████████████████████████████████████████████
      See 2024MUSK-0011437 at 7.  Even if counsel's contention was true—it is not—
those discussions ███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████

At the parties' meet and confer, counsel for Sutskever ████████████████████████
████████████████████ For these reasons, the Court should compel Sutskever to
████████████████████████████████████████████████████████████████████████████
████████████████████████