UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>                Plaintiffs,<br><br>  v.<br><br>SAMUEL ALTMAN, et al.,<br><br>                Defendants. | Case No. 4:245-cv-04722-YGR<br><br>**PROCEDURAL OBJECTION TO PLAINTIFF'S "JOINT" LETTER BRIEF**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Thomas S. Hixson<br><br>Date Action Filed: August 5, 2024<br>Trial Date: March 30, 2026 |

October 9, 2025

The Honorable Thomas S. Hixson
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson:

Non-party Ilya Sutskever respectfully requests that the Court deny as untimely and procedurally deficient Plaintiffs' unilateral "Joint" Letter Brief, or in the alternative, give the parties a week to attempt to informally resolve these issues or prepare a joint statement in the form required by this Court's Discovery Standing Order.

Plaintiffs waited until the ***last day*** to file discovery briefs to raise their disputes with non-Party Mr. Sutskever. They then missed the deadline to bring discovery motions in this case. Although their so-called "Joint Letter Brief" is dated October 8, it was not filed until after midnight (on October 9). Plaintiffs unjustifiably waited until the eleventh hour, unilaterally filed a brief counsel for Mr. Sutskever had not even seen, and gave Mr. Sutskever no meaningful opportunity to respond.

Plaintiffs further refused Mr. Sutskever's request for the parties to submit a joint request for an extension of time to file a joint letter brief, saying Magistrate Judge Hixson lacked authority to extend the deadline, while simultaneously assuring Mr. Sutskever that Judge Hixson could set a date for him to respond. Counsel's conduct toward a non-party in this regard has been abusive and harassing.

What is more, Plaintiffs' unilateral discovery brief fails to comply with this Court's Discovery Standing Order, which requires a ***joint statement*** including the ***signature of both parties' counsel*** that states ***each party's*** position and ***each party's*** proposed final compromise. *See* Discovery Standing Order for Magistrate Judge Thomas S. Hixson (Revised September 9, 2025). Plaintiffs' needless delay in raising their disputes with non-party Mr. Sutskever, and negligence in informing him the day of the deadline that they had a letter brief to file that evening, made it impossible for a joint brief to be timely filed. Their dilatory tactics should not be rewarded, and their motion should be denied based on these procedural defects.

Should the Court decide to consider the merits, which Mr. Sutskever does not address here, Mr. Sutskever requests the Court give the parties a week to try to resolve these issues informally or prepare a joint statement that complies with this Court's Standing Order, extending the deadline to October 16, 2025.

## Background

This dispute arises from Mr. Sutskever's October 1, 2025 deposition, which Plaintiffs' counsel purported to "hold open" over Mr. Sutskever's objection due to outstanding issues regarding (1) the production of a document referred to as the "Brockman Memo" and (2) counsel's instructions not to answer invasive questions regarding the value of Mr. Sutskever's financial interest in OpenAI (a constitutionally protected privacy interest). While the second issue arose for the first time at Mr. Sutskever's deposition, the same cannot be said of the first. Despite knowing of its existence, Plaintiff failed to request production of the Brockman Memo ahead of or during Mr. Sutskever's deposition, and did not formally request production until October 8—a week after the deposition concluded and on the eve of the deadline for discovery motions. They now ask the Court to reward their inertia.

During the deposition, Mr. Sutskever's counsel made clear that the Brockman Memo was not called for by the Plaintiffs' document requests—as narrowed by the parties' negotiations—and had not been the subject of any prior formal request. Ilya Sutskever Dep. Tr. 360:20–361:6. When Plaintiffs prematurely threatened to "take it up with the Court," Mr. Sutskever's counsel responded that any further deposition or production should follow a meet-and-confer. Plaintiffs' counsel expressed a willingness to talk, but waited days—until 2:30 p.m. California time on October 6—to first raise scheduling a meeting, without disclosing their intent to file a motion to compel or that

the deadline for such motions was only two days away. Ignorant of these deadlines, counsel for Mr. Sutskever agreed to a meet-and-confer call for 5:00 p.m. two days later, on October 8, the day Mr. Sutksever's lead counsel returned from vacation. Plaintiffs shared a draft "joint letter brief" at 3:00 p.m. that day, ahead of the scheduled call, disclosing for the first time that they intended to move to compel documents and testimony from Mr. Sutskever. *See* Ex. A. The meet-and-confer ensued, and counsel for Mr. Sutskever requested that counsel for Plaintiffs seek an extension for the parties to submit a proper joint brief once counsel could confer with their client. *See id*. Counsel for Plaintiffs refused. Plaintiffs' counsel also ignored Mr. Sutskever's counsel's request to see a copy of the letter brief in advance of filing "to the extent it has changed" from the version shared at 3:00 p.m. *See* Ex. B. Plaintiffs then filed a brief with substantive changes after the deadline, on October 9, 2025.

To be clear, Plaintiffs' counsel was aware of the Brockman Memo long before Mr. Sutskever's deposition, and Mr. Sutskever intends to fully brief this issue should the Court countenance Plaintiffs' counsel's disregard for its procedures.

**Argument**

Plaintiffs failed to diligently pursue non-party discovery in this matter, failed to meet-and-confer in good faith regarding the instant dispute, deprived Mr. Sutskever of the opportunity to prepare a meaningful response to their hasty motion to compel, and blew the final discovery motion deadline. They rejected requests to ask this Court for an extension so a meaningful conferral could take place resulting in a procedurally proper joint brief if needed, claiming this Court has no authority to extend the motions deadline. Yet, they proceeded to file their one-sided, substantively changed portion after this deadline had passed (when by their own logic the Court no longer had jurisdiction). This prejudices Mr. Sutskever and imposes a burden wholly outsized to his non-party status. Ultimately, Plaintiffs' unilateral, untimely discovery brief is procedurally deficient under this Court's Orders. Accordingly, Mr. Sutskever requests that the Court deny the brief as untimely and procedurally deficient, or in the alternative, give the parties a week to attempt to informally resolve this issue or prepare a joint statement that complies with this Court's Standing Order.

This Court's September 22, 2025 Discovery Order is clear. "[T]he October 1, 2025 deadline to complete fact depositions is the close of fact discovery within the meaning of Civil Local Rule 37-3. That means that October 8, 2025 is the deadline for all discovery-related motions." ECF No. 276 at 2. The Court went on to explain that "discovery disputes are important, but they do come to an end at some point, absent a modification of the case schedule." *Id.* at 3. Yet Plaintiffs filed their motion on October 9, 2025, after the deadline, and did not seek to modify the case schedule despite Mr. Sutskever's request that they do so. This Court should therefore exercise its broad discretion to manage its docket and control discovery and deny this motion outright as untimely. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

This Court has previously explained that "[a]ttorneys should also conform their conduct to court deadlines, and when the deadline to move to compel is approaching, they should be extra careful to meet and confer promptly and work in good faith to get a joint discovery letter brief on file in time." *Zeleny v. Newsom*, No. 17-CV-07357-RS (TSH), 2020 WL 6585793, at *2 (N.D. Cal. Nov. 10, 2020). And it is well-established in this Circuit that the "untimeliness of a motion to compel 'is sufficient ground, standing alone, to deny a discovery motion.'" *See, e.g.*, *Stevenson v. Holland*, No. 116CV01831AWIJLT, 2019 WL 4747644, at *6 (E.D. Cal. Sept. 30, 2019) (quoting *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018)).

This Court's Discovery Standing Order is also clear. Prior to any discovery motion practice, "parties must first meet and confer in a good faith effort to resolve their dispute informally." *See* Discovery Standing Order for Magistrate Judge Thomas S. Hixson (Revised

3

September 9, 2025). This is a predicate to any court intervention. If, however, parties are not able to resolve their dispute informally, they may either seek informal guidance via a telephonic conference with the Court, or they may file a joint statement for the Court's review. *See id*.

Here, the Plaintiffs have failed to follow any such process. Rather than operating in good faith—which would include at minimum providing Mr. Sutskever notice of their intent to file a motion to compel pursuant to an impending discovery deadline—Plaintiffs waited until the last possible moment to make their intentions clear. Good faith conferral requires more. *See Hernandez ex rel. Telles-Hernandez v. Sutter Med. Ctr. of Santa Rosa*, No. C 06-03350 SBA, 2008 WL 2156987, at *6 (N.D. Cal. May 20, 2008) (noting that "until the parties meet and confer, they do not know whether they have a genuine dispute to bring before the Court, tying up its scarce resources. In many cases, it will obviate the need for a motion, altogether."). The requirement is no "mere formality." *See id*. Indeed, courts within this Circuit have made clear that "half-hearted attempts" to comply with discovery dispute conferral requirements are insufficient and should not "be rewarded." *Sequoia Prop. v. United States*, 203 F.R.D. 447, 541 (E.D. Cal. 2001).

Yet this is what Plaintiffs seek—a reward for waiting until the last minute to share their full position with Mr. Sutskever. But their "half-hearted" attempt to confer with Mr. Sutskever's counsel the day of the filing deadline negates any benefit of the joint briefing called for by this Court's Discovery Standing Order. *See Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC*, No. 2:24-CV-04546-SB-AGR, 2025 WL 1421287, at *4 (C.D. Cal. Apr. 15, 2025) (finding that failure to provide opposing parties with proposed joint briefing with enough advance notice "deprives the Court of the core benefit of a joint filing—namely, that the parties have thoroughly discussed and responded to the arguments on the other side and sought to reach agreement where possible."). There was no realistic way, under this timeline, that Plaintiffs and Mr. Sutskever could resolve this dispute without need for court intervention. And this is a problem of the Plaintiffs' own making, as they had ample opportunity to initiate scheduling discussions with enough time to substantively meet-and-confer in advance of the October 8 deadline.

This manufactured eleventh hour rush is particularly inappropriate given Mr. Sutskever's status as a non-party. The "Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing *United States v. C.B.S.*, 666 F.2d 364, 371–72 (9th Cir.1982)); *see also Dart Industries Co., Inc. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted . . . the 'necessary' restriction may be broader when a nonparty is the target of discovery.").

Instead of following this fundamental tenet, Plaintiffs have placed a significant discovery burden on Mr. Sutskever. By failing to notify him of their intent to file a discovery motion until 3 p.m. on the day of the filing deadline, they have concocted a justification for filing an untimely, unilateral discovery brief asserting only their own position, in flagrant violation of this Court's Discovery Standing Order. These tactics, which prejudice Mr. Sutskever and place an undue burden on him, cannot stand.

**Conclusion**

For all these reasons, Mr. Sutskever respectfully requests that the Court deny Plaintiffs' motion to compel, or in the alternative, extend the deadline to October 16, 2025, for the parties to file a joint letter that adheres to this Court's Discovery Standing Order.

                */s/ Simona Agnolucci*
                Simona Agonlucci, SBN 246943
                (sagnolucci@cooley.com)
                Eduardo Santacana, SBN 281668
                (esantacana@cooley.com)
                Anika Holland, SBN 336071
                (anika.holland@cooley.com)
                Remy Carreiro, SBN 359384
                (rcarreiro@cooley.com)
                3 Embarcadero Center, 20th Floor
                San Francisco, California  94111-4004
                Telephone:     +1 415 693 2000
                Facsimile:      +1 415 693 2222

                Attorneys for Non-Party Ilya Sutskever