1  JORDAN ETH (CA SBN 121617)
   JEth@mofo.com
2  WILLIAM FRENTZEN (CA SBN 343918)
   WFrentzen@mofo.com
3  DAVID J. WIENER (CA SBN 291659)
   DWiener@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, CA 94105
   Telephone:   (415) 268-7000
6  Facsimile:   (415) 268-7522

7  WILLIAM SAVITT (admitted *pro hac vice*)
   WDSavitt@wlrk.com
8  BRADLEY R. WILSON (admitted *pro hac vice*)
   BRWilson@wlrk.com
9  SARAH K. EDDY (admitted *pro hac vice*)
   SKEddy@wlrk.com
10 STEVEN WINTER (admitted *pro hac vice*)
   SWinter@wlrk.com
11 NATHANIEL CULLERTON (admitted *pro hac vice*)
   NDCullerton@wlrk.com
12 WACHTELL, LIPTON, ROSEN & KATZ
   51 West 52nd Street
13 New York, NY 10019
   Telephone:   (212) 403-1000
14 Facsimile:   (212) 403-2000

15 *Attorneys for Defendants Samuel Altman, Gregory Brockman,*
   *OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
16 *OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
   *OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
17 *OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
   *OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
18 *OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
   *OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
19 *OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
   *Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **OPENAI DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AUTHORIZE ALTERNATIVE SERVICE OF DEPOSITION SUBPOENA AND COMPEL COMPLIANCE** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Elon Musk's motion to compel a deposition of Mira Murati is untimely, and the Court should deny the motion on that basis. The court-ordered deadline to complete fact discovery passed on October 1, and the 29-day window for the parties to depose fact witnesses closed that same day. Musk nevertheless waited until October 7—six days after the fact discovery cut-off—to file this motion. The motion seeks to compel Murati to appear for deposition on a date to be determined, long after the court-appointed period for fact depositions, and at a time when the OpenAI Defendants are focused on summary judgment briefing and expert reports.

The motion does not even acknowledge the October 1 cut-off, much less show "good cause" for why the Court should permit Musk to depose Murati weeks after it. Nor could Musk make such a showing, because he failed to exercise reasonable diligence in pursuing Murati's deposition. Musk's initial disclosures identified Murati as a person with "discoverable information," and Musk served a notice of subpoena for Murati's documents on April 14. But according to his own account, Musk waited until August before he first attempted to serve Murati with a document subpoena. Musk delayed even longer in pursuing Murati's deposition: Musk's first attempt to serve Murati with a deposition subpoena occurred in the middle of the deposition period and exactly five months after Musk himself identified Murati as a relevant witness.

Granting Musk's motion would prejudice the OpenAI Defendants and shift onto them the foreseeable consequences of Musk's inattention and delay. Examining Murati weeks after the close of fact discovery would force the OpenAI Defendants to file their forthcoming motion for summary judgment (which is due on October 17) before the discovery record is complete. Avoiding such an inefficient and unfair outcome is the reason why discovery cut-offs exist. The Court should enforce the cut-off here and deny Musk's motion.

## BACKGROUND

Mira Murati is the former chief technology officer of OpenAI. Musk identified Murati in his April 11 initial disclosures, describing her as a person with "discoverable information" regarding, among other subjects, OpenAI's "mission," its "development of generative AI products, and related safety concerns," and OpenAI's "relationship with Microsoft."

On April 14, Musk notified defendants that he intended to serve Murati with document requests and attached a form of the planned subpoena. Ex. 1. The Parkkinen declaration filed in support of Musk's motion does not mention this original April 14 subpoena. Nor does it suggest that Musk made any effort to serve the April 14 subpoena on Murati.

On August 1, Musk notified defendants for the second time that he was seeking documents from Murati and attached a form of subpoena that was substantially the same as the April 14 subpoena. Ex. 2. According to counsel's declaration, Musk tried "at least" nine times to serve the August 1 subpoena on Murati, but those efforts were not successful. *See* Parkkinen Decl. ¶¶ 2-3.

On September 11, nine days into the deposition window, Musk informed defendants that he intended to serve Murati with a subpoena requiring her to appear for deposition on September 18. Ex. 3. Four days later, Musk reported that he intended to serve Murati with a revised subpoena that would instead require her to appear for deposition on September 30. Ex. 4. According to counsel's declaration, Musk's efforts to serve the September 11 and September 15 subpoenas on Murati were not successful. *See* Parkkinen Decl. ¶¶ 4-5. Musk's counsel did not inform the OpenAI Defendants that Musk had been unable to serve these subpoenas. Instead, in an email sent on September 19, Musk's counsel advised defendants that Murati's deposition was being "taken . . . off the calendar for the time being." Ex. 5.

On September 29, two days before the fact discovery cut-off, Musk reversed course. Musk's counsel informed defendants that Musk wanted to take Murati's deposition after all, stating: "We are currently using October 1 as a placeholder and will follow up when we finalize a deposition date." Ex. 6. That was the final communication from Musk's counsel about the Murati deposition.

On October 7, six days after the fact discovery cut-off, and without any prior notice or request for a meet-and-confer on the subject, Musk filed this motion.

# ARGUMENT

Civil Local Rule 37-3 provides that "[d]iscovery requests that call for . . . depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." The applicable discovery cut-off in this case is October 1, and Musk has not and cannot demonstrate "good cause" for his request to depose Murati after that date.

Musk has no excuse for failing to serve Murati and take her deposition prior to the fact discovery cut-off. Murati is not a secret witness whose potential relevance to the issues to be tried just recently came to light. Musk himself named Murati as a person with "discoverable information" at the start of the discovery period in April, and within a matter of days, Musk had already issued a subpoena for her documents. But Musk inexplicably waited more than 100 days before attempting to serve Murati with that document subpoena, and he waited more than a month after that—until September 11—before starting the process of seeking to secure Murati's deposition testimony.

Musk's lack of diligence did not stop there. Rather than promptly seeking the Court's assistance when his efforts to serve Murati failed, Musk spent well over a month—a period that included the entire deposition period—repeating the same service methods that had failed over and over and over again. According to the Parkkinen declaration, Musk's process servers tried and failed *nine separate times* to serve Murati with a document subpoena during the month of August. All of that happened before Musk made his first attempt to serve Murati with a deposition subpoena.[1] Certainly by that time, Musk had all of the information he needed to file this motion. There is no good reason why he waited so long.

Permitting Musk to depose Murati in the coming weeks, long after the close of fact discovery, would significantly prejudice the OpenAI Defendants. Summary judgment motions are due to be filed in eight days, and the OpenAI Defendants are presently devoting substantial resources to preparing that motion—based on what is supposed to be the complete discovery record. If Murati is deposed after the OpenAI Defendants move for summary judgment on October 17,

---

[1] The OpenAI Defendants have no knowledge of Musk's efforts to serve Murati and accordingly take no position on the representations made by counsel in the supporting declaration.

which is virtually certain to occur if the Court grants Musk's motion, the OpenAI Defendants will be forced to file that critical motion before Murati's testimony is taken. Musk's opposition papers, by contrast, will not be filed until after Murati is deposed. That disequilibrium is unfair to the OpenAI Defendants, who indisputably bear no responsibility for Musk's failure to depose Murati when he was supposed to.

## CONCLUSION

The Court should deny Musk's untimely motion. If the Court does permit the deposition, however, the Court's order should make clear that the OpenAI Defendants are entitled to an equal opportunity to examine the witness.

Date: October 9, 2025

MORRISON & FOERSTER LLP

*/s/ Jordan Eth*
JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:   (212) 403-1000
Facsimile:   (212) 403-2000

*Attorneys for the OpenAI Defendants*