UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELON MUSK, et al.,

    Plaintiffs,

v.

SAMUEL ALTMAN, et al.,

    Defendants.

Case No. 24-cv-04722-YGR (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 296

In ECF No. 296, Plaintiff Elon Musk moves for an order authorizing alternative service of a deposition subpoena on non-party Ermira Murati, finding that Murati has been adequately served, and compelling Murati's compliance with the subpoena. OpenAI opposes the motion, ECF No. 303, and Microsoft joins that opposition. ECF No. 304.

OpenAI does not address the merits of the motion but argues that it is untimely. OpenAI is mistaken. Civil Local Rule 37-3 states that "[d]iscovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." OpenAI is correct that October 1, 2025 was the fact discovery cutoff, but Musk's deposition subpoenas satisfy Rule 37-3 because they did not call for depositions after October 1, 2025. Musk noticed Murati's deposition for September 18, 2025 (ECF No. 296-6), September 30, 2025 (ECF No. 296-8), and October 1, 2025 (ECF No. 296-10) – all timely dates. Nor is the motion to compel untimely, as it was filed on October 7, 2025, which is timely under Rule 37-3 given the October 1, 2025 fact discovery cutoff.

Separately, the Court thinks Musk's motion has merit and will enter Plaintiff's proposed order granting the motion.

**IT IS SO ORDERED.**

Dated: October 9, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge