UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>SAMUEL ALTMAN, et al.,<br><br>        Defendants. | Case No. 24-cv-04722-YGR (TSH)<br><br>**DISCOVERY ORDER AND RECOMMENDATION**<br><br>Re: Dkt. No. 294 |

OpenAI has a discovery dispute with Plaintiff Elon Musk and non-parties Shivon Zilis and Jared Birchall concerning text messages. ECF No. 294. OpenAI requests the following relief:

> ***Requested Relief.*** The Court should order Musk, Zilis, and Birchall to (1) submit for inspection *in camera* all texts deemed non-responsive in the linear reviews from the key months of August 2017, September 2017, and February 2018; (2) direct trial counsel of record to redo all linear reviews previously ordered by the Court; (3) direct trial counsel of record to conduct a linear review of Musk's texts with Teller; and (4) reproduce all of Musk's texts in a unitized 24-hour format. In addition, given the repeated failure by counsel to ensure that Musk, Zilis, and Birchall fulfill their obligations, OpenAI respectfully submits that the Court should consider appointing a special master or special counsel to review the Musk, Zilis, and Birchall text messages to ensure that all of their relevant documents are produced.

ECF No. 294 at 5.

The Court thinks this is a request for five types of relief. The first four are numbered, and the fifth one is stated in the last sentence.

**A.    Request 1**

The idea seems to be that the Court should conduct a responsiveness determination of text messages deemed non-responsive during linear review for three key months. Since these documents were already reviewed by Plaintiffs' counsel and determined to be non-responsive

(that's what linear review means – they did not use search terms), this amounts to an accusation that the reviewing attorneys either incompetently or intentionally determined that text messages were non-responsive when in fact they were responsive. The Court does not see a basis to believe that accusation.

There is also another problem. Normally *in camera* review is for claims of privilege or work product. An *in camera* review for responsiveness would require the Court to know everything OpenAI asked for in its RFPs and subpoenas, what all of the objections were, and then to know all of the agreements and compromises the parties worked out during what the Court assumes were many meet and confers. That seems at best impractical. The Court doubts that a responsiveness determination can be reliably handed off to the Court.

**B.    Request 2**

The Court does not see why doing the linear reviews all over again would yield a different outcome.

**C.    Request 3**

The request for a linear review of Musk's texts with Teller was made to the Court in the parties' October 6, 2025 filing, five days after the close of fact discovery. It is timely under Civil Local Rule 37-3, but commencing a new project like this after the close of fact discovery is not a good idea. We're supposed to be wrapping things up at this point.

**D.    Request 4**

This one has merit. The production of some of Musk's text messages as line entries in an Excel workbook is a departure from the parties' practice, and the resulting product looks nothing like what a text message looks like. *Compare* ECF No. 294-6 *with* ECF No. 294-7.

**E.    Request 5**

This has all the downsides of requests 1 and 3. It assumes incompetence or bad faith by Plaintiffs' counsel in performing the linear review. It would require the special master or special counsel to become familiar with OpenAI's RFPs and subpoenas, the objections to them, and all the agreements and compromises the parties made during meet and confer. And it is the commencement of a new and potentially lengthy project after the close of fact discovery.

2

**F.     Conclusion**

The Court **GRANTS** request 4, **DENIES** requests 1-3, and **RECOMMENDS**[1] the district judge deny request 5.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: October 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] The undersigned magistrate judge styles this as a recommendation on the assumption that the discovery referral by the district judge does not include the power to appoint a special master or special counsel.