MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
JAYMIE PARKKINEN (CA SBN 318394)
JParkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA  90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SAMUEL ALTMAN, et al.,<br><br>　　　　　Defendants. | Case No. 4:24-cv-04722-YGR (TSH)<br><br>**PLAINTIFFS' NOTICE IN RESPONSE TO DISCOVERY ORDER (Dkt. 314)** |

Pursuant to the Court's October 9 Order, Dkt. 314, Plaintiffs respectfully provide notice that Civil Local Rule 5-1(d)(5) does not apply to the technological difficulties that impacted their filing of docket entries 300 (Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion")) and 301 (Plaintiffs' Discovery Letter Brief) (together, the "Motions"). Civil Local Rule 5-1(d)(5) applies only when "the ECF system [has been] subject to a technical failure" and requires that, in such cases, the filer must have "attempt[ed] to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay due to such technical failure." Civ. L.R. 5-1(d)(5). Plaintiffs did not attempt to file at least two times separated by at least one hour, and that standard is inapplicable because the issues that impeded Plaintiffs' filing were not the result of any ECF system failure. Rather, the filing attorney's file-system window froze when attempting to upload the exhibits to Plaintiffs' motions (Dkt. 300). *See* Ex. 1 ¶ 3. Counsel attempted several times to upload the exhibits and encountered the same problem, preventing counsel from effecting the filing by midnight. *Id.*

Because Civil Local Rule 5-1(d)(5) does not apply, this case is governed by the general standards of Federal Rule of Civil Procedure 6(b). That rule states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The excusable neglect standard requires a court to "tak[e] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Those circumstances include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . , and whether the movant acted in good faith." *Id.* The standard is "not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Id.* at 391. The Court's determination "is at bottom an equitable one." *Id.* at 395.

Respectfully, the circumstances warrant an exercise of the Court's discretion to allow the filing here. On October 6 at 2:30 p.m. PT, Plaintiffs' counsel e-mailed counsel for the witness, Mr. Sutskever, to schedule a meet and confer. Dkt. 300-3 at 3. Plaintiffs' counsel offered to meet any time on Tuesday, October 7. *Id.* at 2-3. Mr. Sutskever's counsel stated they were unavailable at

any time that day, and Plaintiffs asked to meet the morning of Wednesday, October 8. *Id.* at 1. Mr. Sutskever's counsel said they were unavailable again and said their first available window to confer was Wednesday evening. *Id.* So, Plaintiffs' counsel and Mr. Sutskever's counsel met and conferred on October 8 at 5:00 p.m. PT. *See* Ex. 2; Dkts. 300-2, 300-3. Before the meet and confer, Plaintiffs sent Mr. Sutskever's counsel Plaintiffs' portion of a draft Discovery Letter Brief stating their position on the issues to be addressed at the meet and confer. Dkt. 302-1. Counsel did not reach agreement at the meet and confer. *See* Ex. 2 ¶ 2. Plaintiffs' counsel revised their Motions accordingly. *Id.* Significantly, as Plaintiffs' counsel made those revisions, they kept Mr. Sutskever's counsel apprised of their intentions. At 9:50 p.m. PT, in an e-mail to Mr. Sutskever's counsel, Plaintiffs' counsel confirmed their intention to "file tonight" as required "under the rules." Dkt. 302-2. At 11:50 p.m. PT, Plaintiffs' counsel sent a summary of the changes that had been made to the file-ready Discovery Letter Brief. Dkt. 302-2.

A partner and two associates, both former federal judicial clerks highly experienced in ECF filings, participated in the filing. Ex. 2 ¶ 3 ; Ex. 1 ¶ 2 . They followed the firm's standard practice for ECF filings, which requires that two associates file together. Ex. 1 ¶ 2 . One conducts the filing, and a second monitors the filing via screenshare on Microsoft Teams ("Teams"). Ex. 2 ¶ 3; Ex. 1 ¶ 2 . At 11:45 p.m. PT, one associate logged into ECF, and shared her screen with another associate via Teams. Ex. 1 ¶ 3. When counsel attempted to upload the first exhibit to Plaintiffs' Administrative Motion, her file-system window froze. *Id.* She attempted to upload the exhibit at least two more times, but the problem persisted. *Id.* She was unable to resolve the technological issue on that computer. *Id.* ¶¶ 3-4. Therefore, as quickly as possible, she arranged for the other associate to log into ECF using a different computer while she monitored via Teams. *Id.* ¶ 4 . That associate completed the filing of the Administrative Motion at 12:08 a.m. PT. *Id.*; Dkt. 300. At 12:19 a.m. PT, the partner emailed both this Court's courtroom deputy and Mr. Sutskever's counsel to advise them of the technological difficulties. Dkt. 311-1. The filing of the public redacted version of the Discovery Letter Brief was completed at 12:20 a.m. Dkt. 301.

Respectfully, the totality of the circumstances supports a finding of good cause to deem Plaintiffs' motions timely.

2   CASE NO. 4:24-CV-04722-YGR
PLAINTIFFS' NOTICE IN RESPONSE TO DISCOVERY ORDER

*First*, the length of filing delay was *de minimis*. The filing occurred at 12:08 a.m. It was eight minutes late and had no impact on these judicial proceedings.

*Second*, as detailed above, the reason for the delay was a technological failure that counsel took precautions to avoid and then resolved as swiftly as possible. Ex. 1 ¶¶ 2-4. The filing occurred pursuant to a practice designed to avoid problems in the filing process. Two lawyers, highly experienced in ECF filings pursuant to that practice, conducted the filing. Further, the filing process began late in the evening because the meet and confer was scheduled for late that day to accommodate Mr. Sutskever's counsel's scheduling conflicts. *See* Dkt. 300-2, 300-3, 300-4.

*Third*, Plaintiffs were clearly aware of, and endeavored in good faith to comply with, the filing deadline. *See* Dkt. 312 (Court order citing Dkt. 302-2 stating knowledge of and intention to comply with deadline); Dkts. 302-1, 302-2. Evidencing their diligence, Plaintiffs' counsel sent a draft of their portion of the Discovery Letter Brief to Mr. Sutskever's counsel well in advance of the deadline, stated their intention to comply with the deadline, and finalized and attempted to file their motions prior to the deadline. Dkts. 302-1, 302-2. Counsel used a filing practice designed to safeguard against filing problems and when confronted with technological failure, they addressed the issue as swiftly as they could. Ex. 1 ¶¶ 2-4. Plaintiffs' counsel then immediately advised the Court and Mr. Sutskever's counsel of the problem. Dkt. 311-1.

*Fourth*, the 8-minute filing delay caused no prejudice to the witness, Mr. Sutskever, or to any party. Plaintiffs provided Mr. Sutskever's counsel with Plaintiffs' draft portion of the Discovery Letter Brief stating their position on the issues to be addressed at the meet and confer. Dkt. 302-1. Plaintiffs informed Mr. Sutskever's counsel of their plans throughout the evening, including by summarizing the changes that had been made to the draft. Dkt. 302-2. And Plaintiffs' counsel advised Mr. Sutskever's counsel promptly about the technical difficulties with the filing. Dkt. 311-1.

Courts in this District have regularly excused similarly short filing delays in comparable circumstances. *See Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2021 WL 3727078, at *2 (N.D. Cal. Aug. 23, 2021) (excusing delayed filing shortly after 1:30 a.m. where plaintiffs' counsel worked diligently to file before midnight); *Vespa v. Singler-Ernster Inc.*, No. 3:16-cv-03723-RS (N.D. Cal. Jan. 4, 2019), Dkt. 124 at 4 (declining to strike untimely opposition brief filed at 12:10 a.m.

where there was no demonstrated prejudice from the delay); *Osorio v. Tran*, No. 08-cv-04007-HRL, 2009 WL 2485554, at *2 (N.D. Cal. Aug. 12, 2009) (declining to reject plaintiffs' opposition brief as untimely where it was filed by almost 9:00 a.m. the next morning because defendants were not prejudiced by the "overnight delay or other technical failures").

Notwithstanding the precautions taken and the technical problems that arose, Plaintiffs' filing was docketed 8 minutes late. We apologize for that. We are mindful of the Court's rules and endeavor to observe them at all times. No disrespect to this Court or its rules was intended. And no party or Mr. Sutskever will be prejudiced should the late filing be allowed. Respectfully, Plaintiffs request that, in the interests of justice, this Court find that good cause exists.

Mr. Sutskever's response to our Motions stated that, if the Court finds Plaintiffs' filing timely, it should grant counsel for Plaintiffs and Mr. Sutskever additional time to continue to meet and confer, allowing them to file a joint supplemental statement reporting on the status of their dispute in one week. *See* Dkt. 302, 311. We further respectfully request that the Court adopt that procedure.

We believe in good faith that this is an appropriate means for requesting this relief. We request that, in the alternative, the Court consider this as a motion for relief under Rule 6 or permit Plaintiffs to file such a motion.

Dated: October 10, 2025

MOLOLAMKEN LLP

By:   /s/ Steven F. Molo
Steven F. Molo (*pro hac vice*)

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*