COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
REMY CARREIRO (359384)
(rcarreiro@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

Attorneys for Non-Party
ILYA SUTSKEVER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>SAMUEL ALTMAN, et al.,<br><br>            Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**Non-Party Ilya Sutskever's Response to Plaintiffs' Discovery Letter Brief** |

Cooley LLP
Attorneys at Law
San Francisco

Non-Party Ilya Sutskever's Response
To Plaintiffs' Discovery Letter Brief
(Case No. 4:24-cv-04722-YGR)

Non-party Ilya Sutskever respectfully requests that the Court deny Plaintiffs' motions to compel an additional deposition of Mr. Sutskever and production of the Brockman Memo. Plaintiffs seek to place two unjustifiable, undue burdens on a non-party. Mr. Sutskever should not be forced to sit for a further deposition to answer irrelevant, probing questions about the exact amount of his financial interest in OpenAI, particularly when Plaintiffs violated the parties' Protective Order at his deposition by revealing the value of another high-level executive's interest. Nor should he be ordered to produce an irrelevant document that is beyond the scope of production previously negotiated by counsel. The Court should deny Plaintiffs' requests in full.

## BACKGROUND

### A.   The Parties' Efforts To Resolve This Dispute

The parties are at an impasse after meeting and conferring in good faith on October 14, 2025, and October 15, 2025. Holland Decl. ¶¶ 7–11. Plaintiffs represented on October 14, 2025, that they seek two things: (1) production of the Brockman Memo on the same terms previously agreed upon in writing by all parties for the production of another similar document[1] and (2) an additional Zoom deposition of Mr. Sutskever regarding the value of his financial interest in OpenAI (but not regarding the Brockman Memo). *Id.* ¶ 7. On October 15, 2025, Mr. Sutskever offered as a final compromise to produce the Brockman Memo on the agreed-upon terms, if Plaintiffs agreed to forgo their request for him to sit for an additional deposition on his financial interest in OpenAI. *Id.* ¶ 8. Plaintiffs responded that they were willing to withdraw their request for the Brockman Memo altogether if Mr. Sutskever would sit for an additional virtual deposition about his financial interest in OpenAI. *Id.* ¶ 9. The parties are thus at an impasse. Holland Decl. ¶ 11.

### B.   The Parties' Negotiations Regarding Document Production

On April 28, 2025, Mr. Sutskever timely objected to Plaintiffs' third-party document subpoena under Rules 26, 34, and 45, and offered to meet and confer regarding the scope of any production. Holland Decl. ¶ 2. On May 13 and 23, 2025, Mr. Sutskever's counsel met and

---

[1] Those terms were: the document would be made available for inspection, akin to source code at the offices of the Producing Party's outside counsel. In addition, upon request on reasonable notice, three unredacted, hand-delivered copies would be provided to a Receiving Party a reasonable number of days before a relevant deposition. No copies could be made, and the document would be returned within one business day after the deposition concluded. Holland Decl. ¶ 7 n.1.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NON-PARTY ILYA SUTSKEVER'S RESPONSE
TO PLAINTIFFS' DISCOVERY LETTER BRIEF
(CASE NO. 4:24-CV-04722-YGR)

conferred with Plaintiffs' counsel, Attorney Parkkinen, and the parties agreed on five categories of responsive documents and communications, as well as a procedure for relevance redactions and inspection. *Id.* ¶ 3. Specifically, Mr. Sutskever agreed to produce documents and communications related to (1) the founding of OpenAI from 2015–2016, (2) decisions to open-source technology, (3) any conflicts of interests of Sam Altman, Greg Brockman, and other members of the nonprofit board, (4) safety, and (5) Sam Altman's dishonesty. *Id.* Mr. Sutskever diligently reviewed documents for responsiveness consistent with the parties' agreement and produced nearly a thousand pages of documents. *Id.* ¶ 4. Mr. Sutskever did not produce the Brockman Memo as it was not responsive to any of the five agreed-upon categories. *Id.* Despite being informed that Mr. Sutskever's September 5, 2025 production was his "second and final production," Plaintiffs did not request the Brockman Memo ahead of Mr. Sutskever's deposition. *Id.* ¶¶ 5–6.

### C. Mr. Sutskever's Deposition

At Mr. Sutskever's October 1, 2025 deposition, Plaintiffs' counsel, Attorney Molo, asked questions about the Brockman Memo and introduced an exhibit of a Wall Street Journal article reporting on the document's existence, indicating prior knowledge of the document. *See* Plaintiffs' Sealed Ex. 4 ("Sutskever Dep. Tr.") 132:6–7, 135:11–20, Dkt. No. 300-3. Plaintiffs also asked several questions about whether and to what extent Mr. Sutskever had a financial interest in OpenAI. Mr. Sutskever answered many of these questions, but followed his attorney's instruction not to quantify the exact amount of his interest in OpenAI. *See* Sutskever Dep. Tr. 168:22-169:7, 351:3–6. Plaintiffs then revealed to the room the amount of another high-level OpenAI executive's financial interest in the company, in violation of the parties' Protective Order. *Id.* at 359:19–360:6.

## ARGUMENT

### A. Mr. Sutskever Has A Constitutional Privacy Interest In His Financial Information That Outweighs Plaintiffs' Need For Extraneous Discovery.

Mr. Sutskever's privacy interest in his financial information is well established. *Valley Bank of Nevada v. Superior Ct.*, 15 Cal. 3d 652, 656 (1975) (finding the right to privacy enshrined in the California Constitution "extends to one's confidential financial affairs as well as the details of one's personal life."). When there is an attempt to invade this right, courts must engage in

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

NON-PARTY ILYA SUTSKEVER'S RESPONSE
TO PLAINTIFFS' DISCOVERY LETTER BRIEF
(CASE NO. 4:24-CV-04722-YGR)

"careful balancing" to protect "the right of the third parties to maintain reasonable privacy regarding their sensitive personal affairs." *See Buchholtz v. Rogers Benefit Grp., Inc.*, No. 12-CV-2167-BEN (DHB), 2013 WL 1694830, at *5 (S.D. Cal. Apr. 18, 2013) (clarified on other grounds) (internal citation omitted). This balancing corresponds with the Ninth Circuit's consistent holding that "nonparties subject to discovery requests deserve extra protection from the courts." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing *United States v. C.B.S.*, 666 F.2d 364, 371–72 (9th Cir.1982)).

Here, the balance tips squarely in Mr. Sutskever's favor. His financial information is not necessary to prove any of Plaintiffs' claims. They seek this information solely to argue Mr. Sutskever—a witness whose testimony they subpoenaed—is self-interested and biased. *See* Plaintiffs' Sealed Ex. 1 ("Letter Brief"), Dkt. No. 300-2 at 3. But they have already elicited testimony establishing (1) that Mr. Sutskever has a financial interest in OpenAI; (2) that the interest has increased since his departure from the company, and (3) how, at certain points, his equity stake has compared to that of other executives. Sutskever Dep. Tr. 349:22–25; 351:20–352:13; 351:7–18. Plaintiffs contend the relevance of this testimony is to show Mr. Sutskever's potential financial interest in the outcome of these proceedings, which is beyond doubt from the admissions they already obtained in deposition. To protect his constitutional privacy privilege, Mr. Sutskever was instructed not to answer only a narrow additional question—the precise value of his interest. *Id.* 351:3–6. It is exactly this type of balancing that the case law contemplates. *See Buchholtz*, 2013 WL 1694830, at *6 (finding the right to privacy protected the disclosure of financial and retirement information where the Plaintiff had already elicited testimony about the non-party's general intent to retire).

Unsatisfied with the burden already imposed, Plaintiffs seek more. But their desire to obtain granular private information unrelated to their claims far exceeds permissible non-party discovery. *See Vena v. Moore, Schulman & Moore, APC*, No. 22CV437-W (BLM), 2023 WL 6194315, at *4 (S.D. Cal. Mar. 24, 2023) (declining to order the production of financial information of a nonparty to show bias where "relevant, admissible, and potentially persuasive evidence [could] be obtained without intruding on the nonparty's privacy interests."). And their cited authority is

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

NON-PARTY ILYA SUTSKEVER'S RESPONSE
TO PLAINTIFFS' DISCOVERY LETTER BRIEF
(CASE NO. 4:24-CV-04722-YGR)

inapposite, as both cases involved matters where the financial information withheld by *defendants* was directly tied to an element of a claim. *See e.g.*, *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW (DMR), 2011 WL 855831, at *2 (N.D. Cal. Mar. 9, 2011) (information sought to prove punitive damages); *Cohen v. Trump*, No. 10-CV-0940-GPC-WVG, 2015 WL 3966140 (S.D. Cal. June 30, 2015) (disputed discovery concerned the "financial transactions of a defendant accused of defrauding large numbers of people."). In contrast, Plaintiffs seek superfluous non-party discovery that is not necessary to prove the point they already have made with the existing evidence. Mr. Sutskever's privacy right outweighs this attenuated desire.

Mr. Sutskever's privacy concerns are further elevated here given Plaintiffs' conduct at his deposition. There, in an apparent attempt to elicit further testimony about Mr. Sutksever's precise equity stake in OpenAI, counsel for Plaintiffs revealed to a roomful of people, including Mr. Sutskever and his counsel, the amount of another high-level OpenAI executive's personal financial interest in the company, in flagrant violation of the Amended Protective Order. Dkt. No. 270. This caused understandable concern to all in the room, and is further proof that Mr. Suskever's privacy would be unnecessarily in jeopardy if he were forced to reveal a dollar amount. This brazen transgression of the Protective Order leaves Mr. Sutskever with no confidence his highly private information will be protected from dissemination.

Given Mr. Sutksever's privacy interest, his status as a non-party, Plaintiffs' prior violation of the Protective Order regarding similar information, and the testimony that has already been elicited in this case, this Court should deny Plaintiffs' motion to compel additional deposition testimony.

### B. The Brockman Memo is Non-Responsive To The Parties' Agreed-Upon Categories of Document Production.

The Court should also deny Plaintiffs' motion to compel production of the Brockman Memo. Not only is the document not responsive to any of the categories Mr. Sutskever's counsel negotiated months ago with Attorney Parikkinen, it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). While Plaintiffs say this document is "highly relevant," they conspicuously offer no details to back up that bald assertion. *See* Letter Brief at 4, Dkt. No. 300-

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

NON-PARTY ILYA SUTSKEVER'S RESPONSE
TO PLAINTIFFS' DISCOVERY LETTER BRIEF
(CASE NO. 4:24-CV-04722-YGR)

2; *see also Apple Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 12-CV-0630-LHK (PSG), 2013 WL 3246094, at *21 n.84 (N.D. Cal. June 26, 2013) ("In this district, the party moving to compel has the burden of showing relevance."); *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("[I]n general the party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26[.]"). Nor do they explain how it is responsive to Plaintiffs' Requests for Production ("RFP") as narrowed by the parties' agreements, citing RFPs that are no longer live. *See* Letter Brief at 4. Instead, they argue Plaintiffs' counsel did not know a copy of the Brockman Memo still existed. While the record is clear that Attorney Molo was aware of its existence prior to the deposition, *see supra* at 3, Plaintiffs' counsel's knowledge of this specific document is ultimately immaterial.

That is because the parties negotiated overarching categories that would include documents and communications relevant to the claims and defenses in this case, including the founding of OpenAI, decisions to open-source technology, conflicts of interests of the non-profit board, safety, and Sam Altman's dishonesty. And the Brockman Memo is not responsive to any of these categories. It is as simple as that. "Courts in general rely upon parties to assess relevance, and the system of discovery is based on trust that a party produces documents after a review and assessment for relevance and responsiveness." *UAB "Planner5D" v. Meta Platforms, Inc.*, 746 F. Supp. 3d 806, 808 (N.D. Cal. 2024). Mr. Sutskever produced nearly a thousand pages of documents in response to Plaintiffs' subpoena after thoroughly reviewing and assessing relevance and responsiveness. As this Court recently explained in the context of a discovery dispute between Plaintiffs and OpenAI, the parties before the Court should not "assume[] incompetence or bad faith" by counsel in performing document review. *See* Discovery Order and Recommendation at 2, Dkt. No. 315.

By moving to compel production, Plaintiffs are asking the Court to unwind the parties' long-settled agreements regarding the scope and protocols for discovery. However, "[w]hen parties agree to specific discovery protocols, courts enforce these commitments as binding." *United States v. Peters*, No. 2:24-CV-00287-WBS-CKD, 2025 WL 1474737, at *5 (E.D. Cal. May 22, 2025). The reason for this is to encourage parties to reach agreements and avoid the circus of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

NON-PARTY ILYA SUTSKEVER'S RESPONSE
TO PLAINTIFFS' DISCOVERY LETTER BRIEF
(CASE NO. 4:24-CV-04722-YGR)

unnecessary litigation. *See Gamefam, Inc. v. WowWee Grp. Ltd.*, No. 23-MC-80310-SI, 2024 WL 1181001, at *6 (N.D. Cal. Mar. 18, 2024) ("Conferring and negotiating limitations in [a] Subpoena's scope is . . . encouraged to avoid the need for litigation"). The Court should not accept Plaintiffs' invitation to "thwart the meet-and-confer process by undermining the parties' agreement." *Greene v. California Dep't of Corr. & Rehab.*, No. 2:23-CV-0082-WBS-DMC, 2025 WL 790498, at *4 (E.D. Cal. Mar. 12, 2025) (denying Plaintiff's motion to compel a response to a request for production where meet-and-confer process resulted in an agreement to search for documents responsive to a narrowed request).

## CONCLUSION

For all these reasons, the Court should decline the invitation to impose an undue burden on non-party Mr. Sutskever and deny Plaintiffs' motions to compel.

Dated: October 16, 2025

COOLEY LLP

By: */s/ Simona Agnolucci*
Simona Agnolucci
Eduardo Santacana
Anika Holland
Remy Carreiro

Attorneys for Non-Party
ILYA SUTSKEVER

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

NON-PARTY ILYA SUTSKEVER'S RESPONSE
TO PLAINTIFFS' DISCOVERY LETTER BRIEF
(CASE NO. 4:24-CV-04722-YGR)