COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
REMY CARREIRO (359384)
(rcarreiro@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

Attorneys for Non-Party
ILYA SUTSKEVER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAMUEL ALTMAN, et al.,<br><br>　　　　　Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**DECLARATION OF ANIKA HOLLAND IN SUPPORT OF NON-PARTY ILYA SUTSKEVER'S RESPONSE TO PLAINTIFFS' DISCOVERY LETTER BRIEF** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF A. HOLLAND ISO RESPONSE TO
PLAINTIFFS' DISCOVERY LETTER BRIEF
(CASE NO. 4:24-CV-04722-YGR)

I, Anika Holland, hereby declare as follows:

1. I am an associate with the law firm Cooley LLP and am counsel for Non-Party Ilya Sutskever in the above-captioned action. I am duly licensed to practice law in the State of California and am admitted to practice before this Court. The matters set forth herein are of my own personal knowledge, and if called as a witness to testify, I could and would testify to these matters. I submit this declaration in support of Mr. Sutskever's Response to Plaintiffs' Discovery Letter Brief filed concurrently herewith.

2. On April 28, 2025, Mr. Sutskever timely objected to Plaintiffs' third-party document subpoena under Rules 26, 34, and 45, and offered to meet and confer regarding the scope of any document production.

3. On May 13, 2025, and May 23, 2025, I, along with my colleague Eduardo Santacana, met and conferred with Plaintiffs' counsel, Jaymie Parkkinen of the law firm Toberoff & Associates LLP. As a result of these conferences, the parties agreed on five categories of responsive documents and communications, as well as a procedure for relevance redactions and inspection. Specifically, Mr. Sutskever agreed to produce documents and communications related to (1) the founding of OpenAI from 2015–2016, (2) decisions to open-source technology, (3) any conflicts of interests of Sam Altman, Greg Brockman, and other members of the nonprofit board, (4) safety, and (5) Sam Altman's dishonesty.

4. Counsel for Mr. Sutskever diligently reviewed documents for responsiveness consistent with the parties' agreement and produced nearly a thousand pages of documents. We did not produce the Brockman Memo as it was not responsive to any of the five agreed-upon categories.

5. On September 5, 2025, I produced a tranche of responsive documents to Plaintiffs' counsel and informed them it was Mr. Sutskever's "second and final production."

6. Plaintiffs did not request the Brockman Memo ahead of Mr. Sutskever's deposition.

7. On October 14, 2025, I, along with my colleague Remy Carreiro, met and conferred with Plaintiffs' counsel to attempt to come to an agreement on Plaintiffs' motions to compel further discovery from Mr. Sutskever. Plaintiffs represented that they sought two things: (1) production

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECL. OF A. HOLLAND ISO RESPONSE TO
PLAINTIFFS' DISCOVERY LETTER BRIEF
(CASE NO. 4:24-CV-04722-YGR)

of the Brockman Memo on the same terms previously agreed upon in writing by all parties for the production of another similar document[1] and (2) an additional Zoom deposition of Mr. Sutskever regarding the value of his financial interest in OpenAI (but not regarding the Brockman Memo). No agreements were made.

8. On October 15, 2025, I, along with my colleagues Simona Agnolucci, Eduardo Santacana, and Remy Carreiro met again with Plaintiffs' counsel to discuss our respective positions. Mr. Sutskever offered as a final compromise to produce the Brockman Memo on the agreed-upon terms, if Plaintiffs agreed to forgo their request for him to sit for an additional deposition on his financial interest in OpenAI.

9. Plaintiffs responded with their final compromise position, representing that they were willing to withdraw their request for the Brockman Memo altogether if Mr. Sutskever would sit for an additional virtual deposition about his financial interest in OpenAI.

10. Both parties agreed to take this discussion back to their respective teams and clients to see if further adjustments to the compromise positions could be made.

11. Despite this good faith conferral, Plaintiffs and Mr. Sutskever were unable to come to an agreement, and are therefore at an impasse.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on October 16, 2025 in Berkeley, California.

/s/ Anika Holland
Anika Holland

---

[1] Those terms were: the document would be made available for inspection, akin to source code at the offices of the Producing Party's outside counsel. In addition, upon request on reasonable notice, three unredacted, hand-delivered copies would be provided to a Receiving Party a reasonable number of days before a relevant deposition. No copies could be made, and the document would be returned within one business day after the deposition concluded.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DECL. OF A. HOLLAND ISO RESPONSE TO
PLAINTIFFS' DISCOVERY LETTER BRIEF
(CASE NO. 4:24-CV-04722-YGR)

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Simona Agnolucci, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 16, 2025

/s/ Simona Agnolucci
Simona Agnolucci