UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMUEL ALTMAN, et al.,<br><br>        Defendants. | Case No. 24-cv-04722-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 301 |

Plaintiffs and non-party Ilya Sutskever have two discovery disputes. ECF No. 301.[1]

First, during Sutskever's deposition, his counsel repeatedly instructed him not to answer questions regarding the value of his stake in OpenAI. Plaintiffs move to compel a second deposition so he can answer questions about that. The value of Sutskever's interest in OpenAI is relevant to his interest in the outcome of the case because if Plaintiffs win, he stands to lose a substantial amount of money. "Pecuniary interest may be shown to prove bias." *United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999). "The amount at issue is ordinarily admissible, because the jury may reasonably believe that the willingness of a witness to lie or shade testimony would be affected, not only by whether the result may benefit him, but also by how much. Some people would lie under oath for a lot of money but not for a little." *Id*. Further, whether viewed under state law or federal law, Sutskever's claimed right to privacy does not bar this discovery. *See generally Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 855831, *2 (N.D. Cal. March 9, 2011) (state law); *Cohen v. Trump*, 2015 WL 3966140, *3 (S.D. Cal. June 30, 2015) (federal law).

---

[1] The public version of ECF No. 301 is heavily redacted, and there is a related pending sealing motion. ECF No. 300. The Court does not consider any of the information contained in this order to merit sealing.

1    Second, Plaintiffs seek the Brockman memo, as well as to question Sutskever about it in a
2 second deposition. The parties dispute whether Plaintiffs agreed during meet and confer to narrow
3 the scope of their RFPs in a way that excluded the Brockman memo. Neither side makes a
4 compelling argument. The Court agrees with Plaintiffs that ultimately this issue does not matter
5 because the only information publicly known about the memo was that it was self-deleting, so
6 Plaintiffs had no basis to know that it was available in discovery until they learned that in
7 Sutskever's deposition. The Court also thinks the document is relevant.
8    Accordingly, the Court **GRANTS** Plaintiffs' motion to compel and **ORDERS** (1)
9 Sutskever to produce the Brockman memo to Plaintiffs and (2) Plaintiffs may depose Sutskever in
10 a second deposition concerning the value of his financial interest in OpenAI and concerning the
11 Brockman memo.
12    **IT IS SO ORDERED.**

14 Dated: October 17, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

2