# EXHIBIT 53

**Not Under Seal**

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | Assigned to Hon. Yvonne Gonzalez Rogers |
| v. | **PLAINTIFF MUSK'S RESPONSES AND OBJECTIONS TO OPENAI DEFENDANTS' SECOND SET OF REQUESTS FOR ADMISSION** |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

| | | |
|---|---|---|
| Propounding Parties: | OpenAI Defendants |
| Responding Party: | Plaintiff Elon Musk |
| Set No.: | Two |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Elon Musk ("Plaintiff") hereby responds and objects ("Responses") to the OpenAI Defendants' Second Set of Requests for Admission ("Requests"), as follows:

## PRELIMINARY STATEMENT

These Responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. These Responses shall not be used in connection with any other proceeding.

No incidental or implied admissions are intended by these Responses. The fact that Plaintiff responds or objects to any of the Requests should not be construed as an admission that Plaintiff accepts or admits the existence of any facts assumed by such Request, or that such Response constitutes admissible evidence as to any such assumed facts. The fact that Plaintiff responds to part or all of any of the Requests is not intended to be and shall not be construed as a waiver of any part of any objection to any Request.

Plaintiff is still in the process of investigating the facts of this case and searching for responsive information and Documents. Nor has Plaintiff completed discovery or concluded preparation for summary judgment or trial. As a result, Plaintiff's Responses herein are preliminary and based on information and Documents that are presently available and specifically known to Plaintiff after having made a diligent search and reasonable and good faith inquiry, and are made without prejudice to Plaintiff's right to: (1) amend, alter, supplement, clarify or otherwise modify these Responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any Documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet been

ascertained; and (3) offer expert witness opinions on any relevant matter, which opinions may be at variance with these Responses or the information and Documents referenced in response to these Requests.

Furthermore, Plaintiff's Responses are made without in any way intending to waive, but on the contrary, intending to preserve:

1. The right to raise—as part of any subsequent proceeding in, or the trial of, this or any other action—all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any information or Documents produced or identified in support of any of the Responses to any portion of these Requests;

2. The right to object on any ground—as part of any subsequent proceeding in, or the trial of, this or any other action—to the use of any information or Documents produced or identified in support of any of the Responses to any portion of these Requests;

3. The right to object to introduction into evidence of any of these Responses; and

4. The right to object on any ground at any time to other discovery involving the subject thereof.

## **GENERAL OBJECTIONS**

Plaintiff objects to each particular Request on the following grounds, which are hereby incorporated within each Response set forth below:

1. Plaintiff objects to each and every Request, definition, and instruction that purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure. Plaintiff interprets each and every Request, definition, and instruction to be consistent with the Federal Rules of Civil Procedure.

2. Plaintiff objects to each and every Request, definition, and instruction to the extent it contains argumentative, inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. Any Response to any Request shall not constitute Plaintiff's agreement with or acquiescence to any such description.

3. Plaintiff objects to each and every Request, definition, and instruction to the extent it seeks information that is neither relevant to any claim or defense in this action, nor reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff will only disclose information consistent with Plaintiff's Responses below.

4.      Plaintiff objects to each and every Request, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested information with reasonable particularity. To the extent that a Request requires subjective judgment on the part of Plaintiff as to what information is requested, Plaintiff will disclose responsive, non-privileged information according to Plaintiff's understanding of the Request.

5.      Plaintiff objects to each and every Request, definition, and instruction to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery. Plaintiff will only disclose information consistent with Plaintiff's Responses below.

6.      Plaintiff objects to each and every Request to the extent that it seeks disclosure of information that is unreasonably cumulative or duplicative of other discovery served in this action, or is obtainable from sources that are more convenient, less burdensome, or less expensive.

7.      Plaintiff objects to each and every Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, rules and agreements governing privacy or confidentiality, or any other applicable privilege or protection recognized under statute or applicable case law. Inadvertent disclosure by Plaintiff of any information protected by any applicable privilege or protection shall not constitute a waiver, in whole or in part, of the privilege or protection.

8.      Plaintiff objects to each Request, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information in advance of their respective deadlines under the Scheduling Order governing this case and/or the Federal Rules of Civil Procedure. Plaintiff will not disclose any expert materials or information before such deadlines.

9.      Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Plaintiff as to the validity of any claim or defense asserted by the OpenAI Defendants.

10.      To the extent that Plaintiff responds to any of the Requests, Plaintiff reserves the right to object on any grounds, at any time, to other discovery requests involving or relating to the subject matter of the Requests that Plaintiff has responded to herein.

4

CASE NO. 24-CV-04722-YGR
MUSK'S R&OS TO OPENAI RFA2

11.     Plaintiff reserves all objections to the use of these Responses, including objections as to relevance, authenticity, or admissibility. All such objections may be interposed by Plaintiff at the time of trial or as otherwise required by the rules or order of the Court.

12.     Plaintiff objects to each Request to the extent that it assumes the existence, relevance, materiality, truth, admissibility, or authenticity of any particular information, or assumes the validity of any claim or defense. In responding to these Requests, Plaintiff does not make any admissions or waive any rights or objections, all of which are expressly preserved.

13.     Plaintiff objects to each Request to the extent that it requires Plaintiff to draw a legal conclusion.

14.     Plaintiff reserves the right to revise, amend, or supplement Plaintiff's Responses and/or production, and to use in discovery and at trial any information that is omitted as a result of mistake, inadvertence, or oversight. Plaintiff notes that discovery is ongoing and that Plaintiff's Responses are thus based on the information that is presently available and specifically known to Plaintiff.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiff's Responses herein shall not in any way constitute an adoption of the OpenAI Defendants' purported "Definitions" of words or phrases or "Instructions" contained in the Requests. Plaintiff objects to the Definitions, Instructions, and Requests to the extent they: (i) are vague, ambiguous, compound, overbroad, unduly burdensome, and not reasonably tailored to avoid imposing undue burden and expense on Plaintiff; (ii) seek information for an undefined period of time or, if defined, cover and span an unreasonably long or burdensome time period, and therefore are burdensome and oppressive; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iv) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure; (v) include assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (vi) incorporate other purported defined terms that suffer from such defects. In responding to the Requests, Plaintiff has, where possible, employed what Plaintiff regards as the reasonable, common-sense interpretation of the Request in light of the relevant issues in the case.

5

2.    Plaintiff objects to all defined terms to the extent that they are not utilized in OpenAI Defendants' Second Set of Requests for Admission.

3.    Plaintiff objects to the definition of "Charitable Mission" (Defin. & Instr. ¶ 3).

4.    Plaintiff objects to the definition of "Capped-Profit Enterprise" (Defin. & Instr. ¶ 4).

5.    Plaintiff objects to the definition of "Fidelity Charitable" (Defin. & Instr. ¶ 5) as overbroad, unduly burdensome, and vague, as the definition includes "any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates". Plaintiff interprets "Fidelity Charitable" to mean Fidelity Charitable itself.

6.    Plaintiff objects to the definition of "Grok" (Defin. & Instr. ¶ 6), a product with numerous iterations, and tiers of services as vague, ambiguous, unduly burdensome and not disproportionate to the needs of this case. *See* OpenAI Objs. & Resps. to Pls.' First Set of Reqs. For Admission, *In Re OpenAI, Inc. Copyright Infringement Litig.,* No. 23-cv-11195 (S.D.N.Y. Nov. 20, 2024), Dkt. 328-3 (objecting *dozens of times* to the term "family of models": "OpenAI objects to the phrase[] 'family of models' as vague and ambiguous."); *Alter v. OpenAI, Inc.*, No. 1:23-cv-10211 (S.D.N.Y. Feb. 23, 2024), Dkt. 78-1 ("OpenAI objects to the definition of 'AI Models' to the extent it purports to include the models GPT-1, GPT-2, GPT-3, and GPT-5. This definition is overly broad, unduly burdensome and disproportionate to the needs of this case, and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. OpenAI further objects to this definition as seeking information not relevant to any claim or defense in this litigation…").

7.    Plaintiff objects to the definition of "Independent" (Defin. & Instr. ¶ 7) as argumentative. Plaintiff further objects to this Definition to the extent it is improper under Federal Rule of Civil Procedure 36 and applicable case law because its adoption in any Request demands that Plaintiff admit the truth of a legal conclusion. *See Asarco LLC v. Union Pac. R.R. Co.*, No. 12-CV-0283-EJL-REB, 2016 WL 1755241, at *11–12 (D. Idaho May 2, 2016) (quoting *Tuvalu v. Woodford,* 2006 WL 3201096, *7 (E.D. Cal. Nov. 2, 2006) ("'[R]equests for admission should not be used to . . . demand that the other party admit the truth of a legal conclusion, even if the conclusion is attached to operative facts.'")).

8.      Plaintiff objects to the definition of "OpenAI" (Defin. & Instr. ¶ 8) to the extent its inclusion of the undefined term "affiliated entities" renders it vague, ambiguous, and unintelligible. For the purposes of responding to these Requests, Plaintiff interprets "OpenAI" to request information related to OpenAI, Inc., and the other named OpenAI entity Defendants.

9.      Plaintiff objects to the definition of "Tesla" (Defin. & Instr. ¶ 13) as overbroad, unduly burdensome, and vague, as the definition includes "any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates." Plaintiff interprets "Tesla" to mean Tesla, Inc. itself.

10.     Plaintiff objects to the definition of "X" (Defin. & Instr. ¶ 14) as overbroad, unduly burdensome, and vague, as the definition includes "any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates." Plaintiff interprets "X" to mean X Corp. itself.

11.     Plaintiff objects to the definition of "X Algorithm" (Defin. & Instr. ¶ 15) as vague and ambiguous and overbroad. OpenAI Defendants' definition of this term is so expansive that responding to any Requests which incorporate it would be unduly burdensome and not proportional to the needs of the case.

12.     Plaintiff objects to the definition of "xAI" (Defin. & Instr. ¶ 16) as overbroad, unduly burdensome, and vague, as the definition includes "any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates." Plaintiff interprets "xAI" to mean X.AI Corp. itself.

13.     Plaintiff objects to the definition of "YC" (Defin. & Instr. ¶ 17) as overbroad, unduly burdensome, and vague, as the definition includes "any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates." Plaintiff interprets "YC" to mean YC Org itself.

14.     Plaintiff objects to the definition of "You" and "Your" (Defin. & Instr. ¶ 18) as Defendants objected to Plaintiffs' definition of "You" and "Your" as vague and ambiguous and overbroad. Under the guise of these words, OpenAI Defendants improperly sweep in a host of people and entities, including Plaintiff's "present and former employees, agents, representatives or advisors;" "any entity over which Plaintiff [] exercised or exercises control;" and " any other Persons acting on his or their behalves." Responding to any Request which incorporates this term would be unduly burdensome and not proportional to the needs of the case. Unless otherwise

7

1  indicated, any response to the Requests containing the term "You" or "Your" is limited to refer to

2  Elon Musk himself.

3      15.    Plaintiff objects to Defin. & Instr. ¶ 6(e) as vague, ambiguous, overbroad and unduly

4  burdensome to the extent it calls for Plaintiff to re-write Defendants' Requests to include

5  unspecified, undefined, and unlimited periods constituting "the past" or otherwise guess as to the

6  time-frame for which Defendant seeks information. *See, e.g., McDonald v. Cnty. of Sonoma*, No.

7  20-CV-04183-CRB (SK), 2023 WL 7924715, at *1 (N.D. Cal. Nov. 15, 2023) ("The Court agrees

8  that the Requests for Admission are overreaching and unduly burdensome and thus DENIES the

9  motion to deem them as admitted. Plaintiff seems to argue that the Court should revise the Requests

10  for Admission to instruct Defendants to respond to a limited time period that the Court earlier

11  identified for other discovery disputes. The Court declines to re-write the Requests for Admission.")

12      The fact that Plaintiff may reassert particular objections in responding to individual

13  Requests should not be construed as limiting the generality of the foregoing objections. The General

14  Objections set forth herein are asserted with respect to each and every Request.

15              **SPECIFIC OBJECTIONS AND RESPONSES**

16  **REQUEST FOR ADMISSION NO. 7.**

17      Admit that prior to Your filing of the State Action, You never informed Altman that

18  OpenAI's business relationship with Microsoft breached any contract or violated any other right or

19  duty allegedly owed to You or to others.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 7.**

21      Plaintiff restates and incorporates by reference the Preliminary Statement, General

22  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

23  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

24  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

25  issue in this litigation.

26      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

27  Denied.

28

8

**REQUEST FOR ADMISSION NO. 8.**

Admit that prior to Your filing of the State Action, You never informed Brockman that OpenAI's business relationship with Microsoft breached any contract or violated any other right or duty allegedly owed to You or to others.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 9.**

Admit that prior to Your filing of the State Action, You never informed any other OpenAI Defendant that OpenAI's business relationship with Microsoft breached any contract or violated any other right or duty allegedly owed to You or to others.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 10.**

Admit that prior to Your filing of the State Action, You never informed Altman that OpenAI's decisions with respect to whether to open source its technology breached any contract or violated any other right or duty allegedly owed to You or to others.

CASE NO. 24-CV-04722-YGR
MUSK'S R&OS TO OPENAI RFA2

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 10.**

2           Plaintiff restates and incorporates by reference the Preliminary Statement, General

3    Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

4    Response as though fully set forth in this Response. Plaintiff further objects to this Request as

5    overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

6    issue in this litigation.

7           Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

8    Denied.

9    **REQUEST FOR ADMISSION NO. 11.**

10          Admit that prior to Your filing of the State Action, You never informed Brockman that

11   OpenAI's decisions with respect to whether to open source its technology breached any contract or

12   violated any other right or duty allegedly owed to You or to others.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 11.**

14          Plaintiff restates and incorporates by reference the Preliminary Statement, General

15   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

16   Response as though fully set forth in this Response. Plaintiff further objects to this Request as

17   overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

18   issue in this litigation.

19          Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

20   Denied.

21   **REQUEST FOR ADMISSION NO. 12.**

22          Admit that prior to Your filing of the State Action, You never informed any other OpenAI

23   Defendant that OpenAI's decisions with respect to whether to open source its technology breached

24   any contract or violated any other right or duty allegedly owed to You or to others.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 12.**

26          Plaintiff restates and incorporates by reference the Preliminary Statement, General

27   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

28   Response as though fully set forth in this Response. Plaintiff further objects to this Request as

10

1  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

2  issue in this litigation.

3      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

4  Denied.

5  **REQUEST FOR ADMISSION NO. 13.**

6      Admit that prior to Your filing of the State Action, You never informed Altman that

7  OpenAI's formation and/or expansion of the Capped-Profit Enterprise breached any contract or

8  violated any other right or duty allegedly owed to You or to others.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 13.**

10     Plaintiff restates and incorporates by reference the Preliminary Statement, General

11  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

12  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

13  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

14  issue in this litigation.

15     Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

16  Denied.

17  **REQUEST FOR ADMISSION NO. 14.**

18     Admit that prior to Your filing of the State Action, You never informed Brockman that

19  OpenAI's formation and/or expansion of the Capped-Profit Enterprise breached any contract or

20  violated any other right or duty allegedly owed to You or to others.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 14.**

22     Plaintiff restates and incorporates by reference the Preliminary Statement, General

23  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

24  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

25  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

26  issue in this litigation.

27     Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

28  Denied.

11

1   **REQUEST FOR ADMISSION NO. 15.**

2          Admit that prior to Your filing of the State Action, You never informed any other OpenAI

3   Defendant that OpenAI's formation and/or expansion of the Capped-Profit Enterprise breached any

4   contract or violated any other right or duty allegedly owed to You or to others.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 15.**

6          Plaintiff restates and incorporates by reference the Preliminary Statement, General

7   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

8   Response as though fully set forth in this Response. Plaintiff further objects to this Request as

9   overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

10  issue in this litigation.

11         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

12  Denied.

13  **REQUEST FOR ADMISSION NO. 16.**

14         Admit that prior to Your filing of the State Action, You never informed Altman that You

15  believed You, Altman, and OpenAI, Inc. were parties to any contract described in the Second

16  Amended Complaint filed in this action.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 16.**

18         Plaintiff restates and incorporates by reference the Preliminary Statement, General

19  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

20  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

21  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

22  issue in this litigation.

23         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

24  Denied.

25  **REQUEST FOR ADMISSION NO. 17.**

26         Admit that prior to Your filing of the State Action, You never informed Brockman that You

27  believed You, Altman, and OpenAI, Inc. were parties to any contract described in the Second

28  Amended Complaint filed in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 18.**

Admit that prior to Your filing of the State Action, You never informed any other OpenAI Defendant that You believed You, Altman, and OpenAI, Inc. were parties to any contract described in the Second Amended Complaint filed in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 19.**

Admit that prior to Your filing of the State Action, You never informed Altman that You believed Your consent or approval was needed before OpenAI, Inc. could create a for-profit entity affiliated with OpenAI, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as

overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 20.**

Admit that prior to Your filing of the State Action, You never informed Brockman that You believed Your consent or approval was needed before OpenAI, Inc. could create a for-profit entity affiliated with OpenAI, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 21.**

Admit that prior to Your filing of the State Action, You never informed any other OpenAI Defendant that You believed Your consent or approval was needed before OpenAI, Inc. could create a for-profit entity affiliated with OpenAI, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

CASE NO. 24-CV-04722-YGR
MUSK'S R&OS TO OPENAI RFA2

1    **REQUEST FOR ADMISSION NO. 22.**

2        Admit that prior to the formation of OpenAI, L.P. in 2019, You sought to create a for-profit

3    entity affiliated with OpenAI, Inc.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 22.**

5        Plaintiff restates and incorporates by reference the Preliminary Statement, General

6    Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

7    Response as though fully set forth in this Response. Plaintiff further objects to this Request as

8    overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

9    issue in this litigation.

10        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

11    Denied.

12    **REQUEST FOR ADMISSION NO. 23.**

13        Admit that You did not inform Altman, Brockman, or any other OpenAI Defendant of Your

14    efforts to create a for-profit entity affiliated with OpenAI, Inc.

15    **RESPONSE TO REQUEST FOR ADMISSION NO. 23.**

16        Plaintiff restates and incorporates by reference the Preliminary Statement, General

17    Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

18    Response as though fully set forth in this Response. Plaintiff further objects to this Request as it

19    assumes facts, and is overbroad and unduly burdensome insofar as it lacks any meaningful

20    connection to the claims at issue in this litigation.

21        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

22    Denied.

23    **REQUEST FOR ADMISSION NO. 24.**

24        Admit that prior to Your filing of the State Action, You never informed Altman that You

25    believed Your consent or approval was needed before OpenAI could enter into a business

26    relationship with Microsoft.

27    **RESPONSE TO REQUEST FOR ADMISSION NO. 24.**

28        Plaintiff restates and incorporates by reference the Preliminary Statement, General

Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 25.**

Admit that prior to Your filing of the State Action, You never informed Brockman that You believed Your consent or approval was needed before OpenAI could enter into a business relationship with Microsoft.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 26.**

Admit that prior to Your filing of the State Action, You never informed any other OpenAI Defendant that You believed Your consent or approval was needed before OpenAI could enter into a business relationship with Microsoft.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

16

1   Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

2   Denied.

3   **REQUEST FOR ADMISSION NO. 27.**

4   Admit that prior to Your filing of the State Action, You never informed Altman that You

5   believed Your consent or approval was needed before OpenAI could make the decision not to open

6   source any particular technology.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 27.**

8   Plaintiff restates and incorporates by reference the Preliminary Statement, General

9   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

10  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

11  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

12  issue in this litigation.

13  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

14  Denied.

15  **REQUEST FOR ADMISSION NO. 28.**

16  Admit that prior to Your filing of the State Action, You never informed Brockman that You

17  believed Your consent or approval was needed before OpenAI could make the decision not to open

18  source any particular technology.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 28.**

20  Plaintiff restates and incorporates by reference the Preliminary Statement, General

21  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

22  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

23  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

24  issue in this litigation.

25  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

26  Denied.

27  **REQUEST FOR ADMISSION NO. 29.**

28  Admit that prior to Your filing of the State Action, You never informed any other OpenAI

17

CASE NO. 24-CV-04722-YGR
MUSK'S R&OS TO OPENAI RFA2

1    Defendant that You believed Your consent or approval was needed before OpenAI could make the

2    decision not to open source any particular technology.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 29.**

4         Plaintiff restates and incorporates by reference the Preliminary Statement, General

5    Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

6    Response as though fully set forth in this Response. Plaintiff further objects to this Request as

7    overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

8    issue in this litigation.

9         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

10   Denied.

11   **REQUEST FOR ADMISSION NO. 30.**

12        Admit that, prior to its formation, You never informed Altman that You objected to the

13   formation of OpenAI, L.P.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 30.**

15        Plaintiff restates and incorporates by reference the Preliminary Statement, General

16   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

17   Response as though fully set forth in this Response. Plaintiff further objects to this Request as

18   overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

19   issue in this litigation.

20        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

21   Denied.

22   **REQUEST FOR ADMISSION NO. 31.**

23        Admit that, prior to its formation, You never informed Brockman that You objected to the

24   formation of OpenAI, L.P.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 31.**

26        Plaintiff restates and incorporates by reference the Preliminary Statement, General

27   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

28   Response as though fully set forth in this Response. Plaintiff further objects to this Request as

18

1  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

2  issue in this litigation.

3      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

4  Denied.

5  **REQUEST FOR ADMISSION NO. 32.**

6      Admit that, prior to its formation, You never informed any other OpenAI Defendant that

7  You objected to the formation of OpenAI, L.P.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 32.**

9      Plaintiff restates and incorporates by reference the Preliminary Statement, General

10  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

11  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

12  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

13  issue in this litigation.

14      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

15  Denied.

16  **REQUEST FOR ADMISSION NO. 33.**

17      Admit that OpenAI, Inc.'s annual filings on Form 990 are publicly available.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 33.**

19      Plaintiff restates and incorporates by reference the Preliminary Statement, General

20  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

21  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

22  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

23  issue in this litigation.

24      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

25  Plaintiff denies that all of OpenAI, Inc.'s Form 990 filings are publicly available.

26  **REQUEST FOR ADMISSION NO. 34.**

27      Admit that OpenAI, Inc.'s filings submitted to the California Attorney General's Registry of

28  Charitable Trusts are publicly available.

CASE NO. 24-CV-04722-YGR
MUSK'S R&OS TO OPENAI RFA2

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 34.**

2      Plaintiff restates and incorporates by reference the Preliminary Statement, General

3  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

4  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

5  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

6  issue in this litigation.

7      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

8  Plaintiff denies that all of OpenAI, Inc.'s filings with the California Attorney General's Registry of

9  Charitable Trusts are publicly available.

10  **REQUEST FOR ADMISSION NO. 35.**

11      Admit that You pledged, committed, or promised to donate up to $1 billion to OpenAI, Inc.

12  to the extent that amount of funding was not ultimately raised through other sources of donations.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 35.**

14      Plaintiff restates and incorporates by reference the Preliminary Statement, General

15  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

16  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

17  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

18  issue in this litigation.

19      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

20  Denied as written.

21  **REQUEST FOR ADMISSION NO. 36.**

22      Admit that You did not donate the amount necessary to reach $1 billion in total donations to

23  OpenAI, Inc., notwithstanding the fact that OpenAI, Inc. ultimately raised less than $1 billion in

24  donations from other sources.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 36.**

26      Plaintiff restates and incorporates by reference the Preliminary Statement, General

27  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

28  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

20

1    overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

2    issue in this litigation.

3          Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

4    Plaintiff admits he made approximately $44 million in financial contributions, paid the lease for

5    OpenAI's office space, and provided substantial value to OpenAI, Inc. in the form of recruiting AI

6    talent, and lending his goodwill and reputation to OpenAI, Inc. Plaintiff reserves the right to

7    supplement this response.

8    **REQUEST FOR ADMISSION NO. 37.**

9          Admit that, prior to the formation of OpenAI, L.P. in 2019, You proposed that OpenAI raise

10   additional capital from sources that would expect a return on their investment.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 37.**

12         Plaintiff restates and incorporates by reference the Preliminary Statement, General

13   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

14   Response as though fully set forth in this Response. Plaintiff further objects to this Request as

15   overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

16   issue in this litigation.

17         Subject to and without waiving the foregoing objections, Plaintiff responds as follows: As

18   written, Plaintiff cannot admit or deny this Request at this time.

19   **REQUEST FOR ADMISSION NO. 38.**

20         Admit that, prior to the formation of OpenAI, L.P. in 2019, You proposed changes to

21   OpenAI's structure and governance that would have given You control over OpenAI.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 38.**

23         Plaintiff restates and incorporates by reference the Preliminary Statement, General

24   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

25   Response as though fully set forth in this Response. Plaintiff further objects to this Request as

26   overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

27   issue in this litigation.

28         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

1  Denied as written.

2  **REQUEST FOR ADMISSION NO. 39.**

3      Admit that prior to the formation of OpenAI, L.P. in 2019, You attempted to negotiate for

4  governance arrangements giving You control of OpenAI.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 39.**

6      Plaintiff restates and incorporates by reference the Preliminary Statement, General

7  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

8  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

9  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

10  issue in this litigation.

11      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

12  Denied as written.

13  **REQUEST FOR ADMISSION NO. 40.**

14      Admit that the X Algorithm promotes, amplifies, or otherwise gives priority to Your posts

15  on the X social media platform.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 40.**

17      Plaintiff restates and incorporates by reference the Preliminary Statement, General

18  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

19  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

20  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

21  issue in this litigation.

22      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

23  Denied.

24  **REQUEST FOR ADMISSION NO. 41.**

25      Admit that the X Algorithm promotes, amplifies, or otherwise gives priority to positive posts

26  about You on the X social media platform.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 41.**

28      Plaintiff restates and incorporates by reference the Preliminary Statement, General

Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 42.**

Admit that the X Algorithm promotes, amplifies, or otherwise gives priority to positive posts about xAI on the X social media platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 43.**

Admit that the X Algorithm promotes, amplifies, or otherwise gives priority to positive posts about Grok on the X social media platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 44.**

Admit that the X Algorithm promotes, amplifies, or otherwise gives priority to negative posts about OpenAI on the X social media platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 45.**

Admit that the X Algorithm promotes, amplifies, or otherwise gives priority to negative posts about ChatGPT and/or other OpenAI technology on the X social media platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 46.**

Admit that the X Algorithm promotes, amplifies, or otherwise gives priority to negative posts about Altman on the X social media platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 47.**

Admit that the X Algorithm promotes, amplifies, or otherwise gives priority to negative posts about Brockman on the X social media platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 48.**

Admit that the X Algorithm suppresses, de-amplifies, or otherwise de-prioritizes positive posts about ChatGPT and/or other OpenAI technology on the X social media platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

1    **REQUEST FOR ADMISSION NO. 49.**

2         Admit that the X Algorithm suppresses, de-amplifies, or otherwise de-prioritizes positive

3    posts about Altman on the X social media platform.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 49.**

5         Plaintiff restates and incorporates by reference the Preliminary Statement, General

6    Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

7    Response as though fully set forth in this Response. Plaintiff further objects to this Request as

8    overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

9    issue in this litigation.

10        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

11   Denied.

12   **REQUEST FOR ADMISSION NO. 50.**

13        Admit that the X Algorithm suppresses, de-amplifies, or otherwise de-prioritizes positive

14   posts about Brockman on the X social media platform.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 50.**

16        Plaintiff restates and incorporates by reference the Preliminary Statement, General

17   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

18   Response as though fully set forth in this Response. Plaintiff further objects to this Request as

19   overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

20   issue in this litigation.

21        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

22   Denied.

23   **REQUEST FOR ADMISSION NO. 51.**

24        Admit that You were a member of OpenAI, Inc. from the time of its founding until Your

25   resignation from the Board on February 21, 2018.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 51.**

27        Plaintiff restates and incorporates by reference the Preliminary Statement, General

28   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

1    Response as though fully set forth in this Response.

2    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

3    Admitted.

4    **REQUEST FOR ADMISSION NO. 52.**

5    Admit that more than 50% of Your alleged donations to OpenAI, Inc., measured in dollar

6    amount, were made when You were a member of OpenAI, Inc.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 52.**

8    Plaintiff restates and incorporates by reference the Preliminary Statement, General

9    Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

10    Response as though fully set forth in this Response. Plaintiff further objects to this Request as

11    overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

12    issue in this litigation.

13    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

14    Admitted.

15    **REQUEST FOR ADMISSION NO. 53.**

16    Admit that You caused engineers from OpenAI to be temporarily sent to work at Tesla to

17    assist in the development of Tesla's technology.

18    **RESPONSE TO REQUEST FOR ADMISSION NO. 53.**

19    Plaintiff restates and incorporates by reference the Preliminary Statement, General

20    Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

21    Response as though fully set forth in this Response. Plaintiff further objects to this Request as

22    overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

23    issue in this litigation.

24    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

25    Denied as written.

26    **REQUEST FOR ADMISSION NO. 54.**

27    Admit that the legal entity, OpenAI, Inc., has remained a non-profit organization since its

28    founding.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 54.**

2           Plaintiff restates and incorporates by reference the Preliminary Statement, General

3    Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

4    Response as though fully set forth in this Response.

5           Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

6    Denied insofar as OpenAI, Inc., at the direction of Altman, Brockman, Microsoft and others has for

7    years functioned as a for profit enterprise through an opaque structured web of for-profit entities, all

8    without regulatory approval.

9    **REQUEST FOR ADMISSION NO. 55.**

10          Admit that You were offered a financial interest in the Capped-Profit Enterprise in or before

11   2019.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 55.**

13          Plaintiff restates and incorporates by reference the Preliminary Statement, General

14   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

15   Response as though fully set forth in this Response. Plaintiff further objects to this Request as

16   overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

17   issue in this litigation.

18          Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

19   Denied as written.

20   **REQUEST FOR ADMISSION NO. 56.**

21          Admit that You did not accept the financial interest in the Capped-Profit Enterprise that was

22   offered to You in or before 2019.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 56.**

24          Plaintiff restates and incorporates by reference the Preliminary Statement, General

25   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

26   Response as though fully set forth in this Response. Plaintiff further objects to this Request as

27   overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

28   issue in this litigation.

1    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
2    Denied as written.

3    **REQUEST FOR ADMISSION NO. 57.**

4    Admit that the $500,000.00 donation on May 27, 2016 identified in Exhibit 1 to Your
5    Responses & Objections to the OpenAI Defendants' First Set of Interrogatories was made through
6    YC Org.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 57.**

8    Plaintiff restates and incorporates by reference the Preliminary Statement, General
9    Objections, and Objections to Definitions and Instructions above and as set forth in its Initial
10   Response as though fully set forth in this Response. Plaintiff further objects to this Request as
11   overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at
12   issue in this litigation.

13   Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
14   Denied as written.

15   **REQUEST FOR ADMISSION NO. 58.**

16   Admit that the $16,028,500.00 donation on January 1, 2017 identified in Exhibit 1 to Your
17   Responses & Objections to the OpenAI Defendants' First Set of Interrogatories was made through
18   YC Org.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 58.**

20   Plaintiff restates and incorporates by reference the Preliminary Statement, General
21   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial
22   Response as though fully set forth in this Response. Plaintiff further objects to this Request as
23   overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at
24   issue in this litigation.

25   Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
26   Denied as written.

27   **REQUEST FOR ADMISSION NO. 59.**

28   Admit that the donations made through "UBS DAF" according to Exhibit 1 to Your

29

1  Responses & Objections to the OpenAI Defendants' First Set of Interrogatories were made through

2  Fidelity Charitable.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 59.**

4      Plaintiff restates and incorporates by reference the Preliminary Statement, General

5  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

6  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

7  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

8  issue in this litigation.

9      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

10  Denied as written.

11  **REQUEST FOR ADMISSION NO. 60.**

12      Admit that You spent an average of three hours or less per week on matters related to

13  OpenAI prior to Your resignation as OpenAI's co-chair in 2018.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 60.**

15      Plaintiff restates and incorporates by reference the Preliminary Statement, General

16  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

17  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

18  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

19  issue in this litigation.

20      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

21  Denied.

22  **REQUEST FOR ADMISSION NO. 61.**

23      Admit that xAI's acquisition of X gives xAI direct access to X user data on which it has

24  trained its AI models.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 61.**

26      Plaintiff restates and incorporates by reference the Preliminary Statement, General

27  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

28  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

1  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

2  issue in this litigation.

3       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

4  Plaintiff will not respond to this Request at this time.

5  **REQUEST FOR ADMISSION NO. 62.**

6       Admit that attaining artificial general intelligence requires billions of dollars of capital

7  expenditures each year.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 62.**

9       Plaintiff restates and incorporates by reference the Preliminary Statement, General

10 Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

11 Response as though fully set forth in this Response. Plaintiff further objects to this Request as

12 overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

13 issue in this litigation.

14      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

15 Plaintiff admits that training artificial intelligence is quite costly however due to the vague open-

16 ended wording and speculative nature of this Request, Plaintiff cannot otherwise neither admit or

17 deny it and accordingly, denies it.

18 **REQUEST FOR ADMISSION NO. 63.**

19      Admit that the majority of the directors on OpenAI, Inc.'s board are Independent.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 63.**

21      Plaintiff restates and incorporates by reference the Preliminary Statement, General

22 Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

23 Response as though fully set forth in this Response. Plaintiff further objects to this Request as

24 overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

25 issue in this litigation. Further responding, Plaintiff objects to this Request to the extent is violates

26 Federal Rule of Civil Procedure 36 and applicable case law because it seeks to establish facts which

27 are obviously in dispute. *See, e.g., K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG (SSx),

28 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014) ("[R]equests for admission should not be used to

31

CASE NO. 24-CV-04722-YGR
MUSK'S R&OS TO OPENAI RFA2

1  establish facts which are obviously in dispute[.]") (external citations omitted); *Vaden v. Summerhill*,

2  No. 06-CV-1836-GEB-KJM., 2008 WL 822152, at *2 (E.D. Cal. Mar. 27, 2008) (same). Plaintiff

3  further objects to this Request on the basis that the scope of time encompassed by the Request is not

4  limited and the Request is therefore overbroad, further vague and ambiguous and unduly

5  burdensome.

6      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

7  Denied.

8  **REQUEST FOR ADMISSION NO. 64.**

9      Admit that OpenAI did not disclose its financial results to You prior to Your Purported Bid.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 64.**

11      Plaintiff restates and incorporates by reference the Preliminary Statement, General

12  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

13  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

14  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

15  issue in this litigation.

16      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

17  Denied as written.

18  **REQUEST FOR ADMISSION NO. 65.**

19      Admit that OpenAI, Inc. has never made representations indicating it owns 51% of the

20  Capped Profit Enterprise.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 65.**

22      Plaintiff restates and incorporates by reference the Preliminary Statement, General

23  Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

24  Response as though fully set forth in this Response. Plaintiff further objects to this Request as

25  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

26  issue in this litigation.

27      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

28  Denied as written. Whether or not such representations were made to Plaintiff, he is not in

1    possession of the totality of all representations ever made by OpenAI.

2    **REQUEST FOR ADMISSION NO. 66.**

3        Admit that Ron Baron and/or Baron Capital Group, Inc. committed $5 million or less to the

4    Purported Bid.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 66.**

6        Plaintiff restates and incorporates by reference the Preliminary Statement, General

7    Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

8    Response as though fully set forth in this Response. Plaintiff further objects to this Request as

9    overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

10   issue in this litigation.

11       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

12   Plaintiff will not respond to this Request at this time.

13   **REQUEST FOR ADMISSION NO. 67.**

14       Admit that You told Ron Baron that the purpose of the Purported Bid was to obtain

15   information regarding OpenAI.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 67.**

17       Plaintiff restates and incorporates by reference the Preliminary Statement, General

18   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

19   Response as though fully set forth in this Response. Plaintiff further objects to this Request as

20   overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at

21   issue in this litigation.

22       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

23   Denied.

24   **REQUEST FOR ADMISSION NO. 68.**

25       Admit that OpenAI is a direct competitor of xAI.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 68.**

27       Plaintiff restates and incorporates by reference the Preliminary Statement, General

28   Objections, and Objections to Definitions and Instructions above and as set forth in its Initial

33

CASE NO. 24-CV-04722-YGR
MUSK'S R&OS TO OPENAI RFA2

1  Response as though fully set forth in this Response. Plaintiff further objects to this Request as
2  overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at
3  issue in this litigation.

4       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
5  Plaintiff admits that OpenAI competes with xAI in certain areas.

6  **REQUEST FOR ADMISSION NO. 69.**

7       Admit that neither You nor xAI intended to purchase OpenAI, Inc.'s assets in February
8  2025.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 69.**

10      Plaintiff restates and incorporates by reference the Preliminary Statement, General
11 Objections, and Objections to Definitions and Instructions above and as set forth in its Initial
12 Response as though fully set forth in this Response. Plaintiff further objects to this Request as
13 overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at
14 issue in this litigation.

15      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
16 Denied, as the intent was to purchase OpenAI, Inc.'s assets to the extent OpenAI, Inc. at the
17 direction of Altman and other members of its Board of Directors proceeded with their plans to sell,
18 transfer, or dilute such assets as part of the announced for-profit conversion of OpenAI.

19 **REQUEST FOR ADMISSION NO. 70.**

20      Admit that You encouraged potential investors not to invest in Stargate.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 70.**

22      Plaintiff restates and incorporates by reference the Preliminary Statement, General
23 Objections, and Objections to Definitions and Instructions above and as set forth in its Initial
24 Response as though fully set forth in this Response. Plaintiff further objects to this Request as
25 overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at
26 issue in this litigation.

27      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
28 Denied.

**REQUEST FOR ADMISSION NO. 71.**

Admit that You had advance notice of the submission of the petitions filed by Your counsel in this matter at Dkt. 158-8 and Dkt. 161-1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied as written.

**REQUEST FOR ADMISSION NO. 72.**

Admit that You have used data procured from the U.S. federal government for AI training purposes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72.**

Plaintiff restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Plaintiff further objects to this Request as overbroad and unduly burdensome insofar as it lacks any meaningful connection to the claims at issue in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Denied.

Date: July 7, 2025                    TOBEROFF & ASSOCIATES, P.C.

_/s/ Marc Toberoff_
Marc Toberoff

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*

1

## **PROOF OF SERVICE**

2  I, Jaymie Parkkinen, declare:

3          I am over the age of eighteen years and not a party to the within action. I am a resident of or

4  employed in the county where the service described below occurred. My business address is 23823

5  Malibu Road, Suite 50-363, Malibu, CA 90265. On the date indicated below, I caused the

6  following:

7  **PLAINTIFF MUSK'S RESPONSES AND OBJECTIONS TO OPENAI DEFENDANTS'
8  SECOND SET OF REQUESTS FOR ADMISSION**

9  to be served as follows:

10          [X]      **BY ELECTRONIC MAIL** - I caused the above-described document to be served

11  by electronic mail transmission on the interested parties noted below, where an electronic mail

12  address is indicated.

13  William Savitt                              Russell Cohen
    *wdsavitt@wlrk.com*                          *russ.cohen@dechert.com*
14  Bradley R Wilson                             Nisha Patel Gupta
    *brwilson@wlrk.com*                          *nisha.patelgupta@dechert.com*
15  Sarah Eddy                                   Howard Ullman
    *skeddy@wlrk.com*                            *howard.ullman@dechert.com*
16  Nathaniel Cullerton                          Jay Jurata
    *ndcullerton@wlrk.com*                       *jay.jurata@dechert.com*
17  Ioannis Drivas                               Andrew Levander
    *iddrivas@wlrk.com*                          *andrew.levander@dechert.com*
18  Kelsey Borenzweig                            DECHERT LLP
    *kaborenzweig@wlrk.com*
19  WACHTELL, LIPTON, ROSEN & KATZ
20
21  Jordan Eth
    *jeth@mofo.com*
22  William Frentzen
    *wfrentzen@mofo.com*
23  David Wiener
    *dwiener@mofo.com*
24  MORRISON & FOERSTER LLP

25

26          I declare under penalty of perjury that the foregoing is true and correct. Executed on July 7,

27  2025, at Beverly Hills, California.

28                                          */s/ Jaymie Parkkinen*
                                             Jaymie Parkkinen

36

CASE NO. 24-CV-04722-YGR
MUSK'S R&OS TO OPENAI RFA2