UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>SAMUEL ALTMAN, et al.,<br><br>            Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**[PROPOSED] ORDER GRANTING THE OPENAI DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: January 7, 2026<br>Time: 2:00 p.m.<br>Courtroom: 1 – 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

**[PROPOSED] ORDER**

Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC (the "OpenAI Defendants") move pursuant to Federal Rule of Civil Procedure 56 for an order entering summary judgment in their favor on Plaintiff Elon Musk's claims for breach of charitable trust (Count XVIII), constructive fraud (Count VI), fraud (Count VII), and unjust enrichment (Count IV) (the "Motion").

Having considered all papers filed and arguments by the parties in connection with the Motion, the Motion is GRANTED.

**BACKGROUND**

OpenAI, Inc. ("OpenAI") is a Delaware nonprofit corporation headquartered in California. It was founded in 2015 by Sam Altman, Greg Brockman, Ilya Sutskever, and Elon Musk.

Musk filed this lawsuit against Altman, Brockman, OpenAI, Inc., and other OpenAI entities in August 2024. Dkt. 1. Musk amended his complaint in November 2024, Dkt. 32, and again in May 2025, Dkt. 170 ("SAC"). Musk and his entity X.AI Corp. asserted 26 causes of action against the OpenAI Defendants. In its rulings on the OpenAI Defendants' motions to dismiss, the Court dismissed Musk's claims for breach of express contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, aiding and abetting fraud, a Clayton Act violation, false advertising under the Lanham Act, false advertising under California law, aiding and abetting breach of fiduciary duty to Musk, breach of fiduciary duty to OpenAI, self-dealing, aiding and abetting breach of fiduciary duty to OpenAI, civil RICO, and RICO conspiracy. Dkt. 121 at 11 n.8, 16 n.13; Dkt. 163; Dkt. 228 at 9-13. The Court permitted Musk's claims for breach of implied contract, breach of quasi-contract/unjust enrichment, constructive fraud, fraud, and

1  breach of charitable trust to proceed to discovery. Dkt. 163. On October 9, 2025, Musk filed a
2  notice electing to proceed with his quasi-contract/unjust enrichment claim, abandoning his implied
3  contract claim. Dkt. 313.

## ANALYSIS

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Musk "will have the burden of proof at trial," the OpenAI Defendants "need only point out that there is an absence of evidence to support [his] case." *Olivier* v. *Baca*, 913 F.3d 852, 857 (9th Cir. 2019). Musk must "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Musk's "burden is not a light one," *id.*, as he must present "significant probative evidence" to show a genuine factual dispute, *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Applying this standard, summary judgment is warranted on each of Musk's remaining Phase I claims.

### I.   BREACH OF CHARITABLE TRUST (COUNT XVIII)

Summary judgment in favor of the OpenAI Defendants is appropriate on Musk's claim for breach of charitable trust because there is no genuine dispute of material fact that Musk lacks standing to pursue the claim. Musk did not make any cash donations to OpenAI. Instead, Musk donated to two donor-advised funds ("DAFs") and to OpenAI's fiscal sponsor, YC Org. ("YC"). At the time of Musk's donations, those entities took ownership and control of the funds, and later donated to OpenAI. Musk received tax benefits upon his donations to the DAFs and YC. Those donations to the DAFs and YC severed Musk's legal interest in the funds before they were later donated to OpenAI. As a matter of law, Musk thus lacks Article III standing to bring a charitable trust claim based on those donations. *See Pinkert* v. *Schwab Charitable Fund*, 48 F.4th 1051 (9th Cir. 2022), *aff'g*, 2021 WL 2476869 (N.D. Cal. June 17, 2021).

Even if Musk could surmount Article III's bar, he also lacks standing under California law. In *Holt* v. *Coll. of Osteopathic Phys. & Surgeons*, the California Supreme Court explained that "the only person who can object to the disposition of the trust property is one having some definite interest in the property—he must be a trustee, or a *cestui* [*i.e.*, a beneficiary], or have some

reversionary interest in the trust property." 61 Cal. 2d 750, 753 (1964). Musk cannot claim standing on any of these bases. *Pinkert*, 2021 WL 2476869, at *5.

Musk also cannot pursue his claim on the basis of "settlor standing." Before discovery, the Court ruled that "for the purposes of" the OpenAI Defendants' motion to dismiss under Rule 12(b)(6), Musk's standing was "sufficient as a settlor," referencing § 94(2) of the Restatement (Third) of Trusts. Dkt. 121 at 15 n.11. But there is no trust for Musk to enforce within the meaning of the Third Restatement because the undisputed facts show that Musk's claimed donations were not subject to any specific restrictions; and even if a charitable trust was created within the meaning of the Third Restatement, the "settlors" would be Vanguard, Fidelity, and YC, not Musk.

Even if Musk had contributed directly to OpenAI, he would still lack standing to pursue his claim. Musk's reliance on § 5142 of California's Corporations Code is misplaced because: (a) that provision does not apply to nonprofit corporations incorporated outside of California like OpenAI, and (b) Musk does not meet any of the provision's standing requirements, as he is neither "[t]he corporation," nor an "officer" or "director" of the corporation, Cal. Corp. Code § 5142(a)(1)-(3), and has also disclaimed any "reversionary interest" in his claimed donations.

Musk's lack of reversionary interest in his alleged donations also forecloses any claim to "special interest" standing. Under California law, "[i]t is well established that the settlor of a charitable trust who retains no reversionary interest in the trust property lacks standing to bring an action to enforce the trust." *Horiike* v. *Humane Soc.*, 2016 WL 11744969, at *16 (C.D. Cal. June 20, 2016) (quoting *Patton* v. *Sherwood*, 152 Cal. App. 4th 339, 342 (2007)). Section 17510.8 of California's charitable solicitations statute does not give Musk standing either, as it is simply "declarative of existing trust law principles," and does not purport to extend standing to anyone. Cal. Bus. & Prof. Code § 17510.8. It also applies to public "solicitations," and not, as here, to solicitations "within the membership of a charitable organization." §§ 17510, 17510.6.

Finally, Musk's noncash contributions do not save his claim. To the extent the vehicles he donated could be deemed a restricted gift, Musk has identified no evidence that he retained a reversionary interest in them, nor that OpenAI used them in a manner inconsistent with any restriction. And Musk's alleged contributions of "personal investment of time, expertise, guidance,

and use of his reputation and professional network" cannot ground his claim because they do not qualify as trust property. *Gonsalves* v. *Hodgson*, 38 Cal. 2d 91, 98-99 (1951).

## II.  CONSTRUCTIVE FRAUD (COUNT VI)

Musk's constructive fraud claim is premised on the existence of an alleged "fiduciary relationship" arising from § 17510.8 and the same contributions on which Musk bases his charitable trust claim. SAC ¶¶ 291-93. Summary judgment is warranted on this claim, because (i) § 17510.8 does not apply to Musk's alleged contributions; (ii) even if it did, Musk did not make those contributions, severing any alleged fiduciary relationship; and (iii) Musk lacks standing to sue OpenAI for an alleged failure to "use [the] charitable contributions for the declared charitable purposes for which they [were] sought," SAC ¶ 292 (citing § 17510.8). *See Fabian* v. *LeMahieu*, 2019 WL 4918431, at *14 (N.D. Cal. Oct. 4, 2019); *Pinkert*, 2021 WL 2476869, at *1.[1]

## III.  FRAUD (COUNT VII)

Musk's fraud claim fails on multiple independent grounds. First, the record is devoid of any actionable misrepresentation of a "material and knowingly false representation of fact." *Huntsman* v. *Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 127 F.4th 784, 790 (9th Cir. 2025). The fraud theory Musk pleaded is that Altman and Brockman made false representations in two September 2017 communications: an email from Altman to Musk saying that he was "enthusiastic about the non-profit structure," and a second-hand report to Musk, filtered through Shivon Zilis, that Brockman "would like to continue with the non-profit structure" and that Altman was "[g]reat with keeping [OpenAI] non-profit." SAC ¶¶ 303-05. The record does not support the allegations of Musk's complaint. Because there was no actionable misrepresentation, the fraud claim must now be dismissed for want of evidentiary support. *Louis* v. *Nailtiques Cosmetic Corp.*, 423 F. App'x 711, 713 (9th Cir. 2011).

Second, the record evidence negates the element of justifiable reliance. *Huntsman*, 127 F.4th at 789-90. To prove justifiable reliance, "plaintiff[s] must show (1) that they actually relied

---

[1] Summary judgment on the constructive fraud claim is also warranted because the record evidence negates the elements of justifiable reliance and the claim is time-barred, for the reasons discussed in connection with the fraud claim. *See Smolen* v. *Deloitte, Haskins & Sells*, 921 F.2d 959, 964 (9th Cir. 1990); *Isaacs* v. *USC Keck Sch. of Med.*, 853 F. App'x 114, 116 (9th Cir. 2021).

1  on the defendant's misrepresentations, and (2) that they were reasonable in doing so." *Dey* v.
2  *Robinhood Mkts., Inc.*, 780 F. Supp. 3d 882, 891 (N.D. Cal. 2025). Musk's "own deposition
3  testimony establishes that [he] never believed" the alleged misrepresentations. *Major* v. *Ocean*
4  *Spray Cranberries, Inc.*, 2015 WL 859491, at *4 (N.D. Cal. Feb. 26, 2015). Musk's testimony thus
5  precludes a showing of actual reliance on the alleged misrepresentations, and forecloses any
6  suggestion that reliance would have been reasonable. Summary judgment is therefore warranted.
7  *See Mahon* v. *Mainsail LLC*, 2024 WL 3455277, at *10 (N.D. Cal. May 8, 2024).

Third, Musk's fraud claim is time-barred under California's three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). Such claims accrue when a reasonable person "would have been on notice of a potential misrepresentation." *Hamilton Materials, Inc.* v. *Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007). Musk's own testimony establishes that he believed he had "reason to be suspicious and should have investigated [the alleged] fraud" no later than September 2017. *Vera* v. *REL-BC, LLC*, 66 Cal. App. 5th 57, 70 (2021). Thus, the statute of limitations expired long before Musk filed suit in 2024.

### IV.   UNJUST ENRICHMENT (COUNT IV)

Unjust enrichment "is not a standalone cause of action" under California law. *Silver* v. *Stripe Inc.*, 2021 WL 3191752, at *8 (N.D. Cal. July 28, 2021). In the Ninth Circuit, "courts have construed purported claims for unjust enrichment as quasi-contract claims seeking restitution." *Brodsky* v. *Apple Inc.*, 2019 WL 4141936, at *10 (N.D. Cal. Aug. 30, 2019); Dkt. 298 at 2. The claim requires proof of the defendant's "receipt of a benefit and unjust retention of the benefit at the expense of another." Dkt. 163 at 3.

Musk's unjust enrichment claim fails on several independent grounds. First, California law bars the claim because Musk is pursuing tort claims based on the same alleged conduct. *Silver*, 2021 WL 3191752, at *8; *McBride* v. *Boughton*, 123 Cal. App. 4th 379, 388 (2004).

Second, any request-based quasi-contract theory fails because there was no expectation Musk would be compensated for his alleged contributions. *Taylor* v. *Google, LLC*, 2024 WL 837044, at *2 (9th Cir. Feb. 28, 2024); *Anderson* v. *Am. Airlines, Inc.*, 2011 WL 855820, at *5 (N.D. Cal. Mar. 9, 2011).

Third, any fraud-based unjust enrichment theory is impermissibly duplicative and fails in all events. *Young* v. *Cree, Inc.*, 2021 WL 4749384, at *10 (N.D. Cal. Oct. 12, 2021); Dkt. 163 at 3.

Finally, the claim is untimely under either theory. The two-year statute of limitations applicable to quasi-contract claims began to run no later than 2020, expiring long before Musk filed suit in 2024. *Wu* v. *Sunrider Corp.*, 2018 WL 6266577, at *6 (C.D. Cal. May 22, 2018), *aff'd*, 793 F. App'x 507 (9th Cir. 2019). The three-year statute of limitations applicable to fraud-based claims began to run at the same time as Musk's fraud claim and is untimely for the same reasons. *Zhang* v. *Yuan*, 2024 WL 3906751, at *1 (N.D. Cal. Aug. 21, 2024).

## CONCLUSION

For the foregoing reasons, it is ORDERED that the OpenAI Defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED this ___ day of _____, 2025

_____
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE