# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | Judge Yvonne Gonzalez Rogers |
| v. | **[PROPOSED] ORDER GRANTING DEFENDANT MICROSOFT CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |
| SAMUEL ALTMAN, et al., | |
| Defendants. | Date:  January 7, 2026<br>Time:  2:00 p.m.<br>Place:  Courtroom 1 (4th Floor)<br>         1301 Clay St.<br>         Oakland, CA  94612 |
| | Action filed: August 5, 2024 |

# [PROPOSED] ORDER

Before the Court is Defendant Microsoft Corporation's ("Microsoft" or "Defendant") Motion for Summary Judgment ("Motion"). Having considered the Motion and all documents and arguments related thereto, the Court hereby ORDERS that the Motion is **GRANTED.**

## BACKGROUND

There are only two claims currently at issue against Microsoft: Count 19 (aiding and abetting breach of fiduciary duty to Musk) and Count 4 (breach of quasi contract / unjust enrichment).[1] Having reviewed the evidence submitted by the parties, the Court finds that the following material facts are undisputed: 1) Microsoft was not involved with the founding of OpenAI, Inc. or the incorporation of OpenAI's for-profit subsidiary; 2) no one at Microsoft was ever told about any purported obligations or duties owed to Musk, or any purported restrictions relating to Musk's donations to OpenAI; 3) OpenAI and its for-profit subsidiary affirmatively represented to Microsoft that it had the authority to enter into agreements with Microsoft, and that the agreements did not violate any third-party agreements or rights; and 4) OpenAI's nonprofit board independently approved Microsoft's agreements to invest in and collaborate with OpenAI.

## ANALYSIS

Summary judgment is proper when there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (citing then-Fed. R. Civ. P. 56(a)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[1] Pursuant to the Court's Order Requiring Further Election [Dkt. No. 298], Plaintiff Elon Musk elected to pursue an unjust enrichment theory instead of his implied contract claim. [Dkt. No. 313]. The Court accordingly grants judgment on Plaintiff's tortious interference with contract claim against Microsoft, which fails in the absence of a claimed contract, May 1 Order on Motions to Dismiss [Dkt. No. 228] at 4, citing *Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1603 (2009). The absence of evidence of knowledge on the aiding and abetting and unjust enrichment claims also would have precluded the tortious interference claim. *Winchester Mystery House, LLC v. Global Asylum, Inc.*, 210 Cal. App. 4th 579, 596 (2012) (actual knowledge of agreement required for tortious interference).

1  248-49 (1986). Thus, the Court must ask whether there is evidence upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed. *Id*.

Once the moving party meets its initial burden—including by arguing that there is an ***absence*** of evidence of an element where the non-movant bears the burden of proving the element at trial, *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000)—the non-moving party must go beyond the pleadings and, by its ***own*** evidence, "set forth specific facts showing that there is a genuine issue for trial." *Anderson* at 248 (citing then-Fed. R. Civ. P. 56(e)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(e)(3).

## I.      Count 19 (Aiding and Abetting Breach of Fiduciary Duty to Musk)

To establish a claim for aiding and abetting breach of fiduciary duty, Musk must prove: (a) knowledge that another's conduct constitutes breach of fiduciary duty; and (b) substantial assistance or encouragement to the other to so act. *Casey v. United States Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144, 1148 (2005).[2]

### a.  Actual Knowledge

If an aiding and abetting defendant does not have "actual knowledge of the specific primary wrong the defendant substantially assisted," the claim must fail. *AngioScore, Inc. v. TriReme Med., LLC*, 70 F. Supp. 3d 951, 957 (N.D. Cal. 2014) (cit. omit.). The undisputed evidence submitted by the parties shows that Microsoft had no knowledge of any purported duties or obligations that OpenAI, Altman, or Brockman owed to Musk, or any breach of those duties. Numerous witnesses affiliated with the Plaintiff, OpenAI, and Microsoft testified that no one ever told anyone at Microsoft about any purported duties or obligations OpenAI, Altman, or Brockman owed to Musk. *See* Microsoft Motion at Section IV(A)(1)(b). Nor is there any evidence that suggests otherwise. *Id.* Microsoft also points to due diligence it conducted, which did not reveal or even suggest that any duties or obligations were owed to Musk. *Id.*

---

[2] A second type of aiding and abetting liability under California law, where providing substantial assistance to the other in accomplishing a tortious result and the defendant's own conduct, separately considered, constitutes a breach of duty to the third person, is not at issue here. *Casey*, 127 Cal App. 4th at 1144.

In response, Musk points only to evidence suggesting that Microsoft should have known that OpenAI owed certain legal duties to Musk. But that is insufficient under the law. *AngioScore*, 70 F. Supp. 3d at 957; *In re Columbia Pipeline Group, Inc. Merger Litig.*, 2025 WL 1693491, at *23 (Del. June 17, 2025) (aider and abettor must have actual, not just constructive, knowledge of fiduciary duty breach). Microsoft met its burden, and Musk has not pointed to any evidence that creates a genuine issue as to whether Microsoft had actual knowledge. Microsoft is thus entitled to summary judgment because a reasonable jury could not find that Microsoft had actual knowledge of any duty or obligation to Musk, which is a necessary element of Musk's aiding and abetting claim.

### b. Intent

Although Microsoft is entitled to summary judgment on Count 19 based on the actual knowledge element, the Court reaches the same conclusion based on the separate element of intent for aiding and abetting claims. A defendant can be held liable as a tortfeasor for acting in concert only if he or she knew that a tort had been, or was to be, committed, and acted "***with the intent of facilitating the commission of that tort.***" *Casey*, 127 Cal. App. 4th at 1146 (emphasis in original, cit. omit.). There is no evidence that Microsoft intended to aid and abet the breach of fiduciary duty to Musk. Indeed, the only evidence, as noted above, shows that: 1) Microsoft entered its agreements with OpenAI and its for-profit subsidiary after OpenAI's nonprofit board independently approved each of the agreements, and 2) OpenAI entities affirmatively represented to Microsoft that they had the authority to enter into the agreements with Microsoft and the agreements would *not* violate any third-party rights. *See* Microsoft Motion at Section IV(A)(2)(b). These facts are undisputed by Musk. On these facts, Microsoft "had no reason to know" about any potential breach of duties to Musk, *In re Radnor Holdings Corp.*, 353 B.R. 820, 844 (Bankr. D. Del. 2006) and thus could not have intended to assist in their breach. *Casey*, 127 Cal. App. 4th at 1146.

## II.   Count 4 (Breach of Quasi-Contract/ Unjust Enrichment)

A plaintiff's claim for unjust enrichment fails when it is premised on the same factual allegations as claims that are dismissed. *Gudgel v. Clorox Co.*, 514 F.Supp.3d 1177, 1188 (N.D.

1   Cal. 2021). Since the aiding and abetting claim fails as a matter of law, Musk's unjust enrichment
2   claim necessarily fails as well since it is predicated on the same conduct. *See* Microsoft Motion at
3   Section IV(B)(1).
4       In addition to alleging the same underlying conduct, Musk requests identical relief for his
5   aiding and abetting and unjust enrichment claims. *See* Section IV(B)(2). This contravenes the
6   federal common law requirement that a plaintiff must establish the lack of an adequate remedy at
7   law before securing equitable restitution in federal court for past harm under California law.
8   *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1303 (9th Cir. 2022). Because Musk would
9   have an identical adequate remedy at law under his aiding and abetting claim, his standalone unjust
10  enrichment claim fails as well. *Stapleton v. JPMorgan Chase Bank, N.A.*, 779 F. Supp. 3d 1059,
11  1076 (N.D. Cal. 2025); *Sepanossian v. National Ready Mixed Concrete Co.*, 97 Cal. App. 5th 192,
12  207-08 (2023).
13      Finally, even if the Court undertook an independent analysis of Musk's quasi-contract /
14  unjust enrichment claim, the result would be the same. There is nothing "unjust" about a for-profit
15  company like Microsoft realizing financial gain from a commercial partnership so long as it
16  transacted without knowledge of any underlying wrong. *First Nationwide Savings v. Perry*, 11
17  Cal. App. 4th 1657, 1663-64 (1992). As stated above, there is no evidence that Microsoft had
18  knowledge of any duties owed to Musk or any breaches of any such unknown duties. On the
19  contrary, OpenAI's board approved the agreements and OpenAI affirmatively represented that
20  they would not violate any third-party agreements or rights. Accordingly, any benefits Microsoft
21  received from the strategic partnership with OpenAI and its for-profit subsidiary cannot be deemed
22  "unjust." *Id*.

## CONCLUSION

24  For the reasons set forth above, the Court GRANTS Microsoft's motion for summary
25  judgment in full.
26
27  **IT IS SO ORDERED** this ____ day of _____, 2026.
28

- 4 -

By: _____
The Honorable Yvonne Gonzalez Rogers
UNITED STATES DISTRICT COURT JUDGE