1  JORDAN ETH (CA SBN 121617)
   JEth@mofo.com
2  WILLIAM FRENTZEN (CA SBN 343918)
   WFrentzen@mofo.com
3  DAVID J. WIENER (CA SBN 291659)
   DWiener@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, CA 94105
   Telephone:    (415) 268-7000
6  Facsimile:    (415) 268-7522

7  WILLIAM SAVITT (admitted *pro hac vice*)
   WDSavitt@wlrk.com
8  BRADLEY R. WILSON (admitted *pro hac vice*)
   BRWilson@wlrk.com
9  SARAH K. EDDY (admitted *pro hac vice*)
   SKEddy@wlrk.com
10 STEVEN WINTER (admitted *pro hac vice*)
   SWinter@wlrk.com
11 NATHANIEL CULLERTON (admitted *pro hac vice*)
   NDCullerton@wlrk.com
12 WACHTELL, LIPTON, ROSEN & KATZ
   51 West 52nd Street
13 New York, NY 10019
   Telephone:    (212) 403-1000
14 Facsimile:    (212) 403-2000

15 *Attorneys for Defendants Samuel Altman, Gregory Brockman,
   OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
16 *OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
   *OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
17 *OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
   *OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
18 *OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
   *OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
19 *OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
   *Aestas Management Company, LLC, and Aestas LLC*

20

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **OPENAI DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER OTHER PARTIES' MATERIAL SHOULD BE SEALED** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

**INTRODUCTION**

Pursuant to Civil Local Rules 7-11, 79-5(f), and 79-5(c)(1), Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC (the "OpenAI Defendants") file this statement in support of Plaintiff's Administrative Motion Pursuant to Civil Local Rules 7-11 and 79-5 to Consider Whether Other Parties' Material Should Be Sealed (Dkt. 300). The OpenAI Defendants respectfully request that the Court issue an order sealing portions of the excerpted deposition transcript of Non-Party Ilya Sutskever, which was filed as Exhibit 3 to Plaintiff's Joint Letter Brief.

The OpenAI Defendants designated Exhibit 3 as "Highly Confidential" under the Protective Order, and Plaintiff filed Exhibit 3 provisionally under seal. Local Rule 79-5(f)(3) requires the OpenAI Defendants, as a "Designating Party," to file a statement with the information described in subsection (c)(1) of that Rule if they believe the designated material should remain sealed (in whole or in part).

For the reasons that follow, the OpenAI Defendants respectfully request that the Court maintain under seal the following lines from Mr. Sutskever's deposition transcript by redacting them from any publicly filed version of Exhibit 3 to Plaintiff's Joint Letter Brief (Dkt. 301-3): Sutskever Tr. 351:8-18; Sutskever Tr. 352:15-17; and Sutskever Tr. 359:19-22.

**LEGAL STANDARD**

The Ninth Circuit has "'carved out an exception to the presumption of access' to judicial records" that governs "judicial records . . . 'attached to a *non-dispositive motion.*'" *In re Midland Nat'l Life Ins. Co. Annuity Sales Prac. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Foltz* v. *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). As relevant here, this exception applies to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

In these circumstances, "the usual presumption of the public's right to access is rebutted," *Phillips ex rel. Est. of Byrd* v. *Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002), and a party "need only satisfy the less exacting 'good cause' standard," *Ctr. for Auto Safety*, 809 F.3d at 1097. "Good cause" exists where continued sealing would "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting Fed. R. Civ. P. 26(c)).

**ARGUMENT**

There is good cause for the Court to maintain the confidentiality of the limited portions of Mr. Sutskever's deposition transcript that are identified above.

*First*, the OpenAI Defendants have a strong private interest in maintaining the confidentiality of the deposition questions and answers at issue. Those questions and answers explicitly reference or otherwise allude to the implied value of another OpenAI executive's economic interests in OpenAI's for-profit affiliates. As courts have recognized, parties have a "legitimate interest in ensuring the privacy of personal [financial] information," and that interest often "outweighs the public's interest in access to court filings." *Richter* v. *Oracle Am., Inc.*, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023). For this reason, courts in this District have allowed litigants to seal court records that reflect personal financial information—including under the stricter "compelling reasons" standard that is not applicable here. *See, e.g.*, *Gomo* v. *NetApp, Inc.*, 2019 WL 1170775, at *2-3 (N.D. Cal. Mar. 13, 2019) ("compelling reasons" to seal "details regarding [company's] compensation structure and personal information about [company]

executives"); *Brown* v. *Brown*, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) ("compelling reasons" to seal information regarding parties' "equity interests in privately held companies").

*Second*, unsealing the deposition excerpts at issue would harm the relevant OpenAI executive by revealing that individual's personal financial information to the general public. Disclosing the information publicly could also complicate OpenAI's ability to negotiate future compensation arrangements with existing or prospective employees in the highly competitive market for artificial intelligence engineers and executives.

*Third*, the OpenAI Defendants have proposed the least restrictive alternative that is available to preserve the confidentiality of the information at issue. The OpenAI Defendants have "narrowly tailored" their request by seeking to maintain under seal only the 18 lines of testimony (from the 56-page excerpt of Mr. Sutskever's deposition transcript that Plaintiff filed as an exhibit) that reveal private financial information. *See Laatz* v. *Zazzle, Inc.*, 2025 WL 460061, at *2 (N.D. Cal. Jan. 21, 2025) (granting party's request to "seal about 10 lines" of a deposition transcript).

These 18 lines of testimony are also irrelevant to the issues Musk raised in the discovery motion to which the excerpted deposition transcript was attached. The Court did not reference any of the transcript lines at issue in its decision, and Musk cited only three of them as part of a string cite referencing multiple portions of the transcript. Musk's counsel in fact withdrew one of the questions the OpenAI Defendants seek to redact after being told that it violated the Protective Order.

## CONCLUSION

For these reasons, the OpenAI Defendants respectfully request that the Court issue an order directing Plaintiff to redact at least the following lines from any publicly filed version of Exhibit 3: Sutskever Tr. 351:8-18; Sutskever Tr. 352:15-17; and Sutskever Tr. 359:19-22.

| | | |
|---|---|---|
| 1 | Date: October 23, 2025 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | */s/ Jordan Eth* |
| | | JORDAN ETH (CA SBN 121617) |
| | | JEth@mofo.com |
| 4 | | WILLIAM FRENTZEN (CA SBN 343918) |
| | | WFrentzen@mofo.com |
| 5 | | DAVID J. WIENER (CA SBN 291659) |
| | | DWiener@mofo.com |
| 6 | | MORRISON & FOERSTER LLP |
| | | 425 Market Street |
| 7 | | San Francisco, CA 94105 |
| | | Telephone:   (415) 268-7000 |
| 8 | | Facsimile:   (415) 268-7522 |
| 9 | | WILLIAM SAVITT (admitted *pro hac vice*) |
| | | WDSavitt@wlrk.com |
| 10 | | BRADLEY R. WILSON (admitted *pro hac vice*) |
| 11 | | BRWilson@wlrk.com |
| | | SARAH K. EDDY (admitted *pro hac vice*) |
| 12 | | SKEddy@wlrk.com |
| | | STEVEN WINTER (admitted *pro hac vice*) |
| 13 | | SWinter@wlrk.com |
| | | NATHANIEL CULLERTON (admitted *pro hac vice*) |
| 14 | | NDCullerton@wlrk.com |
| 15 | | WACHTELL, LIPTON, ROSEN & KATZ |
| | | 51 West 52nd Street |
| 16 | | New York, NY 10019 |
| | | Telephone:   (212) 403-1000 |
| 17 | | Facsimile:   (212) 403-2000 |
| 18 | | *Attorneys for the OpenAI Defendants* |