COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
REMY CARREIRO (359384)
(rcarreiro@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Non-Party
ILYA SUTSKEVER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **NON-PARTY ILYA SUTSKEVER'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NON-PARTY'S RESPONSE TO ADMIN
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED
(CASE NO. 4:24-CV-04722-YGR)

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5(f)(3), Non-Party Ilya Sutskever ("Mr. Sutskever") hereby responds to Plaintiffs' Administrative Motion To Consider Whether Other Parties' Material Should Be Sealed, ECF No. 300.  Mr. Sutskever respectfully requests limited redactions to Plaintiffs' "Joint" Letter Brief and Exhibit 4 which contain Mr. Sutskever's confidential, personal information.

As set forth below and in the accompanying Declaration of Ilya Sutskever ("Sutskever Decl."), Mr. Sutskever confirms the confidentiality of these portions pursuant to the terms of the operative Amended Protective Order in this case, which the Court entered on September 18, 2025 (ECF No. 270).  The majority of the testimony Mr. Sutskever requests to seal relates to a Highly Confidential document he produced pursuant to the parties' Agreement Regarding Production And Use Of Highly Sensitive Document.  Sutskever Decl. ¶ 4.  That Agreement required, among other things, that a Receiving Party "use its best efforts to limit such filing to only those minimal portions" of the document or deposition testimony about the document that are "strictly necessary." *Id*.  Notwithstanding this agreement, Plaintiffs unnecessarily filed more than 16 pages of deposition testimony about the document.  As explained in detail below, good cause exists to seal his testimony relating to this document and specific harm will result if it is not sealed.

The remaining portions of testimony Mr. Sutskever seeks to seal contain highly confidential information pertaining to his business venture, financial information, retention of counsel, and personal reflections and communications.  Accordingly, Mr. Sutskever hereby requests that the Court enter an order permanently sealing the information identified in Paragraph 3 to Mr. Sutskever's declaration, filed concurrently herewith.

## II. LEGAL STANDARD

The presumption of public access to judicial proceedings and records "is not absolute." *Nixon v. Warner Commc'ns, Inc.*¸ 435 U.S. 589, 598 (1978).  While dispositive motions are subject to a "compelling reasons" standard to determine whether a party is entitled to file under seal, to seal documents "not related, or only tangentially related, to the merits of a case," "a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety v. Chrysler Grp.*,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NON-PARTY'S RESPONSE TO ADMIN
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED
(CASE NO. 4:24-CV-04722-YGR)

*LLC*, 809 F.3d 1092, 1096–97, 1099 (9th Cir. 2016) (noting that the good cause standard applies to "sealed materials attached to a discovery motion unrelated to the merits of a case."). Good cause is derived from Federal Rule of Civil Procedure 26(c)(1). *See id.* at 1097 ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense….") (citing Fed. R. Civ. P. 26(c)). The litigant moving to seal or redact must show that "specific prejudice or harm will result" from disclosure. *Heath v. Google LLC*, No. 15-CV-01824-BLF, 2018 WL 4561773, at *1 (N.D. Cal. Sept. 20, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

### III. ARGUMENT

Mr. Sutskever seeks to redact limited portions of Plaintiffs' Letter Brief and Exhibit 4, which concern (1) nonresponsive, sensitive personal and financial information, (2) information related to confidential business decisions, and (3) information pertaining to Mr. Sutskever's personal and private reflections. Because these requests are narrowly tailored and supported by good cause, Mr. Sutskever respectfully requests this Court grant his request to redact and seal these portions of Plaintiffs' Letter Brief and Exhibit 4.

#### A. Good Cause Warrants Sealing The Information Mr. Sutskever Seeks To Protect From Public Disclosure

Here, the good cause standard is easily met. First, courts have consistently held that redaction of nonresponsive personal content, including financial information, is proper. *See, e.g.*, *Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (permitting redaction of personal financial information); *See, e.g., Freitas v. Cricket Wireless, LLC,* No. C 19-7270 WHA, 2022 WL 971578, at *2 (N.D. Cal. Mar. 31, 2022) (allowing redactions of exhibits containing private information that could be used for improper purposes). Additionally, the California Supreme Court has recognized that the right to privacy enshrined in the California Constitution "extends to one's confidential financial affairs as well as to the details of one's personal life." *Valley Bank of Nevada v. Superior Ct. of San Joaquin Cnty.*, 15 Cal.3d 652, 656 (1975). The public filing of information related to non-party Mr. Sutskever's finances, personal communications, and retention of legal counsel, particularly in the context of a

Cooley LLP
Attorneys at Law
San Francisco

3

Non-Party's Response To Admin
Motion to Consider Whether Another
Party's Material Should Be Sealed
(Case No. 4:24-cv-04722-YGR)

case that has generated significant media coverage, would needlessly intrude on his privacy. Sutskever Decl. ¶¶ 5–27. Protection is further warranted here given that one portion of the material sought to be sealed was, itself, revealed only by Plaintiffs' violation of the Amended Protective Order.

Additionally, courts in this Circuit have held that a former employee can properly seal documents the former employee possesses by virtue of his former employment. *Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1210-13 (S.D. Cal. 2023) (granting a request to seal internal corporate documents possessed by a former employee under the good cause standard). As in *Sywula*, Mr. Sutskever seeks to seal confidential business information he possesses due to his status as a former employee. *Id.*

Courts have similarly consistently found that confidential "business information that might harm the litigants' competitive standing" satisfies the good cause standard. *See Big Run Studios Inc. v. AviaGames Inc.*, No. 21-CV-04656-AMO, 2024 WL 1364734, at *2 (N.D. Cal. Mar. 28, 2024). Disclosure of Mr. Sutskever's testimony concerning his current business venture would result in competitive harm by revealing the strategy related to the inception of a new, highly-valued company that is entirely unrelated to this litigation. *See Blockchain Innovation, LLC v. Franklin Res., Inc.*, No. 21-CV-08787-TSH, 2024 WL 4394758, at *3 (N.D. Cal. Oct. 3, 2024) ("[D]isclosing information related to a company's business strategy and finances can impose harm by allowing competitors to capitalize on a business's internal business decisions.").

Finally, Mr. Sutskever seeks to seal two instances of testimony containing his private, irrelevant lay opinion that could lead to undue embarrassment or harassment. This Court has held that "[u]nder the Rule 26(c) 'good cause' standard, the court may seal documents 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Diablo Techs., Inc. v. Netlist, Inc.*, No. 13-CV-3901-YGR, 2014 WL 31467, at *3 (N.D. Cal. Jan. 3, 2014). Here, this "relatively low threshold" is met, as sealing is necessary to halt this testimony from engendering embarrassment or harassment. *See id.*

Cooley LLP
Attorneys at Law
San Francisco

4

Non-Party's Response To Admin Motion To Consider Whether Another Party's Material Should Be Sealed
(Case No. 4:24-cv-04722-YGR)

### B. Mr. Sutskever's Sealing Request Is Narrowly Tailored.

Mr. Sutskever seeks a limited order only redacting certain portions of Plaintiffs' Letter Brief and Exhibit 4. The proposed redactions are narrowly tailored to encompass only the specific portions that qualify as confidential information and therefore do not "unduly limit[] public access." *ASUS Comput. Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014). Accordingly, Mr. Sutskever's requests are the least restrictive method of ensuring the protection of confidential information while permitting public access to the maximum amount of information.

### C. Specific Prejudice And Harm Will Result If This Information Is Disclosed.

Given the extensive media coverage and public discourse surrounding the events underlying the material Mr. Sutskever seeks to seal, including the decision of OpenAI's Board to terminate Sam Altman in November 2023, there is no doubt that publication of this material could promote public scandal. The Ninth Circuit has held that the public's interest in disclosure is outweighed when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Here, making public testimony related to the events of November 2023 would only serve to reignite a media storm, and threaten to promote not greater public understanding of the judicial process, but rather eye-catching headlines premised on public scandal. Sealing limited portions of Plaintiffs' Letter Brief and Exhibit 4 protects Mr. Sutskever, a non-party, from the undue burden of being forced back into the limelight of an event that occurred nearly two years ago. *See Pryor v. City of Clearlake,* No. C 11-0954 CW, 2012 WL 2711032, at *2 (N.D. Cal. July 6, 2012) (approving redactions necessary to protect individuals' privacy and to "avoid disclosures immaterial to the Court's ruling and solely likely to promote scandal and further private spite.").

### IV. CONCLUSION

For these reasons and those set out in the accompanying Sutskever Decl., Mr. Sutskever respectfully requests that the Court allow the proposed redactions to Plaintiffs' Letter Brief and Exhibit 4.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

NON-PARTY'S RESPONSE TO ADMIN MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
(CASE NO. 4:24-CV-04722-YGR)

| | |
|---|---|
| Dated: October 23, 2025 | COOLEY LLP |
| | By: /s/ *Simona Agnolucci* |
| | Simona Agnolucci |
| | |
| | Simona Agnolucci, SBN 246943 |
| | (sagnolucci@cooley.com) |
| | Eduardo Santacana, SBN 281668 |
| | (esantacana@cooley.com) |
| | Anika Holland, SBN 336071 |
| | (anika.holland@cooley.com) |
| | Remy Carreiro, SBN 359384 |
| | (rcarreiro@cooley.com) |
| | 3 Embarcadero Center, 20th Floor |
| | San Francisco, California 94111-4004 |
| | Telephone: +1 415 693 2000 |
| | Facsimile: +1 415 693 2222 |
| | |
| | Attorneys for Non-Party |
| | ILYA SUTSKEVER |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

NON-PARTY'S RESPONSE TO ADMIN
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED
(CASE NO. 4:24-CV-04722-YGR)