COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
REMY CARREIRO (359384)
(rcarreiro@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Non-Party
ILYA SUTSKEVER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN, et al., <br><br> Defendants. | Case No. 4:24-cv-04722-YGR <br><br> **DECLARATION OF ILYA SUTSKEVER IN SUPPORT OF RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

I, Ilya Sutskever, declare as follows:

1. I am over 18 years of age and competent to make this Declaration. My name is Ilya Sutskever and I am a non-party in the above-captioned case. This Declaration is based on my personal knowledge and, if called upon as a witness, I could and would testify competently as to the matters recited herein.

2. I submit this Declaration pursuant to Civil Local Rules 79-5(c) and (f)(3) in support of my Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed. ECF No. 300. I have reviewed an unredacted version of Plaintiffs' Letter Brief and the corresponding Exhibit 4, which is 62 pages excerpted from the transcript of my deposition, and which was filed provisionally under seal at ECF No. 300.

3. I seek to seal narrowly tailored portions of my deposition transcript, all of which I have reviewed. I understand that there is good cause to seal the following information:

| Document | Portion(s) to be Sealed | Reason(s) for Sealing |
|---|---|---|
| Letter Brief (Exhibit 1) | Portions highlighted in green at page 3 | Confidential information pertaining to my financial information. |
| Exhibit 4 | Portions highlighted at page 128, lines 1–22, 24–25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that references internal Board processes and discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 129, lines 1–8, 11–25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that references internal Board processes and discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |

| | | |
|---|---|---|
| Exhibit 4 | Portions highlighted at page 130, lines 1–25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions.  The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 131, lines 1–6, 8–10, 13–15, 21–24 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions.  The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 132, lines 2–4, 6–7 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions.  The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 300, lines 1–17. | My private lay opinion that could lead to undue embarrassment or harassment. |
| Exhibit 4 | Portions highlighted at page 301, lines 9–16 | My private lay opinion that could lead to undue embarrassment or harassment. |
| Exhibit 4 | Portions highlighted at page 308, lines 6–25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that references internal Board processes and discussions.  The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |

| | | |
|---|---|---|
| Exhibit 4 | Portions highlighted at page 309, lines 1–13, 15–16, 19–24 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 310, lines 1–17, 19, 22–25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 311, lines 1–20, 22–23, 25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 312, lines 1–18, 20–23, 25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 313, lines 1–25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote |

| | | |
|---|---|---|
| | | increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 314, lines 1–25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 315, lines 1–4, 8–10, 12–13, 15–18, 20–25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 316, lines 1–13, 17–19, 21 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 317, lines 15–25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 318, lines 1–25 | Confidential information pertaining to a document I created by virtue of my former employment at OpenAI that contains my personal reflections about internal Board processes and |

| | | |
|---|---|---|
| | | discussions. The information also relates to an event that was widely covered by mainstream media, disclosure of which could promote increased media attention and invade my privacy. |
| Exhibit 4 | Portions highlighted at page 349, lines 18–19 | Confidential information pertaining to my new business venture which could harm the business's competitive standing. |
| Exhibit 4 | Portions highlighted at page 351, lines, 8–10, 12, 14–15, 17–18, 25 | Confidential information pertaining to my private financial information and equity interest in OpenAI. |
| Exhibit 4 | Portions highlighted at page 352 lines 1–2, 4–5, 11–13, 15–17, | Confidential information pertaining to my private financial information and equity interest in OpenAI. |
| Exhibit 4 | Portions highlighted at page 354, lines 4–10, 13–14 | Confidential information pertaining to my new business venture which could harm the business's competitive standing. |
| Exhibit 4 | Portions highlighted at page 355, lines 4–7, 14–16 | Confidential information pertaining to my personal communications. |
| Exhibit 4 | Portions highlighted at page 356, lines 3, 7–8 | Confidential information pertaining to my private financial information and legal fees. |
| Exhibit 4 | Portions highlighted at page 357, lines 3–9, 12–13, 17, 19–25 | Confidential information pertaining to how I came to be represented by my legal counsel and pertaining to my private financial information and legal fees. |
| Exhibit 4 | Portions highlighted at page 358, lines 1, 3–5 | Confidential information pertaining to how I came to be represented by my legal counsel and pertaining to my private financial information and legal fees. |
| Exhibit 4 | Portions highlighted at page 359, lines 1–4, 6–9, 19–22, 25 | Confidential information pertaining to how I came to be represented by my legal counsel, pertaining to my private financial information and legal fees, and pertaining to my equity interest in OpenAI. |

4. The majority of the questioning and testimony I request to seal relates to a Highly Confidential document I produced pursuant to the parties' Agreement Regarding Production And Use Of Highly Sensitive Document. That Agreement required, among other things, that a

1  Receiving Party "use its best efforts to limit such filing to only those minimal portions" of the
2  document or deposition testimony about the document that are "strictly necessary."

3      5.    The portions of Plaintiffs' Letter Brief highlighted in green at page 3 contain
4  confidential information pertaining to my financial information. Revealing this testimony would
5  reveal my constitutionally-protected private financial information and cause potential irreparable
6  harm to my privacy. I have been the subject of substantial media attention due to my former role
7  as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is
8  likely to cause even more media intrusion upon my private affairs. No more limited sealing would
9  appropriately protect my personal financial information.

10      6.    Exhibit 4 at page 128, lines 1–22, 24–25 contains deposition testimony concerning
11  a document I prepared while employed by OpenAI and serving as a Board Member. While the
12  existence of the document is public, its contents are not. The questioning and testimony also
13  contain my personal reflections about internal Board processes and discussions. I have been the
14  subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board
15  Member, and publication of my deposition testimony is likely to cause even more media intrusion
16  upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

17      7.    Exhibit 4 at page 129, lines 1–8, 11–25 contains deposition testimony concerning a
18  document I prepared while employed by OpenAI and serving as a Board Member. While the
19  existence of the document is public, its contents are not. The questioning and testimony also
20  contain my personal reflections about internal Board processes and discussions. I have been the
21  subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board
22  Member, and publication of my deposition testimony is likely to cause even more media intrusion
23  upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

24      8.    Exhibit 4 at page 130, lines 1–25 contains deposition testimony concerning a
25  document I prepared while employed by OpenAI and serving as a Board Member. While the
26  existence of the document is public, its contents are not. The questioning and testimony also
27  contain my personal reflections about internal Board processes and discussions. I have been the
28  subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board

Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

9. Exhibit 4 at page 131, lines 1–6, 8–10, 13–15, 21–24 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

10. Exhibit 4 at page 132, lines 2–4, 6–7 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

11. Exhibit 4 at page 300, lines 1–17 contains my private lay opinion that could lead to undue embarrassment or harassment. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

12. Exhibit 4 at page 301, lines 9–16 contains my private lay opinion that could lead to undue embarrassment or harassment. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and

publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

13. Exhibit 4 at page 308, lines 6–25 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

14. Exhibit 4 at page 309, lines 1–13, 15–16, 19-24 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

15. Exhibit 4 at page 310, lines 1–17, 19, 22–25 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

16. Exhibit 4 at page 311, lines 1–20, 22–23, 25 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and

testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

17. Exhibit 4 at page 312, lines 1–18, 20–23, 25 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

18. Exhibit 4 at page 313, lines 1–25 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

19. Exhibit 4 at page 314, lines 1–25 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

20. Exhibit 4 at page 315, lines 1–4, 8–10, 12–13, 15–18, 20–25 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

21. Exhibit 4 at page 316, lines 1–13, 17–19, 21 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

22. Exhibit 4 at page 317, lines 15–25 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

23. Exhibit 4 at page 318, lines 1–25 contains deposition testimony concerning a document I prepared while employed by OpenAI and serving as a Board Member. While the existence of the document is public, its contents are not. The questioning and testimony also contain my personal reflections about internal Board processes and discussions. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board

Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my privacy interests.

24. Exhibit 4 at page 349, lines 18–19 contains deposition testimony concerning my reasons for leaving OpenAI. Revealing this testimony would reveal my confidential business information and cause potential irreparable harm to my business interests. No more limited sealing would appropriately protect my confidential and proprietary information.

25. Exhibit 4 at page 351, lines, 8–10, 12, 14–15, 17–18, 25 and portions highlighted at page 352 lines 1–2, 4–5, 11–13, 15–17, contains deposition testimony concerning the details of my equitable interest in OpenAI. Revealing this testimony would reveal my constitutionally-protected private financial information and cause potential irreparable harm to my privacy. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my personal financial information.

26. Exhibit 4 at page 354, lines 4–10, 13–14, contains deposition testimony concerning my new business venture, Safe Superintelligence Inc. Revealing this testimony would reveal my confidential business information and cause potential irreparable harm to my present business venture. No more limited sealing would appropriately protect my confidential and proprietary information.

27. Exhibit 4 at page 355, lines 4–7, 14–16, contains deposition testimony concerning my personal, non-public communications. Revealing this testimony would reveal details about my personal communications and cause potential irreparable harm to my privacy. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my personal financial information.

28. Exhibit 4 at page 357, lines 3–9, contains deposition testimony concerning private details of how I came to retain counsel for this matter. Revealing this testimony would reveal

details about my personal communications and cause potential irreparable harm to my privacy. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my personal financial information.

29. Exhibit 4 at page 359, lines 6–9, 19–22, 25 contains deposition testimony concerning the details of my equitable interest in OpenAI. Revealing this testimony would reveal my constitutionally-protected private financial information and cause potential irreparable harm to my privacy. I have been the subject of substantial media attention due to my former role as OpenAI's Chief Scientist and Board Member, and publication of my deposition testimony is likely to cause even more media intrusion upon my private affairs. No more limited sealing would appropriately protect my personal financial information.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on this 23rd day of October 2025, in San Francisco, California.

By: *Ilya Sutskever*
Ilya Sutskever