MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
JAYMIE PARKKINEN (CA SBN 318394)
JParkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN, et al., <br><br> Defendants. | Case No. 4:24-cv-04722-YGR <br><br> Assigned to Hon. Thomas S. Hixson <br><br> **MOTION FOR ORDER TO SHOW CAUSE WHY CONTEMPT CITATION SHOULD NOT ISSUE AGAINST NON-PARTY ILYA SUTSKEVER** <br><br> Date: December 4, 2025, or earliest possible date and time <br> Time: 10:00 a.m. <br> Location: Virtual hearing <br><br> [*Declaration of Jennifer Schubert and [Proposed] Order filed concurrently herewith*] |

**TO THE COURT AND ILYA SUTSKEVER:**

**PLEASE TAKE NOTICE** that on December 4, 2025 at 10:00 a.m. or, in light of the expedited case schedule and time sensitivities set forth herein, as soon as the matter may be heard virtually before the Honorable Thomas S. Hixson, Plaintiffs Elon Musk and X.AI Corp. will, and hereby do, move the Court for an order to show cause why a contempt citation should not issue against non-party Ilya Sutskever for refusal to comply with the Court's order dated October 17, 2025 (Dkt. No. 324) (the "Order").

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, Declaration of Jennifer Schubert, all pleadings, papers, and records on file in this action, and such other matters as this Court may consider.

DATED: October 28, 2025                     MOLOLAMKEN LLP

                                                                                       */s/ Steven F. Molo*
                                                                                       Steven F. Molo

                                                                               *Attorney for Plaintiffs Elon Musk and X.AI Corp.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Introduction**

On October 17, 2025—eleven days ago—this Court ordered third-party witness Ilya Sutskever to produce a document known as the "Brockman Memo" and to appear for a deposition to answer questions about the Brockman Memo and Mr. Sutskever's financial interest in OpenAI. Dkt. No. 324 (the "Order"). Fact discovery has ended except for the deposition of Mira Murati, scheduled for November 2, at which Plaintiffs intend to question her on the Brockman Memo. Expert reports are due tomorrow and Plaintiffs' responses to Defendants' summary judgment motions are due November 7. Mr. Sutskever has not produced the Brockman Memo and has not agreed to appear for his deposition. Accordingly, pursuant to Federal Rule of Civil Procedure 45(g), Plaintiffs Elon Musk and X.AI Corp. respectfully move the Court for an order to show cause why a contempt citation should not issue for non-party Ilya Sutskever.

II. **Factual Background**

On October 1, 2025, pursuant to a Rule 45 subpoena, Plaintiffs deposed third-party witness Ilya Sutskever, a co-founder and former executive of OpenAI. As this Court is aware, following the deposition, Plaintiffs moved to compel additional testimony from Mr. Sutskever, who was improperly instructed by his counsel at his deposition not to answer highly relevant, nonprivileged questions regarding his financial interest in OpenAI. Dkt. Nos. 300, 301. Plaintiffs also moved to compel production of a memorandum (the "Brockman Memo") that Sutskever wrote and sent to members of the OpenAI Board in advance of their decision to remove defendant Greg Brockman as Board Chairman. *Id.* Counsel for Mr. Sutskever opposed. Dkt. No. 322.

On October 17, eleven days ago, this Court granted both of Plaintiffs motions, ordering that Sutskever produce the Brockman Memo to Plaintiffs and that Plaintiffs may depose Sutskever "concerning the value of his financial interest in OpenAI ***and*** concerning the Brockman memo." Dkt. No. 324 (emphasis added).

On the morning of October 18, Plaintiffs' counsel requested that pursuant to the Order, counsel for Mr. Sutskever provide Plaintiffs with the Brockman Memo and with Mr. Sutskever's availability to sit for a follow-up deposition. Schubert Decl. ¶ 3 & Ex. A. Mr. Sutskever's counsel

1 responded that they intended to appeal the Order. *Id.*

2 On October 20, Plaintiffs' counsel requested prompt compliance with this Court's order notwithstanding any appeal. *Id.* That evening, Mr. Sutskever's counsel and Plaintiffs' counsel conferred by phone. Schubert Decl. ¶ 4. Mr. Sutskever's counsel offered (1) to make the Brockman Memo available to Plaintiffs' counsel for inspection under highly restrictive procedures not required by law, rather than producing it under the protective order in this case, and (2) to make Mr. Sutskever available for a video deposition but only regarding the value of his equity stake in OpenAI and not regarding the Brockman Memo. *Id.* Plaintiffs' counsel reiterated that Mr. Sutskever was required to comply with the Order promptly, notwithstanding his plans to appeal. *Id.* Mr. Sutskever's counsel responded that they did not intend to supply the discovery pending appeal. *Id.*

On October 23, Plaintiffs' counsel conferred with Mr. Sutskever's counsel again. Plaintiffs' counsel agreed to depose Mr. Sutskever remotely so long as the witness and his counsel were both online but in separate rooms, and to accept the Brockman Memo under the highly restrictive procedures—not supported by law—insisted upon by Mr. Sutskever's counsel. Plaintiffs' counsel also insisted that Mr. Sutskever comply with this Court's Order and answer questions about the Brockman Memo, in addition to questions about his financial interest in OpenAI. *Id.* ¶ 5.

On October 27, Plaintiffs' counsel made a final request for the Brockman Memo and a date for Mr. Sutskever's deposition. *Id.* ¶ 6. Counsel for Mr. Sutskever declined Plaintiffs' October 23 counterproposal and offered the ***same*** proposal they had offered on October 20. *Id.* Mr. Sutskever's counsel further stated that "prompt compliance does not require a party to forego their legal right to seek prompt [appellate] review," citing two cases, *Alvarez v. Larose*, No. 320-CV-00782, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020), and *Jones v. PGA Tour, Inc.*, No. 22-CV-04486, 2023 WL 2541326, at *2 (N.D. Cal. Mar. 15, 2023). Schubert Decl. ¶ 6. Notably, the parties who declined to comply with the court's order in both of these cases ***sought a stay***. As of the time of this filing, Mr. Sutskever has not filed an appeal, nor has he sought a stay. *Id.*

Plaintiffs are scheduled to depose non-party Mira Murati on November 2, 2025, five days from now, and intend to question Ms. Murati about the Brockman Memo. *Id.* ¶ 7. Expert reports are due tomorrow, on October 29, and Plaintiffs' responses to Defendants' motions for summary

3     CASE NO. 24-CV-04722-YGR
PLAINTIFF'S MOT. FOR ORDER TO SHOW CAUSE

judgment are due on November 7. The evidence adduced from the Brockman Memo and Mr. Sutskever's deposition will be relevant to our brief and may be relevant to our experts' opinions. *Id.*

### III. Argument

"[A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Mr. Sutskever has not only failed to comply promptly with the Court's Order as required by law, but has repeatedly refused to do so or to seek the requisite stay. There is no good faith basis for that noncompliance. Plaintiffs therefore seek an order that Mr. Sutskever show cause why a contempt citation should not be issued.

Under Federal Rule of Civil Procedure 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Where the recipient of such an order "fails to comply without adequate excuse, the recipient is in contempt of court and the proponent must file an application for an order to show cause why a contempt citation should not issue." *GREE, Inc. v. Supercell Oy*, No. 21-mc-80069, 2021 WL 1222487, at *2 (N.D. Cal. April 1, 2021) (Hixson, J.). Civil contempt is intended "to coerce [a non-party] into compliance with the court's order." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). "The district court has wide latitude in deciding whether there has been a contemptuous defiance of one of its orders." *Stone v. City and Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

To establish civil contempt, the moving party must show by clear and convincing evidence that the alleged contemnor violated a specific order of the court. *Erickson v. Builder Advisor Grp. LLC*, No. 22-MC-80094, 2022 WL 3109587, at *2 (N.D. Cal. July 6, 2022) (Hixson, J.) (citing *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)). The burden then shifts to the alleged contemnor to show why they were **unable** to comply. *Erickson*, 2022 WL 3109587, at *2 (citing *Reno Air Racing Ass'n v. Mccord*, 452 F.3d 1126, 1130 (9th Cir. 2006)). In making its assessment,

the Court must look to whether the alleged contemnor performed "all reasonable steps within [his/her] power to ensure compliance" with the court's orders. *Stone*, 968 F.2d at 856. "Intent is irrelevant to a finding of civil contempt, and therefore, good faith is not a defense." *Erickson*, 2022 WL 3109587, at *2 (quoting *Stone*, 968 F.2d at 856).

The requirements for contempt are met. This Court's order is crystal clear: "[T]he Court GRANTS Plaintiffs' motion to compel and ORDERS (1) Sutskever to produce the Brockman memo to Plaintiffs and (2) Plaintiffs may depose Sutskever in a second deposition concerning the value of his financial interest in OpenAI and concerning the Brockman memo." Dkt. 324 at 2. That Order unambiguously required Mr. Sutskever (1) to produce the Brockman Memo (not merely make it available for review under convoluted procedures of his own devising); and (2) to make himself available for a deposition on **both** his equity stake and the Brockman memo.

Mr. Sutskever did neither of those things, despite having had ample time to comply with the order, which was entered eleven days ago. "The lack of an express deadline for compliance does not relieve a party of its duty to comply with a court order." *Advanced Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.*, No. C 04-2266 JW (PVT), 2010 WL 10133699, at *1 (N.D. Cal. Sept. 22, 2010). Courts in this District have held that the time for compliance with a straightforward discovery order, like the one at issue here, is "within a week or so." *Id.* at *2. The Order is hardly burdensome—Mr. Sutskever was ordered to produce **one** document that he **already** possesses. Plaintiffs also offered to ease the burden of a follow-up deposition, by agreeing to take it by video on an agreed-upon date. And indeed, Mr. Sutskever has never suggested that he is **unable** to comply with the Court's order, just that he was **unwilling** to do so unless Plaintiffs agree to burdensome concessions and partial compliance.

Mr. Sutskever's claimed plan to appeal the Order is not grounds for refusing to comply with it. No stay issued automatically with the Court's Order on October 17. "It is well-established law that the filing of an objection to a magistrate judge's order on a non-dispositive motion does not automatically stay that order's operation." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2024 WL 4495810, at *1 (N.D. Cal. Oct. 15, 2024); *see also Advanced Microtherm*, 2010 WL 10133699, at *1 (similar); *Cuviello v. Feld Ent. Inc.,* No.

5:13-CV-03135-LHK, 2015 WL 877688, at *2 & n.15 (N.D. Cal. Feb. 27, 2015) (imposing sanctions for failure to comply with a discovery order without seeking a stay, and noting that the unilateral refusal to comply absent a stay amounts to a party impermissibly granting its own motion to stay[1]); *Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 112 & n.1 (S.D. Cal. 2024) ( "[a]fter exhaustive research, the Court has not found a single reported decision in which filing a Rule 72 objection served to automatically stay the order objected to. If such a case exists, it has not been brought the Court's attention, the Court has not independently discovered it, and it would stand alone as an unpersuasive outlier buried beneath a landslide of contrary authority.").

Mr. Sutskever's failure to comply with the Order is contemptuous and particularly egregious. Time is of the essence given the imminent Murati deposition and summary judgment briefs and where Plaintiffs are increasingly prejudiced by Mr. Sutskever's non-compliance.

IV.    **Conclusion**

Plaintiffs thus seek an order to show cause why a contempt citation should not issue for Mr. Sutskever's refusal to comply with the Court's Order by (1) producing the Brockman Memo forthwith, subject to the protective order in this case, and (2) sitting for a follow-up deposition in person on November 3, 4 or 5, 2025. To the extent allowed by law, Plaintiffs also request that the Court award coercive contempt sanctions and Plaintiffs' attorneys' fees incurred in connection with this motion.

---

[1] The likelihood of Mr. Sutskever obtaining a stay is quite low. "'A stay of a magistrate judge's discovery order should be granted sparingly'. . . . In the context of a request to stay a magistrate judge's non-dispositive discovery order, this burden is a steep hill to climb because . . . it is difficult to establish a sufficient likelihood of success [on appeal] given the deferential standard of district judge review and irreparable harm is generally not established based on the burden or expense of providing discovery." *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1095 (D. Nev. 2022). "Hence, the presumption is that discovery ordered by a magistrate judge will proceed regardless of the filed objection." *Id.* (denying stay of a magistrate judge discovery order). Moreover, the prejudice Plaintiffs will suffer for the reasons set forth herein is significant.

DATED: October 28, 2025

Respectfully Submitted,

MOLOLAMKEN LLP

    */s/  Steven F. Molo*
      Steven F. Molo

*Attorney for Plaintiffs Elon Musk and X.AI Corp.*