COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
HARRIS MATEEN (335593)
(harris.mateen@cooley)
REMY CARREIRO (359384)
(rcarreiro@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:     +1 415 693 2000
Facsimile:      +1 415 693 2222

Attorneys for Non-Party
ILYA SUTSKEVER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>SAMUEL ALTMAN, et al.,<br><br>            Defendants. | Case No. 4:24-cv-04722-YGR (TSH)<br><br>**NOTICE OF MOTION AND MOTION OF NON-PARTY ILYA SUTSKEVER TO STAY MAGISTRATE JUDGE'S ORDER PENDING RESOLUTION OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER** |

**TO THE COURT AND ALL PARTIES:**

**PLEASE TAKE NOTICE** that on December 2, 2025 at 2:00p.m. before the Honorable Yvonne Gonzalez Rogers, Non-Party Ilya Sutskever will, and hereby does, move the Court for an order staying the enforcement of Magistrate Judge Hixson's October 17, 2025 Discovery Order (ECF 324). Mr. Sutskever requests that the stay remain in place pending this Court's resolution of Mr. Sutskever's Rule 72(a) objection, filed concurrently herewith:

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Simona Agnolucci and exhibits attached thereto, all pleadings, papers, and records on file in this action, and any such other evidence and argument as this Court may consider.

Dated: October 28, 2025                         COOLEY LLP

                                                By: /s/ Simona A. Agnolucci
                                                    Simona Agnolucci
                                                    Eduardo Santacana
                                                    Anika Holland
                                                    Harris Mateen
                                                    Remy Carreiro

                                                Attorneys for Non-Party
                                                ILYA SUTSKEVER

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Sutskever brings this motion to stay because earlier today, Plaintiffs hastily filed a Motion for Order to Show Cause Why Contempt Citation Should Not Issue Against Non-Party Ilya Sutskever. Plaintiffs claim Mr. Sutskever failed to comply with a discovery order that was issued less than two weeks ago, before the deadline to file objections under Federal Rule of Civil Procedure 72(a), knowing that Mr. Sutskever planned to object to the order, and that the order contains no deadline for compliance.

Specifically, on October 17, 2025, Magistrate Judge Hixson granted Plaintiffs' motion to compel, which was filed after midnight the day of the deadline for discovery disputes and mere hours after Mr. Sutskever had been asked to meet and confer and provided a copy of a proposed joint letter brief. Judge Hixson ordered Non-Party Ilya Sutskever to (1) produce an irrelevant, highly sensitive and confidential document (the "Brockman Memo") that Plaintiffs failed to seek in discovery; and (2) sit for a *second* deposition to discuss the memo and the exact amount of his financial interest in OpenAI, which he already testified about generally. ECF 324 (the "Discovery Order"). This order is clearly erroneous, invades Mr. Sutskever's constitutionally protected financial privacy without applying the heightened scrutiny required for non-parties, and unilaterally rewrites the parties' binding agreement that narrowed the subpoena's scope to encompass a document Plaintiffs never requested.

On October 18, Mr. Sutskever's counsel notified Plaintiffs' counsel of his intent to object to the Order, as provided for by 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72-2. Declaration of Simona Agnolucci ("Agnolucci Decl.") ¶ 2, Ex. A. Despite this, Plaintiffs did not ask Judge Hixson to order dates certain for document production or the further deposition.

The parties then engaged in a series of good faith meet-and-confer discussions to see if they could obviate the need for further motion practice. Agnolucci Decl. ¶¶ 3–7. Recognizing Plaintiffs' upcoming deadlines, Mr. Sutskever offered a compromise: (1) he would provide immediate access to the Brockman Memo, subject to the same terms all parties had agreed to for

access to a similar document (the "Altman Memo");[1] and (2) he would agree to sit for a Zoom deposition limited to questions necessary to determine the value of his financial stake in OpenAI. *Id.* ¶ 4. Plaintiffs offered a counterproposal nearly identical to Judge Hixson's order, but with the caveat that the deposition could take place over Zoom. *Id.* ¶ 5. Mr. Sutskever declined this, but communicated to Plaintiffs that his initial proposal remained live, otherwise, he would plan to exercise his right under Rule 72. *Id.* ¶ 6. Plaintiffs rejected the proposal again. *Id.* ¶ 7.

The next day, without notice to Mr. Sutskever, Plaintiffs moved for an Order To Show Cause why Mr. Sutskever should not be held in contempt. ECF 335. At no point during the meet and confer discussions did Plaintiffs raise their plans to seek a contempt finding or sanctions. Agnolucci Decl. ¶ 8. Nor did they seek clarification of Magistrate Judge Hixson's order or move to set a date for production. As a result of this manufactured emergency, Mr. Sutskever now moves to stay any compliance deadline pending the outcome of his forthcoming Rule 72(a) objection, to protect his statutory and constitutional rights.

I.  **LEGAL STANDARD**

"A motion to stay a magistrate judge's order pending review by the assigned district judge is evaluated under the same standard as a motion to stay pending appeal." *Forrest v. Facebook, Inc.*, No. 5:22-CV-03699-EJD, 2023 WL 1931356, at *1 (N.D. Cal. Jan. 18, 2023). Issuing a stay pending appeal is "an exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 433, (2009) (internal quotations omitted). In deciding whether a stay is appropriate, courts generally look to four factors: (1) whether the moving party will be irreparably injured absent a stay; (2) whether the moving party has made a strong showing that they are likely to succeed on the merits; (3) whether issuance of the stay will substantially injure the other parties; and (4) whether public interest favors a stay. *Id.* at 434.

---

[1] Those terms were: the document would be made available for inspection at the offices of the Producing Party's outside counsel. In addition, upon request on reasonable notice, three unredacted, hand-delivered copies would be provided to a Receiving Party a reasonable number of days before a relevant deposition. No copies could be made, and the document would be returned within one business day after the deposition concluded. Agnolucci Decl. ¶ 4 n.1.

The Ninth Circuit applies a sliding scale to the analysis, emphasizing that "a flexible approach is even *more* appropriate in the stay context," and that as to the first factor, a petitioner "need not demonstrate that it is more likely than not that they will win on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (emphasis in original). "Under this approach, a stay is justified if there are 'serious questions going to the merits and a hardship balance that tips sharply toward the [movant]' and the other two factors are also met." *Forrest*, 2023 WL 1931356, at *1 (quoting *Leiva-Perez*, 640 F.3d at 966).

## II.   ARGUMENT

### A.   Mr. Sutskever will suffer irreparable harm absent an immediate stay.

By jumping the gun, Plaintiffs have created an artificial emergency that will cause Mr. Sutskever irreparable harm absent a stay. Although the Discovery Order contained no specific compliance deadline, and although Mr. Sutskever immediately made known his plans to exercise his right to seek review of this order within 14 days, Plaintiffs moved for contempt—without conferring first—before the time for review had even expired in order to force disclosure during Mr. Sutskever's time to appeal.

By moving for contempt, Plaintiffs seek to sanction Mr. Sutskever for pursuing this right to review. But Courts in this District have consistently held that requiring compliance with a magistrate judge's order prior to Rule 72(a) review would cause irreparable harm, because it would deny a moving party the right to seek review. *See Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 2541326, at *2 (N.D. Cal. Mar. 15, 2023) ("Movants have established the probability of irreparable harm absent a stay because if they are required to comply with Judge van Keulen's Order before the Court rules on their Rule 72 motion, they will be effectively denied the relief sought in that motion."); *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 7283886, at *2 (N.D. Cal. Nov. 2, 2023) ("If AviaGames is required to comply with the Order the Court rules on their Rule 72 motion, then they will be effectively denied the relief sought in that motion.") (cleaned up).

Further, Mr. Sutskever does not believe a stay is needed in the first place, given that the Discovery Order contains no date of production. He has missed no deadline. *Cf. Alvarez v. Larose,*

*No. 3:20-cv-00782-DMS-AHG*, 2020 WL 5632659, at *1 (S.D. Cal. Sept. 21, 2020) (seeking a stay because the objection could not be "filed, considered, and ruled upon before the Discovery Order's deadlines [arose].") (internal citations omitted); *Canchola v. Allstate Ins. Co., No. 8:23-CV-00734-FWS-ADS*, 2025 WL 1377817, at *2 (C.D. Cal. Apr. 17, 2025) (seeking a stay *after* the filing of a Rule 72 motion, because the hearing was scheduled after the discovery order deadline).

But because of Plaintiffs' actions, Mr. Sutskever—a non-party to this case—must once again petition the Court to preserve his rights. If Mr. Sutskever was required to comply with the Discovery Order prior to a decision on his Rule 72(a) Motion, he would be "effectively deprived of [his] ability to seek review." *See Canchola*, 2025 WL 1377817, at *3. This would be particularly egregious given that, as explained below, part of the disputed discovery concerns Mr. Sutskever's constitutionally protected right to privacy. Under California law, "the right to privacy is treated as a claim of privilege in the discovery context." *Lin v. Suavei, Inc., No. 3:20-CV-862-L-AHG*, 2021 WL 6077621, at *3 (S.D. Cal. Dec. 23, 2021). And as the Ninth Circuit has held, "an appeal after disclosure of the privileged communication is an inadequate remedy for the irreparable harm a party likely will suffer if erroneously required to disclose privileged materials or communications." *Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) (internal quotations omitted). There is simply "no way to unring the bell of disclosure of privileged communications." *Skillz Platform Inc.*, 2023 WL 7283886, at *2. Requiring Mr. Sutskever to comply with the Discovery Order, which has no deadline, before his statutorily provided for time to appeal has run, would irreparably harm him and strip him of his rights.

### B. Mr. Sutskever is likely to succeed on the merits.

The second factor is satisfied because Mr. Sutskever has "a substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). He "need not demonstrate that it is more likely than not that [he] will win on the merits." *Id*. at 966. Any more stringent standard would "either, in essence, put every case in which a stay is requested on an expedited schedule, with the parties required to brief the merits of the case in depth for stay purposes, or would have the court attempting to predict with accuracy the resolution of often-thorny legal issues without adequate briefing and argument." *Id*. at 967.

Mr. Sutskever meets this standard because the Discovery Order is clearly erroneous and contrary to law. **First**, the Order improperly compels Mr. Sutskever to reveal the precise value of his interest in OpenAI. But the Order's analysis ignored Mr. Sutskever's constitutionally protected interest in his financial information, his status as a non-party, Plaintiffs' misconduct regarding similar information, and the required balancing test for deciding such questions. **Second**, the Order erroneously disregards a binding agreement negotiated by Plaintiffs and Mr. Sutskever, instead deciding—without *in camera* review—that a document which does not touch on any of the negotiated categories and that Plaintiff Musk never requested is nonetheless relevant and must be produced.

As to the first, the California Constitution's right to privacy "extends to one's confidential financial affairs." *Valley Bank of Nev. v. Superior Ct.*, 15 Cal. 3d 652, 656 (1975). Relevance alone is insufficient to justify invading this fundamental right. Rather, courts must conduct a "careful balancing" of the competing interests: the actual need for the specific information versus the seriousness of the privacy intrusion. *Id*. at 657. Critically, this balancing must account for the target's non-party status, as non-parties deserve "extra protection from the courts." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88; *see also U.S. v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371–72 (9th Cir. 1982) (courts must be "particularly sensitive to the burdens imposed on non-parties.").

Instead of engaging in the above balancing, the Order requires Mr. Sutskever sit for a second deposition to elicit cumulative testimony unnecessary to prove Plaintiffs' desired point—that Mr. Sutskever has a financial interest in OpenAI. Plaintiffs already elicited testimony establishing (1) that Mr. Sutskever has a financial interest in OpenAI; (2) that the interest has increased since his departure from the company, and (3) how, at certain points, his equity stake compared to that of other executives. ECF 322 at 4 (citing Sutskever Dep. Tr. 349:22–25; 351:20–352:13; 351:7–18).

Further intrusion into this area of inquiry poses material risks not addressed by the Order. During Mr. Sutskever's deposition, Mr. Musk's counsel violated the Amended Protective Order by revealing to a roomful of unauthorized individuals, including Mr. Sutskever and his counsel, the confidential value of another OpenAI executive's financial interest. *Id*. at 5. This clear

disregard for the confidentiality of sensitive information highlights the stakes at issue here. Mr. Sutskever faces a serious intrusion on his constitutionally protected privacy interest, for unnecessary, cumulative evidence.

The second part of the Order fares no better. It penalizes Mr. Sutskever—a compliant non-party—for relying in good faith on the meet-and-confer process, while rewarding Plaintiffs for their lack of diligence. Months prior to his deposition, the parties negotiated the scope of the third-party subpoena served on Mr. Sutskever. *See* ECF 322 at 3. They agreed on overarching categories relevant to the claims and defenses in this case, including the founding of OpenAI, decisions to open-source technology, conflicts of interests of the non-profit board, safety, and Sam Altman's dishonesty. *Id*. at 6.

Mr. Sutskever relied on this agreement, conducted a diligent review, and produced nearly a thousand pages of responsive documents. *Id*. at 3. He did not produce the Brockman Memo because it was not responsive. Despite precedent that parties assess relevance because the "system of discovery is based on trust that a party produces documents after a review and assessment for relevance and responsiveness," the Order makes a unilateral determination that this document is relevant, and disregards the agreed scope negotiated by Mr. Musk and Mr. Sutskever. *UAB "Planner5D" v. Meta Platforms, Inc.*, 746 F. Supp. 3d 806, 808 (N.D. Cal. 2024); *see also* ECF 315 at 2 (Discovery Order and Recommendation) (explaining that the Court should not "assume[] incompetence or bad faith" by counsel in performing document review).

The Order also erroneously concludes that Mr. Musk could have only learned about the existence of the Brockman Memo during Mr. Sutskever's deposition.[2] ECF 324 at 2. This rewards Plaintiff's failure to exercise basic diligence. Mr. Musk's counsel knew the Brockman Memo existed; they introduced a *Wall Street Journal* article discussing it at the deposition. ECF 300-5 (Sutskever Dep. Tr.) at 132:6–7, 135:11–20. Crucially, that same article reported that both the Brockman Memo, and a similar memo (the "Altman Memo") which had been produced to Mr. Musks's counsel because it *was* responsive to the negotiated categories, were sent via the same

---

[2] *See* Keach Hagey, The Wall Street Journal, *The Secrets and Misdirection Behind Sam Altman's Firing From OpenAI*, available at https://www.wsj.com/tech/ai/the-real-story-behind-sam-altman-firing-from-openai-efd51a5d?reflink=desktopwebshare_permalink.

"self-destructing email function." Plaintiffs were well aware that the Altman Memo still existed despite being sent in this manner. It is therefore inexplicable that Plaintiffs never once asked, over months of negotiation and production (May to September), whether a copy of the Brockman Memo also existed. Rewarding their delay and lack of diligence is contrary to law. But the Order does not address these failures at all, and erroneously accepts an unsupported factual claim.

In sum, the Order commits two fundamental errors, which presents a "substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). The second factor weighs heavily in favor of granting a stay so Mr. Sutskever's Rule 72(a) objection can be heard.

### C. Plaintiffs will not be prejudiced by a stay.

The third factor—potential injury to the opposing party—strongly favors a stay. A brief pause to allow for this Court's review will not substantially injure Plaintiffs. Any urgency Plaintiffs now claim is entirely self-made, the product of their own lack of diligence and unwarranted escalation tactics.

It is well established that a short pause to permit orderly district court review does not constitute substantial harm. *See Forrest*, 2023 WL 1931356 ("At most, a stay would slightly delay [the opposing party] from receiving supplemental disclosures, and such delay is not substantial harm."); *Jones*, 2023 WL 2541326, at *2 (finding no substantial prejudice from the "brief delay necessary for the Court to evaluate the parties' Rule 72 motions in a reasoned manner").

Plaintiffs' claim that they urgently need this discovery for upcoming deadlines rings hollow, as this concocted emergency stems directly from their own conduct.

First, Plaintiff's lack of diligence created the alleged urgency. They cannot claim prejudice when their own inaction caused the delay. Plaintiffs have long known the Brockman memo existed. Yet, Plaintiffs waited until the deposition to demand a document they had never before requested. Their current urgency is a direct result of their failure to seek the discovery earlier.

Second, Plaintiffs manufactured the current crisis by moving for contempt rather than seeking a compliance date. The Discovery Order contained no deadline for production because Plaintiffs never requested one. *See* ECF 324 (containing no deadlines). Mr. Sutskever missed no deadline. If Plaintiffs urgently needed the discovery, the proper course was to confer on a schedule

or ask the Magistrate Judge to set one. They did neither. Following the Order's issuance, Mr. Sutskever immediately notified Plaintiffs of his intent to seek Rule 72 review. Agnolucci Decl. ¶ 2. While the parties were actively engaged in good faith meet-and-confer discussions (*id.* ¶ 3), the same day they reached an impasse, Plaintiffs abruptly filed a Motion for Contempt and sanctions—without any warning. *Id.* ¶8, ECF 335. Plaintiffs forced this motion practice by attempting to sanction a non-party for exercising his statutory rights before his time to do so had even expired. They cannot now complain about the delay resulting from the crisis they created.

Third, Plaintiffs' refusal to accept a reasonable compromise undermines their claim of prejudice. Mr. Sutskever acted in good faith to avoid this delay. Recognizing Plaintiffs' upcoming deadlines—including the November 2 Murati deposition and the summary judgment briefing—he offered a significant compromise: immediate access to the Brockman Memo (subject to protections the parties had already agreed upon for the Altman Memo) and a prompt, limited Zoom deposition regarding his financial stake. Agnolucci Decl. ¶ 4. This proposal would have given Plaintiffs the discovery they claim is urgent without requiring Mr. Sutskever to waive his right to appeal. Plaintiffs rejected it. *Id.* ¶ 7. By prioritizing total victory against a non-party over timely access to the information, Plaintiffs belie any claim that a brief delay will cause substantial harm.

Fourth, the discovery Plaintiffs seek is largely cumulative and not time-sensitive. For example, Plaintiffs seek the precise dollar value of Mr. Sutskever's financial interest solely to establish bias. But they already have ample evidence for this purpose. Mr. Sutskever testified that he holds a significant financial interest in OpenAI, that this interest has increased since his departure, and how his stake compares to other executives–whose financial interest is known by Plaintiffs (and which they unfortunately revealed in violation of the protective order). ECF No. 322 at 4 (citing Sutskever Dep. Tr. 351:7–352:13).

The precise dollar figure adds only marginal value, particularly concerning the upcoming deadlines. Any potential relevance pertains to impeachment at trial and not to any immediate litigation needs. There is no plausible explanation of how knowing the specific number, rather than the established fact of significant financial interest, would substantially alter Plaintiffs' strategy for

the Murati deposition or summary judgment. The bias argument remains the same. A brief delay in obtaining this cumulative detail will not cause any prejudice.

Finally, adjusting the case schedule can easily cure any minimal prejudice. Although Plaintiffs complain about upcoming deadlines, courts routinely hold this is not substantial prejudice. A proportional extension can cure any genuine harm. If a stay genuinely hampers a party's preparation, the remedy is a "continuance of the [upcoming] deadlines, commensurate with the length of the stay," provided the Plaintiff can "articulate the stay's impact" on those deadlines. *Gamino v. KPC Healthcare Holdings, Inc.*, No. 5:20-cv-01126-SB-SHK, 2021 WL 2309972, at *1 (C.D. Cal. May 10, 2021); *see also Canchola*, 2025 WL 1377817, at *4 (same).

Because the potential harm to Mr. Sutskever is severe and the prejudice to Plaintiffs is minimal, self-inflicted, and mitigatable, the balance of harms tips sharply in favor of a stay. *Leiva-Perez*, 640 F.3d at 966.

### D. Public Interest Favors Granting A Stay

Finally, the public interest supports issuing a temporary stay to ensure that judicial proceedings remain fair, efficient, and protective of individual, non-party rights. The core purpose of Rule 72(a) is to provide meaningful district court review of magistrate discovery orders. This review is particularly important where, as here, the discovery intrudes upon a non-party's constitutional privacy interests. Forcing compliance before review would undermine the Federal Rules of Civil Procedure and undermine confidence in the judicial system. Conversely, a short stay pending review advances the public's interest in orderly, just, and economical resolution of disputes, consistent with Federal Rule of Civil Procedure 1. *See Canchola*, 2025 WL 1377817, at *4 (C.D. Cal. Apr. 17, 2025) (public interest factor favored stay in light of interest in "limiting the unnecessary sharing and use" of private information); *Gamino,* 2021 WL 2309972, at *1 (same).

### III. CONCLUSION

For all these reasons, the Court should stay compliance with the Discovery Order pending this Court's review of Mr. Sutskever's forthcoming Rule 72(a) Motion for Relief

Dated: October 28, 2025

COOLEY LLP

By: /s/ *Simona A. Agnolucci*
    Simona Agnolucci
    Eduardo Santacana
    Anika Holland
    Harris Mateen
    Remy Carreiro

Attorneys for Non-Party
ILYA SUTSKEVER

**Certification of Conference Pursuant to Standing Order Regarding Court Operations During Government Shutdown**

I, Eduardo E. Santacana, declare as follows:

1. On October 28, 2025, Plaintiffs filed a Motion For Order To Show Cause Why Contempt Citation Should Not Issue Against Non-Party Ilya Sutskever (ECF 335) ("Motion for Contempt"). Plaintiffs filed this motion without meeting and conferring with Mr. Sutskever's counsel regarding contempt or sanctions. Plaintiffs' Motion for Contempt seeks immediate compliance with the October 17, 2025 Discovery Order (ECF 324) and requests sanctions against Mr. Sutskever, even though Mr. Sutskever is exercising his right to seek review of that Order under Rule 72(a).

2. Due to Plaintiffs' Motion for Contempt, Mr. Sutskever was compelled to immediately file the Motion to Stay and the Rule 72(a) Objection to protect his rights before they are mooted or prejudiced by the pending contempt proceedings.

3. At 8:20 p.m. PT on October 28, 2025, I emailed Plaintiffs' counsel, Jennifer Schubert, to meet and confer regarding the urgency of the Motion to Stay and the Rule 72(a) Objection, as required by the Standing Order. In that email, I requested that Ms. Schubert confirm whether Plaintiffs agreed or disagreed that the Motion to Stay and the Rule 72(a) Objection must be urgently resolved.

4. As of the time of this filing, Plaintiffs' counsel has not responded to my request to confirm their position on the urgency of these motions.

5. Mr. Sutskever submits that the Motion to Stay and the Rule 72(a) Objection must be urgently resolved. Plaintiffs' Motion for Contempt has created an emergency requiring immediate Court intervention to prevent Mr. Sutskever from suffering irreparable harm and facing sanctions while exercising his right to seek district court review.

Pursuant to the Standing Order, I hereby certify that counsel have conferred (or attempted to confer) as described above, and that the Motion to Stay and the Rule 72(a) Objection must be urgently resolved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 28, 2025

/s/ Eduardo E. Santacana