COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
HARRIS MATEEN (335593)
(harris.mateen@cooley.com)
REMY CARREIRO (359384)
(rcarreiro@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

Attorneys for Non-Party
ILYA SUTSKEVER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>                Plaintiffs,<br><br>      v.<br><br>SAMUEL ALTMAN, et al.,<br><br>             Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**DECLARATION OF SIMONA AGNOLUCCI IN SUPPORT OF NON-PARTY ILYA SUTSKEVER'S MOTION TO STAY MAGISTRATE JUDGE'S ORDER PENDING RESOLUTION OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**<br><br>Date:      December 2, 2025<br>Time:     2:00pm<br>Judge:   Mag. Hon. Judge Yvonne Gonzalez Rogers<br>Location: Courtroom 1 – 4th Floor |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL OF SIMONA AGNOLUCCI ISO NON-PARTY
SUTSKEVER'S MOTION TO STAY –
CASE NO. 4:24-CV-04722-YGR

I, Simona Agnolucci, hereby declare as follows:

1.      I am a partner with the law firm Cooley LLP and I am counsel for Non-Party Ilya Sutskever in the above-captioned action. I am duly licensed to practice law in the State of California and am admitted to practice before this Court. The matters set forth herein are of my own personal knowledge, and if called as a witness to testify, I could and would testify to these matters. I submit this declaration in support of Mr. Sutskever's Motion To Stay Magistrate Judge's Order Pending Resolution Of Motion For Relief From Nondispositive Pretrial Order.

2.      On October 18, 2025, I notified Plaintiffs counsel of Mr. Sutskever's intent to object to ECF No. 324 ("the Order"). *See* Exhibit A.

3.      As described in paragraphs 4-6 below, in an effort to resolve the parties' disputes without the need for further Court action, I engaged in telephonic meet and confer discussions with Plaintiffs' counsel on October 20 and 23, as well as the discussion by email attached hereto as **Exhibit A**.

4.      On October 20, I spoke by telephone with Plaintiffs' counsel and offered to resolve the parties' discovery dispute as follows: (1) Mr. Sutskever would provide immediate access to the Brockman Memo, subject to the same terms[1] the parties had agreed to for access to a similar document, the Altman Memo[2] and (2) Mr. Sutskever would agree to sit for a Zoom deposition limited to questions necessary to determine the value of his financial stake in OpenAI.

5.      Plaintiffs' counsel responded to my proposal during an October 23 telephone call, during which they counter-proposed that Mr. Sutskever produce the Brockman memo and sit for a deposition by Zoom regarding both the value of his financial stake in OpenAI and the content of the Brockman memo.

---

[1] Those terms, which the parties memorialized in writing for production of the Altman Memo, are: the document would be made available for inspection at the offices of the Producing Party's outside counsel. In addition, upon request on reasonable notice, three unredacted, hand-delivered copies would be provided to a Receiving Party a reasonable number of days before a relevant deposition. No copies could be made, and the document would be returned within one business day after the deposition concluded.

[2] These Memos were prepared by Mr. Sutskever and shared with OpenAI's Board of Directors in connection with the termination of Sam Altman and Greg Brockman.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECL OF SIMONA AGNOLUCCI ISO NON-PARTY
SUTSKEVER MOTION TO STAY
NO. 4:24-CV-04722-YGR

6. On October 27, I communicated to Plaintiffs by email that Mr. Sutskever declined Plaintiffs' offer, but that his October 20 proposal described in paragraph 4 above remained live. If Plaintiffs did not agree to the proposal, I stated that Mr. Sutskever planned to exercise his right to object to the Order under Rule 72. *See* Exhibit A. I also provided caselaw supporting our position that prompt compliance with Judge Hixson's order does not require Mr. Sutskever to forgo his legal right to seek prompt review, and offered to have a further discussion with counsel. *See id.*

7. Plaintiffs again rejected this proposal on October 28. *See id.*

8. Later that same day, without conferring with me or my team, Plaintiffs filed a Motion For Order To Show Cause Why Contempt Citation Should Not Issue Against Non-Party Ilya Sutskever.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the forgoing is true and correct.

Executed on October 28, 2025 at San Francisco, California.

*/s/ Simona A. Agnolucci*
Simona Alessandra Agnolucci

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DECL OF SIMONA AGNOLUCCI ISO NON-PARTY
SUTSKEVER MOTION TO STAY
NO. 4:24-CV-04722-YGR