COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
REMY CARREIRO (359384)
(rcarreiro@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Non-Party
ILYA SUTSKEVER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAMUEL ALTMAN, et al.,<br><br>　　　　　Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**DECLARATION OF SIMONA A. AGNOLUCCI IN SUPPORT OF NON-PARTY ILYA SUTSKEVER'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER (OBJECTION TO ECF 324)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF AGNOLUCCI ISO NON-PARTY SUTSKEVER'S
MOTION TO FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER-CASE NO. 4:24-CV-04722-YGR

I, Simona Alessandra Agnolucci, hereby declare as follows:

1. I am a partner with the law firm Cooley LLP and I am counsel for Non-Party Ilya Sutskever in the above-captioned action. I am duly licensed to practice law in the State of California and am admitted to practice before this Court. The matters set forth herein are of my own personal knowledge, and if called as a witness to testify, I could and would testify to these matters.

2. I submit this declaration in support of Mr. Sutskever's Motion for Relief from Nondispositive Pretrial Order (Rule 72(a) Objection) regarding the Magistrate Judge's October 17, 2025 Discovery Order (ECF 324) (the "Order").

**_The Subpoena and Negotiated Scope (May - September 2025)_**

3. Mr. Sutskever is a co-founder of OpenAI but is not a party to this action. In April 2025, Plaintiffs, then represented primarily by Toberoff & Associates, P.C. ("Toberoff"), served a broad third-party subpoena on Mr. Sutskever. Recognizing the sensitivity of the subject matter, my colleagues engaged in extensive, good-faith negotiations with Plaintiffs' then-primary counsel Jaymie Parkkinen to narrow the scope of the subpoena to relevant material.

4. In May 2025, members of my team reached a binding agreement limiting Mr. Sutskever's production obligations to five specific categories: (a) the founding of OpenAI (2015–2016); (b) decisions to open-source technology; (c) conflicts of interest of Sam Altman, Greg Brockman, and other non-profit board members; (d) safety; and (e) Sam Altman's dishonesty about safety or the nonprofit structure (i.e., not including interpersonal or personnel issues). A true and correct copy of an email memorializing that agreement is attached hereto as **Exhibit A**.

5. We specifically invited Plaintiffs' counsel to "[p]lease let us know if there were additional categories they would like Mr. Sutskever to search for." **Exhibit A** at 3. Plaintiffs clarified the scope of two of the existing categories but did not request any additional categories.

6. Before negotiations began, the existence of two specific documents—the "Altman Memo" and the "Brockman Memo"—was public knowledge. A *Wall Street Journal* article published on March 28, 2025, reported on both memos, noting they were sent using a "self-destructing email function." Attached as **Exhibit B** hereto is a true and correct copy of Plaintiffs'

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECL. OF AGNOLUCCI ISO NON-PARTY SUTSKEVER'S
MOTION TO FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER-CASE NO. 4:24-CV-04722-YGR

1  Exhibit 20 at Mr. Sutskever's October 1, 2025 deposition, which is a copy of the *Wall Street Journal*
2  Article Plaintiffs' counsel used to question Mr. Sutskever.
3     7.   We determined, in our professional judgment, that portions of the Altman Memo
4  fell within the negotiated scope reflected in **Exhibit A** and produced it, along with nearly 1,000
5  pages of other responsive documents.
6     8.   We independently determined, in our professional judgment, that the Brockman
7  Memo did not fall within the negotiated scope and did not produce it. In other words, none of the
8  topics Mr. Musk's counsel agreed to, as described in more detail in **Exhibit A**, encompassed any
9  of the material in the Brockman memo.
10    9.   From May through September 2025, Plaintiffs' counsel never requested the
11 Brockman Memo. They also never asked if a copy of the Brockman Memo still existed—even after
12 receiving the Altman Memo, which made it apparent that items attached to "self-destructing"
13 emails could be preserved.
14    **Mr. Sutskever's Deposition (October 1, 2025)**
15    10.  In late July 2025, the law firm MoloLamken LLP filed notices to appear *pro hac*
16 *vice* in this matter. (ECF 216-219, 225).
17    11.  I defended Mr. Sutskever during his deposition on October 1, 2025. Counsel from
18 MoloLamken took the deposition. True and correct excerpts of the transcript (cited as "Sutskever
19 Dep. Tr.") are attached hereto as **Exhibit C**.
20    12.  During the deposition, Plaintiffs' counsel introduced a *Wall Street Journal* article
21 about the Brockman Memo before anyone else had mentioned it. Ex. B; Ex. C at 132:6–7, 135:11–
22 20.
23    13.  Plaintiffs' counsel then questioned Mr. Sutskever about the Brockman Memo and
24 claimed it should have been produced. This was the first time Plaintiffs had requested this
25 document.
26    14.  During the deposition, Plaintiffs' counsel questioned Mr. Sutskever about his
27 financial interest in OpenAI. He confirmed he retains an interest, that its value has increased, and
28 generally how his stake compares to that of other executives. *See, e.g.*, Ex. C at 349:22–25; 351:19–

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DECL. OF AGNOLUCCI ISO NON-PARTY SUTSKEVER'S
MOTION TO FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER-CASE NO. 4:24-CV-04722-YGR

352:13. During this line of questioning, Plaintiffs' counsel violated the Amended Protective Order (ECF 270) by disclosing the precise financial interest of another OpenAI executive. *See* Ex. C at 359:19–360:4.

**<u>Subsequent Meet-and-Confer (October 8, 2025)</u>**

15. On October 8, 2025—the last day for discovery motions—at 3:00 p.m. Pacific Time, MoloLamken first notified us by email of their intent to move to compel. They provided their portion of a draft "joint" letter brief at the same time, hours before the deadline and before the 5:00 p.m. meet and confer.

16. We met and conferred that evening by telephone. I attended this meeting on behalf of Mr. Sutskever, in addition to my colleagues Anika Holland and Remy Carreiro, who took detailed contemporaneous notes of the call. During this call, Plaintiffs' counsel, Jennifer Schubert, stated their co-counsel Jaymie Parikkinen of the Toberoff law firm did not know that the Brockman memo still existed, nor did he waive right to have it produced.

17. Ms. Schubert argued that she and her colleagues did not request the Brockman Memo earlier because they understood the memo to be attached to "disappearing time sensitive emails" and thought the preservation of the Altman Memo must have been a "fluke."

18. Ms. Schubert also admitted that the transition between law firms had caused confusion regarding the subpoena negotiations. Ms. Schubert stated that Plaintiffs "take responsibility for what our team has done," and for "the gaps" caused by "passing the baton" between law firms.

Executed on October 29, 2025, in San Francisco, California.

                                         */s/ Simona Agnolucci*
                                         Simona Alessandra Agnolucci

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DECL. OF AGNOLUCCI ISO NON-PARTY SUTSKEVER'S MOTION TO FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER-CASE NO. 4:24-CV-04722-YGR