COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
ANIKA HOLLAND (336071)
(anika.holland@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
REMY CARREIRO (359384)
(rcarreiro@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

Attorneys for Non-Party
ILYA SUTSKEVER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **NON-PARTY ILYA SUTSKEVER'S ADMINISTRATIVE MOTION TO SHORTEN TIME TO HEAR MOTION TO STAY (DKT. 337)** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NON-PARTY SUTSKEVER'S ADMINISTRATIVE MOTION
TO SHORTEN TIME TO HEAR MOTION TO STAY
(CASE NO. 4:24-CV-04722-YGR)

Non-party Ilya Sutskever respectfully moves this court to shorten time for the Court to hear his Motion to Stay (Dkt. 337), pursuant to Civil Local Rules 6–3(a)(4) and 7–11. Counsel for Plaintiffs have agreed in writing that the Motion to Stay and Mr. Sutskever's related Rule 72(a) objection to the underlying discovery order should both be heard urgently.

The Motion to Stay seeks to stay an underlying discovery ordered issued by the Magistrate Judge so that this Court has time to consider Mr. Sutskever's objection to the order; that underlying discovery order would require production of highly sensitive material to Plaintiffs and a second deposition of Mr. Sutskever, so only a stay could obviate the prejudice of having to produce while this Court considers Mr. Sutskever's objection.

Unfortunately, Mr. Sutskever must request a ruling by **November 4, 2025**. Expedited review is necessary because earlier today, after the Motion to Stay was filed, the Magistrate Judge ordered Mr. Sutskever to comply with the underlying discovery order (Dkt. 324), whether or not this Court has ruled on the Motion to Stay; the new order sets a deadline for compliance of November 5. Dkt. 339. Mr. Sutskever reluctantly makes such a request, especially during the government shutdown. But the effect of the Magistrate Judge's new order is to, essentially, set a deadline for this Court to act, lest Mr. Sutskever's rights be infringed without this Court having an opportunity to pass on his objection to the Magistrate Judge's underlying discovery order.

The new deadline forces Mr. Sutskever to comply long before this Court can review his Rule 72 objections. As courts in this Circuit have found, this would effectively deny him the relief he seeks. *See Alvarez v. Larose*, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) ("[R]equiring the [compelled discovery] to go forward by the existing deadline . . . might preclude the district judge's ability to review Respondents' anticipated Rule 72 objection, which would effectively deprive Respondents of their right to reconsideration of the Discovery Order by the district judge altogether."); *see also Jones v. PGA Tour, Inc.*, 2023 WL 2541326, at *2 (N.D. Cal. Mar. 15, 2023); *Forrest v. Facebook, Inc.*, 2023 WL 1931356, at *2 (N.D. Cal. Jan. 18, 2023). Compliance without a ruling from this Court will thus cause irreparable harm and moot Mr. Sutskever's Rule 72(a) objection.

Cooley LLP
Attorneys at Law
San Francisco

2

Non-Party Sutskever's Administrative Motion
to Shorten Time to Hear Motion To Stay
(Case No. 4:24-cv-04722-YGR)

To protect his rights and avoid irreparable harm, Mr. Sutskever respectfully asks the Court to shorten the time to hear his Motion to Stay (Dkt. 337), order any response from Plaintiffs be due October 31, 2025, and set a hearing November 3, 2025, at 10:00 a.m.

Dated: October 29, 2025　　　　　　　　　　　　COOLEY LLP

By: */s/ Simona Agnolucci*
　　Simona Agnolucci
　　Eduardo Santacana
　　Anika Holland
　　Harris Mateen
　　Remy Carreiro

Attorneys for Non-Party
ILYA SUTSKEVER

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

NON-PARTY SUTSKEVER'S ADMINISTRATIVE MOTION
TO SHORTEN TIME TO HEAR MOTION TO STAY
(CASE NO. 4:24-CV-04722-YGR)

I, Eduardo E. Santacana, declare as follows:

1. On October 28, 2025, Plaintiffs filed a Motion For Order To Show Cause Why Contempt Citation Should Not Issue Against Non-Party Ilya Sutskever (Dkt. 335) ("Motion for Contempt"). Plaintiffs filed this motion without meeting and conferring with Mr. Sutskever's counsel regarding contempt or sanctions. Plaintiffs' Motion for Contempt seeks immediate compliance with the October 17, 2025 Discovery Order (Dkt. 324) and requests sanctions against Mr. Sutskever, even though Mr. Sutskever is exercising his right to seek review of that Order under Rule 72(a).

2. Due to Plaintiffs' Motion for Contempt, Mr. Sutskever was compelled to immediately file the Motion to Stay and the Rule 72(a) Objection to protect his rights before they were mooted or prejudiced by the then-pending contempt proceedings.

3. Mr. Sutskever filed that Motion to Stay on the night of October 28, 2025, just after midnight. The next morning, at 4:13 a.m. pacific time, counsel for Plaintiffs agreed in writing, pursuant to this Court's temporary standing order regarding the government shutdown, that Plaintiffs also wish for the Motion to Stay and Mr. Sutskever's Rule 72(a) objection to the underlying discovery order both be heard urgently.

4. On October 29, Magistrate Judge Hixson ordered Mr. Sutskever to comply with the underlying discovery order (Dkt. 324), whether or not this Court has ruled on the Motion to Stay, by November 5. Dkt. 339.

5. Thus, if this Court has not ruled on Mr. Sutskever's Motion to Stay before November 5, Mr. Sutskever faces the possibility of being effectively denied his right to review under Rule 72(a).

6. At 8:10 p.m. pacific time on October 29, 2025, my team emailed Plaintiffs' counsel, Jennifer Schubert, to meet and confer regarding the urgency of the Motion to Stay in light of the new deadline for compliance. In that email, my team requested that Ms. Schubert confirm whether they would stipulate to an expedited briefing schedule on Mr. Sutskever's Motion to Stay with Plaintiffs' response due October 31, 2025, and a hearing set for November 3, 2025, at 10:00 a.m.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

NON-PARTY SUTSKEVER'S ADMINISTRATIVE MOTION
TO SHORTEN TIME TO HEAR MOTION TO STAY
(CASE NO. 4:24-CV-04722-YGR)

7. As of the time of this filing, Plaintiffs' counsel has not responded to this request. But, as noted above, Plaintiffs' counsel had already agreed earlier that day that the motions should be decided urgently, one way or another. Mr. Sutskever therefore does not expect opposition from Plaintiffs' counsel to an expedited hearing on the Motion to Stay.

8. Mr. Sutskever has been party to one prior time change in this case. On October 15, 2025, the parties, and Non-Party Mr. Sutskever, filed a joint stipulation extending the time to respond to Plaintiffs' Administrative Motion to Consider Whether Other Parties' Material Should Be Sealed (Dkt. 300) from October 15 to October 23.

9. Shortening the time to rule on Mr. Sutskever's Motion to Stay would serve to protect his statutory right to review and prevent irreparable harm, while continuing the forward progress of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 29, 2025, in San Francisco, California.

                                        */s/ Eduardo E. Santacana*
                                        Eduardo E. Santacana

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

NON-PARTY SUTSKEVER'S ADMINISTRATIVE MOTION
TO SHORTEN TIME TO HEAR MOTION TO STAY
(CASE NO. 4:24-CV-04722-YGR)