1  MARC TOBEROFF (CA SBN 188547)
   MToberoff@toberoffandassociates.com
2  JAYMIE PARKKINEN (CA SBN 318394)
   JParkkinen@toberoffandassociates.com
3  TOBEROFF & ASSOCIATES, P.C.
   23823 Malibu Road, Suite 50-363
4  Malibu, CA  90265
   Telephone: (310) 246-3333
5
   STEVEN F. MOLO (*pro hac vice*)
6  ROBERT K. KRY (*pro hac vice*)
   JENNIFER M. SCHUBERT (*pro hac vice*)
7  MOLOLAMKEN LLP
   430 Park Avenue
8  New York, NY  10022
   Telephone: (212) 607-8160
9
   *Attorneys for Plaintiffs Elon Musk*
10 *and X.AI Corp.*

11                 **UNITED STATES DISTRICT COURT**
12                 **NORTHERN DISTRICT OF CALIFORNIA**

13

14  ELON MUSK, et al.,                    Case No. 4:24-cv-04722-YGR (TSH)

15                 Plaintiffs,
                                           **PLAINTIFFS' RESPONSE IN**
16          v.                             **OPPOSITION TO NON-PARTY ILYA**
                                           **SUTSKEVER'S MOTION TO STAY**
17  SAMUEL ALTMAN, et al.,

18                 Defendants.

19

20

...

28                                                       Case No. 4:24-cv-04722-YGR
                                        Plaintiffs' Response in Opp. to Motion to Stay

**INTRODUCTION**

Witness Ilya Sutskever—an OpenAI owner with likely billions of dollars riding on the outcome of this case—is refusing to testify about his financial interest in defendant OpenAI and refusing to produce and testify about a memo he wrote that is believed to be highly critical of defendant Greg Brockman, OpenAI's President. Magistrate Judge Hixson correctly ordered Mr. Sutskever to provide the testimony and to produce the memo on October 17. Dkt. No. 324 (the "Order").

Eleven days passed, during which Plaintiffs' counsel attempted to negotiate compliance with counsel for Mr. Sutskever, whose fees are being paid by OpenAI. Time is of the essence. Fact discovery ended a month ago (except for the November 2 deposition of former OpenAI CTO Mira Murati, at which Plaintiffs intend to use the memo), and Plaintiffs' summary judgment briefs are due November 7.

After being strung along with no agreement on compliance and no appeal or stay motion filed, Plaintiffs filed a motion for an order to show cause why Mr. Sutskever should not be held in contempt for failing to comply with the magistrate judge's Order. Mr. Sutskever quickly filed a motion to stay with this Court and Magistrate Judge Hixson has since ordered Mr. Sutskever to provide the testimony and produce the Brockman Memo by November 5, 2025, unless he obtains a stay. Dkt. No. 339.

Mr. Sutskever has failed to make the required showing for a stay. His request should be denied, and he should be required to produce the highly relevant evidence.

**FACTUAL BACKGROUND**

On October 1, 2025, Plaintiffs deposed third-party witness Ilya Sutskever, a co-founder and former executive of OpenAI. Following the deposition, Plaintiffs moved to compel additional testimony from Mr. Sutskever who, on his counsel's instructions, refused to answer highly relevant, nonprivileged questions regarding his financial interest in OpenAI. Dkt. Nos. 300, 301. Plaintiffs also moved to compel production of, and testimony about, the "Brockman Memo," a document that Sutskever wrote and sent to members of the OpenAI Board in advance of their decision to remove Brockman as Board Chairman. *Id.*

On October 17, Magistrate Judge Hixson granted both of Plaintiffs' motions in a well-reasoned Order, ruling: (i) the "value of Sutskever's interest in OpenAI is relevant to his interest in the outcome of the case," and "under state law or federal law, Sutskever's claimed right to privacy does not bar this

1  discovery," and (ii) the Brockman Memo is relevant and should be produced to Plaintiffs, notwithstanding
2  any prior requests for production or meet and confers. Dkt. No. 324. Accordingly, the Court ordered that
3  Sutskever produce the Brockman Memo and that Plaintiffs may depose Sutskever "concerning the value
4  of his financial interest in OpenAI and concerning the Brockman memo." *Id.*

5  The next morning, Plaintiffs' counsel requested that Mr. Sutskever comply with the Order by
6  providing the Brockman Memo and dates for a follow-up deposition. Schubert Decl. at ¶ 4. Mr.
7  Sutskever's counsel responded that they intended to appeal the Order. *Id.* On October 20, Plaintiffs'
8  counsel requested that Mr. Sutskever comply promptly with this Court's order ***notwithstanding*** any appeal,
9  consistent with the law in this Circuit. *Id.* The parties then met and conferred in good faith. Mr. Sutskever's
10 counsel twice proposed: (1) to make the Brockman Memo available for inspection only, under highly
11 restrictive procedures not required by law; and (2) to make Mr. Sutskever available for a video deposition
12 regarding only the value of his equity stake in OpenAI, not regarding the Brockman Memo. *Id.* ¶ 5.

13 On October 23, Plaintiffs' counsel agreed to accept the Brockman Memo subject to the highly
14 restrictive procedures demanded by Mr. Sutskever's counsel and to depose Mr. Sutskever remotely. *Id.* ¶ 6.
15 Plaintiffs' counsel also insisted that Mr. Sutskever comply with the Order and answer questions about the
16 Brockman Memo. *Id.* Mr. Sutskever declined the counterproposal. Significantly, on at least October 20,
17 23, and 27, Plaintiffs' counsel reiterated to Mr. Sutskever's counsel that Mr. Sutskever was required to
18 comply with the Order promptly. Plaintiffs' counsel also advised that if Mr. Sutskever did not comply,
19 Plaintiffs would need to seek relief with the Court. *Id.* Mr. Sutskever's counsel responded each time that
20 they did not intend to supply the discovery pending appeal. They stated that they instead would "take their
21 chances." *Id.*

22 Accordingly, on October 28, Plaintiffs filed a Motion for an Order to Show Cause Why Contempt
23 Citation Should Not Issue Against Non-Party Ilya Sutskever. Dkt. No. 335. Within hours, in an about-face
24 and a plain attempt to evade sanctions, Mr. Sutskever's counsel filed their meritless motion for a stay
25 pending appeal. Dkt. No. 337.

26 On October 29, Magistrate Judge Hixson "ORDER[ED] Sutskever to comply with the October 17
27 discovery order no later than November 5, 2025, unless he obtains a stay of that order from the district
28

judge by November 5." Dkt. No. 339. The Court added, "Please note that asking for a stay (which he has done) and obtaining one are different things." *Id.*

As noted, Plaintiffs are scheduled to depose non-party Mira Murati in three days, on November 2, 2025, and intend to question Ms. Murati about the Brockman Memo. Schubert Decl. ¶ 8. Expert reports were submitted yesterday, and Plaintiffs' responses to defendants' motions for summary judgment are due on November 7. The evidence adduced from the Brockman Memo and Mr. Sutskever's deposition will be relevant to our brief and may be relevant to our experts' opinions. *Id.*

## ARGUMENT

A stay is "not a matter of right" but is instead "an exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 433 (2009). *See In re Soc. Media Adolescent Addiction/ Pers. Inj. Prods. Liab. Litig.*, No. 22-MD-03047 (YGR) 2024 WL 4495810, at *1 (N.D. Cal. Oct. 15, 2024) (citing *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.")). A stay is an "intrusion into the ordinary processes of administration and judicial review" and accordingly, "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken*, 556 U.S. at 427.

The party requesting a stay bears the burden of showing that the circumstances justify an exercise of judicial discretion. *Nken*, 556 U.S. at 433-34. In the context of a motion to stay a magistrate judge's non-dispositive discovery order, this burden "is a steep hill to climb." *In re Soc. Media*, 2024 WL 4495810, at * 2 (quoting *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1095 (D. Nev. 2022) (" 'A stay of a magistrate judge's discovery order should be granted sparingly.'")). "Hence, the presumption is that discovery ordered by a magistrate judge will proceed regardless of the filed objection." *PlayUp, Inc.*, 635 F. Supp. 3d at 1095.

In determining whether a stay applicant has met his heavy burden, a court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S.

at 433-34.  In this Circuit, the "first two factors . . . are the most critical," and the court considers the remaining two factors only "if the first two factors are satisfied."  *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (quoting *Nken*, 556 U.S. at 434-35).

Mr. Sutskever cannot meet that burden.

**A.  Mr. Sutskever is not likely to succeed on the merits of his appeal.**

Magistrate Judge Hixson's well-reasoned Order is entitled to "significant deference," as magistrate judges have "broad discretion in resolving discovery matters."  *In re Soc. Media*, 2024 WL 4495810, at *2 (citing *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).  "A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.' " *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).  This is a "formidable standard of review."  *In re Soc. Media*, 2024 WL 4495810, at *2 (citing *PlayUp*, 635 F. Supp. 3d at 1096-97).

Magistrate Judge Hixson is highly experienced and has closely supervised the expedited discovery in this case.  The parties have raised many issues, he has held hearings, and he has issued over 20 separate orders on discovery matters.

Mr. Sutskever never mentions the demanding standard of review and gives absolutely no deference to Magistrate Judge Hixson, effectively accusing him of failing to consider the parties' papers.  *See* Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, Dkt. No. 342 ("Motion for Relief"). Magistrate Judge Hixson's Order deserves significant deference.  It was not clearly erroneous or contrary to law.  Far from it.  The Order demonstrates that Magistrate Judge Hixson applied his deep knowledge of the facts and discovery in this case in considering the parties' arguments and in issuing a well-supported order.

In ordering Mr. Sutskever to produce the Brockman Memo, Magistrate Judge Hixson stated that he considered Plaintiffs' Requests for Production and the history of the parties' meet and confers before determining that both did "not matter." Dkt. No. 324.  He then determined the Brockman Memo is relevant and should be produced.  *Id.*  Indeed, it is and should be.  Based on public reporting and Mr. Sutskever's deposition testimony, it appears the Brockman Memo was provided to members of the OpenAI Board at

the time defendant Sam Altman was fired and Brockman resigned.  Dkt. No. 342-4.  Magistrate Judge Hixson's determination is correct and entitled deference.

In ordering Mr. Sutskever to testify regarding his equity stake, Magistrate Judge Hixson clearly conducted the balancing that Mr. Sutskever accuses him of foregoing.  His order states:

> Further, whether viewed under state law or federal law, Sutskever's claimed right to privacy does not bar this discovery.  *See generally Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 855831, *2 (N.D. Cal. March 9, 2011) (state law); *Cohen v. Trump*, 2015 WL 3966140, *3 (S.D. Cal. June 30, 2015) (federal law).

Dkt. No. 324.  Judge Hixson correctly determined that the relevance of Mr. Sutskever's equity stake is ***not outweighed by*** any alleged privacy interests.  As his Order explains:

> The value of Sutskever's interest in OpenAI is relevant to his interest in the outcome of the case because if Plaintiffs win, he stands to lose a substantial amount of money.  "Pecuniary interest may be shown to prove bias."  *United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999). "The amount at issue is ordinarily admissible, because the jury may reasonably believe that the willingness of a witness to lie or shade testimony would be affected, not only by whether the result may benefit him, but also by how much. Some people would lie under oath for a lot of money but not for a little."  *Id.* … Sutskever's claimed right to privacy does not bar this discovery.

Dkt. No. 324.

Mr. Sutskever has rehashed the same arguments that Magistrate Judge Hixson considered and summarily rejected in issuing the Order.  They have little to no chance of success on appeal, especially given the deference afforded to Magistrate Judge Hixson's determinations.

**B.  Mr. Sutskever will suffer no irreparable injury absent a stay.**

Mr. Sutskever has failed to identify a single harm he would suffer in producing the Brockman Memo.  There is none.  He was ordered to produce ***one*** document—highly relevant to this case—that he ***already*** possesses.  He may produce it via a single click, subject to the "highly confidential" designation under the protective order[1] in this case.  The Order imposes no burden or hardship and intrudes on no right.  Nor does

---

[1] Though Mr. Sutskever lacks any standing to raise the issue at all, his counsel has repeatedly publicly accused Plaintiffs' counsel of violating the protective order in this case.  As is apparent from Magistrate Judge Hixson's election not to address these allegations in the Order, the allegations are baseless and a red herring, not at all relevant to the legal determination before the Court.

At Mr. Sutskever's deposition, Plaintiffs' counsel asked Mr. Sutskever a question about another executive's equity value—with a good faith basis to believe that Mr. Sutskever, as a co-founder and former executive

1 | Mr. Sutskever allege any harm that would stem from testifying regarding the Brockman Memo.

2 | Mr. Sutskever argues only that his privacy would be intruded upon by testifying about the details of his financial interest in OpenAI, a defendant that is paying his legal fees. This issue is clearly relevant to Mr. Sutskever's interest and bias. Magistrate Judge Hixson agreed.

Magistrate Judge Hixson's determination is not "contrary to law." *Crowe v. Cnty. of San Diego*, 242 F. Supp. 2d 740, 744 (S.D. Cal. 2003). It was Mr. Sutskever's burden to establish a privacy right. There is no basis to conclude there is one, and his counsel's actions belie their argument. In their Response to Plaintiffs' Discovery Letter Brief, Dkt. No. 322 at 4, and again in their Motion for Relief, Dkt. No. 342 at 2, both filed on the public docket, they disclosed the limited testimony Mr. Sutskever provided about his financial holdings, namely: (1) that he still holds an equity stake in OpenAI, (2) that his stake has increased in value, and (3) that he could and did compare it to the value of other OpenAI executives' stakes. *See id.*; Dkt. No. 342 at 2.

Even if Mr. Sutskever did possess a legitimate privacy interest in the value of his OpenAI equity, complying with the Order requires little to no intrusion on that right. The Order requires only that Mr. Sutskever provide the details of his financial interest in OpenAI in a closed deposition, subject to the existing protective order. If appropriate, that testimony can also be designated "highly confidential" and made known only to *counsel* for the parties in this case—not the public. There is no conceivable harm in that.

**C. A stay would harm Plaintiffs and be contrary to the public interest.**

The Court need not reach the last two factors because the first two are dispositive. However, they

---

of OpenAI, already knew they value of that stake. Indeed, Mr. Sutskever had already testified that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Schubert Decl. ¶2, Ex. 1 (Sutskever Tr.) at 351:8-18. This testimony was consistent with documents produced in discovery showing that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *Id.* The protective order expressly permits disclosure of information to witnesses "who otherwise possessed or knew the information." Dkt. 171 § 7.3(f). That exception applied here. And far from "a roomful of unauthorized individuals" as Mr. Sutskever inaptly accuses, Dkt. 342 at 2, apart from Mr. Sutskever's team, the room consisted solely of counsel to the parties for this case, who were entitled to receive the information under the protective order.

also weigh against granting a stay.

A stay will substantially harm Plaintiffs. Aware of the expedited briefing schedule and these deadlines, Mr. Sutskever calls real exigencies "manufactured." Dkt. No. 337 at 4. Not so. Time is of the essence given the imminent Murati deposition and summary judgment briefs on which this evidence bears. Urgent resolution of these matters remains essential to Plaintiffs' case, and Mr. Sutskever's delay tactics and contemptuous actions continue to prejudice Plaintiffs.

Further, the public interest does not support the issuance of a stay. Mr. Sutskever seeks to be rewarded for his flagrant disregard of a valid order. The public interest favors consistent, timely enforcement of the law.

## CONCLUSION

Plaintiffs respectfully request that this Court deny Mr. Sutskever's motion for a stay, and order him to comply with both of Magistrate Judge Hixson's orders by (1) producing the Brockman Memo forthwith, subject to the protective order in this case, and (2) sitting for a follow-up deposition in person on November 5, 2025.

DATED: October 30, 2025

Respectfully Submitted,

MOLOLAMKEN LLP

/s/ Steven F. Molo

*Attorney for Plaintiffs Elon Musk and X.AI Corp.*