# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON MUSK et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SAMUEL ALTMAN et al., <br><br> Defendants. | Case No. 24-cv-04722-YGR <br><br> **JOINT LETTER BRIEF** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br><br> Magistrate Judge: Hon. Thomas S. Hixson <br><br> Date Action Filed: August 5, 2024 <br> Trial Date: March 30, 2026 |

October 8, 2025

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson:

Plaintiffs respectfully submit this letter addressing two issues regarding third-party witness Ilya Sutskever, set forth below. We are mindful of the Court's rules on submitting a joint letter regarding discovery disputes. Consistent with notice the parties have given each other in this case, on October 6, 2025, late morning Pacific time, Plaintiffs attempted to engage Sutskever's counsel for a meet and confer. *See* Ex. 1. Plaintiffs offered to meet any time on Tuesday, October 7. Counsel stated they were unavailable at any time that day, and Plaintiffs asked to meet Wednesday morning. Counsel again stated their unavailability and indicated their first available window to confer was Wednesday evening. The parties thus met and conferred in good faith at 5 p.m. P.T. on October 8. Counsel for Sutskever have long been aware that the deposition period closed on October 1, 2025, Ex. 2, thus ending discovery and transitioning to motion practice. Mindful of Civil Local Rule 37-3, Plaintiffs are filing this discovery motion today, seven days after close of fact discovery. We respectfully request that the Court set a date by which Sutskever's counsel should respond.

1. Plaintiffs' Motion To Compel Additional Deposition Testimony By Third Party Ilya Sutskever.

2. Plaintiffs' Motion To Compel Production of Responsive, Non-Privileged Documents Withheld By Third Party Ilya Sutskever.

*/s/ Steven F. Molo*
Jaymie Parkkinen, SBN 318394
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Steven F. Molo (*pro hac vice*)
Robert K. Kry (*pro hac vice*)
Jennifer Schubert (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*

**Plaintiffs' Statement**

Plaintiffs respectfully move to compel additional deposition testimony by third-party Ilya Sutskever, who was improperly instructed by his counsel at his deposition not to answer questions seeking highly relevant, nonprivileged information regarding the value of his stake in OpenAI. Plaintiffs also move to compel production of a relevant document Sutskever has withheld from Plaintiffs.

***Sutskever's Financial Interest in OpenAI.*** On October 1, 2025, Plaintiffs deposed Sutskever, a co-founder and former executive of OpenAI. Consistent with document discovery in this case, Sutskever testified that he has a financial interest in the Defendant OpenAI. Ex ("Tr.") at 349:22-352:13. OpenAI has been publicly valued at $500 billion. Sutskever thus potentially stands to lose a substantial amount of money if Plaintiffs prevail in this litigation, giving him a direct financial interest in the case. *See id.* at 350:12-25. Relatedly, the legal fees of the four attorneys representing him at the deposition are also covered by OpenAI. *See id.* at 4:2-9, 357:22-358:1. Nonetheless, when Plaintiffs asked the value of Sutskever's financial interest in OpenAI, Sutskever's counsel instructed him not to answer on relevance and "privacy interest" grounds. *Id.* at 166:19-24; 167:18-24; 168:3-169:1. Plaintiffs also inquired about the value of Sutskever's financial interest when he departed OpenAI in May 2024, and at present. *Id.* at 349:22-351:6; 352:15-353:4. Plaintiffs' counsel explained that Sutskever's financial interest in a defendant company "clearly goes to the issue of interest and bias." *Id.* at 350:5-9. Sutskever's counsel nevertheless continued to instruct Sutskever not to answer, not permitting the witness to even state whether he was going to follow her instruction. *See id.* at 350:1-351:6, 353:1-9. In total, counsel for Sutskever objected more than 200 times during the course of the deposition, including objections for "wasting time," *id.* at 304:25-305:3; 306:22-307:1; 315:3-7; 316:7-16; 317:10-11; 325:13-18, and at one point threatening to "shut it down," *id.* 316:14-317:11.

Plaintiffs are entitled to this evidence under Rule 26, which allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" regardless of admissibility at trial. Fed. R. Civ. P. 26(d)(1). The value of Sutskever's financial interest in OpenAI falls squarely within that scope because it goes directly to his interest in the outcome of the case. *See United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999) (a witness's "[p]ecuniary interest may be shown to prove bias," and "[t]he amount at issue is ordinarily admissible, because the jury may reasonably believe that the willingness of a witness to lie or shade testimony would be affected, not only by whether the result may benefit him, but also by how much"); *see also United States v. Abel*, 469 U.S. 45, 52 (1984) (proof of bias, which "may be induced by . . . the witness' self-interest" in the outcome of the case, is "almost always relevant. . . ."). As an owner of the defendant, OpenAI, the extent to which Sutskever stands to gain or lose from his financial interest is integral to his motivation, credibility, and bias.

Not only is the evidence clearly relevant, the instruction by counsel for Sutskever that he should not reveal his equity interest based on a "privacy interest," Tr. at 167:18-19, is equally unfounded. Any such interest does not bar the disclosure of relevant, otherwise unavailable information. *See Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW DMR, 2011 WL 855831, at *2 (N.D. Cal. Mar. 9, 2011) (rejecting California law privacy objection and ordering production of net worth and financial information); *see also Cohen v. Trump*, No. 10-CV-0940-GPC-WVG, 2015 WL

3

3966140 (S.D. Cal. June 30, 2015) (rejecting federal right to privacy regarding the amount of financial benefits and contributions and ordering depositions reopened to address that topic).

At the parties' meet and confer, counsel for Sutskever maintained they would not allow him to testify to the value of his equity stake. For the reasons stated here, the Court should compel Sutskever to disclose the value of his financial interest in OpenAI at another deposition (which Plaintiffs would consent to being taken virtually).

 ***The Brockman Memo.*** At Sutskever's deposition, Plaintiffs' counsel learned for the first time of the actual existence of a document that Sutskever wrote and sent to members of the Board in advance of their decision to remove Brockman as Board Chairman. Tr. at 128:5-132:10. That document, the "Brockman Memo," had been publicly reported to have been sent to the Board "using Gmail's self-destructing email function." 2024MUSK-0011437 at 7.

At the deposition, Plaintiffs' counsel learned for the first time that all copies of the Brockman Memo had not "self-destruct[ed]," but that copies still exist and are in the possession of Sutskever's counsel—and perhaps in the possession of other attorneys as well. Tr. at 132:11-133:8. Sutskever's counsel raised privilege objections to Plaintiffs' counsel's questions about whether other lawyers also possessed the Brockman Memo, and would not allow Sutskever to answer. *Id.* at 133:2-25. Sutskever's counsel also contended that Plaintiffs had bargained away their right to production of the Brockman Memo during meet-and-confers five months prior to the deposition. *Id.* at 360:19-362:19. That is wrong. The Brockman Memo was never specifically discussed at the time, and the only information publicly known about the document was that it was self-deleting. *See* 2024MUSK-0011437 at 7. Even if counsel's contention was true—it is not—those discussions do not now preclude Plaintiffs from seeking production of a highly relevant document that was testified to by the witness, and which is responsive to several of Plaintiffs' initial Requests for Production (including, at least, Requests 4, 6, 8, and 11).

At the parties' meet and confer, counsel for Sutskever maintained that they did not intend to produce the Brockman Memo. For these reasons, the Court should compel Sutskever to immediately produce the unredacted Brockman Memo, and to sit for a second deposition to answer questions regarding the same.