UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELON MUSK, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SAMUEL ALTMAN, ET AL.,**<br><br>Defendants. | Case No. 4:24-CV-04722-YGR<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER; DENYING MOTION TO STAY AS MOOT**<br><br>Re: Dkt. Nos. 337, 342, 345 |

On October 29, 2025, non-party Ilya Sutskever filed a Motion for Relief from a Nondispositive Pretrial Order (Dkt. No. 342), seeking relief from Magistrate Judge Hixson's October 17, 2025 Order (Dkt. No. 324) compelling Sutskever to (1) produce the "Brockman memo," and (2) sit for a second deposition concerning the memo and the value of his financial interest in OpenAI. The Court, having considered the motion for relief and the accompanying stay briefing, **DENIES** Sutskever's motion for relief.[1]

A motion for relief from a non-dispositive order should be granted only when the moving party establishes that the non-dispositive order by the magistrate judge is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th Cir.1991) ("the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"); *Barnes & Noble, Inc. v. LSI Corp.*, 2013 WL 841334, at *1 (N.D. Cal. Mar. 6, 2013) (same). "In finding that the magistrate judge's decision is 'clearly

---

[1] Sutskever also filed a Motion to Stay Magistrate Judge Hixson's discovery order. (Dkt. No. 337.) Because the Court denies Sutskever's Motion for Relief (Dkt. No. 342), the Court also **DENIES** the Motion to Stay as moot. The Court further **DENIES** the related administrative motion to seal (Dkt. No. 345) because plaintiffs filed public versions of those documents. (Dkt. No. 347.)

erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *Barnes & Noble*, 2013 WL 841334 at *1 (internal citations and quotations omitted). The standard of review is extremely deferential. *Id.*

**Deposition Testimony.** Sutskever first takes issue with Magistrate Judge Hixson's decision requiring Sutskever to disclose his financial interest in OpenAI. He argues that Magistrate Judge Hixson failed to consider or balance the "seriousness of the privacy intrusion" against the disclosure's relevance to this case. That argument falls short for three reasons.

*First*, although Sutskever argues that his financial interest in OpenAI is of little probative value, Magistrate Judge Hixson—and this Court—disagree. Sutskever's financial interest in OpenAI is directly relevant to bias, particularly if Sutskever retained a large interest in the company (as a co-founder) after his departure.[2] Although counsel claims Sutskever already "provided general testimony" about his financial interest, Sutskever testified only that he retained an interest in OpenAI and that his interest had "increased." (Dkt. No. 342-1, Agnolucci Decl. ¶ 14.) That testimony is too general to be of any benefit.

*Second*, Sutskever's argument that Magistrate Judge Hixson failed to weigh his "fundamental right to privacy in financial information" misconstrues the order. Magistrate Judge Hixson found that "Sutskever's claimed right to privacy does not bar this discovery," citing two cases that reach the same conclusion. (Dkt. No. 324 at 1.) He did not act "contrary to law" in determining that Sutskever's privacy interest was not sufficiently compelling, particularly when compared to the information's relevance to this case. Preferring one conclusion does not make the other contrary to law. Moreover, Sutskever's cited cases do not support the proposition for which they are cited. *None* of those cases discuss applying a "extra protection" for nonparties while also weighing relevance and "the seriousness of the privacy intrusion." *See e.g. High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86 (N.D. Cal. 1995) (discusses heightened protection for nonparties but does not mention privacy rights, let alone rights to financial privacy).

---

[2] Plaintiffs suspect Sutskever's financial interest in OpenAI falls somewhere within the billions. (Dkt. No. 346 at 1.)

*Third*, Sutskever makes much of counsel's inadvertent disclosure of confidential information related to another executive's compensation at a deposition. That question was withdrawn, and a protective order remains in place that allows highly sensitive documents and testimony to be shared with only counsel, not clients. Without more, the Court puts little weight on Sutskever's speculation that plaintiffs' counsel will violate the protective order and thus should be excused from providing relevant testimony.

**Brockman Memo.** Sutskever next argues that Magistrate Judge Hixson's order clearly erred in requiring Sutskever to produce a memo about plaintiff Greg Brockman ("the Brockman memo")—which the OpenAI board reviewed before firing Sam Altman in November 2023—because the parties supposedly agreed to narrow the subpoena such that the Brockman memo was no longer in scope.[3] Magistrate Judge Hixson did not find either party's argument regarding scope "compelling" and determined that the Brockman memo was relevant to this litigation. (Dkt. No. 324 at 2.)

The Court agrees with Magistrate Judge Hixson's analysis and finds that he did not act contrary to law in compelling Sutskever to produce the Brockman memo. Sutskever's argument hinges on an email exchange between counsel agreeing to narrow the subpoena's scope. Like Magistrate Judge Hixson, the Court agrees that those exchanges weigh in favor of neither party. Sutskever's counsel agreed to produce categories of documents that appear, on their face, relevant to the Brockman memo, including Greg Brockman's "conflicts of interest", OpenAI's "safety," and "the founding of OpenAI." (Agnolucci Decl. ¶ 4, Ex. A.) Those communications do not state that the parties agreed that the Brockman memo was irrelevant and would not be produced. (*Id.*) Moreover, Magistrate Judge Hixson did not commit clear error in deferring to the plaintiffs' explanation that they believed that the Brockman memo was "self-deleting" and could not be discovered until Sutskever revealed at his deposition that he had retained the document. (Dkt. No. 324 at 2.) That is a reasonable conclusion to draw. Sutskever's argument that Magistrate Judge Hixson "disregarded" the parties' agreements and facts on the ground once again misconstrues the

---

[3] Sutskever previously produced a similar memo about Sam Altman. (Agnolucci Decl. ¶¶ 7, 8.)

3

1  Order. That Magistrate Judge Hixson did not find Sutskever's arguments persuasive does not
2  suggest that he failed to consider them.
3       In sum, the Court finds that Sutskever has not satisfied his burden under Rule 72(a) of
4  Federal Rules of Civil Procedure to show that Magistrate Judge Hixson's order was "clearly
5  erroneous or [] contrary to law."[4]
6       Sutskever's motions are **DENIED**.
7       This terminates Dkt. Nos. 337, 342, and 345.
8       **IT IS SO ORDERED**.

Date: **October 31, 2025**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] The Court reminds the parties that due to the government shutdown funding for the federal judiciary has lapsed and court staff are working without payment. Where possible, the parties should resolve discovery disputes without court intervention. Having now reviewed the merits of this allegedly emergency motion, Sutskever should not have filed the instant motions, especially given the standard of review. Counsel shall exercise more restraint in the future.