|  |  |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **NORTHERN DISTRICT OF CALIFORNIA** |
| 3 | **OAKLAND DIVISION** |

ELON MUSK, et al.,

        Plaintiffs,

   v.

SAMUEL ALTMAN, et al.,

        Defendants.

Case No. 4:24-cv-04722-YGR (TSH)

**[PROPOSED] ORDER DENYING OPENAI DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**[PROPOSED] ORDER**

Before the Court is the OpenAI Defendants' ("OpenAI's") Motion for Summary Judgment (Dkt. 327).  Upon review and consideration of OpenAI's Motion, Plaintiff Elon Musk's Memorandum in Opposition, the OpenAI Defendants' Reply, the accompanying declarations and exhibits, and the relevant legal authorities, and with good cause appearing therefrom, it is hereby ordered that the Motion is **DENIED**.

OpenAI first seeks summary judgment on Musk's breach of trust and constructive fraud claims on the ground that Musk lacks standing. Dkt. 327 at 5-15. But under California law, settlors have standing to sue for breach of trust. Restatement (Third) of Trusts § 94(2) (2012). This Court already held as much in its preliminary injunction ruling, and OpenAI offers no reason to revisit that decision. Dkt. 121 at 15 n.11 (citing Restatement § 94). Musk has common law standing as the settlor of the trust because he supplied the funds that were contributed to OpenAI. *See Ruocco v. Bateman, Eichler, Hill, Richards, Inc.*, 903 F.2d 1232, 1239 (9th Cir. 1990) (settlor of trust is the "one who furnishes the consideration for [the] trust"); Musk Ex. 11 at 29-31.

Musk has settlor standing even though he made most of his contributions through intermediaries, namely OpenAI's fiscal sponsor YC.org and Musk's two donor advised funds at Vanguard and Fidelity. The evidence shows that YC.org was set up as a mere conduit to receive donations on OpenAI's behalf while OpenAI waited for its own nonprofit status to be approved, and that all parties understood that the funds contributed to YC.org would be passed on to OpenAI in due course. *See* Musk Ex. 14 (Birchall Tr.) at 175:3-176:7; Musk Exs. 17, 18, 69; Musk Ex. 12 at -4698, -6061. Similarly, a jury could reasonably find that the two DAFs transferred funds to OpenAI only if and when Musk directed them to do so, and that Musk was the source of all those funds too. *See* Musk Ex. 14 (Birchall Tr.) at 170:24-174:24; Musk Exs. 20-23; Musk Ex. 12 at -6061. At the very least, there are genuine disputes of fact over those issues.

The Court also finds that OpenAI's purposes were sufficiently specific to create a trust relationship under the Restatement (Third) of Trusts § 28 (2003). *See* Musk Ex. 1 (Musk Tr.) at 183:22-184:22 (explaining the "promise of [OpenAI] being a nonprofit and open source"); Musk

Ex. 11 at 13-16. Because Musk has common law settlor standing, the Court need not address Musk's alternative arguments under California Corporations Code § 5142 and California Business and Professions Code § 17510.8. The Court **DENIES** summary judgment on Musk's breach of trust and constructive fraud claims.

OpenAI likewise fails to show a basis for summary judgment on Musk's unjust enrichment claim. Dkt. 327 at 20-24. Musk is not required to elect between his unjust enrichment and tort claims because those claims have different elements, and plaintiffs are not required to select among multiple claims before trial when each claim is supported by sufficient evidence to support a verdict in the plaintiff's favor. *See Tanforan v. Tanforan*, 173 Cal. 270, 274 (1916); 4 Witkin, *California Procedure: Pleading* § 418 (6th ed. 2025). Nor is Musk required to show an expectation of compensation. The elements of unjust enrichment under California law are simply the "receipt of a benefit and unjust retention of the benefit at the expense of another." *Pro. Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238 (2018). Musk's claim fits comfortably within that broad scope. Finally, Musk's claim is not barred by the statute of limitations because there are genuine factual disputes over whether Musk should have discovered OpenAI's unjust enrichment sooner. *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191 (2013). The Court accordingly **DENIES** summary judgment on Musk's unjust enrichment claim.

Finally, the Court finds triable issues on Musk's fraud claim too. Dkt. 327 at 15-19. Under California law, a plaintiff may pursue a claim for promissory fraud where the defendant made false promises it never intended to perform. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Here, a jury could reasonably find that Defendants falsely reassured Musk that they planned to maintain OpenAI as a nonprofit dedicated to the public good when in fact they secretly planned to turn it into a for-profit venture. Musk Exs. 40-45. Whether Musk justifiably relied on Defendants' misrepresentations and whether he should have discovered his claims sooner are factual questions for the jury to resolve. *See All. Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1240 (1995); Cal. Code Civ. Proc. § 338(d); Musk Ex. 1 (Musk Tr.) at 76:16-77:5, 86:6-13, 183:22-184:12, 288:14-15, 361:18-25. The Court therefore **DENIES** summary judgment on Musk's fraud claim too.

Accordingly, OpenAI's motion for summary judgment is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED: _____

Hon. Yvonne Gonzalez Rogers
United States District Judge