# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>SAMUEL ALTMAN, et al.,<br><br>        Defendants. | Case No. 4:24-cv-04722-YGR (TSH)<br><br>**[PROPOSED] ORDER DENYING DEFENDANT MICROSOFT CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |

| | |
|---|---|
| 1 | **[PROPOSED] ORDER** |
| 2 | Before the Court is Defendant Microsoft Corporation's ("Microsoft's") Motion for |
| 3 | Summary Judgment (Dkt. 329).  Upon review and consideration of Microsoft's Motion, Plaintiff |
| 4 | Elon Musk's Memorandum in Opposition, Microsoft's Reply, the accompanying declarations and |
| 5 | exhibits, and the relevant legal authorities, and with good cause appearing therefrom, it is hereby |
| 6 | ordered that the Motion is **DENIED**. |
| 7 | Microsoft first seeks summary judgment on Musk's aiding and abetting breach of fiduciary |
| 8 | duty claim on the ground that it lacked actual knowledge of OpenAI's breach of charitable trust |
| 9 | and could not have intended to aid and abet OpenAI in that breach.  Dkt. 329 at 14-18.  Actual |
| 10 | knowledge can be proved " 'through inference or circumstantial evidence,' " *AngioScore, Inc. v.* |
| 11 | *TriReme Med., LLC*, 70 F. Supp. 3d 951, 957 (N.D. Cal. 2014), including "evidence that the |
| 12 | [defendant] *must* have known" the relevant facts, *Martinez v. Bank of Am. Nat'l Tr. & Sav. Ass'n*, |
| 13 | 82 Cal. App. 4th 883, 891 (2000).  Microsoft need not have known all the specifics of OpenAI's |
| 14 | commitments to Musk or that OpenAI owed a fiduciary duty specifically to Musk.  Knowledge |
| 15 | that the nonprofit was breaching the obligations it owed to its charitable donors is sufficient.  *See,* |
| 16 | *e.g.*, *In re First All. Mortg. Co.*, 471 F.3d 977, 994 (9th Cir. 2006); *Casey v. U.S. Bank National* |
| 17 | *Ass'n*, 127 Cal. App. 4th 1138, 1148 (2005). |
| 18 | There is ample evidence from which a jury could reasonably find that Microsoft knew or |
| 19 | must have known that OpenAI was a charitable trust funded by Musk and that Microsoft knew or |
| 20 | must have known about OpenAI's charitable purpose.  *See, e.g.*, Musk Exs. 8, 10; Musk Ex. 9 |
| 21 | (Nadella Tr.) at 36:19-37:23, 44:1-45:9, 92:16-25; Musk Ex. 24 at -36539; Musk Ex. 7 (Microsoft |
| 22 | Tr.) at 124:24-126:10, 127:1-128:11.  A jury could also reasonably infer from the evidence that |
| 23 | Microsoft knew the OpenAI Defendants would be acting in violation of OpenAI's charitable duties |
| 24 | when they engaged in commercial deals with Microsoft. There is substantial circumstantial and |
| 25 | direct evidence of Microsoft's knowledge, including the atypical nature of every deal between |
| 26 | Microsoft and OpenAI.  *See, e.g.*, Musk Exs. 1, 26.  At the very least, there are genuine disputes of |
| 27 | fact over those issues. |
| 28 | |

1    The Court also finds that Plaintiffs need not prove that Microsoft had "specific intent" to
2    have aided and abetted OpenAI's violation of its fiduciary duties. *See In re First All. Mortg.*, 471
3    F.3d at 993. There is sufficient evidence from which a jury could find that Microsoft intended to
4    take the actions that aided and abetted OpenAI and that it substantially assisted OpenAI in its
5    violation of charitable duties. That evidence includes Microsoft's financial investments in OpenAI,
6    as well as evidence that Microsoft urged OpenAI to commercialize products, produce revenue, and
7    generate returns on Microsoft's investment. *See, e.g.*, Musk Ex. 21 (Murati Tr.) at 111:12-112:11;
8    Musk Ex. 3 (Sutskever Tr.) at 125:19-126:5; Musk Ex. 32 at -648.50-51.

9    Microsoft argues that because OpenAI made boilerplate representations that its agreements
10   with Microsoft would not violate any third-party rights, Microsoft could not have known that those
11   agreements violated OpenAI's duties to Musk as a charitable donor. Dkt. 329 at 19-20. The Court
12   declines to find an absence of knowledge based on that evidence as a matter of law. There is at
13   least a genuine issue of fact as to whether Microsoft knew about OpenAI's breach, notwithstanding
14   OpenAI's representations. *See PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1387 (2000).

15   The Court accordingly **DENIES** summary judgment on Musk's aiding and abetting claim.
16   It likewise rejects Microsoft's argument that Musk has failed to show knowledge for his unjust
17   enrichment claim, which requires a lower scienter standard. *Pro. Tax Appeal v. Kennedy-Wilson*
18   *Holdings, Inc.*, 29 Cal. App. 5th 230, 240-41 (2018).

19   Microsoft also argues it is entitled to summary judgment on Musk's unjust enrichment
20   claim because it is duplicative of Musk's aiding and abetting claim. Dkt. 329 at 21-22. But
21   California law permits plaintiffs to bring unjust enrichment claims even when they are allegedly
22   "duplicative of or superfluous to [a plaintiff's] other claims." *Astiana v. Hain Celestial Grp., Inc.*,
23   783 F.3d 753, 762 (9th Cir. 2015). In any event, the Court finds that Musk's claims are not
24   duplicative: "[t]he elements of a cause of action for unjust enrichment are . . . 'receipt of a benefit
25   and [its] unjust retention,'" *Pro. Tax Appeal*, 29 Cal. App. 5th at 238, which are distinct from the
26   elements of aiding and abetting, *In re First All. Mortg.*, 471 F.3d at 992-93. The Court is also not
27   persuaded by Microsoft's arguments that Plaintiffs' unjust enrichment claim should be dismissed
28

because it arises out of the same facts, or seeks the same relief, as Plaintiffs' aiding and abetting claim. Dkt. 329 at 21-22. *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300 (9th Cir. 2022), which concerned a plaintiff's pursuit of "equitable restitution" and "damages" as remedies for the same claim, *id.* at 1302-03, is therefore inapposite. Neither of the other cases cited by Microsoft suggests that the mere fact that two claims seek the same relief is a sufficient reason to dismiss one of them. *See Sepanossian v. Nat'l Ready Mixed Concrete Co.*, 97 Cal. App. 5th 192, 208 (2023); *Stapleton v. JPMorgan Chase Bank, N.A.*, 779 F. Supp. 3d 1059, 1076 (N.D. Cal. 2025). The Court therefore **DENIES** summary judgment on Musk's unjust enrichment claim.

Accordingly, Microsoft's motion for summary judgment is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED: _____

Hon. Yvonne Gonzalez Rogers
United States District Judge