RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-45555

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

ANDREW J. LEVANDER (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendant Microsoft Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

|  |  |
|---|---|
| ELON MUSK et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>SAMUEL ALTMAN, et al.,<br><br>       Defendants. | Case No. 4:24-cv-04722-YGR<br><br>Judge Yvonne Gonzalez Rogers<br><br>**DEFENDANT MICROSOFT CORPORATION'S REPLY TO PLAINTIFF'S RESPONSIVE STATEMENT OF SEPARATE UNDISPUTED MATERIAL FACTS**<br><br>**Date:** January 7, 2026<br>**Time:** 2:00 p.m.<br>**Place:** Courtroom 1 (4th Floor)<br>1301 Clay St.<br>Oakland, CA 94612<br><br>**Action filed: August 5, 2024** |

Pursuant to Section 9(c) of the Honorable Judge Gonzalez Rogers' Standing Order, Plaintiff Elon Musk hereby submits this Responsive Statement of Material Facts in support of his Opposition to the Motion for Summary Judgment of Defendant Microsoft Corporation ("Microsoft"). Each material fact identified below falls under one or more of the following issues raised by Microsoft's motion as stated by:

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| **The Formation of Open AI, Inc. and OpenAI, L.P.** | | |
| 1. Whether Microsoft is entitled to summary judgment on Plaintiff's aiding and abetting breach of fiduciary duty to Musk claim (SAC Count 19) because there is no evidence Microsoft had: (a) actual knowledge of any OpenAI, Altman, or Brockman fiduciary duties to Musk or breach thereof; or (b) the requisite intent to interfere with such duties. 2. Whether Microsoft is entitled to summary judgment on Plaintiff's breach of quasi contract / unjust enrichment claim (SAC Count 4 because: (a) it is predicated on the same conduct as Count 19, which fails for lack of evidence; (b) it seeks the same relief as Count 19, making it impermissible; and (c) there is no evidence that Microsoft, as a third party investing in OpenAI's for-profit subsidiary and entering into agreements with OpenAI and its for-profit subsidiary, upon the OpenAI nonprofit board's approval, had | Fact 1. Microsoft was not involved in OpenAI, Inc.'s formation.<br><br>Ex. 1, ("Introducing OpenAI") (December 11, 2015), Microsoft 30(b)(6) Deposition Ex. 3. | Undisputed. |
| | Fact 2. OpenAI caused to be incorporated in September 2018 OpenAI, L.P., a for-profit subsidiary of OpenAI.<br><br>Ex. 20, ("Operating Agreement of SummerSafe GP, L.L.C.") (September 19, 2018), OPENAI_MUSK00013307;<br><br>Ex. 21, ("Certificate of Amendment to the Certificate of Limited Partnership") (January 3, 2019), OPENAI_MUSK00013310;<br><br>Ex. 22, ("Unanimous Written Consent of the Reorganization Committee of OpenAI, Inc.") (February 8, 2019), MSFT_MUSK000084932. | Undisputed. |
| | Fact 3. OpenAI publicly announced its for-profit subsidiary in March 2019.<br><br>Ex. 23, ("OpenAI LP") (March 11, 2019), OpenAI(30)(b)(6) Ex. 15. | Undisputed. |
| | Fact 4. Microsoft was not involved with conceiving, incorporating, or announcing OpenAI's for-profit subsidiary.<br><br>Ex. 12, Samuel Altman Deposition Transcript (September 16, 2025) at 351:25-352:9; | Disputed. Microsoft was involved in conceiving OpenAI's for-profit subsidiary through Microsoft ████████ |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| knowledge of any alleged duties or breaches by OpenAI, Altman, or Brockman. | Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 93:1-19. | ███████████████████████████████ Ex. 18; Ex. 19. |
| **Microsoft's Investments in OpenAI's Subsidiary, Microsoft's Collaboration Agreements with OpenAI and Its Subsidiary, and OpenAI's and Its Subsidiary's Representations and Warranties to Microsoft** | | |
| Issues 1 and 2 | <u>Fact 5.</u> Only after OpenAI established its for-profit subsidiary did OpenAI and Microsoft begin discussing a potential strategic partnership.<br><br>Ex. 12, Samuel Altman Deposition Transcript (September 16, 2025) at 332:20-333:4;<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 130:9-13. | Disputed. Microsoft and OpenAI began discussing a potential strategic partnership months before the creation of the for-profit subsidiary. In March 2018, Sam Altman and Satya Nadella discussed a potential partnership and investment in a new OpenAI commercial venture. CTO Kevin Scott was in communication with Sam Altman as Microsoft was trying to figure out the terms of a partnership.<br><br>Ex. 1. |
| Issues 1 and 2 | <u>Fact 6.</u> Prior to entering a strategic partnership with OpenAI and its for-profit subsidiary, Microsoft conducted due diligence, including a review by Microsoft's outside counsel of documents provided by OpenAI relating to it and its subsidiary's governance, structure, capitalization, and tax status.<br><br>Ex. 28, Declaration of Michael Wetter in Support of Defendant Microsoft's Motion for Summary Judgment (executed on October 16, 2025) at ¶7. | Undisputed. |
| Issues 1 and 2 | <u>Fact 7.</u> The due diligence included OpenAI's IRS tax exemption application, which in response to express questions about agreements with officers, directors, trustees, and others, reported nothing about and no agreement with Musk. | Disputed. OpenAI's IRS tax exemption application did not request disclosure of donor-associated agreements, or contribution restrictions or conditions. Question 8a in OpenAI's IRS tax exemption application requested disclosure as follows: |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Ex. 29, ("OpenAI IRS Tax Exemption Application") (September 1, 2016), Microsoft 30(b)(6) Deposition Ex. 9 at 36530;<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2015) at 125:19-126:14);<br><br>Ex. 28, Declaration of Michael Wetter in Support of Defendant Microsoft's Motion for Summary Judgment (executed on October 16, 2025) ¶ 7. | "Do you or will you have any leases, contracts, loans, or other agreements with your officers, directors, trustees, highest compensated employees, or highest compensated independent contractors listed in lines 1a, 1b, or 1c? If 'Yes,' provide the information requested in lines 8b through 8f."<br><br>Question 8a requests only disclosure of potential financial conflicts of interest and similar issues of financial concern. Question 8a did not request, and cannot be reasonably interpreted to request, any agreement between the nonprofit and its donors pertaining to restrictions or conditions on their donations.<br><br>Ex. 24 at -36530. |
| Issues 1 and 2 | Fact 8. In July 2019, Microsoft invested $1 billion in OpenAI's for-profit subsidiary and entered into a Joint Development and Collaboration Agreement ("JDCA") with OpenAI and that subsidiary.<br><br>Ex. 27, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P. ("2019 Investment"), OPENAI_MUSK00011908;<br><br>Ex. 26, (2019 Joint Development and Collaboration Agreement), Microsoft 30(b)(6) Deposition Ex. 10. | Undisputed. |
| Issues 1 and 2 | Fact 9. OpenAI's nonprofit board approved the 2019 Investment and the JDCA. | Undisputed. |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Ex. 25, OpenAI 30(b)(6) Deposition Transcript (October 3, 2025) at 126:23-127:15. | |
| Issues 1 and 2 | Fact 10. In the 2019 Investment, OpenAI, as sole member of the General Partner of the for-profit subsidiary (the L.P.), agreed to and accepted the 2019 Investment on the General Partner's behalf. Ex. 27, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P. ("2019 Investment"), OPENAI_MUSK00011908 at 11931. | Undisputed. |
| Issues 1 and 2 | Fact 11. In the 2019 Investment, OpenAI (the sole member of the General Partner and OpenAI's for-profit subsidiary) represented and warranted to Microsoft that each: "has all requisite power and authority to carry on its business and to execute, deliver and satisfy its obligations under this Subscription Agreement and the Partnership Agreement and such actions will not cause it to be in breach or violation of any contractual, legal or regulatory duty or obligation." <br><br> Ex. 27, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P. ("2019 Investment"), OPENAI_MUSK00011908 at 11926. | Disputed. The 2019 Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P. states that OpenAI "has all requisite power and authority to carry on its business and to execute, deliver and satisfy its obligations under this Subscription Agreement and the Partnership Agreement and such actions will not cause it to be in breach or violation of any contractual, legal or regulatory duty or obligation." <br><br> The boilerplate language does not "represent" or "warrant" anything beyond its plain text. <br><br> Microsoft Ex. 27 at -11925-27. |
| Issues 1 and 2 | Fact 12. In the 2019 JDCA, OpenAI and its for-profit subsidiary each "continuously" represented and warranted that: "it has full power and authority to enter into, and perform its obligations under, and grant the rights granted pursuant to, this Agreement;" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any | Disputed. The 2019 JDCA states that each of OpenAI and its for-profit entity "has full power and authority to enter into, and perform its obligations under, and grant the rights granted pursuant to, this Agreement" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any rights of third parties, any |

- 4 -

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | rights of third parties, any agreement or obligation between it and any third party, or any applicable Law." <br><br> Ex. 26, (2019 Joint Development and Collaboration Agreement), Microsoft 30(b)(6) Deposition Ex. 10 at 55186. | agreement or obligation between it and any third party, or any applicable Law." The boilerplate language does not "represent" or "warrant" anything beyond its plain text. <br><br> Ex. 28 at -55186. |
| Issues 1 and 2 | Fact 13. In March 2021, Microsoft made a second investment of up to $2 billion in OpenAI's for-profit subsidiary and entered an Amended and Restated JDCA with OpenAI and its for-profit subsidiary ("Amended JDCA"). <br><br> Ex. 30, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P.) ("2021 Investment"), MSFT_MUSK000055895; <br><br> Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 201:3-7; <br><br> Ex. 31 (Amended and Restated Joint Development and Collaboration Agreement) ("2023 JDCA"), Microsoft 30(b)(6) Ex. 15. | Undisputed. |
| Issues 1 and 2 | Fact 14. OpenAI's nonprofit board authorized Shivon Zilis, Tasha McCauley, and Sam Altman to approve the 2021 Investment and the Amended JDCA, and they did so approve. <br><br> Ex. 25, OpenAI 30(b)(6) Deposition Transcript (October 3, 2025) at 136:7-10; Ex. 32, (March 6, 2021 email regarding "MSFT investment and commercial deal"), Shivon Zilis Deposition Ex. 35. | Undisputed. |
| Issues 1 and 2 | Fact 15. OpenAI, as sole member of the General Partner of the for-profit subsidiary (the L.P.), agreed to and accepted the 2021 Investment on the General Partner's behalf. | Undisputed. |

- 5 -

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Ex. 30, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P.) ("2021 Investment"), MSFT_MUSK000055895 at 55920. | |
| Issues 1 and 2 | Fact 16. In the 2021 Investment, OpenAI and its for-profit subsidiary represented and warranted that each: "has all requisite power and authority to carry on its business and to execute, deliver and satisfy its obligations under this Subscription Agreement and the Partnership Agreement and such actions will not cause it to be in breach or violation of any contractual, legal or regulatory duty or obligation."<br><br>Ex. 30, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P.) ("2021 Investment"), MSFT_MUSK000055895 at 55914-15. | Disputed. The Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P. states that each of OpenAI and its for-profit subsidiary "has all requisite power and authority to carry on its business and to execute, deliver and satisfy its obligations under this Subscription Agreement and the Partnership Agreement and such actions will not cause it to be in breach or violation of any contractual, legal or regulatory duty or obligation."<br><br>The boilerplate language does not "represent" or "warrant" anything beyond its plain text.<br><br>Microsoft Ex. 30 at -55914-15. |
| Issues 1 and 2 | Fact 17. In the 2021 Amended JDCA, OpenAI and its for-profit subsidiary each "continuously" represented and warranted that: "it has full power and authority to enter into, and perform its obligations under, and grant the rights granted pursuant to, this Agreement" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any rights of third parties, any agreement or obligation between it (or its Affiliates) and any third party, or, to its knowledge, any applicable Law."<br><br>Ex. 31, (Amended and Restated Joint Development and | Disputed. The 2021 Amended JDCA states that each of OpenAI and its for-profit subsidiary "has full power and authority to enter into, and perform its obligations under, and grant the rights granted pursuant to, this Agreement" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any rights of third parties, any agreement or obligation between it (or its Affiliates) and any third party, or, to its knowledge, any applicable Law." |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Collaboration Agreement) ("2021 JDCA"), Microsoft 30(b)(6) Deposition Ex. 15 at 64530. | The boilerplate language does not "represent" or "warrant" anything beyond its plain text.<br><br>Microsoft Ex. 31 at -64530. |
| Issues 1 and 2 | <u>Fact 18.</u> In January 2023, Microsoft invested an additional $10 billion in OpenAI's for-profit subsidiary and entered a Second Amended and Restated JDCA with OpenAI and its renamed for-profit subsidiary ("Second Amended JDCA").<br><br>Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 141:23-142:6;<br><br>Ex. 35, (Second Amended and Restated Joint Development and Collaboration Agreement) ("2023 JDCA"), Microsoft 30(b)(6) Deposition Ex. 11. | Disputed. In January 2023, Microsoft invested an additional $10 billion in OpenAI's newly created for-profit subsidiary and entered a Second Amended and Restated JDCA with OpenAI through its newly created for-profit subsidiary.<br><br>Ex. 42 at -55007. |
| Issues 1 and 2 | <u>Fact 19.</u> OpenAI's nonprofit board unanimously voted to approve the 2023 Investment and the Second Amended JDCA.<br><br>Ex. 36, (Unanimous Written Consent of the Board of Directors of OpenAI, Inc.), OPENAI_MUSK00026481 at 26483, 26485, 26492, 26496. | Undisputed. |
| Issues 1 and 2 | <u>Fact 20.</u> In the Second Amended JDCA, OpenAI and its for-profit subsidiary "continuously" represented and warranted that: "it has full power and authority to enter into, perform its obligations under, and grant the rights granted pursuant to, this Agreement" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any rights of third parties, any agreement or obligation between it (or its Affiliates) and any third party, or, to its knowledge, any Law." | Disputed. The 2023 JDCA states that each of OpenAI and its for-profit subsidiary "has full power and authority to enter into, perform its obligations under, and grant the rights granted pursuant to, this Agreement" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any rights of third parties, any agreement or obligation between it (or its Affiliates) and any third party, or, to its knowledge, any Law." |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Ex. 35, (Second Amended and Restated Joint Development and Collaboration Agreement) ("2023 JDCA"), Microsoft 30(b)(6) Deposition Ex. 11 at 55127. | The boilerplate language does not "represent" or "warrant" anything beyond its plain text.<br><br>Microsoft Ex. 35 at -55127. |
| **Microsoft's Lack of Knowledge of Any Duties or Obligations to Musk or the Breach Thereof** | | |
| Issues 1 and 2 | Fact 21. Elon Musk ▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>Ex. 6, Elon Musk Supplemental Interrogatory Response No. 4;<br><br>Ex. 3, Elon Musk Deposition Transcript (September 26, 2025) at 164:5-12. | Disputed. Musk ▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>Microsoft Ex. 3 at 164:5-12. |
| Issues 1 and 2 | Fact 22. None of the witnesses who had been involved with Musk (Shivon Zilis, Jared Birchall, and Sam Teller) ▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>Ex. 37, Shivon Zilis Deposition Transcript (September 12, 2025), at 312:13-313:24);<br><br>Ex. 45, Jared Birchall Deposition Transcript (September 10, 2025) at 162:15-165:3);<br><br>Ex. 44, Sam Teller Deposition Transcript (September 22, 2025) at 276:23-279:16. | Disputed. Shivon Zilis ▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>Jared Birchall ▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>Sam Teller ▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>Microsoft Ex. 37 at 312:13-313:24;<br><br>Microsoft Ex. 45 at 162:21-163:4, 163:18-25, 164:15-165:3; |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | | Microsoft Ex. 44 at 276:23-277:16, 278:18-279:4. |
| Issues 1 and 2 | **Fact 23.** None of the witnesses who had been involved with OpenAI (Sam Altman, Greg Brockman, ██████████████) ever communicated with Microsoft about any purported agreement between Musk and OpenAI, Altman, or Brockman; any purported duties or obligations owed to Musk, or breaches thereof; or any purported restrictions specifically relating to Musk's donations to OpenAI.<br><br>Ex. 12, Samuel Altman Deposition Transcript (September 16, 2025) at 369:2-370:25;<br><br>Ex. 13, Greg Brockman Deposition Transcript (September 23, 2025) at 304:15-310:21;<br><br>████████████████<br><br>████████████████ | Disputed. ████████ never communicated with Microsoft on these topics at all. They rarely communicated with Microsoft until ████████████████<br><br>Ex. 3 at 157:9-158:16;<br><br>Ex. 47 at 101:17-103:1; 104:7-107:8; 278:16-279:1, 279:13-21. |
| Issues 1 and 2 | **Fact 24.** Satya Nadella, Microsoft's CEO, was never told about any OpenAI or Sam Altman agreement with Elon Musk, any restrictions associated with financial contributions made by Musk to the nonprofit, or any commitments among OpenAI's founders regarding the concept of "open" or whether to open source OpenAI's technology.<br><br>Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 273:9-277:5. | Disputed. Microsoft CEO Satya Nadella was told by Microsoft CTO Kevin Scott, among other Microsoft executives, that OpenAI's original mission involved being "open" and openly publishing its research. Nadella was additionally told by Scott that OpenAI's donors would be unlikely to support OpenAI's creation of a for-profit entity off the back of the nonprofit. Nadella was also aware of, and raised internally at Microsoft, Musk's public criticisms of OpenAI as "closed." |

- 9 -

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | | Ex. 1;<br><br>Ex. 32 at 30-31 |
| Issues 1 and 2 | <u>Fact 25.</u> Satya Nadella expects that, had they known, his team would have told him about any OpenAI or Sam Altman agreement with Elon Musk, restrictions associated with financial contributions made by Musk to the nonprofit, or any commitments among OpenAI's founders regarding the concept of "open" or whether to open source OpenAI's technology.<br><br>Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 277:6-24. | Disputed. Satya Nadella was told by Microsoft CTO Kevin Scott, among other Microsoft executives, that OpenAI's original mission involved being "open" and openly publishing its research, and that OpenAI's donors would be unlikely to support OpenAI's creation of a for-profit entity off the back of the nonprofit.<br><br>Ex. 1. |
| Issues 1 and 2 | <u>Fact 26.</u> Michael Wetter, Microsoft's 30(b)(6) witness and the only Microsoft witness to be deposed other than Satya Nadella, stated that the due diligence obtained by Microsoft from OpenAI did not reveal or suggest that there was a contract between Elon Musk and OpenAI, Sam Altman, and/or Greg Brockman relating to Musk's contributions to OpenAI, or that OpenAI, Altman, and/or Brockman agreed to any conditions with, or that Musk imposed conditions on, his donations to OpenAI.<br><br>Ex. 28, Declaration of Michael Wetter in Support of Defendant Microsoft's Motion for Summary Judgment (executed on October 16, 2025) at ¶ 8. | Disputed. Michael Wetter, Microsoft's 30(b)(6) witness, did not have personal knowledge of the due diligence obtained or conducted by Microsoft from OpenAI at the time of the negotiation and execution of the 2019 Investment Agreement and JDCA. Wetter's post-hoc declaration on behalf of Microsoft did not permit Plaintiffs to examine the witness on the subject of his declaration.<br><br>Ex. 7 at 8:8-22, 18:2-5, 20:10-21:1. |
| Issues 1 and 2 | <u>Fact 27.</u> The due diligence obtained by Microsoft from OpenAI in 2019 included OpenAI's IRS tax exemption application dated September 1, 2016, where OpenAI, in response to IRS questions about agreements with officers, directors, trustees, | Disputed. OpenAI's IRS tax exemption did not request disclosure of donor-associated agreements, or contribution restrictions or conditions. Question 8a in OpenAI's IRS tax exemption application requested disclosure as follows: |

- 10 -

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | and others, reported nothing about and no agreement with Musk.<br><br>Ex. 29, ("OpenAI IRS Tax Exemption Application") (September 1, 2016), Microsoft 30(b)(6) Ex. 9 at 36530, 36562;<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 124:5-126:25. | "Do you or will you have any leases, contracts, loans, or other agreements with your officers, directors, trustees, highest compensated employees, or highest compensated independent contractors listed in lines 1a, 1b, or 1c? If 'Yes,' provide the information requested in lines 8b through 8f."<br><br>Question 8a expressly requests only disclosure of potential financial conflicts of interest and similar issues of financial concern. Question 8a did not request, and cannot be reasonably interpreted to request, any agreement between the nonprofit and donors pertaining to donor-associated agreements, or contribution restrictions or conditions.<br><br>Ex. 24 at -36530. |
| **Other Aspects of Microsoft's Relationship with OpenAI** | | |
| Issues 1 and 2 | <u>Fact 28.</u> Former Co-Plaintiff Shivon Zilis voted to approve each Microsoft investment and corresponding JDCA entered during the period when she served on OpenAI's nonprofit board.<br><br>Ex. 25, OpenAI 30(b)(6) Deposition Transcript (October 3, 2025) at 126:23-127:15;<br><br>Ex. 38, OpenAI, Inc.'s Responses and Objections to Musk's First Interrogatories at 12;<br><br>Ex. 32, (March 6, 2021 email regarding "MSFT investment and commercial deal"), Shivon Zilis Deposition Ex. 35;<br><br>Ex. 36, (Unanimous Written Consent of the Board of Directors | Undisputed. |

- 11 -

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | of OpenAI, Inc.), OPENAI_MUSK00026481 at 26483, 26485, 26492, 26496. | |
| Issues 1 and 2 | Fact 29. Each of the four OpenAI nonprofit board members who voted to fire Sam Altman (Adam D'Angelo, Tasha McCauley, Ilya Sutskever, and Helen Toner) in November 2023 voted to approve one or more iterations of Microsoft's investment and corresponding JDCA entered during the period when they served on OpenAI's nonprofit board.<br><br>Ex. 25, OpenAI 30(b)(6) Deposition Transcript (October 3, 2025) at 126:23-127:15;<br><br>Ex. 38, OpenAI, Inc.'s Responses and Objections to Musk's First Interrogatories at 12;<br><br>Ex. 32, (March 6, 2021 email regarding "MSFT investment and commercial deal"), Shivon Zilis Deposition Ex. 35;<br><br>Ex. 36, (Unanimous Written Consent of the Board of Directors of OpenAI, Inc.), OPENAI_MUSK00026481 at 26483, 26485, 26492, 26496. | Undisputed. |
| Issues 1 and 2 | Fact 30. Although from 2019-2023 Microsoft had a right to appoint a director to OpenAI's nonprofit board, Microsoft never exercised that right.<br><br>Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 175:16-20;<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 150:14-20, 197:20-198:9). | Disputed. Microsoft had a right to formally appoint a second director to OpenAI's nonprofit board between 2019-2023, in addition to Microsoft's de facto representation by Reid Hoffman, who served simultaneously on Microsoft's and OpenAI's boards between 2019-2023. ████████ ████████ |

- 12 -

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | | ███████████████████████████████████████████████ Ex. 72; Ex. 73 at -2099; Ex. 74; Ex. 75 at -16621-22, -16624. |
| Issues 1 and 2 | Fact 31. Microsoft subsequently relinquished the right to appoint an OpenAI nonprofit board member.<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 150:14-20. | Disputed. In 2023, Microsoft chose not to seek a continued right to formally appoint a second director to OpenAI's nonprofit board, in addition to Reid Hoffman, because of Microsoft's antitrust concerns.<br><br>Ex. 41. |
| Issues 1 and 2 | Fact 32. From December 9, 2023 to July 9, 2024, Microsoft employee Deannah Templeton was a non-voting observer of OpenAI's nonprofit board.<br><br>Ex. 17, Declaration of Deannah Templeton in Support of Defendants Microsoft Corporation, Reid Hoffman and Deannah Templeton's Opposition to Plaintiffs' Motion for a Preliminary Injunction (executed on December 13, 2024) at ¶¶ 10-16. | Undisputed. |
| Issues 1 and 2 | Fact 33. Microsoft never had any voting rights in OpenAI. | Disputed. ████████ |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 183:4-5. | |
| | | Ex. 76 at -53;<br><br>Ex. 25 at -59963-64;<br><br>Ex. 34 at -64587-90;<br><br>Ex. 42 at -55014-16. |
| Issues 1 and 2 | **Fact 34.** Microsoft never had any voting rights in OpenAI's for-profit subsidiary (regardless of its name). By January 2023, OpenAI Global, LLC had replaced OpenAI, L.P. and Microsoft obtained a membership interest in the LLC in connection with its 2023 Investment, but Microsoft did not obtain voting rights.<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 160:8-163:22; 183:4-10. | Disputed.<br><br>Ex. 76 at -53;<br><br>Ex. 25 at -59963-64;<br><br>Ex. 34 at -64587-89;<br><br>Ex. 42 at -55014-16. |
| | **The Timing and Filing of This Case** | |
| Issues 1 and 2 | **Fact 35.** On August 5, 2024, Elon Musk filed this case. Microsoft was first named as a defendant in the First Amended Complaint, filed November 14, 2024.<br><br>Dkt. No. 32. | Undisputed. |
| Issues 1 and 2 | **Fact 36.** Elon Musk | Disputed. Altman            Musk |

- 14 -

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Ex. 19, Elon Musk Deposition Transcript Ex. 8. | ██████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 4 at 151:18-23, 183:22-184:12, 361:18-25. |
| Issues 1 and 2 | Fact 37. Elon Musk ████████████ ████████████████████ Ex. 3, Elon Musk Deposition Transcript (September 26, 2025) at 162:6-9; Ex. 6, Elon Musk Supplemental Interrogatory Response No. 1. | Disputed. Musk ██████ ████████████████████ ████████████████████ Ex. 4 at 166:7-168:14. |
| Issues 1 and 2 | Fact 38. Elon Musk ████████ | Undisputed that Musk ████████ |

- 15 -

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | ████████████████<br><br>Ex. 3, Elon Musk Deposition Transcript (September 26, 2025) at 169:12-22, 357:4-358:2);<br><br>Ex. 43, (Tweet of Elon Musk dated September 24, 2020), Elon Musk Deposition Exhibit 24. | ████████████████<br><br>Ex. 4 at 151:18-23, 183:22-184:12, 361:18-25. |

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS | | |
|---|---|---|
| Issue No(s). | Opposing Party's Additional Material Facts and Supporting Evidence | Moving Party's Response and Supporting Evidence |
| Issues 1 and 2 | Additional Fact 39. In its introductory blog post, OpenAI announced its mission to safely advance artificial intelligence in a way "most likely to benefit humanity as a whole, unconstrained by a need to generate financial return."<br><br>Ex. 2. | Undisputed but immaterial to Microsoft's Issues 1 and 2, which turn on Microsoft's knowledge of any alleged duties *owed to Musk* or breach thereof by OpenAI, Altman, or Brockman. |
| Issues 1 and 2 | Additional Fact 40. Microsoft CEO Satya Nadella emailed OpenAI's introductory blog post to Microsoft executives, including the heads of Microsoft's research division and Microsoft Azure, on December 12, 2015, the day after it was posted.<br><br>Ex. 8. | Undisputed but immaterial to Microsoft's Issues 1 and 2, which turn on Microsoft's knowledge of any alleged duties *owed to Musk* or breach thereof by OpenAI, Altman, or Brockman. |
| Issues 1 and 2 | Additional Fact 41. Microsoft CEO Satya Nadella and others at Microsoft knew Musk was a co-founder and major initial funder of OpenAI, and in 2016, Microsoft viewed OpenAI as a "high-profile AI research lab" in part due to Musk's involvement.<br><br>Ex. 9 at 40:25-41:8, 56:12-57:16, 92:16-25. | Undisputed but immaterial to Microsoft's Issues 1 and 2, which turn on Microsoft's knowledge of any alleged duties *owed to Musk* or breach thereof by OpenAI, Altman, or Brockman. |
| Issues 1 and 2 | Additional Fact 42. No later than March 7, 2018, Microsoft knew | Undisputed but immaterial to Microsoft's Issues 1 and 2, |

- 16 -

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS | | |
|---|---|---|
| **Issue No(s).** | **Opposing Party's Additional Material Facts and Supporting Evidence** | **Moving Party's Response and Supporting Evidence** |
| | OpenAI sought to launch a commercial venture and sought investment from partners like Microsoft in that venture, and Microsoft CEO Satya Nadella and Sam Altman discussed that proposal on a phone call the next day, March 8, 2018.<br><br>Ex. 1. | which turn on Microsoft's knowledge of any alleged duties *owed to Musk* or breach thereof by OpenAI, Altman, or Brockman. |
| Issues 1 and 2 | Additional Fact 43. Microsoft CTO Kevin Scott observed to CEO Satya Nadella, and others at Microsoft, on March 7, 2018, that OpenAI's "big donors" were likely "[i]deologically" opposed to OpenAI building a "closed, for profit thing" off the back of the nonprofit.<br><br>Ex. 1. | Undisputed but incomplete. Microsoft refers the Court to the cited exhibit (Pl. Ex. 1) for the precise and complete language of the document. |
| Issues 1 and 2 | Additional Fact 44. In and around 2015-2019, Microsoft competed with, and lagged behind, Amazon on cloud computing and Google on frontier artificial intelligence research and development, and sought partnerships with small companies like OpenAI to improve its competitive position.<br><br>Ex. 9 at 17:23-18:5, 24:6-16, 37:3-23;<br><br>Ex. 77 at -56878-79. | Undisputed but immaterial to Microsoft's Issues 1 and 2, which turn on Microsoft's knowledge of any alleged duties *owed to Musk* or breach thereof by OpenAI, Altman, or Brockman. |
| Issues 1 and 2 | Additional Fact 45. Other than Microsoft's 2019, 2021, or 2023 investments in OpenAI's novel for-profit subsidiary, Microsoft had never undertaken any similar kind of investment.<br><br>Ex. 9 at 93:14-19, 96:8-97:2, 128:5-15;<br><br>Ex. 7 at 235:20-236:6. | Undisputed but immaterial to Microsoft's Issues 1 and 2, which turn on Microsoft's knowledge of any alleged duties *owed to Musk* or breach thereof by OpenAI, Altman, or Brockman. |
| Issues 1 and 2 | Additional Fact 46. In its due diligence for the 2019 Investment Agreement, Microsoft reviewed and understood from OpenAI's | Undisputed but incomplete and immaterial to Microsoft's Issues 1 and 2, which turn on Microsoft's knowledge of any |

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS | | |
|---|---|---|
| **Issue No(s).** | **Opposing Party's Additional Material Facts and Supporting Evidence** | **Moving Party's Response and Supporting Evidence** |
| | IRS tax exemption application and 2015 Delaware Certification of Incorporation (1) OpenAI "does not plan to play any role in developing commercial products or equipment," but intends to "make its research freely available to the public on a nondiscriminatory basis"; (2) OpenAI's purpose of "provid[ing] funding for research, development and distribution of technology related to artificial intelligence" so the "[t]he resulting technology will benefit the public"; and (3) that "[t]he corporation is not organized for the private gain of any person," OpenAI's property was "irrevocably dedicated to the[se] purposes," and "no part of the net income or assets of th[e] corporation shall ever inure . . . to the benefit of any private person." Ex. 24 at -36539, -36556. | alleged duties *owed to Musk* or breach thereof by OpenAI, Altman, or Brockman. Undisputed that Microsoft reviewed OpenAI's IRS tax exemption application and 2015 Delaware Certification of Incorporation as part of its due diligence for its 2019 investment. Incomplete in that Pl. Ex. 24, in response to express questions about agreements with officers, directors, trustees, and others, did not identify any agreement with Musk, who was a director at the time. Pl. Ex. 24 at -36530, -36562. Moreover, this excerpt from the IRS tax exemption application must be viewed in context, including OpenAI's independent formation of a for-profit subsidiary in 2018; OpenAI's Board's approvals of the 2019, 2021, and 2023 agreements with Microsoft; and OpenAI's representations and warranties that the Microsoft-OpenAI collaboration would not violate any agreement or obligation between OpenAI and any third party. MSFT Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 93:1 - 19; MSFT Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 125:19 - 126:20 and 130:1 - 13. |

- 18 -

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS | | |
|---|---|---|
| **Issue No(s).** | **Opposing Party's Additional Material Facts and Supporting Evidence** | **Moving Party's Response and Supporting Evidence** |
| | | *See supra* Facts 9, 11, 12, 14, 16, 17, 19, and 20.<br><br>Immaterial as to the information identified in Additional Fact No. 46 because it does not relate to Microsoft's knowledge of any alleged duties ***owed to Musk*** or breach thereof by OpenAI, Altman, or Brockman. |
| Issues 1 and 2 | <u>Additional Fact 47.</u> Microsoft was aware of, and internally discussed, efforts to mitigate "private benefit risk," or the risk that the commercialization of OpenAI's intellectual property for the benefit of Microsoft would violate OpenAI's non-profit obligation to ensure its property would never inure to the benefit of any private person.<br><br>Ex. 24 at -36539;<br><br>Ex. 37 at -54863, -54865;<br><br>Ex. 7 at 210:6-20; 213:23-214:4;<br><br>Ex. 17 at 167:22-170:3. | Disputed, incomplete, and immaterial to Microsoft's Issues 1 and 2, which turn on Microsoft's knowledge of any alleged duties ***owed to Musk*** or breach thereof by OpenAI, Altman, or Brockman.<br><br>Plaintiff mischaracterizes the cited evidence.  While it is true that Pl. Ex. 37 references "mitigat[ing] private benefit risk," this document was prepared by OpenAI to address challenges relating to its "unusual structure" and sent to Microsoft.  There is no evidence that Microsoft discussed OpenAI's "private benefit risk."<br><br>Pl. Ex. 36, (February 2022 emails between OpenAI and Microsoft re: "OpenAI Restructure Summary.pdf").<br><br>Plaintiff also omits that OpenAI and its for-profit subsidiary each "continuously" represented and warranted that: "it has full power and authority to enter into, and perform its obligations under, and grant the rights granted pursuant to, this Agreement" and "its (or its Affiliate's) performance of |

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS | | |
|---|---|---|
| **Issue No(s).** | **Opposing Party's Additional Material Facts and Supporting Evidence** | **Moving Party's Response and Supporting Evidence** |
| | | activities pursuant to this Agreement will not violate any rights of third parties, any agreement or obligation between it (or its Affiliates) and any third party, or, to its knowledge, any Law." *See supra* Facts 12, 17, and 20. Contrary to Plaintiff's suggestion, Microsoft understood that OpenAI's decision to commercialize its LLMs was made in furtherance of OpenAI's non-profit mission. MSFT Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 93:1 - 19. |
| Issues 1 and 2 | Additional Fact 48. Microsoft was aware of Musk's public criticisms of OpenAI and Microsoft on Twitter/X, and Microsoft CEO Satya Nadella raised those criticisms internally to other executives at Microsoft. Ex. 32 at 30-31; Ex. 44. | Undisputed but immaterial to Microsoft's Issues 1 and 2, which turn on Microsoft's knowledge of any alleged duties *owed to Musk* or breach thereof by OpenAI, Altman, or Brockman. |
| Issues 1 and 2 | Additional Fact 49. After GPT-2's staged 2019 release, and except for two GPT-4 model variations in 2025, OpenAI has neither released any large language model under an open-source license nor published the model's source code and weights. Ex. 7 at 189:7-22 | Undisputed but immaterial to Microsoft's Issues 1 and 2, which turn on Microsoft's knowledge of any alleged duties *owed to Musk* or breach thereof by OpenAI, Altman, or Brockman. |
| Issues 1 and 2 | Additional Fact 50. Microsoft CEO Satya Nadella and ███████ ████████████████████ | Disputed, incomplete, and immaterial to Microsoft's Issues 1 and 2, which turn on Microsoft's knowledge of any alleged duties *owed to Musk* |

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS | | |
|---|---|---|
| **Issue No(s).** | **Opposing Party's Additional Material Facts and Supporting Evidence** | **Moving Party's Response and Supporting Evidence** |
| | ███████████████ Ex. 21 at 111:12-112:19. | or breach thereof by OpenAI, Altman, or Brockman. ████████████████████ Pl. Ex. 21 (Murati Tr.) at 111:18 - 112:2; MSFT Ex. 46, Mira Murati Deposition Transcript (November 2, 2025) at 230:12 - 231:16. |
| Issues 1 and 2 | <u>Additional Fact 51.</u> During the events of November 17-22, 2023, Microsoft planned to hire Sam Altman, Greg Brockman, and any departing OpenAI employee at matched compensation, at a new Microsoft subsidiary by (1) completing the documents necessary for creation of the subsidiary, (2) calculating the amount required to match compensation, and (3) Microsoft CEO Satya Nadella publicly announcing Microsoft's offer to hire OpenAI's employees. Ex. 54; Ex. 56; Ex. 9 at 237:20-239:7. | Undisputed but incomplete and immaterial to Microsoft's Issues 1 and 2, which turn on Microsoft's knowledge of any alleged duties ***owed to Musk*** or breach thereof by OpenAI, Altman, or Brockman.[1] Plaintiff omits that Microsoft agreed to hire OpenAI employees in an effort to support ████ ██████ Microsoft's ████████ goal to stabilize OpenAI.  Microsoft agreed to do so only after OpenAI's independent board members decided they would not reinstate Altman, and it became clear that many of OpenAI's employees would resign as a result of this decision.  Microsoft's |

---

[1] Plaintiff's Exhibit 56 is blank and thus does not support this additional fact.

DEFENDANT REPLY TO PLAINTIFF RESPONSIVE STATEMENT OF UNDISPUTED MATERIAL FACTS
4:24-CV-04722-YGR

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS | | |
|---|---|---|
| Issue No(s). | Opposing Party's Additional Material Facts and Supporting Evidence | Moving Party's Response and Supporting Evidence |
| | | preference was that OpenAI's employees stayed at OpenAI. ███████████ MSFT Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 213:21 - 214:3 and 224:8 - 225:16; MSFT Ex. 47, Satya Nadella Deposition Transcript (September 24, 2025) at 226:3 - 227:6; MSFT Ex. 46, Mira Murati Deposition Transcript (November 2, 2025) at 232:25 - 234:6; MSFT Ex. 48, Greg Brockman Deposition Transcript (September 23, 2025) at 311:6 - 311:25. |

I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

DATED: November 21, 2025

Respectfully Submitted,

DECHERT LLP

By:   /s/ Russell P. Cohen

Russell P. Cohen (SBN 213105)
Russ.cohen@dechert.com
Howard M. Ullman (SBN 206760)
Howard.ullman@dechert.com
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-45555

- 22 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nisha Patel (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

Andrew J. Levander (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

John (Jay) Jurata, Jr. (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendant Microsoft*
*Corporation*

- 23 -