MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA  90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR (TSH) |
| Plaintiffs, | **DECLARATION OF ROBERT K. KRY IN SUPPORT OF REQUEST TO SEAL** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

I, Robert K. Kry, declare as follows:

1.    I am a member of the bars of the State of New York and Washington, D.C. and am admitted to practice *pro hac vice* in this Court.  I am a partner at the law firm MoloLamken LLP and am counsel of record for plaintiff Elon Musk ("Plaintiff") and Non-Parties Jared Birchall and Shivon Zilis in this matter.  I submit this declaration in support of the parties' omnibus sealing submission in connection with the summary judgment briefing.  I have personal knowledge of the facts stated herein, and if called as a witness could and would testify competently thereto.

1

2. Plaintiff Elon Musk and/or non-parties Jared Birchall and Shivon Zilis respectfully request redactions from eleven exhibits filed by parties in connection with the summary judgment briefing. The basis for each request is set forth below.

3. For five of the eleven exhibits, Plaintiff Elon Musk and/or Non-Party Jared Birchall request the redaction of personal identifying information such as social security numbers, birth dates, personal telephone numbers, or personal email addresses:

- **Exhibit 16 to OpenAI's Summary Judgment Motion (Dkt. 328-20)** (contains birth dates, a home telephone number, a street address, and third-party contact information)

- **Exhibit 21 to OpenAI's Summary Judgment Motion (Dkt. 328-25)** (contains partial social security numbers, a partial personal telephone number, and a mailing address)

- **Exhibit 22 to OpenAI's Summary Judgment Motion (Dkt. 328-26)** (contains a partial social security number, partial personal telephone numbers, and full financial account numbers)

- **Exhibit 18 to Plaintiff's Opposition to OpenAI's Summary Judgment Motion (Dkt. 351-21)** (contains personal telephone numbers)

- **Exhibit 20 to Plaintiff's Opposition to OpenAI's Summary Judgment Motion (Dkt. 351-23)** (contains a personal telephone number and third-party contact information)

Redaction of this information is warranted because the disclosure of personal identifying information in this high-profile matter could result in harassment, invasion of privacy, or other misconduct directed toward the individuals involved.

4. **Exhibit 37 to OpenAI's Summary Judgment Motion (Dkt. 328-41)** is an excerpt from Plaintiff's tax return produced by non-party Catalyst Family Office ("Catalyst"). Much of the information from the tax return was already redacted when Catalyst produced it. Plaintiff Musk seeks to seal some of the remaining information that is not directly relevant to the case, while disclosing other information that is relevant, such as information showing his contributions to OpenAI and transactions used to fund those contributions. Redaction of the former information is appropriate because the unnecessary public disclosure of financial information from an individual's tax return would be an unwarranted invasion of financial privacy.

5.    **Exhibit 39 to Plaintiff's Opposition to OpenAI's Summary Judgment Motion (Dkt. 351-42)** is a lengthy set of notes that another party took of a call with Plaintiff Elon Musk. Plaintiff seeks to redact discrete portions of those notes that are not relevant to this case but contain sensitive information, primarily sensitive commercial information about one of Musk's other businesses.

6.    **Exhibit 37 to Microsoft's Summary Judgment Motion (Dkt. 330-70)** contains excerpts from the transcript of the deposition of non-party Shivon Zilis. Ms. Zilis seeks to redact a response to a question from opposing counsel that was personal in nature and irrelevant to the case. Redaction is appropriate because disclosure would be an unwarranted invasion of privacy.

7.    Three of the exhibits are the transcript of the deposition of Plaintiff Elon Musk and two excerpts from that transcript:

- **Exhibit 12 to OpenAI's Summary Judgment Motion (Dkt. 328-16)**
- **Exhibit 1 to Plaintiff's Opposition to OpenAI's Summary Judgment Motion (Dkt. 351-4)**
- **Exhibit 4 to Plaintiff's Opposition to Microsoft's Summary Judgment Motion (Dkt. 353-8)**

Plaintiff seeks to redact certain discrete passages from this transcript as follows.

a.    **Tr. 15:20-16:10, 17:23-25, 19:25-20:14, 21:14-17.** These passages concern Plaintiff's government service and communications with and about government officials. Disclosure would improperly intrude on sensitive matters. The testimony is irrelevant to any question at issue in Phase I of this bifurcated case.

b.    **Tr. 56:20-58:7.** This line of questioning was irrelevant and improper and for obvious reasons should not be made part of the public record.

c.    **Tr. 131:22-132:11, 158:12-16, 177:5-8, 181:20-23.** These passages concern personal information that is not relevant to any disputed legal question on summary judgment. Redaction is appropriate because disclosure would be an unwarranted invasion of personal privacy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2025

Washington, D.C.

Robert K. Kry

KRY DECLARATION IN SUPPORT OF REQUEST TO SEAL
CASE NO.: 4:24-CV-04722-YGR