JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,*
*OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
*OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
*OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
*OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
*OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
*OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
*OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
*OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
*Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **DECLARATION OF BRADLEY R. WILSON IN SUPPORT OF THE OPENAI DEFENDANTS' UNDISPUTED SEALING REQUESTS IN OMNIBUS SEALING STIPULATION** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

I, Bradley R. Wilson, declare as follows:

1.    I am a partner in the law firm Wachtell, Lipton, Rosen & Katz, counsel of record for the OpenAI Defendants in the captioned action. I submit this declaration pursuant to Local Rule 79-5 in support of the OpenAI Defendants' Undisputed Requests to Maintain Documents Under Seal or With Redactions, as set forth in the Omnibus Sealing Stipulation on Undisputed Sealing Requests (the "Stipulation").

2.    I am familiar with OpenAI's treatment of proprietary and highly confidential information based on my personal experience representing OpenAI, including conversations with OpenAI personnel related to the exhibits filed in connection with the pending motions for summary judgment. I have personal knowledge of the facts stated below and, if called as a witness, could testify competently thereto.

3.    As set forth in the Stipulation, the OpenAI Defendants seek to maintain under seal only targeted portions of certain documents produced in this action. Apart from redactions of personally identifying information, which I address in paragraph 6 below, the information the OpenAI Defendants seek to redact falls into two categories (1) tailored portions of commercial agreements or arrangements (such as term sheets or MOUs) between OpenAI and Microsoft that contain non-public and competitively sensitive business and/or technical information; and (2) sensitive personal financial information regarding a senior OpenAI executive.

4.    The relief requested is no broader than necessary to protect OpenAI's legitimate commercial, confidentiality, and privacy interests and is consistent with Federal Rule of Civil Procedure 26(c) and Civil Local Rule 79-5. In applying redactions to the documents listed below, the OpenAI Defendants have left visible surrounding language and context so that the public can understand the relevant filings, and the Court's eventual rulings on the pending motions, without accessing the protected and sensitive information. None of the information the OpenAI Defendants have redacted is referenced in any of the briefing submitted to the Court in support of or in opposition to the pending motions.

5. I have reviewed the documents that the OpenAI Defendants seek to file with redactions. Based on my review and in consultation with my client, I understand that there are compelling reasons to seal the following information.

**Category 1:** **Competitively Sensitive Business and Technical Information in Agreements or Arrangements Between OpenAI and Microsoft**

| Dkt. No. | Document | Portion to be Sealed | Basis for Sealing |
|---|---|---|---|
| Dkt. 330-18 | Ex. 8 to Cohen Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial contract between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |

| Dkt. 330-49 | Ex. 26 to Cohen Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial contract between OpenAI and Microsoft, including proprietary technical information, financial terms, and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |
| Dkt. 330-51 | Ex. 27 to Cohen Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describes the basis for sealing this document. |

3

| Dkt. 330-56 | Ex. 30 to Cohen Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms, and described in an expert report. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describes the basis for sealing this document. |
| Dkt. 330-58 | Ex. 31 to Cohen Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including proprietary technical information, financial terms, and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |

4

| Dkt. 330-62 | Ex. 33 to Cohen Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |
| Dkt. 330-66 | Ex. 35 to Cohen Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including proprietary technical information, financial terms, and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |

DECLARATION OF BRADLEY R. WILSON IN SUPPORT OF OMNIBUS SEALING STIPULATION ON UNDISPUTED SEALING REQUESTS
CASE NO. 4:24-CV-04722-YGR

| Dkt. 351-56 | Ex. 53 to Hawes Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including proprietary technical information, financial terms, and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |
| Dkt. 351-68 | Ex. 65 to Hawes Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |

6

| Dkt. 353-29 | Ex. 25 to Eynon Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |
| Dkt. 353-32 | Ex. 28 to Eynon Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including proprietary technical information, non-public financial terms, and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |

DECLARATION OF BRADLEY R. WILSON IN SUPPORT OF OMNIBUS SEALING STIPULATION ON UNDISPUTED SEALING REQUESTS
CASE NO. 4:24-CV-04722-YGR

| Dkt. 353-38 | Ex. 34 to Eynon Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |
| Dkt. 353-39 | Ex. 35 to Eynon Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |

DECLARATION OF BRADLEY R. WILSON IN SUPPORT OF OMNIBUS SEALING STIPULATION ON UNDISPUTED SEALING REQUESTS
CASE NO. 4:24-CV-04722-YGR

| Dkt. 353-46 | Ex. 42 to Eynon Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |
| Dkt. 353-47 | Ex. 43 to Eynon Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including proprietary technical information, non-public financial terms, and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |

| Dkt. 353-68 | Ex. 64 to Eynon Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |
| Dkt. 353-70 | Ex. 66 to Eynon Declaration | Maintain under seal | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |

DECLARATION OF BRADLEY R. WILSON IN SUPPORT OF OMNIBUS SEALING STIPULATION ON UNDISPUTED SEALING REQUESTS
CASE NO. 4:24-CV-04722-YGR

| Dkt. 353-76 | Ex. 72 to Eynon Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |
| Dkt. 353-77 | Ex. 73 to Eynon Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |

DECLARATION OF BRADLEY R. WILSON IN SUPPORT OF OMNIBUS SEALING STIPULATION ON UNDISPUTED SEALING REQUESTS
CASE NO. 4:24-CV-04722-YGR

| Dkt. 353-80 | Ex. 76 to Eynon Declaration | Redactions as indicated in the attached version | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is non-public, competitively sensitive business information contained in a confidential commercial arrangement between OpenAI and Microsoft, including non-public financial terms and other strategic business terms. I understand that OpenAI treats this information as highly confidential, restricts access to a limited group of personnel, and maintains policies and practices designed to prevent its disclosure, and that public disclosure would cause OpenAI competitive harm by giving actual and potential competitors and potential commercial counterparties access to competitively sensitive business terms and arrangements. I further refer to the contemporaneously submitted Declarations of Michael Wetter and Kayleigh Klinzman of Microsoft, which further describe the basis for sealing this document. |

### Category 2:  Personal Financial Information of OpenAI Executive

| Dkt. No. | Document | Portion to be Sealed | Basis for Sealing |
|---|---|---|---|
| Dkt. 353-72 | Ex. 68 to Eynon Declaration | Tr. 301:17-21 | The information the OpenAI Defendants request to be sealed is not relevant to the pending motions for summary judgment. It is private information regarding the personal financial holdings of a senior OpenAI executive received as compensation for that executive's services. I understand that OpenAI treats information about its executives' individual economic interests and related compensation arrangements as strictly confidential and does not make that information available to other employees or executives, OpenAI's competitors, or the general public. I further understand that public disclosure of the redacted financial information would invade the executive's personal privacy. The redactions applied are targeted and surrounding context is provided and left unredacted. |

12

6.    In addition, as referenced above, the OpenAI Defendants request the redaction of personally identifying information, such as phone numbers, personal email addresses, and personal addresses, found in nine documents. Those documents are docketed at Dkt. 353-72, Dkt. 328-45, Dkt. 328-46, Dkt. 328-47, Dkt. 328-60, Dkt. 328-80, Dkt. 328-84, Dkt. 328-86, and Dkt. 351-15.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on December 12, 2025, in New York, New York.

_Bradley R. Wilson_

Bradley R. Wilson

DECLARATION OF BRADLEY R. WILSON IN SUPPORT OF OMNIBUS SEALING STIPULATION ON UNDISPUTED SEALING
REQUESTS
CASE NO. 4:24-CV-04722-YGR