Marc H. Axelbaum (SBN 209855)
mhaxelbaum@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 432-6000

Attorneys for Non-Party ERMIRA MURATI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL ALTMAN et al.,<br><br>Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**DECLARATION OF MARC H. AXELBAUM IN SUPPORT OF OMNIBUS SEALING STIPULATION**<br><br>Courtroom:   1–4th Floor<br>Judge:      Hon. Yvonne Gonzalez Rogers<br>Action Filed: August 5, 2024<br>Trial Date:   March 30, 2026 |

**DECLARATION OF MARC H. AXELBAUM**

I, Marc H. Axelbaum, declare as follows:

1.  I am an attorney at law licensed to practice in the state of California, and a Member of the law firm Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Ermira ("Mira") Murati, a former officer of OpenAI who is not a party to the above-captioned matter. I have personal knowledge of the facts stated below and if called as a witness, I could and would testify competently to them.

2.  Pursuant to the Post-Briefing Omnibus Sealing Procedures set forth in the Court's Standing Order in Civil Cases, I submit this Declaration in support of the Omnibus Sealing Stipulation filed today by Plaintiffs, Defendant Microsoft Corporation, and the OpenAI Defendants (collectively, "the Parties").

3.  On November 2, 2025, Ms. Murati testified at a deposition in this matter pursuant to a subpoena from Plaintiffs. I represented her at the deposition.[1]

4.  As part of their summary judgment briefing, the Parties collectively submitted hundreds of exhibits. Only three of these contain excerpts from Ms. Murati's deposition, totaling 59 pages of testimony. Ms. Murati now seeks to keep under seal only a few lines of these excerpts, which appear in only one of the three exhibits containing her testimony.

5.  Ms. Murati seeks to keep under seal the following lines of testimony from Exhibit 21 to the Declaration of Alexandra C. Eynon ("Eynon Declaration") (ECF No. 353-4), filed in support of Plaintiffs' Opposition to Microsoft's Motion for Summary Judgment ("Eynon Exhibit 21") (ECF No. 353-25): Tr. 126:4-19, 127:8-128:10. Ms. Murati does not seek to seal any portion of the two other exhibits comprised of excerpts of her deposition testimony, namely, Exhibit 27 to Walter H. Hawes' Declaration in support of Plaintiffs' Opposition to OpenAI Defendants' Motion for Summary Judgment (ECF No. 351-30), or Exhibit 46 to the Supplemental Declaration of Russell P. Cohen in support of Microsoft's Motion for Summary Judgment (ECF No. 358-5).

---

[1] The Parties and Ms. Murati designated several portions of Ms. Murati's final deposition transcript as "Highly Confidential" under the operative Amended Stipulated Protective Order (ECF No. 270), including the testimony she seeks to maintain under seal here.

1

6.      Critically, in their summary judgment papers, the Parties do not rely on or quote ***any*** of the testimony that Ms. Murati seeks to keep under seal.

7.      These portions of Ms. Murati's testimony involve personnel matters and otherwise sensitive employment information.  Disclosing these lines of testimony publicly could compromise Ms. Murati's protected privacy interests, which is not justified by the public's interest in these proceedings.

8.      A party seeking to seal judicial records in connection with a dispositive motion must demonstrate "compelling reasons" that override the public policies favoring disclosure.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 599, 598 (1978)).  The Ninth Circuit has explained that "compelling reasons" exist when "court files might have become a vehicle for improper purposes," such as the use of records to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citations omitted); *see also Valenti v. Dfinity USA Research, LLC*, No. 21-cv-06118-JD, 2023 WL 3331310, at *5 (N.D. Cal. May 8, 2023) (sealing non-party's deposition transcript concerning highly-publicized work-related incident under good cause standard, as testimony could be used to "promote public scandal").  At least one court in this Circuit has found that where judicial records are attached to, but not cited in, dispositive briefing, the lower "good cause" standard pertaining to non-dispositive motions may apply.  *See Marks v. Crunch San Diego, LLC*, No. 14-cv-348 BAS (BLM), 2014 WL 12508596, at *2 (S.D. Cal. July 25, 2014).

9.      Regardless, courts routinely find that compelling reasons exist to seal discussions of, and materials concerning, personnel matters and otherwise sensitive employment information.  *See e.g.*, *Cox v. Lewis*, No. 220CV01792JCMBNW, 2022 WL 10632379, at *2 (D. Nev. Oct. 18, 2022) (finding compelling reasons where summary judgment exhibits contained "sensitive employment" information); *Tokashiki v. Freitas*, No. 03-0065 ACKLEK, 2007 WL 521915, at *1 (D. Haw. Feb. 14, 2007) (sealing personnel information attached to summary judgment papers that "could be used for improper purposes such as promoting public scandal," as "the public's interest in access is

outweighed by the [individual's] privacy interest in his confidential personnel information"); *see also Cross v. Jaeger*, No. 3:13-cv-00433-MMD-WGC, 2016 WL 4499414, at *1 (D. Nev. Aug. 26, 2016) (finding compelling reasons exist to seal confidential personnel and employment records).

10.    Moreover, when personnel matters involve a non-party, such as here, courts in this Circuit have recognized an elevated need for sealing to safeguard the non-party's privacy interests. *See e.g., Barillas v. City of Los Angeles*, No. CV 18-08740-CJC (ASX), 2021 WL 12325931, at *2 (C.D. Cal. Feb. 5, 2021) (sealing materials related to an administrative investigation because they contained information about non-parties); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-CV-01305-BAS-DDL, 2023 WL 7029210, at *7 (S.D. Cal. Oct. 24, 2023) ("Other courts have consistently found a compelling reason to seal non-party personnel records given the reputational and privacy interests at stake."); *see also Cat Coven LLC v. Shein Fashion Grp, Inc.*, No. 2:19-CV-07967-PSG-GJS, 2019 WL 10856813, at *1 (C.D. Cal. Dec. 20, 2019) ("[I]nvasion of a third party's privacy interest is a 'compelling reason' for filing a document under seal."); *Amini v. Crestbrook Ins. Co.*, No. 2:21-cv-01377-LK, 2023 WL 2913751, at *2 (W.D. Wash. Apr. 12, 2023) (sealing documents where a non-party's "'reputational and privacy interests' at stake in relation to these [personnel] records [] outweigh the presumption of public access").

11.    Here, compelling reasons exist to maintain under seal limited portions of Ms. Murati's deposition testimony concerning personnel matters and otherwise sensitive employment information. Ms. Murati's testimony on these topics is comparable to information typically found in written personnel or employment records.

12.    Courts in this Circuit routinely seal such information, especially when third parties are implicated.  Ms. Murati reasonably expected that this information would remain confidential. That expectation should not be disturbed just because her former employer became a party to litigation, especially when that information has no bearing on the motions now before the Court. Ms. Murati's privacy interest in this material constitutes a compelling reason for sealing the discrete lines of testimony she seeks to keep under seal, overriding the public's presumptive right of access. *See e.g., Amini*, 2023 WL 2913751, at *2 (finding "reputational and privacy interests" at stake outweighed presumption of public access to a non-party's personnel records).

3

13.    Ms. Murati's request is narrowly tailored to protect her privacy rights without unduly infringing the public's right to access court records. Ms. Murati only seeks to prevent public disclosure of a handful of lines of testimony, which as noted are neither quoted nor discussed in the Parties' motion papers, and which do not remotely pertain to the substantive legal questions now before the Court. As such, any public interest in access to these materials would be minimal. *See e.g., Monterrosa v. City of Vallejo*, No. 2:20-cv-01563-DAD-SCR, 2025 WL 2694809, at *7 (E.D. Cal. Sep. 19, 2025) (granting sealing of personnel materials in part because court did not rely on them in deciding a summary judgment motion and thus any public interest in them was "minimal").

14.    Based on the foregoing reasons, Ms. Murati requests that the portions of her deposition transcript identified in Paragraph 5 above remain under seal.

I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on December 12, 2025 at Tiburon, California.

_____
Marc H. Axelbaum

DECLARATION OF MARC H. AXELBAUM IN SUPPORT OF OMNIBUS SEALING STIPULATION
CASE NO. 4:24-CV-04722-YGR