1  JORDAN ETH (CA SBN 121617)
   JEth@mofo.com
2  WILLIAM FRENTZEN (CA SBN 343918)
   WFrentzen@mofo.com
3  DAVID J. WIENER (CA SBN 291659)
   DWiener@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, CA 94105
   Telephone:  (415) 268-7000
6  Facsimile:  (415) 268-7522

7  WILLIAM SAVITT (admitted *pro hac vice*)
   WDSavitt@wlrk.com
8  BRADLEY R. WILSON (admitted *pro hac vice*)
   BRWilson@wlrk.com
9  SARAH K. EDDY (admitted *pro hac vice*)
   SKEddy@wlrk.com
10 STEVEN WINTER (admitted *pro hac vice*)
   SWinter@wlrk.com
11 NATHANIEL CULLERTON (admitted *pro hac vice*)
   NDCullerton@wlrk.com
12 WACHTELL, LIPTON, ROSEN & KATZ
   51 West 52nd Street
13 New York, NY 10019
   Telephone: (212) 403-1000
14 Facsimile: (212) 403-2000

*Attorneys for the OpenAI Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL ALTMAN, et al.,<br><br>Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**OPENAI DEFENDANTS' ADMINISTRATIVE MOTION TO SET BRIEFING AND HEARING SCHEDULE FOR *DAUBERT* MOTIONS; [PROPOSED] ORDER** |

1.      Pursuant to Civil Local Rule 7-11, Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC (collectively, the "OpenAI Defendants") hereby move the Court for an order setting the below briefing and hearing schedule for any *Daubert* motions to be filed in accordance with Paragraph 11 of the Court's Standing Order in Civil Cases (the "Standing Order").

2.      The Court held an initial Case Management Conference (the "CMC") on April 4, 2025. Dkt. 149. Following the CMC, on April 9, 2025, the Court entered a Case Management and Pretrial Order (the "First Scheduling Order") setting a pretrial schedule in this action. Dkt. 146.

3.      At the joint request of Plaintiff Elon Musk, the OpenAI Defendants, and Defendant Microsoft Corporation, Dkt. 214, the Court entered on July 25, 2025 an order modifying the First Scheduling Order by extending certain document and expert discovery deadlines (the "Second Scheduling Order"), Dkt. 215.

4.      At Plaintiff Musk's request, Dkt. 267, on September 22, 2025 the Court entered an order modifying the Second Scheduling Order by granting a two-week extension of the expert discovery window (the "Current Pretrial Schedule"), Dkt. 278. The Current Pretrial Schedule set December 19, 2025 as the new expert discovery cutoff date. By agreement of the parties, expert discovery concluded on December 23, 2025.

5.      None of the Court's scheduling orders, including the Current Pretrial Schedule, set briefing deadlines or a hearing date for *Daubert* motions.

6.      Consistent with Civil Local Rule 7, the OpenAI Defendants request that the Court set the below briefing and hearing schedule for any *Daubert* motions submitted in this action (which,

in accordance with Paragraph 11 of the Court's Standing Order, are limited to three per side absent further leave of Court):

    a. Opening briefs shall be filed on or before January 23, 2026;

    b. Opposition briefs shall be filed on or before February 6, 2026;

    c. Reply briefs shall be filed on or before February 13, 2026; and

    d. The hearing on the parties' *Daubert* motions shall occur on March 3, 2026 or the earliest available date thereafter.

7. The OpenAI Defendants' proposed schedule would allow the parties' *Daubert* motions to be briefed, and the hearing on those motions to be held, well in advance of trial and prior to the Pretrial Conference that is scheduled for March 13, 2026. Dkt. 278.

8. To further facilitate the orderly briefing of the parties' *Daubert* motions, and consistent with Civil Local Rule 7, the OpenAI Defendants also request that the Court set the following page limits for the parties' *Daubert* briefing:

    a. Opening briefs shall not exceed 25 pages of text;

    b. Opposition briefs shall not exceed 25 pages of text; and

    c. Reply briefs shall not exceed 10 pages of text.

9. Defendant Microsoft Corporation has advised that it concurs in the filing of this motion.

10. Plaintiff Musk has advised that he does not on the basis that it is too burdensome to brief any *Daubert* motions before trial. Wiener Decl. ¶ 9. Musk would instead have the Court address all objections to expert testimony through an unspecified mechanism "at trial." *Id.* In the event the Court chooses to address these matters before trial, as the Standing Order contemplates, Musk asks that in lieu of separate motions challenging proffered experts, the Court limit the OpenAI Defendants and Microsoft to a single combined submission capped at 25 pages. *Id.*

11. The OpenAI Defendants submit that Plaintiff Musk's proposed approach is the opposite of efficient, imposing burdens on the Court and parties at trial that could be alleviated if *Daubert* motions were briefed and considered in an orderly and complete pretrial process. The Court should have the opportunity to evaluate fully and in advance of trial the admissibility of challenged

expert testimony under *Daubert* and Federal Rule of Evidence 702. There is plenty of time remaining in the pretrial schedule to allow for that. Proceeding instead in the manner Plaintiff Musk suggests, with objections to experts handled on the fly during trial, would inject chaos into the trial proceedings. Pretrial resolution of any *Daubert* issues will provide clarity as to what expert testimony may be presented to the jury and help streamline trial preparation and presentation by avoiding expenditure of time and resources on testimony that may ultimately be ruled inadmissible. The OpenAI Defendants respectfully submit that the interests of judicial efficiency and safeguarding the integrity of the jury proceedings counsel in favor of an orderly pretrial schedule that allows for full *Daubert* briefing.

Dated: January 5, 2026                         MORRISON & FOERSTER LLP

                                    By:    */s/ Jordan Eth*
                                           Jordan Eth (CA SBN 121617)

                                           *Attorneys for the OpenAI Defendants*

# [PROPOSED] ORDER

Upon consideration of the OpenAI Defendants' motion to set a briefing and hearing schedule for the parties' *Daubert* motions, IT IS HEREBY ORDERED that:

1. Opening briefs shall be filed on or before January 23, 2026 and shall not exceed 25 pages of text;
2. Opposition briefs shall be filed on or before February 6, 2026 and shall not exceed 25 pages of text;
3. Reply briefs shall be filed on or before February 13, 2026 and shall not exceed 10 pages of text; and
4. The hearing shall occur on March 3, 2026 at 2:00 p.m. or the earliest available date thereafter.

IT IS SO ORDERED this ___ day of _____, 2026

_____
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE