1  JORDAN ETH (CA SBN 121617)
   JEth@mofo.com
2  WILLIAM FRENTZEN (CA SBN 343918)
   WFrentzen@mofo.com
3  DAVID J. WIENER (CA SBN 291659)
   DWiener@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, CA 94105
   Telephone:    (415) 268-7000
6  Facsimile:    (415) 268-7522

7  WILLIAM SAVITT (admitted *pro hac vice*)
   WDSavitt@wlrk.com
8  BRADLEY R. WILSON (admitted *pro hac vice*)
   BRWilson@wlrk.com
9  SARAH K. EDDY (admitted *pro hac vice*)
   SKEddy@wlrk.com
10 STEVEN WINTER (admitted *pro hac vice*)
   SWinter@wlrk.com
11 NATHANIEL CULLERTON (admitted *pro hac vice*)
   NDCullerton@wlrk.com
12 WACHTELL, LIPTON, ROSEN & KATZ
   51 West 52nd Street
13 New York, NY 10019
   Telephone:    (212) 403-1000
14 Facsimile:    (212) 403-2000

15 *Attorneys for the OpenAI Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **DECLARATION OF DAVID J. WIENER IN SUPPORT OF OPENAI DEFENDANTS' ADMINISTRATIVE MOTION** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

I, DAVID J. WIENER, declare as follows:

1. I am a member of the bar of the State of California and am admitted to practice before this Court. I am a partner at the law firm of Morrison & Foerster LLP and counsel of record for the OpenAI Defendants. I submit this declaration in support of the OpenAI Defendants' administrative motion to set a briefing and hearing schedule for *Daubert* motions. Unless otherwise stated, I have personal knowledge of the facts set forth below and could competently testify to them.

2. By agreement of Plaintiff Elon Musk, the OpenAI Defendants, and Defendant Microsoft Corporation, expert discovery in this action concluded on December 23, 2025.

3. On December 31, 2025, counsel for the OpenAI Defendants emailed counsel for Musk and Microsoft to discuss a proposed briefing schedule for *Daubert* motions, among other pretrial matters. Attached as **Exhibit 1** is a true and correct copy of this email.

4. Counsel for the parties met and conferred on January 2, 2026, regarding a stipulated schedule for pretrial *Daubert* motions. During that meet and confer, the OpenAI Defendants proposed the schedule set forth in their accompanying motion. While counsel for Microsoft expressed support for the proposal, counsel for Musk indicated they needed additional time to consider it.

5. The next day, on January 3, 2026, counsel for Musk expressed reservation about setting a schedule for briefing *Daubert* motions in advance of trial and suggested that the parties raise the topic with the Court during the motion for summary judgment hearing scheduled for January 7, 2026. Specifically, Musk's counsel wrote: "Given the absence of a schedule for Daubert briefing in the current case scheduling order and the language about '[n]o other pretrial motions are authorized' in the standing pretrial order, we are inclined to defer to the Court about whether she wants to receive Daubert briefing before trial in this expedited matter. We suggest raising the issue on Wednesday. If the Court wants to receive Daubert briefing, your proposed schedule is fine by us." Attached as **Exhibit 2** is a true and correct copy of this email.

6. Because the parties were unable to reach agreement on a stipulated pretrial briefing schedule for *Daubert* motions, on January 5, 2026, the OpenAI Defendants informed Musk's counsel that they intended to file an administrative motion requesting that the Court adopt the

proposed schedule and page limits for *Daubert* motions. The OpenAI Defendants requested Musk's position on the administrative motion. Attached as **Exhibit 3** is a true and correct copy of this email.

7. Later on January 5, 2026, Musk's counsel asked the OpenAI Defendants to clarify their proposal with respect to the page limits applicable to *Daubert* briefing. Attached as **Exhibit 4** is a true and correct copy of this email.

8. After observing that the Court's Standing Order in Civil Cases allows each side to file three *Daubert* motions without leave of Court, the OpenAI Defendants stated that their proposed page limits were per motion. Attached as **Exhibit 5** is a true and correct copy of this email.

9. At 2:00 p.m. ET on January 5, 2026, Musk's counsel provided his position regarding the proposed *Daubert* schedule and offered language for possible inclusion in the administrative motion:

> Plaintiffs defer to this Court's judgment over whether pretrial *Daubert* briefing would be helpful or desirable given the expedited case schedule in this matter. The existing schedule does not expressly provide for *Daubert* briefing, and Plaintiffs are concerned that *Daubert* briefing at this point (along with another round of omnibus sealing submissions) would impose significant burdens on the Court and the parties given trial preparation obligations and the many rapidly approaching pretrial deadlines. Although Plaintiffs object to certain expert testimony that OpenAI and Microsoft propose to offer, Plaintiffs are confident that they can adequately address those issues at trial. If the Court would nonetheless prefer to address these issues before trial, Plaintiffs do not object to OpenAI's proposed briefing schedule, but the proposed page limits are too long given the expedited nature of this case. The briefs should instead be limited to one 25-page opening brief, one 25-page opposition brief, and one 10-page reply per side for all *Daubert* motions combined.

Attached as **Exhibit 6** is a true and correct copy of this email.

10. The OpenAI Defendants therefore filed this administrative motion because the parties were unable to agree to a stipulated pretrial schedule for *Daubert* motions after meeting and conferring.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 5, 2026, at Goleta, California.

*/s/ David J. Wiener*
David J. Wiener

**ECF ATTESTATION**

I, Jordan Eth, am the ECF User whose ID and password are being used to file this **DECLARATION OF DAVID J. WIENER IN SUPPORT OF OPENAI DEFENDANTS' ADMINISTRATIVE MOTION**. In accordance with Civil Local Rule 5-1, concurrence in the filing of this document has been obtained from each of the other signatories, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Date: January 5, 2026                                                         */s/ Jordan Eth*
                                                                                         Jordan Eth