# EXHIBIT 11

1   Marc Toberoff (S.B. #188547)
2   *mtoberoff@toberoffandassociates.com*
    Jaymie Parkkinen (S.B. #318394)
3   *jparkkinen@toberoffandassociates.com*
    TOBEROFF & ASSOCIATES, P.C.
4   23823 Malibu Road, Suite 50-363
    Malibu, CA 90265
5   Telephone: (310) 246-3333
    Facsimile: (310) 246-3101
6
7   Steven F. Molo (admitted *pro hac vice*)
    *smolo@mololamken.com*
8   Robert K. Kry (admitted *pro hac vice*)
    *rkry@mololamken.com*
9   Jennifer M. Schubert (admitted *pro hac vice*)
    *jschubert@mololamken.com*
10  MOLO LAMKEN LLP
11  430 Park Avenue
    New York, NY 10022
12  Telephone: (212) 607-8160
    Facsimile: (212) 607-8161
13
14  *Attorneys for Plaintiffs Elon Musk*
    *and X.AI Corp.*
15
                **UNITED STATES DISTRICT COURT**
16              **NORTHERN DISTRICT OF CALIFORNIA**
17

18  ELON MUSK, et al.,                    Case No. 4:24-cv-04722-YGR

19            Plaintiffs,                  Assigned to Hon. Yvonne Gonzalez Rogers

20       v.                               **PLAINTIFF MUSK'S SUPPLEMENTAL**
                                          **RESPONSES AND OBJECTIONS TO**
21  SAMUEL ALTMAN, et al.,                **OPENAI DEFENDANTS' FIRST SET OF**
                                          **INTERROGATORIES**
22            Defendants.
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | Propounding Parties: | OpenAI Defendants |
| 2 | Responding Party: | Plaintiff Elon Musk |
| 3 | Set No.: | One |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Elon Musk ("Plaintiff") hereby submits these supplemental responses and objections ("Responses") to OpenAI Defendants' First Set of Interrogatories ("Interrogatories"), as follows:

## PRELIMINARY STATEMENT

These Responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. These Responses shall not be used in connection with any other proceeding.

No incidental or implied admissions are intended by these Responses. The fact that Plaintiff responds or objects to any of the Interrogatories should not be construed as an admission that Plaintiff accepts or admits the existence of any facts assumed by such Interrogatory, or that such Response constitutes admissible evidence as to any such assumed facts. The fact that Plaintiff responds to part or all of any of the Interrogatories is not intended to be and shall not be construed as a waiver of any part of any objection to any Interrogatory.

Plaintiff is still in the process of investigating the facts of this case and searching for responsive information and Documents. Nor has Plaintiff completed discovery or concluded preparation for summary judgment or trial. As a result, Plaintiff's Responses herein are preliminary and based on information and Documents that are presently available and specifically known to Plaintiff after having made a diligent search and reasonable and good faith inquiry, and are made without prejudice to Plaintiff's right to: (1) amend, alter, supplement, clarify or otherwise modify these Responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any Documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet been

CONFIDENTIAL

ascertained; and (3) offer expert witness opinions on any relevant matter, which opinions may be at variance with these Responses or the information and Documents referenced in response to the OpenAI Defendants' Interrogatories.

Furthermore, Plaintiff's Responses are made without in any way intending to waive, but on the contrary, intending to preserve:

1.      The right to raise—as part of any subsequent proceeding in, or the trial of, this or any other action—all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any information or Documents produced or identified in support of any of the Responses to any portion of the OpenAI Defendants' Interrogatories;

2.      The right to object on any ground—as part of any subsequent proceeding in, or the trial of, this or any other action—to the use of any information or Documents produced or identified in support of any of the Responses to any portion of the OpenAI Defendants' Interrogatories;

3.      The right to object to introduction into evidence of any of these Responses; and

4.      The right to object on any ground at any time to other discovery involving the subject thereof.

## **GENERAL OBJECTIONS**

Plaintiff objects to each particular Interrogatory on the following grounds, which are hereby incorporated within each Response set forth below:

1.      Plaintiff objects to each and every Interrogatory, definition, and instruction that purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure. Plaintiff interprets each and every Interrogatory, definition, and instruction to be consistent with the Federal Rules of Civil Procedure.

2.      Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it contains argumentative, inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. Any Response to any Interrogatory shall not constitute Plaintiff's agreement with or acquiescence to any such description.

3.      Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is neither relevant to any claim or defense in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Plaintiff will only disclose information consistent with Plaintiff's Responses below.

4.      Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested information with reasonable particularity. To the extent that an Interrogatory requires subjective judgment on the part of Plaintiff as to what information is requested, Plaintiff will disclose responsive, non-privileged information according to Plaintiff's understanding of the Interrogatory.

5.      Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery. Plaintiff will only disclose information consistent with Plaintiff's Responses below.

6.      Plaintiff objects to each and every Interrogatory to the extent it seeks information that is a matter of public record, already in the possession of the OpenAI Defendants, or otherwise equally available to the public and the OpenAI Defendants. That said, without committing to undertake a search specifically for information in the public record, Plaintiff will not withhold any responsive information that Plaintiff identifies in Plaintiff's files through a reasonably diligent search because it may also be available in the public record, but Plaintiff will not undertake a search of the public record for the OpenAI Defendants.

7.      Plaintiff objects to each and every Interrogatory to the extent that it seeks disclosure of information that is unreasonably cumulative or duplicative of other discovery served in this action, or is obtainable from sources that are more convenient, less burdensome, or less expensive.

8.      Plaintiff objects to each and every Interrogatory to the extent that it seeks to require Plaintiff to use more than reasonable diligence to locate and identify responsive information. Consistent with Plaintiff's obligations, Plaintiff will conduct a reasonably diligent inquiry for responsive information and Documents.

9.      Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is not within Plaintiff's possession, custody, or control.

10.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it seeks information protected by the attorney-client privilege, the attorney work product

doctrine, communications made in anticipation of litigation, the common interest or joint defense privileges, including any communications made for the purpose of facilitating the rendition of legal services to parties with common interests, rules and agreements governing privacy or confidentiality, or any other applicable privilege or protection recognized under statute or applicable case law. Inadvertent disclosure by Plaintiff of any information protected by any applicable privilege or protection shall not constitute a waiver, in whole or in part, of the privilege or protection.

11.     Plaintiff objects to each and every Request, definition, and instruction to the extent it calls for a response that would infringe upon the legitimate privacy rights of current or former employees, officers, or directors of Plaintiff, current or former affiliates, related companies, subsidiaries, or other individuals, to the full extent such privacy rights and expectations are protected by constitution, statute, contract, court order, or public policy. Plaintiff reserves the right to exclude information to protect unnecessary disclosure of nonresponsive or irrelevant sensitive, confidential, or proprietary business information.

12.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it seeks Plaintiff's sensitive, confidential, or proprietary business information. Plaintiff objects to the production of any and all information before a protective order and an applicable ESI protocol have been entered in this case. To the extent information is responsive, relevant, and not privileged, Plaintiff will disclose such confidential information pursuant to a protective order, and any subsequent revisions to that protective order upon which the parties may agree.

13.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it seeks information protected by any governmental privilege, including but not limited to the official information privilege and identity of informer privilege, or similar protections under federal and California law, without such objection suggesting or intending to suggest the existence of any such information.

14.     Plaintiff objects to each Interrogatory, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information in advance of their respective deadlines under the Scheduling Order governing this case and/or the Federal Rules of Civil

Procedure. Plaintiff will not disclose any expert materials or information before such deadlines.

15.    Plaintiff objects to each and every Interrogatory to the extent it seeks information the disclosure of which would be prohibited by applicable law, rule, regulation, or contractual obligation. In particular, Plaintiff objects to each and every Interrogatory to the extent it seeks information subject to confidentiality obligations or protective orders. Plaintiff cannot, and will not, identify any such information unless and until Plaintiff is relieved of Plaintiff's confidentiality obligations with respect to such information, and nothing contained in any Response to any Interrogatory should be considered an agreement to identify such information.

16.    Nothing contained in any Response herein shall be deemed an admission, concession, or waiver by Plaintiff as to the validity of any claim or defense asserted by the OpenAI Defendants.

17.    All objections as to the relevance, authenticity, or admissibility of these Responses and any information referenced therein are expressly reserved by Plaintiff.

18.    To the extent that Plaintiff responds to any of the Interrogatories, Plaintiff reserves the right to object on any grounds, at any time, to other discovery requests involving or relating to the subject matter of the Interrogatories that Plaintiff has responded to herein.

19.    Plaintiff reserves all objections to the use of these Responses. All such objections may be interposed by Plaintiff at the time of trial or as otherwise required by the rules or order of the Court.

20.    Plaintiff's Responses herein shall not in any way constitute an adoption of the OpenAI Defendants' purported "Definitions" of words or phrases or "Instructions" contained in the Interrogatories. Plaintiff objects to the Definitions, Instructions, and Interrogatories to the extent they: (i) are vague, ambiguous, compound, overbroad, unduly burdensome, and not reasonably tailored to avoid imposing undue burden and expense on Plaintiff; (ii) seek information for an undefined period of time or, if defined, cover and span an unreasonably long or burdensome time period, and therefore are burdensome and oppressive; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iv) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure; (v) include

assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (vi) incorporate other purported defined terms that suffer from such defects. In responding to the Interrogatories, Plaintiff has, where possible, employed what Plaintiff regards as the reasonable, common-sense interpretation of the Interrogatory in light of the relevant issues in the case.

21.    Plaintiff objects to each Interrogatory to the extent that it assumes the existence, relevance, materiality, truth, admissibility, or authenticity of any particular information, or assumes the validity of any claim or defense. In responding to these Interrogatories, Plaintiff does not make any admissions or waive any rights or objections, all of which are expressly preserved.

22.    Plaintiff objects to each Interrogatory to the extent that it requires Plaintiff to draw a legal conclusion.

23.    Plaintiff reserves the right to revise, amend, or supplement Plaintiff's Responses and/or production, and to use in discovery and at trial any information that is omitted as a result of mistake, inadvertence, or oversight. Plaintiff notes that discovery is ongoing and that Plaintiff's Responses are thus based on the information that is presently available and specifically known to Plaintiff.

24.    Plaintiff objects to the definition of "Alternative Transaction" as overbroad, unduly burdensome, and vague, as the definition includes "any potential acquisition or strategic transaction involving OpenAI" and "any similar transaction, or any alternative to such transaction, whether formal or informal." For example, it is not clear to Plaintiff what "any alternative" to a "similar transaction" to a "strategic transaction involving OpenAI" would encompass, or what renders a transaction "strategic."

25.    Plaintiff objects to the definition of "Musk Industries" as overbroad, unduly burdensome, and vague, as the definition includes "any of its predecessors, successors, or related or affiliated entities." Plaintiff interprets "Musk Industries" to mean Musk Industries LLC itself.

26.    Plaintiff objects to the definition of "You" and "Your" as overbroad, unduly burdensome, and vague, as the definition includes "Elon Musk and each and all of (i) his present and former employees, agents, representatives, or advisors; (ii) any entity over which Plaintiff Elon Musk exercised or exercises control; and (iii) any other Persons acting on his or their behalves."

Plaintiff interprets "You" and "Your" to refer to Elon Musk himself.

27.  Plaintiff objects to Instruction No. 1 as it seeks information spanning an unreasonably long and burdensome time period and thus seeks irrelevant information outside the scope of permissible discovery. Plaintiff will only disclose information consistent with Plaintiff's Responses below.

28.  Plaintiff objects to Instruction No. 5 to the extent it purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

29.  The fact that Plaintiff may reassert particular objections in responding to individual Interrogatories should not be construed as limiting the generality of the foregoing objections. The General Objections set forth herein are asserted with respect to each and every Interrogatory.

30.  Plaintiff further objects that many of the OpenAI Defendants' Interrogatories contain discrete subparts in contravention of Federal Rule of Civil Procedure 33. Plaintiff counts each of these discrete subparts toward the OpenAI Defendants' twenty-five interrogatory limit, and has identified at least twenty-four discrete interrogatories among them.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1.

Describe in detail the terms of the Purported Contract, including by Identifying the date(s) on which You and Defendants reached agreement on the material terms of the Purported Contract, all of the consideration that You contend You provided pursuant to the Purported Contract, and the date(s) on which You provided each component of such consideration.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1.

Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set forth herein. Plaintiff objects to this Interrogatory as vague, ambiguous, and/or inaccurate as to its use of the term "Defendants," which the Interrogatories define as all the named defendants in this litigation, including later-formed OpenAI for-profit entities, Microsoft, Reid Hoffman, and Deannah Templeton. Plaintiff refers the OpenAI Defendants to the First Amended Complaint in this action, Dkt. 32 ("FAC") which identifies Elon Musk, Samuel Altman, and OpenAI, Inc. as parties to the contract. Plaintiff objects that this Request is compound, overbroad, and unduly burdensome given

that "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees, agents, representatives, or advisors . . . and any other Persons acting on his or their behalves." Plaintiff objects to this Interrogatory as unduly burdensome, harassing, and duplicative of Interrogatory Nos. 2 and 3. Further responding, Plaintiff objects to this Interrogatory because this information is already in the OpenAI Defendants' possession and is thus obtainable from a source other than Plaintiff that is more convenient and less burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to the production of any and all information before a protective order and an applicable ESI protocol have been entered in this case.

Subject to and without waiving any of the foregoing General and specific objections, Plaintiff responds as follows based on Plaintiff's present knowledge, information, and belief and without limitation:

- OpenAI, Inc. "shall be a [section 501(c)(3)] nonprofit" (dated on or about December 8, 2015);

- OpenAI, Inc. "is a nonprofit " (dated on or about August 28, 2017);

- All of OpenAI, Inc.'s AI/AGI "technology would be owned by the foundation" (dated on or about June 24, 2015);

- OpenAI, Inc.'s technology would be used "for the good of the world" (dated on or about June 24, 2015);

- OpenAI, Inc.'s technology would be used in the way "most likely to benefit humanity as a whole" (dated on or about December 8, 2015),

- OpenAI, Inc.'s technology would not be used "for the private gain of any person" (dated on or about December 8, 2015);

- No "property," "net income," or "assets" of OpenAI, Inc. would "ever inure to the benefit of any director, officer or member thereof or to the benefit of any private person" (dated on or about December 8, 2015);

- OpenAI, Inc. would operate "unconstrained by a need to generate financial return" (dated on or about August 28, 2017);

- The goal of OpenAI, Inc. is to "ensure that AI's benefits are as widely and evenly

distributed as possible" (dated on or about August 28, 2017);

- OpenAI, Inc. would avoid "undu[e] concentrat[ions] [of] power" of its technology (dated on or about April 2, 2018);

- OpenAI "will seek to open source technology for the public benefit" (dated on or about December 8, 2015);

- OpenAI, Inc. would "openly share its plans and capabilities along the way" (dated on or about December 8, 2015), except where its technology can be "dangerous" (dated on or about March 21, 2016), causing genuine "safety and security concerns" (dated on or about April 2, 2018);

- "[S]afety should be a first-class requirement" of OpenAI, Inc.'s research and development of AI (dated on or about June 24, 2015);

- OpenAI, Inc.'s "researchers would have significant financial upside but it would be uncorrelated to what they build, which should eliminate some of the conflict (we'll pay them a competitive salary and give them [Y Combinator] equity for the upside)" (dated on or about June 24, 2015);

- OpenAI, Inc. would "always assiduously act to minimize conflicts of interest among our employees and stakeholders that could compromise" the non-profit's mission (dated on or about April 2, 2018);

- OpenAI, Inc. would "continue with [] as a nonprofit" (dated on or about September 21, 2017);

- Any for-profit entity used to support OpenAI, Inc., if subsequently agreed to by the parties (which agreement never materialized), would have a "fixed maximum return" structure (dated on or about April 23, 2018), and be organized "in a way all investors are clear that they should never expect a profit" (dated on or about March 6, 2019).

Samuel Altman and OpenAI, Inc. made these promises in exchange for Plaintiff's financial contributions, *see* Exhibit 1 hereto, provision of office facilities, coverage of operational expenses, as well as his personal investment of time, expertise, guidance, and use of his reputation and professional network to recruit persons with the specialized knowledge essential for OpenAI, Inc.'s

operations. Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, OpenAI Defendants have produced no documents. Accordingly, Plaintiff expressly reserves the right to supplement or amend this Response.

**INTERROGATORY NO. 2.**

Identify every Document or Communication that You contend is the Purported Contract, in whole or in part, and every Document or Communication that You contend memorializes or reaffirms the terms of the Purported Contract. For each such Communication that was not in writing, Describe that Communication in detail. If You contend that the Purported Contract is implied, in part or in whole, by the conduct of any Person, Describe the relevant conduct in detail.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2.**

Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set forth herein. Plaintiff objects to the phrasing "every Document or Communication that You contend is the Purported Contract" as vague and ambiguous. Plaintiff objects that this Request is compound, overbroad, and unduly burdensome given that "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees, agents, representatives, or advisors . . . and any other Persons acting on his or their behalves." Plaintiff objects to this Interrogatory as unduly burdensome, harassing, and duplicative of Interrogatory Nos. 1 and 3. Plaintiff further objects to this Interrogatory on the grounds that it contains at least three discrete subparts, which Plaintiff counts toward the OpenAI Defendants' twenty-five interrogatory limit. *See* Fed. R. Civ. P. 33(a)(1). Further responding, Plaintiff objects to this Interrogatory because this information is already in the OpenAI Defendants' possession and is thus obtainable from a source other than Plaintiff that is more convenient and less burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to the production of any and all information before a protective order and an applicable ESI protocol have been entered in this case.

Subject to and without waiving any of the foregoing General and specific objections, Plaintiff responds as follows based on Plaintiff's present knowledge, information, and belief and without limitation:

- OpenAI, Inc. "shall be a [section 501(c)(3)] nonprofit" (dated on or about December 8,

2015);

- OpenAI, Inc. "is a nonprofit " (dated on or about August 28, 2017);

- All of OpenAI, Inc.'s AI/AGI "technology would be owned by the foundation" (dated on or about June 24, 2015);

- OpenAI, Inc.'s technology would be used "for the good of the world" (dated on or about June 24, 2015);

- OpenAI, Inc.'s technology would be used in the way "most likely to benefit humanity as a whole" (dated on or about December 8, 2015),

- OpenAI, Inc.'s technology would not be used "for the private gain of any person" (dated on or about December 8, 2015);

- No "property," "net income," or "assets" of OpenAI, Inc. would "ever inure to the benefit of any director, officer or member thereof or to the benefit of any private person" (dated on or about December 8, 2015);

- OpenAI, Inc. would operate "unconstrained by a need to generate financial return" (dated on or about August 28, 2017);

- The goal of OpenAI, Inc. is to "ensure that AI's benefits are as widely and evenly distributed as possible" (dated on or about August 28, 2017);

- OpenAI, Inc. would avoid "undu[e] concentrat[ions] [of] power" of its technology (dated on or about April 2, 2018);

- OpenAI "will seek to open source technology for the public benefit" (dated on or about December 8, 2015);

- OpenAI, Inc. would "openly share its plans and capabilities along the way" (dated on or about December 8, 2015), except where its technology can be "dangerous" (dated on or about March 21, 2016), causing genuine "safety and security concerns" (dated on or about April 2, 2018);

- "[S]afety should be a first-class requirement" of OpenAI, Inc.'s research and development of AI (dated on or about June 24, 2015);

- OpenAI, Inc.'s "researchers would have significant financial upside but it would be

uncorrelated to what they build, which should eliminate some of the conflict (we'll pay them a competitive salary and give them [Y Combinator] equity for the upside)" (dated on or about June 24, 2015);

- OpenAI, Inc. would "always assiduously act to minimize conflicts of interest among our employees and stakeholders that could compromise" the non-profit's mission (dated on or about April 2, 2018);

- OpenAI, Inc. would "continue with [] as a nonprofit" (dated on or about September 21, 2017);

- Any for-profit entity used to support OpenAI, Inc., if subsequently agreed to by the parties (which agreement never materialized), would have a "fixed maximum return" structure (dated on or about April 23, 2018), and be organized "in a way all investors are clear that they should never expect a profit" (dated on or about March 6, 2019).

Samuel Altman and OpenAI, Inc. made these promises in exchange for Plaintiff's financial contributions, *see* Exhibit 1 hereto, provision of office facilities, coverage of operational expenses, as well as his personal investment of time, expertise, guidance, and use of his reputation and professional network to recruit persons with the specialized knowledge essential for OpenAI, Inc.'s operations, all of which Plaintiff, in fact, made. These acts of performance occurred within the context of numerous and continuing conversations between Plaintiff, on the one hand, and Altman and/or Brockman, individually and/or on behalf of OpenAI, Inc., on the other, from approximately March 2015 through September 2020, confirming OpenAI Inc.'s charitable mission as well as reaffirming the written promises set forth above. Initially, Altman and OpenAI, Inc. performed their obligations by, among other conduct, forming OpenAI, Inc. as a non-profit and publicly disclosing OpenAI, Inc.'s findings and research regarding its preliminary GPT models. Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, OpenAI Defendants have produced no documents. Accordingly, Plaintiff expressly reserves the right to supplement or amend this Response.

## INTERROGATORY NO. 3.

Identify every Document or Communication in which a Defendant made a promise to You

to induce You to contribute money, time, influence, and/or other benefits or resources to OpenAI, or on which You relied to contribute money, time, influence, and/or other benefits or resources to OpenAI. For each such Communication that was not in writing, Describe the Communication in detail.

**RESPONSE TO INTERROGATORY NO. 3.**

Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set forth herein. Plaintiff objects that this Request is compound, overbroad, and unduly burdensome given that "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees, agents, representatives, or advisors . . . and any other Persons acting on his or their behalves." Plaintiff objects to this Interrogatory as unduly burdensome, harassing, and duplicative of Interrogatory Nos. 1 and 2. Plaintiff further objects to this Interrogatory on the grounds that it contains at least two discrete subparts, which Plaintiff counts toward the OpenAI Defendants' twenty-five interrogatory limit. *See* Fed. R. Civ. P. 33(a)(1). Further responding, Plaintiff objects to this Interrogatory because this information is already in the OpenAI Defendants' possession and is thus obtainable from a source other than Plaintiff that is more convenient and less burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). For example, information responsive to this Interrogatory can be found in emails from Samuel Altman, Gregory Brockman, and OpenAI as well as the Exhibits to the FAC. Plaintiff further objects to the production of any and all information before a protective order and an applicable ESI protocol have been entered in this case.

Subject to and without waiving any of the foregoing General and specific objections, Plaintiff responds as follows based on Plaintiff's present knowledge, information, and belief and without limitation:

- OpenAI, Inc. "shall be a [section 501(c)(3)] nonprofit" (dated on or about December 8, 2015);
- OpenAI, Inc. "is a nonprofit " (dated on or about August 28, 2017);
- All of OpenAI, Inc.'s AI/AGI "technology would be owned by the foundation" (dated on or about June 24, 2015);
- OpenAI, Inc.'s technology would be used "for the good of the world" (dated on or about

June 24, 2015);

- OpenAI, Inc.'s technology would be used in the way "most likely to benefit humanity as a whole" (dated on or about December 8, 2015),

- OpenAI, Inc.'s technology would not be used "for the private gain of any person" (dated on or about December 8, 2015);

- No "property," "net income," or "assets" of OpenAI, Inc. would "ever inure to the benefit of any director, officer or member thereof or to the benefit of any private person" (dated on or about December 8, 2015);

- OpenAI, Inc. would operate "unconstrained by a need to generate financial return" (dated on or about August 28, 2017);

- The goal of OpenAI, Inc. is to "ensure that AI's benefits are as widely and evenly distributed as possible" (dated on or about August 28, 2017);

- OpenAI, Inc. would avoid "undu[e] concentrat[ions] [of] power" of its technology (dated on or about April 2, 2018);

- OpenAI "will seek to open source technology for the public benefit" (dated on or about December 8, 2015);

- OpenAI, Inc. would "openly share its plans and capabilities along the way" (dated on or about December 8, 2015), except where its technology can be "dangerous" (dated on or about March 21, 2016), causing genuine "safety and security concerns" (dated on or about April 2, 2018);

- "[S]afety should be a first-class requirement" of OpenAI, Inc.'s research and development of AI (dated on or about June 24, 2015);

- OpenAI, Inc.'s "researchers would have significant financial upside but it would be uncorrelated to what they build, which should eliminate some of the conflict (we'll pay them a competitive salary and give them [Y Combinator] equity for the upside)" (dated on or about June 24, 2015);

- OpenAI, Inc. would "always assiduously act to minimize conflicts of interest among our employees and stakeholders that could compromise" the non-profit's mission (dated on or

about April 2, 2018);

- OpenAI, Inc. would "continue with [] as a nonprofit" (dated on or about September 21, 2017);

- OpenAI, Inc. would "continue with the non-profit structure" (dated on or about September 22, 2017);

- Any for-profit entity used to support OpenAI, Inc., if subsequently agreed to by the parties (which agreement never materialized), would have a "fixed maximum return" structure (dated on or about April 23, 2018), and be organized "in a way all investors are clear that they should never expect a profit" (dated on or about March 6, 2019).

These written Communications occurred within the context of numerous and continuing conversations between Plaintiff, on the one hand, and Altman and/or Brockman, individually and/or on behalf of OpenAI, Inc., on the other, from approximately March 2015 through September 2020, confirming OpenAI Inc.'s charitable mission as well as reaffirming the written promises set forth above. Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, OpenAI Defendants have produced no documents. Accordingly, Plaintiff expressly reserves the right to supplement or amend this Response.

**INTERROGATORY NO. 4.**

For each of the donations alleged in Paragraph 489 of the Complaint, or any other donation, gift, grant, or charitable contribution You made to OpenAI that is not specifically identified in the Complaint, (1) Identify the Person that made the donation (including where applicable any donor-advised fund or other entity that received donations, gifts, grants, or charitable contributions that were thereafter directed to OpenAI) and Describe such Person's relation to You, (2) Identify the Person to which or to whom the donation, gift, grant, or charitable contribution was made (including where applicable any donor-advised fund or other entity that received donations, gifts, grants, or charitable contribution that were thereafter directed to OpenAI), (3) Identify the date of the donation, gift, grant, or charitable contribution, (4) Identify the amount of the donation, gift, grant, or charitable contribution, and (5) Identify any conditions or restrictions attached to the donation, gift, grant, or charitable contribution.

**CONFIDENTIAL**

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4.**

Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set forth herein. Plaintiff objects to this Interrogatory on the grounds that it seeks irrelevant information and is compound, overbroad, and unduly burdensome given that "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees, agents, representatives, or advisors . . . and any other Persons acting on his or their behalves." Plaintiff further objects on the grounds it seeks information that is duplicative of the information contained in documents already requested in Request No. 12 of OpenAI Defendants' First Set of Requests for Production to Plaintiff, and the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party. Plaintiff further objects to this Interrogatory on the grounds that it contains at least two discrete subparts, which Plaintiff counts toward the OpenAI Defendants' twenty-five interrogatory limit. *See* Fed. R. Civ. P. 33(a)(1). Plaintiff further objects to the production of any and all information before an applicable ESI protocol has been entered in this case.

Subject to and without waiving any of the foregoing General and specific objections, Plaintiff responds as follows based on Plaintiff's present knowledge, information, and belief and without limitation: Plaintiff's Response is set forth in Exhibit 1. Plaintiff also reminds the OpenAI Defendants that he and certain third parties have already agreed to produce documents concerning such contributions. *See* Fed. R. Civ. P. 33(d). Without limitation, Plaintiff directs the OpenAI Defendants' attention to 2024EXCESSION-0000001–2024EXCESSION-0000007, 2024EXCESSION-0000059–2024EXCESSION-0000110, 2024FOUNDATION-0000001–2024FOUNDATION-0000085. Discovery is still ongoing, and as such, Plaintiff expressly reserves the right to supplement or amend this Response.

**INTERROGATORY NO. 5.**

Identify any donation, gift, grant, or charitable contribution that was both (i) made by Elon Musk in his personal capacity (not by any other Person affiliated with Musk or acting on Musk's behalf), and (ii) made directly to OpenAI (not to a donor-advised fund or other entity that thereafter directed the donation, gift, grant, or charitable contribution to OpenAI), and for any such donation, gift, grant, or charitable contribution, (1) Identify the date of the donation, gift, grant, or charitable

1  contribution, (2) Identify the amount of the donation, gift, grant, or charitable contribution, and (3)

2  Identify any conditions or restrictions attached to the donation, gift, grant, or charitable

3  contribution.

4  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5.**

5       Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set

6  forth herein. Plaintiff objects to this Interrogatory on the grounds that it seeks irrelevant information

7  and contains at least two discrete subparts, which Plaintiff counts toward the OpenAI Defendants'

8  twenty-five interrogatory limit. *See* Fed. R. Civ. P. 33(a)(1). Plaintiff objects to the phrase "any

9  other Person affiliated with Musk" as vague and ambiguous. Plaintiff further objects on the grounds

10 it seeks information that is duplicative of the information contained in documents already requested

11 in Request No. 12 of OpenAI Defendants' First Set of Requests for Production to Plaintiff, and the

12 burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for

13 either party. Further responding, Plaintiff objects to this Interrogatory to the extent that it seeks

14 sensitive, confidential, or proprietary business information protected by the attorney-client

15 privilege, the attorney work product doctrine, the common interest or joint defense privileges, and

16 any other privilege or immunity available under law or arising from contractual obligation. Plaintiff

17 further objects to the production of any and all information before an applicable ESI protocol has

18 been entered in this case.

19      Subject to and without waiving any of the foregoing General and specific objections,

20 Plaintiff responds as follows based on Plaintiff's present knowledge, information, and belief and

21 without limitation: Plaintiff's Response is set forth in Exhibit 1. Plaintiff also reminds the OpenAI

22 Defendants that he and certain third parties have already agreed to produce documents concerning

23 such contributions. *See* Fed. R. Civ. P. 33(d). Without limitation, Plaintiff directs the OpenAI

24 Defendants' attention to 2024EXCESSION-0000001–2024EXCESSION-0000002. Discovery is

25 still ongoing, and as such, Plaintiff expressly reserves the right to supplement or amend this

26 Response.

27 **INTERROGATORY NO. 6.**

28      For each alleged payment of rent or overhead for OpenAI's office space made by You

directly or through Musk Industries, Identify, (i) the Person that made the payment, (ii) the Person to which or whom the payment was made, (iii) the date of the payment, and (iv) the amount of the payment.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6.**

Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set forth herein. Plaintiff objects to this Interrogatory on the grounds that it seeks irrelevant information and contains multiple subparts. Plaintiff objects that this Request is compound, overbroad, and unduly burdensome given that "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees, agents, representatives, or advisors . . . and any other Persons acting on his or their behalves." Plaintiff further objects on the grounds it seeks information that is duplicative of the information contained in documents already requested in Request No. 14 of OpenAI Defendants' First Set of Requests for Production to Plaintiff, and the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party. Plaintiff further objects to the production of any and all information before an applicable ESI protocol has been entered in this case. Plaintiff reminds the OpenAI Defendants that he and certain third parties have already agreed to produce documents concerning such contributions. *See* Fed. R. Civ. P. 33(d). Discovery is still ongoing, and as such, Plaintiff expressly reserves the right to supplement or amend this Response.

**INTERROGATORY NO. 7.**

Describe every instance of which You are aware in which OpenAI, including any of its officers, directors, employees, or agents, made a decision not to share its technology with the public, in whole or in part, including by Describing the reasons You are aware of for each such decision, whether or not You agreed with each such decision, and the precise time You were made aware of each such decision.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7.**

Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set forth herein. Plaintiff objects to this Interrogatory on the grounds that it seeks irrelevant information and contains at least three discrete subparts, which Plaintiff counts toward the OpenAI Defendants'

twenty-five interrogatory limit. *See* Fed. R. Civ. P. 33(a)(1). Plaintiff objects that this Request is compound, overbroad, and unduly burdensome given that "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees, agents, representatives, or advisors . . . and any other Persons acting on his or their behalves." Plaintiff objects to the phrase "not to share its technology with the public" as vague and ambiguous. It is not clear whether such phrase means "open source," a term which is also undefined. Plaintiff also objects that the phrase "in whole or in part" is vague and ambiguous, as it is not clear whether such phrase qualifies "technology" or "the public." Plaintiff further objects on the grounds it seeks information that is duplicative of the information contained in documents already requested in Request No. 4 of OpenAI Defendants' First Set of Requests for Production to Plaintiff, and the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party. Plaintiff further objects to the production of any and all information before an applicable ESI protocol has been entered in this case. Subject to and without waiving these specific objections and the General Objections, on or about May 5, 2022, Plaintiff learned from a tweet posted by Timnit Gebru that OpenAI had made GPT-3 available as a paid service but had not shared the model itself or its code. Plaintiff did not agree with this decision and informed Sam Altman of his disapproval. Further, since then, Plaintiff understands from social media and news coverage that OpenAI does not release open source versions of its models, a fact that OpenAI Defendants have admitted. It is clear now, in retrospect, that these models were kept proprietary for commercial rather than safety considerations. Plaintiff disagrees with these decisions, which contravene OpenAI's founding, namesake mission. In addition, Plaintiff reminds the OpenAI Defendants that he has already agreed to produce documents concerning OpenAI's open sourcing practices. *See* Fed. R. Civ. P. 33(d). Discovery is still ongoing, and as such, Plaintiff expressly reserves the right to supplement or amend this Response.

**INTERROGATORY NO. 8.**

Identify every entity, organization, or venture (whether for-profit or not-for-profit) with which You have been involved at any time in any capacity, whether as a founder, investor, partner, director, officer, employee, representative, or otherwise, that has attempted to study, develop, refine, or otherwise focus attention on artificial intelligence or AGI.

1  **RESPONSE TO INTERROGATORY NO. 8.**

2          Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set

3  forth herein. Plaintiff objects to this Interrogatory on the grounds that it is overbroad, unduly

4  burdensome, and—insofar as it seeks the identity of "every entity, organization, or venture . . . with

5  which You have been involved at any time in any capacity . . . that has . . . focus[ed] attention on

6  artificial intelligence or AGI"—it seeks information that is not relevant to any issue in this case.

7  Plaintiff objects that this Request is compound, overbroad, and unduly burdensome given that

8  "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees,

9  agents, representatives, or advisors . . . and any other Persons acting on his or their behalves."

10 Plaintiff objects to the phrases "involved at any time in any capacity" and "otherwise focus attention

11 on" as vague and ambiguous. Plaintiff further objects to the production of any and all information

12 before a protective order and an applicable ESI protocol have been entered in this case. Subject to

13 and without waiving any of the foregoing General and specific objections, Plaintiff responds as

14 follows based on Plaintiff's present knowledge, information, and belief and without limitation: as

15 relevant to this litigation, OpenAI, xAI, and Tesla. The OpenAI Defendants are already in

16 possession of contact information for the foregoing. Discovery has only recently commenced and is

17 still ongoing, and as such, Plaintiff expressly reserves the right to supplement or amend this

18 Response.

19 **INTERROGATORY NO. 9.**

20         Identify every Person with whom You have communicated about potentially working

21 together to establish or pursue a non-profit or for-profit entity, organization, or venture to study,

22 develop, refine, or otherwise focus attention on artificial intelligence or AGI.

23 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9.**

24         Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set

25 forth herein. Plaintiff objects to this Interrogatory on the grounds that it is overbroad, unduly

26 burdensome, and—insofar as it seeks the identity of "every Person with whom You have

27 communicated about working together to establish an entity . . . focus[ing] attention on artificial

28 intelligence or AGI" unbounded by any temporal limitations and unconnected to the issues in this

litigation—seeks information that is not relevant to any issue in this case. Plaintiff objects that this Request is compound, overbroad, and unduly burdensome given that "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees, agents, representatives, or advisors . . . and any other Persons acting on his or their behalves," and, insofar as "Person" is defined to include any "corporation, limited liability company, trust, partnership, proprietorship, association, joint venture, group, business entity, governmental or public entity, or any other form or organization of legal entity," it is needlessly duplicative of Interrogatory No. 8. Plaintiff objects to the phrase "otherwise focus attention on" as vague and ambiguous. Further responding, Plaintiff objects to this Interrogatory to the extent that it seeks sensitive, confidential, or proprietary business information protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiff further objects to the production of any and all information before an applicable ESI protocol has been entered in this case. Subject to and without waiving any of the foregoing General and specific objections, Plaintiff responds as follows based on Plaintiff's present knowledge, information, and belief and without limitation: Plaintiff discussed potentially working together to establish OpenAI, Inc. with Samuel Altman, Gregory Brockman, Dario Amodei, who may be contacted through his counsel, Fred Norton, The Norton Law Firm PC, and Ilya Sutskever who may be contacted through his counsel, Eduardo Santacana, Cooley LLP. Plaintiff reminds the OpenAI Defendants that he has already agreed to produce documents concerning OpenAI's founding. *See* Fed. R. Civ. P. 33(d). Discovery is still ongoing, and as such, Plaintiff expressly reserves the right to supplement or amend this Response.

**<u>INTERROGATORY NO. 10.</u>**

Identify every Person with whom You have communicated regarding an actual, contemplated, or potential restructuring of OpenAI, including any actual, contemplated, or potential restructuring of any for-profit entity affiliated with OpenAI, and for each such Communication that was not in writing, Describe the Communication in detail. The foregoing Interrogatory excludes posts made on X or any other social media or public platform and comments made in publicly broadcast interviews or discussions.

**RESPONSE TO INTERROGATORY NO. 10.**

Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set forth herein. Plaintiff objects to this Interrogatory on the grounds that it contains multiple subparts and is overbroad, unduly burdensome, and seeks information that is not relevant to any issue in this case. Plaintiff objects that this Request is compound, overbroad, and unduly burdensome given that "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees, agents, representatives, or advisors . . . and any other Persons acting on his or their behalves." Plaintiff further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by governmental privileges, the First Amendment, and/or related privileges. Further responding, Plaintiff objects to this Interrogatory to the extent that it seeks sensitive, confidential, or proprietary business information protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiff further objects to the production of any and all information before a protective order and an applicable ESI protocol have been entered in this case. Subject to and without waiving any of the foregoing General and specific objections, Plaintiff responds as follows based on Plaintiff's present knowledge, information, and belief and without limitation: Gregory Brockman, Bret Taylor, Samuel Altman, Adam D'Angelo, Sue Desmond-Hellmann, Zico Kolter, Abedayo Ogunlesi, Paul Nakasone, Nicole Seligman, Fidji Simo, Larry Summers, Shivon Zilis, Rob Bonta, and Caitlin Noble, who may be contacted through their office, c/o Anna Nguyen (anna.nguyen@doj.ca.gov), Kathleen Jennings, who may be contacted through counsel, Bruce Ericson, Pillsbury Winthrop Shaw Pittman LLP, Ilya Sutskever who may be contacted through counsel, Simona Agnolucci, Willkie Farr & Gallagher LLP, Karen A. Truitt (820 N. French St. 6th Floor, Wilmington, DE 19801; 302-577-8871), Joseph M. Scalise (joseph.scalise@delaware.gov), Christina Folke (christina.folke@delaware.gov), Amy R. Kervin (amy.kervin@delaware.gov), Donna Owens (donna.owens@delaware.gov; 302-577-8682), and Liberty M. Sacker (liberty.sacker@doj.ca.gov; 619-321-5805). Discovery has only recently commenced and is still ongoing, and as such, Plaintiff expressly reserves the right to supplement or amend this Response.

**INTERROGATORY NO. 11.**

Identify every Person with whom You communicated about the February 10, 2025 Letter of Intent, or any Alternative Transaction, including in either case any Person with whom You communicated about potential financing arrangements or investments, and as to each such Person, Identify all forms of Communication that You used to discuss any one or more of the foregoing subjects. The foregoing Interrogatory excludes posts made on X or any other social media or public platform and comments made in publicly broadcast interviews or discussions.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11.**

Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set forth herein. Plaintiff objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any issue in this case. Plaintiff objects to this Interrogatory on the grounds that it contains at least two discrete subparts, which Plaintiff counts toward the OpenAI Defendants' twenty-five interrogatory limit. *See* Fed. R. Civ. P. 33(a)(1). Plaintiff objects that this Request is compound, overbroad, and unduly burdensome given that "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees, agents, representatives, or advisors . . . and any other Persons acting on his or their behalves." Plaintiff further objects that the term "Alternative Transaction" is overbroad, unduly burdensome, and vague, as the definition includes "any potential acquisition or strategic transaction involving OpenAI" and "any similar transaction, or any alternative to such transaction, whether formal or informal," and it is not clear what "any alternative" to a "similar transaction" to a "strategic transaction involving OpenAI" would encompass, or what renders a transaction "strategic." Plaintiff objects to the phrase "Identify all forms of Communication" as vague and ambiguous. Further responding, Plaintiff objects to this Interrogatory to the extent that it seeks sensitive, confidential, or proprietary business information protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiff further objects to the production of any and all information before an applicable ESI protocol has been entered in this case. Subject to and without waiving any of the foregoing General and specific objections, Plaintiff

responds as follows based on Plaintiff's present knowledge, information, and belief and without limitation: Jared Birchall, Bret Taylor, Samuel Altman, Adam D'Angelo, Sue Desmond-Hellman, Zico Kolter, Abedayo Ogunlesi, Paul Nakasone, Nicole Seligman, Fidji Simo, Larry Summers, Ron Baron, Antonio J. Gracias, Gavin Baker, Joe Lonsdale, John Hering, George Bashforth, Ariel Emanuel, Ian M. Shannon, Esq., Pat Patalino, Esq., Laura Malone, Esq., Stephen Swanson, Esq., Mark Zuckerberg, OpenAI, xAI, Baron Capital Group, Inc., Valor Management LLC, Atreides Management, LP, VY Fund III, L.P., Emanuel Capital Management, LLC, and Eight Partners VC, LLC. The OpenAI Defendants are already in possession of contact information for the foregoing. Such communications occurred telephonically, in person, and/or in writing. Plaintiff reminds the OpenAI Defendants that he and certain third parties have already agreed to produce documents concerning the Letter of Intent. *See* Fed. R. Civ. P. 33(d). Discovery is still ongoing, and as such, Plaintiff expressly reserves the right to supplement or amend this Response.

**INTERROGATORY NO. 12.**

Identify all Persons included in the "consortium of investors" referenced in the February 10, 2025 Letter of Intent, whether or not any such Person is a signatory to the February 10, 2025 Letter of Intent.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12.**

Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set forth herein. Plaintiff objects to this Interrogatory on the grounds that it contains multiple subparts and is overbroad, unduly burdensome, and seeks information that is not relevant to any issue in this case. Plaintiff objects to this Interrogatory to the extent that it seeks sensitive, confidential, or proprietary business information protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiff further objects to the production of any and all information before a protective order and an applicable ESI protocol have been entered in this case. Subject to and without waiving any of the foregoing General and specific objections, Plaintiff responds as follows based on Plaintiff's present knowledge, information, and belief and without limitation: xAI, Baron Capital Group, Inc., Valor Management LLC, Atreides

1  Management, LP, VY Fund III, L.P., Emanuel Capital Management, LLC, and Eight Partners VC,

2  LLC. The OpenAI Defendants are already in possession of contact information for the foregoing.

3  Plaintiff reminds the OpenAI Defendants that he and certain third parties have already agreed to

4  produce documents concerning the Letter of Intent. *See* Fed. R. Civ. P. 33(d). In OpenAI

5  Defendants' meet-and-confer letter, they asked additional questions concerning the "consortium of

6  investors," inquiring who the "others" described in the Letter of Intent included. "[O]thers" refers to

7  potential additional investors who may have sought to join the consortium after the Letter of Intent

8  had been transmitted. Discovery is still ongoing, and as such, Plaintiff expressly reserves the right

9  to supplement or amend this Response.

10  **INTERROGATORY NO. 13.**

11    Identify all forms and methods of Communication that You used to send and receive

12  Documents and Communications responsive to the Document Requests, including by Identifying (i)

13  all email addresses that You used to send and receive emails responsive to the Document Requests;

14  (ii) all devices (and corresponding phone numbers) that You used to send and receive iMessage,

15  SMS, Signal, and other messages responsive to the Document Requests; and (iii) all messaging

16  platforms (e.g., WhatsApp, Signal) that You used to send and receive messages responsive to the

17  Document Requests.

18  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13.**

19    Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set

20  forth herein. Plaintiff objects to this Interrogatory on the grounds that it is overbroad, unduly

21  burdensome, and seeks information that is not relevant to any issue in this case. Plaintiff further

22  objects to this Interrogatory on the grounds that it contains at least three discrete subparts, which

23  Plaintiff counts toward the OpenAI Defendants' twenty-five interrogatory limit. *See* Fed. R. Civ. P.

24  33(a)(1). Plaintiff objects that this Request is compound, overbroad, and unduly burdensome given

25  that "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees,

26  agents, representatives, or advisors . . . and any other Persons acting on his or their behalves."

27  Plaintiff objects to the phrase "Identify all forms and methods of Communication" as vague and

28  ambiguous. Plaintiff objects to this Interrogatory because it infringes upon Plaintiff's legitimate

privacy rights protected by constitution, statute, contract, court order, and/or public policy. Plaintiff further objects to this Interrogatory to the extent that it seeks sensitive, confidential, or proprietary business information protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, and any other privilege or immunity available under law or arising from contractual obligation. Further responding, Plaintiff objects on the grounds it seeks information that is duplicative of the information contained in documents already requested by OpenAI Defendants' First Set of Requests for Production to Plaintiff, and the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party. Plaintiff further objects to the production of any and all information before an applicable ESI protocol has been entered in this case. Subject to and without waiving any of the foregoing General and specific objections, Plaintiff responds as follows based on Plaintiff's present knowledge, information, and belief and without limitation: Plaintiff has transmitted documents and/or communications relevant to this litigation through iPhone, iMessage, Signal, and electronic mail accounts, which emails and text messages were predominantly directed to Samuel Altman, Gregory Brockman, and/or various recipients at OpenAI's corporate domain (@openai.com). As such, the OpenAI Defendants already possess the requested information. Additionally, certain relevant communications and/or documents have been transmitted via the X platform (formerly known as Twitter), where Plaintiff maintains an account under the username @elonmusk. Email addresses and phone number(s) responsive to this Interrogatory are readily apparent from the documents Plaintiff has produced. *See* Fed. R. Civ. P. 33(d). Discovery is still ongoing, and as such, Plaintiff expressly reserves the right to supplement or amend this Response.

**INTERROGATORY NO. 14.**

   Identify the username or other equivalent user identification information for each internet or social media account (including any accounts on X, Twitter, Facebook, Reddit, Instagram, Truth Social, or Myspace), whether active or inactive, that You have used to send or receive messages or post about artificial intelligence, AGI, OpenAI, Samuel Altman, Gregory Brockman, or any of Your allegations in the Complaint, within the past 10 years.

CONFIDENTIAL

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14.**

      Plaintiff incorporates the Preliminary Statement and General Objections above as if fully set forth herein. Plaintiff objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and—insofar as it seeks identifying information in connection with "artificial intelligence, AGI, OpenAI, Samuel Altman, Gregory Brockman," unconnected to the issues in this litigation—seeks information that is not relevant to this case. Plaintiff objects that this Request is compound, overbroad, and unduly burdensome given that "You" is defined as Plaintiff Elon Musk and thousands of his "present and former employees, agents, representatives, or advisors . . . and any other Persons acting on his or their behalves." Plaintiff objects to this Interrogatory on the grounds it seeks information that is a matter of public record, already in the possession of the OpenAI Defendants, and/or otherwise equally available to the public and the OpenAI Defendants. Further responding, Plaintiff objects on the grounds it seeks information that is duplicative of the information contained in documents already requested by OpenAI Defendants' First Set of Requests for Production to Plaintiff, and the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party. Plaintiff further objects to the production of any and all information before an applicable ESI protocol has been entered in this case. Subject to and without waiving any of the foregoing General and specific objections, Plaintiff responds as follows based on Plaintiff's present knowledge, information, and belief and without limitation: as relevant to the issues in this litigation, Plaintiff maintains an X account under the username @elonmusk, and years ago Plaintiff had an Instagram account (@elonmusk) and a Reddit account in his name (not used for private messaging). Discovery is still ongoing, and as such, Plaintiff expressly reserves the right to supplement or amend this Response.

DATED: September 25, 2025              TOBEROFF & ASSOCIATES, P.C.

                                          */s/ Marc Toberoff*
                                           Marc Toberoff

                                         *Attorneys for Plaintiffs Elon Musk*
                                         *and X.AI Corp.*

CONFIDENTIAL

**EXHIBIT 1**

| Immediate Sender | Immediate Recipient | Amount | Date |
|---|---|---|---|
| Elon Musk | YC Org | $500,000.00 | 5/27/2016 |
| Elon Musk | OpenAI, Inc. | $248,295.00 | 10/2/2017 |
| Elon Musk | OpenAI, Inc. | $14,104.50 | 1/24/2018 |
| Elon Musk - Vanguard DAF | YC Org | $5,000,000.00 | 6/2/2016 |
| Musk Industries | Bridgeton Pioneer | $141,666.67 | 6/15/2016 |
| Musk Foundation | YC Org | $5,000,000.00 | 2/27/2017 |
| Musk Foundation | YC Org | $5,000,000.00 | 5/26/2017 |
| Musk Foundation - Vanguard DAF | YC Org | $4,500,000.00 | 08/19/2016 |
| Musk Foundation - Vanguard DAF | YC Org | $142,000.00 | 09/22/2016 |
| Musk Foundation - Vanguard DAF | YC Org | $142,000.00 | 10/17/2016 |
| Musk Foundation - Vanguard DAF | YC Org | $750,000.00 | 11/11/2016 |
| Musk Foundation - Vanguard DAF | YC Org | $142,000.00 | 11/15/2016 |
| Musk Foundation - Vanguard DAF | YC Org | $4,250,000.00 | 11/30/2016 |
| Musk Foundation - Vanguard DAF | YC Org | $142,000.00 | 12/15/2016 |
| Musk Foundation - Vanguard DAF | YC Org | $142,000.00 | 01/17/2017 |
| Musk Foundation - Vanguard DAF | YC Org | $142,000.00 | 02/15/2017 |
| Musk Foundation - Vanguard DAF | YC Org | $175,000.00 | 03/16/2017 |
| Musk Foundation - Vanguard DAF | OpenAI, Inc. | $175,000.00 | 04/18/2017 |
| Musk Foundation - Vanguard DAF | OpenAI, Inc. | $175,000.00 | 05/15/2017 |
| Musk Foundation - Vanguard DAF | OpenAI, Inc. | $175,000.00 | 06/15/2017 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $175,000.00 | 7/18/2017 |
| Musk Foundation - Fidelity DAF | YC Org* | $250,000.00 | 7/19/2017 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $175,000.00 | 8/14/2017 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $175,000.00 | 9/15/2017 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $85,000.00 | 9/29/2017 |

CONFIDENTIAL

| Immediate Sender | Immediate Recipient | Amount | Date |
|---|---|---|---|
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $235,000.00 | 10/16/2017 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $235,000.00 | 11/14/2017 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $235,000.00 | 12/14/2017 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 1/18/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $390,000.00 | 2/20/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 3/14/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 4/16/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 5/15/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 6/14/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 7/16/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 8/14/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 9/18/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 10/17/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 11/14/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 12/17/2018 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 1/16/2019 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 2/14/2019 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 3/22/2019 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 4/16/2019 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 5/14/2019 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 6/14/2019 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 7/17/2019 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 8/14/2019 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 9/16/2019 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 10/17/2019 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 11/15/2019 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 12/17/2019 |

**CONFIDENTIAL**

| Immediate Sender | Immediate Recipient | Amount | Date |
| --- | --- | --- | --- |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 1/14/2020 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 2/14/2020 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 3/16/2020 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 4/13/2020 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 5/13/2020 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 6/15/2020 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 7/14/2020 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 8/17/2020 |
| Musk Foundation - Fidelity DAF | OpenAI, Inc. | $290,000.00 | 9/14/2020 |

* For YC Org UBI Project.

## **VERIFICATION**

I, Elon Musk, hereby verify that the facts set forth in the answers to the Interrogatories are true to the best of my present knowledge, information, and belief.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on _____9/25/25_____.


_____
Elon Musk

**CONFIDENTIAL**

1

## PROOF OF SERVICE

2 I, Jaymie Parkkinen, declare:

3      I am over the age of eighteen years and not a party to the within action. I am a resident of or

4 employed in the county where the service described below occurred. My business address is 23823

5 Malibu Road, Suite 50-363, Malibu, CA 90265. On the date indicated below, I caused the following:

6 **PLAINTIFF MUSK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO OPENAI**

7 **DEFENDANTS' FIRST SET OF INTERROGATORIES**

8 to be served as follows:

9      [X]    **BY ELECTRONIC MAIL** - I caused the above-described document to be served by

10 electronic mail transmission on the interested parties noted below, where an electronic mail address

11 is indicated.

12
| | |
|---|---|
| William Savitt | Russell Cohen |
| *wdsavitt@wlrk.com* | *russ.cohen@dechert.com* |
| Bradley R Wilson | Nisha Patel Gupta |
| *brwilson@wlrk.com* | *nisha.patelgupta@dechert.com* |
| Sarah Eddy | Howard Ullman |
| *skeddy@wlrk.com* | *howard.ullman@dechert.com* |
| Nathaniel Cullerton | Jay Jurata |
| *ndcullerton@wlrk.com* | *jay.jurata@dechert.com* |
| Ioannis Drivas | Andrew Levander |
| *iddrivas@wlrk.com* | *andrew.levander@dechert.com* |
| Kelsey Borenzweig | DECHERT LLP |
| *kaborenzweig@wlrk.com* | |
| WACHTELL, LIPTON, ROSEN & KATZ | |

Jordan Eth
*jeth@mofo.com*
William Frentzen
*wfrentzen@mofo.com*
David Wiener
*dwiener@mofo.com*
MORRISON & FOERSTER LLP

25      I declare under penalty of perjury that the foregoing is true and correct. Executed on

26 September 25, 2025, at San Francisco, California.

27                               */s/ Jaymie Parkkinen*
                              Jaymie Parkkinen

CASE NO. 24-CV-04722-YGR
MUSK'S SUPP. R&OS TO OPENAI ROG1