# EXHIBIT 54

Docusign Envelope ID: D99047E6-F5BB-4CB5-BEF6-AA8D8DFB01C5

**HIGHLY CONFIDENTIAL**

1  JORDAN ETH (CA SBN 121617)
   JEth@mofo.com
2  WILLIAM FRENTZEN (CA SBN 343918)
   WFrentzen@mofo.com
3  DAVID J. WIENER (CA SBN 291659)
   DWiener@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, CA 94105
   Telephone:   (415) 268-7000
6  Facsimile:   (415) 268-7522

7  WILLIAM SAVITT (admitted *pro hac vice*)
   WDSavitt@wlrk.com
8  BRADLEY R. WILSON (admitted *pro hac vice*)
   BRWilson@wlrk.com
9  SARAH K. EDDY (admitted *pro hac vice*)
   SKEddy@wlrk.com
10 STEVEN WINTER (admitted *pro hac vice*)
   SWinter@wlrk.com
11 NATHANIEL CULLERTON (admitted *pro hac vice*)
   NDCullerton@wlrk.com
12 WACHTELL, LIPTON, ROSEN & KATZ
   51 West 52nd Street
13 New York, NY 10019
   Telephone:   (212) 403-1000
14 Facsimile:   (212) 403-2000

15 *Attorneys for Defendants Samuel Altman, Gregory Brockman,*
   *OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
16 *OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
   *OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
17 *OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
   *OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
18 *OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
   *OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
19 *OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
   *Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **DECLARATION OF ROBERT WU** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

Docusign Envelope ID: D99047E6-F5BB-4CB5-BEF6-AA8D8DFB01C5

HIGHLY CONFIDENTIAL

I, ROBERT WU, declare as follows:

1. I serve as Deputy General Counsel for OpenAI OpCo, LLC, a subsidiary of OpenAI, Inc. (together with its affiliates, "OpenAI"). On October 3, 2025, I testified on behalf of OpenAI, Inc. as its corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), and it is in that capacity that I provide this Declaration.

2. Between 2019 and 2023, OpenAI's employees and certain third-party investors received economic interests in OpenAI's for-profit subsidiary that are subject to target redemption amounts, or "TRAs," that establish the maximum possible return on each investment. These TRAs were often but not always based on a multiple of the amount of invested capital. For example, in 2019, Microsoft Corporation invested approximately $1 billion based on a 20x multiple, resulting in a TRA of approximately $20 billion.

3. OpenAI's management team was responsible for negotiating the terms of these economic interests in OpenAI's for-profit subsidiary, including the TRAs. These negotiations occurred at arm's length and were subject to oversight and ultimate approval by the OpenAI, Inc. Board of Directors.

4. The OpenAI, Inc. Board was responsible for reviewing the proposed terms of each potential economic interest in OpenAI's for-profit subsidiary, including the applicable TRAs, and determining whether those terms were in the best interests of OpenAI, Inc. When making this determination, the Board considered a variety of factors, including the extent to which additional capital was necessary for OpenAI, Inc. to accomplish its mission; the Board's desire to maintain, to the greatest extent possible, the value of OpenAI, Inc.'s residual economic interest in OpenAI's for-profit subsidiary; and information regarding the terms on which potential investors in OpenAI's for-profit subsidiary would be willing to invest at the relevant time.

5. When negotiating and evaluating the TRAs and other proposed terms of these economic interests in OpenAI's for-profit subsidiary, the OpenAI, Inc. Board and OpenAI management team had access to the periodic valuation reports that OpenAI received from PricewaterhouseCoopers and Andersen Consulting in the ordinary course of OpenAI's business. These reports used multiple methodologies to estimate the fair value of the equity and other

Docusign Envelope ID: D99047E6-F5BB-4CB5-BEF6-AA8D8DFB01C5

HIGHLY CONFIDENTIAL

1  economic interests in OpenAI's for-profit subsidiary, taking into account, among other things, (a)
2  the OpenAI management team's forecasts of future business operations; and (b) the terms of any
3  economic interests in the for-profit subsidiary that existed on the relevant valuation date, including
4  the applicable TRAs and the mechanics of the profit distribution waterfall. It is my understanding
5  that these periodic valuation reports have been produced in this litigation.

6.  ==The OpenAI, Inc. Board did not consider any financial or quantitative analysis specifically prepared by a third-party financial advisor to assess any proposed TRAs.==

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on October 17, 2025, at San Francisco, California.

*Robert Wu*
Robert Wu