1  MARC TOBEROFF (CA SBN 188547)
   MToberoff@toberoffandassociates.com
2  TOBEROFF & ASSOCIATES, P.C.
   23823 Malibu Road, Suite 50-363
3  Malibu, CA 90265
   Telephone: (310) 246-3333
4
   STEVEN F. MOLO (*pro hac vice*)
5  ROBERT K. KRY (*pro hac vice*)
   JENNIFER M. SCHUBERT (*pro hac vice*)
6  WALTER H HAWES IV (*pro hac vice*)
   ALEXANDRA C. EYNON (*pro hac vice*)
7  SARA TOFIGHBAKHSH (*pro hac vice*)
   MOLOLAMKEN LLP
8  430 Park Avenue
   New York, NY  10022
9  Telephone: (212) 607-8160

10 *Attorneys for Plaintiffs Elon Musk*
   *and X.AI Corp.*
11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                      OAKLAND DIVISION

15
   ELON MUSK et al.,                    Case No. 4:24-cv-04722-YGR
16
              Plaintiffs,               **PLAINTIFF'S RESPONSIVE**
17                                       **SEPARATE STATEMENT OF**
        v.                               **UNDISPUTED MATERIAL FACTS**
18                                       **IN SUPPORT OF PLAINTIFF'S**
   SAMUEL ALTMAN, et al.,                **OPPOSITION TO MICROSOFT'S**
19                                       **MOTION FOR SUMMARY**
              Defendants.                **JUDGMENT**
20
                                        Date:  January 7, 2026
21                                      Time:  2:00 PM
                                        Courtroom:  1 – 4ᵗʰ Floor
22                                      Judge:  Hon. Yvonne Gonzalez Rogers

23

24

25

26

27

28

Pursuant to Section 9(c) of the Honorable Judge Gonzalez Rogers' Standing Order, Plaintiff Elon Musk hereby submits this Responsive Statement of Material Facts in support of his Opposition to the Motion for Summary Judgment of Defendant Microsoft Corporation ("Microsoft").   Each material fact identified below falls under one or more of the following issues raised by Microsoft's motion as stated by :[1]

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| The Formation of Open AI, Inc. and OpenAI, L.P. | | |
| 1. Whether Microsoft is entitled to summary judgment on Plaintiff's aiding and abetting breach of fiduciary duty to Musk claim (SAC Count 19) because there is no evidence Microsoft had: (a) actual knowledge of any OpenAI, Altman, or Brockman fiduciary duties to Musk or breach thereof; or (b) the requisite intent to interfere with such duties.<br><br>2. Whether Microsoft is entitled to summary judgment on Plaintiff's breach of quasi contract / unjust enrichment claim (SAC Count 4) because: (a) it is predicated on the same conduct as Count 19, which fails for lack of evidence; (b) it seeks the same relief as Count 19, making it | Fact 1. Microsoft was not involved in OpenAI, Inc.'s[2] formation.<br><br>Ex. 1, ("Introducing OpenAI") (December 11, 2015), Microsoft 30(b)(6) Deposition Ex. 3. | Undisputed. |
| | Fact 2. OpenAI caused to be incorporated in September 2018 OpenAI, L.P., a for-profit subsidiary of OpenAI.<br><br>Ex. 20, ("Operating Agreement of SummerSafe GP, L.L.C.") (September 19, 2018), OPENAI_MUSK00013307;<br><br>Ex. 21, ("Certificate of Amendment to the Certificate of Limited Partnership") (January 3, 2019), OPENAI_MUSK00013310;<br><br>Ex. 22, ("Unanimous Written Consent of the Reorganization Committee of OpenAI, Inc.") (February 8, 2019), MSFT_MUSK000084932. | Undisputed. |
| | Fact 3. OpenAI publicly announced its for-profit subsidiary in March 2019.<br><br>Ex. 23, ("OpenAI LP") (March 11, 2019), OpenAI(30)(b)(6) Ex. 15. | Undisputed. |

---

[1] The Memorandum in Support of Plaintiff's Opposition discusses additional background facts.

[2] Unless otherwise specified, references to "OpenAI" below are to the nonprofit OpenAI, Inc.  For simplicity, this Responsive Statement of Material Facts uses the words "subsidiary" or "for-profit subsidiary" when referring to OpenAI, L.P. and its later-established vehicles in which investors held their economic interests.

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| impermissible; and (c) there is no evidence that Microsoft, as a third party investing in OpenAI's for-profit subsidiary and entering into agreements with OpenAI and its for-profit subsidiary, upon the OpenAI nonprofit board's approval, had knowledge of any alleged duties or breaches by OpenAI, Altman, or Brockman. | <u>Fact 4.</u> Microsoft was not involved with conceiving, incorporating, or announcing OpenAI's for-profit subsidiary.<br><br>Ex. 12, Samuel Altman Deposition Transcript (September 16, 2025) at 351:25-352:9;<br><br>Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 93:1-19. | Disputed. Microsoft was involved in conceiving OpenAI's for-profit subsidiary through Microsoft board director Reid Hoffman, who was involved in plans to invest in OpenAI's for-profit subsidiary months before the entity was incorporated, conferred with Altman regarding the structure, and conveyed information to Microsoft.<br><br>Ex. 18; Ex. 19. |
| **Microsoft's Investments in OpenAI's Subsidiary, Microsoft's Collaboration Agreements with OpenAI and Its Subsidiary, and OpenAI's and Its Subsidiary's Representations and Warranties to Microsoft** | | |
| Issues 1 and 2 | <u>Fact 5.</u> Only after OpenAI established its for-profit subsidiary did OpenAI and Microsoft begin discussing a potential strategic partnership.<br><br>Ex. 12, Samuel Altman Deposition Transcript (September 16, 2025) at 332:20-333:4;<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 130:9-13. | Disputed. Microsoft and OpenAI began discussing a potential strategic partnership months before the creation of the for-profit subsidiary. In March 2018, Sam Altman and Satya Nadella discussed a potential partnership and investment in a new OpenAI commercial venture. CTO Kevin Scott was in communication with Sam Altman as Microsoft was trying to figure out the terms of a partnership.<br><br>Ex. 1. |
| Issues 1 and 2 | <u>Fact 6.</u> Prior to entering a strategic partnership with OpenAI and its for-profit subsidiary, Microsoft conducted due diligence, including a review by Microsoft's outside counsel of documents provided by OpenAI relating to it and its subsidiary's governance, structure, capitalization, and tax status.<br><br>Ex. 28, Declaration of Michael Wetter in Support of Defendant Microsoft's Motion for Summary Judgment (executed on October 16, 2025) at ¶7. | Undisputed. |

2

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| Issues 1 and 2 | <u>Fact 7.</u> The due diligence included OpenAI's IRS tax exemption application, which in response to express questions about agreements with officers, directors, trustees, and others, reported nothing about and no agreement with Musk.<br><br>Ex. 29, ("OpenAI IRS Tax Exemption Application") (September 1, 2016), Microsoft 30(b)(6) Deposition Ex. 9 at 36530;<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2015) at 125:19-126:14);<br><br>Ex. 28, Declaration of Michael Wetter in Support of Defendant Microsoft's Motion for Summary Judgment (executed on October 16, 2025) ¶ 7. | Disputed. OpenAI's IRS tax exemption application did not request disclosure of donor-associated agreements, or contribution restrictions or conditions. Question 8a in OpenAI's IRS tax exemption application requested disclosure as follows:<br><br>"Do you or will you have any leases, contracts, loans, or other agreements with your officers, directors, trustees, highest compensated employees, or highest compensated independent contractors listed in lines 1a, 1b, or 1c? If 'Yes,' provide the information requested in lines 8b through 8f."<br><br>Question 8a requests only disclosure of potential financial conflicts of interest and similar issues of financial concern. Question 8a did not request, and cannot be reasonably interpreted to request, any agreement between the nonprofit and its donors pertaining to restrictions or conditions on their donations.<br><br>Ex. 24 at -36530. |
| Issues 1 and 2 | <u>Fact 8.</u> In July 2019, Microsoft invested $1 billion in OpenAI's for-profit subsidiary and entered into a Joint Development and Collaboration Agreement ("JDCA") with OpenAI and that subsidiary.<br><br>Ex. 27, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P. ("2019 Investment"), OPENAI_MUSK00011908; | Undisputed. |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Ex. 26, (2019 Joint Development and Collaboration Agreement), Microsoft 30(b)(6) Deposition Ex. 10. | |
| Issues 1 and 2 | <u>Fact 9.</u> OpenAI's nonprofit board approved the 2019 Investment and the JDCA.<br><br>Ex. 25, OpenAI 30(b)(6) Deposition Transcript (October 3, 2025) at 126:23-127:15. | Undisputed. |
| Issues 1 and 2 | <u>Fact 10.</u> In the 2019 Investment, OpenAI, as sole member of the General Partner of the for-profit subsidiary (the L.P.), agreed to and accepted the 2019 Investment on the General Partner's behalf.<br><br>Ex. 27, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P. ("2019 Investment"), OPENAI_MUSK00011908 at 11931. | Undisputed. |
| Issues 1 and 2 | <u>Fact 11.</u> In the 2019 Investment, OpenAI (the sole member of the General Partner and OpenAI's for-profit subsidiary) represented and warranted to Microsoft that each: "has all requisite power and authority to carry on its business and to execute, deliver and satisfy its obligations under this Subscription Agreement and the Partnership Agreement and such actions will not cause it to be in breach or violation of any contractual, legal or regulatory duty or obligation."<br><br>Ex. 27, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P. ("2019 Investment"), OPENAI_MUSK00011908 at 11926. | Disputed. The 2019 Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P. *states* that OpenAI "has all requisite power and authority to carry on its business and to execute, deliver and satisfy its obligations under this Subscription Agreement and the Partnership Agreement and such actions will not cause it to be in breach or violation of any contractual, legal or regulatory duty or obligation."<br><br>The boilerplate language does not "represent" or "warrant" anything beyond its plain text.<br><br>Microsoft Ex. 27 at -11925-27. |
| | <u>Fact 12.</u> In the 2019 JDCA, OpenAI and its for-profit subsidiary each | Disputed. The 2019 JDCA *states* that each of OpenAI and |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | "continuously" represented and warranted that: "it has full power and authority to enter into, and perform its obligations under, and grant the rights granted pursuant to, this Agreement;" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any rights of third parties, any agreement or obligation between it and any third party, or any applicable Law." Ex. 26, (2019 Joint Development and Collaboration Agreement), Microsoft 30(b)(6) Deposition Ex. 10 at 55186. | its for-profit entity "has full power and authority to enter into, and perform its obligations under, and grant the rights granted pursuant to, this Agreement" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any rights of third parties, any agreement or obligation between it and any third party, or any applicable Law." The boilerplate language does not "represent" or "warrant" anything beyond its plain text. Ex. 28 at -55186. |
| Issues 1 and 2 | Fact 13. In March 2021, Microsoft made a second investment of up to $2 billion in OpenAI's for-profit subsidiary and entered an Amended and Restated JDCA with OpenAI and its for-profit subsidiary ("Amended JDCA"). Ex. 30, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P.) ("2021 Investment"), MSFT_MUSK000055895; Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 201:3-7; Ex. 31, (Amended and Restated Joint Development and Collaboration Agreement) ("2023 JDCA"), Microsoft 30(b)(6) Ex. 15. | Undisputed. |
| Issues 1 and 2 | Fact 14. OpenAI's nonprofit board authorized Shivon Zilis, Tasha McCauley, and Sam Altman to approve the 2021 Investment and the Amended JDCA, and they did so approve. Ex. 25, OpenAI 30(b)(6) Deposition | Undisputed. |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Transcript (October 3, 2025) at 136:7-10;<br><br>Ex. 32, (March 6, 2021 email regarding "MSFT investment and commercial deal"), Shivon Zilis Deposition Ex. 35. | |
| Issues 1 and 2 | <u>Fact 15.</u> OpenAI, as sole member of the General Partner of the for-profit subsidiary (the L.P.), agreed to and accepted the 2021 Investment on the General Partner's behalf.<br><br>Ex. 30, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P.) ("2021 Investment"), MSFT_MUSK000055895 at 55920. | Undisputed. |
| Issues 1 and 2 | <u>Fact 16.</u> In the 2021 Investment, OpenAI and its for-profit subsidiary represented and warranted that each: "has all requisite power and authority to carry on its business and to execute, deliver and satisfy its obligations under this Subscription Agreement and the Partnership Agreement and such actions will not cause it to be in breach or violation of any contractual, legal or regulatory duty or obligation."<br><br>Ex. 30, (Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P.) ("2021 Investment"), MSFT_MUSK000055895 at 55914-15. | Disputed. The Subscription Booklet for Convertible Limited Partnership Interests in Open AI, L.P. *states* that each of OpenAI and its for-profit subsidiary "has all requisite power and authority to carry on its business and to execute, deliver and satisfy its obligations under this Subscription Agreement and the Partnership Agreement and such actions will not cause it to be in breach or violation of any contractual, legal or regulatory duty or obligation."<br><br>The boilerplate language does not "represent" or "warrant" anything beyond its plain text.<br><br>Microsoft Ex. 30 at -55914-15. |
| Issues 1 and 2 | <u>Fact 17.</u> In the 2021 Amended JDCA, OpenAI and its for-profit subsidiary each "continuously" represented and warranted that: "it has full power and authority to enter into, and perform its obligations under, and grant the | Disputed. The 2021 Amended JDCA *states* that each of OpenAI and its for-profit subsidiary "has full power and authority to enter into, and perform its obligations under, |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | rights granted pursuant to, this Agreement" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any rights of third parties, any agreement or obligation between it (or its Affiliates) and any third party, or, to its knowledge, any applicable Law."<br><br>Ex. 31, (Amended and Restated Joint Development and Collaboration Agreement) ("2021 JDCA"), Microsoft 30(b)(6) Deposition Ex. 15 at 64530. | and grant the rights granted pursuant to, this Agreement" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any rights of third parties, any agreement or obligation between it (or its Affiliates) and any third party, or, to its knowledge, any applicable Law."<br><br>The boilerplate language does not "represent" or "warrant" anything beyond its plain text.<br><br>Microsoft Ex. 31 at -64530. |
| Issues 1 and 2 | Fact 18. In January 2023, Microsoft invested an additional $10 billion in OpenAI's for-profit subsidiary and entered a Second Amended and Restated JDCA with OpenAI and its renamed for-profit subsidiary ("Second Amended JDCA").<br><br>Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 141:23-142:6;<br><br>Ex. 35, (Second Amended and Restated Joint Development and Collaboration Agreement) ("2023 JDCA"), Microsoft 30(b)(6) Deposition Ex. 11. | Disputed. In January 2023, Microsoft invested an additional $10 billion in OpenAI's newly created for-profit subsidiary and entered a Second Amended and Restated JDCA with OpenAI through its newly created for-profit subsidiary.<br><br>Ex. 42 at -55007. |
| Issues 1 and 2 | Fact 19. OpenAI's nonprofit board unanimously voted to approve the 2023 Investment and the Second Amended JDCA.<br><br>Ex. 36, (Unanimous Written Consent of the Board of Directors of OpenAI, Inc.), OPENAI_MUSK00026481 at 26483, 26485, 26492, 26496. | Undisputed. |
| Issues 1 and 2 | Fact 20. In the Second Amended JDCA, OpenAI and its for-profit subsidiary "continuously" represented and warranted that: "it has full power and authority to enter | Disputed. The 2023 JDCA *states* that each of OpenAI and its for-profit subsidiary "has full power and authority to enter into, perform its |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | into, perform its obligations under, and grant the rights granted pursuant to, this Agreement" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any rights of third parties, any agreement or obligation between it (or its Affiliates) and any third party, or, to its knowledge, any Law."<br><br>Ex. 35, (Second Amended and Restated Joint Development and Collaboration Agreement) ("2023 JDCA"), Microsoft 30(b)(6) Deposition Ex. 11 at 55127. | obligations under, and grant the rights granted pursuant to, this Agreement" and "its (or its Affiliate's) performance of activities pursuant to this Agreement will not violate any rights of third parties, any agreement or obligation between it (or its Affiliates) and any third party, or, to its knowledge, any Law."<br><br>The boilerplate language does not "represent" or "warrant" anything beyond its plain text.<br><br>Microsoft Ex. 35 at -55127. |
| **Microsoft's Lack of Knowledge of Any Duties or Obligations to Musk or the Breach Thereof** | | |
| Issues 1 and 2 | <u>Fact 21.</u> Elon Musk did not identify any person who communicated with Microsoft about any purported agreement between him and OpenAI, Sam Altman, or Greg Brockman; any purported duties or obligations owed to him, or breaches thereof; or any purported restrictions specifically relating to Musk's donations to OpenAI.<br><br>Ex. 6, Elon Musk Supplemental Interrogatory Response No. 4;<br><br>Ex. 3, Elon Musk Deposition Transcript (September 26, 2025) at 164:5-12. | Disputed.  Musk did not **recall** telling anyone that OpenAI had broken a promise to him at the time of the 2019 Microsoft investment in OpenAI.<br><br>Microsoft Ex. 3 at 164:5-12. |
| Issues 1 and 2 | <u>Fact 22.</u> None of the witnesses who had been involved with Musk (Shivon Zilis, Jared Birchall, and Sam Teller) ever communicated with Microsoft about any purported agreement between Elon Musk and OpenAI, Sam Altman, or Greg Brockman; any purported duties or obligations owed to Musk, or breaches thereof; or any purported restrictions specifically relating to Musk's donations to OpenAI. | Disputed.  Shivon Zilis did not recall if she had learned of restrictions placed on Musk's contributions to OpenAI or of a contractual agreement between Musk and OpenAI.<br><br>Jared Birchall never communicated with anyone at Microsoft and did not know the identity of anyone at Microsoft who would be aware of OpenAI's obligations to its |

Case 4:24-cv-04722-YGR     Document 379-91     Filed 01/06/26     Page 10 of 20

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Ex. 37, Shivon Zilis Deposition Transcript (September 12, 2025), at 312:13-313:24); Ex. 45, Jared Birchall Deposition Transcript (September 10, 2025) at 162:15-165:3); Ex. 44, Sam Teller Deposition Transcript (September 22, 2025) at 276:23-279:16. | donors, including Musk. Sam Teller never communicated with anyone at Microsoft. Microsoft Ex. 37 at 312:13-313:24; Microsoft Ex. 45 at 162:21-163:4, 163:18-25, 164:15-165:3; Microsoft Ex. 44 at 276:23-277:16, 278:18-279:4. |
| Issues 1 and 2 | Fact 23. None of the witnesses who had been involved with OpenAI (Sam Altman, Greg Brockman, Ilya Sutskever, and Tasha McCauley) ever communicated with Microsoft about any purported agreement between Musk and OpenAI, Altman, or Brockman; any purported duties or obligations owed to Musk, or breaches thereof; or any purported restrictions specifically relating to Musk's donations to OpenAI. Ex. 12, Samuel Altman Deposition Transcript (September 16, 2025) at 369:2-370:25; Ex. 13, Greg Brockman Deposition Transcript (September 23, 2025) at 304:15-310:21; Ex. 11, Ilya Sutskever Deposition Transcript (October 1, 2025) at 327:3-328:13; Ex. 41, Tasha McCauley Deposition Transcript (September 30, 2025) at 279:2-282:19. | Disputed. Tasha McCauley and Ilya Sutskever never communicated with Microsoft on these topics at all. They rarely communicated with Microsoft until the events of November 17-22, 2023, when each communicated with Microsoft CEO Satya Nadella and other Microsoft executives regarding the OpenAI nonprofit board's decision to fire Altman as CEO and remove Brockman as board chairman of OpenAI. Ex. 3 at 157:9-158:16; Ex. 47 at 101:17-103:1; 104:7-107:8; 278:16-279:1, 279:13-21. |
| Issues 1 and 2 | Fact 24. Satya Nadella, Microsoft's CEO, was never told about any OpenAI or Sam Altman agreement with Elon Musk, any restrictions associated with financial contributions made by Musk to the | Disputed. Microsoft CEO Satya Nadella was told by Microsoft CTO Kevin Scott, among other Microsoft executives, that OpenAI's original mission involved |

9

PLAINTIFF'S RESPONSIVE SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS
CASE NO.: 4:24-CV-04722-YGR

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | nonprofit, or any commitments among OpenAI's founders regarding the concept of "open" or whether to open source OpenAI's technology.<br><br>Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 273:9-277:5. | being "open" and openly publishing its research. Nadella was additionally told by Scott that OpenAI's donors would be unlikely to support OpenAI's creation of a for-profit entity off the back of the nonprofit.  Nadella was also aware of, and raised internally at Microsoft, Musk's public criticisms of OpenAI as "closed."<br><br>Ex. 1;<br><br>Ex. 32 at 30-31. |
| Issues 1 and 2 | <u>Fact 25.</u> Satya Nadella expects that, had they known, his team would have told him about any OpenAI or Sam Altman agreement with Elon Musk, restrictions associated with financial contributions made by Musk to the nonprofit, or any commitments among OpenAI's founders regarding the concept of "open" or whether to open source OpenAI's technology.<br><br>Ex. 2, Satya Nadella Deposition Transcript (September 24, 2025) at 277:6-24. | Disputed.  Satya Nadella was told by Microsoft CTO Kevin Scott, among other Microsoft executives, that OpenAI's original mission involved being "open" and openly publishing its research, and that OpenAI's donors would be unlikely to support OpenAI's creation of a for-profit entity off the back of the nonprofit.<br><br>Ex. 1. |
| Issues 1 and 2 | <u>Fact 26.</u> Michael Wetter, Microsoft's 30(b)(6) witness and the only Microsoft witness to be deposed other than Satya Nadella, stated that the due diligence obtained by Microsoft from OpenAI did not reveal or suggest that there was a contract between Elon Musk and OpenAI, Sam Altman, and/or Greg Brockman relating to Musk's contributions to OpenAI, or that OpenAI, Altman, and/or Brockman agreed to any conditions with, or that Musk imposed conditions on, his donations to OpenAI.<br><br>Ex. 28, Declaration of Michael Wetter in Support of Defendant Microsoft's Motion for Summary | Disputed.  Michael Wetter, Microsoft's 30(b)(6) witness, did not have personal knowledge of the due diligence obtained or conducted by Microsoft from OpenAI at the time of the negotiation and execution of the 2019 Investment Agreement and JDCA.  Wetter's post-hoc declaration on behalf of Microsoft did not permit Plaintiffs to examine the witness on the subject of his declaration.<br><br>Ex. 7 at 8:8-22, 18:2-5, 20:10-21:1. |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Judgment (executed on October 16, 2025) at ¶ 8. | |
| Issues 1 and 2 | **Fact 27.** The due diligence obtained by Microsoft from OpenAI in 2019 included OpenAI's IRS tax exemption application dated September 1, 2016, where OpenAI, in response to IRS questions about agreements with officers, directors, trustees, and others, reported nothing about and no agreement with Musk.<br><br>Ex. 29; ("OpenAI IRS Tax Exemption Application") (September 1, 2016), Microsoft 30(b)(6) Ex. 9 at 36530, 36562;<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 124:5-126:25. | Disputed.  OpenAI's IRS tax exemption did not request disclosure of donor-associated agreements, or contribution restrictions or conditions. Question 8a in OpenAI's IRS tax exemption application requested disclosure as follows:<br><br>"Do you or will you have any leases, contracts, loans, or other agreements with your officers, directors, trustees, highest compensated employees, or highest compensated independent contractors listed in lines 1a, 1b, or 1c?  If 'Yes,' provide the information requested in lines 8b through 8f."<br><br>Question 8a expressly requests only disclosure of potential financial conflicts of interest and similar issues of financial concern.  Question 8a did not request, and cannot be reasonably interpreted to request, any agreement between the nonprofit and donors pertaining to donor-associated agreements, or contribution restrictions or conditions.<br><br>Ex. 24 at -36530. |
| **Other Aspects of Microsoft's Relationship with OpenAI** | | |
| Issues 1 and 2 | **Fact 28.**  Former Co-Plaintiff Shivon Zilis voted to approve each Microsoft investment and corresponding JDCA entered during the period when she served on OpenAI's nonprofit board.<br><br>Ex. 25, OpenAI 30(b)(6) Deposition Transcript (October 3, 2025) at | Undisputed. |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | 126:23-127:15;<br><br>Ex. 38, OpenAI, Inc.'s Responses and Objections to Musk's First Interrogatories at 12;<br><br>Ex. 32, (March 6, 2021 email regarding "MSFT investment and commercial deal"), Shivon Zilis Deposition Ex. 35;<br><br>Ex. 36, (Unanimous Written Consent of the Board of Directors of OpenAI, Inc.), OPENAI_MUSK00026481 at 26483, 26485, 26492, 26496. | |
| Issues 1 and 2 | Fact 29. Each of the four OpenAI nonprofit board members who voted to fire Sam Altman (Adam D'Angelo, Tasha McCauley, Ilya Sutskever, and Helen Toner) in November 2023 voted to approve one or more iterations of Microsoft's investment and corresponding JDCA entered during the period when they served on OpenAI's nonprofit board.<br><br>Ex. 25, OpenAI 30(b)(6) Deposition Transcript (October 3, 2025) at 126:23-127:15;<br><br>Ex. 38, OpenAI, Inc.'s Responses and Objections to Musk's First Interrogatories at 12;<br><br>Ex. 32, (March 6, 2021 email regarding "MSFT investment and commercial deal"), Shivon Zilis Deposition Ex. 35;<br><br>Ex. 36, (Unanimous Written Consent of the Board of Directors of OpenAI, Inc.), OPENAI_MUSK00026481 at 26483, 26485, 26492, 26496. | Undisputed. |
| Issues 1 and 2 | Fact 30. Although from 2019-2023 Microsoft had a right to appoint a director to OpenAI's nonprofit board, Microsoft never exercised that right.<br><br>Ex. 2, Satya Nadella Deposition | Disputed.  Microsoft had a right to formally appoint a second director to OpenAI's nonprofit board between 2019-2023, in addition to Microsoft's *de facto* |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Transcript (September 24, 2025) at 175:16-20;<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 150:14-20, 197:20-198:9). | representation by Reid Hoffman, who served simultaneously on Microsoft's and OpenAI's boards between 2019-2023.  Hoffman helped close the 2019 Microsoft agreements.<br><br>The April 2019 Term Sheet between Microsoft and OpenAI contemplated that Hoffman would serve as Microsoft's representative in lieu of an additional seat, and the 2021 Side Letter provided that Microsoft would have a right to 30 days' notice of the termination of their right to appoint a director to OpenAI's nonprofit board if, and only if, Hoffman continued serving on the OpenAI board.  OpenAI CEO Sam Altman and President Greg Brockman understood that Hoffman filled Microsoft's board seat.<br><br>Ex. 72;<br><br>Ex. 73 at -2099;<br><br>Ex. 74;<br><br>Ex. 75 at -16621-22, -16624. |
| Issues 1 and 2 | Fact 31. Microsoft subsequently relinquished the right to appoint an OpenAI nonprofit board member.<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 150:14-20. | Disputed.  In 2023, Microsoft chose not to seek a continued right to formally appoint a second director to OpenAI's nonprofit board, in addition to Reid Hoffman, because of Microsoft's antitrust concerns.<br><br>Ex. 41. |
| Issues 1 and 2 | Fact 32. From December 9, 2023 to July 9, 2024, Microsoft employee Deannah Templeton was a non-voting observer of OpenAI's nonprofit board. | Undisputed. |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Ex. 17, Declaration of Deannah Templeton in Support of Defendants Microsoft Corporation, Reid Hoffman and Deannah Templeton's Opposition to Plaintiffs' Motion for a Preliminary Injunction (executed on December 13, 2024) at ¶¶ 10-16. | |
| Issues 1 and 2 | <u>Fact 33.</u> Microsoft never had any voting rights in OpenAI.<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 183:4-5. | Disputed.  Microsoft did not have voting rights on decisions made by the nonprofit board of OpenAI, but Microsoft had a right to withhold approval of, and effectively veto, certain decisions of the OpenAI nonprofit board identified as "Major Decisions" in the 2019 and 2021 Limited Partnership Agreements and the 2023 Limited Liability Company Agreement.<br><br>Ex. 76 at -53;<br><br>Ex. 25 at -59963-64;<br><br>Ex. 34 at -64587-90;<br><br>Ex. 42 at -55014-16. |
| Issues 1 and 2 | <u>Fact 34.</u> Microsoft never had any voting rights in OpenAI's for-profit subsidiary (regardless of its name). By January 2023, OpenAI Global, LLC had replaced OpenAI, L.P. and Microsoft obtained a membership interest in the LLC in connection with its 2023 Investment, but Microsoft did not obtain voting rights.<br><br>Ex. 24, Microsoft 30(b)(6) Deposition Transcript (September 8, 2025) at 160:8-163:22; 183:4-10. | Disputed.  Microsoft had a right to withhold approval of, and effectively veto, certain decisions of OpenAI's for-profit subsidiary identified as "Major Decisions" in the 2019 and 2021 Limited Partnership Agreements and the 2023 Limited Liability Company Agreement.<br><br>Ex. 76 at -53;<br><br>Ex. 25 at -59963-64;<br><br>Ex. 34 at -64587-89;<br><br>Ex. 42 at -55014-16. |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| **The Timing and Filing of This Case** | | |
| Issues 1 and 2 | **Fact 35.** On August 5, 2024, Elon Musk filed this case. Microsoft was first named as a defendant in the First Amended Complaint, filed November 14, 2024.<br><br>Dkt. No. 32. | Undisputed. |
| Issues 1 and 2 | **Fact 36.** Elon Musk knew about the creation of OpenAI's for-profit subsidiary no later than August 31, 2018, six years prior to filing this case.<br><br>Ex. 19, Elon Musk Deposition Transcript Ex. 8. | Disputed. Altman sent Musk a proposed term sheet for OpenAI L.P., a for profit entity, but Musk did not read it. The term sheet also misrepresented the true nature of the entity. It implies that revenue generated by OpenAI L.P. will serve the non-profit mission, including by stating: (i) "OpenAI LP exists to advance [the non-profit] mission using the principles expounded in OpenAI's Charter"; (ii) "Our duty to these principles and the advancement of our mission takes precedence over any obligation to generate a profit"; (iii) "[w]e will employ the Partnership's assets to help us achieve these goals"; (iv) "[w]e may never make a profit, and we are under no obligation to do so"; and (v) "[the General Partner is] free to re-invest any or all of [the Partnership's] cash flow into research and development activities and/or related expenses without any obligation to the Limited Partners." Musk was unaware of the transformation of OpenAI's for-profit subsidiary into a profit-maximizing, closed-source organization until 2023.<br><br>Ex. 4 at 151:18-23, 183:22-184:12, 361:18-25. |

| Issue No(s). | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| Issues 1 and 2 | **Fact 37.** Elon Musk knew about Microsoft's 2019 Investment no later than July 2019, five years prior to filing this case.<br><br>Ex. 3, Elon Musk Deposition Transcript (September 26, 2025) at 162:6-9;<br><br>Ex. 6, Elon Musk Supplemental Interrogatory Response No. 1. | Disputed. Musk did not know significant details of the 2019 Investment Agreement, including the size of the profit caps and the fact that it would take an unreasonable amount of time for the financial benefits of the for-profit subsidiary to accrue to the non-profit, until significantly after July 2019.<br><br>Ex. 4 at 166:7-168:14. |
| Issues 1 and 2 | **Fact 38.** Elon Musk knew about Microsoft's exclusive commercial license for OpenAI's GPT-3 no later than September 2020, more than four years prior to filing this case.<br><br>Ex. 3, Elon Musk Deposition Transcript (September 26, 2025) at 169:12-22, 357:4-358:2);<br><br>Ex. 43, (Tweet of Elon Musk dated September 24, 2020), Elon Musk Deposition Exhibit 24. | Undisputed that Musk learned of public reporting relating to Microsoft licensing GPT-3 in September 2020, but disputed that public reporting revealed the true nature of Microsoft and OpenAI's relationship or suggested that OpenAI had abandoned its non-profit mission to become a profit-maximizing, closed-source organization.<br><br>Ex. 4 at 151:18-23, 183:22-184:12, 361:18-25. |
| **PLAINTIFF'S ADDITIONAL MATERIAL FACTS** | | |
| Issues 1 and 2 | **Additional Fact 39.** In its introductory blog post, OpenAI announced its mission to safely advance artificial intelligence in a way "most likely to benefit humanity as a whole, unconstrained by a need to generate financial return." | Ex. 2. |
| Issues 1 and 2 | **Additional Fact 40.** Microsoft CEO Satya Nadella emailed OpenAI's introductory blog post to Microsoft executives, including the heads of Microsoft's research division and Microsoft Azure, on December 12, 2015, the day after it was posted. | Ex. 8. |
| Issues 1 and 2 | **Additional Fact 41.** Microsoft CEO Satya Nadella and others at Microsoft knew Musk was a co-founder and major initial funder of OpenAI, and in 2016, Microsoft viewed OpenAI | Ex. 9 at 40:25-41:8, 56:12-57:16, 92:16-25. |

| | | | |
|---|---|---|---|
| 1 | | as a "high-profile AI research lab" in part due to Musk's involvement. | |
| 2 | Issues 1 and 2 | Additional Fact 42. No later than March 7, 2018, Microsoft knew OpenAI sought to launch a commercial venture and sought investment from partners like Microsoft in that venture, and Microsoft CEO Satya Nadella and Sam Altman discussed that proposal on a phone call the next day, March 8, 2018. | Ex. 1. |
| 7 | Issues 1 and 2 | Additional Fact 43. Microsoft CTO Kevin Scott observed to CEO Satya Nadella, and others at Microsoft, on March 7, 2018, that OpenAI's "big donors" were likely "[i]deologically" opposed to OpenAI building a "closed, for profit thing" off the back of the nonprofit. | Ex. 1. |
| 11 | Issues 1 and 2 | Additional Fact 44. In and around 2015-2019, Microsoft competed with, and lagged behind, Amazon on cloud computing and Google on frontier artificial intelligence research and development, and sought partnerships with small companies like OpenAI to improve its competitive position. | Ex. 9 at 17:23-18:5, 24:6-16, 37:3-23;<br><br>Ex. 77 at -56878-79. |
| 15 | Issues 1 & 2 | Additional Fact 45. Other than Microsoft's 2019, 2021, or 2023 investments in OpenAI's novel for-profit subsidiary, Microsoft had never undertaken any similar kind of investment. | Ex. 9 at 93:14-19, 96:8-97:2, 128:5-15;<br><br>Ex. 7 at 235:20-236:6. |
| 18 | Issues 1 and 2 | Additional Fact 46. In its due diligence for the 2019 Investment Agreement, Microsoft reviewed and understood from OpenAI's IRS tax exemption application and 2015 Delaware Certification of Incorporation (1) OpenAI "does not plan to play any role in developing commercial products or equipment," but intends to "make its research freely available to the public on a nondiscriminatory basis"; (2) OpenAI's purpose of "provid[ing] funding for research, development and distribution of technology related to artificial intelligence" so the "[t]he resulting technology will benefit the public"; and (3) that "[t]he corporation is not organized for the private gain of any person," | Ex. 24 at -36539, -36556. |

17

| | | |
|---|---|---|
| | OpenAI's property was "irrevocably dedicated to the[se] purposes," and "no part of the net income or assets of th[e] corporation shall ever inure . . . to the benefit of any private person." | |
| Issues 1 and 2 | <u>Additional Fact 47.</u> Microsoft was aware of, and internally discussed, efforts to mitigate "private benefit risk," or the risk that the commercialization of OpenAI's intellectual property for the benefit of Microsoft would violate OpenAI's non-profit obligation to ensure its property would to never inure to the benefit of any private person. | Ex. 24 at -36539; Ex. 37 at -54863, -54865; Ex. 7 at 210:6-20; 213:23-214:4; Ex. 17 at 167:22-170:3. |
| Issues 1 and 2 | <u>Additional Fact 48.</u> Microsoft was aware of Musk's public criticisms of OpenAI and Microsoft on Twitter/X, and Microsoft CEO Satya Nadella raised those criticisms internally to other executives at Microsoft. | Ex. 32 at 30-31; Ex. 44. |
| Issues 1 and 2 | <u>Additional Fact 49.</u> After GPT-2's staged 2019 release, and except for two GPT-4 model variations in 2025, OpenAI has neither released any large language model under an open-source license nor published the model's source code and weights. | Ex. 7 at 189:7-22. |
| Issues 1 and 2 | <u>Additional Fact 50.</u> Microsoft CEO Satya Nadella and CTO Kevin Scott communicated to Sam Altman that OpenAI must generate $100 million in revenue in 2022 to induce an additional $10 billion investment from Microsoft into OpenAI. | Ex. 21 at 111:12-112:19. |
| Issues 1 and 2 | <u>Additional Fact 51.</u> During the events of November 17-22, 2023, Microsoft planned to hire Sam Altman, Greg Brockman, and any departing OpenAI employee at matched compensation, at a new Microsoft subsidiary by (1) completing the documents necessary for creation of the subsidiary, (2) calculating the amount required to match compensation, and (3) Microsoft CEO Satya Nadella publicly announcing Microsoft's offer to hire OpenAI's employees. | Ex. 54; Ex. 56; Ex. 9 at 237:20-239:7. |

18

1      I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

2    DATED: November 7, 2025                    Respectfully Submitted,

3                                               MOLOLAMKEN LLP

4
                                               By:   /s/ Steven F. Molo
5                                                    Steven F. Molo (*pro hac vice*)

6                                                    Marc Toberoff (CA SBN 188547)
                                                     MToberoff@toberoffandassociates.com
7                                                    TOBEROFF & ASSOCIATES, P.C.
                                                     23823 Malibu Road, Suite 50-363
8                                                    Malibu, CA 90265
                                                     Telephone: (310) 246-3333
9
                                                     Robert K. Kry (*pro hac vice*)
10                                                   Jennifer M. Schubert (*pro hac vice*)
                                                     Walter H. Hawes IV (*pro hac vice*)
11                                                   Alexandra C. Eynon (*pro hac vice*)
                                                     Sara Tofighbakhsh (*pro hac vice*)
12                                                   MOLO LAMKEN LLP
                                                     430 Park Avenue
13                                                   New York, NY  10022
                                                     Telephone: (212) 607-8160
14
                                                     *Attorneys for Plaintiffs Elon Musk*
15                                                   *and X.AI Corp.*

16

17

18

19

20

21

22

23

24

25

26

27

28