UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>SAMUEL ALTMAN, et al.,<br><br>        Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE OPINIONS 3 THROUGH 6 OF DR. C. PAUL WAZZAN** |

**[PROPOSED] ORDER**

Before the Court is Defendants' Motion to Exclude Opinions 3 Through 6 of Dr. C. Paul Wazzan, the damages expert proffered by Plaintiff Elon Musk. Having considered all papers filed and arguments by the parties in connection with the Motion, the Motion is hereby GRANTED.

Federal Rule of Evidence 702 requires district courts to serve a "gatekeeping role" to ensure that expert opinion testimony offered to a jury is reliable. *Engilis* v. *Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025). Even if an expert is deemed to be qualified, that expert may not testify unless their proffered opinion satisfies the reliability requirements in sections (b) through (d):

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702(b)-(d). The proponent of the expert's testimony (here, Musk) bears the burden of establishing by a preponderance of the evidence that each of these reliability requirements is satisfied. *Engilis*, 151 F.4th at 1050.

Musk has not met this burden as to Opinions 3 through 6 of his damages expert, Wazzan. Using a three-step analysis, Wazzan purports to calculate the extent to which the OpenAI nonprofit and Microsoft have been unjustly enriched by the conduct that Musk alleges was wrongful. Defendants challenge the opinions that comprise the third step of Wazzan's analysis—namely, Opinions 3 through 6.

The Court agrees with Defendants that Opinions 3 through 6 do not satisfy the reliability requirements of Rule 702(b), (c), and (d) and are accordingly inadmissible:

First, Wazzan's methodology is unreliable under Rule 702(c) because he (1) did not explain why he selected the four factors he used to estimate Musk's relative contribution to the nonprofit's value, (2) did not explain how he assessed those factors, (3) failed to distinguish alleged "wrongful gains" of Defendants on a claim-by-claim or contribution-by-contribution basis, and (4) failed to address causation.

1  Second, Wazzan did not reliably apply his own methodology, as required by Rule 702(d).
2  Among other things, despite claiming that an assessment of relative contributions was necessary to
3  his analysis, Wazzan did not consider the value of contributions made by anyone other than Musk.
4  Wazzan did not even identify all of the other people and parties who have contributed to the
5  nonprofit's value.

6  Third, Wazzan's opinions are not based on sufficient facts or data, as Rule 702(b) requires,
7  because he relies on (1) restructruing discussions among OpenAI's cofounders in 2017 that
8  concluded unsuccesffully, without resulting in any agreement, and that contemplated that Musk
9  would make a significant capital contribution to OpenAI and substantially increase his time
10 commitment, neither of which occurred, and (2) Musk's ownership position in an unrelated
11 company, xAI, without justifying his reliance on that purportedly comparable stake.

12 Fourth, Wazzan's opinions related specifically to Microsoft's purported wrongful gains are
13 unreliable and inadmissible because (1) they are based on an unsupported assumption that some
14 portion of Microsoft's stake in the OpenAI for-profit entity should flow back to the OpenAI
15 nonprofit, and (2) Wazzan's methodology results in double-counting.

16 For the foregoing reasons, it is ORDERED THAT is Defendants' Motion to Exclude
17 Opinions 3 Through 6 of Dr. C. Paul Wazzan GRANTED.

IT IS SO ORDERED this __ day of ____, 2026

                                                 Honorable Yvonne Gonzalez Rogers
                                                 United States District Court Judge