RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-4555

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

ANDREW J. LEVANDER (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendant Microsoft
Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **DEFENDANT MICROSOFT CORPORATION'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | Date Action Filed: August 5, 2024 |
| | Trial Date: April 27, 2026 |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

4

5

6

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Microsoft Corporation ("Defendant" or "Microsoft") respectfully moves for an order permitting it to maintain the following document partially under seal.[1]  The document and portions thereof that Microsoft seeks to seal are identified in the table below:

7

8

9

10

| Document(s) Sought to be Sealed | Portion(s) Requested to be Sealed |
|---|---|
| Deposition Transcript of Dr. C. Paul Wazzan, as filed in redacted form at Dkt. 393-005 (Exhibit 4 to the Declaration of William Frentzen in Support of the OpenAI and Microsoft Defendants' Motion to Exclude Opinions 3 through 6 of Dr. C. Paul Wazzan). | Limited portions of testimony on pp. 249-251, 263-264, 266, and 286, marked in red boxes in the attachment to the Declaration of Nisha Patel. |

11

12

13

14

15

16

In support of this request, Microsoft submits this Motion, the Declaration of Nisha Patel in support of Microsoft's Motion, the Joint Stipulation Regarding Microsoft's Motion, the Deposition Transcript of Dr. C. Paul Wazzan, and a Proposed Order, which together establish a compelling reason to protect the confidentiality of the information that Microsoft wishes to seal.

## II.    LEGAL STANDARD

17

18

19

20

21

22

23

24

25

A party may seal exhibits to dispositive motions based on "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up and citations omitted). This standard applies to motions that are "more than tangentially related to the underlying cause of action," which can include *Daubert* filings. *Belyea v. GreenSky, Inc.*, No. 20-CV-01693-JSC, 2025 WL 2336589, at *1 (N.D. Cal. July 21, 2025) (citation omitted). When disclosure of confidential terms would harm a party's future negotiating position, "compelling reasons" protect both the terms and

26

27

28

---

[1] The OpenAI Defendants filed the Deposition Transcript of Dr. C. Paul Wazzan with Microsoft's proposed redactions applied at Dkt. 393-005 (Exhibit 4 to the Declaration of William Frentzen). Microsoft requests that the version filed at Dkt. 393-005 remain public and the version attached to this Motion remain under seal.

DEFENDANT MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5

"discussions thereof in deposition testimony." *DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *3 (N.D. Cal. June 26, 2023).

### III.    ARGUMENT

Here, the "compelling reasons" standard is met as to the materials sought to be sealed by Microsoft, as the deposition transcript discloses sensitive commercial contractual terms that could impose harm by providing competitors with "insight into the parties' business model and strategy." *Exeltis USA Inc. v. First Databank, Inc*., No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (citation omitted). In fact, there is a compelling reason to seal agreements that "detail Defendant's commercial practices, including product rates, rate structures, customers' purchase requirements, and the conditions for advance payments." *Nicolosi Distributing, Inc. v. Finishmaster, Inc.*, No. 18–cv–03587–BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018). Even years-old financial data remain sensitive when they reveal a company's ongoing pricing strategies. *In re MyFord Touch Consumer Litig*., No. 13-CV-03072-EMC, 2018 WL 1027391, at *2 (N.D. Cal. Feb. 2, 2018). As this Court has recognized, these types of competitive concerns are a particularly "legitimate basis for sealing information which otherwise has no bearing on the litigation before the court." *Murphy v. Kavo Am. Corp.*, No. 11-CV-0410-YGR, 2012 WL 1497489, at *2 (N.D. Cal. Apr. 27, 2012). *See also In re MyFord*, 2018 WL 1027391 at *2 ("minimal" public interest in information that "does not relate directly to the issues in dispute").

Microsoft seeks to seal only limited testimony regarding the terms of agreements that are competitively sensitive and which are not relevant to the Motion to Exclude. This confidential business information relates to Microsoft's Azure pricing and OpenAI's spending commitment to Microsoft. This is exactly the type of competitively sensitive information that courts in the Ninth Circuit consistently protect. *See supra*, pp. 3-4. As explained in the Declaration of Michael Wetter in Support of Defendant Microsoft's Undisputed Requests to Seal Summary Judgment Exhibits [Dkt. 368-106], making this information public could compromise Microsoft's competitive position in ongoing and future negotiations with Azure

1  customers and allow competitors to exploit the information for their own advantage. *See* Wetter

2  Declaration at 8-9.

3        Moreover, the Court has already determined that the same terms should remain under

4  seal during the summary judgment stage of the case.  *See* Dkt. 390, at fn. 2 (granting the Parties'

5  Omnibus Sealing Stipulation on Undisputed Sealing Requests, in which the Parties stipulated

6  to seal substantially the same information during summary judgment briefing, including for

7  example at Dkt. Nos. 330-18 and 330-66).

8  **IV.**   **CONCLUSION**

9        For the foregoing reasons, Microsoft respectfully moves this Court pursuant to Civil

10 L.R. 79-5 to keep the above-listed material under seal.

12 Dated:  January 18, 2026        DECHERT LLP

14         */s/ Russell P. Cohen*
           RUSSELL P. COHEN (SBN 213105)
15         Russ.cohen@dechert.com
           HOWARD M. ULLMAN (SBN 206760)
16         Howard.ullman@dechert.com
           45 Fremont Street, 26th Floor
17         San Francisco, CA 94105
           Telephone: (415) 262-4500
18         Facsimile: (415) 262-4555

19         NISHA PATEL (SBN 281628)
20         Nisha.patelgupta@dechert.com
           DECHERT LLP
21         633 West 5th Street, Suite 4900
           Los Angeles, CA 90071
22         Telephone: (213) 808-5700
23         Facsimile: (213) 808-5760

24         ANDREW J. LEVANDER (admitted *pro hac vice*)
           Andrew.levander@dechert.com
25         DECHERT LLP
26         Three Bryant Park
           1095 Avenue of the Americas
27         New York, NY 10036
           Telephone: (212) 698-3500
28         Facsimile: (212) 698-3599

DEFENDANT MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO
LOCAL RULES 7-11 AND 79-5

1

2      JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)
       Jay.jurata@dechert.com
3      DECHERT LLP1900 K Street, N.W.
       Washington, DC 20006
4      Telephone: (202) 261-3300
       Facsimile: (202) 261-3333
5

6      *Attorneys for Defendant Microsoft Corporation*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO
LOCAL RULES 7-11 AND 79-5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned, counsel of record for Defendant Microsoft Corporation, certifies that on January 18, 2026, a copy of the foregoing document(s) was electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel of record.

*/s/ Russell P. Cohen*
RUSSELL P. COHEN

DEFENDANT MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO
LOCAL RULES 7-11 AND 79-5