UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE OPINIONS 3 THROUGH 6 OF DR. C. PAUL WAZZAN** |
| v. | |
| SAMUEL ALTMAN et al., | |
| Defendants. | |

1    Before the Court is the OpenAI Defendants' and Microsoft Corporation's Motion to
2  Exclude Opinions 3 Through 6 of Dr. C. Paul Wazzan. Dkt. 393. Upon review and consideration
3  of Defendants' Motion, Plaintiff Elon Musk's Opposition, Defendants' Reply, the accompanying
4  declarations and exhibits, and the relevant legal authorities, it is hereby ordered that the Motion is
5  **DENIED**.
6    Federal Rule of Evidence 702 permits expert testimony so long as "the proponent
7  demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or
8  other specialized knowledge will help the trier of fact to understand the evidence or to determine a
9  fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product
10 of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the
11 principles and methods to the facts of the case." Fed. R. Evid. 702. That rule reflects "the 'liberal
12 thrust' of the Federal Rules and their 'general approach of relaxing the traditional barriers to
13 "opinion" testimony.'" *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993). "If the
14 proposed testimony meets the thresholds of relevance and reliability, its proponent is 'entitled to
15 have the jury decide upon [its] credibility, rather than the judge.'" *Elosu v. Middlefork Ranch Inc.*,
16 26 F.4th 1017, 1024 (9th Cir. 2022).
17   Defendants first seek to exclude Dr. Wazzan's opinions on the ground that his methodology
18 is not reliable under Rule 702(c). The Court disagrees. Dr. Wazzan's methodology is based on
19 established finance principles. The application of those established principles to the unique facts
20 of this case is not grounds for exclusion. *See Elosu*, 26 F.4th at 1026; *Primiano v. Cook*, 598 F.3d
21 558, 567 (9th Cir. 2010). Dr. Wazzan adequately explains why he considers the four factors he
22 does in estimating the portion of OpenAI nonprofit's value attributable to Mr. Musk's
23 contributions. Report ¶¶ 71-98 (Dkt. 393-2). He also adequately explains how he uses those four
24 factors to derive his 50%-75% estimate. *Id.* That Dr. Wazzan relies on a qualitative rather than
25 quantitative analysis for one of the four factors is not grounds for exclusion. *See, e.g.*, *i4i Ltd.
26 P'ship v. Microsoft Corp.*, 598 F.3d 831, 853-84 (Fed. Cir. 2010) (approving expert's "adjust[ment]
27 [of] the baseline royalty rate" to account for various qualitative factors).
28   Dr. Wazzan was not required to conduct a claim-by-claim or contribution-by-contribution

1

analysis. The jury may consider Dr. Wazzan's opinions when awarding disgorgement on Mr. Musk's fraud claim, and Defendants identify no other claim for which a contribution-by-contribution analysis would make any difference. Finally, Dr. Wazzan's opinions are consistent with the relaxed causation standards that apply to disgorgement claims. *See* Restatement (Third) of Restitution § 51(4)-(5) & cmt. f (2011) (wrongful gains include any "net profit attributable to the underlying wrong" that is "identifiable and measurable and not unduly remote").

The Court likewise rejects Defendants' Rule 702(d) argument that Dr. Wazzan does not reliably apply his methodology because he does not conduct a comparative analysis that contrasts Mr. Musk's contributions with other parties' contributions. The Court finds that Dr. Wazzan does in fact conduct a sufficient comparative analysis. Report ¶¶ 71-98.

The Court also rejects Defendants' Rule 702(b) argument that Dr. Wazzan's opinions are not supported by sufficient facts or data to the extent Dr. Wazzan relies on the 2017 pro forma cap table and Mr. Musk's stake in xAI. The Court concludes that Dr. Wazzan reasonably considered those two factors, among others, in estimating the share of OpenAI nonprofit's value that is attributable to Mr. Musk's contributions. The concerns that Defendants raise are more appropriately addressed through cross-examination at trial. *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014).

Finally, Defendants have not shown any basis for excluding Dr. Wazzan's opinions about Microsoft's wrongful gains. In particular, Defendants have not shown that Dr. Wazzan assigns to Mr. Musk any portion of Microsoft's ownership interest in OpenAI for-profit.

Accordingly, Defendants' motion to exclude Dr. Wazzan's Opinions 3 through 6 is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED: _____

Hon. Yvonne Gonzalez Rogers
United States District Judge