MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160
*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

ELON MUSK et al.,

Plaintiffs,

v.

SAMUEL ALTMAN et al.,

Defendants.

Case No. 4:24-cv-04722-YGR

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE RELATING TO X.AI CORP.'S BUSINESS AND COMPETITIVE PRACTICES**

Date: March 13, 2026
Time: 9:00 AM
Courtroom: 1 – 4th Floor
Judge: Hon. Yvonne Gonzalez Rogers

**INTRODUCTION**

In 2023, Musk founded generative artificial intelligence company X.AI Corporation ("xAI"), a competitor to Defendant OpenAI. In 2024, Musk and xAI filed this suit against OpenAI and Microsoft, alleging fraud, unjust enrichment, and breach of charitable trust claims, as well as antitrust violations. Dkt. 1. OpenAI counterclaimed, alleging unfair competition and business interference. Dkt. 229. On April 24, 2025, the Court issued an order relegating competition-related claims to Phase Two of this litigation. Dkt. 144 (Apr. 4, 2025 Hrg. Tr.) at 8:6-9. The Court held that OpenAI's counterclaims "properly belong in Phase II" because they "stem from actions taken far after the actions forming the basis of" Phase One, and "[i]ndeed . . . occurred after this litigation began." Dkt. 228 at 9.

Despite those orders, OpenAI attempted repeatedly during Phase One discovery to probe xAI's irrelevant business and competitive practices. Defendants now intend to present at trial more extraneous and inflammatory evidence about xAI that is sure to confuse the jury and prejudice Musk. Consistent with its prior rulings, this Court should bar Defendants from prosecuting a distracting "mini trial" on xAI's irrelevant business and competitive practices.

**BACKGROUND**

Phase One concerns the founding of OpenAI, Inc. and Defendants' systematic conversion of the nonprofit into a for-profit enterprise for their own enrichment. Phase Two concerns competition-related claims arising after Musk founded xAI in 2023. Dkt. 144 (Apr. 4, 2025 Hrg. Tr.) at 8:6-9. Yet during Phase One discovery, Defendants repeatedly sought written discovery about xAI. Dkts. 199, 201. Magistrate Judge Hixson repeatedly denied those requests. Dkt. 203 at 1 ("[W]hat X.AI does with respect to open-sourcing or not open-sourcing products does not seem to have anything to do with this case."); Dkt. 237 at 2 ("[T]he [letter of intent to acquire OpenAI] and related discovery . . . do not share a common nucleus of facts with the charitable trust [claim].").

Yet Defendants continued to probe improper Phase Two topics in fact and expert depositions. Over counsel's objections, OpenAI began Musk's deposition with irrelevant questions about xAI's corporate structure. Ex. 1 (Musk Tr.) at 10:6-14, 11:4-12:7, 15:6-23:25; *see also id*. at 55:10-56:19, 63:12-16, 301:4-303:16. OpenAI also improperly tried to elicit testimony from Musk

and his financial advisor about xAI's February 2025 bid to acquire OpenAI. *Id.* at 64:9-13, 309:7-314:22; Ex. 2 (Birchall Tr.) at 150:22-157:16. And Defendants attempted to elicit expert testimony about xAI's safety practices. *See* Ex. 3 (Russell Tr.) at 72:25-82:10.

Defendants apparently plan to repeat those tactics at trial. OpenAI's designations and exhibit list include improper questioning and exhibits about xAI's formation and funding, and its witness list declares its intent to elicit testimony about xAI's "corporate history." *See, e.g.*, Ex. 1 (Musk Tr.) at 10:6-12:7, 63:12-16, 301:4-9, 301:15-302:5, 302:10-303:7; Ex. 2 (Birchall Tr.) at 150:22-25, 151:11-153:15, 153:21-154:2, 154:8-25, 155:21-156:25; OpenAI Trial Ex. 943 (Ex. 4) (xAI articles of formation); OpenAI Trial Exs. 1003 & 1013 (Exs. 5 & 6) (xAI posts about funding rounds); OpenAI Trial Ex. 959 at 54:1-13 (Ex. 7) (excerpt of transcript of Musk interview); OpenAI Trial Ex. 1053 (Ex. 8) (articles of merger between xAI and SpaceX). OpenAI's designations and witness and exhibit lists also show they intend to elicit testimony about xAI's February 2025 bid to acquire OpenAI, and to introduce the related "Letter of Intent" and letter to the California and Delaware Attorneys General. *See* Ex. 1 (Musk Tr.) at 64:9-13; 316:24-317:12, 318:9-18, 319:4-320:3, 320:23-321:8; OpenAI Trial Ex. 1022 (Ex. 9) (Letter of Intent); OpenAI Trial Ex. 1018 (Ex. 10) (letter to Attorneys General). Piling on, Microsoft's exhibit list includes 2025 announcements of xAI's Grok chatbot becoming available on Microsoft's AI platform. *See* Microsoft Trial Exs. D041 & D050 (Exs. 11 & 12) (Microsoft posts); Microsoft Trial Ex. D039 at -96937 (Ex. 13) (letter to shareholders). None of that evidence is admissible.

## ARGUMENT

Evidence about xAI's corporate structure, funding, and business and competitive practices should be excluded. That evidence has no tendency to make the facts relevant to Phase One "more or less probable than [they] would be" without it. Fed. R. Evid. 401. Allowing Defendants to stage a sideshow about xAI at trial will only waste time, confuse the issues, mislead the jury, and unfairly prejudice Plaintiff. Fed. R. Evid. 403.

# I. EVIDENCE OF XAI'S BUSINESS ORGANIZATION AND COMPETITIVE PRACTICES SHOULD BE EXCLUDED

## A. Previous Orders Preclude Evidence About the 2025 Bid

OpenAI should not be permitted to admit evidence or examine witnesses at trial regarding xAI's February 2025 bid to acquire OpenAI. *See* Exs. 9 & 10. This Court's Phase One rulings squarely preclude that evidence. Dkt. 228 at 9; *see also* Dkt. 237 (Hixson, M.J.) (quashing OpenAI's third-party subpoenas about the bid). Any probative value is therefore substantially outweighed by the risk of confusion and prejudice to Musk. Fed. R. Evid. 403. The evidence is also not admissible for any other purpose, as it does not tend to prove any witness's "character for truthfulness or untruthfulness." Fed. R. Evid. 608. It should be precluded.

## B. Other Irrelevant Competition Evidence Should Be Excluded

For the same reasons, Defendants should not be allowed to admit evidence or examine witnesses about the Microsoft/xAI 2025 agreement. *See* Exs. 11, 12, 13. xAI's commercial dealings are only relevant to the competition claims in Phase Two, as is any inference of Musk's purported motive to compete with OpenAI.

## C. xAI's Organization and Business Practices Are Irrelevant

Defendants should not be permitted to admit evidence or examine witnesses regarding xAI's formation, corporate organization, or funding. *See, e.g.,* Exs. 4, 5, 6,7, 8. xAI's 2023 incorporation has nothing to do with the issue on trial – the evolution of ***OpenAI's*** corporate structure and governance. It is also irrelevant to any affirmative defense. xAI's formation is not probative of when Musk discovered his claims against OpenAI. And any bearing on Musk's motive for ***filing this suit*** is irrelevant to the unclean hands defense. *See Comet Techs. USA Inc. v. XP Power LLC*, No. 20-cv-06408-NC, 2022 WL 1131729, at *3 (N.D. Cal. Feb. 7, 2022); *Brewster v. City of Los Angeles*, 672 F. Supp. 3d 872, 1003 (C.D. Cal. 2023) ("[T]he unclean hands defense cannot be distorted into a proceeding to try the general morals of the parties.").

# II. TESTIMONY ABOUT GROK IS IRRELEVANT AND PREJUDICIAL

Defendants should not be permitted to elicit irrelevant and unduly prejudicial testimony about xAI's model, Grok. In his deposition, Sam Altman – unprompted – referred to xAI's model

as a "goonbot" and "anime sex bot[] for children." Ex. 14 (Altman Tr.) at 114:15-115:6, 170:7-172:7. Such gratuitous testimony is plainly irrelevant. This is not a trial about Grok. It is a trial about whether OpenAI breached its charitable obligations by converting its public assets for private gain. The risk that crude commentary would poison the jury's deliberations substantially outweighs any bare probative value it might have. Fed. R. Evid. 403.

For the same reason, Defendants should be barred from examining witnesses about ongoing public controversies regarding Grok or xAI.[1] Such evidence is inadmissible for any purpose – it does not bear on any witness's credibility, Fed. R. Evid. 608, and it is not probative of Musk's "motive" or "knowledge" at the time frame relevant to Phase One, Fed. R. Evid. 404(b)(2). Merely broaching that inherently salacious media coverage, moreover, would so clearly taint the jury that a corrective instruction would not "unring the bell." *Romero v. Garland*, No. 3:19-CV-02138-JAH-DTF, 2025 WL 3120718, at *4 (S.D. Cal. Nov. 6, 2025) (motions *in limine* "avoid the futile attempt to 'unring the bell' when highly prejudicial evidence is offered and then stricken at trial").

## III. BROADER EVIDENCE ABOUT XAI'S SAFETY PRACTICES IS IRRELEVANT

At trial, OpenAI should be prohibited from prosecuting xAI's safety record as it did in depositions. *See* Ex. 3 (Russell Tr.) at 72:25-82:10. That line of inquiry is irrelevant to Musk's commitment to AI safety when OpenAI was founded in 2015. *See* Dkt. 203 (Hixson, M.J.) (denying discovery into xAI's open-source practices). Nor is it relevant to whether ***OpenAI's*** safety lapses demonstrated its prioritization of commercial gains over its mission. Defendants should not be free to stage a side-show or mini trial on xAI to distract the jury from OpenAI – the defendant on trial.

## CONCLUSION

The Court should exclude evidence relating to xAI's business and competitive practices.

---

[1] *See, e.g.*, *Attorney General Bonta Sends Cease and Desist Letter to xAI, Demands It Halt Illegal Actions Immediately*, Cal. Dep't. of Justice (Jan. 16, 2026), https://oag.ca.gov/news/press-releases/attorney-general-bonta-sends-cease-and-desist-letter-xai-demands-it-halt-illegal; *Paris Prosecutor's Cybercrime Unit Searches X Office, Musk Summoned*, CNBC (Feb. 3, 2026), https://www.cnbc.com/2026/02/03/paris-prosecutors-cybercrime-unit-searches-x-office-musk-summoned.html.

Dated: February 24, 2026

MOLOLAMKEN LLP

By: */s/ Steven F. Molo*
Steven F. Molo (*pro hac vice*)

Marc Toberoff (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

Robert K. Kry (*pro hac vice*)
Jennifer M. Schubert (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*