MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA  90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE IRRELEVANT INFORMATION ABOUT PLAINTIFF ELON MUSK** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant to Civil Local Rules 7-11 and 79-5(c)-(d), Plaintiff Elon Musk submits this Administrative Motion requesting to file under seal the document and attached exhibits listed below:

| Document | Description | Status | Designating Party |
|---|---|---|---|
| Plaintiff's Motion *In Limine* No. 4 ("Musk MIL 4" or the "Motion") | Musk MIL 4 To Exclude Irrelevant Information About Elon Musk | Redacted and Filed Under Seal | Plaintiff Elon Musk |
| Exhibit 1 | Excerpt of Transcript of the Deposition of Elon Musk ("Musk Tr.") | Redacted and Filed Under Seal | Plaintiff Elon Musk |
| Exhibit 2 | OpenAI Trial Exhibit 1021 (2024MUSK-0006248) | Filed Under Seal | Plaintiff Elon Musk |
| Exhibit 3 | OpenAI Trial Exhibit 1011 (2024MUSK-0006235) | Filed Under Seal | Plaintiff Elon Musk |
| Exhibit 4 | Excerpt of Transcript of the Deposition of Shivon Zilis ("Zilis Tr.") | Redacted and Filed Under Seal | Plaintiff Elon Musk |

The Motion and attached exhibits should be sealed.  Sealing is justified where "compelling reasons sufficient to outweigh the public's interest in disclosure" exist, including when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, [or] circulate libelous statements[.]"  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted).  In determining whether compelling reasons exist to overcome "the public interest in understanding the judicial process," courts should consider "all relevant factors, including . . . whether disclosure of the material could result in improper use of the material[.]"  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (internal quotation marks and citation omitted).

The Motion seeks to exclude documents and testimony that Defendants have indicated they intend to introduce at trial.  As described in the Motion, those materials include inherently prejudicial and personal information about Plaintiff that has no relevance to the issues and risks poisoning the jury's impartial view of the evidence at trial.  The Motion therefore refers to and

1

attaches documents and testimony tending to "gratify private spite" and "promote public scandal" about Plaintiff and members of his family. *Kamakana*, 447 F.3d at 1179. And because these materials are irrelevant to the merits, as Plaintiff contends, they are unnecessary to aid the public's "interest in understanding the judicial process" in this case. *Foltz*, 331 F.3d at 1135. That lopsided balance favors sealing.

The risk that the materials in the Motion will become a "vehicle for improper purposes" is further heightened by significant pretrial publicity. *Kamakana*, 447 F.3d at 1179; c*f. Doe v. Rose*, No. CV-15-07503-MWF-JCX, 2016 WL 9107137, at *3-4 (C.D. Cal. Sept. 30, 2016) (granting gag order under the more demanding "substantial likelihood of material prejudice" standard where the "nearness of trial" and "extent of pretrial publicity" risked tainting the jury pool). This is a high-profile case. The national media attention ensures that disclosure of inherently inflammatory materials will create the same prejudice among the public that the Motion seeks to avoid at trial. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000) ("The public also has an interest in seeing this case decided on the merits."). Given the proximity of trial, sealing is necessary to avoid the risk that prospective jurors will prejudge the evidence based on provocative and irrelevant information that would otherwise be widely disseminated in the media.

Finally, Plaintiff's sealing request is narrowly tailored and avoids sealing entire documents where possible, consistent with Civil Local Rule 79-5(a). In Exhibits 1 and 4 to the Motion, Plaintiff seeks to redact limited portions this Court has already ordered sealed, plus a few additional passages not previously excerpted. Dkts. 375, 391-38, 391-39, 391-58; Declaration of Jennifer M. Schubert ("Schubert Decl.") ¶¶3, 7. Exhibits 2 and 3 – single-page documents designated as "Highly Confidential" in discovery – are private exchanges irrelevant to this Phase I trial. *See* Dkt. 144 (Apr. 4, 2025 Hrg. Tr.) at 8:6-9; Dkt. 228 at 9; Schubert Decl. ¶¶4-6. The OpenAI Defendants do not oppose Plaintiff's sealing request. Schubert Decl. ¶8.

For these reasons, Plaintiff respectfully requests that the Court seal the Motion and its accompanying exhibits in their entirety. The following attachments accompany this motion:

1.   The Declaration of Jennifer M. Schubert in Support of Plaintiff's Administrative Motion To Seal Plaintiff's Motion *in Limine* No. 4; and

2.   A Proposed Order listing all material sought to be sealed.

Dated:  February 24, 2026                          MOLOLAMKEN LLP

                                    By:      */s/ Steven F. Molo*
                                          Steven F. Molo (*pro hac vice*)

                                          Marc Toberoff (CA SBN 188547)
                                          MToberoff@toberoffandassociates.com
                                          TOBEROFF & ASSOCIATES, P.C.
                                          23823 Malibu Road, Suite 50-363
                                          Malibu, CA 90265
                                          Telephone: (310) 246-3333

                                          Robert K. Kry (*pro hac vice*)
                                          Jennifer M. Schubert (*pro hac vice*)
                                          MOLOLAMKEN LLP
                                          430 Park Avenue
                                          New York, NY  10022
                                          Telephone: (212) 607-8160

                                          *Attorneys for Plaintiffs Elon Musk*
                                          *and X.AI Corp.*