# EXHIBIT 5

```
                                              Pages 1 - 159

                     UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

    Before The Honorable Charles R. Breyer, Judge, Judge

    GIUSEPPE PAMPENA, individually )
    and on behalf of all others    )
    similarly situated, et al.,    )
                                   )
              Plaintiffs,          )
                                   )
      VS.                          )   NO. C 3:22-cv-05937-CRB
                                   )
    ELON MUSK,                     )
                                   )
              Defendant.           )
                                   )

                                        San Francisco, California
                                        Tuesday, February 17, 2026

                       TRANSCRIPT OF PROCEEDINGS

    APPEARANCES:
    For Plaintiffs:
                          COTCHETT, PITRE & MCCARTHY LLP
                          840 Malcolm Road
                          Burlingame, California 94010
                    BY:   JOSEPH W. COTCHETT, ATTORNEY AT LAW
                          MARK C. MOLUMPHY, ATTORNEY AT LAW
                          TYSON C. REDENBARGER, ATTORNEY AT LAW
                          GIA JUNG, ATTORNEY AT LAW
                          CAROLINE A. YUEN, ATTORNEY AT LAW


                          BOTTINI & BOTTINI, INC.
                          7817 Ivanhoe Avenue - Suite 102
                          La Jolla, California  92037
                    BY:   FRANCIS A. BOTTINI, JR., ATTORNEY AT LAW
                          AARON P. ARNZEN, ATTORNEY AT LAW



                (APPEARANCES CONTINUED ON FOLLOWING PAGE)

    Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG
                  CSR No. 12219, Official United States Reporter
```

```
 1   APPEARANCES:   (CONTINUED)

 2   For Defendant:
                              QUINN, EMANUEL, URQUHART
 3                             & SULLIVAN LLP
                              865 South Figueroa Street - 10th Floor
 4                            Los Angeles, California  90017
                        BY:   STEPHEN A. BROOME, ATTORNEY AT LAW
 5                            M. ALEXANDER BERGJANS, ATTORNEY AT LAW
                              MICHAEL T. LIFRAK, ATTORNEY AT LAW
 6
                              QUINN, EMANUEL, URQUART
 7                             & SULLIVAN LLP
                              295 Fifth Avenue
 8                            New York, New York 10016
                        BY:   ELLYDE R. THOMPSON, ATTORNEY AT LAW
 9                            JESSE A. BERNSTEIN, ATTORNEY AT LAW
                              PHILLIP JOBE, ATTORNEY AT LAW
10                            STEPHANIE KELEMEN, ATTORNEY AT LAW

11                            QUINN EMANUEL URQUHART
                               & SULLIVAN, LLP
12                            300 W 6th Street - Suite 2010
                              Austin, Texas 78701
13                      BY:   EMILY F. COUTURE, ATTORNEY AT LAW

14   For Intervenor X Corp:
                              MORGAN, LEWIS & BOCKIUS LLP
15                            600 Montgomery Street - Suite 2300
                              San Francisco, California  94111
16                      BY:   ERIC MECKLEY, ATTORNEY AT LAW

17

18

19

20

21

22

23

24

25
```

1  to what the plaintiffs' theory is of the case; that is, he made
2  misstatements -- that's the theory -- entered into a scheme to
3  lower the price or terminate the agreement.
4      That's the theory.  So how does this relate to it?
5          **MS. JUNG:**  Thank you, Your Honor.
6      First, I think, read literally, this is -- this
7  incorporates quite a lot of reference to things that would be
8  hard to navigate at trial.  For example, precluding referencing
9  any -- anything to do with politics after the close of the
10 class period, we're not seeking to, you know, introduce
11 inflammatory evidence about that.
12     But, for example, in the BBC interview, which we've made
13 numerous references to and that Your Honor cites in your motion
14 to dismiss order at page 32, in that interview Mr. Musk also
15 discusses, for example, Mr. Trump, partisan politics on
16 Twitter.  We're not introducing that, you know, to make
17 reference, but --
18         **THE COURT:**  But why don't -- rather than you telling
19 me what you're not going to do, which I appreciate -- there are
20 all sorts of things you're not going to do; none of us are
21 going to do it -- my question is:  What are you going to do?
22 What do you intend to do?
23     And then I can -- I can tell you that's okay or that's not
24 okay.
25         **MS. JUNG:**  Thank you, Your Honor.

1    So, for example, the BBC interview, we're introducing that
2 to show later he says, "Oh, I think I overpaid," to show his
3 state of mind.  And really anything that goes beyond the class
4 period we're showing as a through-line for his motivation
5 before, during, and after the deal; right?
6    He makes numerous references in terms of politics to
7 people's First Amendment rights, Twitter is a town square that
8 pervades; however, we're seeking to introduce evidence
9 regarding his financial --
10    **THE COURT:**  Here's what I -- if I may suggest.  You've
11 now heard what I say on the subject.  I could say a lot more,
12 but I'm not going to because what I'm going to ask you to do is
13 as to any portion of the -- of these types of statements that
14 you think should come in, please show it to counsel and if
15 there's -- if there's a problem, come to me.  And if there's
16 not a problem, you don't have to worry about it.
17    I don't want to sit here and go through the whole case
18 piece by piece by evidence.  My feeling is that with counsel
19 that are experienced and -- and highly competent -- and I mean
20 that sincerely, sincerely mean that -- you're able to come to
21 some agreements with an understanding basically of what the law
22 is.
23    Now, basically here, he is not to be tried on his
24 political beliefs.  He is not to be tried as a referendum on
25 the president of the United States.  He is not going to be

1  tried for anything that occurred subsequent to the --
2  October 4th.  No, he's not going to be tried on these things.
3      They're highly inflammatory.  And, not only that, people
4  have differences of opinion, and opinions are very strongly
5  held on both sides.
6      So that's out.  That's out.
7      The trial of this case is based upon what happened between
8  whatever that date is in May and that date in October and what
9  occurred.
10      That's what -- that's what it is.  And I don't care
11 whether he was in contact or not in contact with anybody else
12 outside in the political realm; that's just not going to come
13 in.
14      And as to any opinions that he expressed during this
15 period of time, if they are, quote, political opinions, my
16 preference is that they're out.  And you take a look at it and
17 see whether it really has some probative value independent that
18 clearly outweighs its prejudicial effect, because these
19 statements have a strong tendency to have a prejudicial effect.
20 Okay?
21      All right.  Thank you very much.
22          **MS. JUNG:**  Understood, Your Honor, on the politics for
23 sure.  If I might just ask one clarifying question --
24          **THE COURT:**  Sure.
25          **MS. JUNG:**  -- on his management -- like this is a