MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SAMUEL ALTMAN et al.,<br><br>　　　　Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE CUMULATIVE EXPERT TESTIMONY**<br><br>Date:　March 13, 2026<br>Time:　9:00 AM<br>Courtroom:　1 – 4th Floor<br>Judge:　Hon. Yvonne Gonzalez Rogers |

## INTRODUCTION

OpenAI proposes to call three expert witnesses to address a single topic at trial: custom and practice in the nonprofit sector. Each expert will opine that OpenAI's governance structure and relationship with its for-profit affiliates and partners is consistent with custom and practice for nonprofits. That testimony is needlessly cumulative, prejudicial to Musk, and a waste of the Court's time. The Court should preclude that duplicative testimony and require OpenAI to select a single nonprofit expert to call at trial.

## BACKGROUND

OpenAI proposes to call Peter Frumkin, Daniel J. Hemel, and John C. Coates IV as expert witnesses. Ex. 1. According to OpenAI's expert witness list, each of those experts will focus on the same topic: nonprofit governance and nonprofits' use of for-profit affiliates and partners. Frumkin will testify that "hybrid nonprofit/for-profit structures, including the use of for-profit affiliates and/or a public benefit corporation controlled by a nonprofit, and related recapitalization steps . . . are consistent with industry-accepted nonprofit-sector organizational models." *Id.* at 1. Hemel will testify that it is "common practice" for nonprofits "to engage with the for-profit sector to advance charitable purposes" and will respond to the opposing opinions of Musk's expert, Dean David M. Schizer. *Id.* at 2. Coates will likewise respond to Dean Schizer's opinions about "customary nonprofit/for-profit partnership and restructuring practices." *Id.* at 1.

## ARGUMENT

**I.   THE COURT SHOULD EXCLUDE OPENAI'S PROPOSED EXPERT TESTIMONY AS UNDULY CUMULATIVE**

OpenAI should not be permitted to pad the trial record and attempt to sway the jury with cumulative expert testimony on a single topic. Under Federal Rule of Evidence 403, the Court has "broad discretion" to exclude needlessly cumulative evidence. *Davis v. Mason Cty.*, 927 F.2d 1473, 1484 (9th Cir. 1991); *see also* Fed. R. Civ. P. 16(c)(2)(D) (authorizing courts to "avoid[ ] unnecessary proof and cumulative evidence," including by "limiting the use of [expert] testimony"). Courts in this district have thus noted that "it is the usual practice . . . , in the absence of extraordinary circumstances, to limit the parties to one expert for each distinct [topic]." *Riley v. Dow Chem. Co.*,

123 F.R.D. 639, 640 (N.D. Cal. 1989).  Other courts agree, routinely excluding expert testimony as needlessly cumulative where it would cover the same topics as other testimony.  *See Davis*, 927 F.2d at 1484 (upholding exclusion of expert from testifying on the "same topic" as other experts); *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1430-31 (9th Cir. 1991) (upholding exclusion of expert testimony as unduly cumulative where "other witnesses already had presented most of the relevant testimony"); *Barabin v. Scapa Dryer Felts, Inc.*, No. C07-1454, 2018 WL 1570781, at *3 (W.D. Wash. Mar. 30, 2018) (excluding one of two experts where both offered "substantially similar testimonies"); *MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 577 (S.D.N.Y. 2017) (excluding duplicative expert testimony); *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 183-84 (S.D.N.Y. 2008) (excluding expert testimony where it would be "unnecessary and . . . a waste of time for all of [the party's] experts to opine on the same subjects"); *Qualey v. Pierce Cty.*, No. 3:23-cv-05679, 2025 WL 254810, at *5 (W.D. Wash. Jan. 21, 2025) (similar).

OpenAI's three nonprofit experts offer testimony on the same specific topic that is plainly unnecessarily cumulative.  OpenAI's expert witness list confirms that each of those three experts will be called to discuss how OpenAI's governance structures, use of for-profit affiliates, and partnerships with for-profit companies compare to custom and practice in the nonprofit sector.  Ex. 1.  That is quintessentially cumulative testimony that courts routinely exclude.  Plaintiff and Microsoft are each offering only **one** nonprofit expert apiece.  OpenAI does not need **three** experts to provide its own perspective on that topic.

## CONCLUSION

The Court should exclude OpenAI's proposed cumulative expert testimony and require OpenAI to select a single nonprofit expert to call as a witness at trial.

| | | |
|---|---|---|
| 1 | Dated: February 24, 2026 | MOLOLAMKEN LLP |
| 2 | | By:  /s/ Steven F. Molo  |
| | | Steven F. Molo (*pro hac vice*) |

Marc Toberoff (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

Robert K. Kry (*pro hac vice*)
Jennifer M. Schubert (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*