# EXHIBIT 1

## OPENAI DEFENDANTS' INITIAL EXPERT WITNESS LIST

This initial list identifies expert witnesses the OpenAI Defendants presently anticipate calling at trial to offer expert opinion testimony:

| Name of Expert Witness | Summary of Expert's Opinions and Their Bases | Appearance |
|---|---|---|
| Peter Frumkin (*curriculum vitae* is attached hereto as **Exhibit __**) | Dr. Peter Frumkin is the Academic Director of the Gradel Institute of Charity at New College, Oxford, and the Mindy and Andrew Heyer Chair in Social Policy and Faculty Director of the Center for Social Impact Strategy at the University of Pennsylvania's School of Social Policy and Practice.<br><br>Dr. Frumkin opines that hybrid nonprofit/for-profit structures, including the use of for-profit affiliates and/or a public benefit corporation controlled by a nonprofit, and related recapitalization steps designed to preserve nonprofit mission control, are consistent with industry-accepted nonprofit-sector organizational models. His opinions are based on his expertise and scholarship in philanthropy, nonprofit management, and social entrepreneurship, and on his review of materials identified in his report.<br><br>Professor Frumkin's opinions, and the bases for them, are more fully disclosed in his written reports, and in his October 19, 2025 written report and December 11, 2025 deposition testimony. | Live |
| John Coates (*curriculum vitae* is attached hereto as **Exhibit __**) | John C. Coates IV is the Deputy Dean for Finance and Strategic Initiatives, John F. Cogan Professor of Law and Economics, and Research Director of the Center on the Legal Profession at Harvard Law School, and he also teaches at Harvard Business School.<br><br>Professor Coates opines, in rebuttal to Professor Schizer, that Professor Schizer's assertions about customary nonprofit/for-profit partnership and restructuring practices are incorrect, including as to the use of affiliates, board authority and composition, protections for nonprofit assets and economic interests in early-stage restructurings, and customary recapitalization control mechanisms. His opinions are based on his research and experience and his review of relevant materials, as reflected in his rebuttal report. | Live |

| | Professor Coates' opinions, and the bases for them, are more fully disclosed in his November 24, 2025 written report and December 19, 2025 deposition testimony. | |
|---|---|---|
| Daniel Hemel (*curriculum vitae* is attached hereto as **Exhibit __**) | Daniel J. Hemel is the John S. R. Shad Professor of Law at New York University School of Law, and his research and teaching focus primarily on nonprofit organizations and taxation.<br><br>Professor Hemel opines that it is common practice for large U.S. charitable organizations to engage with the for-profit sector to advance charitable purposes, including through IP licensing arrangements and the use of for-profit affiliates, and he will also offer rebuttal testimony responding to the opinions of Professor Schizer. His opinions are based on his expertise and academic research and on his review of academic literature, public sources and databases, and materials produced in this case (as reflected in his reports and cited materials).<br><br>Professor Hemel's opinions, and the bases for them, are more fully disclosed in his October 29, 2025 and November 24, 2025 written reports and December 17, 2025 deposition testimony. | Live |
| Ilya Strebulaev (*curriculum vitae* is attached hereto as **Exhibit __**) | Ilya A. Strebulaev is the David S. Lobel Professor of Private Equity and Professor of Finance at Stanford Graduate School of Business and a Research Associate at the National Bureau of Economic Research.<br><br>Professor Strebulaev opines, from the perspective of a financial economist, that OpenAI's 2019 restructuring improved its access to capital and its ability to recruit and retain talent by enabling more conventional financing and equity-based compensation tools, and that the current recapitalization will further improve OpenAI's ability to compete for capital and talent in the market for AI companies. If Dr. C. Paul Wazzan is permitted to testify, Professor Strebulaev also opines, in rebuttal to Dr. Wazzan, to be presented only in a second-phase damages proceeding, that Dr. Wazzan fails to provide a reliable estimate of wrongful gains attributable to the alleged wrongful acts, that Dr. Wazzan's methodology for estimating Plaintiff's contributions to OpenAI's value is conceptually flawed and yields implausible results, that Dr. Wazzan's opinions are based on unreliable inputs, and that a reasonable alternative measure of unjust enrichment in this case is the ex ante value of Plaintiff's monetary contributions. Professor Strebulaev's opinions are based on his academic research and professional experience and on his review of the materials identified in his report. | Live |

| | | |
|---|---|---|
| | Professor Strebulaev's opinions, and the bases for them, are more fully disclosed in his October 29, 2025 written report and December 16, 2025 deposition testimony. | |
| Louis Dudney (*curriculum vitae* is attached hereto as **Exhibit __**) | Louis G. Dudney is a Partner & Managing Director at AlixPartners, L.L.P., and a CPA (CFF). Mr. Dudney opines, based on his forensic accounting analysis, that Plaintiff's alleged financial contributions that OpenAI received were used to fund OpenAI's operating expenses, and that the non-rent contributions were no longer available to fund OpenAI after late November 2017 (with rent-related contributions continuing through September 2020). His opinions are based on his experience and expertise and on his review of contribution documentation and OpenAI financial records and his financial tracing analysis, as reflected in his report. Mr. Dudney's opinions, and the bases for them, are more fully disclosed in his October 29, 2025 written report and December 9, 2025 deposition testimony. | Live |