RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-4555

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

ANDREW J. LEVANDER (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendant Microsoft Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>SAMUEL ALTMAN, et al.,<br><br>            Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**DEFENDANT MICROSOFT CORPORATION'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE MENTIONS OF DR. ARNOLD'S PERSONAL LITIGATIONS**<br><br>Date:  March 13, 2026<br>Time:  9:00 AM<br>Courtroom:  1 – 4th Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, 403, and 608(b), Defendant Microsoft respectfully moves the Court for an order excluding evidence or argument at trial concerning the personal, family law litigation history of Microsoft's damages expert, Jonathan I. Arnold, Ph.D. Those cases have nothing to do with the parties or facts of this litigation—nor do they have anything to do with the expert's qualifications or opinions. Microsoft files the instant motion to prevent introduction or discussion of this irrelevant and highly prejudicial evidence.

## II. BACKGROUND

Microsoft has retained Dr. Arnold, an experienced economist, who has testified over 100 times, as a rebuttal expert to Plaintiff's damages expert Dr. Paul Wazzan, Ph.D. Plaintiff has indicated that he intends to reference certain court orders arising from Dr. Arnold's unrelated personal lawsuits stemming from his prior romantic relationship with his former partner. While these matters are deeply personal and irrelevant to the claims at issue, a brief summary is necessary.

In 2004, Dr. Arnold and his former partner had a marriage ceremony but later learned they were never legally married due to the officiant's failure to comply with California requirements. *See Arnold v. Villarreal*, No. 09 C 7399, 2014 WL 2922810, at *2 (N.D. Ill. June 27, 2014). In 2007, they each petitioned to dissolve their marriage. *Id.* In 2008, they "stipulated that they were not married and dismissed their dissolution petitions." *Id.* Then came additional litigation: in 2009, Dr. Arnold sued his former partner, alleging she falsely represented the marriage was legal to obtain gifts from him. *See id.* The court granted her motion for summary judgment and denied Dr. Arnold's motion to alter the judgment under Federal Rule of Civil Procedure 59(e). *Arnold v. Villarreal*, 853 F.3d 384, 387 (7th Cir. 2017). Dr. Arnold appealed and his former partner moved for sanctions, claiming the appeal was frivolous. *See id.* The Seventh Circuit affirmed and ordered sanctions against Dr. Arnold. *Id.* Dr. Arnold's former partner then filed two additional suits against him, claiming abuse of process and malicious prosecution. *See Villarreal v. Arnold*, No. 17 CV 3141, 2017 WL 11576483, at *1 (N.D. Ill.

Sep. 11, 2017). Both cases were dismissed. *See id.*

At Dr. Arnold's deposition, Plaintiff's counsel repeatedly asked probing questions about those personal lawsuits. *See* Ex. A (Arnold Dep. at 48:19-22) ("With respect to the fraud claims, is it correct that the court held your purported reliance on [his former partner]'s representations were preposterous?"); (*id.* at 50:20-21) ("[D]id you pursue your fraud claims further in the district court?"); (*id.* at 53:6-8) ("And you appealed to the – you appealed to the United States Court of Appeals for the Seventh Circuit?"). Dr. Arnold explained that his counsel influenced him to pursue the appeal, and because this was an emotionally charged family-law dispute, his judgment was clouded when it came to critically assessing his lawyer's faulty recommendations. (*See id.* at 56:25-57:4) ("As you might imagine, family law matters with those sorts of issues are fraught, and the critical approach that I might have otherwise taken to my lawyer's recommendations was affected by the circumstances."); (*id.* at 53:1-5) ("Q. And after the court's second decision stating your claims were frivolous, did you pursue this litigation any further? A. Yes, On the advice of counsel, I continued to pursue it.").

The parties have met and conferred to discuss this issue, but despite the clearly irrelevant nature of this matter, Plaintiff refuses to stipulate to exclusion. The instant motion follows.

### III.  LEGAL STANDARD

Evidence to be offered at trial is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" **and** "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. And, even if relevant, evidence is inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### IV.  ARGUMENT

Dr. Arnold's personal lawsuits, and the courts' findings in those cases, are irrelevant because they do not make any fact of consequence in this matter any more or less probable. *See* Fed. R. Evid. 401. Dr. Arnold is a rebuttal expert to Plaintiff's damages expert. Thus, he

would testify solely from his experience as an economist. Nothing in his lawsuits involving his personal relationships is remotely related to his damages testimony. It should be excluded under Federal Rules of Evidence 401 and 402. *See* Fed. R. Evid. 402.

Nor does the sanctions order fall within Rule 608(b)'s exception for evidence of truthfulness. The sanctions order related to Dr. Arnold's pursuit of a frivolous appeal—not for making a false statement. Dr. Arnold testified that his decision to pursue an appeal was not based on dishonesty but on the advice he received from counsel. *See* Ex. A (Arnold Dep. at 53:1-5) ("Yes, on the advice of counsel, I continued to pursue [the case].").

But even if these personal lawsuits were admissible under any rule of evidence (they are not), they are independently inadmissible under Federal Rule of Evidence 403 because any probative value "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." Fed. R. Evid. 403.

*Russell v. Walmart Inc.*, No. CV-19-5495, 2023 WL 2628699 (C.D. Cal. Jan. 12, 2023), is on point. In that case, a party wished to question the opposing party's expert concerning judicial findings from a personal employment lawsuit to "prove [the expert's] credibility as an expert witness." *Id.* at *10. The court excluded such questioning. *Id.* at *12. As the court explained, personal lawsuits create a substantial risk of jury confusion and unfair prejudice because jurors could give evidence relating to judicial decisions undue weight "by virtue of their having been made by a judge." *Id.* at *11 (quoting *United States v. Sine*, 493 F.3d 1021, 1034 (9th Cir. 2007)).

This questioning should also be excluded because attacks on an expert's credibility based on his decisions in a personal lawsuit present "collateral matters that are likely to confuse the issues." *Id.* (excluding references to expert's personal lawsuit because "[a]llowing any inference as to Mr. Blum's reliability as an expert, based on the *Stout* court's conclusions regarding Mr. Blum's representations to his employer in the context of a discrimination lawsuit would present 'collateral matters that are likely to confuse the issues'" (citation omitted)). This principle is especially salient here—probing the unrelated personal lawsuits would only distract and confuse the jury.

Plaintiff's proposal during the meet-and-confer process to "narrow" this issue by only mentioning the sanctions ruling, without referring to the nature of the litigation, makes matters worse. Evidence of sanctions against an expert witness is inadmissible under Federal Rules of Evidence 608(b) and 403. For example, in *Barten v. State Farm Mutual Auto. Ins. Co.*, No. CV-12-399, 2015 WL 11111309 (D. Ariz. Apr. 8, 2015), the court granted a motion *in limine* prohibiting a party from introducing a sanctions order involving the other side's expert under Federal Rule of Evidence 608(b) and excluded any questioning regarding the order as irrelevant and unduly prejudicial under Rule 403. *Id.* at *4-5. The court held that "if the evidence of these orders is introduced, Plaintiff would have to be permitted to explain the particulars, which would cause unnecessary delay and possible confusion of issues." *Id.* at *4 (citing Fed. R. Evid. 403).

The same principle applies here. Telling the jury only about the sanctions is prejudicial as "the jury would be left to speculate about [their] mysterious cause . . . no doubt understanding it must be bad if opposing counsel raised it." *Shenwick v. Twitter, Inc.*, No. 16-cv-5314, 2021 WL 1232451, at *7 (N.D. Cal. Mar. 31, 2021) (excluding references to expert's personal tweets because they would cause "juror confusion or the undue consumption of time"). To avoid that prejudice, Dr. Arnold would need to provide the full context—causing all the same distracting and confusing issues discussed above.

## V.   CONCLUSION

For the foregoing reasons, Microsoft respectfully moves this Court to exclude any evidence or argument relating to Dr. Arnold's personal litigations, and associated judicial findings, under Federal Rules of Evidence 401, 402, 403, and 608(b).

Dated: February 24, 2026

DECHERT LLP

*/s/ Russell P. Cohen*
RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
45 Fremont Street, 26th Floor

San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-4555

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

ANDREW J. LEVANDER (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendant Microsoft Corporation*

**CERTIFICATE OF SERVICE**

The undersigned, counsel of record for Defendant Microsoft Corporation, certifies that on February 24, 2026, a copy of the foregoing document(s) was electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel of record.

*/s/ Russell P. Cohen*
RUSSELL P. COHEN