| | |
|---|---|
| RUSSELL P. COHEN (SBN 213105) | ANDREW J. LEVANDER (admitted *pro hac vice*) |
| Russ.cohen@dechert.com | Andrew.levander@dechert.com |
| HOWARD M. ULLMAN (SBN 206760) | DECHERT LLP |
| Howard.ullman@dechert.com | Three Bryant Park |
| DECHERT LLP | 1095 Avenue of the Americas |
| 45 Fremont Street, 26th Floor | New York, NY 10036 |
| San Francisco, CA 94105 | Telephone: (212) 698-3500 |
| Telephone: (415) 262-4500 | Facsimile: (212) 698-3599 |
| Facsimile: (415) 262-4555 | |
| | JOHN (JAY) JURATA, JR. (admitted *pro hac vice*) |
| NISHA PATEL (SBN 281628) | Jay.jurata@dechert.com |
| Nisha.patelgupta@dechert.com | DECHERT LLP |
| DECHERT LLP | 1900 K Street, N.W. |
| 633 West 5th Street, Suite 4900 | Washington, DC 20006 |
| Los Angeles, CA 90071 | Telephone: (202) 261-3300 |
| Telephone: (213) 808-5700 | Facsimile: (202) 261-3333 |
| Facsimile: (213) 808-5760 | |

*Attorneys for Defendant Microsoft Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **MICROSOFT CORPORATION'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE PROFESSOR DAVID SCHIZER'S TESTIMONY RELATED TO MICROSOFT CONDUCT** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | Date: March 13, 2026 |
| | Time: 9:00 AM |
| | Courtroom: 1 – 4th Floor |
| | Judge: Hon. Yvonne Gonzalez Rogers |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Evidence 702(a), Defendant Microsoft respectfully moves the Court for an order excluding proposed testimony from Plaintiff's expert David Schizer related to Microsoft's conduct.

**I.   INTRODUCTION**

Plaintiff retained David Schizer, a Columbia University law professor and former dean, as an expert in nonprofit organizations to testify about the "usual and customary practices for *nonprofit* organizations, with a particular focus on *nonprofits'* use of for-profit affiliates." Ex. A (Schizer Rep. ¶¶ 1-2) (emphasis added). To that end, Dean Schizer's expert reports purport to provide a framework of customs and practices associated with nonprofits. He then evaluates OpenAI's conduct—not Microsoft's—within the context of that framework to opine on whether OpenAI complied with those standard nonprofit practices. (*Id.* ¶ 3). Dean Schizer was not asked to assess Microsoft's conduct in its dealings with OpenAI. (*Id.* ¶¶ 2-3).

Despite that, at his deposition Dean Schizer went well outside the scope of his assignment to also render opinions characterizing Microsoft's conduct in its business dealings with OpenAI. In particular, he suggested that Microsoft, which of course is not a nonprofit, took advantage of OpenAI's alleged misconduct and acted improperly by, *e.g.*: (1) offering to hire OpenAI employees after Mr. Altman's November 2023 firing; (2) suggesting or "vetoing" board candidates for OpenAI; and (3) negotiating a really good deal with OpenAI (collectively, Schizer's "Microsoft Opinions"). Ex. B (Schizer Dep. at 299:12-20; 304:14-24; 306:21-307:18). He also broadened the scope of his assignment, insisting that it "would include observations about the choices, conduct of the for-profit partner," despite his very limited for-profit experience and no support in his reports. (*Id.* at 280:8-20). These opinions, which focus on the propriety of Microsoft's "for-profit" conduct, are impermissible under Rule 702(a) because they do not fit within Dean Schizer's nonprofit-focused background, qualifications, or methodology.

When Microsoft raised this concern with Plaintiff's counsel, they confirmed that Dean Schizer will not opine "on whether Microsoft departed from custom and practice for for-profits," but yet insisted that the above-described Microsoft Opinions were "clearly relevant to nonprofit custom and practice." Ex. C (Feb. 11, 2026 email from R. Kry to N. Patel). Microsoft disagrees. While Microsoft takes no position on Dean Schizer's opinions about OpenAI's conduct, any testimony that characterizes Microsoft's dealings with OpenAI as opportunistic, exploitative, concerning, or profit-maximizing falls outside Dean Schizer's qualifications and report methodology, and also goes beyond what is necessary to address whether OpenAI acted inconsistently with custom and practice in its dealings with Microsoft. Such testimony does not fit Dean Schizer's nonprofit-focused analysis and is thus unhelpful to the jury, highly prejudicial to Microsoft, and should be excluded.

## II. LEGAL STANDARD

The proponent of expert testimony must demonstrate by a preponderance of the evidence that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a); *Engilis* v. *Monsanto Co.*, 151 F.4th 1040, 1049 (9th Cir. 2025). "[T]here is no presumption in favor of admission." *Engilis*, 151 F.4th at 1049. In evaluating whether an expert's testimony will help the trier of fact, courts consider whether the testimony "fits the facts of the case and is relevant to the task at hand." *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, No. 14-CV-02758, 2018 WL 1948593, at *2 (N.D. Cal. Apr. 25, 2018) (internal quotation marks omitted). Expert testimony should be excluded when the expert's qualifications do not "fit" the topic of their opinion. *Huang v. TriNet HR III, Inc.*, 20-CV-2293, 2023 WL 3092626, at *7 (M.D. Fla. Apr. 26, 2023); *Doe v. Rollins Coll.*, No. 18-CV-1069, 2020 WL 8408417, at *4 (M.D. Fla. Jan. 7, 2020) *aff'd*, 77 F.4th 1340 (11th Cir. 2023). Additionally, "an expert opinion must be based on reliable methodology and must reliably flow from that methodology." *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 152 (3d Cir. 1999).

### III. ARGUMENT

Dean Schizer's admittedly limited experience with for-profit entities and non-profit centric analysis are inadequate to support his opinions that seek to judge the propriety of Microsoft's conduct, a for-profit company, in its business relationship with OpenAI.

Dean Schizer's assignment was clear: opine on the usual and customary practices for nonprofit organizations, with a focus on nonprofits' use of for-profit affiliates, and whether OpenAI has complied with those nonprofit practices. Ex. A (Schizer Rep. ¶ 1). This scope makes sense given his nonprofit experience and admittedly limited for-profit work experience as an associate in a law firm nearly thirty years ago. (*Id.* ¶¶ 1-2); *see also* Ex. B (Schizer Dep. at 272:13-19). Consistent with this, his reports include a nonprofit-focused methodology and provide no guidelines for for-profit conduct. Ex. A (Schizer Rep. ¶¶ 1-3). Dean Schizer confirmed as much during his deposition, testifying that he did not focus on "independent or separate standards or customs and practices regarding the for-profit's conduct in such collaborations." Ex. B (Schizer Dep. at 282:1-8).

Yet, at the same deposition, Dean Schizer departed from his assignment, experience, and nonprofit methodology by offering opinions about Microsoft's conduct in its interactions with OpenAI. His testimony characterized Microsoft as a wrongdoer when it, *e.g.*: (1) offered to hire OpenAI employees after Mr. Altman's November 2023 firing; (2) suggested or vetoed board candidates for OpenAI; and (3) negotiated a really good deal with OpenAI. (*Id.* at 299:12-20; 304:14-24; 306:21-307:18). And when asked whether Microsoft had done anything wrong, he insisted that it was within the scope of his assignment. (*Id.* at 280:8-20; 299:12-20; 304:14-24; 306:21-307:18).

These opinions are a significant departure from Dean Schizer's stated focus on the customs and practices of *nonprofits* and OpenAI's adherence to them. This testimony reads more like layperson speculation than expert opinion and finds no support in his reports, which fail to provide any guidelines or standards for for-profit conduct, any explanation of the methodology or the standard he applies to characterize Microsoft's conduct, or any analysis on

what a for-profit should have done differently if in Microsoft's shoes. (*Id.* at 299:12-20; 304:14-24; 306:21-307:18).

His testimony regarding Microsoft's negotiations surrounding certain provisions of the Joint Development and Collaboration Agreement ("JDCA") highlight the total absence of any helpful framework. (*Id.* at 299:12-300:19). There, Dean Schizer testified that Microsoft obtained a "really, really, really good" deal in connection with those rights, but provides no framework for assessing what a "really good deal" looks like for a for-profit company in such circumstances. And while his statement naturally implies that Microsoft obtained a significantly better deal than other for-profit companies would have, he never provides any relative analysis for what terms another similarly situated for-profit would have tried to negotiate. (*Id.* at 299:12-300:19). Plaintiff's counsel insists that such testimony is relevant to OpenAI's conduct, but there is a critical difference between opining that OpenAI did not negotiate for certain necessary protections and characterizing Microsoft's negotiation tactics as somehow taking advantage of OpenAI.

Because Dean Schizer's characterizations of Microsoft's actions are not grounded in any custom, practice, or readily identifiable framework regarding for-profit entities, his methodology does not fit his Microsoft Opinions and should be excluded. *See* Fed. R. Evid. 702(a). And, allowing Dean Schizer to testify about the propriety of actions of for-profit entities, which he is not remotely qualified to do, would be highly prejudicial and risk misleading the jury. *See Daubert* v. *Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1321 n.17 (9th Cir. 1995) ("[E]xpert testimony carries special dangers to the fact-finding process because it 'can be both powerful and quite misleading.'") (quoting *Daubert* v. *Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)).

### IV.   CONCLUSION

The Court should grant Microsoft's Motion to Exclude Dean Schizer's testimony related to Microsoft's conduct.

Dated:  February 24, 2026              DECHERT LLP

- 4 -

|   |   |
|---|---|
| 1 | |
| 2 | /s/ Russell P. Cohen |
| 3 | RUSSELL P. COHEN (SBN 213105)<br>Russ.cohen@dechert.com |
| 4 | HOWARD M. ULLMAN (SBN 206760)<br>Howard.ullman@dechert.com |
| 5 | 45 Fremont Street, 26th Floor<br>San Francisco, CA 94105 |
| 6 | Telephone: (415) 262-4500<br>Facsimile: (415) 262-4555 |
| 7 | |
| 8 | NISHA PATEL (SBN 281628)<br>Nisha.patelgupta@dechert.com |
| 9 | DECHERT LLP<br>633 West 5th Street, Suite 4900 |
| 10 | Los Angeles, CA 90071 |
| 11 | Telephone: (213) 808-5700<br>Facsimile: (213) 808-5760 |
| 12 | |
| 13 | ANDREW J. LEVANDER (admitted *pro hac vice*)<br>Andrew.levander@dechert.com |
| 14 | DECHERT LLP<br>Three Bryant Park |
| 15 | 1095 Avenue of the Americas<br>New York, NY 10036 |
| 16 | Telephone: (212) 698-3500<br>Facsimile: (212) 698-3599 |
| 17 | |
| 18 | JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)<br>Jay.jurata@dechert.com |
| 19 | DECHERT LLP1900 K Street, N.W.<br>Washington, DC 20006 |
| 20 | Telephone: (202) 261-3300<br>Facsimile: (202) 261-3333 |
| 21 | |
| 22 | *Attorneys for Defendant Microsoft Corporation* |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

DEFENDANT MICROSOFT CORPORATION'S MOTION IN LIMINE NO. 2 TO
EXCLUDE EXPERT TESTIMONY OF DAVID SCHIZER

# CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendant Microsoft Corporation, certifies that on February 24, 2026, a copy of the foregoing document(s) was electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel of record.

*/s/ Russell P. Cohen*
RUSSELL P. COHEN