# EXHIBIT C

**From:** Kry, Robert <rkry@mololamken.com>
**Sent:** Wednesday, February 11, 2026 6:48:54 AM
**To:** Patel Gupta, Nisha <Nisha.PatelGupta@dechert.com>; Schubert, Jennifer <JSchubert@mololamken.com>; Eynon, Alex <AEynon@mololamken.com>
**Cc:** Jurata, Jay <Jay.Jurata@dechert.com>; Cohen, Russell <Russ.Cohen@dechert.com>; Eddy, Sarah K. <skeddy@wlrk.com>; Wilson, Bradley R. <brwilson@wlrk.com>; Cullerton, Nate <ndcullerton@wlrk.com>; Ullman, Howard <Howard.Ullman@dechert.com>
**Subject:** RE: Musk v. Altman - Microsoft's Motions in Limine

Nisha,

We're reviewing our position on the Arnold material and will get back to you.

For Dean Schizer, as we stated to Judge Gonzalez Rogers at the post-hearing conference, Dean Schizer will opine on whether OpenAI departed from custom and practice for nonprofits, not on whether Microsoft departed from custom and practice for for-profits. All the topics you mention below are clearly relevant to nonprofit custom and practice – for example: (1) whether OpenAI failed to protect the nonprofit's economic interests by giving Microsoft a "really, really, really good deal"; (2) whether OpenAI's decision to allow Microsoft a role in picking board candidates was a departure from nonprofit custom and practice; and (3) whether OpenAI's role in Microsoft's offer to hire away OpenAI's entire workforce was a departure from nonprofit custom and practice that undermined OpenAI's customary nonprofit governance mechanisms. Your complaints below about the way Dean Schizer phrased certain responses at his deposition seem to have more to do with the specific questions your colleague asked (e.g. "Did Microsoft do anything wrong by . . . ."). If you don't want those answers, don't ask those questions. Please let me know if that adequately addresses your concerns.

Best regards,

Robert


**Robert K. Kry**
**ML MOLOLAMKEN**
MoloLamken LLP
600 New Hampshire Ave., NW, Suite 500
Washington, DC 20037
T:  (202) 556-2011
M: (202) 631-1067
rkry@mololamken.com
www.mololamken.com

---

**From:** Patel Gupta, Nisha <Nisha.PatelGupta@dechert.com>
**Sent:** Wednesday, February 11, 2026 12:16 AM
**To:** Kry, Robert <rkry@mololamken.com>; Schubert, Jennifer <JSchubert@mololamken.com>; Eynon, Alex <AEynon@mololamken.com>
**Cc:** Jurata, Jay <Jay.Jurata@dechert.com>; Cohen, Russell <Russ.Cohen@dechert.com>; Eddy, Sarah K. <skeddy@wlrk.com>; Wilson, Bradley R. <brwilson@wlrk.com>; Cullerton, Nate <ndcullerton@wlrk.com>; Ullman,

Howard <Howard.Ullman@dechert.com>
**Subject:** Musk v. Altman - Microsoft's Motions in Limine

Hi Robert:

We're reaching out regarding a couple of open issues before Friday's motions *in limine* deadline.

First, we wanted to see whether you intend to question Dr. Arnold about his unrelated personal lawsuits—specifically the disputes from his prior relationship involving ▇▇▇▇ *See, e.g.,* Arnold Tr. at 48:19-22, 50:19-21, 53:6-8, 56:8-9, 56:25-57:4.  As you know, these are deeply personal matters which are not remotely relevant to the issues at trial and highly prejudicial.  We're hoping we can agree to exclude any such evidence or argument and there's no need to file a motion on this. Please let us know as soon as possible.

Second, during our January 15 meet and confer, and following up from the discussion in chambers, we sought to confirm that Prof. Schizer would not testify regarding Microsoft's conduct.  Your answer (that Microsoft's conduct was "objectively surprising"), however, suggested that we might not be aligned on this issue, so we want to revisit it.  To reiterate, our concern stems from Prof. Schizer's deposition where he suggested that Microsoft took advantage of OpenAI's alleged misconduct and acted improperly by, *e.g.,*: (1) offering to hire OpenAI employees after Altman's November 2023 firing; (2) suggesting or "vetoing" board candidates for OpenAI; and (3) negotiating a "really, really, really good deal" with OpenAI.  Schizer Dep. Tr. at 299:18-20; 304:14-24; 306:21-307:18.  While we take no position on Prof. Schizer's opinions relating to OpenAI's conduct, we remain concerned that you may elicit from and Prof Schizer may characterize Microsoft's dealings with OpenAI as opportunistic, exploitative, profit-maximizing, or in some similar way.  We think there's a critical distinction between that type of improper testimony—which falls outside Prof. Schizer's qualifications as a nonprofit expert and seeks to evaluate Microsoft's conduct as a for-profit company—and simply testifying that OpenAI acted inconsistent with custom and practice in its dealings with Microsoft.  Any such testimony would also be highly prejudicial.

If you agree, we'd like to memorialize this in a trial conduct stipulation.  If, however, you're expecting Prof. Schizer to offer such opinions about Microsoft's conduct, please let us know immediately so we can address it in a motion.

Happy to meet and confer on this issue tomorrow, if helpful.

Best,
Nisha

**Nisha Patel Gupta**
Partner

**Dechert LLP**
+1 650 813 4834 Direct
nisha.patelgupta@dechert.com
dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you

This e-mail may contain attorney work product, privileged and/or confidential information. It is intended to be subject to the Attorney Client privilege. It is intended only for the original recipients, and no other person is authorized to receive it. Please do not copy or forward this e-mail without the consent of the author. If you have received this e-mail in error please delete it immediately from your system and contact the author. Molo Lamken LLP is a limited liability partnership formed under the laws of New York and the liability of its partners is limited accordingly. The names Molo Lamken and MoloLamken shall refer to Molo Lamken LLP.

This email has been scanned for viruses and malware.