# EXHIBIT C

Elon Musk v.　　　　　　　FINAL　　　　　　　December 5, 2025
Samuel Altman　　　HIGHLY CONFIDENTIAL　　Paul Wazzan, Ph.D.

```
                                                            Page 1

    IN THE UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF CALIFORNIA
    ------------------------------------------
    ELON MUSK, et al.,
          Plaintiffs,
    v.
    SAMUEL ALTMAN, et al.,
          Defendants.


    Case No. 4:24-cv-04722-YGR
    ------------------------------------------


    VIDEO DEPOSITION OF
    Paul Wazzan, Ph.D.
    December 5, 2025
    New York, New York
    LEAD: Bradley Wilson, Esquire
    FIRM: Wachtell Lipton Rosen & Katz




    FINAL COPY - HIGHLY CONFIDENTIAL
    JANE ROSE REPORTING - 1-800-825-3341
```

| | | |
|---|---|---|
| Elon Musk v.<br>Samuel Altman | FINAL<br>HIGHLY CONFIDENTIAL | December 5, 2025<br>Paul Wazzan, Ph.D. |

```
                                                        Page 2
     A P P E A R A N C E S:

     MOLOLAMKEN LLP
              Attorneys for Plaintiff
              600 New Hampshire Avenue, N.W.
              Washington, D.C. 20037

     BY:      ROBERT KRY, ESQ.
              JOSH BLOOM, ESQ.




     WACHTELL LIPTON ROSEN & KATZ
              Attorneys for OpenAI Defendants
              51 West 52nd Street
              New York, NY 10019

     BY:      BRADLEY WILSON, ESQ.
              IOANNIS DRIVAS, ESQ.
              NATHANIEL CULLERTON,ESQ. Via Zoom




     DECHERT LLP
              Attorneys for Microsoft Defendant
              1900 K Street, NW
              Washington, DC 20006

     BY:      JOHN "JAY" JURATA, ESQ.
              YOSEF WEITZMAN, ESQ. Via Zoom
```

JANE ROSE REPORTING                    California Firm No. 254
1-800-825-3341                         janerose@janerosereporting.com

Elon Musk v.　　　　　　　FINAL　　　　　　December 5, 2025
Samuel Altman　　HIGHLY CONFIDENTIAL　　Paul Wazzan, Ph.D.

```
                                                         Page 3
        ALSO PRESENT:


        KEVIN CHRISTENSEN- BRG Via Zoom


        LAUREL VAN ALLEN- Coherent Economics




        JANE ROSE REPORTING
             74 Fifth Avenue
             New York, New York  10011
             1-800-825-3341
             Brooke Perry, Court Reporter
             Jonathan Popham, Videographer
```

Elon Musk v.                    FINAL                December 5, 2025
Samuel Altman         HIGHLY CONFIDENTIAL         Paul Wazzan, Ph.D.

```
                                                     Page 4
                           INDEX

    WITNESS: Paul Wazzan, Ph.D.

    EXAMINATION BY                           PAGE
    Bradley Wilson....................6;307
    John Jurata.......................220;315
    Robert Kry........................294


    Reporter Certificate...............320


    Index of Exhibits..................321


    Notice to Read and Sign............322
```

JANE ROSE REPORTING                    California Firm No. 254
1-800-825-3341                  janerose@janerosereporting.com

Elon Musk v.　　　　　　　FINAL　　　　　　December 5, 2025
Samuel Altman　　　HIGHLY CONFIDENTIAL　　Paul Wazzan, Ph.D.

```
                                                         Page 53
 1      write:
 2                 "I further understand that profits or
 3          enrichment for these purposes includes not only
 4          realized profits but also unrealized gains."
 5                 And then it goes on.
 6      A.   Yes.
 7      Q.   Is that an assumption that you made in the
 8      context of this report?
 9                 MR. KRY:  Objection to form.
10      Q.   Let me ask a different question.  Are you
11      opining as a matter of economics that profit or
12      enrichment for these purposes should include unrealized
13      gains?
14      A.   No.  I think my understanding comes from
15      counsel on this.
16      Q.   Okay.  Thank you.
17           Were you asked to determine the amount of
18      wrongful profits attributable to any particular acts?
19      A.   Again, I'm not sure how to answer that.  The
20      task is, as I've laid it out in my assignment, the
21      conversion, or I guess the creation of the for-profit
22      entity is the predicate act.
23                 And then the -- the equity value -- or not the
24      equity value, but the economic value that then accrued
25      to the defendants is the piece that has to be disgorged.
```

JANE ROSE REPORTING　　　　　　　California Firm No. 254
1-800-825-3341　　　　　　　　　janerose@janerosereporting.com

| Elon Musk v.<br>Samuel Altman | FINAL<br>HIGHLY CONFIDENTIAL | December 5, 2025<br>Paul Wazzan, Ph.D. |
|---|---|---|

```
                                                        Page 227
 1      Q.     What are the legal claims remaining against
 2      Microsoft in Phase 1 of this case?
 3                     MR. KRY:  Objection.
 4      A.     I couldn't say.
 5      Q.     Did you -- did you look at what those claims
 6      were, at all, in preparing your report?
 7                     MR. KRY:  Objection.  Foundation.
 8      A.     No.
 9      Q.     And is that because you were -- you were
10      instructed to assume liability?
11      A.     Yes.
12      Q.     And in -- is it your opinion, then, that the
13      nature of the claims against Microsoft are irrelevant in
14      determining the extent to which Microsoft was unjustly
15      enriched?
16                     MR. KRY:  Objection to form.
17      A.     That's right.
18      Q.     Why don't we jump ahead to paragraph 16 of your
19      report.  And earlier today, do you recall being
20      questioned by Mr. Wilson regarding the cost that was
21      required to purchase compute necessary for generative AI
22      research?
23      A.     Yes.
24      Q.     As part of your analysis, did you consider what
25      OpenAI's value would be today absent its strategic
```

Elon Musk v.          FINAL        December 5, 2025
Samuel Altman   HIGHLY CONFIDENTIAL  Paul Wazzan, Ph.D.

Page 228

1  partnership with Microsoft?
2  A.   No, that's not a necessary element of the
3  disgorgement analysis.
4  Q.   And why not?
5  A.   Because, as I understand it, the creation of
6  the for-profit is the challenged action here.  Any
7  profits that are generated therefrom, are subject to
8  disgorgement.  That's it.
9  Q.   So you assume that OpenAI would have the same
10  valuation as it has today in your counter factual?
11  A.   No, I don't.  There is no counter factual.
12  It's just the disgorgement of the profits that were
13  generated from the creation of the for-profit.
14  Q.   And is it your opinion that -- well, actually,
15  let me -- we'll come back to that.  What is your
16  understanding of the conduct that Microsoft engaged in
17  that is alleged to be wrongful in this case?
18  A.   I don't have a strong understanding of that,
19  other than I've assumed they're found to be liable, I've
20  assumed liability.  So whatever their conduct is -- and
21  my understanding is that -- from counsel that the remedy
22  for their actions is disgorgement.
23  Q.   Do you know whether Microsoft's 2019 investment
24  and commercial arrangement with OpenAI's for-profit
25  subsidiary is alleged to be wrongful?

JANE ROSE REPORTING         California Firm No. 254
1-800-825-3341         janerose@janerosereporting.com