MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA  90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

Attorneys for Plaintiffs Elon Musk
and X.AI Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN et al., <br><br> Defendants. | Case No. 4:24-cv-04722-YGR <br><br> **PLAINTIFF'S OPPOSITION TO MICROSOFT'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE DR. ARNOLD'S LITIGATION HISTORY** <br><br> Date:  March 13, 2026 <br> Time:  9:00 AM <br> Courtroom:  1 – 4th Floor <br> Judge:  Hon. Yvonne Gonzalez Rogers |

**INTRODUCTION**

Defendant Microsoft Corp. seeks to preclude Plaintiff from cross-examining Microsoft's damages expert, Dr. Jonathan Arnold, about prior litigation in which he asserted a fraud claim that lacked any factual basis and was ultimately sanctioned for pursuing the claim on appeal. The Court should deny that motion. This questioning is plainly proper under Rule 608(b), and Microsoft fails to justify exclusion under Rule 403.

**ARGUMENT**

**I.    ARNOLD'S LITIGATION HISTORY IS ADMISSIBLE UNDER RULE 608(b)**

Under Rule 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness," but "the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness." Fed. R. Evid. 608(b). Courts regularly permit cross-examination under that rule where a witness previously engaged in conduct that bears on the witness's character for truthfulness. *See, e.g.*, *United States v. Reid*, 634 F.2d 469, 473 (9th Cir. 1980) ("Appellant placed his credibility in issue when he took the witness stand. Cross-examination concerning the false statements in the letter was entirely proper to impeach appellant's general credibility."); *United States v. Durant*, 89 F. App'x 56, 60 (9th Cir. 2004) ("FRE 608(b) squarely permits the admission of evidence that [defendant] lied on a lease application and on a bankruptcy filing.").

That rule applies squarely here. Arnold previously pursued a fraud claim that multiple federal judges rejected as "frivolous" and "preposterous" because Arnold was well aware of the allegedly concealed fact: He accused someone of defrauding him when he plainly knew he had not been defrauded. Mot. Ex. A at 48:4-52:25; *Arnold v. Villarreal*, 853 F.3d 384, 386-87 (7th Cir. 2017) (recounting litigation). When Arnold appealed, the Seventh Circuit affirmed the judgment against him in a published opinion and ordered Arnold to pay sanctions for bringing the frivolous appeal. Mot. Ex. A at 53:1-54:24; *Arnold*, 853 F.3d at 389 ("There is no theory of justifiable reliance that could overcome the undisputed fact that [Arnold] knew [the allegedly concealed facts] . . . . Arnold has utterly failed to confront what two district judges recognized: that his fraud claims are not merely meritless but are frivolous.").

1

1  That litigation history is plainly "probative of [Arnold's] character for truthfulness or untruthfulness." Fed. R. Evid. 608(b). Microsoft urges that "[t]he sanctions order related to Dr. Arnold's pursuit of a frivolous appeal – not for making a false statement." Mot. at 3. But the ***reason*** the appeal was frivolous was that Arnold lacked any factual basis for his claim: He accused someone of defrauding him when he plainly knew he had not been defrauded. *See Arnold*, 853 F.3d at 386-87. Prior false accusations, like other false statements, fall squarely within the ambit of Rule 608(b). *Cf. Williams v. City of Long Beach*, No. 2:19-cv-05929, 2021 WL 9314952, at *6 (C.D. Cal. Dec. 27, 2021) (plaintiff was "entitled on cross-examination to inquire about specific instances of prior frauds, such as a past falsification of a police report, in order to undermine Officer Reyes's truthfulness"), *aff'd*, 2022 WL 59629 (C.D. Cal. Jan. 5, 2022).

Microsoft tries to blame the sanctions the Seventh Circuit imposed on bad legal advice Arnold received. Mot. at 3. But Arnold repeatedly admitted at his deposition that he authorized the filings his lawyer submitted. Mot. Ex. A at 51:18, 52:15. And as the Seventh Circuit's description of the events makes clear, even a layperson should have appreciated that Arnold's fraud claim lacked any factual basis. *See Arnold*, 853 F.3d at 386-87.

Finally, Microsoft's argument that Arnold's prior litigation is not "remotely related to his damages testimony" (Mot. at 2-3) ignores how Rule 608(b) works. Rule 608(b) evidence need not be (and normally is not) substantively relevant to the claims in the case. The evidence comes in because it is probative of the witness's truthfulness. Arnold, no less than any other witness, will "place[ ] his credibility in issue when he [takes] the witness stand." *Reid*, 634 F.2d at 473. He will invite the jury to accept his opinions as careful and objective analyses. The jury should be permitted to consider Arnold's prior litigation history when deciding whether to credit his opinions. In evaluating Arnold's testimony at trial, the jury may well find it relevant that Arnold is not always discriminating about what he asserts in court.

## II.  RULE 403 DOES NOT JUSTIFY PRECLUDING ARNOLD'S LITIGATION HISTORY

Microsoft seeks to preclude Plaintiff's questioning under Rule 403. But that rule applies only when the evidence's "probative value is ***substantially outweighed*** by a danger of . . . unfair

2

prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time." Fed. R. Evid. 403 (emphasis added). Microsoft has not made that showing.

Arnold's litigation history is highly probative Rule 608(b) evidence. That history relates specifically to false accusations made *in court* and thus is uniquely probative of Arnold's credibility in judicial proceedings. And unlike cases involving mere allegations of untruthfulness, *five federal judges* have now found that Arnold's fraud accusations were so wholly lacking in factual basis that they were "preposterous" or "frivolous." Mot. Ex. A at 48:4-54:18. The fact that those are *judicial* findings increases their probative value. *See Zucchella v. Olympusat, Inc.*, No. 19-cv-7335, 2023 WL 2633947, at *4 (C.D. Cal. Jan. 10, 2023) (collecting cases admitting "prior judicial findings on a witness's credibility").

There is no risk that this questioning will "distract" or "confuse" the jury. Mot. at 3. Plaintiff anticipates devoting only a few questions to this topic and does not seek to introduce any extrinsic evidence. And there is no risk that the jury will consider Arnold's prior litigation history for some purpose other than his credibility, precisely because the prior litigation is so clearly unrelated to the present dispute. Microsoft's categorial claim that "[e]vidence of sanctions against an expert witness is inadmissible under Federal Rules of Evidence 608(b) and 403" plainly is not the law. Mot. at 4. The only case Microsoft cites for that dubious proposition, *Barten v. State Farm Mutual Automobile Insurance Co.*, No. 12-cv-399, 2015 WL 11111309 (D. Ariz. Apr. 8, 2015), involved a discovery sanction for failure to produce financial documents, and the court was unable to determine whether the order had any bearing on the expert's credibility at all. *See id.* at *3-4 ("The nature of the non-compliance is insufficiently clear from the order to determine that it is relevant or probative of [the expert's] truthfulness or untruthfulness.").

Unable to show that Plaintiff's modest questioning would threaten distraction, confusion, or other prejudice, Microsoft argues that *Arnold's responses* may implicate those concerns because Arnold supposedly may want to "provide the full context" of his earlier litigation. Mot. at 4:17. That is not a proper basis for precluding the questioning. Plaintiff plans to elicit only the facts that Arnold asserted a fraud claim against a defendant, that multiple courts determined that the claim was preposterous and frivolous because Arnold knew he had not been defrauded, and that Arnold

3

was ultimately sanctioned for pursuing the claim on appeal. While Arnold may try to mitigate his actions on the theory that the contentious and personal nature of the prior litigation clouded his judgment (*see* Mot. Ex. A at 56:4-57:4), that is not a valid defense for filing factually baseless claims (as the Seventh Circuit's sanctions make clear). Nor does that theory explain why Arnold needs to get into the ***details*** of his prior litigation. Arnold can simply respond that the contentious and personal nature of the prior litigation affected his judgment and leave it at that. Witnesses should not be permitted to avoid legitimate Rule 608(b) questioning by threatening to bring up gratuitous and distracting details in response to otherwise proper questions.

## CONCLUSION

The Court should deny Microsoft's motion.

Dated: February 25, 2026

MOLOLAMKEN LLP

By:     /s/ Steven F. Molo
Steven F. Molo (*pro hac vice*)

Marc Toberoff (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

Robert K. Kry (*pro hac vice*)
Jennifer M. Schubert (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*