MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA  90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al.,<br><br>             Plaintiffs,<br><br>     v.<br><br>SAMUEL ALTMAN et al.,<br><br>             Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**PLAINTIFF'S OPPOSITION TO MICROSOFT'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE DEAN SCHIZER'S TESTIMONY RELATED TO MICROSOFT'S CONDUCT**<br><br>Date:  March 13, 2026<br>Time:  9:00 AM<br>Courtroom:  1 – 4th Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |

**INTRODUCTION**

Defendant Microsoft Corp. seeks to preclude Plaintiff's expert on nonprofit custom and practice, Columbia Law School Dean Emeritus David Schizer, from offering any testimony that may reflect negatively on Microsoft's conduct, even when the testimony is plainly relevant to whether OpenAI departed from nonprofit custom and practice. The Court should deny that motion. Plaintiff has repeatedly made clear that Dean Schizer will testify only about whether OpenAI departed from nonprofit custom and practice, not about whether Microsoft departed from custom and practice for *for-profit* entities. The mere fact that Dean Schizer's opinions about OpenAI's conduct may incidentally cast Microsoft in a negative light is not a proper basis to exclude his otherwise relevant and appropriate testimony.

**ARGUMENT**

Dean Schizer is an expert on nonprofit custom and practice. From 2004 to 2014, he led Columbia Law School, a nonprofit educational institution. Mot. Ex. A ¶¶ 4-5. From 2017 through 2019, Dean Schizer was the CEO of the American Jewish Joint Distribution Committee, an international nonprofit humanitarian organization serving vulnerable populations across the globe. *Id.* ¶ 6. He has studied nonprofits in his academic research. *Id.* ¶ 8. And he is the author of *How to Save the World in Six (Not So Easy) Steps: Bringing Out the Best in Nonprofits*, a book that provides guidance on effective nonprofit management and governance. *Id.* ¶ 7. Dean Schizer's opinions in this case describe nonprofit custom and practice, particularly with respect to for-profit affiliates or for-profit partners, and address whether certain actions that OpenAI took depart from that nonprofit custom and practice. *See, e.g., id.* ¶ 3. Plaintiff has repeatedly confirmed to Microsoft that "Dean Schizer will opine on whether OpenAI departed from custom and practice for nonprofits, not on whether Microsoft departed from custom and practice for for-profits." Mot. Ex. C.

Microsoft acknowledges that Dean Schizer's expert report reflects "a nonprofit-focused methodology and provide[s] no guidelines for for-profit conduct." Mot. at 3. Microsoft's motion does not object to a *single line* of that report. Instead, in an effort to gin up a nonexistent controversy, Microsoft points to three instances in Dean Schizer's deposition where *Microsoft's counsel* asked Dean Schizer plainly improper questions that sought to elicit opinions beyond the

1

scope of his report.  *See* Mot. Ex. B at 299:12-20 ("Q. Did Microsoft do anything wrong in negotiating for the IP rights it negotiated for in any of the JDCAs?"); *id.* at 304:14-24 ("Q. Was it improper [for Microsoft] to offer to hire additional OpenAI employees?"); *id.* at 306:21-307:18 ("Q. Do you – do you think that Microsoft did anything wrong in suggesting board members to OpenAI, to Sam or Bret Taylor?").

That questioning is not a proper basis for a motion *in limine*.  The opinions that Dean Schizer plans to offer at trial are the opinions in his ***expert report***, not responses to deposition questions that improperly sought his views on ***different*** topics.  Even in those responses, Dean Schizer emphasized that his focus was on OpenAI's conduct.  For example, when asked whether "Microsoft [did] anything wrong in negotiating for the IP rights it negotiated for," Dean Schizer replied: "[M]y impression is that [Microsoft] got a really, really, really good deal.  ***And I have questions about why OpenAI agreed to it, but my focus is on OpenAI.***"  Mot. Ex. B at 299:12-20 (emphasis added).  That response confirms that Dean Schizer's focus is on whether OpenAI departed from nonprofit custom and practice by failing to protect the nonprofit's economic interests, not on whether Microsoft acted wrongfully by extracting an overly generous deal.

To the extent Microsoft is seeking to preclude any testimony on these topics even to the extent they relate to ***OpenAI's*** conduct, the Court should reject its argument.  OpenAI's interactions with its for-profit partner are highly relevant, and there is no basis for excluding the testimony merely because it might incidentally cast a negative light on Microsoft's actions.  For example, the fact that OpenAI gave Microsoft a "really, really, really good deal" in its IP licensing agreements is highly relevant to whether OpenAI departed from nonprofit custom and practice by failing to protect the nonprofit's economic interests in transactions with its for-profit partner.  Mot. Ex. B at 299:12-20.  The fact that OpenAI allowed Microsoft to participate in deliberations over who to appoint to its nonprofit board by proposing, vetoing, and vetting particular candidates was also a stark departure from nonprofit practice.  *Id.* at 306:21-307:18.  And the fact that OpenAI actively encouraged Microsoft's offer to hire away OpenAI's entire workforce in order to exert pressure on the nonprofit board to reinstate Sam Altman as CEO was an egregious departure from nonprofit governance norms.  *Id.* at 304:14-24.

All of that testimony is highly relevant to whether OpenAI subordinated its nonprofit mission to the interests of its for-profit partner in order to advance its transformation into a commercial enterprise. Microsoft should not be permitted to hamstring Dean Schizer's testimony about those important topics by raising contrived concerns that Dean Schizer might stray into opinions about the propriety of Microsoft's own conduct that appear nowhere in his expert report.

## **CONCLUSION**

The Court should deny Microsoft's motion.

Dated: February 25, 2026

MOLOLAMKEN LLP

By:    */s/  Steven F. Molo*
Steven F. Molo (*pro hac vice*)

Marc Toberoff (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA  90265
Telephone: (310) 246-3333

Robert K. Kry (*pro hac vice*)
Jennifer M. Schubert (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*