MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN et al., <br><br> Defendants. | Case No. 4:24-cv-04722-YGR <br><br> **PLAINTIFF'S OPPOSITION TO MICROSOFT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE TESTIMONY OF DR. PAUL WAZZAN** <br><br> Date: March 13, 2026 <br> Time: 9:00 AM <br> Courtroom: 1 – 4th Floor <br> Judge: Hon. Yvonne Gonzalez Rogers |

**INTRODUCTION**

Defendant Microsoft Corp. seeks to preclude Plaintiff's expert Dr. C. Paul Wazzan from testifying as to the amount of wrongful gains Microsoft derived from Musk's contributions. The Court should deny that motion. Microsoft's motion repeats the exact same arguments Defendants already made in their pending *Daubert* motion. Dkts. 394-2, 397. Those arguments are no more persuasive the second time around. Microsoft simply ignores that aiding and abetting is a **_derivative_** claim that renders the aider and abettor liable for the **_primary_** violator's misconduct. The Court should therefore deny both Microsoft's latest motion *in limine* and Defendants' pending *Daubert* motion.

**ARGUMENT**

**I.    MICROSOFT'S MOTION IS DUPLICATIVE**

Microsoft's motion *in limine* rehashes – at times verbatim – the same argument that Defendants already made in their pending *Daubert* motion. In that prior motion, Defendants argued that "Wazzan's methodology does not tie the purported enrichment to the alleged wrongdoing" because "[t]he Restatement of Torts makes clear that an aiding and abetting defendant can be accountable 'only for harm to which the aiding and abetting made a contribution.'" Dkt. 394-2 at 12. Defendants complained that Dr. Wazzan's "calculations do not tie any purported enrichment to specific Microsoft acts, much less analyze the timing and incremental impact (if any) of such acts." *Id.* Defendants then belabored that point in their *Daubert* reply, urging that "[a]n aiding-and-abetting defendant is liable 'only for harm to which the aiding and abetting made a contribution.'" Dkt. 397 at 6 (citing same Restatement provision). Microsoft now repeats those exact same arguments in its motion *in limine*, urging that "an aiding-and-abetting defendant is liable 'only for harm to which the aiding and abetting **_made a contribution_**'" and that "Wazzan's methodology does not and cannot measure what amount of Microsoft's purportedly wrongful gains are the result of Microsoft's conduct." Mot. at 3-4.

Microsoft's motion *in limine* is thus an improper attempt to rehash arguments that Microsoft already made in a prior motion. That alone justifies denial. *See Apodaca v. Eaton Corp.*, No. 2:20-CV-01064-TL, 2023 WL 2242146, at *2 (W.D. Wash. Feb. 27, 2023) (denying motion *in limine*

1

1  based on previous denial of *Daubert* motion asserting same grounds).

2  **II.     DR. WAZZAN'S OPINIONS ARE ADMISSIBLE**

Microsoft's motion is not only redundant but wrong. Dr. Wazzan's disgorgement analysis properly holds Microsoft responsible for the wrongful gains that Microsoft derived from OpenAI's breaches of charitable trust. Dr. Wazzan was not required to separate out the portion of wrongful gains that derived specifically from Microsoft's *assistance* to OpenAI's breaches.

Microsoft simply ignores that aiding and abetting is a secondary liability claim. "Liability based on an aiding and abetting . . . theory is . . . 'derivative,' i.e., liability is imposed on one person for the direct acts of another." *Richard B. LeVine, Inc. v. Higashi*, 131 Cal. App. 4th 566, 579 (2005). The aider and abettor "st[ands] in [the] shoes" of the primary violator. *Pham v. Nguyen*, No. H047433, 2022 WL 1101750, at *4 (Cal. Ct. App. Apr. 13, 2022). For that reason, aiders and abettors are ***jointly and severally liable*** for the consequences of the wrongful conduct they assist. *See* Dan B. Dobbs et al., The Law of Torts § 435 (2d ed.) ("One who knowingly provides substantial aid or encouragement to another's commission of a tort is . . . jointly and severally liable for it along with the person who actually carries out the tortious acts."); *Pham*, 2022 WL 1101750, at *4 ("Olivia, as an aider and abettor, was responsible for the conduct of [the primary violator] . . . and as such, was jointly and severally liable."); *Frame v. PricewaterhouseCoopers LLP*, 36 Cal. Rptr. 3d 209, 223 (Ct. App. 2005) ("As an aider and abettor, PwC would be jointly and severally liable to the victims of the fraud . . . .").

Microsoft's motion ignores those principles. If the jury finds that Microsoft aided and abetted OpenAI's breach of charitable trust, Microsoft is derivatively liable for the consequence of ***OpenAI's*** breach. For disgorgement purposes, that means Microsoft must disgorge the wrongful gains that Microsoft derived from ***OpenAI's*** breach, not merely the wrongful gains Microsoft derived from ***Microsoft's assistance*** to OpenAI's breach. Microsoft's contrary argument completely ignores the secondary and derivative nature of aiding and abetting claims.

Microsoft's citation to the Restatement does not help it in the least. The Restatement confirms that aiding and abetting is "a form of secondary liability" in which "a defendant is held liable for the tort that was aided and abetted" and "is subject to 'secondary' liability for what the

1  primary wrongdoer has done." Restatement (Third) of Torts: Liab. for Econ. Harm § 28 cmt. a (2020). The comment Microsoft quotes explains that an aider and abettor "can be held to account . . . only for **harm to which the aiding and abetting made a contribution**." *Id.* cmt. e (emphasis added). It does not say that the aider and abettor may be held liable only for harm caused by the ***contribution itself***. The Restatement is thus fully consistent with the settled secondary liability principles explained above.

Dr. Wazzan's calculation of Microsoft's wrongful gains faithfully applies those principles. First, Dr. Wazzan calculates the amount Microsoft gained from its investments in OpenAI's for-profit entity by measuring the increase in value of Microsoft's investments minus the cost of the investments. Mot. Ex. A ¶¶ 104-105. Dr. Wazzan then calculates the portion of those gains that are attributable to Musk's contributions to the nonprofit (and thus attributable to OpenAI's breach of charitable trust). *Id.* That calculation yields $13.30 to $25.06 billion – the portion of Microsoft's gains that are attributable to OpenAI's misconduct. Mot. Ex. B.

Microsoft faults Dr. Wazzan for not analyzing "how the conduct Microsoft is alleged to have engaged in provided substantial assistance to OpenAI's purported breach of charitable trust." Mot. at 3. But that is the jury's job, not Dr. Wazzan's. Once the jury finds that Microsoft aided and abetted OpenAI's wrongful conduct, Microsoft is secondarily liable for OpenAI's wrongdoing. Dr. Wazzan's only task at that point is to determine how much Microsoft wrongfully gained from the misconduct ***by OpenAI*** that it aided and abetted.[1]

## CONCLUSION

The Court should deny Microsoft's motion.

---

[1] Microsoft invokes Rule 403 in passing. Mot. at 3. But Dr. Wazzan will not "confus[e] the issues, mislead[ ] the jury, [or cause] unfair prejudice to Microsoft" by providing legally correct testimony that properly computes Microsoft's wrongful gains. *Id.*

1  Dated: February 25, 2026                    MOLOLAMKEN LLP

                                        By:    /s/ Steven F. Molo
                                               Steven F. Molo (*pro hac vice*)

                                               Marc Toberoff (CA SBN 188547)
                                               MToberoff@toberoffandassociates.com
                                               TOBEROFF & ASSOCIATES, P.C.
                                               23823 Malibu Road, Suite 50-363
                                               Malibu, CA  90265
                                               Telephone: (310) 246-3333

                                               Robert K. Kry (*pro hac vice*)
                                               Jennifer M. Schubert (*pro hac vice*)
                                               MOLOLAMKEN LLP
                                               430 Park Avenue
                                               New York, NY  10022
                                               Telephone: (212) 607-8160

                                               *Attorneys for Plaintiffs Elon Musk and X.AI Corp.*