1  JORDAN ETH (CA SBN 121617)
   JEth@mofo.com
2  WILLIAM FRENTZEN (CA SBN 343918)
   WFrentzen@mofo.com
3  DAVID J. WIENER (CA SBN 291659)
   DWiener@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, CA 94105
   Telephone:    (415) 268-7000
6  Facsimile:     (415) 268-7522

7  WILLIAM SAVITT (admitted *pro hac vice*)
   WDSavitt@wlrk.com
8  BRADLEY R. WILSON (admitted *pro hac vice*)
   BRWilson@wlrk.com
9  SARAH K. EDDY (admitted *pro hac vice*)
   SKEddy@wlrk.com
10 STEVEN WINTER (admitted *pro hac vice*)
   SWinter@wlrk.com
11 NATHANIEL CULLERTON (admitted *pro hac vice*)
   NDCullerton@wlrk.com
12 WACHTELL, LIPTON, ROSEN & KATZ
   51 West 52nd Street
13 New York, NY 10019
   Telephone:    (212) 403-1000
14 Facsimile:     (212) 403-2000

15 *Attorneys for Defendants Samuel Altman, Gregory Brockman,*
   *OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
16 *OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
   *OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
17 *OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
   *OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
18 *OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
   *OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
19 *OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
   *Aestas Management Company, LLC, and Aestas LLC*
20

21              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
22                  OAKLAND DIVISION

23 | ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
   | | |
24 | Plaintiffs, | **OPENAI DEFENDANTS' OPPOSITION** |
   | | **TO PLAINTIFF'S MOTION IN LIMINE** |
   | v. | **NO. 5** |
25 | | |
   | SAMUEL ALTMAN, et al., | Date:  March 13, 2026 |
26 | | Time:  9:00 AM |
   | Defendants. | Courtroom:  1 – 4th Floor |
27 | | Judge:  Hon. Yvonne Gonzalez Rogers |

**INTRODUCTION**

At trial, Musk plans to argue that OpenAI abandoned its nonprofit character and mission, including by establishing a for-profit affiliate and entering into commercial arrangements with Microsoft. Musk's fifth motion *in limine* seeks to preclude—before any evidence has been presented—two of the OpenAI Defendants' experts from testifying to help rebut that charge.

The motion should be denied. It mischaracterizes the expert testimony that the OpenAI Defendants may offer, and ignores repeated rulings from this Court denying similar premature motions. *E.g.*, *Corcoran* v. *CVS Pharmacy, Inc.*, 2021 WL 633809, at *2 (N.D. Cal. Feb. 18, 2021) (Rogers, J.); *Rogers* v. *Terex Utils., Inc.*, 2022 WL 16544856, at *3 (N.D. Cal. Sept. 21, 2022). It also ignores those rulings' admonitions that (i) testimony from multiple experts is not "cumulative" where, as here, similar topics are "addressed from different perspectives," and (ii) the Court's imposition of "time limits at trial" will "curb the threat of duplicative testimony." *Id.*

**BACKGROUND**

The OpenAI Defendants designated two experts to address particular aspects of nonprofit custom and practice. Professor Daniel Hemel, the John R. Shad Professor of Law at New York University School of Law, will offer testimony about the ways in which nonprofit organizations customarily engage with the for-profit sector, including through the use of for-profit affiliates and IP licensing arrangements.

The OpenAI Defendants also expect to offer testimony from Professor Peter Frumkin, the Director of the Gradel Institute of Charity at Oxford University and a Chair in Social Policy at the University of Pennsylvania's School of Social Policy and Practice. Specializing in philanthropy and nonprofit management, Professor Frumkin brings a different perspective to these issues, through his work with nonprofit leaders and managers on strategies to advance their nonprofit missions. Professor Frumkin will offer testimony about the broader trend of nonprofits adopting hybrid organizational models, including to raise needed capital, attract and retain key talent, and engage with consumers and markets. The OpenAI Defendants expect these examinations to be concise, to the point, and helpful to the jury in evaluating Musk's claims.

Musk intends to offer expert testimony from David Schizer, a tax professor and former dean of Columbia Law School. Dean Schizer is expected to offer opinions concerning numerous aspects of Musk's case, including purported nonprofit custom and practice across a sweeping range of issues: adherence to mission; asset protection and economic terms in affiliate transactions; CEO oversight and removal; board independence, composition, and selection; and corporate governance.

The OpenAI Defendants have designated Professor Hemel as a rebuttal expert to respond to many of Dean Schizer's claims. Because Dean Schizer's report also wades into corporate-governance and transaction-structuring issues, including dealmaking and board process, the OpenAI Defendants designated John Coates—the John F. Cogan Professor of Law and Economics at Harvard Law School—as a rebuttal expert, to the extent needed after Dean Schizer is examined in Musk's case. Professor Coates is a leading expert in those subjects, with experience spanning both the for-profit and nonprofit sectors.

The OpenAI Defendants presently estimate that their examinations of Professors Hemel, Frumkin, and Coates would consume a total of 1.25 hours of their allotted trial time, if the decision is made during trial (and after Musk rests) to call all three experts in their case.

## ARGUMENT

While "[t]he Court retains discretion to exclude cumulative expert testimony," *Kirola* v. *City & Cnty. of S.F.*, 2010 WL 3476681, at *12 (N.D. Cal. Sept. 2, 2010), "[e]vidence should not be excluded on a motion *in limine*" before trial "unless it is inadmissible on all potential grounds," *Johnson* v. *Nat. Gas Fuel Sys., Inc.*, 2024 WL 5047209, at *1, *4 (E.D. Cal. Dec. 9, 2024).

"The fact that multiple witnesses may offer similar opinions is not in and of itself cumulative, particularly if the same topic is addressed from different perspectives." *Corcoran* v. *CVS Pharmacy, Inc.*, 2021 WL 633809, at *2 (N.D. Cal. Feb. 18, 2021); *see also, e.g.*, *Hernandez* v. *Sutter Med. Center of Santa Rosa*, 2009 WL 1227903, at *2 (N.D. Cal. May 1, 2009) ("the anticipated testimony from Defendant's three experts will not be duplicative within the meaning of Rule 403" because "the basis and perspective of their respective opinions are predicated specifically on their particular areas of expertise"). That "the Court has imposed time limits to ensure that the parties are being efficient with the presentation of evidence," *Corcoran*, 2021 WL 633809, at *2,

is another bulwark against the "threat" of "duplicative testimony." *Rogers* v. *Terex Utils., Inc.*, 2022 WL 16544856, at *3 (N.D. Cal. Sept. 21, 2022); *see also In re Apple Inc. Secs. Litig.*, 2023 WL 4556765, at *7 (N.D. Cal. July 17, 2023) ("Parties' trial strategy allows for multiple experts and decisions made later with respect to which expert will testify as to which issues at trial.").

For these reasons, courts in this District, including this Court, routinely reject attempts—like Musk's here—to preclude purportedly duplicative expert testimony before trial: "It would therefore be premature for the Court to conclude that the testimony is cumulative when such evidence has yet to be presented." *Corcoran*, 2021 WL 633809, at *2 (denying motion *in limine* to "limit[] defendant to only one expert on the grounds that the proffered testimony from its three expert witnesses" is "duplicative"); *see also Rogers*, 2022 WL 16544856, at *3 (denying motion as premature); *In re Apple Inc. Secs. Litig.*, 2023 WL 4556765, at *7 (Rogers, J.) (same); *Apple iPod iTunes Antitrust Litig.*, 2014 WL 12719192, at *1 (Rogers, J.) (N.D. Cal. Nov. 18, 2014) (same); *Hernandez*, 2009 WL 1227903, at *2 (same).[1]

The Court should do the same here. *First*, the testimony is not cumulative. As explained, Professors Hemel and Frumkin address these matters "from different perspectives," *Corcoran*, 2021 WL 633809, at *2, with Professor Hemel drawing on his expertise in nonprofit structures, and Professor Frumkin on his research in philanthropy and work with nonprofit managers. And Professor Coates is designated only as a rebuttal witness, if needed, to respond to Dean Schizer's potential testimony on matters relating to corporate governance and dealmaking. *Second*, the parties' time limits "will curb the threat of duplicative testimony," ensuring that the presentation of evidence remains efficient. Given these time constraints, the OpenAI Defendants have neither the intention nor the incentive to offer duplicative testimony. *Third*, it would be "premature for the Court to conclude that the testimony is cumulative when such evidence has yet to be presented,"

---

[1] Musk's citations are misleading and inapposite. For example, Musk cites *Davis* v. *Mason Cnty.*, 927 F.2d 1473, 1484 (9th Cir. 1991), for the proposition that, under Federal Rule of Evidence 403, the Court "'has broad discretion' to exclude needlessly cumulative evidence." Mot. 1. What the Ninth Circuit actually said in *Davis* was that "[a] trial court has broad discretion *in admitting and* excluding expert testimony." *Id.* at 1484 (emphasis added). And the motion on appeal in *Rogers* v. *Raymark Indus., Inc.*, 922 F.2d 1426 (9th Cir. 1991), was granted *during* trial.

and any decisions whether to call Professors Hemel, Frumkin, and Coates—and on which issues—will necessarily depend on what occurs at trial.

\*        \*        \*

The Court should deny Musk's motion. Musk—like the OpenAI Defendants—will be free to raise any appropriate objections at trial, including objections that any testimony is cumulative.

Date:  February 25, 2026

MORRISON & FOERSTER LLP

*/s/ Jordan Eth*

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for the OpenAI Defendants*

4