1  MARC TOBEROFF (CA SBN 188547)
   MToberoff@toberoffandassociates.com
2  TOBEROFF & ASSOCIATES, P.C.
   23823 Malibu Road, Suite 50-363
3  Malibu, CA 90265
   Telephone: (310) 246-3333
4
5  STEVEN F. MOLO (*pro hac vice*)
   ROBERT K. KRY (*pro hac vice*)
   JENNIFER M. SCHUBERT (*pro hac vice*)
6  MOLOLAMKEN LLP
   430 Park Avenue
7  New York, NY  10022
   Telephone: (212) 607-8160
8
9  *Attorneys for Plaintiffs Elon Musk*
   *and X.AI Corp.*
10
11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    OAKLAND DIVISION

14  ELON MUSK et al.,                    Case No. 4:24-cv-04722-YGR

15              Plaintiffs,              **PLAINTIFF'S STATEMENT OF**
                                         **ELEMENTS OF PROOF AND**
16        v.                             **SUMMARY OF EVIDENCE**

17  SAMUEL ALTMAN et al.,                Date:  March 13, 2026
                                         Time:  9:00 AM
18              Defendants.              Courtroom:  1 – 4th Floor
                                         Judge:  Hon. Yvonne Gonzalez Rogers
19
20
21
22
23
24
25
26
27
28

Pursuant to Section 2(a)(i) of the Court's Standing Order re: Pretrial Instructions in Civil Cases (last updated March 17, 2025), Plaintiff Elon Musk submits the following statement of elements of proof and summary of evidence supporting his claims.

## I.    FIRST CLAIM:  BREACH OF CHARITABLE TRUST
(against Altman, Brockman, and OpenAI, Inc.)

### A.    Elements of Proof

Plaintiff must prove (1) that Musk's contributions of money or other resources to Altman, Brockman, or OpenAI gave rise to a charitable trust; and (2) that Altman, Brockman, or OpenAI breached the terms of the charitable trust.

Plaintiff may prove the existence of a charitable trust in two ways:  (1) by showing that Musk made contributions to OpenAI for a charitable purpose and that he manifested an intention that OpenAI use the contributions for that charitable purpose; or (2) by showing that Altman, Brockman, or OpenAI solicited charitable donations from Musk and then accepted his charitable donations.

To show a breach of charitable trust, Plaintiff must prove that Altman, Brockman, or OpenAI used Musk's contributions for purposes different from the charitable purposes for which Musk contributed them.

### B.    Summary of Anticipated Evidence

Plaintiff intends to prove Musk's monetary contributions primarily through the testimony of Elon Musk and his financial advisor Jared Birchall, contemporaneous financial records reflecting the contributions, OpenAI's tax records, and contemporaneous emails among various parties involved in the contributions.  Plaintiff expects to prove Musk's non-monetary contributions primarily through the testimony of Elon Musk, other OpenAI founders including Ilya Sutsekever, and Satya Nadella; and emails, texts, and other contemporaneous documents reflecting or discussing the non-monetary contributions.

Plaintiff intends to prove Musk's manifestation of his charitable purpose primarily through the testimony of Elon Musk, contemporaneous emails among OpenAI's founders, and OpenAI's formation documents, including its certificate of incorporation and charitable registration.

Plaintiff intends to prove Altman, Brockman, and OpenAI's solicitation of charitable

1  contributions primarily through the testimony of Elon Musk and Jared Birchall and

2  contemporaneous emails.

3       Plaintiff intends to prove Altman, Brockman, and OpenAI's breaches of OpenAI's charitable

4  trust primarily through the testimony of Greg Brockman, Helen Toner, Tasha McCauley, Rosie

5  Campbell, Satya Nadella, Ilya Sutskever, Mira Murati, and corporate representatives of OpenAI and

6  Microsoft; contemporaneous emails sent by or among the foregoing; Brockman's personal journal;

7  OpenAI's investment and commercial agreements with Microsoft; and other contemporaneous

8  documents.  Plaintiff also intends to rely on the expert testimony of Professor David Schizer, former

9  dean of Columbia Law School, to prove that OpenAI's for-profit actions departed from custom and

10  practice for nonprofit governance.

11
## II.       SECOND CLAIM:  UNJUST ENRICHMENT
12              (against Altman, Brockman, and the other OpenAI Defendants)

13       **A.       Elements of Proof**

14       Plaintiff must prove (1) receipt of a benefit; and (2) unjust retention of the benefit at the

15  expense of another.

16       To show that Altman, Brockman, or OpenAI's retention of the benefits derived from Musk's

17  contributions is unjust, Plaintiff must prove (1) that Altman, Brockman, or OpenAI knew or had

18  reason to know that Musk provided the contributions to OpenAI on the understanding that they

19  would be used for a charitable purpose; and (2) that Altman, Brockman, or OpenAI was unjustly

20  enriched when they instead used Musk's contributions for purposes different from the charitable

21  purposes for which he gave them.

22       **B.       Summary of Anticipated Evidence**

23       Plaintiff intends to prove that Altman, Brockman, and OpenAI received a benefit through

24  the same evidence showing that Musk made contributions of monetary and non-monetary benefits

25  to OpenAI summarized in the First Claim above.

26       Plaintiff intends to prove that Altman, Brockman, and OpenAI knew or had reason to know

27  of Musk's charitable purpose through the same evidence showing Musk's manifestation of his

28  charitable purpose summarized in the First Claim above.

2

Plaintiff intends to prove that Altman, Brockman, and OpenAI used Musk's contributions for purposes different from the charitable purposes for which Musk gave them through the same evidence showing Altman, Brockman, and OpenAI's breach of charitable trust summarized in the First Claim above.

### III.   THIRD CLAIM:  FRAUD
### (against Altman, Brockman, and OpenAI, Inc.)

#### A.   Elements of Proof

Plaintiff must prove (1) that Altman, Brockman, and OpenAI made one or more promises to Musk; (2) that Altman, Brockman, or OpenAI did not intend to perform the promise when it was made; (3) that Altman, Brockman, or OpenAI intended that Musk rely on the promise; (4) that Musk relied on the promise; (5) that Musk's reliance on the promise was reasonable; and (6) that Altman, Brockman, or OpenAI did not perform the promised acts.

#### B.   Summary of Anticipated Evidence

Plaintiff intends to prove that Altman, Brockman, and OpenAI made promises to Musk primarily through the testimony of Elon Musk and Greg Brockman; contemporaneous emails sent by Altman, Brockman, or Shivon Zilis; and Brockman's personal journal.

Plaintiff intends to prove that Altman, Brockman, and OpenAI did not intend to perform their promises primarily through Brockman's personal journal and emails sent by Altman or Microsoft.

Plaintiff intends to prove that Altman, Brockman, and OpenAI intended that Musk rely on the promises primarily through the testimony of Elon Musk and other contemporaneous emails and documents.

Plaintiff intends to prove that Musk reasonably relied on Altman, Brockman, and OpenAI's promises primarily through the testimony of Elon Musk and contemporaneous emails sent by Altman.

Plaintiff intends to prove that Altman, Brockman, and OpenAI did not perform the promised acts primarily through the same evidence showing Altman, Brockman, and OpenAI's breach of charitable trust summarized in the First Claim above.

3

## IV.    FOURTH CLAIM:  CONSTRUCTIVE FRAUD
### (against Altman, Brockman, and OpenAI, Inc.)

### A.    Elements of Proof

Plaintiff must prove (1) that Altman, Brockman, or OpenAI had a fiduciary relationship with Musk; (2) that Altman, Brockman, or OpenAI had a fiduciary obligation to use Musk's contributions for the charitable purpose for which they were sought; (3) that Altman, Brockman, or OpenAI knew or should have known that the contributions would not be used for the purpose for which they were sought; (4) that Altman, Brockman, or OpenAI misled Musk by providing information that was inaccurate or incomplete; (5) that Musk relied on the inaccurate or incomplete information; (6) that Musk's reliance was reasonable; and (6) that Altman, Brockman, or OpenAI did not perform the promised acts.

Plaintiff may show a fiduciary obligation to use Musk's contributions for a charitable purpose by showing either (1) that Musk made contributions to OpenAI for a charitable purpose and manifested the intention that OpenAI use the contributions for that charitable purpose; or (2) that Altman, Brockman, or OpenAI solicited charitable donations from Musk and then accepted Musk's charitable donations.

Unlike Musk's claim for actual fraud, Musk's constructive fraud claim does not require Musk to prove that Altman, Brockman, or OpenAI intentionally deceived him.

### B.    Summary of Anticipated Evidence

Plaintiff intends to prove the fiduciary relationship and fiduciary obligations by showing that he made contributions to OpenAI for a charitable purpose and manifested the intention that OpenAI use the contributions for that charitable purpose through the same evidence summarized in the First Claim above.  Plaintiff intends to prove that Altman, Brockman, and OpenAI solicited charitable donations from Musk and then accepted Musk's charitable donations through the same evidence summarized in the First Claim above.

Plaintiff intends to prove that Altman, Brockman, and OpenAI knew or should have known that the contributions would not be used for the purpose for which they were sought primarily through Brockman's personal journal and emails sent by Altman or Microsoft.

4

Plaintiff intends to prove that Altman, Brockman, and OpenAI intended that Musk rely on the promises primarily through the testimony of Elon Musk and other contemporaneous emails and documents.

Plaintiff intends to prove that Altman, Brockman, or OpenAI misled Musk by providing information that was inaccurate or incomplete primarily through the testimony of Elon Musk and Greg Brockman; contemporaneous emails sent by Altman, Brockman, or Shivon Zilis; and Brockman's personal journal.

Plaintiff intends to prove that Musk reasonably relied on Altman, Brockman, and OpenAI's promises primarily through the testimony of Elon Musk and contemporaneous emails sent by Altman.

Plaintiff intends to prove that Altman, Brockman, and OpenAI did not perform the promised acts primarily through the same evidence showing Altman, Brockman, and OpenAI's breach of charitable trust summarized in the First Claim above.

## V.     FIFTH CLAIM:  AIDING AND ABETTING BREACH OF CHARITABLE TRUST (against Microsoft)

### A.     Elements of Proof

Musk must prove (1) the existence of a charitable trust; (2) that Microsoft knew that Altman, Brockman, or OpenAI would breach their obligations by using charitable contributions for purposes different from the charitable purposes for which they were given; and (3) that Microsoft gave substantial assistance or encouragement to Altman, Brockman, or OpenAI.

### B.     Summary of Anticipated Evidence

Plaintiff intends to prove the existence of a charitable trust through the same evidence summarized in the First Claim above.

Plaintiff intends to prove that Microsoft knew that Altman, Brockman, and OpenAI would breach their obligations by using charitable contributions for purposes different from the charitable purposes for which they were given primarily through the testimony of Satya Nadella and Microsoft's corporate representative; contemporaneous emails sent by Nadella and other high-ranking Microsoft executives, internal presentations, due diligence materials, meeting notes, and

5

1   other documents showing Microsoft's knowledge of OpenAI's creation, nonprofit status, and

2   actions contrary to donor intentions; and the agreements between Microsoft and OpenAI.

3          Plaintiff intends to prove Microsoft's substantial assistance to Altman, Brockman, and

4   OpenAI's breach primarily through the testimony of Satya Nadella, Microsoft's corporate

5   representative, Ilya Sutskever, Mira Murati, Helen Toner, Tasha McCauley, and OpenAI's corporate

6   representative; OpenAI's investment and commercial agreements with Microsoft; emails and other

7   communications among Microsoft executives or between Microsoft and OpenAI; and emails, texts,

8   and public statements showing Microsoft's role in Altman's reinstatement as CEO after he was fired

9   by OpenAI's nonprofit board.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S STATEMENT OF ELEMENTS OF PROOF AND SUMMARY OF EVIDENCE
CASE NO.: 4:24-CV-04722-YGR