JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMUEL ALTMAN, et al.,<br><br>        Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**OPENAI DEFENDANTS' STATEMENT OF ELEMENTS OF PROOF AND SUMMARY OF EVIDENCE**<br><br>Date:  March 13, 2026<br>Time:  9:00 a.m.<br>Courtroom:  1 – 4th Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant to Section 2(a)(i) of the Court's Standing Order re: Pretrial Instructions in Civil Cases, the OpenAI Defendants submit the following statement of the elements of proof and summary of anticipated evidence supporting their defenses to Plaintiff's claims.

## I.   FIRST AFFIRMATIVE DEFENSE:  STATUTE OF LIMITATIONS

### A.   Elements of Proof

**Breach of Charitable Trust**

To establish this affirmative defense, Altman, Brockman, and OpenAI, Inc. must prove by a preponderance of the evidence that Plaintiff's claimed harm occurred before August 5, 2021. If they meet that burden, the claim is timely only if Plaintiff proves by a preponderance of the evidence that before that date he did not discover, and did not know of facts that would have caused a reasonable person to suspect, that he had suffered the claimed harm, and with reasonable diligence could not have discovered those facts.

**Unjust Enrichment**

To establish this affirmative defense, the OpenAI Defendants must prove by a preponderance of the evidence that Plaintiff's claimed harm occurred before August 5, 2022. If the OpenAI Defendants meet that burden, the claim is timely only if Plaintiff proves by a preponderance of the evidence that before that date he did not discover, and did not know of facts that would have caused a reasonable person to suspect, the claimed harm, and with reasonable diligence could not have discovered those facts.

**Fraud**

To establish this affirmative defense, Altman, Brockman, and OpenAI, Inc. must prove by a preponderance of the evidence that Plaintiff's claimed harm occurred before August 5, 2021. If they meet that burden, the claim is timely only if Plaintiff proves by a preponderance of the evidence that before that date he did not discover facts that would have caused a reasonable person to suspect the claimed fraud, and with reasonable diligence could not have discovered those facts.

**Constructive Fraud**

To establish this affirmative defense, Altman, Brockman, and OpenAI, Inc. must prove by a preponderance of the evidence that Plaintiff's claimed harm occurred before August 5, 2021. If

they meet that burden, the claim is timely only if Plaintiff proves by a preponderance of the evidence that before that date he did not discover facts that would have caused a reasonable person to suspect the claimed constructive fraud, and with reasonable diligence could not have discovered those facts.

### B. Summary of Anticipated Evidence

The OpenAI Defendants intend to prove, first, that the contributions grounding Plaintiff's claims were received and expended well before August 5, 2021. The evidence supporting this showing will include tax and donation records; contemporaneous communications about the contributions; testimony from Plaintiff and from his agent and representative, Jared Birchall; and testimony from expert witness Louis G. Dudney, who will explain that, except for rent-related contributions that continued through September 2020, the subject contributions were used to fund OpenAI, Inc.'s operating expenses and were no longer available to fund those expenses after late November 2017. The OpenAI Defendants' evidentiary showing on this point may also include testimony from OpenAI witnesses familiar with the contributions, including Altman and Chris Clark.

The OpenAI Defendants further intend to prove that, before August 5, 2021, Plaintiff was aware of, or reasonably should have suspected, the conduct he now complains constituted misuse of his contributions—including the creation of an OpenAI for-profit enterprise, related asset contributions, commercial partnership arrangements, and publication practices. The documentary evidence supporting this showing will include: (i) contemporaneous communications among Plaintiff, his agents and representatives, and the OpenAI Defendants regarding the 2018 creation of OpenAI's for-profit structure, related fundraising, and OpenAI's posture toward open-sourcing; (ii) publicly available materials describing the creation of OpenAI L.P., Microsoft's investments, related governance and operational changes, and OpenAI's open-sourcing practices; and (iii) Plaintiff's reactions to those materials on social media and otherwise. Testimony that information about changes to OpenAI's structure and Microsoft's investments was shared with Plaintiff in 2018 and thereafter will be offered from Altman, Brockman, Plaintiff, Birchall, Sam Teller, and Shivon Zilis.

## II. SECOND AFFIRMATIVE DEFENSE: LACHES

### A. Elements of Proof

To establish this affirmative defense, the OpenAI Defendants must prove by a preponderance of the evidence (i) that Plaintiff failed to bring this lawsuit for a period of time that amounts to an unreasonable delay and (ii) that Plaintiff's delay resulted in prejudice to the OpenAI Defendants.

### B. Summary of Anticipated Evidence

To prove that Plaintiff's delay in bringing this action was unreasonable, the OpenAI Defendants intend to offer the same evidence summarized above with respect to the statute of limitations defense.

To prove substantial prejudice, the OpenAI Defendants intend to offer evidence that they and third parties relied on the elements of OpenAI's organizational structure and commercial partnerships about which Plaintiff now complains in making substantial operational, investment, and commercial decisions; that the OpenAI Defendants' ability to defend against Plaintiff's claims has been impaired by the passage of time; and that the delay has increased the burdens associated with the relief Plaintiff now seeks. The OpenAI Defendants intend to make this showing principally through the testimony of Altman and OpenAI director Bret Taylor, as well as through testimony of Microsoft CEO Satya Nadella.

## III. THIRD AFFIRMATIVE DEFENSE: UNCLEAN HANDS

### A. Elements of Proof

To establish this affirmative defense, the OpenAI Defendants must prove by a preponderance of the evidence (1) that Plaintiff engaged in conduct that was not in good faith; (2) that the conduct was directly related to his claims; and (3) that the conduct resulted in prejudice to the OpenAI Defendants.

### B. Summary of Anticipated Evidence

To prove that Plaintiff engaged in inequitable conduct directly related to the claims and equitable relief he seeks in this action, the OpenAI Defendants will offer contemporaneous communications and other documents showing that, while still affiliated with and owing fiduciary duties to OpenAI, Inc., and during the period of his claimed contributions to OpenAI, Inc., Plaintiff

(i) advocated for a for-profit restructuring on terms that would have afforded him outsized control and a majority equity stake; (ii) sought to leverage OpenAI, Inc.'s resources and personnel to advance his own commercial enterprises; (iii) deployed and poached OpenAI, Inc. employees for the benefit of his for-profit companies and to the detriment of OpenAI, Inc.; and (iv) pressured OpenAI, Inc.'s leadership to abandon the organization and pursue artificial general intelligence at Tesla instead. The principal witnesses on this point are expected to be Altman, Brockman, Ilya Sutskever, Plaintiff, Teller, and Zilis.

To further establish that Plaintiff's inequitable conduct should preclude him from obtaining the relief he seeks in this action, which includes equitable constraints on OpenAI's structure, partnerships, and operations, the OpenAI Defendants will show that, after leaving OpenAI in February 2018, Plaintiff pursued actions designed to disrupt OpenAI's operations and economic relationships, including by (i) invoking his status as a former contributor and fiduciary to gain access to confidential information about OpenAI while covertly building a competitor; (ii) continuing his attempts to poach key OpenAI talent to his for-profit enterprises; and (iii) using public and private pressure campaigns to interfere with OpenAI's business, fundraising, and governance decisions, including by launching an unsolicited bid for OpenAI, Inc.'s assets in early 2025. To establish these facts, the OpenAI Defendants will offer communications and other documents evidencing Plaintiff's actions, as well as witness testimony, principally from Altman, Brockman, Sutskever, Taylor, Plaintiff, Birchall, and Zilis.

## IV.    PLAINTIFF CANNOT ESTABLISH ESSENTIAL ELEMENTS OF HIS CLAIMS

The OpenAI Defendants submit that Plaintiff will be unable to carry his burden of proof on essential elements of all his claims. The OpenAI Defendants maintain that Plaintiff's articulation of the elements of his claims is inaccurate in several respects, and refer the Court to the OpenAI Defendants' proposed jury instructions for the governing elements and standards applicable to each claim.

### A.    Breach of Charitable Trust

Plaintiff cannot carry his burden of proof with respect to his claim that Altman, Brockman, and OpenAI, Inc. breached the terms of any charitable trust: The contributions grounding Plaintiff's

claim did not create an enforceable charitable-trust restriction; the factual predicates for any trust-based theory are not satisfied; the donated funds were exhausted, meaning no enforceable trust existed at the time of the alleged breaches; Plaintiff can establish no misuse of any donation; and Plaintiff understood and consented to the manner in which the subject donations were used.

To show the circumstances of Plaintiff's donations and that no enforceable trust was created or in existence at the time of the alleged breaches, the OpenAI Defendants named in this claim will offer documentary evidence, including tax and donation records and contemporaneous communications about the contributions; testimony from Plaintiff and Birchall; and testimony from expert witness Dudney, who will explain that, except for rent-related contributions that continued through September 2020, the subject contributions were used to fund OpenAI, Inc.'s operating expenses and were no longer available to fund those expenses after late November 2017. The OpenAI Defendants' evidentiary showing on these points may also include testimony from OpenAI witnesses familiar with the contributions, including Altman and Clark.

To further show that no promises or specific restrictions accompanied Plaintiff's contributions, the OpenAI Defendants will establish that no witness other than Plaintiff recalls any such promise or restriction; that no document evidences such a promise or restriction; that documents reflecting relevant witnesses' contemporaneous state of mind are inconsistent with the existence of any such promise or restriction; and that Plaintiff's actions up until and even after the filing of this suit are likewise inconsistent with the existence of any such promise or restriction. Relatedly, the OpenAI Defendants will adduce evidence that Plaintiff's actions during his time with OpenAI and thereafter belie his claim that he placed special emphasis on OpenAI's nonprofit structure and open-sourcing practices. The witnesses on these points are numerous, but include Altman, Brockman, Sutskever, Plaintiff, Birchall, Teller, and Zilis.

To establish that no funds were misused, that no alleged terms surrounding the donations were breached, and that Plaintiff understood and consented to the use of the subject contributions, the OpenAI Defendants will offer documents and communications from the period during which the contributions were made, as well as documents and communications—including Plaintiff's own public statements—in the years after Plaintiff left OpenAI but during which he now claims breaches

of trust were occurring. The OpenAI Defendants intend to offer testimony on these points from Altman, Brockman, Taylor, Kolter, Sutskever, current OpenAI employee Joshua Achiam, former OpenAI employee Mira Murati, and former OpenAI director Tasha McCauley, and to offer expert testimony from Daniel Hemel, Peter Frumkin, Ilya A. Strebulaev, and John Coates.

### B. Unjust Enrichment

Plaintiff cannot carry his burden of proof with respect to his unjust enrichment claim: No OpenAI Defendant other than OpenAI, Inc. received a benefit from the contributions that ground Plaintiff's claim, and no OpenAI Defendant unjustly retained any benefit at Plaintiff's expense. As to unjust retention, Plaintiff cannot establish the quasi-contract predicate for this element; he cannot show any implied agreement with the OpenAI Defendants, any noncompliance with any such agreement, or any OpenAI Defendant's knowledge of such an agreement or noncompliance with it.

To show that the implied agreement Plaintiff alleges never existed, the OpenAI Defendants will offer communications and other documents from the period when Plaintiff claims the agreement was formed, as well as later communications and documents involving Plaintiff and his agents and representatives that demonstrate the absence of the alleged agreement. The OpenAI Defendants will also offer witness testimony on this point, principally from Altman, Brockman, Sutskever, Plaintiff, Birchall, Teller, and Zilis.

To demonstrate that there was no breach of any agreement with Plaintiff, the OpenAI Defendants intend to offer the same evidence, summarized above, that demonstrates there was no breach of charitable trust.

### C. Fraud

Plaintiff cannot carry his burden of proof with respect to his fraud claim: No statement on which his claim relies constituted a promise (as opposed to a non-actionable expression of opinion, aspiration, or feeling); none of Altman, Brockman, or OpenAI, Inc. lacked intent to perform at the time of any alleged promise or intended for Plaintiff to rely on any alleged promise; Plaintiff neither actually relied nor reasonably relied on any alleged promise; no defendant named in this claim failed to perform any act allegedly promised; Plaintiff suffered no harm; and Plaintiff cannot establish that his alleged reliance on any alleged promise was a substantial factor in causing his alleged harm.

To establish the absence of any actionable statement, the OpenAI Defendants will offer evidence of the alleged communications themselves and the context in which they were made, as well as witness testimony principally from Altman, Brockman, Sutskever, Plaintiff, Birchall, Teller, and Zilis. To establish lack of intent not to perform and lack of intent to induce reliance, the OpenAI Defendants will offer contemporaneous writings of Altman, Brockman, and Sutskever, as well as testimony from those witnesses.

To establish lack of actual reliance, the OpenAI Defendants intend to offer Plaintiff's testimony claiming to have been aware of the supposed fraud before the alleged false promises were even made; testimony from Birchall, Teller, and Zilis, and corroborating documents, showing that Plaintiff's quarterly contributions to OpenAI, Inc. ceased before the alleged false promises were made; and testimony principally from Altman, Brockman, Teller, and Zilis, and related communications, reflecting Plaintiff's state of mind at and around the time of the alleged false promises.

To establish that reliance on the promises Plaintiff claims were made to him would not have been reasonable, the OpenAI Defendants expect to offer the same evidence that supports their statute of limitations and laches defenses.

To establish that Altman, Brockman, and OpenAI, Inc. acted consistently with the statements Plaintiff seeks to characterize as promises, the OpenAI Defendants intend to offer the same evidence, summarized above, that shows the absence of any misuse of contributions or breach of charitable trust.

### D.      Constructive Fraud

Plaintiff cannot carry his burden of proof with respect to his constructive fraud claim: None of Altman, Brockman, or OpenAI, Inc. had a fiduciary relationship with Plaintiff at the time the subject contributions were received; Plaintiff cannot show that any of these defendants knew or should have known that the contributions would not be used for the purposes for which they were provided; the named defendants did not mislead Plaintiff with inaccurate or incomplete information regarding use of the contributions; Plaintiff neither actually relied nor reasonably relied on any alleged inaccurate or incomplete information provided by Altman, Brockman, or OpenAI, Inc.;

Plaintiff cannot show he was harmed by the asserted conduct; and Plaintiff cannot show that the complained-of conduct was a substantial factor in causing any alleged harm.

The OpenAI Defendants expect to establish these points through the same evidence summarized above in connection with the charitable trust and fraud claims.