RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-4555

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

ANDREW J. LEVANDER (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendant Microsoft Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | |
| v. | **MICROSOFT'S STATEMENT OF ELEMENTS AND SUMMARY OF EVIDENCE FOR AFFIRMATIVE DEFENSES** |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |
| | Hearing Date: March 13, 2026 |
| | Time: 9:00 a.m. |
| | Courtroom: 1, 4th floor |
| | Judge: Hon. Yvonne Gonzalez Rogers |

Pursuant to Section 2(a)(i) of the Court's Standing Order re: Pretrial Instructions in Civil Cases (last updated March 17, 2025), Defendant Microsoft Corporation ("Microsoft") submits the following statement of elements of defenses and summary of evidence supporting those defenses.

## I. PLAINTIFF CANNOT ESTABLISH ESSENTIAL ELEMENTS (to Plaintiff's claim of Aiding and Abetting Breach of Charitable Trust against Microsoft)

### A. Elements of Claim

Plaintiff Elon Musk bears the burden on all elements of his aiding and abetting claim against Microsoft. Before turning to the aiding and abetting claim against Microsoft, Musk must first establish that he was harmed by OpenAI, Altman, or Brockman's breach of a specific charitable trust created by Musk. Assuming Musk can establish that OpenAI, Altman, or Brockman committed a breach of charitable trust that harmed Musk, Microsoft contends that Musk will be unable to meet his burden of proof to establish that (1) Microsoft knew that Musk made his donations for specific charitable purposes, and that OpenAI, Altman, or Brockman committed a breach of charitable trust by using the donations for other inconsistent purposes; (2) Microsoft intended to assist the breach of charitable trust; (3) Microsoft gave substantial assistance or encouragement to OpenAI, Altman, or Brockman in breaching the charitable trust created by Musk; and (4) Microsoft's conduct was a substantial factor in causing harm to Musk. Microsoft also disputes the amount of claimed damages.

### B. Summary of Anticipated Evidence

Microsoft intends to negate Musk's proof of the knowledge element primarily through testimony from Satya Nadella, Kevin Scott, Amy Hood, Michael Wetter, Musk, Shivon Zilis, Jared Birchall, Sam Teller, Mira Murati, Ilya Sutskever, and Tasha McCauley; documents reflecting OpenAI's contractual representations to Microsoft; documents reflecting Microsoft's due diligence; and other contemporaneous documents.

Microsoft intends to negate Musk's proof of the intent element primarily through the same evidence it will use relating to the knowledge element, as well as documents reflecting the rationale for the partnership and OpenAI's board decisions.

Microsoft intends to negate Musk's proof of the substantial assistance primarily through testimony from Nadella, Scott, Hood, Wetter, Musk, Zilis, Birchall, Teller, Murati, Sutskever, McCauley, and its expert, Edward Buthusiem; documents reflecting OpenAI's board decisions; documents describing the benefits of Microsoft's collaboration with OpenAI in pursuing its nonprofit mission; and other contemporaneous documents.

Microsoft intends to negate Musk's proof that Microsoft caused any of his harm primarily through the same evidence it will use relating to the substantial assistance element, as well as documents reflecting OpenAI's independent motivations and decision-making.

Microsoft intends to dispute Musk's claimed damages primarily through the same evidence it will use relating to the substantial assistance and causation elements, as well as Dr. Jonathan Arnold's expert testimony to establish that Musk's calculation of Microsoft's wrongful gains is unreliable and inaccurate.

## II. FIRST AFFIRMATIVE DEFENSE: STATUTE OF LIMITATIONS (to Plaintiff's Claim of Aiding and Abetting Breach of Charitable Trust against Microsoft)

### A. Elements of Affirmative Defense

Microsoft must prove that any of the claimed harm to Musk as a result of Microsoft's conduct occurred before November 14, 2021. If Microsoft proves that any claimed harm from Microsoft's conduct occurred before November 14, 2021, Musk's claim was still filed on time if Musk proves that before that date, he did not discover facts that would have caused a reasonable person to suspect that Microsoft participated in causing his harm, and he could not have discovered those facts with reasonable diligence.

### B. Summary of Anticipated Evidence

Microsoft joins, and incorporates by reference, OpenAI's summary of evidence for its affirmative defense of statute of limitations.

In addition, Microsoft intends to prove that Musk's claimed harm occurred before November 14, 2021 primarily through testimony from Musk, Nadella, Scott, Hood, Altman, and Brockman; Microsoft's investment and commercial agreements with OpenAI; and other contemporaneous documents.

Microsoft also intends to offer evidence that before November 14, 2021, Musk discovered facts or reasonably could have discovered facts that would have caused a reasonable person to suspect that Microsoft participated in causing Musk's claimed harm. Microsoft will offer this evidence primarily through testimony from Musk, Shivon Zilis, Jared Birchall, Sam Teller, and Altman; communications sent by or among the foregoing witnesses in 2020 or earlier concerning Microsoft's partnership with OpenAI; Musk's public social media posts, and other contemporaneous documents reflecting public information about Microsoft's partnership with OpenAI.

### III. SECOND AFFIRMATIVE DEFENSE: LACHES (to Plaintiff's claim of Aiding and Abetting Breach of Charitable Trust against Microsoft)

Microsoft joins, and incorporates by reference, OpenAI's statement of elements and summary of evidence for the affirmative defense of laches.

### IV. THIRD AFFIRMATIVE DEFENSE: UNCLEAN HANDS (to Plaintiff's claim of Aiding and Abetting Breach of Charitable Trust against Microsoft)

Microsoft joins, and incorporates by reference, OpenAI's statement of elements and summary of evidence for the affirmative defense of unclean hands.