1  MARC TOBEROFF (CA SBN 188547)
   MToberoff@toberoffandassociates.com
2  TOBEROFF & ASSOCIATES, P.C.
   23823 Malibu Road, Suite 50-363
3  Malibu, CA 90265
   Telephone: (310) 246-3333
4
5  STEVEN F. MOLO (*pro hac vice*)
   ROBERT K. KRY (*pro hac vice*)
   JENNIFER M. SCHUBERT (*pro hac vice*)
6  MOLOLAMKEN LLP
   430 Park Avenue
7  New York, NY 10022
   Telephone: (212) 607-8160
8
   *Attorneys for Plaintiffs Elon Musk*
9  *and X.AI Corp.*

10  (Additional counsel listed on the next page)

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    OAKLAND DIVISION

14  ELON MUSK et al.,                    | Case No. 4:24-cv-04722-YGR
15           Plaintiffs,                  | **ATTACHMENT A:**
                                          | **JOINT STATEMENT OF DISPUTED**
16       v.                               | **DISCOVERY DESIGNATIONS**
17  SAMUEL ALTMAN et al.,                 | Date: March 13, 2026
                                          | Time: 9:00 AM
                                          | Courtroom: 1 – 4th Floor
18           Defendants.                  | Judge: Hon. Yvonne Gonzalez Rogers

1  JORDAN ETH (CA SBN 121617)                RUSSELL P. COHEN (SBN 213105)
   JEth@mofo.com                              Russ.cohen@dechert.com
2  WILLIAM FRENTZEN (CA SBN 343918)           HOWARD M. ULLMAN (SBN 206760)
   WFrentzen@mofo.com                         Howard.ullman@dechert.com
3  DAVID J. WIENER (CA SBN 291659)            DECHERT LLP
   DWiener@mofo.com                           45 Fremont Street, 26th Floor
4  MORRISON & FOERSTER LLP                    San Francisco, CA 94105
   425 Market Street                          Telephone: (415) 262-4500
5  San Francisco, CA 94105                    Facsimile: (415) 262-4555
   Telephone: (415) 268-7000
6  Facsimile: (415) 268-7522                  NISHA PATEL (SBN 281628)
                                              Nisha.patelgupta@dechert.com
7  WILLIAM SAVITT (*pro hac vice*)            DECHERT LLP
   WDSavitt@wlrk.com                          633 West 5th Street, Suite 4900
8  BRADLEY R. WILSON (*pro hac vice*)         Los Angeles, CA 90071
   BRWilson@wlrk.com                          Telephone: (213) 808-5700
9  SARAH K. EDDY (*pro hac vice*)             Facsimile: (213) 808-5760
   SKEddy@wlrk.com
10 STEVEN WINTER (*pro hac vice*)             ANDREW J. LEVANDER (*pro hac vice*)
   SWinter@wlrk.com                           Andrew.levander@dechert.com
11 NATHANIEL CULLERTON (*pro hac vice*)       DECHERT LLP
   NDCullerton@wlrk.com                       Three Bryant Park
12 WACHTELL, LIPTON, ROSEN & KATZ             1095 Avenue of the Americas
   51 West 52nd Street                        New York, NY 10036
13 New York, NY 10019                         Telephone: (212) 698-3500
   Telephone: (212) 403-1000                  Facsimile: (212) 698-3599
14 Facsimile: (212) 403-2000

15 *Attorneys for the OpenAI Defendants*      JAY JURATA (*pro hac vice*)
                                              Jay.jurata@dechert.com
                                              DECHERT LLP
16                                            1900 K Street, N.W.
                                              Washington, DC 20006
17                                            Telephone: (202) 261-3300
                                              Facsimile: (202) 261-3333
18
                                              *Attorneys for Defendant Microsoft
19                                            Corporation*

## I. PLAINTIFF'S DISPUTED DESIGNATIONS

| | Elon Musk (plaintiff) | | |
|---|---|---|---|
| No. | Form | In Dispute | Legal Objection |
| OpenAI 138 | Deposition Video (with transcript) | 56:21-58:4 (representative example) | FRE 402, 403: Musk objects for the reasons stated in Musk's Motion in Limine No. 4 (Dkt. 406).<br><br>OAI Response: *See* Opp. to Musk MIL 4 (Dkt. 426). |
| OpenAI 187 | * | 192:10-193:19 (representative example) | FRE 402, 403: Musk objects to this argumentative colloquy, including counsel's provocative questioning. Musk further objects for the reasons stated in Musk's Motion in Limine No. 2 (Dkt. 403).<br><br>OAI Response: Musk's unprovoked testimony that opposing counsel represents a "crook" reveals his bias and personal animus toward Altman and OpenAI. The only part of the colloquy that is argumentative is the answers, and there is no basis for Musk to invoke FRE 403 to exclude his own testimony. Regarding Musk's other objection, the designated testimony does not even reveal WilmerHale's conclusions; it only refers to the fact of the investigation. *See* Opp. Musk MIL 2 (Dkt. 424). |
| OpenAI 210-215 | * | 301:4-9; 301:15-302:5, 302:10-303:7, 316:24-317:12, 318:9-18, 319:4-320:3, 320:23-321:8 (representative examples) | FRE 402, 403: Musk objects for the reasons stated in Musk's Motions in Limine Nos. 1 and 3 (Dkts. 402, 404).<br><br>OAI Response: *See* Opp. to Musk MIL 1 (Dkt. 422) and Opp. to Musk MIL 3 (Dkt. 423). |
| | Helen Toner (non-party) | | |
| | *(Third-party witness; former director of OpenAI, Inc.)* | | |
| OpenAI 359A (OAI) | * | 274:10-275:3, 277:1-16, 280:12-15 (representative examples) | FRE 802: The letter from OpenAI employees that is read into the record is inadmissible hearsay.<br><br>OAI Response: OpenAI does not offer the November 2023 employee letter for the truth of its contents, and therefore it is not hearsay. OpenAI offers the letter for the fact of its transmission and its effect on the recipients—including Toner—to rebut Musk's claim that the OpenAI board reinstated Altman due to pressure from Microsoft. |

| | | | |
|---|---|---|---|
| OpenAI 359B (Musk counters) | * | 277:17-277:25, 325:4-325:19, 326:4-326:15 (representative examples) | FRE 106: OpenAI's affirmative designation (above) is also incomplete as it omits necessary context.<br><br>OAI Response: Counters are not necessary to correct any misunderstanding or distortion of Toner's testimony. Counters also violate FRE 602, 802, and 611(a), as the testimony at issue is based on hearsay, speculative, and (specifically as to 277:17-25) not responsive to the question asked. |
| **Ermira Murati** (non-party) *(Third-party witness; former Chief Technology Officer of OpenAI)* ||||
| OpenAI 126 | * | 214:1-214:20 | FRE 402, 403, 602, 802: The supposed investigation findings read into the record by questioning counsel are inadmissible hearsay. Those findings are irrelevant and highly prejudicial to Mr. Musk. The testimony should be excluded for the reasons stated in Musk's Motion in Limine No. 2 (Dkt. 403).<br><br>OAI Response: OpenAI is not offering the conclusions of WilmerHale's investigation for their truth. Testimony about those conclusions is being offered to explain the effect of those conclusions on the OpenAI directors' states of mind and decision-making, an issue Musk has injected into the case. *See* Opp. to Musk MIL 2 (Dkt. 424). |

## II. DEFENDANTS' DISPUTED DESIGNATIONS

| Tasha McCauley (non-party) | | | |
|---|---|---|---|
| *Former OAI director who voted to remove Sam Altman from the board and resigned in 2023.* | | | |
| No. | Form | In Dispute | Legal Objection |
| Musk 24-25, 28, 43 | Deposition Video (with transcript) | 62:7-63:13, 64:12-65:13, 81:21-82:8 (representative examples) | FRE 801, 802: Counsel recites out-of-court statements from *Wall Street Journal* and *Economist* articles and asks witness to adopt this hearsay as her own substantive testimony. OAI MIL 2 (Dkt. 410).<br><br>Response: The questioning references the articles only as context for the witness's testimony about her first-hand experiences. That is a permissible, non-hearsay use. Opp. to OAI MIL 2 (Dkt. 418). |

| Ermira Murati (non-party) | | | |
|---|---|---|---|
| *Former OpenAI employee (from 2018 to 2024).* | | | |
| No. | Form | In Dispute | Legal Objection |
| OpenAI 102 | * | 152:14-153:11 (representative examples) | FRE 602, Vague [Musk objections]: Questions expressly limited to personal knowledge, and answers establish that the witness—a longtime senior employee of OpenAI—had no knowledge of any promises being made to Musk regarding how OpenAI would be run.<br><br>Response: The immediate prior questioning demonstrates the witness's lack of knowledge, and the witness only confirms a viewpoint when prompted by the questioning attorney. |

| Helen Toner (non-party) | | | |
|---|---|---|---|
| *Former OAI director who voted to remove Sam Altman from the board and resigned in 2023.* | | | |
| No. | Form | In Dispute | Legal Objection |
| Musk 816, 817 | * | 154:15-154:23 155:15-156:22 (representative examples) | FRE 801, 802: Same issue as McCauley (above). OAI MIL 2 (Dkt. 410).<br><br>Response: Same response as above. Opp. to OAI MIL 2 (Dkt. 418). |

| No. | Form | In Dispute | Legal Objection |
|---|---|---|---|
| Musk 721-22, 742-43, 755-56 | * | 46:9-46:13, 46:16-46:22, 57:15-18, 57:21-58:19, 64:24-65:1, 65:4-65:9 (representative examples) | FRE 611(c): Over repeated objections, counsel poses questions that suggest an answer by asking the witness to adopt counsel's characterization rather than provide her own account.  Plaintiff laid no foundation that witness is hostile or adverse to him and made no attempt to develop her testimony with non-leading questions.<br><br>Response:  The questioning did not "suggest an answer," and the witness plainly "provide[d] her own account," including by repeatedly disagreeing with questioning counsel's phrasing.  The Court should not exercise its broad discretion to exclude highly relevant testimony from a potentially unavailable witness based on debatable form objections. |
| **Michael Wetter (MSFT)** *Microsoft 30(b)(6) Witness* | | | |
| **No.** | **Form** | **In Dispute** | **Legal Objection** |
| Musk 106, 107 | * | 94:18-22, 94:23-95:4 | FRE 30(b)(6), 401, 402, 403, 602, 802: Plaintiff's questioning seeks to elicit testimony about an email to a MSFT distribution list that is outside of the scope of the witness's 30(b)(6) topics and personal knowledge. The exhibit is objectionable under FRE 401, 402, 403, 602, 802 as containing headlines of both irrelevant and prejudicial articles, and the questioning fails to establish that the witness or anyone involved in Microsoft's dealings with OpenAI ever received or read it.<br><br>Response:  The witness testified to being personally familiar with the Microsoft distribution list at issue. The email shows notice—that Microsoft was aware of Musk's association with OpenAI and OpenAI's nonprofit status.  It is not being introduced for the truth of the matter asserted.  A company-wide news notification likely reached sufficient employees to impute knowledge.  Plaintiff offered to redact any supposed "irrelevant and prejudicial" information. |