UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>       Plaintiffs,<br><br>  v.<br><br>SAMUEL ALTMAN, et al.,<br><br>       Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**[PROPOSED] ORDER REGARDING TRIAL STIPULATIONS** |

Pursuant to the Court's Standing Order Re: Pretrial Instructions in Civil Cases, the parties hereby stipulate and agree as follows, subject to the approval of the Court:

**I.     EXHIBITS AND DEMONSTRATIVES**

1.     The parties stipulate to the authenticity of all documents and communications listed on the Exhibit List, unless an objection is specifically marked on the list.

2.     The parties agree that Musk shall number his exhibits consecutively beginning with Plaintiff's Exhibit No. 1; the OpenAI Defendants shall number their exhibits consecutively beginning with Defense Exhibit No. 500; and Microsoft shall number its exhibits consecutively beginning with Microsoft Defense Exhibit No. 1500.

3.     The parties agree that demonstratives that they intend to use at trial need not be included on their respective lists of trial exhibits.  Demonstratives will be numbered by the parties using the designations "PDX-[number]," "DDX-[number]," and "MDDX-[number]," respectively.

4.     The parties agree to exchange proposed demonstratives to be used during opening statements no later than 5:00 p.m. the day before opening statements. The parties agree to provide any objections to opening demonstratives no later than 8:00 p.m. the day before opening statements. Any unresolved disputes shall be raised with the Court no later than 8 a.m. on the day of opening statements.[1]

5.     Demonstratives to be used during direct witness examinations shall be provided to the other side by 5:00 p.m. on the day prior to the witness's appearance.  Demonstratives created during testimony need not be provided to the other side in advance of their use.

6.     The parties shall promptly confer in order to resolve objections to proposed demonstratives to be used with a witness.  Any unresolved disputes shall be raised with the Court at 8:00 a.m. on the day the witness is expected to testify at trial.

---

[1] All times are PST/PDT. [Defendants request that the Court order an earlier exchange, to facilitate resolution of objections before the morning on which opening statements are delivered.  Their proposal is that the parties exchange demonstratives no later than 12:00 p.m. on April 26, 2026, the day before trial begins; that the parties exchange objections to opening demonstratives no later than 8:00 p.m. that day; and that any unresolved disputes be presented to the Court on April 27, 2026.]

7. The parties agree that demonstratives to be used for closing arguments will be exchanged no later than 9:00 p.m. the day before closing arguments. Any unresolved disputes shall be raised with the Court at 8:00 a.m. on the day of closing arguments.

8. Demonstratives exchanged will not be used by the opposing side prior to being used by the disclosing party.

9. The parties agree that any publicly available documents that a party intends to use in its case-in-chief will be produced in advance and identified on that party's exhibit list by Bates number. The parties further agree that publicly available materials intended solely for impeachment or rebuttal need not be produced in advance of trial.

## II. WITNESSES

10. Each witness who testifies live at trial will be required to appear only once unless the parties and witness agree otherwise, or unless the witness is properly recalled to provide rebuttal testimony only. For witnesses listed by both sides, cross will not be limited to the scope of direct testimony, and the party that first called the witness may then cross-examine the witness on topics outside the scope of direct.

11. A party that introduces the testimony of any witness by deposition must present all such deposition testimony at one time during that party's case-in-chief, except for deposition testimony used for impeachment or rebuttal, including to address points introduced by another party after conclusion of the witness's initial testimony (provided it is appropriate rebuttal). Counter-designations of deposition testimony will be played at the same time as the designated testimony if so requested by the counter-designating party. As to matters going beyond the scope, any adverse party may present additional affirmative testimony from the witness who is providing testimony by deposition during the adverse party's case-in-chief, along with any counter-designated testimony if requested by the counter-designating party.

12. Deposition testimony played by video shall include text captions.

13. A witness who testifies live at trial may be called a second time later at trial, but only to offer rebuttal testimony, including to address points introduced by another party after conclusion of the witness's initial testimony (provided it is appropriate rebuttal). For the avoidance

of doubt, a witness under the control of a Defendant who is called and examined live in Plaintiff's case may be called again live in a Defendant's case-in-chief, so long as their testimony is limited to rebuttal.

14. A party calling an opposing party witness live in its case shall give the opposing party at least 48 hours' notice before calling the witness to testify.

15. For all other witnesses, each party will identify in writing the witnesses they intend to call (live or by deposition) by no later than 2:00 p.m. one (1) calendar day before the day on which the witness will testify, and the list will not include witnesses the party does not intend to call that day.[2]

16. Any time a party spends examining a witness, whether by direct examination or on cross-examination, will be counted against that party's allocated trial time.

17. The parties stipulate that, unless they appear and testify live at trial, Tasha McCauley, Sam Teller, and Helen Toner may be called by deposition.

18. Videotaped deposition testimony may be used for impeachment with testifying witnesses.

19. The parties stipulate that copies of deposition transcripts from this matter are acceptable for use at trial in lieu of certified, sealed original deposition transcripts.

20. Objections, colloquy, and long pauses between the end of an answer and the next question shall be edited out of deposition transcripts and video to be presented to the jury.

21. The parties have, in an excess of caution, exchanged designations (and associated counter-designations and objections) for deposition testimony of fact witnesses who have been identified as testifying live at trial—namely, Jared Birchall, Shivon Zilis, and Ilya Sutskever. In the event that a party learns that any such witness will not be attending trial, that party shall promptly notify the other parties, and the parties shall (i) meet and confer to resolve any outstanding issues respecting the designations, counter-designations, and objections for such witness; and (ii) if appropriate, and if permitted by the Court, seek guidance from the Court on any disputed issues. Any disputes related to any such witness that the parties do not resolve prior to trial shall be resolved

---

[2] The parties may agree to give earlier notice.

through the process described in the next paragraph.  Nothing in this paragraph shall to limit any party's right to seek appropriate relief in the event that a witness identified in this paragraph is hereafter identified as not testifying live at trial.

22. The party calling a witness by deposition shall, not later than 3:00 p.m. one (1) day before the witness is to be called at trial, serve a chart of the previously-designated deposition testimony it expects to play or read and the exhibits it expects to introduce with the designations. Any opposing party shall by 8:00 p.m. the same day identify the counter-designations for that witness that it expects to play or read and the exhibits it expects to introduce with the designations. For deposition video to be played, the party responsible for compiling the pertinent designations shall prepare and provide to all other parties once reasonably available but by no later than 6:00 a.m. the day the witness is to be called by deposition a video recording containing such designations. Any unresolved disputes concerning the parties' designations for the witness shall be presented to the Court at 8:00 a.m. the day the designations are to be played. The parties will continue to meet and confer prior to the start of trial in an effort to resolve designation-related disputes, including based on the Court's orders on disputed designations.

23. If a party offers deposition testimony as part of its case-in-chief, the time spent playing or reading the affirmatively designated testimony shall be counted against the party offering the affirmative designations. The time spent playing any counter-designations will be counted against the party offering the counter-designations, regardless of whether the counter-designations are made under Federal Rule of Evidence 106, Federal Rule of Civil Procedure 32(a)(6), or otherwise.

24. To avoid unnecessary duplication of trial exhibits, the parties have in some instances listed only one copy of a document on their trial exhibit list even though the same document was also produced under other Bates numbers. The parties agree that, where deposition testimony refers to a trial exhibit by a different Bates number, the parties may seek to move the trial exhibit into evidence notwithstanding the difference in Bates numbers if admission of the exhibit is otherwise proper, and they will note the correspondence of the two Bates numbers for the record.

### III.    OTHER

25. Designations and counter-designations of depositions, other designated discovery responses, and portions of other audio and video recordings shall only be admitted into evidence to the extent played or read in open court or used with a witness.

**IT IS SO ORDERED.**

DATED: _____        _____
                                    Hon. Yvonne Gonzalez Rogers
                                    United States District Court Judge