1  JORDAN ETH (CA SBN 121617)
   JEth@mofo.com
2  WILLIAM FRENTZEN (CA SBN 343918)
   WFrentzen@mofo.com
3  DAVID J. WIENER (CA SBN 291659)
   DWiener@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, CA  94105
   Telephone: (415) 268-7000
6  Facsimile: (415) 268-7522

7  WILLIAM SAVITT (*pro hac vice*)
   WDSavitt@wlrk.com
8  BRADLEY R. WILSON (*pro hac vice*)
   BRWilson@wlrk.com
9  SARAH K. EDDY (*pro hac vice*)
   SKEddy@wlrk.com
10 STEVEN WINTER (*pro hac vice*)
   SWinter@wlrk.com
11 NATHANIEL CULLERTON (*pro hac vice*)
   NDCullerton@wlrk.com
12 WACHTELL, LIPTON, ROSEN & KATZ
   51 West 52nd Street
13 New York, NY  10019
   Telephone: (212) 403-1000
14 Facsimile:  (212) 403-2000

*Attorneys for the OpenAI Defendants*

*(Additional counsel listed on next page)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **JOINT EXPERT WITNESS LIST** |
| v. | Date:  March 13, 2026<br>Time:  9:00 AM<br>Courtroom:  1 – 4th Floor |
| SAMUEL ALTMAN et al., | Judge:  Hon. Yvonne Gonzalez Rogers |
| Defendants. | |

1   MARC TOBEROFF (CA SBN 188547)
    MToberoff@toberoffandassociates.com
2   TOBEROFF & ASSOCIATES, P.C.
    23823 Malibu Road, Suite 50-363
3   Malibu, CA  90265
    Telephone: (310) 246-3333
4
    STEVEN F. MOLO (*pro hac vice*)
5   ROBERT K. KRY (*pro hac vice*)
    JENNIFER M. SCHUBERT (*pro hac vice*)
6   MOLOLAMKEN LLP
    430 Park Avenue
7   New York, NY  10022
    Telephone: (212) 607-8160
8
    *Attorneys for Plaintiffs Elon Musk
9   and X.AI Corp.*

    RUSSELL P. COHEN (SBN 213105)
    Russ.cohen@dechert.com
    HOWARD M. ULLMAN (SBN 206760)
    Howard.ullman@dechert.com
    DECHERT LLP
    45 Fremont Street, 26th Floor
    San Francisco, CA 94105
    Telephone: (415) 262-4500
    Facsimile: (415) 262-4555

    NISHA PATEL (SBN 281628)
    Nisha.patelgupta@dechert.com
    DECHERT LLP
    633 West 5th Street, Suite 4900
    Los Angeles, CA 90071
    Telephone: (213) 808-5700
    Facsimile: (213) 808-5760

    ANDREW J. LEVANDER (*pro hac vice*)
    Andrew.levander@dechert.com
    DECHERT LLP
    Three Bryant Park
    1095 Avenue of the Americas
    New York, NY 10036
    Telephone: (212) 698-3500
    Facsimile: (212) 698-3599

    JAY JURATA (*pro hac vice*)
    Jay.jurata@dechert.com
    DECHERT LLP
    1900 K Street, N.W.
    Washington, DC 20006
    Telephone: (202) 261-3300
    Facsimile: (202) 261-3333

    *Attorneys for Defendant Microsoft
    Corporation*

Pursuant to the Court's Standing Order Re: Pretrial Instructions in Civil Cases 3(d), the Court's Order Re: Request to Modify Case Management and Pretrial Order (Dkt. 278), and in advance of the Pretrial Conference set for March 13, 2026, at 9:00 a.m., Plaintiff Elon Musk and Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI, L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC (collectively, the "OpenAI Defendants"), and Microsoft Corporation ("Microsoft") hereby list their expert witnesses. A summary plainly stating each expert's theories and conclusions and the bases therefor is provided below. Each expert's curriculum vitae and relevant reports will be included as exhibits in the Expert Trial Binder to be submitted to the Court on February 27, 2026.

A.  **PLAINTIFF'S EXPERT WITNESS LIST**

| **Expert Witness** | **Summary of Expert's Opinions and Their Bases** | **CV** |
|---|---|---|
| Stuart Russell | Professor Russell is a Distinguished Professor of Computer Science at the University of California, Berkeley.<br><br>Professor Russell will testify that (1) artificial intelligence is a powerful and transformative technology; (2) without investment and further progress in understanding how AI operates and how to control AI, the technology presents substantial risks of misuse, systemic effects, and malfunction; (3) AI companies and governments have very strong incentives to pursue artificial general intelligence despite the safety risks; and (4) were the risks of AI not adequately addressed, they could become potentially catastrophic.<br><br>Professor Russell's opinions are more fully set forth in his expert report dated October 29, 2025, which is Exhibit 1-A in the Expert Trial Binder. | Professor Russell's curriculum vitae is Exhibit 1 in the Expert Trial Binder. |

| | | | |
|---|---|---|---|
| | David Schizer | Dean Schizer is a former Dean of Columbia Law School and has spent over twenty-seven years working in nonprofits, including three years as the CEO of a leading humanitarian nonprofit.<br><br>Dean Schizer will testify about custom and practice for nonprofits and nonprofit governance. In particular, he will testify that it is customary practice for nonprofits (1) to protect their mission when forming and operating for-profit affiliates; (2) to use arm's length terms to protect their assets and economic interests; (3) to include contractual provisions to protect their mission and economic interests when forming and operating for-profit affiliates; (4) to rely on the nonprofit's directors to protect the nonprofit's mission and economic interests by discharging their fiduciary duties; (5) to have independent directors with the expertise and authority to protect the nonprofit's mission and economic interests; (6) to dismiss the CEO when there are concerns that the CEO is withholding information, providing misleading information, or not protecting the nonprofit's mission and economic interests; (7) to pick their own board members without answering to for-profit partners in this process; and (8) to protect their mission and economic interests in a restructuring. Dean Schizer will further testify that, if the jury finds that OpenAI engaged in the conduct that Plaintiff alleges, OpenAI departed from those customs and practices in numerous respects.<br><br>Dean Schizer's opinions are more fully set forth in his expert reports dated October 29, 2025 and November 24, 2025, which are Exhibits 2-A and 2-B in the Expert Trial Binder. | Dean Schizer's curriculum vitae is Exhibit 2 in the Expert Trial Binder. |
| | C. Paul Wazzan | Dr. Wazzan is a Managing Director with Berkeley Research Group and President and CEO of Wazzan & Co. Investment LLC, a venture capital firm providing seed-level funding to technology startups.<br><br>Dr. Wazzan will testify about the amount by which the OpenAI Defendants and Microsoft wrongfully gained by operating OpenAI as a commercial venture despite having received charitable contributions from Musk on the understanding that OpenAI would remain a nonprofit dedicated to the public good. In particular, he will testify that (1) the value of OpenAI For-Profit as of October 28, 2025 is at least $500 billion; (2) OpenAI Nonprofit's share of OpenAI For-Profit is 29.2% on a warrants-only diluted basis and 26.2% on a warrants, EV-Sponsored Pool, and EIP diluted basis; (3) a reasonable estimate for the share of OpenAI Nonprofit's value that is attributable to Musk's contributions is in the range of 50% to 75%; (4) the amount of OpenAI's wrongful gains attributable to Musk's contributions is between $65.50 billion and $109.43 billion; (5) the amount of Microsoft's wrongful gains attributable to Musk's contributions is between $13.30 billion and $25.06 billion; and (6) the amount of OpenAI's and | Dr. Wazzan's curriculum vitae is Exhibit 3 in the Expert Trial Binder. |

| | | |
|---|---|---|
| | Microsoft's wrongful gains attributable to Musk's contributions may be apportioned across various time periods.<br><br>Dr. Wazzan's opinions are more fully set forth in his expert reports dated October 29, 2025, and December 2, 2025, which are Exhibits 3-A and 3-B in the Expert Trial Binder. | |

### B. OPENAI DEFENDANTS' EXPERT WITNESS LIST

| **Expert Witness** | **Summary of Expert's Opinions and Their Bases** | **CV** |
|---|---|---|
| Louis Dudney | Louis G. Dudney is a Partner & Managing Director at AlixPartners, L.L.P., and a CPA (CFF).<br><br>Mr. Dudney opines, based on his forensic accounting analysis, that Plaintiff's alleged financial contributions that OpenAI received were used to fund OpenAI's operating expenses, and that the non-rent contributions were no longer available to fund OpenAI after late November 2017 (with rent-related contributions continuing through September 2020). His opinions are based on his experience and expertise and on his review of contribution documentation and OpenAI financial records and his financial tracing analysis, as reflected in his report.<br><br>Mr. Dudney's opinions, and the bases for them, are more fully disclosed in his October 29, 2025 written report, which is Exhibit 4-A in the Expert Trial Binder. | Mr. Dudney's curriculum vitae is Exhibit 4 in the Expert Trial Binder. |
| Peter Frumkin | Dr. Peter Frumkin is the Academic Director of the Gradel Institute of Charity at New College, Oxford, and the Mindy and Andrew Heyer Chair in Social Policy and Faculty Director of the Center for Social Impact Strategy at the University of Pennsylvania's School of Social Policy and Practice.<br><br>Dr. Frumkin opines that hybrid nonprofit/for-profit structures, including the use of for-profit affiliates and/or a public benefit corporation controlled by a nonprofit, and related recapitalization steps designed to preserve nonprofit mission control, are consistent with industry-accepted nonprofit-sector organizational models. His opinions are based on his expertise and scholarship in philanthropy, nonprofit management, and social entrepreneurship, and on his review of materials identified in his report.<br><br>Dr. Frumkin's opinions, and the bases for them, are more fully disclosed in his October 29, 2025 written report, which is Exhibit 5-A in the Expert Trial Binder. | Dr. Frumkin's curriculum vitae is Exhibit 5 in the Expert Trial Binder. |

| | | | |
|---|---|---|---|
| Daniel Hemel | Daniel J. Hemel is the John S. R. Shad Professor of Law at New York University School of Law, and his research and teaching focus primarily on nonprofit organizations and taxation.<br><br>Professor Hemel opines that it is common practice for large U.S. charitable organizations to engage with the for-profit sector to advance charitable purposes, including through IP licensing arrangements and the use of for-profit affiliates, and he will also offer rebuttal testimony responding to the opinions of Professor Schizer. His opinions are based on his expertise and academic research and on his review of academic literature, public sources and databases, and materials produced in this case (as reflected in his reports and cited materials).<br><br>Professor Hemel's opinions, and the bases for them, are more fully disclosed in his October 29, 2025 and November 24, 2025 written reports, which are Exhibits 6-A and 6-B in the Expert Trial Binder. | Professor Hemel's curriculum vitae is Exhibit 6 in the Expert Trial Binder. |
| Ilya Strebulaev | Ilya A. Strebulaev is the David S. Lobel Professor of Private Equity and Professor of Finance at Stanford Graduate School of Business and a Research Associate at the National Bureau of Economic Research.<br><br>Professor Strebulaev opines, from the perspective of a financial economist, that OpenAI's 2019 restructuring improved its access to capital and its ability to recruit and retain talent by enabling more conventional financing and equity-based compensation tools, and that the current recapitalization will further improve OpenAI's ability to compete for capital and talent in the market for AI companies. If Dr. C. Paul Wazzan is permitted to testify, Professor Strebulaev also opines, in rebuttal to Dr. Wazzan, to be presented only in a second-stage damages proceeding, that Dr. Wazzan fails to provide a reliable estimate of wrongful gains attributable to the alleged wrongful acts, that Dr. Wazzan's methodology for estimating Plaintiff's contributions to OpenAI's value is conceptually flawed and yields implausible results, that Dr. Wazzan's opinions are based on unreliable inputs, and that a reasonable alternative measure of unjust enrichment in this case is the ex ante value of Plaintiff's monetary contributions. Professor Strebulaev's opinions are based on his academic research and professional experience and on his review of the materials identified in his report.<br><br>Professor Strebulaev's opinions, and the bases for them, are more fully disclosed in his October 29, 2025 and November 24, 2025 written reports, which are Exhibits 7-A and 7-B in the Expert Trial Binder. | Professor Strebulaev's curriculum vitae is Exhibit 7 in the Expert Trial Binder. |

| Expert Witness | Summary of Expert's Opinions and Their Bases | CV |
|---|---|---|
| John Coates [Rebuttal] | John C. Coates IV is the Deputy Dean for Finance and Strategic Initiatives, John F. Cogan Professor of Law and Economics, and Research Director of the Center on the Legal Profession at Harvard Law School, and he also teaches at Harvard Business School.<br><br>Professor Coates opines, in rebuttal to Professor Schizer, that Professor Schizer's assertions about customary nonprofit/for-profit partnership and restructuring practices are incorrect, including as to the use of affiliates, board authority and composition, protections for nonprofit assets and economic interests in early-stage restructurings, and customary recapitalization control mechanisms. His opinions are based on his research and experience and his review of relevant materials, as reflected in his rebuttal report.<br><br>Professor Coates' opinions, and the bases for them, are more fully disclosed in his November 24, 2025 written report, which is Exhibit 8-A in the Expert Trial Binder. | Professor Coates's curriculum vitae is Exhibit 8 in the Expert Trial Binder. |

C. **MICROSOFT'S EXPERT WITNESS LIST**

| Expert Witness | Summary of Expert's Opinions and Their Bases | CV |
|---|---|---|
| Jonathan Arnold, Ph.D | Dr. Arnold offers rebuttal opinions in response to the opinions offered by Plaintiff's expert Dr. C. Paul Wazzan regarding calculations of Microsoft's allegedly wrongful gains. Dr. Arnold's opinions are offered solely in rebuttal to Dr. Wazzan's expert opinions that are subject to Defendants' Daubert motion and Microsoft's Motion *in Limine* No. 3; if Defendant's motions are granted, there will be no need for Dr. Arnold's testimony.<br><br>**Opinion 1**: Dr. Wazzan's estimate of wrongful gains is unreasonable and speculative because it fails to establish a causal link between alleged misconduct and the alleged wrongful gains; does not allow for disaggregation between claims; the opinion regarding Musk's undiluted economic interest is speculative; and it fails to account for investment risk incurred by Microsoft and others.<br><br>**Opinion 2**: Dr. Wazzan's Microsoft-specific wrongful gains are unreliable because they fail to establish a causal nexus between the alleged misconduct and wrongful gains; fail to differentiate between OpenAI alleged breach and Microsoft's alleged aiding and abetting; and contain other conceptual and computation errors.<br><br>**Opinion 3**: Dr. Wazzan's quantifications are unreliable and | Dr. Arnold's curriculum vitae is Exhibit 9 in the Expert Trial Binder. |

| | | |
|---|---|---|
| | should not be credited as a matter of economics.<br><br>Dr. Arnold's opinions and the bases for them are more fully disclosed in his November 24, 2025 report, which is Exhibit 9-A in the Expert Trial Binder. | |
| Edward Buthusiem | Mr. Buthusiem offers opinions regarding custom and practice for nonprofit and for-profit collaborations and on characteristics that make the MSFT-OpenAI collaboration consistent with customary standards.[1]<br><br>**Opinion 1:** Collaborations between nonprofit and for-profit entities are common, especially in innovation industries like life sciences and technology. It is common to structure these collaborations to advance the nonprofit's objective while enabling the for-profit partner to achieve value for investors.<br><br>**Opinion 2:** The collaboration between Microsoft and OpenAI is consistent with standard custom and practice, including (i) provision of resources and capital in exchange for rights to certain IP, (ii) governance of the collaboration to safeguard the nonprofit's mission, and (iii) both parties' pursuits of their complementary missions.<br><br>Mr. Buthusiem also offers rebuttal opinions in response to the Microsoft-related opinions offered by Plaintiff's expert David M. Schizer.<br><br>**Rebuttal Opinion 1:** Mr. Schizer does not explain how OpenAI's collaboration with Microsoft is inconsistent with customary practice but agrees that collaborations between nonprofits and for-profit entities are common. He also appears to agree that the OpenAI-Microsoft collaboration is based on customary rationales and contains provisions that protect OpenAI's nonprofit mission.<br><br>**Rebuttal Opinion 2:** Mr. Schizer does not provide any framework for evaluating Microsoft's conduct throughout the OpenAI collaboration. This conduct, including efforts to secure favorable financial terms and stabilize OpenAI, is consistent with fiduciary responsibilities that customarily guide for-profit companies to safeguard the value and continuity of their significant investments.<br><br>Mr. Buthusiem's opinions and the bases for them are more fully disclosed in his October 25, 2025 and November 24, 2025 reports, which are Exhibits 10-A and 10-B in the Expert Trial Binder. | Mr. Buthusiem's curriculum vitae is Exhibit 10 in the Expert Trial Binder. |

---

[1] Pursuant to the Court's directive, Mr. Buthusiem's testimony will be elicited through hypothetical questioning. Yet, for completeness, we have summarized his opinions as described in his reports.

| | | |
|---|---|---|
| DATED: February 26, 2026 | | WACHTELL, LIPTON, ROSEN & KATZ |

        /s/ William Savitt
        William Savitt (*pro hac vice*)

MORRISON & FOERSTER LLP

        /s/ William Frentzen
        William Frentzen (CA SBN 343918)

*Attorneys for the OpenAI Defendants*

DATED: February 26, 2026   DECHERT LLP

        /s/ Russell P. Cohen
        Russell P. Cohen (SBN 213105)

*Attorneys for Defendant Microsoft Corporation*

DATED: February 26, 2026   MOLOLAMKEN LLP

        /s/ Steven F. Molo
        Steven F. Molo (*pro hac vice*)

*Attorneys for Plaintiff Elon Musk*

**ECF ATTESTATION**

I, William Frentzen, am the ECF User whose ID and password are being used to file this **JOINT EXPERT WITNESS LIST**. In accordance with Civil Local Rule 5-1, concurrence in the filing of this document has been obtained from each of the other signatories, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Date: February 26, 2026      /s/ *William Frentzen*
William Frentzen