# EXHIBIT A

1  MARC TOBEROFF (CA SBN 188547)
   MToberoff@toberoffandassociates.com
2  TOBEROFF & ASSOCIATES, P.C.
   23823 Malibu Road, Suite 50-363
3  Malibu, CA  90265
   Telephone: (310) 246-3333
4
5  STEVEN F. MOLO (*pro hac vice*)
   ROBERT K. KRY (*pro hac vice*)
   JENNIFER M. SCHUBERT (*pro hac vice*)
6  MOLOLAMKEN LLP
   430 Park Avenue
7  New York, NY  10022
   Telephone: (212) 607-8160
8
   *Attorneys for Plaintiffs Elon Musk*
9  *and X.AI Corp.*

10 *(Additional counsel listed on next page)*

11
12                   **UNITED STATES DISTRICT COURT**
13                   **NORTHERN DISTRICT OF CALIFORNIA**
14                             **OAKLAND DIVISION**

| | |
|---|---|
| 15  ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| 16           Plaintiffs, | **PLAINTIFF'S PROPOSED VERDICT FORM** |
| 17       v. | Judge:  Hon. Yvonne Gonzalez Rogers |
| 18  SAMUEL ALTMAN et al., | |
| 19           Defendants. | |

Plaintiff Elon Musk hereby submits the following Proposed Verdict Form pursuant to Paragraph 3(j) of the Court's Standing Order re: Pretrial Instructions in Civil Cases (last updated March 17, 2025).

WE, THE JURY IN THE ABOVE-ENTITLED CASE, unanimously find as follows:

**FIRST CLAIM: BREACH OF CHARITABLE TRUST**

1. On the First Claim for Breach of Charitable Trust, is Plaintiff's claim barred by the statute of limitations?

    YES _____    NO _____

    *If you answered "No," proceed to Question 2 below. Otherwise, proceed to Question 3.*

2. On the First Claim for Breach of Charitable Trust, did Plaintiff prove the liability of any of these Defendants by a preponderance of the evidence?

    a. OpenAI, Inc.      YES _____    NO _____
    b. Sam Altman        YES _____    NO _____
    c. Greg Brockman     YES _____    NO _____

**SECOND CLAIM: UNJUST ENRICHMENT**

3. On the Second Claim for Unjust Enrichment, is Plaintiff's claim barred by the statute of limitations?

   YES _____    NO _____

   *If you answered "No," proceed to Question 4 below. Otherwise, proceed to Question 5.*

4. On the Second Claim for Unjust Enrichment, did Plaintiff prove the liability of any of these Defendants by a preponderance of the evidence?

   a. OpenAI, Inc.           YES _____    NO _____
   b. Sam Altman             YES _____    NO _____
   c. Greg Brockman          YES _____    NO _____
   d. Other OpenAI Entities  YES _____    NO _____
      OpenAI, L.P.
      OpenAI, L.L.C.
      OpenAI GP, L.L.C.
      OpenAI OpCo, LLC
      OpenAI Global, LLC
      OAI Corporation, LLC
      OpenAI Holdings, LLC
      Aestas Management Company, LLC
      Aestas LLC
   e. OpenAI Startup Funds   YES _____    NO _____
      OpenAI Startup Fund Management, LLC
      OpenAI Startup Fund GP I, L.L.C.
      OpenAI Startup Fund I, L.P.
      OpenAI Startup Fund SPV GP I, L.L.C.
      OpenAI Startup Fund SPV GP II, L.L.C.
      OpenAI Startup Fund SPV GP III, L.L.C.

1 | OpenAI Startup Fund SPV GP IV, L.L.C.
2 | OpenAI Startup Fund SPV I, L.P.
3 | OpenAI Startup Fund SPV II, L.P.
4 | OpenAI Startup Fund SPV III, L.P.
5 | OpenAI Startup Fund SPV IV, L.P.

**THIRD CLAIM: FRAUD**

5. On the Third Claim for Fraud, is Plaintiff's claim barred by the statute of limitations?

        YES _____    NO _____

*If you answered "No," proceed to Question 6 below.  Otherwise, proceed to Question 7.*

6. On the Third Claim for Fraud, did Plaintiff prove the liability of any of these Defendants by a preponderance of the evidence?

    a.  OpenAI, Inc.      YES _____    NO _____
    b.  Sam Altman       YES _____    NO _____
    c.  Greg Brockman   YES _____    NO _____

**FOURTH CLAIM:  CONSTRUCTIVE FRAUD**

7. On the Fourth Claim for Constructive Fraud, is Plaintiff's claim barred by the statute of limitations?

        YES _____        NO _____

*If you answered "No," proceed to Question 8 below.  Otherwise, proceed to Question 9.*

8. On the Fourth Claim for Constructive Fraud, did Plaintiff prove the liability of any of these Defendants by a preponderance of the evidence?

    a.   OpenAI, Inc.    YES _____        NO _____

    b.   Sam Altman    YES _____        NO _____

    c.   Greg Brockman    YES _____        NO _____

**FIFTH CLAIM: AIDING AND ABETTING BREACH OF CHARITABLE TRUST**

*If you answered "Yes" for any Defendant in Question 2 of the First Claim, then proceed to Question 9 below. Otherwise, proceed to Question 11.*

9. On the Fifth Claim for Aiding and Abetting Breach of Charitable Trust, is Plaintiff's claim barred by the statute of limitations?

    YES _____    NO _____

    *If you answered "No," proceed to Question 10 below. Otherwise, proceed to Question 11.*

10. On the Fifth Claim for Aiding and Abetting Breach of Charitable Trust, did Plaintiff prove the liability of Defendant Microsoft Corporation by a preponderance of the evidence?

    YES _____    NO _____

**AFFIRMATIVE DEFENSE: UNCLEAN HANDS**

*If you answered "Yes" for any Defendant in Questions 2, 4, 6, 8, or 10, then answer Question 11 below. Otherwise, sign and date the end of the form.*

11. On the Affirmative Defense of Unclean Hands, did the Defendants prove by clear and convincing evidence that Musk engaged in conduct that was unconscionable and intimately related to his claims, resulting in prejudice to the Defendants so that it would be unfair to allow Musk to assert his claims?

        YES _____        NO _____

*Sign and date the end of this form.*

Signed: _____        Dated: _____
Jury Foreperson

**AUTHORITY**

Standing Order re: Pretrial Instructions in Civil Cases § 3(j) (Mar. 17, 2025) (modified).

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM**

Plaintiff objects to Defendants' use of two separate verdict forms for statute of limitations and liability. Although this Court indicated its intent to have the jury return a special verdict on whether Plaintiff's claims are barred by the statute of limitations, Plaintiff maintains that it would not make sense for the jury to deliberate separately on statute of limitations and liability, because those issues are so closely intertwined. For example, to determine whether any of Musk's claims is barred by the statute of limitations, the jury would need to determine whether, even if Musk had earlier knowledge of his claims, the claims were nonetheless timely under the continuous accrual doctrine because Defendants continued to engage in the wrongful conduct after the relevant limitations date for that claim. *See Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1199 (2013) ("[C]ontinuous accrual applies whenever there is a continuing or recurring obligation: 'When an obligation or liability arises on a recurring basis, a cause of action accrues each time a wrongful act occurs, triggering a new limitations period.' Because each new breach of such an obligation provides all the elements of a claim – wrongdoing, harm, and causation – each may be treated as an independently actionable wrong with its own time limit for recovery.'"); *Water Audit Cal. v. Merced Irrig. Dist.*, 111 Cal. App. 5th 1147, 1192 (2025) (continuous accrual doctrine applies where "a continuing duty is breached on a recurring or ongoing basis"). In those circumstances, requiring the jury to deliberate over the statute of limitations before it even considers liability would gravely confuse the jury and deprive Plaintiff of a fair opportunity to obtain a determination of his continuous accrual arguments before the jury resolves the statute of limitations defenses.

Plaintiff's preference would be simply to submit general verdict forms on liability. But at a minimum, if the Court is inclined to adhere to its approach of requesting specific jury findings on the statute of limitations, the Court should at least permit the jury to deliberate over liability at the same time as it deliberates over the statute of limitations.

Plaintiff objects to the laches question on Defendants' verdict form on the ground that Plaintiff seeks only legal remedies and accordingly the laches defense does not apply. *See County of Los Angeles v. City of Alhambra*, 27 Cal. 3d 184, 195 (1980) ("The defense of laches, however, is not available at law, only in equity.").

Plaintiff objects to the unclean hands question on Defendants' verdict form to the extent it requires proof only by a preponderance of the evidence. The standard of proof for unclean hands is clear and convincing evidence, not preponderance of the evidence. *See Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1029 (9th Cir. 2018) ("[O]nly a showing of wrongfulness, willfulness, bad faith, or gross negligence, proved by clear and convincing evidence, will establish sufficient culpability for invocation of the doctrine of unclean hands."). In addition, no unclean hands question should be submitted with respect to the breach of charitable trust or aiding and abetting claims because "[e]quitable defenses such as unclean hands may not . . . be used to wholly defeat a claim based on a public policy expressed by the Legislature in a statute." *Salas v. Sierra Chem. Co.*, 59 Cal. 4th 407, 432 (2014); *see* Cal. Bus. & Prof. Code § 17510.8.

**STAGE 2 VERDICT FORM**

WE, THE JURY IN THE ABOVE-ENTITLED CASE, unanimously find as follows:

**DISGORGEMENT OF WRONGFUL GAINS: OPENAI**

1. What is OpenAI For-Profit's current value?

    $ _____

2. What percentage of OpenAI For-Profit's value is attributable to OpenAI Nonprofit?

    _____ %

3. What percentage of OpenAI Nonprofit's value is attributable to Musk's monetary and non-monetary contributions?

    _____ %

4. What percentage of Musk's monetary and non-monetary contributions were fraudulently induced by Defendants?

    _____ %

5. What percentage, if any, of Defendants' wrongful gains accrued outside the applicable limitations periods?

    _____ %

**DISGORGEMENT OF WRONGFUL GAINS: MICROSOFT**

6. What percentage of OpenAI For-Profit does Microsoft own?

    _____ %

**DISGORGEMENT OF WRONGFUL GAINS: SAMUEL ALTMAN**

7. What amount has Defendant Samuel Altman wrongfully gained as a result of the claims for which you found him liable?

$ _____

**DISGORGEMENT OF WRONGFUL GAINS: GREGORY BROCKMAN**

8. What amount has Defendant Gregory Brockman wrongfully gained as a result of the claims for which you found him liable?

$ _____

**PUNITIVE DAMAGES**

*If you awarded disgorgement of wrongful gains against any Defendant, then proceed to Question 9 and answer that question only for Defendants against whom you awarded wrongful gains. Otherwise, sign and date the end of this form.*

9. Did Musk prove by clear and convincing evidence that any Defendant is liable for punitive damages?

    a. OpenAI, Inc.    YES _____    NO _____

    b. Sam Altman    YES _____    NO _____

    c. Greg Brockman    YES _____    NO _____

    d. Microsoft    YES _____    NO _____

10. What amount of punitive damages, if any, do you award against each Defendant?

    a. OpenAI, Inc.    $ _____

    b. Sam Altman    $ _____

    c. Greg Brockman    $ _____

    d. Microsoft    $ _____

*Sign and date the end of this form.*

Signed: _____        Dated: _____

Jury Foreperson

**AUTHORITY**

Standing Order re: Pretrial Instructions in Civil Cases § 3(j) (Mar. 17, 2025) (modified); Expert Report of C. Paul Wazzan, Ph.D. (Oct. 29, 2025).

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM**

Plaintiff proposes to submit specific questions to the jury that will enable the Court to enter judgment for the appropriate amount of disgorgement based on those findings. Plaintiff submits that this approach will help avoid jury confusion and better ensure that the verdict has a firm grounding in the evidence. *See Floyd v. Laws*, 929 F.2d 1390, 1395 (9th Cir. 1991) ("As a general rule, the court has complete discretion over whether to have the jury return a special verdict or a general verdict."); *LA Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. 24-3776, 2026 WL 504763, at *6 (9th Cir. Feb. 24, 2026) ("District courts have 'broad discretion in deciding whether to send the case to the jury for a special or general verdict.'"). In *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054 (9th Cir. 2022), for example, the jury was directed to calculate the defendant's wrongful profits from copyright infringement by calculating both (1) the defendant's profits per infringing product sold by product type; and (2) the number of each infringing product sold, and then calculating total disgorgement based on those figures. *Id.* at 1087-88. The specificity of that verdict allowed the court to "preserv[e] the jury's findings to the greatest extent possible" when a portion of the award was ruled untenable after trial. *Id.* at 1087.

Plaintiff objects to Defendants' verdict form to the extent it does not permit the jury to award disgorgement or punitive damages against Altman or Brockman. Plaintiff anticipates that the

evidence at trial will support an award of disgorgement against both Altman and Brockman, and thus an award of punitive damages as well.

| | | |
|---|---|---|
| 1 | Date: February 26, 2026 | MOLOLAMKEN LLP |
| 2 | | |
| 3 | |   /s/ Steven F. Molo |
| 4 | | Steven F. Molo (*pro hac vice*) |
| 5 | | *Attorneys for Plaintiffs Elon Musk and X.AI Corp.* |