# EXHIBIT B

| | |
|---|---|
| JORDAN ETH (CA SBN 121617)<br>JEth@mofo.com<br>WILLIAM FRENTZEN (CA SBN 343918)<br>WFrentzen@mofo.com<br>DAVID J. WIENER (CA SBN 291659)<br>DWiener@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br>WILLIAM SAVITT (*pro hac vice*)<br>WDSavitt@wlrk.com<br>BRADLEY R. WILSON (*pro hac vice*)<br>BRWilson@wlrk.com<br>SARAH K. EDDY (*pro hac vice*)<br>SKEddy@wlrk.com<br>STEVEN WINTER (*pro hac vice*)<br>SWinter@wlrk.com<br>NATHANIEL CULLERTON (*pro hac vice*)<br>NDCullerton@wlrk.com<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 403-1000<br>Facsimile: (212) 403-2000<br><br>*Attorneys for the OpenAI Defendants* | RUSSELL P. COHEN (SBN 213105)<br>Russ.cohen@dechert.com<br>HOWARD M. ULLMAN (SBN 206760)<br>Howard.ullman@dechert.com<br>DECHERT LLP<br>45 Fremont Street, 26th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 262-4500<br>Facsimile: (415) 262-4555<br><br>NISHA PATEL (SBN 281628)<br>Nisha.patelgupta@dechert.com<br>DECHERT LLP<br>633 West 5th Street, Suite 4900<br>Los Angeles, CA 90071<br>Telephone: (213) 808-5700<br>Facsimile: (213) 808-5760<br><br>ANDREW J. LEVANDER (*pro hac vice*)<br>Andrew.levander@dechert.com<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 698-3500<br>Facsimile: (212) 698-3599<br><br>JAY JURATA (*pro hac vice*)<br>Jay.jurata@dechert.com<br>DECHERT LLP<br>1900 K Street, N.W.<br>Washington, DC 20006<br>Telephone: (202) 261-3300<br>Facsimile: (202) 261-3333<br><br>*Attorneys for Defendant Microsoft Corporation* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SAMUEL ALTMAN et al.,<br><br>　　　　Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**DEFENDANTS' PROPOSED VERDICT FORMS**<br><br>Date: March 13, 2026<br>Time: 9:00 AM<br>Courtroom: 1 – 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC (collectively, the "OpenAI Defendants"), and Defendant Microsoft Corporation (together with the OpenAI Defendants, "Defendants"), hereby submit the following Proposed Verdict Form pursuant to Paragraph 3(j) of the Court's Standing Order re: Pretrial Instructions in Civil Cases (last updated March 17, 2025).

**(1)   Liability Stage Verdict Form – Statute of Limitations**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

1. On the First Cause of Action for Breach of Charitable Trust, is the claim barred by the statute of limitations?

    _____ Yes     _____ No

2. On the Second Cause of Action for Unjust Enrichment, is the claim barred by the statute of limitations?

    _____ Yes     _____ No

3. On the Third Cause of Action for Fraud, is the claim barred by the statute of limitations?

    _____ Yes     _____ No

4. On the Fourth Cause of Action for Constructive Fraud, is the claim barred by the statute of limitations?

    _____ Yes     _____ No

*Only if you answered "No" on the First Cause of Action for Breach of Charitable Trust, proceed to Question 5. Otherwise, skip Question 5, and have the presiding juror sign and date this form.*

5. On the Fifth Cause of Action for Aiding and Abetting Breach of Charitable Trust, is the claim barred by the statute of limitations?

    _____ Yes     _____ No

Signed: _____

         Presiding Juror

Dated: _____

After the verdict form has been signed, notify the Courtroom Deputy.

**AUTHORITY**

The Defendants propose that the jury first be given a verdict form addressing the statute of limitations defenses. This approach is consistent with the Court's ruling to have the jury first decide the application of the statute of limitations to each claim.

Plaintiff objects to having the jury address the statute of limitations defenses before addressing liability. But courts "routinely" adopt that sequence by, for example, bifurcating trials so that statute of limitations questions are tried first. *Grisham* v. *Philip Morris, Inc.*, 2009 WL 9102320, at *4 (C.D. Cal. Dec. 3, 2009); *see, e.g.*, *Antonick* v. *Elec. Arts, Inc.*, 841 F.3d 1062, 1065 (9th Cir. 2016) (jury trial bifurcated to address statute of limitations first). Here, the Court is taking a more modest step, short of having a separate trial on the statute of limitations, by directing the jury to address at the outset whether Musk's claims are time-barred before turning to liability questions if they find any claim is timely. That decision is well within the Court's wide discretion to fashion and sequence verdict forms.

Plaintiff insists that the applicability of the continuous accrual doctrine in this case means that the jury will be confused if it addresses the statute of limitations before considering liability. That argument is based on a false premise, as the continuous accrual doctrine is inapplicable here. Joint Pretrial Conference Statement (Disputed Legal Issues Pt. 5). In any event, Plaintiff offers no reason why juries are capable of addressing other timeliness issues at the threshold, such as the discovery rule and reasonable diligence, but not continuous accrual.

Thus, the Court should adhere to its determination to have the jury first decide the application of the statute of limitations to each claim, and use the Defendants' proposed verdict form.

## OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORMS—STATUTE OF LIMITATIONS

Defendants object to Plaintiff's proposed liability stage verdict form as it pertains to statute of limitations for the reasons set forth above.

**(2)   Liability Stage Verdict Form – Liability and Other Affirmative Defenses**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

1.  On the First Cause of Action for Breach of Charitable Trust, did Musk prove the claim against any of these Defendants?

    | | | |
    |---|---|---|
    | Samuel Altman | _____ Yes | _____ No |
    | Gregory Brockman | _____ Yes | _____ No |
    | OpenAI, Inc. | _____ Yes | _____ No |

2.  On the Second Cause of Action for Unjust Enrichment, did Musk prove the claim by a preponderance of the evidence against any of these Defendants?

    | | | |
    |---|---|---|
    | Samuel Altman | _____ Yes | _____ No |
    | Gregory Brockman | _____ Yes | _____ No |
    | OpenAI, Inc. | _____ Yes | _____ No |
    | Other OpenAI Entities | _____ Yes | _____ No |

        OpenAI, L.P.

        OpenAI, L.L.C.

        OpenAI GP, L.L.C.

        OpenAI OpCo, LLC

        OpenAI Global, LLC

        OAI Corporation, LLC

        OpenAI Holdings, LLC

        Aestas Management Company, LLC

        Aestas LLC

    | | | |
    |---|---|---|
    | OpenAI Startup Funds | _____ Yes | _____ No |

        OpenAI Startup Fund Management, LLC

        OpenAI Startup Fund GP I, L.L.C.

        OpenAI Startup Fund I, L.P.

OpenAI Startup Fund SPV GP I, L.L.C.

OpenAI Startup Fund SPV GP II, L.L.C.

OpenAI Startup Fund SPV GP III, L.L.C.

OpenAI Startup Fund SPV GP IV, L.L.C.

OpenAI Startup Fund SPV I, L.P.

OpenAI Startup Fund SPV II, L.P.

OpenAI Startup Fund SPV III, L.P.

OpenAI Startup Fund SPV IV, L.P.

3. On the Third Cause of Action for Fraud, did Musk prove the claim by a preponderance of the evidence against any of these Defendants?

Samuel Altman     _____ Yes   _____ No

Gregory Brockman  _____ Yes   _____ No

OpenAI, Inc.      _____ Yes   _____ No

4. On the Fourth Cause of Action for Constructive Fraud, did Musk prove the claim by a preponderance of the evidence against any of these Defendants?

Samuel Altman     _____ Yes   _____ No

Gregory Brockman  _____ Yes   _____ No

OpenAI, Inc.      _____ Yes   _____ No

*Only if you answered "Yes" for any Defendant on the First Cause of Action for Breach of Charitable Trust, proceed to Question 5. Otherwise, skip Question 5 and proceed to Question 6.*

5. On the Fifth Cause of Action for Aiding and Abetting Breach of Charitable Trust, did Musk prove the claim by a preponderance of the evidence against Microsoft?

_____ Yes     _____ No

6. On the Affirmative Defense of Laches, did the Defendants prove by a preponderance of the evidence that Musk delayed bringing this lawsuit for an unreasonable length of time, resulting in prejudice to the Defendants?

_____ Yes     _____ No

7. On the Affirmative Defense of Unclean Hands, did the Defendants prove by a preponderance of the evidence that Musk engaged in conduct that was unconscionable and intimately related to his claims, resulting in prejudice to the Defendants so that it would be unfair to allow Musk to assert his claims?

_____ Yes     _____ No

Signed: _____
       Presiding Juror

Dated: _____

After the verdict form has been signed, notify the Courtroom Deputy.

**AUTHORITY**

If the jury determines that any claim is not time-barred, the Defendants propose that the jury be given this verdict form addressing liability and affirmative defenses other than the statute of limitations. This approach is consistent with the Court's ruling to have the jury first decide the application of the statute of limitations to each claim.

The liability questions are based on the Court's Standing Order re: Pretrial Instructions in Civil Cases § 3(j) (Mar. 17, 2025) ("On the First Cause of Action for [insert claim], did plaintiff [insert name] prove the claim by a [insert standard] against [insert defendant]? __ YES __ NO").

The laches question is based on the laches verdict form in *S.F. Bay Area Rapid Transit Dist.* v. *Spencer*, No. 3:04-cv-04632-SI (N.D. Cal.), and the Defendants' proposed instruction for the laches defense. The unclean hands question is based on the unclean hands verdict form in *Zhu* v. *Li*, No. 4:19-cv-02534-JSW (N.D. Cal.), and the Defendants' proposed instruction for the unclean hands defense.

Musk objects to the laches question on the ground that his claims are legal rather than equitable. But Musk's claims in this case are equitable, not legal. The primary remedy Musk seeks, disgorgement of profits, is a quintessentially equitable remedy. *See* Joint Pretrial Conference Statement (Disputed Legal Issues Pt. 1). The only other monetary remedy Musk seeks is an award of exemplary damages, which is likewise equitable because, in the absence of compensatory damages, it necessarily rests on disgorgement of profits. *Id.* Pt. 3. Because Musk seeks only equitable remedies in this case, his claims are equitable. Furthermore, breach of charitable trust is an equitable cause of action, and unjust enrichment is an equitable theory. *Id.* Thus, the laches question should be asked.

Musk objects to the unclean hands question with respect to his breach of charitable trust and aiding and abetting claims on the ground that the defense may not be used to "wholly defeat a claim based on a public policy expressed by the Legislature in a statute." *Salas* v. *Sierra Chem. Co.*, 59 Cal. 4th 407, 432 (2014). But *Salas* concerned a statutory cause of action, for violation of the Fair Employment and Housing Act. *Id.* at 416-17. Musk's charitable trust and aiding and abetting claims are not for violation of a statute, but for breach of common law trust duties or aiding and abetting the same. That Cal. Bus. & Prof. Code § 17510.8 may provide one way to show the creation of a charitable trust does not change that result, particularly given that the provision is by its own terms "declarative of existing trust law principles." In any event, the unclean hands question should be asked because, as Musk concedes, it is a valid defense to his other claims, and even under *Salas* the unclean hands defense "may guide the court in fashioning relief," including by reducing damages. 59 Cal. 4th at 432.

**OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORMS**

The OpenAI Defendants object to Musk's proposed liability stage verdict form on several grounds in addition to the statute of limitations issues identified above.

First, Musk's proposed liability question for the breach of charitable trust claim erroneously invokes the preponderance standard. As set forth in the OpenAI Defendants' proposed instructions for the breach of charitable trust claim, the "clear and convincing evidence" standard applies to a portion of the claim.

Second, Musk's proposed form fails to ask any question regarding the laches affirmative defense.

Third, Musk's proposed question regarding the unclean hands affirmative defense erroneously invokes the clear and convincing evidence standard. Under California law, the unclean hands defense need only be proved by a preponderance of the evidence. *Mattco Forge, Inc.* v. *Arthur Young & Co.*, 52 Cal. App. 4th 820, 846 (1997) (affirming unclean hands jury instruction requiring proof by a preponderance of the evidence); *Ajaxo, Inc.* v. *E*Trade Fin. Corp.*, 48 Cal. App. 5th 129, 171-72 (2020) (noting use of preponderance standard for unclean hands defense in prior trial). Musk erroneously relies on the clear-and-convincing evidence standard applied to the unclean hands defense in Lanham Act cases. *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1018, 1029 (9th Cir. 2018) (Lanham Act trademark litigation); *see Vineyard House, LLC* v. *Constellation Brands U.S. Operations, Inc.*, 515 F. Supp. 3d 1061, 1078 (N.D. Cal. 2021) (Gonzalez Rogers, J.) ("A party must demonstrate unclean hands *in a trademark action* by clear, convincing evidence." (emphasis added)).

Microsoft joins these objections relating to the statute of limitations issues and the laches and unclean hands defenses.

### (3) Remedy Stage Verdict Form

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

1. Did Musk prove by a preponderance of the evidence that he is entitled to disgorgement of profits from any of these Defendants?

   OpenAI, Inc.         _____ Yes    _____ No

   Microsoft            _____ Yes    _____ No

   *If you answered "Yes" to Question 1 as to any Defendant, then answer Question 2 only as to such Defendant(s). Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.*

2. What amount of disgorgement of profits, if any, do you award Musk from these Defendants?

   OpenAI, Inc.         $_____

   Microsoft            $_____

   *If you awarded disgorgement of profits from any Defendant, then answer Question 3 only as to such Defendant(s). Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.*

3. Did Musk prove by clear and convincing evidence that any of these Defendants engaged in the conduct with malice, oppression, or fraud?

   OpenAI, Inc.         _____ Yes    _____ No

   Microsoft            _____ Yes    _____ No

   *If you answered "Yes" to Question 3 as to any Defendant, then answer Question 4 only as to such Defendant(s). Otherwise, stop here, answer no further questions, and have the presiding juror sign and date this form.*

4. What amount of punitive damages, if any, do you award Musk from these Defendants?

    OpenAI, Inc.       $ _____

    Microsoft          $ _____

Signed: _____

        Presiding Juror

Dated: _____

After the verdict form has been signed, notify the Courtroom Deputy.

**AUTHORITY**[1]

There is no CACI verdict form for disgorgement of profits. The disgorgement questions are based on *Rodriguez* v. *Google, LLC*, No. 3:20-cv-04688-RS, Dkt. 666 (N.D. Cal. Sept. 4, 2025), and *Proofpoint, Inc.* v. *Vade Secure, Inc.*, No. 3:19-cv-04238-MMC, Dkt. 805 (N.D. Cal. Aug. 25, 2021). The punitive damages questions are based on the model verdict form in Judicial Council of California Civil Jury Instructions No. VF-3900 (2025 ed.) (Punitive Damages).

**OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORMS**

The Defendants object to Musk's proposed verdict form on remedies. Musk's proposed questions on disgorgement are inconsistent with standard verdict forms on these issues. And the departure from common practice is clearly designed to put a thumb on the scale in favor of awarding disgorgement. The Court should reject Musk's attempt to skew the verdict and should use the Defendants' simple, standard proposed verdict form instead.

---

[1] The Defendants contend that Musk's claim for disgorgement of wrongful gains should not be submitted to the jury because he cannot obtain it in this case as a matter of law: it is an equitable remedy and he cannot demonstrate that he lacks an adequate remedy at law. The Defendants also contend that there is no right to a jury determination of disgorgement of wrongful gains because it is equitable rather than legal. Because the Court can submit the disgorgement claim to the jury on an advisory basis, the Defendants include disgorgement in the verdict form herein. *See* Joint Pretrial Conference Statement (Disputed Legal Issues Pts. 1, 2).

The typical practice is to ask juries just two questions about disgorgement: whether the plaintiff has proved entitlement to disgorgement and, if so, the amount. *Rodriguez* v. *Google, LLC*, No. 3:20-cv-04688-RS, Dkt. 670 (N.D. Cal. Sept. 4, 2025) ("Have Plaintiffs proved, by a preponderance of the evidence, that they are entitled to disgorgement …"; "[I]dentify the amount of unjust enrichment damages you award each class on the following lines."); *Guardant Health, Inc.* v. *Natera, Inc.*, No. 3:21-cv-04062-EMC, Dkt. 736-1 (N.D. Cal. Oct. 25, 2024) ("Should Natera disgorge profits in addition to damages … for its false advertising?"; "What sum of money, if any, fairly and reasonably represents Natera's profits from the actions you found in your answers to Question 4?"); *EchoSpan, Inc.* v. *Medallia, Inc.*, No. 5:22-cv-01732-NC, Dkt. 385 (N.D. Cal. Oct. 30, 2023) ("Did Medallia's acquisition or use of this information cause Medallia to be unjustly enriched?"; "[P]lease add the total amount of unjust enrichment you found Medallia received through improper acquisition or use of EchoSpan's trade secret(s).").

The Defendants' proposed verdict form is consistent with standard practice. It asks first: "Did Musk prove by a preponderance of the evidence that he is entitled to disgorgement of profits from any of these Defendants?" If the answer is yes, the form then asks: "What amount of disgorgement of profits, if any, do you award Musk from these Defendants?" These questions are simple, balanced, and supported by precedent.

Musk proposes to depart from this practice and instead ask the jury eight detailed questions on disgorgement based on the methodology of Musk's damages expert—a methodology that Defendants vigorously dispute. For example, Musk would ask: "What is OpenAI For-Profit's current value?"; "What percentage of OpenAI For-Profit's value is attributable to OpenAI Nonprofit?"; "What percentage of OpenAI Nonprofit's value is attributable to Musk's monetary and non-monetary contributions?" These questions presume the validity of, and closely track, the methodology of Musk's damages expert, C. Paul Wazzan, who "calculates the amount of OpenAI's wrongful gains as the product of three numbers: (1) the current value of the OpenAI for-profit entity, times (2) the OpenAI nonprofit's share of the for-profit, times (3) the portion of the nonprofit's value that is fairly attributable to Mr. Musk's monetary and nonmonetary

1  contributions." Dkt. 392 at 2 (Plaintiff's Notice of Remedies). These questions are slanted and
2  argumentative and would effectively dictate that the jury adopt and follow Wazzan's purported
3  three-step methodology—one he admits he has never "used . . . in a different case" or "in any other
4  context," Wazzan Tr. at 43:24-44:7—in calculating the amount of disgorgement.

5      In support of his proposed verdict form, Musk relies on a case where a jury was directed to
6  calculate wrongful profits in a copyright infringement suit by multiplying the defendant's profits
7  per infringing product by the number of such products sold. Plaintiff's Proposed Verdict Form at
8  14 (citing *Unicolors, Inc.* v. *H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054 (9th Cir. 2022)). That
9  straightforward measure for wrongful profits in a copyright case is a far cry from the never-before
10 used methodology Wazzan advances and that Musk seeks to enshrine in the verdict form. But
11 *Unicolors* doesn't just fail to support Musk's verdict form—it affirmatively supports the
12 Defendants'. The actual *verdict form* in *Unicolors* asked the jury simply: "For what amount of
13 profit disgorgement damages, if any, do you find [defendant] liable [to plaintiff]." No. 2:16-cv-
14 02322-AB-SK, 2017 WL 11478878 (C.D. Cal. Dec. 7, 2017). That is nearly verbatim the
15 disgorgement question that Defendants propose.

16     The Court should reject Musk's non-standard disgorgement questions and use the
17 Defendants' standard questions instead.[2]

---

[2] The OpenAI Defendants also object to Musk's questions directed to disgorgement from Altman and Brockman. That issue is separately addressed by the parties in the Disputed Legal Issues section of the Joint Pretrial Conference Statement. *See* Joint Pretrial Conference Statement (Disputed Legal Issues Pt. 4).

|    |                              |                                                |
|----|------------------------------|------------------------------------------------|
| 1  | DATED: February 26, 2026     | WACHTELL, LIPTON, ROSEN & KATZ                 |
| 2  |                              |                                                |

DATED: February 26, 2026                    WACHTELL, LIPTON, ROSEN & KATZ

/s/ William Savitt
William Savitt (*pro hac vice*)

MORRISON & FOERSTER LLP

/s/ William Frentzen
William Frentzen (CA SBN 343918)

*Attorneys for the OpenAI Defendants*

DATED: February 26, 2026                    DECHERT LLP

/s/ Russell P. Cohen
Russell P. Cohen (SBN 213105)

*Attorneys for Defendant Microsoft Corporation*

**ECF ATTESTATION**

I, William Frentzen, am the ECF User whose ID and password are being used to file this **DEFENDANTS' PROPOSED VERDICT FORMS**. In accordance with Civil Local Rule 5-1, concurrence in the filing of this document has been obtained from each of the other signatories, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Date: February 26, 2026

*/s/ William Frentzen*
William Frentzen