MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk and X.AI Corp.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN et al., <br><br> Defendants. | Case No. 4:24-cv-04722-YGR <br><br> **RESPONSE TO OPENAI DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiff Elon Musk and non-party Shivon Zilis respectfully file this Response to the OpenAI Defendants' ("OpenAI's") Administrative Motion To Consider Whether Another Party's Material Should Be Sealed. Dkt. 426. Plaintiff and Ms. Zilis request limited redactions to OpenAI's Opposition to Plaintiff's Motion *in Limine* No. 4 (the "Opposition"), as well as Exhibit B thereto (a text chain between Ms. Zilis and Mr. Musk) and Exhibit C (an excerpt from Ms. Zilis's deposition transcript). The three documents are currently provisionally filed under seal at Dkts. 426-2, 426-5, and 426-6, respectively.

Documents like these that are "not related, or only tangentially related, to the merits of a case" are not subject to any strong presumption of public access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Redactions are justified where "compelling reasons sufficient to outweigh the public's interest in disclosure" exist, including when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted). Compelling reasons for redaction exist where "disclosure of the material could result in improper use of the material." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Redaction is also justified where documents contain personal content, the disclosure of which would be an unwarranted invasion of privacy. Courts regularly permit redaction on those grounds. *See, e.g.*, *United States v. Nosal*, No. 08-cr-0237, 2013 WL 11327121, at *9 (N.D. Cal. Mar. 29, 2013) (permitting redactions to voicemails that "contain[ed] a combination of personal and business information"); *VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671, 2023 WL 7472953, at *2 (N.D. Cal. Oct. 24, 2023) (permitting sealing of "personal information that is not relevant to any matter in this case"); *Apple Inc. v. Rivos, Inc.*, No. 22-cv-02637, 2024 WL 748394, at *5 (N.D. Cal. Feb. 23, 2024) (similar). Courts similarly permit the redaction of personal identifying information such as personal phone numbers. *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640, 2021 WL 1925460, at *3 (N.D. Cal. Apr. 30, 2021) (Gonzalez Rogers, J.) (granting motion to seal that was "narrowly tailored in redacting personal identifying information, including names, phone numbers, and email addresses").

Redactions are justified for all those reasons here. Plaintiff explained the compelling reasons for sealing this type of material in his Administrative Motion To Seal Plaintiff's Motion *in Limine* No. 4 (the "Sealing Motion"), Dkt. 405, and Plaintiff's Motion *in Limine* No. 4 To Exclude Irrelevant Information About Plaintiff Elon Musk (the "Motion *in Limine*"), Dkt. 406. As described in the Motion *in Limine*, Plaintiff seeks to exclude from trial documents and testimony that include prejudicial, personal information that is irrelevant to the merits of any claim or defense. Dkt. 406 at 1-2. OpenAI's Opposition to the Motion references the same inflammatory material Plaintiff seeks to exclude from trial, and Exhibits B and C contain statements from Ms. Zilis that are personal in nature. *See* Dkts. 426-2, 426-5, 426-6. Given the heightened media attention to this case and the nearness of trial, disclosure would not only be an unwarranted invasion of privacy but would also risk tainting the jury pool's ability to form an impartial view of the evidence. *See Doe v. Rose*, No. CV-15-07503, 2016 WL 9107137, at *3-4 (C.D. Cal. Sept. 30, 2016) ("As the date set for trial begins to approach, 'the potential for prejudice becomes particularly acute.'"). Disclosure would therefore deprive Plaintiff of the very relief he seeks in the Motion *in Limine*. At a minimum, the Opposition and Exhibits B and C should remain sealed or redacted until the Motion *in Limine* is decided.

This Court has already approved redaction of the same or similar material on personal privacy grounds. During discovery, Magistrate Judge Hixson approved the same redactions to Exhibit B that Plaintiff and Ms. Zilis seek here. Dkt. 288 (order); Dkt. 290-1 (redacted exhibit). And at summary judgment, the Court permitted Plaintiff to redact portions from both Plaintiff's deposition transcript and Ms. Zilis's deposition transcript based on similar personal privacy concerns. Dkt. 368-98 ¶¶ 6-7 (sealing declaration); Dkt. 375 (order); Dkt. 390 at 2 n.2 (order); Dkt. 391-1 (redacted exhibit); Dkt. 391-38 (redacted exhibit). Plaintiff and Ms. Zilis seek to redact the same sorts of personal information here.

Consistent with Civil Local Rule 79-5(a), Plaintiff and Ms. Zilis request limited redactions to OpenAI's Opposition and Exhibits B and C. The proposed redactions are reflected in Exhibits 1, 2, and 3, attached to this motion. The redactions relate to the following content:

- OpenAI's Opposition (Dkt. 426-2, proposed redactions at Ex. 1):  The redacted material relates to Plaintiff's political, social, personal, and other activities.  It concerns the same topics that are the focus of the Motion *in Limine* and the Sealing Motion and should be redacted for the same reasons.  Disclosure in a public filing would be an unwarranted invasion of personal privacy and would effectively deprive Plaintiff of the relief he seeks in the Motion *in Limine*.

- Exhibit B (Dkt. 426-5, proposed redactions at Ex. 2):  The redacted material consists of two personal phone numbers and certain personal comments in a text chain that are not material to any issue in dispute.  The material should be redacted to avoid an unwarranted invasion of a non-party's personal privacy.

- Exhibit C (Dkt. 426-6, proposed redactions at Ex. 3):  The redacted material consists of deposition testimony concerning the deponent's relationship with Plaintiff.  The material should be redacted to protect the personal privacy interests of both persons.

Dated: March 4, 2026                                                 MOLOLAMKEN LLP

                                              By:    */s/ Steven F. Molo*
                                                     Steven F. Molo (*pro hac vice*)

                                                     Marc Toberoff (CA SBN 188547)
                                                     MToberoff@toberoffandassociates.com
                                                     TOBEROFF & ASSOCIATES, P.C.
                                                     23823 Malibu Road, Suite 50-363
                                                     Malibu, CA 90265
                                                     Telephone: (310) 246-3333

                                                     Robert K. Kry (*pro hac vice*)
                                                     Jennifer M. Schubert (*pro hac vice*)
                                                     MOLOLAMKEN LLP
                                                     430 Park Avenue
                                                     New York, NY 10022
                                                     Telephone: (212) 607-8160

                                                     *Attorneys for Plaintiffs Elon Musk and X.AI Corp.*

**[PROPOSED] ORDER**

Before the Court is the OpenAI Defendants' ("OpenAI's") Administrative Motion To Consider Whether Another Party's Material Should Be Sealed. Dkt. 426. Having considered the response thereto and found the material below to satisfy the requirements for sealing under Civil Local Rule 79-5, the Court approves the proposed redactions as follows:

| Document | Designator | Basis for Redaction |
|---|---|---|
| OpenAI's Opposition to Plaintiff's Motion *in Limine* No. 4 | Plaintiff Elon Musk | Personal privacy |
| Exhibit B – phone number and personal content | Plaintiff Elon Musk, Non-Party Shivon Zilis | Personal privacy |
| Exhibit C – personal content | Plaintiff Elon Musk, Non-Party Shivon Zilis | Personal privacy |

**IT IS SO ORDERED.**

DATED: _____

_____
Hon. Yvonne Gonzalez Rogers
United States District Court Judge