**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELON MUSK, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL ALTMAN, ET AL., <br><br> Defendants. | Case No.  24-cv-4722-YGR <br><br> PRETRIAL ORDER NO. 1 RE: PRETRIAL CONFERENCE |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, which was held on March 13, 2026, for good cause shown the Court confirms the following orders and issues others to facilitate an orderly trial:

1. **Trial Date and Schedule:**   The trial of this matter is confirmed to proceed in Courtroom 1 on April 27, 2026 with jury selection.  Opening statements and evidence will begin thereafter but no earlier than April 28, 2026.  Trial itself shall commence daily at 8:30 a.m. Counsel shall arrive in court early enough to proceed promptly at 8:00 a.m. to discuss with the Court issues outside the presence of the jury.  The trial schedule will be Monday through Thursday, from 8:30 a.m. to 1:40 p.m. with two twenty-minute breaks.  Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.  In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

2. The Court will be dark on Fridays. If the jury is deliberating on Friday, May 22, 2026, the Court may be in session that Friday.

3. Plaintiff and the OpenAI defendants shall each be afforded 24 hours to present their case as to liability, including opening statements and closing arguments.  Microsoft shall be

United States District Court
Northern District of California

afforded 8 hours to present its case as to the same scope.

4. The Court will address the issue of punitive damages by separate order, but it is unlikely that punitive damages will be available. The Court will not bifurcate the trial. The jury will address whether Musk filed his case within each claim's limitation period.

5. The Court shall reserve 90 minutes for the plaintiff and the OpenAI defendants and 45 minutes for Microsoft for closing arguments. The parties shall receive daily timesheets advising them of the time remaining. Any concerns must be raised immediately or will be waived.

6. **Standard Motions *in Limine*:** The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of the wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). The Court's rulings on the motions *in limine* will be issued by separate orders.

7. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

8. **Witnesses:** The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

9. **Stipulations**:

   a. By **March 20, 2026,** the parties shall file a stipulation to address the impact of a verdict on all the various OpenAI entities so that the trial proceeds efficiently. The parties shall also file an update on the issue by that date.

   b. By **March 20, 2026,** the parties shall meet and confer regarding the manner in which the stipulated facts will be presented to the jury. The parties shall also file

an update on the issue by that date.

c. By **March 20, 2026,** the parties shall meet and confer about the sealing of Microsoft's proprietary documents.  The Court provided the parties with considerations to guide the meet and confer sessions.  The parties shall also file an update on the issue by that date.

d. Parties are reminded to issue trial notices or subpoenas or to secure written confirmation regarding the production of witnesses for live testimony.

e. The Court accepts the parties' stipulations at Docket No. 430 except for paragraph 4. There, the Court orders the parties to present any issues to the Court by 4:00 p.m. on **April 26, 2026**.  The parties shall adjust their schedule accordingly.  The stipulations are otherwise ordered.

10.     The Court confirms that the parties have delivered via email a single joint list of all witnesses, attorneys, and others involved in the trial, in alphabetical order to be shown to prospective jurors as part of the Survey Monkey.

11.     **Exhibits and Exhibit Lists:**  The parties are limited to using the Exhibits submitted on the Exhibit List.  No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.

12.     Given the length of the exhibit list, the Court confirmed that the parties are proceeding with witness binders.  Standing Order re Pre Trial Instructions, ¶ 6.h.iii.

13.     The parties are reminded that the jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.  Standing Order re Pre Trial Instructions, ¶ 6.f.iii.

14.     To allow for public access to admitted exhibits, by no later than 3:00 p.m. each day, counsel shall make public any admitted exhibit.  By **March 20, 2026,** the parties shall meet and confer with respect to posting of those documents.  The parties shall also file an update on the issue by that date.

United States District Court
Northern District of California

15.    **Audio Evidence:**  Parties are advised that with respect to any significant amount to audio and/or audio-video evidence, the court reporter is relieved of their obligation to transcribe in real time.  Parties shall provide the court reporter with a transcript of what was played by the end of the business day on which it was played so that it can be attached to the transcript.

16.    **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Edwin Cuenco, at (510) 637-3540, as to appropriate time for doing so.  Counsel shall send the Court a proposed form of order if they would like to bring equipment into the courthouse. The United States Marshals Service requires an order.

17.    Parties may use <u>encrypted</u> digital wireless system that includes a receiver and transmitter with XLR connector.

18.    The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at https://cand.uscourts.gov/attorneys/courtroom-technology.

19.    **Jurors and Peremptory Challenges:**

    a.    The Court will seat a total of nine (9) jurors and no alternates.  The Court sets the number of peremptory challenges at four (4).  Motions under *Batson v. Kentucky,* 476 U.S. 79 (1986) for improper use of challenges must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.  The Court will conduct the *voir dire* but will allow each side 15-20 minutes for follow-up depending on the size of the pool.

    b.    In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but . . . may not communicate directly or through another with a juror or potential juror."  A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of ex parte communication prohibited

4

by Model Rule 3.5(b)." Further, to the extent that a party asks any follow-up questions to a prospective juror during *voir dire* regarding information obtained from the review, the party shall disclose the review to the juror.

20. Until the seated jury is released from its service, there shall be no contact or attempt to contact any juror in person or by any other means. This order applies to all parties, their attorneys and agents, and to the press. The Court intends to set up a procedure to guarantee press access to the proceedings. Violation of this order may impact access.

21. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:** Counsel have confirmed that they have lodged a copy of all expert disclosures, including any supplements. Any offer of judgment made under Fed. R. Civ. P. 68 shall be lodged with the Court by the first day of trial.

22. **Doe Defendants**: All Doe defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

23. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by the questioning lawyer *and* the witness. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. The index shall provide a space for the party and the courtroom deputy to confirm delivery of and receipt of each transcript. Delivery of the transcripts shall occur no later than **April 17, 2026.**

24. Before each trial day, counsel shall confer with the courtroom deputy to identify, and provide, the transcripts which may be used that day.

25. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

26. **Jury Questions:** The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

United States District Court
Northern District of California

United States District Court
Northern District of California

27. **Punitive Damages:**  The Court does not expect that there shall be a punitive damages phase.  However, if the jury is asked to consider punitive damages, the following additional orders apply:

    a.  Defendants shall have all relevant financial data in Court in a sealed envelope once trial begins;

    b.  Counsel shall have all witnesses who will be called to testify regarding the financial status of the relevant party (e.g., to authenticate relevant documents, etc.) available on 30 minutes' notice once jury deliberations begin; and

    c.  The parties shall meet and confer regarding written stipulations to streamline this phase of the case.

28. **Access and Restrictions**

    a.  This is a public trial.  That some of the parties and witnesses may have high profiles does not warrant special privileges.  All parties and witnesses shall enter the courthouse through the front door and proceed through security.

    b.  This serves as a reminder that Court rules prohibit pictures and any recording of a jury trial.  To assist the Court in monitoring compliance, all electronic devices that cannot be easily monitored, such as Meta Glasses or other smart devices, are prohibited from being brought into the courtroom.

    c.  Overflow courtroom access will be provided with video feed for those sessions which are anticipated to be oversubscribed.  The Court will limit the number of seats provided to the parties as opposed to the public and the press.  By **Tuesday, March 17, 2026,** the parties may send a request to the chambers email outlining the number of seats they would ask be reserved and for whom (generally).

29. **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. (510) 637-3534) **by March 30, 2026**.  *See* https://cand.uscourts.gov/cases-e-filing/obtaining-information-about-cases/transcripts-court-reporters.

30. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after

hours, use: ygrchambers@cand.uscourts.gov) of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement. Unless the Court receives notice of settlement by 4:00 p.m. on the Friday prior to the Monday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled. Civ. L.R. 40-1. Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

31.    **Trial Decorum and Procedure:**  Counsel, parties, and witnesses are expected to conduct themselves at all times—on or off the record and whether or not in the presence of a jury—in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

32.    **Procedural Stipulations:** The parties shall review and file the procedural stipulations included herewith as Attachment A. To the extent any objections exist, the parties shall contact the Court immediately.

33.    **Trial Exhibit Certification:** Upon conclusion of the trial, the parties shall review the exhibits and confirm the accuracy of those going into the jury room. The parties shall complete, deliver, and file the certification in the form included herewith at Attachment B.

34.    **Failure to Comply:**  Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

IT IS SO ORDERED.

Dated:   March 16, 2026

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California

7