# EXHIBIT 5

**Pages 1 - 159**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge, Judge

```
GIUSEPPE PAMPENA, individually )
and on behalf of all others    )
similarly situated, et al.,    )
                               )
          Plaintiffs,          )
                               )
  VS.                          )   NO. C 3:22-cv-05937-CRB
                               )
ELON MUSK,                     )
                               )
          Defendant.           )
                               )
```

San Francisco, California
Tuesday, February 17, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:
For Plaintiffs:

COTCHETT, PITRE & MCCARTHY LLP
840 Malcolm Road
Burlingame, California 94010
**BY:  JOSEPH W. COTCHETT, ATTORNEY AT LAW**
**MARK C. MOLUMPHY, ATTORNEY AT LAW**
**TYSON C. REDENBARGER, ATTORNEY AT LAW**
**GIA JUNG, ATTORNEY AT LAW**
**CAROLINE A. YUEN, ATTORNEY AT LAW**

BOTTINI & BOTTINI, INC.
7817 Ivanhoe Avenue - Suite 102
La Jolla, California  92037
**BY:  FRANCIS A. BOTTINI, JR., ATTORNEY AT LAW**
**AARON P. ARNZEN, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG
CSR No. 12219, Official United States Reporter

**APPEARANCES**:   (CONTINUED)

For Defendant:
                        QUINN, EMANUEL, URQUHART
                         & SULLIVAN LLP
                        865 South Figueroa Street - 10th Floor
                        Los Angeles, California  90017
                   BY:  **STEPHEN A. BROOME, ATTORNEY AT LAW**
                        **M. ALEXANDER BERGJANS, ATTORNEY AT LAW**
                        **MICHAEL T. LIFRAK, ATTORNEY AT LAW**

                        QUINN, EMANUEL, URQUART
                          & SULLIVAN LLP
                        295 Fifth Avenue
                        New York, New York 10016
                   BY:  **ELLYDE R. THOMPSON, ATTORNEY AT LAW**
                        **JESSE A. BERNSTEIN, ATTORNEY AT LAW**
                        **PHILLIP JOBE, ATTORNEY AT LAW**
                        **STEPHANIE KELEMEN, ATTORNEY AT LAW**

                        QUINN EMANUEL URQUHART
                          & SULLIVAN, LLP
                        300 W 6th Street - Suite 2010
                        Austin, Texas 78701
                   BY:  **EMILY F. COUTURE, ATTORNEY AT LAW**

For Intervenor X Corp:
                        MORGAN, LEWIS & BOCKIUS LLP
                        600 Montgomery Street - Suite 2300
                        San Francisco, California  94111
                   BY:  **ERIC MECKLEY, ATTORNEY AT LAW**

to what the plaintiffs' theory is of the case; that is, he made misstatements -- that's the theory -- entered into a scheme to lower the price or terminate the agreement.

That's the theory.  So how does this relate to it?

MS. JUNG:  Thank you, Your Honor.

First, I think, read literally, this is -- this incorporates quite a lot of reference to things that would be hard to navigate at trial.  For example, precluding referencing any -- anything to do with politics after the close of the class period, we're not seeking to, you know, introduce inflammatory evidence about that.

But, for example, in the BBC interview, which we've made numerous references to and that Your Honor cites in your motion to dismiss order at page 32, in that interview Mr. Musk also discusses, for example, Mr. Trump, partisan politics on Twitter.  We're not introducing that, you know, to make reference, but --

THE COURT:  But why don't -- rather than you telling me what you're not going to do, which I appreciate -- there are all sorts of things you're not going to do; none of us are going to do it -- my question is:  What are you going to do? What do you intend to do?

And then I can -- I can tell you that's okay or that's not okay.

MS. JUNG:  Thank you, Your Honor.

So, for example, the BBC interview, we're introducing that to show later he says, "Oh, I think I overpaid," to show his state of mind.  And really anything that goes beyond the class period we're showing as a through-line for his motivation before, during, and after the deal; right?

He makes numerous references in terms of politics to people's First Amendment rights, Twitter is a town square that pervades; however, we're seeking to introduce evidence regarding his financial --

**THE COURT:**  Here's what I -- if I may suggest.  You've now heard what I say on the subject.  I could say a lot more, but I'm not going to because what I'm going to ask you to do is as to any portion of the -- of these types of statements that you think should come in, please show it to counsel and if there's -- if there's a problem, come to me.  And if there's not a problem, you don't have to worry about it.

I don't want to sit here and go through the whole case piece by piece by evidence.  My feeling is that with counsel that are experienced and -- and highly competent -- and I mean that sincerely, sincerely mean that -- you're able to come to some agreements with an understanding basically of what the law is.

Now, basically here, he is not to be tried on his political beliefs.  He is not to be tried as a referendum on the president of the United States.  He is not going to be

tried for anything that occurred subsequent to the --
October 4th.  No, he's not going to be tried on these things.

They're highly inflammatory.  And, not only that, people have differences of opinion, and opinions are very strongly held on both sides.

So that's out.  That's out.

The trial of this case is based upon what happened between whatever that date is in May and that date in October and what occurred.

That's what -- that's what it is.  And I don't care whether he was in contact or not in contact with anybody else outside in the political realm; that's just not going to come in.

And as to any opinions that he expressed during this period of time, if they are, quote, political opinions, my preference is that they're out.  And you take a look at it and see whether it really has some probative value independent that clearly outweighs its prejudicial effect, because these statements have a strong tendency to have a prejudicial effect.  Okay?

All right.  Thank you very much.

**MS. JUNG:**  Understood, Your Honor, on the politics for sure.  If I might just ask one clarifying question --

**THE COURT:**  Sure.

**MS. JUNG:**  -- on his management -- like this is a