MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE IRRELEVANT INFORMATION ABOUT PLAINTIFF ELON MUSK** |
| v. | |
| SAMUEL ALTMAN et al., | Date:  March 13, 2026<br>Time:  9:00 AM |
| Defendants. | Courtroom:  1 – 4th Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |
| | **REFILED PUBLIC VERSION** |

**INTRODUCTION**

President Trump.  Burning Man.  Rhino ketamine.  These are all inflammatory and highly irrelevant topics that Defendants are trying to improperly make the subject of this litigation. Throughout fact discovery, Defendants have gratuitously probed these topics, and their trial evidence disclosures make clear that they intend to use the same scandalizing tactics at trial. Defendants should not be allowed to exploit Musk's political involvement, social or recreational choices, or gratuitous details of his personal life at trial.  As detailed below, Musk is the subject of daily, often-fabricated media scrutiny.  Paired with the high-profile nature of this case, it will likely prove challenging to select a fair and impartial jury.[1]  Defendants should not be permitted to taint that jury with evidence or examination designed to distract and inflame.  The Court should exclude testimony or evidence on those topics because it is irrelevant and irreparably prejudicial.

**I.    MUSK'S POLITICAL ACTIVITIES SHOULD BE EXCLUDED**

Musk has played a prominent role in American politics, both as a recent government official and as an outspoken private citizen.  His recent role in the White House, relationship with Donald Trump, and personal political commentary are not relevant to his claims in this case.  Defendants do not seem to care.  At Musk's deposition, over staunch objection, OpenAI's counsel repeatedly asked Mr. Musk about his role in the White House and "frequent contact" with President Trump. Ex. 1 (Musk Tr.) at 15:20-16:10, 17:23-25, 19:25-20:14.  Defendants now intend to drag this sideshow into the courtroom.  For example, OpenAI has designated a trial exhibit discussing Musk's leadership of the White House's Department of Government Efficiency (DOGE).  OpenAI Trial Ex. 1021 (Ex. 2).  Testimony or evidence on these topics serves no function other than to provoke the jury and should be excluded in its entirety.

Evidence of "political affiliation and past political activities generally is inadmissible." *United States* v. *Kaneshiro*, 2024 WL 118415, at *7-8 (D. Haw. Mar. 14, 2019).  That is particularly true where, as here, the political activity "has no apparent relevance and may be unduly

---

[1] *See* Bonnie Eslinger, *'Hate' For Musk Quickly Narrows Jury Pool in Twitter Deal Trial*, Law360 (Feb. 19, 2026), https://www.law360.com/articles/2443845.

inflammatory." *Low v. Trump Univ., LLC*, 2016 WL 6647793, at *4 (S.D. Cal. Nov. 10, 2016). Absolutely none of Musk's political activity relates to any fact that "is of consequence in determining the action." Fed. R. Evid. 401(b). Evidence of Musk's political beliefs was recently excluded from another lawsuit precisely because it is prejudicial and "highly inflammatory." *Pampena v. Musk*, No. 3:22-cv-05937 (Feb. 17, 2026 Hrg. Tr.) (Ex. 5) at 60:23-61:19.[2]

Defendants may contend that Musk's political status affords him a platform to advance the interests of his artificial intelligence company, xAI. *See, e.g.*, Ex. 1 (Musk Tr.) at 16:2-5, 17:23-25 (suggesting through deposition questioning that Musk's access afforded him the opportunity to "complain" to White House officials and to seek special treatment). Any implication of anti-competitive behavior belongs in Phase Two of this case, consistent with this Court's ruling. Dkt. 144 (Apr. 4, 2025 Hrg. Tr.) at 8:6-9; Dkt. 228 at 9; *see* Plaintiff's Motion in Limine No. 3.

While these deposition topics serve as representative examples, Musk cannot predict the myriad other ways Defendants may seek to inject political bias into this case. Musk is outspoken on social media and at political rallies on many hot-button political issues including immigration, COVID-19, and foreign policy, among others. Those statements are hotly covered by the media.[3] None of that is relevant here. Musk's political activity and opinions are irrelevant and not probative of any disputed fact. Fed. R. Evid. 403. Injecting such satellite issues into the trial would risk substantial, uncorrectable prejudice.

## II.    MUSK'S SOCIAL LIFE AND RECREATIONAL ACTIVITIES SHOULD BE EXCLUDED

Defendants have also tried throughout the case to improperly shine a spotlight on Musk's private social life. For example, OpenAI asked Musk at his deposition "[d]o you know what rhino ketamine is" and "[d]o you recall, at Burning Man in 2017, ingesting rhino ket?" Ex. 1 (Musk Tr.) at 57:20-57:24. OpenAI utterly failed to show that those questions are relevant to any issue in this

---

[2] *See id.* at 60:23-24 (Musk "is not to be tried on his political beliefs").

[3] *See, e.g.*, Arwa Mahdawi, *Elon Musk Is Moving Back into Politics*, The Guardian (Jan. 6, 2026) (quoting Musk and supposedly bracing "for the Trump-Musk Bromance Part Two"), https://www.theguardian.com/commentisfree/2026/jan/06/elon-musk-back-politics-new-hobby-instead.

case, and yet they have designated that deposition testimony for use at trial.  Any implication that music festivals or drugs have any relevance to this case is outlandish, and how Musk spends his free time is equally irrelevant.  *See Barber v. County of San Bernardino*, No. 22-cv-00625, 2026 WL 76305, at *9 (C.D. Cal. Jan. 7, 2026) (drug use relevant only where it was "immediately preceding" relevant event); *Woods v. August*, No. 3:15-cv-05666, 2019 WL 8105898, at *3 (N.D. Cal. Mar. 14, 2019) (excluding prior drug use because it "would not corroborate defendants' account and is unduly prejudicial" under Rule 403).

Musk's personal relationships and communications – including with other high-profile individuals – are also tangential and prejudicial.  Defendants included in their exhibit list for trial, for example, several private exchanges between Musk and Mark Zuckerberg discussing Musk's political activity and this lawsuit.  Ex. 2; OpenAI Trial Ex. 1011 (Ex. 3).  Those recent communications have nothing to do with Musk's claims and are nothing more than Defendants' attempt to stoke negative sentiments toward Musk because of his association with Zuckerberg.[4]

For the same reasons, Defendants should also be precluded from invoking any unrelated scandal at trial.  *See In re Homestore.com, Inc.*, No. 01-cv-11115, 2011 WL 291176, at *12 (C.D. Cal. Jan. 25, 2011) (excluding "unrelated scandals . . . not relevant to the Action at hand").  Musk is the subject of headlining rumors and fabrications nearly every day.  For example, some online posts allege that Musk uses Starlink to control the weather[5] or that he was privately developing robots that could carry human babies to term,[6] while others concoct fake lawsuits involving celebrities like Whoopi Goldberg or Robert De Niro.[7]  It is impossible to anticipate which of that

---

[4] To the extent Defendants believe this evidence is relevant to the competitive relationship between xAI and Meta, that topic is properly relegated to Phase Two.  Raising it in Phase One risks confusion and prejudice with no clear probative value.

[5] *See* Imad Payande, *Echoes of Power: Elon Musk, Misinformation, and the Fragility of Democratic Discourse*, TechPolicy.Press (May 27, 2025), https://www.techpolicy.press/echoes-of-power-elon-musk-misinformation-and-the-fragility-of-democratic-discourse/.

[6] *See* Joey Esposito, *Musk Developing Robots to Carry Human Babies?*, Snopes (Oct. 31, 2024), https://www.snopes.com/fact-check/musk-robots-human-babies/.

[7] *See Fact Check: No Evidence Musk Filed Lawsuit Against Whoopi Goldberg and "The View*," Reuters (Dec. 9, 2024), https://www.reuters.com/fact-check/no-evidence-musk-filed-lawsuit-against-whoopi-goldberg-view-2024-12-09/; Jordan Liles, *No, Robert De Niro Didn't Sue Elon*

3

rolling coverage Defendants may try to invoke at trial – whether it be preposterous pot-stirring rumors, other pending litigation, the Jeffrey Epstein files, or the new tweets posted every week. The Court should preclude Defendants from introducing at trial any improper evidence related to Musk's social life and recreational activities.

### III.    GRATUITOUS EVIDENCE OF MUSK'S FAMILY LIFE SHOULD BE EXCLUDED

Finally, the Court should tightly limit evidence of Musk's family life at trial to the bounds of relevance. Shivon Zilis worked for Musk. She served as an advisor to OpenAI and later joined OpenAI's board in 2018 after Musk stepped down. It is publicly known that, while serving on OpenAI's board, Zilis became pregnant by IVF with Musk. But that relationship did not impact Zilis's board duties. Indeed, when she disclosed this fact to the OpenAI board, they found that no conflict existed, and she remained on OpenAI's board until Musk founded xAI.

Defendants nonetheless used this history to probe into Musk's family life throughout discovery. OpenAI asked Zilis, for example, about her current living arrangement with Musk and their young children and elicited details about Musk's role as a father. *See, e.g.*, Ex. 4 (Zilis Tr.) at 11:6-12:4; 307:12-21. They have designated this completely improper testimony for use at trial as well. That evidence should be excluded.

The Court should not permit Defendants to pry into details of Musk or Zilis's homes, their children, or similarly private details. Evidence of Musk's other family relationships is also wholly irrelevant to the case. It is well known that Musk has multiple other children with past partners. Any testimony or evidence on this subject should be excluded as irrelevant and unduly prejudicial.

### CONCLUSION

The Court should exclude irrelevant and inflammatory evidence about Plaintiff Elon Musk.[8]

---

*Musk for $100M After Alleged Oscars "Ban*,*"* Snopes (Mar. 10, 2025), https://www.snopes.com/fact-check/robert-de-niro-sues-elon-musk/.

[8] To the extent Defendants may attempt to elicit testimony on any of these topics for impeachment under Rule 608(b), the Court should still exclude the topics as unfairly prejudicial under Rule 403. *See, e.g.*, *United States v. Oriyomi*, 449 Fed. App'x 681 (9th Cir. 2011); *Guzik Tech. Enters., Inc. v. W. Digital Corp.*, No. 5:11-cv-03786, 2013 WL 6116129, at *2 (N.D. Cal. Nov. 20, 2013).

Dated:  February 24, 2026

MOLOLAMKEN LLP

By:    */s/ Steven F. Molo*
Steven F. Molo (*pro hac vice*)

Marc Toberoff (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

Robert K. Kry (*pro hac vice*)
Jennifer M. Schubert (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

PLAINTIFF'S MOTION IN LIMINE No. 4
CASE No.: 4:24-CV-04722-YGR