MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA  90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **PLAINTIFF'S AMENDED PROPOSED REMEDY JURY INSTRUCTIONS** |
| v. | Judge:  Hon. Yvonne Gonzalez Rogers |
| SAMUEL ALTMAN et al., | |
| Defendants. | |

Plaintiff Elon Musk hereby submits the following Amended Proposed Remedy Jury Instructions and Objections to Defendants' Proposed Remedy Jury Instructions pursuant to Paragraph 3(g) of the Court's Standing Order Re: Pretrial Instructions in Civil Cases (last updated March 17, 2025) in light of Plaintiff's Amended Notice of Remedies (Dkt. 459). Plaintiff maintains his position on all proposed instructions and objections with respect to the instructions not included herein.

## REMEDY INSTRUCTIONS

**42-P.   DISGORGEMENT OF WRONGFUL GAINS (Plaintiff Only)**

Plaintiff contends that Altman, Brockman, OpenAI, Inc., the other OpenAI Defendants, and Microsoft derived wrongful gains from Musk's contributions to OpenAI by using those contributions for purposes different from the charitable purposes for which he contributed them.  As a remedy, Plaintiff seeks an order disgorging those wrongful gains to the OpenAI nonprofit.

Plaintiff may seek an order disgorging wrongful gains for each of the claims for which he proves liability.  You must determine whether Plaintiff has met the requirements for an order disgorging wrongful gains and, if so, the amount of disgorgement to order.

**PLAINTIFF'S AUTHORITY**

Restatement (Third) of Restitution § 49(4) ("When restitution is intended to strip the defendant of a wrongful gain, the standard of liability is not the value of the benefit conferred but the amount of the profit wrongfully obtained."); *id.* § 51(2), (4) (disgorgement of wrongful gains available for each claim asserted); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599-600 (9th Cir. 2020) ("California  law recognizes a right to disgorgement of profits resulting from unjust enrichment . . . ."); *Ward v. Taggart*, 51 Cal. 2d 736, 741 (1959) ("[T]he public policy of this state does not permit one to 'take advantage of his own wrong.' "); *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1483 (2014) ("Disgorgement based on unjust enrichment is an appropriate remedy for aiding and abetting a breach of fiduciary duty."); *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 542-43 (2007) (where there is "conscious disregard of the rights of another," "[t]he emphasis is on the wrongdoer's enrichment, not the victim's loss," and the wrongdoer "should be required to disgorge all profit"); *id.* at 543 ("[D]isgorgement of profits is particularly applicable in cases dealing with breach of a fiduciary duty."); *Meister v. Mensinger*, 230 Cal. App. 4th 381, 398-99 (2014) (similar).

**DEFENDANTS' OBJECTIONS**

The Defendants object to Musk's four disgorgement instructions in full and offer a single

2

competing instruction, No. 46-D. The Parties' positions with respect these instructions are set forth in brief statements following No. 46-D.

Date revised: April 12, 2026.

PLAINTIFF'S AMENDED PROPOSED REMEDY JURY INSTRUCTIONS
CASE NO.: 4:24-CV-04722-YGR

**44-P.  DISGORGEMENT – AMOUNT (Plaintiff Only)**

If you decide that Plaintiff is entitled to an order for disgorgement of wrongful gains to the OpenAI nonprofit, you must decide the amount by which Altman, Brockman, ~~OpenAI, Inc.,~~ the ~~other~~ OpenAI Defendants, or Microsoft wrongfully gained from Musk's contributions to OpenAI. Plaintiff does not have to prove the exact dollar amount of each Defendant's wrongful gains. However, Plaintiff must produce evidence that permits at least a reasonable approximation of the amount of the Defendant's wrongful gain.  You must not speculate or guess in determining those amounts.

**PLAINTIFF'S AUTHORITY**

Restatement (Third) of Restitution § 51(5)(d) (2011) ("A claimant who seeks disgorgement of profit has the burden of producing evidence permitting at least a reasonable approximation of the amount of the wrongful gain.  Residual risk of uncertainty in calculating net profit is assigned to the defendant.").

**DEFENDANTS' OBJECTIONS**

The Defendants object to Musk's four disgorgement instructions in full and offer a single competing instruction, No. 46-D. The Parties' positions with respect these instructions are set forth in brief statements following No. 46-D.

Date revised: April 12, 2026.

4

**46-D.  DISGORGEMENT (Defendants Only)[1]**

Plaintiff contends that OpenAI, Inc. and certain other OpenAI Defendants each derived wrongful gains from Musk's claimed contributions to OpenAI, Inc. by using those contributions for purposes different from the charitable purposes for which he contributed them.  Plaintiff contends that Microsoft derived wrongful gains from its knowing substantial assistance of OpenAI's breach of charitable trust that arose from Musk's charitable contributions.  As a remedy, Plaintiff seeks disgorgement of those alleged wrongful gains.

Plaintiff bears the burden of demonstrating the amount of disgorgement to which he is entitled by a preponderance of the evidence.  He is not required to prove the exact dollar amount of any Defendant's wrongful gains.  However, he must produce enough evidence to allow you to make a reasonable approximation of any such gains, which means they must be identifiable, measurable, and not unduly remote from the underlying wrong.  You must not speculate or guess in awarding disgorgement of wrongful gains.

In determining the amount of a Defendant's wrongful gains, you may only consider the amount of the net profit or increased value that is attributable to the underlying wrong.  That means that any award to Musk may only include increased profits or value that would not have otherwise been achieved had the underlying wrong not occurred.

You should also credit Defendants for any money expended in acquiring or preserving the property or in carrying on the business that is the source of the profit or increased value Plaintiff seeks.  To do so, you should determine the amount of a Defendant's profits or increased value

---

[1] Because the Court has determined to divide the trial into a liability stage and a remedy stage, the Defendants submit that remedy instructions should be given to the jury only if there is a finding of liability as to any of Musk's claims, as part of the final instructions of the remedy stage. Thus, the instruction as written assumes a prior finding of liability.

The Defendants contend that Musk's claim for disgorgement of wrongful gains should not be submitted to the jury because he cannot obtain it in this case as a matter of law: it is an equitable remedy and he cannot demonstrate that he lacks an adequate remedy at law. The Defendants also contend that there is no right to a jury determination of disgorgement of wrongful gains because it is equitable rather than legal. Because the Court can submit the disgorgement claim to the jury on an advisory basis, the Defendants propose the disgorgement instruction herein. *See* Joint Pretrial Conference Statement (Disputed Legal Issues Pts. 1, 2).

attributable to the underlying wrong, determine the amount that Defendant expended to obtain those profits or increased value, and deduct those expenditures from the profits or increased value.

**DEFENDANTS' AUTHORITY**

There is no CACI instruction for disgorgement.  This proposed instruction is based on Restatement (Third) of Restitution § 51 (2011), and the instructions given in *Rodriguez v. Google, LLC*, No. 3:20-cv-04688-RS, Dkt. 666 (N.D. Cal. Sept. 4, 2025); *Proofpoint, Inc. v. Vade Secure, Inc.*, No. 3:19-cv-04238-MMC, Dkt. 805 (N.D. Cal. Aug. 25, 2021); and *Am. Master Lease LLC v. Idanta Partners, Ltd.*, No. BC367987 (Cal. Super. Ct. 2017).

For the second paragraph, see Restatement (Third) of Restitution § 51(5)(d) (2011) ("reasonable approximation"); *id.* § 51(5)(a) (identifiable, measurable, and not unduly remote); id. § 51 cmt. i (discussing plaintiff's burden of proof); and the *Rodriguez* instruction ("You must not speculate or guess in awarding damages.").

For the third paragraph, see the *Proofpoint* instructions (disgorgement reaches "benefit that he would not have otherwise achieved had he not breached that contract"); the *Rodriguez* instruction (disgorgement reaches "benefit that it otherwise would not have achieved but for the at-issue data"); and Restatement (Third) of Restitution § 51 cmt. e (2011) (discussing "the increase over profits that would otherwise have been realized, attributable to the defendant's interference with the claimant's interests").

For the final paragraph, see the *Am. Master* Lease instructions ("[y]ou should give Defendants credit for money expended in acquiring or preserving the property or in carrying on the business that is the source of the profit subject to an award of unjust enrichment"); the *Rodriguez* instruction (directing the jury to "calculate the amount [of disgorgement]" by determining Google's "total revenue," determining Google's "expenses in obtaining that gross revenue," and deducting "Google's expenses from that revenue"); and Restatement (Third) of Restitution § 51 cmts. f & h (2011) (discussing questions of causation, credits, and deductions).

**PLAINTIFF'S OBJECTIONS**

Plaintiff objects to Defendant's instruction No. 46-D.  The Parties' positions with respect these instructions are set forth in brief statements following No. 46-D.

Date revised: April 12, 2026.

**PLAINTIFF'S POSITION**

Plaintiff objects to Proposed Instruction 46-D's statement that "Plaintiff contends that Microsoft derived wrongful gains from its knowing substantial assistance of OpenAI's breach of charitable trust that arose from Musk's charitable contributions" as misstating Plaintiff's claims and the law. Aiding and abetting is a species of secondary liability, so if the jury finds that Microsoft is liable for aiding and abetting the OpenAI Defendants' breaches of charitable trust, Microsoft is liable for all wrongful gains that Microsoft derived as a result of ***the OpenAI Defendants' breaches of charitable trust***, not merely the wrongful gains that Microsoft derived from ***its substantial assistance to*** those breaches. *See Frame v. PricewaterhouseCoopers LLP*, 36 Cal. Rptr. 3d 209, 223 (2005) ("As an aider and abettor, PwC would be jointly and severally liable to the victims of the fraud, which allegedly include Six Sigma and the Investors."), *review granted*, 132 P.3d 210 (Cal. 2006); Dan B. Dobbs et al., The Law of Torts § 435 (2d ed.) ("One who knowingly provides substantial aid or encouragement to another's commission of a tort is also jointly and severally liable for it along with the person who actually carries out the tortious acts."); *Richard B. LeVine, Inc. v. Higashi*, 131 Cal. App. 4th 566, 579 (2005) ("Liability based on an aiding and abetting or conspiracy theory is also 'derivative,' i.e., liability is imposed on one person for the direct acts of another.").

Plaintiff further objects to the statement "That means that any award to Musk may only include increased profits or value that would not have otherwise been achieved had the underlying wrong not occurred" on the ground that it misstates the law. Disgorgement of wrongful gains does not require a showing of strict "but for" causation. *See* Restatement (Third) of Restitution § 51 cmt. f (2011) ("Absence of but-for causation does not necessarily exonerate the wrongdoer, because a finding that the defendant would have realized the profit in any event does not compel the conclusion that the defendant, under the circumstances, has not been unjustly enriched. To take an obvious example, a trustee who makes a profit from the personal use of trust assets could not escape liability in restitution by proving that he could have (and would have) made the same profit legitimately, supposing that his access to the trust assets had been hindered in some way."); *Uzyel v. Kadisha*, 188 Cal. App. 4th 866, 894 (2010); *SEC*

8

*v. Teo*, 746 F.3d 90, 108 (3d Cir. 2014); *Rodriguez v. Google LLC*, No. 3:20-cv-04688, 2024 WL 38302, at *12 (N.D. Cal. Jan. 3, 2024).  Instead, wrongful gains include any "net profit attributable to the underlying wrong" that is "identifiable and measurable and not unduly remote."  Restatement (Third) of Restitution § 51(4)-(5) (2011).

Plaintiff objects to the statements "the amount of disgorgement to which he [i.e. Plaintiff] is entitled," "any award to Musk," "increased value Plaintiff seeks," and any similar language on the ground that it erroneously suggests that Musk will be the beneficiary of any disgorgement. As stated in Plaintiff's Amended Notice of Remedies (Dkt. 459), Musk seeks an order of disgorgement directing any proceeds to the OpenAI nonprofit charity, not to Musk.

**DEFENDANTS' POSITION**

The Defendants object to Musk's Proposed Jury Instructions Nos. 42-P to 45-P. Despite needlessly spanning four separate instructions, Musk's proposed instructions omit several important requirements in determining the amount of disgorgement: (1) that wrongful gains be identifiable, measurable, and not unduly remote from the underlying wrong; (2) that wrongful gains be attributable to the underlying wrong, and not include gains that Defendants would have accrued anyway; and (3) that Defendants be credited for money expended in carrying on the business that is the source of the gains sought to be disgorged. The Defendants' Proposed Instruction No. 46-D accounts for these requirements, while also instructing the jury on the issue of disgorgement in a single, readily digestible instruction.

1. The Defendants' proposed instruction includes the requirement that the alleged wrongful gains "must be identifiable, measurable, and not unduly remote from the underlying wrong." This language is supported by the Restatement, which is clear that "[i]n determining net profit," one "rule[]" that applies is that the profit must be "identifiable and measurable and not unduly remote." Restatement (Third) of Restitution § 51(5)(a). Musk does not object to this requirement.

2. The Defendants' proposal includes the following paragraph: "In determining the amount of a Defendant's wrongful gains, you may only consider the amount of the net profit or increased value that is attributable to the underlying wrong. *That means that any award to Musk may only*

*include increased profits or value that would not have otherwise been achieved had the underlying wrong not occurred.*" Musk objects to the second sentence, but the language is supported by both the primary authority upon which Musk relies and recent Northern District of California jury instructions. *See* Restatement (Third) of Restitution § 51 cmt. e (2011) (discussing "the increase over profits that would otherwise have been realized, attributable to the defendant's interference with the claimant's interests"); *Rodriguez* v. *Google, LLC*, No. 3:20-cv-04688-RS, Dkt. 666 (N.D. Cal. Sept. 4, 2025) ("benefit that it otherwise would not have achieved but for the at-issue data"); *Proofpoint, Inc.* v. *Vade Secure, Inc.*, No. 3:19-cv-04238-MMC, Dkt. 805 (N.D. Cal. Aug. 25, 2021) ("benefit that he would not have otherwise achieved had he not breached that contract").

3. The Defendants' proposed instruction provides for credit "for any money expended in acquiring or preserving the property or in carrying on the business that is the source of the profit or increased value Musk seeks." This language, too, is supported by the Restatement and California law. *See* Restatement (Third) of Restitution § 51 cmts. f & h (2011); *Am. Master Lease LLC* v. *Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1491-92 (2014) ("the trial court should instruct the jury that it should give defendants credit for money expended in acquiring or preserving the property or in carrying on the business that is the source of the profit subject to disgorgement"). Musk does not object to this portion of the proposed instruction.

It is critical that the instruction reflect these requirements, which serve to reinforce "[t]he object of restitution," "to eliminate the profit from wrongdoing while avoiding, so far as possible, the imposition of a penalty." Restatement (Third) of Restitution § 51(4) (2011).

**46A-P.  INJUNCTION (Plaintiff Only)**

In addition to disgorgement of wrongful gains, Plaintiff seeks an injunction from the Court ordering Defendants to do or refrain from doing certain things, such as requiring OpenAI to comply with its charitable obligations, removing Altman and Brockman from their positions at OpenAI, and ordering OpenAI to unwind the October 2025 transactions by which it became a for-profit public benefit corporation.

If you find that any Defendant is liable on any of Plaintiff's claims, the Court will conduct separate proceedings after trial to decide whether an injunction is appropriate.  You should not consider whether Plaintiff may obtain an injunction in deciding the claims and issues I have asked you to decide.

**PLAINTIFF'S AUTHORITY**

*See Columbia Ins. Co. v. Simpson Strong-Tie Co.*, No. 19-CV-04683, 2025 WL 2430417, at *5 (N.D. Cal. Aug. 21, 2025) (no Seventh Amendment right to jury trial for "equitable claims, such as a claim for injunctive relief"); *cf.* Fed. Cir. Bar Ass'n, Model Patent Jury Instructions No. A.2 (May 2020) ("You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damages award you give.  I will take willfulness into account later.").

Date submitted: April 12, 2026.

DATED: April 12, 2026                    MOLOLAMKEN LLP

                                        */s/ Steven F. Molo*
                                         Steven F. Molo (*pro hac vice*)

                                        *Attorneys for Plaintiff Elon Musk*

PLAINTIFF'S AMENDED PROPOSED REMEDY JURY INSTRUCTIONS
CASE NO.: 4:24-CV-04722-YGR