MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

(Additional counsel listed on the next page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **JOINT RESPONSE TO COURT ORDER RE: APRIL 17 HEARING** |
| v. | Date: April 17, 2026 |
| SAMUEL ALTMAN, et al., | Time: 10:00 AM PT |
| Defendants. | Courtroom: By Zoom |
| | Judge: Hon. Yvonne Gonzalez Rogers |

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM SAVITT (*pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (*pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (*pro hac vice*)
SKEddy@wlrk.com
STEVEN WINTER (*pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (*pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for the OpenAI Defendants*

RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-4555

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

ANDREW J. LEVANDER (*pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JAY JURATA (*pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendant Microsoft Corporation*

Plaintiff Elon Musk, Defendants Samuel Altman, et al. (the "OpenAI Defendants"), and Defendant Microsoft Corporation respectfully submit this joint response to the Court's April 13, 2026 Civil Minutes, which directed the parties to file (1) their positions on the Court's proposal to bifurcate the liability phase of the trial from the remedies phase; and (2) a proposed agenda for the April 17 conference on topics on which the parties seek the Court's guidance.  Dkt. 465.

## I.    POSITIONS ON BIFURCATION

The parties met and conferred and have no objection to the Court's proposal to bifurcate the liability phase of the trial from the remedies phase.  The parties further agree that the jury empaneled for the liability phase should be empaneled on an advisory basis for all counts.

The parties understand that, if the trial is bifurcated, the trial time allocated to the parties for the liability phase of the case will remain as stated in the Court's Pretrial Order No. 1 (Dkt. 446): Plaintiff – 24 hours; OpenAI Defendants – 24 hours; Microsoft – 8 hours.

The parties propose to discuss at the April 17 hearing any scheduling issues that may arise out of the bifurcation, including the timing of any remedy proceedings, the timetable for submitting updated jury instructions and verdict forms to reflect the bifurcation, and the timetable for submitting proposed findings of fact and conclusions of law on liability.

Defendants submit that because the advisory jury will not be deciding remedies, and because the Court has yet to resolve which, if any, of Plaintiff's remedies are legally available under the circumstances, neither the Court nor the parties should inform the jury what remedies are requested or how or by whom they may be determined.  Nor should Plaintiff be permitted to represent to the jury that any remedy he seeks would benefit the OpenAI nonprofit or its public beneficiaries.  Defendants further submit that while the parties should not elicit testimony or make arguments regarding specific remedies, the defense should be permitted to present evidence of and argue bias, subject to normal evidentiary limits that will be enforced by the Court at trial.

Plaintiff submits that he should be permitted to inform the jury that he is bringing this suit to ensure that OpenAI adheres to its public mission and to remedy its failure to do so.  Plaintiff submits that the Court should instruct the jury that the Court will determine appropriate remedies

after trial. *See* Plaintiff's Proposed Instruction No. 46A-P (Dkt. 463). Plaintiff further submits that Defendants should be precluded from arguing or suggesting at trial that Musk seeks to benefit personally from this lawsuit and that, should Defendants make such arguments or suggestions, they will have opened the door to full disclosure of all the relief that Plaintiff actually seeks.

## II.    AGENDA OF ITEMS FOR DISCUSSION

The parties met and conferred on the following issues that one or more of the parties plans to raise at the April 17 hearing. On some issues, the parties have reached agreement and merely seek the Court's approval. On other issues, the parties request further guidance from the Court.

### A.    *Witnesses*

1.    <u>Satya Nadella</u>. The parties have agreed that Microsoft witness Satya Nadella will appear only in Microsoft's case, that Plaintiff will examine Mr. Nadella only when he appears in Microsoft's case rather than calling him in Plaintiff's case, and that Microsoft will defer any Rule 50(a) motion until after Mr. Nadella has testified. The parties seek the Court's approval.

2.    <u>Mira Murati</u>. The parties have agreed to call non-party witness Mira Murati by deposition video only, although she is a resident of the District and under subpoena for trial. The parties seek the Court's approval.

3.    <u>Tasha McCauley</u>. Plaintiff has subpoenaed non-party witness Tasha McCauley for testimony at trial, and may seek the Court's permission to allow the witness to testify by Zoom rather than live due to the witness's anticipated travel plans. Plaintiff raised this matter with Defendants on April 15, and Defendants are considering their position.

### B.    *Exhibits*

4.    <u>Impeachment with Documents</u>. At the pretrial conference, the Court provided guidance about its required procedures for impeaching witnesses with prior deposition testimony. The parties seek confirmation that the same procedures do not apply to impeachment with documents.

5.    Exhibits for Video Witnesses.  For exhibits used in deposition videos to which no party objects, the parties propose to move the exhibits into evidence immediately prior to the video being played.  The parties wanted to confirm whether this approach is consistent with the Court's preferences.  The parties also seek the Court's guidance on when unresolved objections to exhibits to be used in deposition videos should be raised.

6.    Opening Demonstratives.  Recognizing the Court's rule against showing exhibits to the jury during opening statements without prior approval, the parties seek the Court's guidance on the procedures for using stipulated and non-stipulated trial exhibits in their opening statements.

C.    *Experts*

7.    Expert Examination.  Plaintiff respectfully seeks this Court's further guidance on the manner of examining expert witnesses.  Relatedly, Plaintiff seeks the Court's guidance on whether stipulated exhibits may be used with experts without first being introduced through a fact witness.

8.    Timing of Experts.  Plaintiff seeks this Court's guidance on any restrictions on the sequence in its case in which it may call its expert witnesses, particularly with respect to Plaintiff's AI safety expert Stuart Russell, whom Plaintiff plans to call earlier in the case to educate the jury generally about AI safety rather than to offer any opinions specific to the facts of this dispute. Defendants had understood the Court's prior guidance to be that all expert witnesses should testify at the end of the relevant side's case.  Defendants do not object to requiring all experts to testify at the end of the relevant side's case, but if that approach is not followed here, Defendants propose that there be no restrictions on when the parties may call their expert witnesses.

9.    Expert CVs, charts.  Plaintiff seeks this Court's guidance on whether the parties may introduce into evidence (1) copies of the experts' CVs; and (2) copies of the tables in Dr. Wazzan's report in which he sets forth his numerical analysis.  Defendants object to the admission of these exhibits on hearsay and prejudice grounds.  Defendants also note that Dr. Wazzan's opinions and the tables in his report are not relevant to the liability phase.

**D.**   *Jury Selection*

10.   <u>Juror Questionnaires</u>.   For planning purposes, the parties wanted to inquire approximately how many questionnaires the Court expects to provide to the parties next week.

11.   <u>Juror Strikes</u>.  The parties wanted to confirm their understanding that any peremptory or cause challenges to jurors will be addressed outside the presence of the prospective jurors.

**E.**   *Pretrial Deadlines*

12.   <u>Updated Interrogatory Responses</u>.  The OpenAI Defendants have agreed to serve updated conflict of interest interrogatory responses for Altman and Brockman.  Plaintiff asks that the Court order those updates be served by Wednesday, April 22.  The OpenAI Defendants have undertaken to provide the updated responses before trial begins.

13.   <u>Opening Statement Demonstratives</u>.  The Court previously ordered that any disputes over demonstratives for opening statements be submitted to the Court by 4 p.m. on Sunday, April 26.  3/13 Hr'g Tr. at 43:5-15 (Dkt. 445).  In view of that deadline, the parties propose to exchange opening demonstratives at 4 p.m. on Saturday, April 25, to afford time to raise any objections, meet and confer, and prepare submissions.  The parties seek the Court's approval.

14.   <u>Summary Witnesses</u>.  The parties propose that Plaintiff disclose the identity of his summary witness on April 26 and that the OpenAI Defendants disclose the identity of their summary witness on May 3.  The parties seek the Court's approval.

Dated:  April 16, 2026                                MOLOLAMKEN LLP

                                         By:      /s/ Steven F. Molo
                                                  Steven F. Molo (*pro hac vice*)

                                                  *Attorneys for Plaintiffs Elon Musk and X.AI Corp.*

Dated:  April 16, 2026                                WACHTELL, LIPTON, ROSEN & KATZ

                                         By:      /s/ William Savitt
                                                  William Savitt (*pro hac vice*)

                                                  MORRISON & FOERSTER LLP

                                         By:      /s/ William Frentzen
                                                  William Frentzen (SBN 343918)

                                                  *Attorneys for the OpenAI Defendants*

Dated:  April 16, 2026                                DECHERT LLP

                                         By:      /s/ Russell P. Cohen
                                                  Russell P. Cohen (SBN 213105)

                                                  *Attorneys for Defendant Microsoft Corporation*

5

**<u>SIGNATURE ATTESTATION</u>**

I hereby attest that the signatories listed above, on whose behalf this document is submitted, concur in the filing's content and have authorized the filing.

Dated:  April 16, 2026                                    /s/ Steven F. Molo
                                                          Steven F. Molo (*pro hac vice*)