United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ELON MUSK, ET AL.,

Plaintiffs,

v.

SAMUEL ALTMAN, ET AL.,

Defendants.

Case No.  24-cv-4722-YGR

PRETRIAL ORDER NO. 4 RE: BIFURCATION AND OUTSTANDING ISSUES RAISED IN DKT. NO. 468

Having considered the filings to date and the arguments raised at the pretrial conference held on April 17, 2026, the Court confirms the following orders, issues others to facilitate an orderly trial, and addresses issues raised in the parties' joint response filed at Dkt. No. 468:

1.    **Trial time.** Trial time afforded to the parties for the liability phase will be reduced. Musk and OpenAI defendants shall each be given 22 hours to present their case as to liability, including opening statements and closing arguments. Microsoft shall be given 5 hours to present its case as to the same scope. Accordingly, the remedies phase will likely begin on May 18, 2026. However, if the jury finds that Musk failed to file his action within the statute of limitations, it is highly likely that the Court will accept that finding and direct verdict to the defendants.

The Court will decide the amount of time that will be afforded to the parties for the remedies phase at a later date.

2.    **Witnesses**. The parties' stipulations regarding Satya Nadella and Mira Murati set forth in Dkt. No. 468 are granted. With respect to Tasha McCauley, the Court will not permit remote testimony. The parties may seek to introduce McCauley's deposition testimony if she is unavailable to testify live.

3.    **Bifurcation.** The trial will be bifurcated into a liability phase, to be heard by the advisory jury, and a remedies phase, to be heard by the Court.

United States District Court
Northern District of California

The liability phase shall be limited to issues bearing on the existence and scope of liability. During this phase, the parties, their counsel, and witnesses shall not present, elicit, argue, suggest, or otherwise refer to any specific remedy or form of relief that Musk requests. This includes the amount of disgorgement, to whom it may be directed, who may benefit, and the scope of injunctive relief. This does not include evidence of Musk's motive in bringing the lawsuit and any evidence that goes to establishing or disproving an element of any claim or defense.

By no later than **Monday, April 27, 2026**, the parties shall submit proposed findings of fact as to *liability*. This filing shall not exceed 40 pages and must be organized in the exact framework as the elements set forth in the jury instructions. By no later than **Thursday, May 21, 2026**, the parties shall submit their findings of fact and conclusions of law with respect to liability, to include preliminary citations to the record which may be updated at a later date.

**4.    Exhibits.** The parties may impeach a witness with an exhibit without prior Court approval if the document is not otherwise excluded or provisionally excluded. If the impeachment material is admissible, it may be introduced into evidence on cross-examination.

The parties may request the pre-admission of any documents prior to the trial day, including those documents used with video depositions that the parties play. Any outstanding objections to deposition designations must be resolved the day before a party plays that deposition testimony at trial.

**5.    Experts.** Experts will not be permitted to testify about facts contained in an exhibit that has not yet been admitted into evidence, even if the parties have stipulated to introducing that exhibit, unless the Court authorizes otherwise. Experts may not be used as conduits for facts. For that reason, the Court recommends, but does not require, that experts testify near the end of trial. An expert's CV is inadmissible hearsay unless the parties stipulate otherwise.

The Court directs the parties to meet and confer to consider whether to submit to the Court—during the remedies phase—direct examination of experts in writing. Should the parties elect to do so, the examination should be filed on **Monday, April 27, 2026**.

The Court will not permit Dr. Wazzan to testify before the advisory jury because Dr. Wazzan's testimony is relevant to only remedies, not liability. Dr. Wazzan may not testify as to

anything that exceeds the scope of his report. To the extent a party believes that an expert's testimony exceeds the scope of that expert's report, the party may object accordingly.

**6.    Jury Selection.** The Court will send the parties jury questionnaire responses at the secure link provided. As the Court receives additional questionnaires, they will be provided to the parties via that link. All challenges and discussions as to jurors will be made outside the presence of the jury.

**7.    Pretrial Deadlines.** The Court addresses the parties' remaining questions in this section.

Altman and Brockman's updated conflict of interest interrogatory responses shall be served by **April 22, 2026**.

The parties may use demonstrative exhibits during their opening statements. The Court reminds the parties that demonstrative exhibits are not evidence. The Court appoves the parties' exchange date.

In general, the Court will not permit the use of summary witnesses. To the extent that a party would like to introduce a document into evidence, it must be used during the trial.

**8.    Disgorgement Award.** The Court has reviewed Musk's amended notice of remedies. (Dkt. No. 459.) Musk asserts that he "will not seek, either at trial or in equitable proceedings afterwards, a remedy directed to benefiting himself personally." (*Id.*) As to his request for equitable disgorgement, Musk states:

> Any assets obtained at the charity's expense belong to the OpenAI charity and must be returned to it. Plaintiff does not and will not seek these funds for himself. He seeks their return to the charitable trust that was breached.

(*Id.*) The Court has significant reservations about those statements given Musk's causes of action, the Court's prior rulings that prevent Musk from asserting claims on behalf of the nonprofit, and Musk's prior litigation conduct. The Court will address the availability of Musk's proposed equitable remedies at a later date.

To the extent that Musk continues to argue that the Court shall direct any disgorgement award to the OpenAI nonprofit—rather than to Musk or a Musk-affiliated fund that may then

United States District Court
Northern District of California

transfer those funds to the nonprofit voluntarily—Musk is **ORDERED** to file on the docket, by no later than **Monday, April 20, 2026**, a verified waiver stating that he will not seek an award to himself, xAI, or any fund that he controls as to all remaining causes of action.

At the pretrial conference, counsel for Musk stated that Musk may voluntarily dismiss his claims for fraud and constructive fraud. Accordingly, Musk is further **ORDERED** to file either a notice of voluntary dismissal of those claims, or a statement explaining that he elects not to dismiss them, by no later than **Monday, April 20, 2026**.

**IT IS SO ORDERED.**

Dated: April 17, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

4