MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA  90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **PLAINTIFF'S NOTICE REGARDING FRAUD CLAIMS** |
| v. | Judge:  Hon. Yvonne Gonzalez Rogers |
| SAMUEL ALTMAN et al., | |
| Defendants. | |

Plaintiff Elon Musk respectfully submits this notice pursuant to this Court's order in Pretrial Order No. 4 "to file either a notice of voluntary dismissal of [his fraud] claims, or a statement explaining that he elects not to dismiss them."  Dkt. 477 at 4.

At the April 17 hearing, Plaintiff proposed to dismiss his fraud and constructive fraud claims (Counts 6 and 7 of the Second Amended Complaint (Dkt. 170) and the Third and Fourth Claims in the proposed jury instructions (Dk. 433)).  Plaintiff's objective in making his proposal was to streamline the case for trial and to keep the case focused on Plaintiff's claims for breach of charitable trust and unjust enrichment – the claims that relate most directly to Plaintiff's overriding goal of ensuring that OpenAI adheres to its public charitable mission and obtaining the equitable relief necessary to secure that result.

1

Plaintiff's assumption in making that proposal was that the Court planned to proceed to trial on the breach of charitable trust and unjust enrichment claims. Plaintiff appreciates that there are outstanding disputes over the person or entity to whom the proceeds of any disgorgement should be directed. As Plaintiff explains in his separate verified waiver filed today, that is a question of equitable remedy that the Court should address at the remedy stage of the case, following any finding of liability. The Court has many options to ensure that the proceeds of disgorgement benefit OpenAI's charitable mission rather than the pecuniary interests of Plaintiff Musk or any other private party, and it can do so without compromising Musk's standing to bring his claims. Accordingly, Musk's proposal to dismiss his fraud and constructive fraud claims does not depend on how this Court may exercise its equitable discretion to direct the proceeds of any disgorgement during the remedy phase of the case.

Thus, so long as the Court plans to proceed to trial on the breach of charitable trust and unjust enrichment claims, Plaintiff respectfully renews his request to dismiss his fraud and constructive fraud claims and confirms that this notice may be treated as a notice of voluntary dismissal of those claims. If the Court plans to dismiss the breach of charitable trust or unjust enrichment claim before trial, Plaintiff respectfully proposes to proceed on his fraud and constructive fraud claims instead.

Dated: April 20, 2026                          TOBEROFF & ASSOCIATES, P.C.


                                    By:    /s/ Marc Toberoff
                                           Marc Toberoff (CA SBN 188547)


                                           MOLOLAMKEN LLP


                                    By:    /s/ Steven F. Molo
                                           Steven F. Molo (*pro hac vice*)

**SIGNATURE ATTESTATION**

I hereby attest that the signatories listed above, on whose behalf this document is submitted, concur in the filing's content and have authorized the filing.

Dated:  April 20, 2026                    /s/ Steven F. Molo
                                          Steven F. Molo (*pro hac vice*)