MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA  90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **PLAINTIFF'S PROPOSED JURY INSTRUCTION RE: CONTINUING VIOLATION DOCTRINE** |
| v. | Judge:  Hon. Yvonne Gonzalez Rogers |
| SAMUEL ALTMAN et al., | |
| Defendants. | |

Pursuant to Paragraph 3(g) of the Court's Standing Order Re: Pretrial Instructions in Civil Cases (last updated March 17, 2025), Plaintiff Elon Musk respectfully submits the following Proposed Jury Instruction No. 30A-P on the continuing violation doctrine.

The continuing violation doctrine extends the statute of limitations on a claim where the plaintiff's injuries "are the product of a series of small harms, any one of which may not be actionable on its own." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1197 (2013). "Allegations of a pattern of reasonably frequent and similar acts may, in a given case, justify treating the acts as an indivisible course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially outside and partially inside the limitations period." *Id.* at 1198. The case must involve "a wrongful course of conduct [that] became apparent only through the accumulation of a series of harms." *Id.*; *see also Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1058 (2005) (applying doctrine where "some or all of the component acts might not be individually actionable" and the plaintiff "may not yet recognize [the acts] as part of a pattern").

The evidence adduced at trial may well support a continuing violation instruction here. All parties agree that there is nothing per se improper about a nonprofit charity forming a for-profit affiliate to support the nonprofit's charitable objectives, so long as the for-profit genuinely supports the charity and its mission rather than subverting that mission to the financial interests of outside investors. The point at which a for-profit affiliate's activities become disproportionate to or inconsistent with a nonprofit's charitable mission is often a matter of degree. The jury could therefore reasonably find on these facts that the case involves "a wrongful course of conduct [that] became apparent only through the accumulation of a series of harms." *Aryeh*, 55 Cal. 4th at 1198. The Court should give a continuing violation instruction so the jury can correctly apply the statute of limitations to these circumstances.

At the April 17 hearing, Defendants argued that Plaintiff's counsel "waived" this instruction at the pretrial conference. 4/17 Tr. 77:18-78:21. The record does not support a finding of waiver. A waiver is an "intentional relinquishment or abandonment of a known right." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). Accordingly, a claim is waived only when a litigant's conduct is "clear, decisive and unequivocal of a purpose to waive the legal rights involved." *Plaskett v.*

1

*Wormuth*, 18 F.4th 1072, 1085 (9th Cir. 2021); *see also United States v. Zamora-Hernandez*, No. C 10-3126, 2010 WL 3058287, at *2 (N.D. Cal. Aug. 2, 2010) (party must "clearly and unambiguously waive the right asserted").  "[T]he party asserting waiver 'bears a weighty burden of establishing that a "clear and unmistakable" waiver has occurred.'"  *Move, Inc. v. Real Estate All. Ltd.*, 221 F. Supp. 3d 1149, 1157 (C.D. Cal. 2016); *see also Cunico Corp. v. Custom Alloy Corp.*, 772 F. App'x 595, 597 (9th Cir. 2019)  ("party asserting waiver[] 'bears a heavy burden' to show that [the other party] knew it had 'an existing right' . . . [and] that it acted inconsistently with that right").

The record does not support a finding of waiver under that demanding standard.

***First***, Plaintiff's written pretrial statement made clear that Plaintiff was not waiving the continuing violation doctrine.  Shortly before the pretrial submissions were due, OpenAI added a footnote asserting that Plaintiff had waived that theory.  Dkt. 427 at 43 n.18.  Plaintiff responded: "*Aryeh* addressed both the 'continuous accrual' doctrine and the 'continuing violation' doctrine.  55 Cal. 4th at 1197-1202.  For several reasons, the continuous accrual doctrine is the better fit for the facts of this case. ***But this Court can and should grant the relief sought under whichever theory it considers more appropriate***."  Dkt. 427 at 46 n.19 (emphasis added).  Plaintiff thus expressly reserved the continuing violation doctrine.

***Second***, counsel's oral response to the Court at the hearing never suggested that Plaintiff was giving up the right to propose a continuing violation instruction.  Rather, the Court asked, "You're not arguing continuing violation, correct?," and Plaintiff's counsel responded, "So *Aryeh* discusses both doctrines—."  Dkt. 445 at 33:3-5.  The Court then cut off that response and instructed counsel to answer "yes or no," to which counsel responded:  "We aren't advancing the continuing violation doctrine, Your Honor." *Id.* at 33:5-10.  That response was intended as a description of the instructions Plaintiff was advancing from his submissions.  It was not intended to be a waiver or relinquishment of the right to submit additional instructions.

***Third***, both the Federal Rules and this Court's standing order invite parties to submit supplemental jury instructions as the case proceeds.  Rule 51(a) provides that, even after the close of the evidence, a party may "file requests for instructions on issues that could not reasonably have been anticipated by an earlier time that the court set for requests" or, "with the court's permission,

2

file untimely requests for instructions on any issue." Fed. R. Civ. P. 51(a)(2). This Court's standing order similarly provides for the filing of supplemental instructions. *See* Standing Order Re: Pretrial Instructions in Civil Cases ¶3(g)(i)(E) (Mar. 17, 2025) (permitting parties to "propose additional instructions . . . clearly identified as 'supplemental' instructions").

Those rules contemplate that parties will continue to submit proposed instructions throughout the trial as the case develops. As the advisory committee notes explain, "trial evidence may raise new issues or reshape issues the parties thought they had understood." Fed. R. Civ. P. 51 advisory comm. n. (2003). And while the Court may require permission where a party proposes a new instruction *after the close of evidence*, even that discretion is limited: "[D]iscretion to decline [a] request because it is untimely *should be exercised sparingly and cautiously*." 9C Wright & Miller, Federal Practice and Procedure §2552 (3d ed. rev. 2026) (emphasis added). Because the submission of supplemental instructions is a routine feature of federal trial practice, a party's statement about what instructions the party is *currently* advancing cannot fairly be construed as a waiver of the right to seek supplemental instructions on the same topic at a later date as the case develops.

*Fourth*, Rule 51(c) expressly provides that "[a]n objection [to another party's instruction] is timely" so long as the party objects *at the charge conference* following the Court's delivery of its own proposed instructions to the parties – a step that indisputably has not yet occurred. Fed. R. Civ. P. 51(c)(2). Under the plain language of that rule, Plaintiff may object at the charge conference to Defendants' instructions as misstating the relevant statute of limitations principles, even on grounds not previously asserted in the case. Because these issues will resurface at the charge conference regardless, permitting Plaintiff to propose a continuing violation instruction now will help ensure that the parties try the case with the relevant legal standards firmly in view.

*Finally*, Plaintiff's timing was reasonable under the circumstances. Plaintiff did not submit a separate proposed continuing violation instruction sooner because he reasonably believed that the continuous accrual doctrine was the better fit for the case. Dkt. 427 at 46 n.19. This Court disagreed. Dkt. 456 at 7. That ruling caused Plaintiff to reevaluate his position and consider whether the continuing violation doctrine might well be an appropriate fit. There was nothing inappropriate

about that reevaluation.  To the contrary, parties should be encouraged to reevaluate their case in response to the Court's rulings so that their proposed instructions incorporate the Court's guidance as the case proceeds.

The Court should accordingly include a continuing violation instruction among the instructions it provides to the jury.  Plaintiff's Proposed Jury Instruction No. 30A-P is attached.

**30A-P.  CONTINUING VIOLATION DOCTRINE (Plaintiff Only)**

If the Defendants prove that Plaintiff's claim accrued before the applicable date for that claim as set forth in the preceding instruction, Plaintiff's claim was still filed on time if Plaintiff proves by a preponderance of the evidence that Defendants engaged in a wrongful course of conduct that occurred partially before and partially after the applicable date for that claim, and which became apparent only through the accumulation of a series of wrongful acts, any one of which may not have been actionable on its own.

**PLAINTIFF'S AUTHORITY**

*See Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1197-98 (2013) ("Some injuries are the product of a series of small harms, any one of which may not be actionable on its own. . . . Allegations of a pattern of reasonably frequent and similar acts may, in a given case, justify treating the acts as an indivisible course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially outside and partially inside the limitations period."); *id.* (case must involve "a wrongful course of conduct [that] became apparent only through the accumulation of a series of harms"); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1058 (2005) (continuing violation doctrine applies where "some or all of the component acts might not be individually actionable" and the plaintiff "may not yet recognize [the acts] as part of a pattern"); *Myles v. United States*, No. 20-55910, 2022 WL 4011172, at *3 (9th Cir. Sept. 2, 2022) (applying doctrine where "claims rest on the occurrence of a series of related actions . . . , not just continuing effects from earlier acts"); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 138 (N.D. Cal. 2020) (doctrine requires that wrongful conduct "become apparent only through the accumulation of a series of harms")

Date submitted: April 20, 2026.

PLAINTIFF'S PROPOSED JURY INSTRUCTION RE: CONTINUING VIOLATION DOCTRINE
CASE NO.: 4:24-CV-04722-YGR

DATED: April 20, 2026                    MOLOLAMKEN LLP


                                         */s/ Robert K. Kry*
                                         Robert K. Kry (*pro hac vice*)