RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-4555

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

ANDREW J. LEVANDER (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

(Additional attorneys listed in signature block)
*Attorneys for Defendants Microsoft Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ELON MUSK et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL ALTMAN, et al.,<br><br>Defendants. | Case No. 4:24-cv-04722-YGR<br><br>Judge Yvonne Gonzalez Rogers<br><br>**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFF'S NOTICES REGARDING VERIFIED WAIVER OF REMEDIES AND FRAUD CLAIMS AND JOINDER IN OPENAI DEFENDANTS' RESPONSE TO SAME**<br><br>Date Action filed: August 5, 2024<br>Trial Date: April 27, 2026 |

Pursuant to this Court's April 21, 2026 Order [Dkt. 487], Microsoft Corporation fully joins the OpenAI Defendants' Response [Dkt. 491] to Plaintiff's Notice Regarding Verified Waiver of Remedies [Dkt. 484] and Plaintiff's Notice Regarding Fraud Claims [Dkt. 485] for the reasons stated in that Response. Microsoft submits this brief separate Response to address an additional, Microsoft-specific issue raised by Plaintiff's waiver of remedies.

Mr. Musk now purports to seek an "award … entered in favor of the OpenAI charity directly" and "irrevocably commits to that remedy if it is available." *Id*. at 1. This newly-disclosed remedy Mr. Musk now irrevocably seeks — disgorgement in favor of the defendant nonprofit — is, if available at all, the province of the California Attorney General ("AG") and those who are entitled to sue derivatively on behalf of the nonprofit. Mr. Musk is neither. He expressly sought relator status from the AG to sue on the AG's behalf, but the AG denied that request, *see* Dkt. 157 (notice of AG's denial of relator status). And this Court previously found that he lacks derivative standing, *see* Dkt. 163 at 8.

There is yet another problem. Under Musk's newly disclosed remedy,[1] the defendant nonprofit would effectively become the plaintiff-beneficiary of a claim based on transactions ***that same nonprofit*** approved as authorized and consistent with the nonprofit's mission. In other words, Mr. Musk is asking the Court to direct disgorgement to the very entity he claims was a wrongdoer — *i.e.*, the nonprofit that approved the transactions he claims violated duties to him. That would result in an anomalous and untenable situation in which the "wrongdoer … enjoy[s] the fruits of his transgression." *Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970, 978 (1999) (cit. omit.); *see generally* Restatement (Third) of Restitution and Unjust Enrichment § 63 ("Equitable Disqualification (Unclean Hands)") (recovery in restitution "to which an innocent claimant would be entitled may be limited or denied because of the claimant's inequitable conduct

---

[1] By belatedly disclosing his new remedy (disgorgement to the OpenAI nonprofit), Mr. Musk also deprived Microsoft of the ability to prepare its expert, Dr. Arnold, to affirmatively value benefits to the nonprofit from Microsoft's collaboration and opine on whether they offset the purportedly wrongful gains that Mr. Musk now seeks to direct to the nonprofit. This prejudice is yet another reason why Mr. Musk's eve-of-trial disgorgement remedy should be rejected.

MICROSOFT'S RESPONSE TO PLAINTIFF'S NOTICES RE WAIVER OF REMEDIES AND FRAUD
CLAIMS AND JOINDER IN OPEN DEFENDANTS' RESPONSE TO SAME          4:24-CV-04722-YGR

in the transaction that is the source of the asserted liability."). Not surprisingly, that is a result that courts sitting in equity reject.

In fact, courts routinely apply basic equitable principles to deny recovery to a party in the posture Mr. Musk now proposes. For instance, in *City of Long Beach v. Mansell*, 3 Cal. 3d 462, 488 (1970), the California Supreme Court held that "[t]he vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden." (cit. omit.). *See also Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) (the doctrine that "he who comes into equity must come with clean hands" "is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief … [and] is rooted in the historical concept of [a] court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith [which] presupposes a refusal on its part to be 'the abetter of iniquity'") (cit. omit.). Equity does not permit what Musk seeks to do here, and the NP is simply not an appropriate recipient of disgorgement funded by Microsoft's alleged gains.

For the above reasons, regardless of the ultimate liability determination, the Court should reject Musk's effort to direct disgorgement from Microsoft to the defendant nonprofit — which is now the only monetary relief that Mr. Musk has "irrevocably commit[ted]" to seeking.

DATED: April 22, 2026

Respectfully Submitted,

DECHERT LLP

By:  */s/ Russell P. Cohen*

Russell P. Cohen (SBN 213105)
Russ.cohen@dechert.com
Howard M. Ullman (SBN 206760)
Howard.ullman@dechert.com
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-4555

- 2 -

Nisha Patel (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

Andrew J. Levander (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

John (Jay) Jurata, Jr. (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

Forrest Lovett (admitted *pro hac vice*)
forrest.lovett@dechert.com
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-2474
Facsimile: (215) 994-2222

*Attorneys for Defendants Microsoft Corporation*

- 3 -