JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM SAVITT (*pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (*pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (*pro hac vice*)
SKEddy@wlrk.com
STEVEN WINTER (*pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (*pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for the OpenAI Defendants*

RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-4555

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

ANDREW J. LEVANDER (*pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JAY JURATA (*pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendant Microsoft
Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S AMENDED PROPOSED REMEDY JURY INSTRUCTIONS AND PROPOSED JURY INSTRUCTION RE: CONTINUING VIOLATION DOCTRINE** |
| v. | |
| SAMUEL ALTMAN et al., | |
| Defendants. | |

Defendants Samuel Altman, Gregory Brockman, OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C., OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC, OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C., OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C., OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P., OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P., Aestas Management Company, LLC, and Aestas LLC (collectively, the "OpenAI Defendants"), and Defendant Microsoft Corporation (together with the OpenAI Defendants, "Defendants"), hereby submit the following objections to (i) Plaintiff's Amended Proposed Remedy Jury Instructions filed April 12, 2026 (Dkt. 463) and (ii) Plaintiff's Proposed Jury Instruction re: Continuing Violation Doctrine filed April 20, 2026 (Dkt. 486).[1]

---

[1] Plaintiff did not meet and confer with Defendants prior to filing his Amended Proposed Remedy Jury Instructions and Proposed Jury Instruction re: Continuing Violation Doctrine. Defendants therefore did not have the opportunity to include their objections in joint submissions with Plaintiff as contemplated by Paragraph 3(g) of the Court's Standing Order re: Pretrial Instructions in Civil Cases (last updated March 17, 2025).

**30A-P. CONTINUING VIOLATION DOCTRINE (Plaintiff Only)**

[Text omitted]

Date submitted: April 20, 2026

**DEFENDANTS' OBJECTIONS**

Defendants object to the proposed continuing violation instruction on multiple grounds. First, Plaintiff has waived the right to request any such instruction. After failing to propose a continuing violation instruction in the parties' joint proposed jury instructions submitted in accordance with the Court's standing order regarding pretrial submissions, Dkt. 433, Plaintiff disclaimed reliance on the doctrine at the March 13, 2026 pretrial conference. In response to the Court's direct question on the matter—"You're not arguing continuing violation, correct?"—Plaintiff declared: "We aren't advancing the continuing violation doctrine." Dkt. 445 at 33 (Mar. 13, 2026 Tr.). When the Court asked Plaintiff to confirm—"You are not?"—Plaintiff assured the Court that it was "[c]orrect." *Id.*; *see also* Dkt. 456 at 5 n.4 (Pretrial Order No. 3) ("At the pretrial conference, Musk stated that he is not seeking a 'continuous violation' instruction."). The Court is entitled to enforce its pretrial procedures regarding the submission of proposed jury instructions and to accept a party's waiver. *See* Fed. R. Civ. P. 51(a); *Kendrick* v. *Baca*, 261 F. App'x 32, 33 (9th Cir. 2007) ("Rule 51(a) authorizes a district court to require parties who wish to submit proposed jury instructions to abide by the court's scheduling order."). To permit Plaintiff on the eve of trial to avoid the consequences of his waiver would only embolden his constantly shifting positions that have frustrated the Court and Defendants.

Plaintiff contends that his statements to the Court at the pretrial conference were "not intended to be a waiver." Dkt. 486 at 2. But Plaintiff's reliance on the continuous accrual doctrine instead of the continuing violation doctrine was plainly a tactical decision based on his explicit view that "the continuous accrual doctrine is the better fit for the facts of this case." Dkt. 427 at 46 n.19. Starting with his complaint, Plaintiff advanced the theory that the OpenAI Defendants repeatedly breached their duties, dating back to the formation of the for-profit subsidiary and initial

investment by Microsoft in 2019. *See* Dkt. 170 (Second Amended Complaint) ¶¶ 250 (alleging contractual breaches), 399(a) (incorporating alleged contractual breaches into charitable trust claim). Plaintiff's experts similarly based their opinions on the 2019 transaction as the source of the claimed harm, with Dr. Wazzan modeling Plaintiff's disgorgement remedy based solely on the creation of the for-profit entity in 2019 and Dean Schizer likewise treating the 2019 transaction as the alleged original sin. It was therefore no accident when Plaintiff told this Court at the pretrial conference that an actionable "breach [of OpenAI's charitable obligations] occurred in 2019, where [OpenAI, Inc.] formed th[e] for-profit entity," or when Plaintiff subsequently confirmed to the Court that "[w]e aren't advancing the continuing violation doctrine." Dkt. 445 at 26, 33 (Mar. 13, 2026 Tr.). Plaintiff chose to invoke the continuous accrual doctrine because its applicability to actionable recurring breaches was more consistent with his theory of the case than the continuing violation doctrine, which requires conduct that is not independently actionable. *See Aryeh* v. *Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1197-1200 (2013). That strategic choice constituted a true waiver. *See Siqueiros* v. *Gen. Motors LLC*, 2023 WL 7272508, at *11 (N.D. Cal. Nov. 2, 2023) (finding waiver because "where a strategic decision is made, the litigant is bound by that decision"); *In re Qualcomm Antitrust Litig.*, 2023 WL 6301063, at *9 (N.D. Cal. Sept. 26, 2023) (relieving plaintiffs of their "strategic choices" would "open the flood gates to prolonged do-over litigation").[2]

Even if the proposed instruction is not waived, the facts of this case do not support application of the continuing violation doctrine under controlling California law. The doctrine is limited to claims based on "a series of small harms, any one of which may not be actionable on its own." *Aryeh*, 55 Cal. 4th at 1197-98. But as noted above, Plaintiff told this Court at the pretrial conference—consistent with his litigating position from the outset of the case—that an actionable

---

[2] Nor did Plaintiff preserve the issue in a footnote in the Joint Pretrial Conference Statement. Dkt. 486 at 2 (citing Dkt. 427 at 46 n.19). That footnote merely asserted that as between the continuous accrual theory and the continuing violation doctrine, the Court "can and should grant the relief sought under whichever theory it considers more appropriate." Dkt. 427 at 46 n.19. Plaintiff offered no reason why application of the continuing violation doctrine would be "appropriate," let alone "more appropriate" than the continuous accrual theory. To the contrary, as noted above, Plaintiff admitted that "the continuous accrual doctrine is the better fit," and cited a case in which this Court *rejected* application of the continuing violation doctrine. *See Prods. & Ventures Int'l* v. *Axus Stationary (Shanghai) Ltd.*, 2017 WL 3284177, at *4-*5 nn.3-4 (N.D. Cal. Aug. 2, 2017).

"breach [of OpenAI's charitable obligations] occurred in 2019," when OpenAI, Inc. "formed th[e] for-profit entity." Dkt. 445 at 26 (Mar. 13, 2026 Tr.). He also confirmed to this Court that his claim is based on a theory that "[e]very one of the[] deals with Microsoft was a new breach. Yes, there was a breach in 2019, but there was a bigger breach in 2021, and there was an even bigger one in 2023…." *Id.* at 35. Thus, Plaintiff is claiming "discrete, independently actionable alleged wrongs," and the continuing violation doctrine accordingly does not apply. *Aryeh*, 55 Cal. 4th at 1198; *see Brodsky* v. *Apple Inc.*, 445 F. Supp. 3d 110, 137 (N.D. Cal. 2020) (under *Aryeh*, continuing violation doctrine is "not [applicable] when a plaintiff experiences a series of discrete, independently actionable alleged wrongs").

At bottom, Plaintiff is arguing for a continuing violation instruction based on his theory that the OpenAI Defendants were required to maintain OpenAI as an "open source" "nonprofit" "forever," Musk Tr. 54:15-23, 285:19-286:24, just as he previously argued for a continuous accrual instruction on the same theory. *See* Dkt. 456 at 7 (Pretrial Order No. 3) (observing that "Musk argues that the jury should receive a continuous accrual instruction merely because OpenAI's obligation to Musk to stay open source and nonprofit remained ongoing"). The Court rejected that argument, reasoning that "continuous accrual does not apply just because the alleged wrong has continuing impact." *Id.* The same result is warranted here, as the continuing violation doctrine likewise does not apply to "continual ill effects from an original violation." *Deirmenjian* v. *Deutsch Bank, A.G.*, 2006 WL 4749756, at *40 (C.D. Cal. Sept. 25, 2006). "If it were otherwise, claims such as those [Plaintiff] assert[s] would never be time-barred." *Id.* at *41; *cf.* Dkt. 456 at 7 (Pretrial Order No. 3) ("Instructing otherwise would vitiate the statute [of limitations] and allow parties to file suit at any time, as long as their injuries persisted.").

Defendants reserve the right, if the Court finds that a continuing violation instruction is not waived and should be given, to propose a competing instruction.

**42-P.   DISGORGEMENT OF WRONGFUL GAINS (Plaintiff Only)**

[Text omitted]

Date revised: April 12, 2026

**DEFENDANTS' OBJECTIONS**

Defendants submit that Plaintiff's proposed remedy instructions are now moot in light of the Court's rulings that (i) the trial "will be bifurcated into a liability phase, to be heard by the advisory jury, and a remedies phase, to be heard by the Court"; and (ii) the advisory jury "shall not" hear references to "any specific remedy or form of relief that Musk requests," including "the amount of disgorgement, to whom it may be directed, who may benefit, and the scope of injunctive relief." Dkt. 477 at 1-2 (Pretrial Order No. 4).

**44-P.  DISGORGEMENT – AMOUNT (Plaintiff Only)**

[Text omitted]

Date revised: April 12, 2026

**DEFENDANTS' OBJECTIONS**

Defendants submit that Plaintiff's proposed remedy instructions are now moot in light of the Court's rulings that (i) the trial "will be bifurcated into a liability phase, to be heard by the advisory jury, and a remedies phase, to be heard by the Court"; and (ii) the advisory jury "shall not" hear references to "any specific remedy or form of relief that Musk requests," including "the amount of disgorgement, to whom it may be directed, who may benefit, and the scope of injunctive relief." Dkt. 477 at 1-2 (Pretrial Order No. 4).

**46A-P.  INJUNCTION (Plaintiff Only)**

[Text omitted]

Date submitted: April 12, 2026

**DEFENDANTS' OBJECTIONS**

Defendants submit that Plaintiff's proposed remedy instructions are now moot in light of the Court's rulings that (i) the trial "will be bifurcated into a liability phase, to be heard by the advisory jury, and a remedies phase, to be heard by the Court"; and (ii) the advisory jury "shall not" hear references to "any specific remedy or form of relief that Musk requests," including "the amount of disgorgement, to whom it may be directed, who may benefit, and the scope of injunctive relief." Dkt. 477 at 1-2 (Pretrial Order No. 4).

DATED: April 22, 2026                    WACHTELL, LIPTON, ROSEN & KATZ


                                         */s/ William Savitt*
                                         William Savitt (*pro hac vice*)


                                         MORRISON & FOERSTER LLP


                                         */s/ William Frentzen*
                                         William Frentzen (CA SBN 343918)

                                         *Attorneys for the OpenAI Defendants*

DATED: April 22, 2026                    DECHERT LLP


                                         */s/ Russell P. Cohen*
                                         Russell P. Cohen (SBN 213105)

                                         *Attorneys for Defendant Microsoft Corporation*

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S ADDITIONAL PROPOSED JURY INSTRUCTIONS
CASE NO. 4:24-CV-04722-YGR

**SIGNATURE ATTESTATION**

I hereby attest that the signatories listed above, on whose behalf this document is submitted, concur in the filing's content and have authorized the filing.

Dated: April 22, 2026

/s/ William Frentzen
William Frentzen (CA SBN 343918)