RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-4555

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

ANDREW J. LEVANDER (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendant Microsoft
Corporation*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL ALTMAN, et al.,<br><br>Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**DEFENDANT MICROSOFT CORPORATION'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5**<br><br>Date Action Filed: August 5, 2024<br>Trial Date: April 27, 2026 |

DEFENDANT MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO
LOCAL RULES 7-11 AND 79-5

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   INTRODUCTION

Microsoft brings this administrative motion pursuant to Civil Local Rules 7-11 and 79-5 to protect its employees' security and privacy during the upcoming public trial.[1]

Pursuant to Pretrial Order No. 1, the parties met and conferred on trial exhibit sealing. Dkt. 446 at 9(c) (March 16, 2026).  Those discussions were productive: Microsoft and Plaintiff reached agreement on Microsoft's narrow redactions of competitively sensitive business information.  Only one issue remains unresolved as to Microsoft: how to handle its employees' business contact information—particularly email addresses—on exhibits displayed to the public during trial.

Plaintiff's position on that issue is inconsistent and inexplicable. Plaintiff has agreed to redact personal contact information from publicly posted exhibits and from the public-facing screens. Plaintiff has also agreed that business contact information may be redacted from publicly posted exhibits. But for whatever reason, Plaintiff insists that the parties display that same sensitive information on public-facing gallery screens, claiming that technical reasons and purported burden make it infeasible to do otherwise. Plaintiff has provided no defensible rationale for this distinction, and there is none.

Microsoft employees' email addresses and contact information are not necessary or relevant to Plaintiff's case and the requested redactions will not prejudice his case in any way. But *not* redacting them will expose these Microsoft employees—many of whom are not even witnesses in the case—to serious security and privacy risks. And it will do so at a time when the threat of doxxing is very real, and the animosity and temperature around AI is high. Plaintiff's refusal to take a consistent redaction approach to Microsoft employees' email addresses completely disregards these serious risks.  Nor are these risks merely hypothetical: this is a high-profile, highly public case that involves issues of heightened attention in the public discourse. There is no question that public disclosure of Microsoft employees' email

---

[1] Microsoft does not object to the other parties or third parties making similar redactions to their or their employees' work contact information.

DEFENDANT MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO
LOCAL RULES 7-11 AND 79-5

addresses and contact information would risk exposing these employees to unwanted attention, solicitation, doxxing, or harassment. But these safety risks can be mitigated by redacting business contact information—primarily email addresses—from exhibits displayed to the gallery, just as the parties have agreed it should be redacted from publicly posted exhibits.

Accordingly, Microsoft respectfully moves to redact its email addresses and other business contact information from exhibits displayed to the public at trial, as indicated in the chart below:[2]

| Documents Sought to be Sealed | Portions to be Sealed |
|---|---|
| All trial exhibits containing business contact information (i.e., email addresses and phone numbers) of Microsoft employees, officers, or directors, including as shown in the representative examples PX-221 and MDX-1521 [excerpted].[3] | Limited contact information, as marked in red boxes in exemplary Exhibits A (PX-221) and B (MDX-1521 [excerpted]). |

## II.    LEGAL STANDARD

While there is a "strong presumption in favor of public access" to trial records, the Ninth Circuit recognizes that the right is not absolute. *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Redacting trial records requires that the requesting party demonstrates there are "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.*

## III.    ARGUMENT

Protecting the privacy of Microsoft's employees and mitigating the risk of threats or harassment are compelling reasons to redact contact information in trial exhibits. Courts have consistently recognized that redacting this type of information satisfies the "compelling reasons" standard. *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250,

---

[2] The OpenAI Defendants do not object to Microsoft's requested relief.
[3] The same business contact information was redacted from the public versions of documents filed at summary judgment. *See, e.g.,* Dkt. No. 391-60.

DEFENDANT MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5

at *3 (N.D. Cal. May 14, 2021) ("compelling reasons" to seal current and former employees' contact information); *In re Google Assistant Priv. Litig.*, No. 5:19-CV-04286-BLF, 2025 WL 1479660, at *3 (N.D. Cal. Mar. 28, 2025) (granting request to redact a party's "personal and work email addresses"); *Ehret v. Uber Techs., Inc.*, No. 14-CV-00113-EMC, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (work email addresses of party employees "not relevant to the merits"); *In re Hydroxycut Mktg. & Sales Pracs. Litig.,* No. 09MD2087 BTM AJB, 2011 WL 864897, at *1 (S.D. Cal. Mar. 11, 2011) (sealing a "work email address" because it "could expose [deponent] to unnecessary harassment"). Indeed, "publicizing" an employee's work contact information "cannot be remedied after the fact if there is risk of harassment or other unwanted contact by third parties." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22MD03047YGRPHK, 2024 WL 1808607, at *3 (N.D. Cal. Apr. 25, 2024). This is especially so in a high-profile, highly public case such as this one, where security and privacy risks are heightened and the potential for doxxing is real.

Plaintiff has offered three arguments for why this information should not be redacted: (1) the redactions obscure information and will reduce the exhibits' impact with the jury; (2) jurors are generally skeptical of redactions; and (3) there is no time to make the redactions.

*First*, Microsoft's proposed redactions obscure nothing substantive. For emails, Microsoft seeks to redact only the username portion of email addresses—the Microsoft domain and the full name of the sender/recipient remain visible. As shown with the exemplary exhibit PX-221 below, the jury will see exactly who sent and received each email and that they are Microsoft employees:

*Second*, juror skepticism is not a risk here. The redactions are largely limited to to/from lines in emails, not relevant content. The redactions are minor, and it is widely known that nothing substantive precedes the "@" in an email address. And to the extent there is any

DEFENDANT MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO
LOCAL RULES 7-11 AND 79-5

remaining concern, Microsoft does not object to the jury receiving fully unredacted copies of all admitted trial exhibits for deliberations.

*Third*, there is sufficient time between now and the first day of trial to make these redactions. And, in any event, Microsoft is willing to do the work to redact its employees' contact information from all stamped trial exhibits to relieve Plaintiff's claimed burden.

Plaintiff's arguments all fail. And critically, Plaintiff has never identified any probative value in work phone numbers or the username portion of email addresses. That is because there is none. The risks to Microsoft's employees given the public nature of these proceedings and heightened attention to these issues plainly outweigh any value this information could have at trial.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Microsoft respectfully moves this Court pursuant to Civil L.R. 7-11 and 79-5 to grant Microsoft's motion to redact the business contact information of its employees and prohibit the public display of such information at trial.

Dated: April 24, 2026          DECHERT LLP

                             */s/ Russell P. Cohen*

                             RUSSELL P. COHEN (SBN 213105)
                             Russ.cohen@dechert.com
                             HOWARD M. ULLMAN (SBN 206760)
                             Howard.ullman@dechert.com
                             45 Fremont Street, 26th Floor
                             San Francisco, CA 94105
                             Telephone: (415) 262-4500
                             Facsimile: (415) 262-4555

                             NISHA PATEL (SBN 281628)
                             Nisha.patelgupta@dechert.com
                             DECHERT LLP
                             633 West 5th Street, Suite 4900
                             Los Angeles, CA 90071
                             Telephone: (213) 808-5700
                             Facsimile: (213) 808-5760

DEFENDANT MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5

ANDREW J. LEVANDER (admitted *pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JOHN (JAY) JURATA, JR. (admitted *pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendant Microsoft Corporation*

6

DEFENDANT MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO
LOCAL RULES 7-11 AND 79-5

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, counsel of record for Defendant Microsoft Corporation, certifies that on April 24, 2026, a copy of the foregoing document(s) was electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel of record.

*/s/ Russell P. Cohen*
RUSSELL P. COHEN

---

7

DEFENDANT MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PURSUANT TO
LOCAL RULES 7-11 AND 79-5