MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

(Additional counsel listed on the next page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **AMENDED ATTACHMENT A: JOINT STATEMENT OF DISPUTED DISCOVERY DESIGNATIONS** |
| v. | |
| SAMUEL ALTMAN et al., | Date:  April 27, 2026 |
| Defendants. | Time:  9:00 AM |
| | Courtroom:  1 – 4th Floor |
| | Judge:  Hon. Yvonne Gonzalez Rogers |

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM SAVITT (*pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (*pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (*pro hac vice*)
SKEddy@wlrk.com
STEVEN WINTER (*pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (*pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for the OpenAI Defendants*

RUSSELL P. COHEN (SBN 213105)
Russ.cohen@dechert.com
HOWARD M. ULLMAN (SBN 206760)
Howard.ullman@dechert.com
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Facsimile: (415) 262-4555

NISHA PATEL (SBN 281628)
Nisha.patelgupta@dechert.com
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

ANDREW J. LEVANDER (*pro hac vice*)
Andrew.levander@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

JAY JURATA (*pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

*Attorneys for Defendant Microsoft
Corporation*

Pursuant to the Court's March 26, 2026 email, the parties have met and conferred regarding the impact of the Court's rulings on motions *in limine* on disputed deposition designations and have resolved a significant number of disputes. The parties seek the Court's guidance on the following representative examples of remaining disputes:

## I.    DEFENDANTS' DISPUTED DESIGNATIONS

| Tasha McCauley (non-party) | | | |
|---|---|---|---|
| *Former OAI director who voted to remove Sam Altman from the board and resigned in 2023.* | | | |
| **No.** | **Form** | **In Dispute** | **Legal Objection** |
| Musk 28, 35, 47, 82 (partial) | Deposition Video (with transcript) | 65:5-13, 73:8-74:1, 85:17-86:21, 288:17-289:5, 289:8-14, 289:16-289:20, 289:22-289:24, 290:1-2 (representative examples) | FRE 801, 802 and 611(c) (as to 289:3-5, 289:8-14, 289:16-20, 289:22-24, 290:1-5, 290:7-12): The Court ruled that portions of depositions that "incorporate or respond to excerpts from" the March 28, 2025 *WSJ* article should be excluded, along with the article, on hearsay grounds. Dkt. 452 at 6-7. Counsel posed questions that either asked the witness to confirm her agreement with the content of the excluded *WSJ* article or incorporated the witness's prior answers to such questions to prompt additional testimony with leading questions. Also, Musk 28 and Musk 35 are answers with no question.<br><br>Response: Ms. McCauley testified that she was one of the sources for the *Wall Street Journal* article. She also undisputedly has first-hand knowledge of the events described in that article. Consistent with the Court's ruling, Plaintiff has removed any quotes from or references to the article from Ms. McCauley's designated testimony. The remaining designated portions represent only Ms. McCauley's first-hand account of the underlying events, not hearsay. The questioning was not leading. |

| Musk 29, 30, 77, 78, 82 (partial), 83, 86, 87 | * | 68:5-68:7, 68:9-68:18, 141:24-142:2, 142:5-142:19 (representative examples) | FRE 611(c): Counsel asked the witness to adopt factual assertions and loaded characterizations rather than testify in her own words in response to non-suggestive questions. Over repeated objections, counsel declined to rephrase.<br><br>Response: The questioning did not present "loaded characterizations." Read in context, the questions simply asked the witness to respond one way or the other on an issue, without encouraging any particular response. The witness plainly provided her own account. |
| Musk 82 (partial), 83, 86, 87 | * | 290:3-5, 290:7-12, 291:1-291:3, 291:5-291:6 (representative examples) | FRE 611(c): Counsel repeatedly asked the witness to adopt loaded characterizations, including as to her state of mind and opinions, rather than pose questions to the witness that did not suggest an answer.<br><br>Response: The questioning was not leading. The questions at the end of Ms. McCauley's deposition (pp. 288-290) referenced events that McCauley had testified to at length earlier in the deposition. Those questions simply asked the witness to respond one way or the other on an issue, without encouraging any particular response. |

**Helen Toner** (non-party)
*Former OAI director who voted to remove Sam Altman from the board and resigned in 2023.*

| No. | Form | In Dispute | Legal Objection |
|---|---|---|---|
| Musk 727 (partial), 728, 729, 730 (partial), 736, 737 | * | 50:14-50:16, 50:19-51:2, 51:5-51:9, 51:12, 54:20-54:22, 54:25-55:4 (representative examples) | FRE 611(c): Counsel repeatedly asked the witness to adopt loaded characterizations, including as to her state of mind and opinions, rather than pose questions to the witness that did not suggest an answer.<br><br>Response: The questioning did not present "loaded characterizations." Read in context, the questions simply asked the witness to respond one way or the other on an issue, without encouraging any particular response. The witness plainly provided her own account. |

3

| Musk 755, 756, 763, 764 | * | 64:24-65:1, 65:4-65:9, 76:14-76:16, 76:18 (representative examples) | FRE 611(c): Counsel repeatedly asked the witness to adopt loaded characterizations, including as to her state of mind and opinions, rather than pose questions to the witness that did not suggest an answer.<br><br>Response: The questioning did not present "loaded characterizations." Read in context, the questions simply asked the witness to respond one way or the other on an issue, without encouraging any particular response. The witness plainly provided her own account. |
|---|---|---|---|
| Musk 817 (partial), 818, 819 (partial), 820 | * | 156:19-22, 156:25-157:6, 165:21-22, 165:25-166:2 (representative examples) | FRE 611(c): Counsel repeatedly asked the witness to adopt loaded characterizations, including as to her state of mind and opinions, rather than pose questions to the witness that did not suggest an answer.<br><br>Response: The questioning did not present "loaded characterizations." Read in context, the questions simply asked the witness to respond one way or the other on an issue, without encouraging any particular response. The witness plainly provided her own account. |

4

## II.    PLAINTIFF'S DISPUTED DESIGNATIONS

| **Tasha McCauley** (non-party) | | | |
| *Former OAI director who voted to remove Sam Altman from the board and resigned in 2023.* | | | |
| No. | Form | In Dispute | Legal Objection |
| --- | --- | --- | --- |
| OpenAI No. 42 | Deposition Video (with transcript) | 123:4-125:21 | <u>Rule 402, Rule 403, Musk MIL 2</u><br><br>The Court ruled that it will not permit witnesses "to testify that a prominent law firm conducted an independent investigation upon which OpenAI relied."  Dkt. 452 at 2.  The Court clarified that "OpenAI cannot bolster its position or reliance with references to the scope or nature of the investigation . . . ." *Id.*  The designated testimony repeatedly characterizes the scope and nature of the investigation, referring to it as a "very thorough independent investigation," demonstrating the precise bolstering the Court excluded.<br><br><u>Response</u>: This is testimony Plaintiff's counsel elicited regarding the reasons why the witness resigned from OpenAI's board in 2023—before the law firm investigation that is the subject of Musk MIL 2. The disputed excerpt does not discuss the details or outcome of that investigation and does not even mention that a law firm conducted it. The references to an "investigation" are all forward-looking: The witness testified that her decision to resign was based in part on the new board's commitment to adopt certain "governance mechanisms" and conduct a "thorough investigation" in the future. Plaintiff's counsel asked a follow-up question that elicited a reference to the "Wilmer Hale investigation," but the OpenAI Defendants agreed to de-designate that Q&A. Excluding the testimony that remains would leave the jury with a mistaken impression as to the circumstances of the witness's resignation. |

AMENDED ATTACHMENT A: JOINT STATEMENT OF DISPUTED DISCOVERY DESIGNATIONS
CASE NO.: 4:24-CV-04722-YGR