JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted *pro hac vice*)
RWJackson@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,
OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,
OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,
OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,
OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,
OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,
OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,
OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,
OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,
Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **OPENAI DEFENDANTS' REQUEST FOR A CURATIVE INSTRUCTION** |
| v. | |
| SAMUEL ALTMAN, et al., | Judge:  Hon. Yvonne Gonzalez Rogers |
| Defendants. | |

The OpenAI Defendants file this memorandum of law to request that the Court issue a curative instruction correcting a misstatement of law made by Plaintiff at the invitation of his counsel during the second question of his direct examination.

In response to a question to "describe for the jury what this lawsuit is about," Tr. 316:19-20, Plaintiff told the jury: "If the Defendants are found not guilty, if Microsoft, Altman, and Brockman are found not guilty, **this case will become case law, it will become precedent, and it will give license, in my opinion, to losing every charity in America**. So the consequences of this case go far beyond me or the particular people here, but if it–it [is] ok–**if the verdict comes up that effectively makes it okay to loot a charity, the entire foundation of charitable giving in America will be destroyed.  That's my concern**." Tr. 316:26–317:9.

Those statements, which Plaintiff's counsel must have known would be elicited by the second question of the examination, are legally incorrect and unfairly prejudicial. Counsel could and should have cured the prejudicial error by explaining the law to his client—that a jury verdict in this case by this jury sets no precedent for any other case.  As counsel is aware, a jury verdict does not create binding legal precedent.  Under stare decisis, binding precedent flows only from appellate decisions on questions of law.  *Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001). A jury verdict determines the facts and resolves a dispute between the parties.  It does not create any rule of law that binds any future case.

The prejudice from this statement could be substantial.  Plaintiff's statement invites the jury to decide the case based on perceived societal consequences rather than the trial record and the Court's instructions—or at least to wonder if that is really the law.  That would be improper. The Ninth Circuit has made clear that counsel may not urge jurors to consider "the potential social ramifications of the jury's reaching a verdict" or make arguments "designed to appeal to the passions, fears and vulnerabilities of the jury." *United States v. Sanchez*, 659 F.3d 1252, 1256-57 (9th Cir. 2011); *United States v. Weatherspoon*, 410 F.3d 1142, 1149 (9th Cir. 2005). Jurors must decide the case based solely on the evidence submitted at trial and the Court's instructions on the law.  Any argument that their verdict will create broader societal harm—i.e., destroy the foundation of charitable giving in America—is clearly inappropriate and prejudicial.

To prevent any prejudice, the Ninth Circuit has endorsed the use of a curative instruction. *Navellier v. Sletten*, 262 F.3d 923, 943 (9th Cir. 2001).

Absent a curative instruction, Plaintiff's testimony risks leaving the jury with the misunderstanding that exercising its role as factfinder will establish a binding legal rule affecting non-parties or future cases. The Court gave a proper instruction to the jurors in the moment that: "He is not a lawyer. It's not allowed for any legal value whatsoever. And if that's his opinion, that's his opinion, and you can give it whatever weight you want. Overruled." Tr. 317:14-16. While the Court's instruction was appropriate, the OpenAI Defendants believe that since the testimony was legally incorrect and legally inappropriate—but the jurors may not know that—the Court can and should provide a very brief curative instruction.

Accordingly, the OpenAI Defendants respectfully request the Court provide the following curative instruction to the jury:

> As jurors, you must decide this case based solely on the evidence admitted at trial and the Court's instructions on the law. Your verdict does not create legal precedent, establish legal rules, or bind the outcome of any other case, including any case involving charitable giving.

Date: April 28, 2026

MORRISON & FOERSTER LLP

/s/ *William Frentzen*

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice)*
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice)*
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted *pro hac vice*)
RWJackson@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for the OpenAI Defendants*

3