JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted *pro hac vice*)
RWJackson@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,
OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,
OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,
OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,
OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,
OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,
OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,
OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,
OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,
Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al.,<br><br>                    Plaintiffs,<br><br>    v.<br><br>SAMUEL ALTMAN, et al.,<br><br>                    Defendants. | Case No. 4:24-cv-04722-YGR<br><br>**OPENAI DEFENDANTS' APPLICATION TO INTRODUCE EVIDENCE OF PRETRIAL COMMUNICATION**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

The OpenAI Defendants respectfully submit this memorandum of law in support of their application to elicit through the examination of Greg Brockman evidence concerning a message that Plaintiff Elon Musk sent Mr. Brockman on the eve of trial in this case.

On or about April 25, 2026, two days before trial began, Mr. Musk sent a message to Mr. Brockman to gauge interest in settlement. When Mr. Brockman responded with a suggestion that both sides drop their respective claims, Mr. Musk shot back: "By the end of this week, you and Sam will be the most hated men in America.  If you insist, so it will be."[1]

This statement—like similar menacing statements Mr. Musk has made in litigation—is admissible under the Federal Rules of Evidence. *See Giuseppe Pampena* v. *Elon R. Musk*, No. 3:22-cv-05937-CRB, Trial Tr. vol. 7 1405:23-1409:14, 1499:16-1500:14 (N.D. Cal. Mar. 9, 2026) (excerpt attached as Exhibit A hereto) (admitting evidence of threat conveyed by Mr. Musk through his attorneys in the context of litigation over his acquisition of Twitter). It tends to prove motive and bias, and, in particular, that Mr. Musk's motivation in pursuing this lawsuit is to attack a competitor and its principals.

That the statement was made following a settlement overture does not prevent its admission. Even assuming it qualifies as a "statement made during compromise negotiations about [a] claim," Federal Rule of Evidence 408 prohibits the admission of such a statement only where the party seeking exclusion carries its burden of establishing that the statement is offered to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."  Fed. R. Evid. 408(a)(2); *Rondor Music Intern. Inc.* v. *TVT Records LLC*, 2006 WL 5105272, at *11 (C.D. Cal. Aug. 21, 2006).  The Rule expressly allows admission of this evidence "for another purpose, such as proving a witness's bias or prejudice[.]" Fed. R. Evid. 408(b); *see also Rhoades* v. *Avon Prod., Inc.*, 504 F.3d 1151, 1161-62 (9th Cir. 2007) (Rule 408 is "of limited applicability," such that "[w]hen statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured."); *Hudspeth*   v.

---

[1] The OpenAI Defendants do not intend to introduce a screenshot of the exchange into evidence, but rather to elicit testimony about it from Mr. Brockman during his examination.

*Comm'r*, 914 F.2d 1207, 1214-15 (9th Cir. 1990) (holding that exclusion of bias evidence under Rule 408 was reversible error).

Plaintiff's statement of menace falls outside of Rule 408(a)(2)'s prohibition. The OpenAI Defendants do not intend to offer Mr. Musk's statement to demonstrate lack of evidence on any claim or as a prior inconsistent statement. As noted, the statement is offered instead as admissible evidence of Plaintiff's motive in pursuing this lawsuit. *See, e.g., Rhoades*, 504 F.3d at 1161 (evidence of threats made during settlement negotiations was admissible so long as not used to establish liability or show prior inconsistent statement); *Corbrus, LLC* v. *8th Bridge Capital, Inc.*, 2021 WL 4439220, at *7-8 (C.D. Cal. Aug. 9, 2021) (allowing use of statements made during settlement negotiations to show prejudice or bias); *Cleverley* v. *Ballantine*, 2013 WL 12320792, at *2 (D. Nev. Aug. 29, 2013) (statement made during settlement negotiations admissible to support argument that plaintiff "intended to punish the Defendants"); *Justice* v. *Meares*, 2021 WL 3410045, at *5 (E.D. Tenn. Aug. 4, 2021) (extortionate threats during negotiations not protected under Rule 408); *Levenstein* v. *Salafsky*, 2002 WL 849594, at *1 (N.D. Ill. May 2, 2002) (evidence of statements made during negotiations that are offered to show a pattern of coercion fall outside the scope of Rule 408). "Rule 408 is designed to ensure that parties may make offers during settlement negotiations without fear that those same offers will be used to establish liability should settlement efforts fail. When statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured." *Rhoades*, 504 F.3d at 1161-62. Such is the case here; Mr. Musk's threat that Mr. Brockman and Mr. Altman would become the most hated men in America if they continued to defend against his claims was "coercive rather than conciliatory." *See Cassino* v. *Reichhold Chem., Inc.*, 817 F.2d 1338, 1342 (9th Cir.1987) ("Rule 408 should not be used to bar relevant evidence simply because one party calls its communication with the other party a settlement offer."). The statement should therefore be admitted.

Date:  May 3, 2026

MORRISON & FOERSTER LLP

*/s/ William Frentzen*

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted *pro hac vice*)
RWJackson@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for the OpenAI Defendants*

3