JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:     (415) 268-7000
Facsimile:     (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted *pro hac vice*)
RWJackson@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:     (212) 403-1000
Facsimile:     (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,
OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,
OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,
OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,
OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,
OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,
OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,
OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,
OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,
Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **OPENAI DEFENDANTS' MEMORANDUM REGARDING SCOPE OF BRET TAYLOR'S TESTIMONY** |
| v. | |
| SAMUEL ALTMAN, et al., | Judge:  Hon. Yvonne Gonzalez Rogers |
| Defendants. | |

The OpenAI Defendants respectfully submit this memorandum regarding the scope of Bret Taylor's testimony in light of Plaintiff's prior representations and the Court's prior ruling concerning Plaintiff's Motion in Limine No. 2.

In his second motion in limine, Musk initially sought to exclude "all evidence and argument concerning WilmerHale's investigation and . . . findings" related to Sam Altman's removal and reinstatement as director and CEO of OpenAI in November 2023. Dkt. 403 at 5. During argument on that motion, Musk's counsel retreated from the broad relief initially sought, agreeing that the "fact of the investigation may come out in the explanation of Mr. Altman's firing and reinstatement from the board" because "that was a fact that was discussed by the board members who will testify." Dkt. 445 (Mar. 13 Hr'g Tr.) at 85:23-86:2. Musk's counsel thus confirmed that the "fact that the investigation existed is not something we object to." *Id.* at 86:2-3.

Consistent with Musk's position, the Court ruled that OpenAI's witnesses were "permit[ted] to testify that OpenAI consulted with lawyers related to this event," but could not "bolster [OpenAI's] position" by referencing a "prominent law firm" or the "scope or nature of the investigation" as that "would require a mini-trial on the investigation itself." Dkt. 452 at 2.

Mr. Taylor is expected to testify as soon as Monday. He is the chairman of OpenAI's board of directors. He was also a member of the board special committee formed in 2023 to review the events related to Mr. Altman's termination and to take any actions deemed appropriate following that review. OpenAI expects to elicit brief testimony from Mr. Taylor regarding the special committee's review, including that it hired an outside law firm to assist in its review and did not recommend reinstating Mr. Altman to OpenAI's board until after the review had concluded. Mr. Taylor is expected to testify about his perceptions of the special committee's review and the committee's conclusions and actions following the review. OpenAI does not intend to elicit testimony to "bolster" the special committee's reliance on WilmerHale.  Thus, it does not intend to elicit the name of the law firm or otherwise characterize it as "prominent." Nor does OpenAI intend to elicit testimony concerning WilmerHale's findings, conclusions, privileged information or protected work product, or the scope of WilmerHale's review. OpenAI also does not seek to admit any documents concerning the review, including those previously excluded by the Court in its

1

pretrial order. Dkt. 452 at 2-3.

OpenAI believes Mr. Taylor's anticipated testimony is well within the permissible scope of the Court's order. But OpenAI is also mindful that there is limited trial time remaining and thus seeks to ensure the efficient presentation of the remaining evidence and limit disputes during examinations. Accordingly, OpenAI requests that the Court confirm that Mr. Taylor can testify on this subject within the bounds set forth above.

Such testimony would be especially appropriate considering the evidence that has already been presented to the jury. Tasha McCauley and Helen Toner—two directors who voted to remove Mr. Altman—have now both testified that an independent review of Mr. Altman's removal was a condition to their respective resignations from the board and agreement to provisionally reinstate Mr. Altman as CEO.[1]

Plaintiff has also elicited trial testimony concerning Mr. Altman's removal and reinstatement from Shivon Zilis, who was not on the board during the events in question. Ms. Zilis openly questioned the board's decision to reinstate Mr. Altman, suggested that the directors who had voted to remove Mr. Altman were "expunged" or "expelled" from the board (even though they voluntarily resigned), and claimed that OpenAI "never shared with the world in true candor what happened." Trial Tr. 1452:7-23. While Ms. Zilis has no personal knowledge of these events, she nevertheless opined that these events gave her "massive" concerns. *Id.* OpenAI should be permitted to respond with limited rebuttal testimony regarding the special committee's deliberative process from the director who participated in it.

---

[1] McCauley Dep. 123:7-124:6 (explaining that her resignation was conditioned on, among other things, "a very thorough investigation"); Toner Dep. 148:17-149:3 (explaining that her resignation was conditioned on, among other things, "a thorough, independent investigation"). These excerpts from the depositions of Ms. McCauley and Ms. Toner were played in open court and will be incorporated into the final trial transcript.

OPENAI DEFENDANTS' MEMORANDUM REGARDING SCOPE OF BRET TAYLOR'S TESTIMONY
CASE NO. 4:24-CV-04722-YGR

Date: May 10, 2026                    MORRISON & FOERSTER LLP

                                      */s/ William Frentzen*
                                      JORDAN ETH (CA SBN 121617)
                                      JEth@mofo.com
                                      WILLIAM FRENTZEN (CA SBN 343918)
                                      WFrentzen@mofo.com
                                      DAVID J. WIENER (CA SBN 291659)
                                      DWiener@mofo.com
                                      MORRISON & FOERSTER LLP
                                      425 Market Street
                                      San Francisco, CA 94105
                                      Telephone:    (415) 268-7000
                                      Facsimile:    (415) 268-7522

                                      WILLIAM SAVITT (admitted *pro hac vice*)
                                      WDSavitt@wlrk.com
                                      BRADLEY R. WILSON (admitted *pro hac vice)*
                                      BRWilson@wlrk.com
                                      SARAH K. EDDY (admitted *pro hac vice)*
                                      SKEddy@wlrk.com
                                      RANDALL W. JACKSON (admitted *pro hac vice*)
                                      RWJackson@wlrk.com
                                      STEVEN WINTER (admitted *pro hac vice*)
                                      SWinter@wlrk.com
                                      NATHANIEL CULLERTON (admitted *pro hac vice*)
                                      NDCullerton@wlrk.com
                                      WACHTELL, LIPTON, ROSEN & KATZ
                                      51 West 52nd Street
                                      New York, NY 10019
                                      Telephone:    (212) 403-1000
                                      Facsimile:    (212) 403-2000

                                      *Attorneys for the OpenAI Defendants*

3