JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted *pro hac vice*)
RWJackson@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,*
*OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
*OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
*OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
*OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
*OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
*OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
*OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
*OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
*Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **OPENAI DEFENDANTS' MEMORANDUM OF LAW REGARDING SCOPE OF DR. ZICO KOLTER'S TESTIMONY** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | Judge:  Hon. Yvonne Gonzalez Rogers |

The OpenAI Defendants respectfully submit this memorandum of law regarding the permissible scope of Dr. Zico Kolter's testimony and cross-examination.  The OpenAI Defendants are only seeking that the Court confirm what Plaintiff has already agreed to—that specific instances of safety issues are not relevant or appropriate for this trial.

Dr. Kolter is an independent director on OpenAI Foundation's board of directors and chair of the board's Safety & Security Committee. He also serves as a nonvoting observer on the PBC's board of directors.  Dkt. 431 at 8.

The OpenAI Defendants intend to call Dr. Kolter for a single, narrow purpose: to provide brief testimony concerning OpenAI's safety governance and procedures in response to the AI safety themes Plaintiff has introduced in this trial, including criticism that OpenAI has become less dedicated to safety over time and that the company and board are insufficiently dedicated to safety governance.  The OpenAI Defendants expect his direct testimony to last no more than 20 minutes, and likely less.  Consistent with this Court's prior related rulings, Dr. Kolter's discrete testimony on direct should not open the door to an unrelated, prejudicial, and time-consuming detour on cross-examination into specific alleged OpenAI safety incidents, pending litigation or investigations regarding the same, or speculation about catastrophic risks.

The Court has already drawn this line. During argument over safety-related cross-examination of Mr. Musk, the Court held that there may be "some measure" of examination on safety where a party introduces that as an issue, but also made clear the trial would not get "into the specifics of anybody's particular product" under Federal Rule of Evidence 403.  Trial Tr. vol. 3, 611:22-612:10.  The Court has also explained that "this is not a trial on the safety risks of artificial intelligence."  Trial Tr. vol. 4, 663:19-20.  Plaintiff's counsel, Mr. Molo, also represented to the Court that this trial would not delve into "specific safety issues" (*Id.* at 665:18), and made the same representation to the OpenAI Defendants' counsel in a separate conversation.  At the time counsel made those representations, he knew that Dr. Kolter would be a witness for the OpenAI Defendants. Based on the Court's prior ruling and counsel's representation, OpenAI did not probe into specific safety incidents at xAI during Mr. Musk's examination.

OPENAI DEFENDANTS' MEMORANDUM OF LAW RE SCOPE OF DR. KOLTER'S TESTIMONY
CASE NO. 4:24-CV-04722-YGR

The same guidelines should apply to Dr. Kolter. Mr. Musk was allowed to testify to his views of the potential dangers of AI.  Trial Tr. vol. 2, 336:15-338:11, 348:5-349:19.  Plaintiff was permitted to call Dr. Russell as a general AI safety expert.  Plaintiff has also used testimony by former OpenAI board members to allege concerns about OpenAI's safety governance and has suggested that OpenAI's directors lack sufficient safety expertise.  And Plaintiff called a former employee in an effort to criticize OpenAI's safety-related focus. (*See* Trial Tr. vol. 9, 1595 (Campbell)). The OpenAI Defendants are entitled to respond with concise testimony from Dr. Kolter, a safety expert on OpenAI's board, to rebut Plaintiff's assertions.

Allowing Plaintiff to cross-examine Dr. Kolter on specific alleged safety incidents and alleged harms would create an improper mini-trial on collateral issues and go beyond the scope of the direct.  Rule 403 and Ninth Circuit authority forbid that result.  *See Kaffaga* v. *Est. of Steinbeck*, 938 F.3d 1006, 1016 (9th Cir. 2019) (affirming evidentiary limits where witness answers on cross were "properly stricken as beyond the scope of direct"); *see also Est. of Elkins* v. *Pelayo*, 2023 WL 9020556, at *3 (9th Cir. Dec. 29, 2023) (upholding exclusion of outside incidents where admission would create unfair prejudice, issue confusion, and a "mini-trial"); *Bearchild* v. *Pasha*, 2023 WL 4117405, at *1-2 (9th Cir. June 22, 2023) (affirming exclusion of prior incident evidence under Rule 403 where admission "would have opened the door to collateral issues").

Accordingly, the OpenAI Defendants respectfully request that the Court confirm the following limiting order before Dr. Kolter testifies: Plaintiff may not inquire into specific alleged OpenAI safety incidents, particular product incidents, pending or ongoing litigation, or third-party allegations, investigations, press reports concerning such matters, or discussions of catastrophic risk of AI in general.  This limitation permits fair cross-examination while preserving the Court's Rule 403 boundary and preventing Plaintiff from turning a 20-minute response to Plaintiff's allegations of insufficient safety governance, allocation of resources, and expertise at OpenAI into a collateral trial about matters not at issue.

Date: May 11, 2026

MORRISON & FOERSTER LLP

/s/ *William Frentzen*

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice)*
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice)*
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted *pro hac vice*)
RWJackson@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for the OpenAI Defendants*

3