JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted pro hac vice)
RWJackson@wlrk.com
STEVEN WINTER (admitted pro hac vice)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,
OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,
OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,
OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,
OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,
OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,
OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,
OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,
OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,
Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **OPENAI DEFENDANTS' REQUEST FOR A CURATIVE INSTRUCTION** |
| v. | |
| SAMUEL ALTMAN, et al., | Judge:  Hon. Yvonne Gonzalez Rogers |
| Defendants. | |

Lead counsel for Plaintiff Elon Musk used today's cross examination of Sam Altman as a vehicle to present the jury with a parade of unsubstantiated allegations against Mr. Altman sourced to news articles and purported statements by third parties who will not testify at this trial. Worse still, counsel falsely insinuated that Mr. Altman had recently received an "inquiry" from the U.S. Senate relating to testimony he provided to a Senate subcommittee in May 2023. To level the playing field and mitigate the prejudice caused by opposing counsel's unfair questioning based on hearsay accusations that Mr. Altman could not fairly confront or respond to, the OpenAI Defendants respectfully request that this Court provide a curative instruction that makes clear that Mr. Altman did not receive any letter from Congress suggesting that Mr. Altman had provided untruthful testimony regarding his equity interest in OpenAI.

This motion is necessitated by the actions of Plaintiff's lead counsel. During this morning's trial session, opposing counsel cross-examined Mr. Altman, over repeat objections, based on a litany of unproven and untestable hearsay allegations. For example, Mr. Altman was questioned about purported claims in a *New Yorker* article and alleged hearsay statement from former OpenAI employees (now competitors at Anthropic). Mr. Molo then went on to make unfounded allegations that Mr. Altman had made false statements in SEC filings unrelated to Mr. Altman's time at OpenAI. *See, e.g.,* Trial Tr. vol. 11, 2092:1-13.

Most egregiously, after accusing Mr. Altman of falsely testifying to the Senate Judiciary Committee in May 2023 that he has no equity in OpenAI—testimony that was both truthful and consistent with Mr. Altman's testimony at this trial—opposing counsel asked Mr. Altman: "You've been recently asked for information from a different [Senate[1]] inquiry; is that right?" Trial Tr. vol. 11, 2093:17-18. Counsel then asked: "Are you going to notify the United States Senate that your testimony . . . was not truthful when you said, 'I have no equity in OpenAI'? *Id.* at 2093:22-25. After Mr. Altman responded, "I don't agree with that characterization, but we will certainly reply to whatever information they want," opposing counsel asked, "Absent that inquiry, would you write the United States Senate after today and say, I was wrong when I said that I have

---

[1] The trial transcript's reference to "set of inquiry" reflects a typographical error. As will be clear from the audio recording, Mr. Musk's counsel used the word "Senate."

no equity, I wasn't truthful." *Id.* at 2094:1-5.

The unmistakable purpose of this line of questioning was to give jurors the impression that, in recent days, the U.S. Senate contacted Mr. Altman to inquire about his supposedly false testimony to the Judiciary Committee three years ago. But none of that is true: The "inquiry" that Mr. Musk's counsel was referring to was a May 8, 2026 letter from the House Committee on Oversight and Government Reform, *see* Exhibit A, and as the Court will see, that letter does not even reference Mr. Altman's 2023 testimony—much less suggest that it was false or misleading. Counsel's suggestion that the United States Senate had written a letter seeking information about Mr. Altman's 2023 testimony was thus sheer invention, with no grounding in fact whatever. Counsel did not show the source of his questions to Mr. Altman, to the Court, or to opposing counsel – and did not provide it in a binder or otherwise despite the Court's practice during trial. And then counsel misrepresented it when no one else could review it.

It is not clear whether Mr. Musk's counsel asked these questions in good faith, but there can be no question that asking them was an attempt to unfairly prejudice Mr. Altman's credibility in the eyes of the jury. Accordingly, the OpenAI Defendants request that the Court provide the following curative instruction:

> Yesterday, during Mr. Altman's testimony, Mr. Molo suggested that Mr. Altman had received a letter from the U.S. Senate regarding testimony Mr. Altman gave to the Senate in May 2023 regarding his lack of equity in OpenAI. No such letter was ever sent to Mr. Altman, and you should disregard Mr. Molo's suggestion that Mr. Altman received a letter from Congress questioning the veracity of his 2023 testimony.

OPENAI DEFENDANTS' REQUEST FOR A CURATIVE INSTRUCTION
CASE NO. 4:24-CV-04722-YGR

Date: May 12, 2026

MORRISON & FOERSTER LLP

/s/ *William Frentzen*

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:     (415) 268-7000
Facsimile:     (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice)*
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice)*
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted *pro hac vice*)
RWJackson@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:     (212) 403-1000
Facsimile:     (212) 403-2000

*Attorneys for the OpenAI Defendants*

3