Brandon Michael Hayes
159 Indian Hill Street
West Newbury, MA 01985
brandon@hayeshaus.com
(617) 438-2049



FILED

MAY 13 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

May 12, 2026

Clerk of Court
United States District Court
Northern District of California
Oakland Clerk's Office
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street, Suite 400S
Oakland, CA 94612

Re: Musk v. Altman et al., No. 4:24-cv-04722-YGR

Dear Clerk:

Enclosed for lodging and filing consideration are the following documents submitted by Brandon Michael Hayes, appearing pro se and identifying himself as President of the Natural Law Institute:

1. Motion for Leave to File Brief as Amicus Curiae;
2. Administrative Motion for Expedited Consideration of Motion for Leave to File Brief as Amicus Curiae;
3. [Proposed] Brief of Amicus Curiae Brandon Michael Hayes in Support of Decisional Compression, Public-Benefit Warranty, Structural Accounting, and Remedial Clarity;
4. [Proposed] Order Granting Motion for Leave to File Brief as Amicus Curiae;
5. [Proposed] Order; and
6. Certificate of Service.

Movant respectfully requests that any order, notice, deficiency notice, or other communication concerning these papers be sent to the email and mailing address listed above. If available for a nonparty amicus applicant, movant also respectfully requests association of his PACER/CM-ECF account or email address for notice purposes in this matter, or such other notice method as the Clerk deems lawful and administratively proper.

Respectfully submitted,

/s/ Brandon Michael Hayes

Brandon Michael Hayes
President, Natural Law Institute
159 Indian Hill Street
West Newbury, MA 01985
brandon@hayeshaus.com
(617) 438-2049



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

ELON MUSK, individually and derivatively
on behalf of OPENAI, INC., et al.,

    Plaintiffs,

v.

SAMUEL ALTMAN, et al.,

    Defendants.

Case No. **4:24-cv-04722-YGR**

Assigned to: Hon. Yvonne Gonzalez Rogers
Referred to: Magistrate Judge Thomas S. Hixson

---

**MOTION OF BRANDON MICHAEL HAYES FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**
**IN SUPPORT OF DECISIONAL COMPRESSION, PUBLIC-BENEFIT WARRANTY, STRUCTURAL ACCOUNTING, AND REMEDIAL CLARITY**

---

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Brandon Michael Hayes, appearing pro se and as President of the Natural Law Institute, respectfully moves for leave to file the attached brief as amicus curiae.

This case no longer lacks public attention. The docket reflects participation by parties, counter-parties, governmental actors, charitable-trust authorities, AI-safety amici, third parties, affiliated entities, and competing institutional interests. That breadth confirms that the dispute exceeds ordinary private litigation.

But breadth is not settlement. The present procedural density creates a separate adjudicative risk: that the governing legal defect may disappear beneath entity structure, counterclaims, discovery conflict, outside participation, and remedial complexity.

Amicus therefore does not seek to add another stakeholder preference. Amicus seeks to assist the Court by offering decisional compression: a narrow legal framework through which the Court may state the public rule exposed by the case without adopting either party's full narrative.

1



The question is whether public-benefit representations used to induce trust, labor, capital, data access, legitimacy, charitable tolerance, regulatory tolerance, or market advantage carry enforceable duties once those representations confer material advantage.

Amicus does not seek to enlarge the pleadings, introduce evidence, delay trial, disturb the parties' presentations, or assert party rights. Amicus seeks only to assist the Court in framing a narrow remedial and structural question made unavoidable by the record: whether nonprofit, charitable, open, safe, aligned, or humanity-serving representations are legally meaningful when they induce reliance, or whether they may be treated as non-binding rhetoric once value, custody, and control have shifted.

The attached proposed brief offers a framework independent of either side's preferred factual narrative: public-benefit inducement must carry warranty. It identifies five administrable remedial inquiries that may assist the Court if liability is found and structural relief becomes necessary: custody, purpose, transfer, downside, and remedy.

This framework does not ask the Court to manage the artificial-intelligence industry, prohibit profit, or decide policy in the abstract. It asks the Court to preserve a rule fit for judicial use: public-benefit language that materially induces reliance and confers advantage must carry enforceable duties of disclosure, accounting, and correction.

For these reasons, movant respectfully requests leave to file the attached brief of amicus curiae.

---

Respectfully submitted,

/s/ Brandon Michael Hayes

Brandon Michael Hayes
President, Natural Law Institute
159 Indian Hill Street
West Newbury, MA 01985
brandon@hayeshaus.com
(617) 438-2049

Dated: May 12, 2026

---

---

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**ELON MUSK**, individually and derivatively
on behalf of OPENAI, INC., et al.,

     Plaintiffs,

v.

**SAMUEL ALTMAN**, et al.,

     Defendants.

Case No. **4:24-cv-04722-YGR**

Assigned to: Hon. Yvonne Gonzalez Rogers
Referred to: Magistrate Judge Thomas S. Hixson

---

**ADMINISTRATIVE MOTION FOR EXPEDITED CONSIDERATION**
**OF MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**

---

Brandon Michael Hayes, appearing pro se and as President of the Natural Law Institute, respectfully requests expedited consideration of his concurrently filed Motion for Leave to File Brief as Amicus Curiae.

Good cause exists. Trial is underway, and the case has entered a posture in which liability, equitable relief, structural remedy, and public consequence may converge on a compressed schedule.

The proposed amicus brief does not seek to expand the pleadings, introduce evidence, reopen proof, delay proceedings, or burden the parties with collateral factual disputes. It offers a narrow legal and remedial framework directed to a question already exposed by the record: whether material public-benefit representations that induced reliance and conferred advantage are legally consequential or legally empty.

1

The proposed brief is short, self-contained, and aimed at decisional compression and remedial clarity. If the Court finds any liability warranting structural or equitable relief, the brief identifies five concrete inquiries that may assist the Court in shaping findings and relief: custody, purpose, transfer, downside, and remedy.

Expedited consideration is warranted because the usefulness of the proposed amicus brief depends on the Court receiving the framework before liability findings, remedial findings, or equitable relief are fixed. The brief is designed to assist the Court without disrupting the parties' trial presentation.

Movant has not sought a stipulation because he is a nonparty appearing pro se and seeks only leave to be heard in a limited amicus capacity on an issue of public significance, decisional compression, and remedial clarity.

For these reasons, movant respectfully asks the Court to consider the Motion for Leave to File Brief as Amicus Curiae on an expedited basis.

---

Respectfully submitted,

/s/ Brandon Michael Hayes

Brandon Michael Hayes
President, Natural Law Institute
159 Indian Hill Street
West Newbury, MA 01985
brandon@hayeshaus.com
(617) 438-2049

Dated: May 12, 2026

---

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

ELON MUSK, individually and derivatively
on behalf of OPENAI, INC., et al.,

    Plaintiffs,

v.

SAMUEL ALTMAN, et al.,

    Defendants.

Case No. **4:24-cv-04722-YGR**

Assigned to: Hon. Yvonne Gonzalez Rogers
Referred to: Magistrate Judge Thomas S. Hixson

---

**[PROPOSED] BRIEF OF AMICUS CURIAE BRANDON MICHAEL HAYES
IN SUPPORT OF NEITHER PARTY, BUT
IN SUPPORT OF DECISIONAL COMPRESSION, PUBLIC-BENEFIT WARRANTY,
STRUCTURAL ACCOUNTING, AND REMEDIAL CLARITY**

---

## INTEREST OF AMICUS

Brandon Michael Hayes appears pro se and is President of the Natural Law Institute. Amicus studies lawful settlement, institutional duty, public representations, and the relationship between inducement, reliance, custody, and remedy.

Amicus submits this brief because the docket's breadth confirms public consequence while also creating the risk that no clean legal rule will survive the procedural mass. This case no longer lacks public attention. It lacks decisional compression.

Amicus does not seek to enlarge the pleadings, introduce evidence, delay proceedings, disturb trial presentation, or assert party rights. Amicus offers a narrow structural framework for the Court's consideration if liability is found and remedy becomes the governing question.

---

## SUMMARY OF ARGUMENT

1

The Court has heard many interests. It now requires a rule.

This case should produce more than a private winner. It should clarify whether public-benefit representations carry enforceable duties when they induce reliance and confer advantage.

A representation that an institution is nonprofit, charitable, open, safe, aligned, or humanity-serving is not merely decorative when used to recruit labor, attract capital, lower resistance, gain regulatory tolerance, secure legitimacy, or induce public trust. Such language performs economic and legal work. If it performs work, it must carry consequence.

The danger now is not that the Court lacks information; it is that the record has become so crowded with information, interests, entities, and leverage that the governing rule may disappear.

The Court need not choose between being anti-profit and being indifferent to camouflage. The question is narrower: whether public-benefit language may be used to obtain trust and advantage while remaining legally empty once custody, control, and upside shift.

The necessary compression is simple:

Public-benefit inducement must carry warranty.

---

**ARGUMENT**

**I. PROCEDURAL BREADTH CONFIRMS PUBLIC CONSEQUENCE, BUT DOES NOT ITSELF PRODUCE SETTLEMENT**

The breadth of this case confirms that the dispute exceeds ordinary private litigation. The docket reflects participation by founders, competitors, affiliated entities, counterclaimants, governmental actors, charitable-trust authorities, AI-safety amici, third parties, and institutional interests.

But breadth is not settlement. A crowded record can expose public consequence while still failing to produce a usable public rule.

The Court should therefore reduce the case to the narrow legal defect capable of decision: whether public-benefit representations used to induce reliance and confer advantage carry enforceable duties when value, custody, control, and upside later shift.

Existing parties dispute who should win. Existing amici address public consequence. This brief addresses decisional architecture.

---

**II. PUBLIC-BENEFIT REPRESENTATIONS ARE MATERIAL INDUCEMENTS**

2

Representations of nonprofit, charitable, open, safe, aligned, or humanity-serving purpose influence donors, workers, researchers, users, regulators, counterparties, investors, and the public.

They alter conduct. They attract labor. They gather capital. They secure legitimacy and tolerance. They lower resistance. They invite reliance.

They therefore operate as material inducements when they are used to obtain reliance and advantage.

Where such representations perform economic, legal, institutional, or public-trust work, they cannot be treated as decorative speech after the advantage has been obtained.

---

## III. MATERIAL INDUCEMENTS MUST CARRY CORRESPONDING DUTIES

Where material representations induce reliance and confer advantage, the law should not permit those representations to become legally empty once their work is done.

At minimum, public-benefit inducement should carry corresponding duties concerning:

Custody — who controls models, data, IP, compute, governance, licensing, deployment, and economic rights;

Purpose — what the institution or system is operationally designed to do, not merely what its branding says;

Transfer — what value moved from charitable, nonprofit, mission-constrained, or public-trust status into private or opaque control;

Downside — who bears risks, harms, externalities, and public burdens; and

Remedy — what disclosure, accounting, restitution, disgorgement, clawback, injunction, or non-recurrence condition follows.

These inquiries do not require the Court to manage an industry. They allow the Court to identify whether representations that induced reliance remained faithful to the duties those representations created.

---

## IV. THE COURT NEED NOT UNWIND AN INDUSTRY TO STATE THE RULE

The Court need not invent an anti-profit rule. The Court need only recognize that public-benefit inducement cannot be used to privatize upside, socialize downside, and conceal custody.

That rule does not require the Court to manage the artificial-intelligence industry. It requires only that the Court preserve a legally intelligible distinction between representations that are materially operative and representations that are legally empty.

If liability is found, the Court can apply ordinary equitable and structural tools without adopting either party's entire narrative. Those tools may include accounting, disclosure, transfer scrutiny, fiduciary correction, restitution, disgorgement, injunctive restraint, and non-recurrence conditions.

The remedy should prevent recurrence, not merely reallocate advantage.

---

## V. REMEDY SHOULD PREVENT RECURRENCE

A money judgment alone can become elite rearrangement. Structural findings can become public settlement.

This case has exposed a narrow but important public question: whether institutions may invoke public-benefit representations to obtain trust and advantage, then disclaim those representations once value and control have shifted.

If the answer is yes, the law licenses inducement without warranty.

If the answer is no, the Court can preserve a rule capable of review, repetition, and lawful reuse.

---

## PROPOSED RULE

Where an entity invokes nonprofit, charitable, open, safe, aligned, or humanity-serving representations to induce reliance, obtain assets, attract labor, secure legitimacy, receive charitable or regulatory tolerance, or confer material advantage, those representations are legally consequential and require disclosure and accountability concerning custody, purpose, transfer, downside, and remedy.

Public-benefit language that materially induces reliance and confers advantage must carry enforceable duties of disclosure, accounting, and correction.

---

## CONCLUSION

4

5

This filing does not ask the Court to choose a billionaire. It asks the Court to preserve a rule:

Public-benefit language used to obtain trust and advantage must carry warranty, or the law has licensed inducement without duty.

---

Respectfully submitted,

/s/ Brandon Michael Hayes

Brandon Michael Hayes
President, Natural Law Institute
159 Indian Hill Street
West Newbury, MA 01985
brandon@hayeshaus.com
(617) 438-2049

Dated: May 12, 2026

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

ELON MUSK, individually and derivatively
on behalf of OPENAI, INC., et al.,

    Plaintiffs,

v.

SAMUEL ALTMAN, et al.,

    Defendants.

Case No. **4:24-cv-04722-YGR**

Assigned to: Hon. Yvonne Gonzalez Rogers
Referred to: Magistrate Judge Thomas S. Hixson

---

**[PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO FILE
BRIEF AS AMICUS CURIAE**

---

The Motion of Brandon Michael Hayes for Leave to File Brief as Amicus Curiae came on for consideration. Good cause appearing, the motion is GRANTED.

The Clerk is directed to file the proposed brief attached to the motion as the Brief of Amicus Curiae Brandon Michael Hayes in Support of Decisional Compression, Public-Benefit Warranty, Structural Accounting, and Remedial Clarity.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

---

1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**ELON MUSK**, individually and derivatively
on behalf of OPENAI, INC., et al.,

      Plaintiffs,

v.

**SAMUEL ALTMAN**, et al.,

      Defendants.

Case No. **4:24-cv-04722-YGR**

Assigned to: Hon. Yvonne Gonzalez Rogers
Referred to: Magistrate Judge Thomas S. Hixson

---

**[PROPOSED] ORDER**

---

The Court has reviewed the Motion of Brandon Michael Hayes for Leave to File Brief as Amicus
Curiae.

[ ] GRANTED. The Clerk is directed to file the proposed brief attached to the motion as the
Brief of Amicus Curiae Brandon Michael Hayes.

[ ] DENIED.

**IT IS SO ORDERED.**

Dated: _____

---

HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

---

1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**ELON MUSK**, individually and derivatively
on behalf of OPENAI, INC., et al.,

     Plaintiffs,

v.

**SAMUEL ALTMAN**, et al.,

     Defendants.

Case No. **4:24-cv-04722-YGR**

Assigned to: Hon. Yvonne Gonzalez Rogers
Referred to: Magistrate Judge Thomas S. Hixson

---

**CERTIFICATE OF SERVICE**

---

I, Brandon Michael Hayes, certify that on __MAY 12__, 2026, I submitted or caused
to be submitted the following documents for filing and notice in Musk v. Altman et al., Case No.
4:24-cv-04722-YGR:

1. Motion for Leave to File Brief as Amicus Curiae;
2. Administrative Motion for Expedited Consideration of Motion for Leave to File Brief as
Amicus Curiae;
3. [Proposed] Brief of Amicus Curiae Brandon Michael Hayes in Support of Decisional
Compression, Public-Benefit Warranty, Structural Accounting, and Remedial Clarity;
4. [Proposed] Order Granting Motion for Leave to File Brief as Amicus Curiae; and
5. [Proposed] Order.

The filing package was submitted to the Clerk of Court for the United States District Court for
the Northern District of California, Oakland Division.

1

Courtesy copies were also transmitted or are being transmitted by physical delivery or mail to:

Clerk of Court
United States District Court
Northern District of California
Oakland Clerk's Office
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street, Suite 400S
Oakland, CA 94612

xAI LLC / X.AI Corp.
Attn: Legal Operations Team
1450 Page Mill Road
Palo Alto, CA 94304

Marc Toberoff
Toberoff and Associates, P.C.
23823 Malibu Road
Suite 50-363
Malibu, CA 90265

Jordan Eth
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

William Savitt
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019

Courtesy electronic notice was also transmitted to lead counsel and additional docket-listed counsel at email addresses appearing on the public docket, including counsel for Plaintiffs Elon Musk, Shivon Zilis, and X.AI Corp.:

Marc Toberoff — mtoberoff@toberoffandassociates.com
Alexandra C. Eynon — aeynon@mololamken.com
Eric R. Nitz — enitz@mololamken.com
Jennifer Schubert — jschubert@mololamken.com
Joshua David Bloom — jbloom@mololamken.com

2

Robert Kry — rkry@mololamken.com
Sara Tofighbakhsh — stofighbakhsh@mololamken.com
Steven F. Molo — smolo@mololamken.com
Walter H. Hawes IV — whawes@mololamken.com
Jordan Eth — jeth@mofo.com
William Savitt — Wdsavitt@wlrk.com
David Jeremy Wiener — dwiener@mofo.com

Additional courtesy copies may be transmitted to other docket-listed counsel for Defendants, Counterclaimants, Counterdefendants, amici, and miscellaneous docket participants at the email addresses listed on the public docket for this action.

Transmission records and mailing records are preserved for record integrity.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 12, 2026, at West Newbury, Massachusetts.


/s/ Brandon Michael Hayes

Brandon Michael Hayes
President, Natural Law Institute
159 Indian Hill Street
West Newbury, MA 01985
brandon@hayeshaus.com
(617) 438-2049

_____
_____

3

# PRIORITY MAIL EXPRESS®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.

**UNITED STATES POSTAL SERVICE.**  *Retail*

**E**

## US POSTAGE PAID
**$35.90**

Origin: 01922
05/12/26
2410540922-12

**PRIORITY MAIL EXPRESS®**

BRANDON HAYES
159 INDIAN HILL ST
WEST NEWBURY MA 01985-2228

0 Lb 3.90 Oz

**RDC 07**

SIGNATURE REQUIRED

SCHEDULED DELIVERY DAY: 05/13/26 06:00 PM

C037

SHIP TO:
US DISTRICT
NORTHERN DISTRICT COURT OF CA
STE 400S
1301 CLAY ST
OAKLAND CA 94612-5225

**USPS SIGNATURE® TRACKING #**

9581 7114 0402 6132 0465 70

---

**UNITED STATES POSTAL SERVICE ®**  |  **PRIORITY MAIL EXPRESS®**

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)    PHONE (    )

*Brandon Hayes*
*159 Indian Hill St*
*West Newbury MA 01985*

**DELIVERY OPTIONS (Customer Use Only)**

SIGNATURE REQUIRED *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.*

TO: (PLEASE PRINT)   *Clerk of Court*  PHONE (    )
*US District Court*
*Northern District of CA*
*Oaklands Clerk's office*
*Ronald V. Dellums Federal Building & US courthouse*
*1301 Clay St, Suite 400S*
*Oakland, CA*

ZIP + 4® (U.S. ADDRESSES ONLY)
*9 4 6 1 2 -*

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance included.

⟵ **PEEL FROM THIS CORNER**

EP13F October 2023
OD: 12 1/2 x 9 1/2

PAPER POUCH
how2recycle.info

---

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

**ONE RATE ■ ANY WEIGHT**

RECEIVED
MAY 13 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10001000006