JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted *pro hac vice*)
RWJackson@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,*
*OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,*
*OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,*
*OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,*
*OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,*
*OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,*
*OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,*
*OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,*
*OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,*
*Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **OPENAI DEFENDANTS' MOTION TO PRECLUDE AND STRIKE DR. WAZZAN'S TESTIMONY** |
| v. | |
| SAMUEL ALTMAN, et al., | Judge:  Hon. Yvonne Gonzalez Rogers |
| Defendants. | |

Plaintiff has repeatedly switched his theory of the case and injected chaos into these proceedings.  Largely, this is because Plaintiff has no cohesive theory of recovery that makes any sense.

In yet another effort to completely recast his case, Plaintiff's "wrongful gains" expert now seeks to change his analysis to one different from the position he took in his report and through his deposition.  The Court should not allow the gamesmanship and inconsistent positions to continue any longer.  The OpenAI Defendants respectfully move to preclude Plaintiff from eliciting, and to strike, any testimony from Plaintiff's expert Dr. C. Paul Wazzan that purports to attribute or quantify any alleged wrongful gain to OpenAI's for-profit entity, OpenAI Group PBC.

Plaintiff's expert is transparently seeking to recharacterize his opinions to align with Plaintiff's eve-of-trial amended notice of remedies.  *See* Dkt. 459.  That amendment fundamentally changed the nature of the relief that Plaintiff seeks and would require Dr. Wazzan to shift from his disclosed theory, which targeted the nonprofit and the nonprofit alone, to a theory that could support a request for relief against the for-profit.

Plaintiff cannot at this stage retrofit Dr. Wazzan's expert opinions to align with Plaintiff's new remedial theory.  But Paragraph 121 of Dr. Wazzan's written direct testimony—first disclosed to the OpenAI Defendants yesterday afternoon, **after trial ended**—attempts to do just that:

> "My range of $65.5 billion to $109.4 billion represents the portion of the OpenAI ***for-profit's*** value that is attributable to Mr. Musk's contributions. I express no opinion on whether those wrongful gains should be disgorged from the OpenAI for-profit or from the OpenAI nonprofit."  Dkt. 542 at ¶ 121.

This testimony should be excluded because it was not disclosed in Dr. Wazzan's expert report and because it directly contradicts answer after answer that Dr. Wazzan gave at deposition. It was clear from Dr. Wazzan's report that he had calculated disgorgement based on the **nonprofit** allegedly being the OpenAI entity that was unjustly enriched, and Dr. Wazzan confirmed this at his deposition.  He testified explicitly and repeatedly that his analysis attempted to calculate the purported wrongful benefit obtained by the nonprofit.  For example:

> Q. Sitting here today, do you have an opinion one way or the other as to whether or not the OpenAI nonprofit has wrongfully benefitted?
> A. Yeah, I mean, they -- the nonprofit has benefitted -- the nonprofit is the residual claimant, so they have benefitted from the creation of the for-profit.
> Q. Has the OpenAI nonprofit benefitted wrongfully?
> A. I believe so, yes.
> Q. Okay. So according to your analysis, if Mr. Musk prevails and the Court adopts your analysis, OpenAI nonprofit should be paying back some of the wrongful gains that you analyze; is that correct?
> A. Some portion of their economic interests would transfer to Musk, yes.

Wazzan Dep. 68:9-18.

Dr. Wazzan also confirmed that *all* of the claimed wrongful gain identified in his analysis was a gain by the nonprofit:

> Q. According to your analysis, what portion of that $87 billion wrongful gain is a gain by the OpenAI nonprofit?
> A. All of it.

*Id*. at 70:16-23.

Dr. Wazzan further admitted at his deposition that he had not undertaken any analysis showing that any OpenAI Defendant other than the nonprofit wrongfully profited from the alleged misconduct. *See id.* at 182:12-183:7. He also expressly conceded that he had not performed any analysis of Mr. Musk's relative contribution to the for-profit's value. *See id*. at 85:13-18. Dr. Wazzan cannot now recharacterize his analysis to contemplate possible wrongful gains by a completely different entity—the for-profit PBC.

Permitting Dr. Wazzan to offer this different testimony for the first time in his written direct examination would be fundamentally unfair, violate the OpenAI Defendants' rights under Federal Rule of Civil Procedure 26, and circumvent this Court's pretrial disclosure requirements.

Rule 26 requires that an expert's written report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Where an expert's trial testimony goes beyond the opinions disclosed in the report or contradicts the expert's deposition testimony, it must be excluded under Rule 37(c)(1). *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1051–52 (9th Cir. 2025).

The Court has consistently explained and enforced these boundaries throughout this trial. *See* Apr. 17 Hr'g Tr. 21:2-4 ("[Dr. Wazzan] cannot testify beyond the scope of his report"); *id*. at 25:22-23 ("I'm not going to allow [Dr. Wazzan] to testify beyond the scope of his report"); *id*. at 26:18–27:3 (explaining that if Dr. Wazzan's opinion is not in the report, "the objection is sustained, the testimony is stricken, and it will not be considered"); Trial Tr. vol. 4, 658:19-25 ("the expert [Dr. Wazzan] will not testify outside of the confines of their report and anything that was disclosed during their deposition.  If it wasn't disclosed, they cannot testify to it.").

Plaintiff has chosen to disregard the Court's orders by presenting a new and unsubstantiated opinion from Dr. Wazzan.  Dr. Wazzan served his expert report on October 29, 2025, and the OpenAI Defendants deposed him on December 5, 2025.  The OpenAI Defendants examined Dr. Wazzan based on the opinions disclosed in his report, and he confirmed at deposition that the alleged wrongful gain was a gain by the nonprofit, not by the for-profit. Wazzan Dep. 68:9-18, 70:16-23.  Plaintiff should not be permitted to use written direct testimony to introduce a different opinion.

The OpenAI Defendants therefore request that the Court strike Dr. Wazzan's testimony to the extent that it purports to calculate a purported "wrongful gain" by OpenAI Group PBC and that Plaintiff be precluded from eliciting this testimony from Dr. Wazzan at trial.

Date: May 15, 2026

MORRISON & FOERSTER LLP

/s/ *William Frentzen*

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice)*
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice)*
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted *pro hac vice*)
RWJackson@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for the OpenAI Defendants*

OPENAI DEFENDANTS' MOTION TO PRECLUDE AND STRIKE DR. WAZZAN'S TESTIMONY
CASE NO. 4:24-CV-04722-YGR