# EXHIBIT A

HIGHLY CONFIDENTIAL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | |
| Plaintiffs, | Case No. 4:24-cv-04722-YGR |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

## Expert Rebuttal Report of Professor Ilya A. Strebulaev

**November 24, 2025**

**HIGHLY CONFIDENTIAL**

into supporting the NFP.[24]

14. Dr. Wazzan's failure to perform his assignment is clearly demonstrated by the fact that his report assumes that Mr. Musk is entitled to the same recovery from OpenAI regardless of (a) which claims Mr. Musk prevails on, (b) which OpenAI Defendants are found to have engaged in wrongdoing, and (c) when that wrongdoing is determined to have occurred. It is also demonstrated by Dr. Wazzan's failure to estimate the amount of wrongful gains received by any specific OpenAI entities or individuals, which Dr. Wazzan attempts to mask by referring generally to "OpenAI's wrongful gains."[25]

15. Dr. Wazzan's "one-size-fits-all" approach ignores the possibility that Mr. Musk could prevail on some, but not all, of his claims. For example, despite acknowledging in his report that Mr. Musk became aware of OpenAI's intention to form a for-profit enterprise by no later than March 1, 2019, when OpenAI announced the formation of the For-Profit Subsidiary,[26] Dr. Wazzan's analysis does not attempt to disaggregate the portion of OpenAI's allegedly unjust enrichment that is attributable to Mr. Musk's contributions before and after that announcement.

16. In sum, Dr. Wazzan's analysis fails to provide a reliable estimate of specific wrongful gains attributable to any of the alleged wrongful acts.

### III. Dr. Wazzan's Methodology for Estimating Mr. Musk's Contributions to OpenAI's Value Is Conceptually Flawed and Unreliable and Yields Implausible Results

#### A. Dr. Wazzan's Methodology is Conceptually Flawed and Therefore Unreliable

17. Dr. Wazzan opines that OpenAI's alleged wrongful gains can be determined by calculating

---

[24] Putting aside the fact that measuring what Mr. Musk supposedly would have received but for the alleged wrongful acts is not a relevant measure of unjust enrichment, Dr. Wazzan's calculations would not even be an appropriate measure of compensatory damages because he fails to analyze what would have been different in the but for world in which Mr. Musk owned a large percentage of OpenAI. In particular, Dr. Wazzan (a) fails to establish that OpenAI would have been equally successful in that but for world and (b) fails to consider that Mr. Musk would have been unlikely to start his own AI venture in that but for world and thus would not have received the billions of dollars of value associated with his ownership in xAI.

On March 28, 2025, Mr. Musk announced that xAI acquired X in an all-stock transaction that valued xAI at $80 billion and X at $33 billion. See Elon Musk (@elonmusk), "@xAI has acquired @X in an all-stock transaction. The combination values xAI at $80 billion and X at $33 billion ($45B less $12B debt)…" X, March 28, 2025, 5:20pm ET, https://x.com/elonmusk/status/1905731750275510312.

[25] See e.g., Wazzan Report, ¶¶ 29, 115 and Exhibits 10-11 & 19.

[26] Wazzan Report, ¶¶ 21, 94-95.