MARC TOBEROFF (CA SBN 188547)
MToberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

STEVEN F. MOLO (*pro hac vice*)
ROBERT K. KRY (*pro hac vice*)
JENNIFER M. SCHUBERT (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160

*Attorneys for Plaintiffs Elon Musk
and X.AI Corp.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **PLAINTIFF'S RESPONSE RE: RULE 52 REQUIREMENTS** |
| v. | |
| SAMUEL ALTMAN, et al., | |
| Defendants. | |

Plaintiff respectfully submits this response to the Court's May 18, 2026, order on the record directing Plaintiff to provide his position on whether the Court should make further findings of fact and conclusions of law on the jury's advisory verdict. 5/15 Tr. 2694:14-16. Plaintiff's position is that the Court's existing findings and conclusions are sufficient to comply with Rule 52's requirements, provided that the Court expressly references its legal standards as required by Rule 52.

Rule 52 provides that, "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). "The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court." *Id.* Ninth Circuit law holds that "[t]he requirement that the district court find the facts specially and state

1

separately its conclusions of law must be fairly observed and may not be waived by the parties." *Swanson v. Levy*, 509 F.2d 859, 861 (9th Cir. 1975).

Under those principles, Plaintiff's position is that the Court's statements on the record are sufficient to comply with Rule 52, provided that the Court expressly states that its ruling is based on the same legal standards that are reflected in the instructions the Court provided to the advisory jury and that all objections are preserved. Rule 52(a) permits the Court to "state[ ] [the relevant findings] on the record" rather than including them in a separate written decision. Fed. R. Civ. P. 52(a)(1). The Court did that here by stating the basis for its decision on the record at trial. *See* 5/18 Tr. 2690:16-25, 2693:22-2695:2 (explaining that the decision was based on "the statute of limitations defense" and that "there's a substantial amount of evidence to support the jury's finding" of what Plaintiff "knew or should have known or did sufficient diligence to know").

Nonetheless, in light of Rule 52's requirements, the Court should note that its decision is based on the same legal standards that it provided to the advisory jury. Plaintiff understands that this was the Court's intent and requests that the Court enter the simple proposed order attached to avoid any potential Rule 52 issues.

Separately, as stated at the hearing, the Court should certify its decision on the advisory verdict for appeal under Rule 54(b). Under that Rule, "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P 54(b). That rule applies here because the Court has stayed proceedings on various "Phase II" claims that render the Court's judgment on the Phase I claims non-final for purposes of appeal. Dkt. 121 at 1; Dkt. 228 at 9.

No just reason for delay of the appeal exists. The Phase I claims are entirely separate from the Phase II claims, as this Court found in staying proceedings on the latter claims. Dkt. 228 at 9; *see Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015) (certification appropriate where "the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to [the court of appeals] on the same set of facts"). Moreover, the Court's Phase I ruling raises important issues of public policy that militate in favor of a prompt appeal. *See Pakootas v. Teck*

2

*Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018) (affirming certification where prompt appeal would advance statutory goals).  As the Court noted in bifurcating the litigation, the Phase I claims raise issues that "are allegedly more urgent in terms of public, not private, considerations." Dkt. 121 at 1.  The claims concern serious breaches of charitable trust that have gone unreviewed on the merits as a result of the statute of limitations ruling.  Those claims implicate important public policies that are not presented by the claims deferred to Phase II.

The Court should therefore enter a Rule 54(b) certification.  The Court should do so whether or not it chooses to stay the Phase II claims while the appeal is pending.  Even if the Court proceeds with the Phase II claims, the public interests underlying the Phase I claims warrant a prompt appeal at this time.

A proposed order is attached.

Dated:  May 19, 2026                                MOLOLAMKEN LLP

                                By:    */s/ Steven F. Molo*
                                       Steven F. Molo (*pro hac vice*)

3