JORDAN ETH (CA SBN 121617)
JEth@mofo.com
WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

WILLIAM SAVITT (admitted *pro hac vice*)
WDSavitt@wlrk.com
BRADLEY R. WILSON (admitted *pro hac vice*)
BRWilson@wlrk.com
SARAH K. EDDY (admitted *pro hac vice*)
SKEddy@wlrk.com
RANDALL W. JACKSON (admitted *pro hac vice*)
RWJackson@wlrk.com
STEVEN WINTER (admitted *pro hac vice*)
SWinter@wlrk.com
NATHANIEL CULLERTON (admitted *pro hac vice*)
NDCullerton@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 403-1000
Facsimile:    (212) 403-2000

*Attorneys for Defendants Samuel Altman, Gregory Brockman,
OpenAI, Inc., OpenAI L.P., OpenAI, L.L.C., OpenAI GP, L.L.C.,
OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC,
OpenAI Holdings, LLC, OpenAI Startup Fund Management, LLC,
OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P.,
OpenAI Startup Fund SPV GP I, L.L.C., OpenAI Startup Fund SPV GP II, L.L.C.,
OpenAI Startup Fund SPV GP III, L.L.C., OpenAI Startup Fund SPV GP IV, L.L.C.,
OpenAI Startup Fund SPV I, L.P., OpenAI Startup Fund SPV II, L.P.,
OpenAI Startup Fund SPV III, L.P., OpenAI Startup Fund SPV IV, L.P.,
Aestas Management Company, LLC, and Aestas LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ELON MUSK, et al., | Case No. 4:24-cv-04722-YGR |
| Plaintiffs, | **OPENAI DEFENDANTS' RESPONSE RE: RULE 52(a) AND RULE 54(b)** |
| v. | |
| SAMUEL ALTMAN, et al., | Courtroom:  1 – 4th Floor |
| Defendants. | Judge:  Hon. Yvonne Gonzalez Rogers |

The OpenAI Defendants respectfully submit this response to Plaintiff's submission regarding Federal Rules of Civil Procedure 52(a) and 54(b). Dkt. 577.

The OpenAI Defendants agree with Plaintiff that "the Court's existing findings and conclusions are sufficient to comply with Rule 52's requirements." *Id.* at 1. While the OpenAI Defendants do not believe it necessary for the Court to additionally "state[] that its ruling is based on the same legal standards that are reflected in the instructions the Court provided to the advisory jury," *id.* at 2, they have no objection to the Court doing so.[1]

The OpenAI Defendants oppose Plaintiff's request for a Rule 54(b) certification, which is available "only if the court expressly determines that there is no just reason for delay." Rule 54(b) judgments are "disfavored" and "reserved for the unusual case." *Morrison-Knudsen Co.* v. *Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *Sarmiento* v. *Fresh Harvest, Inc.*, 2022 WL 179685, at *2 (N.D. Cal. Jan. 20, 2022). Certification should be granted only upon demonstration of a "seriously important reason" for a piecemeal appeal. *Wood* v. *GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005). No such "important reason" has been offered here.

Plaintiff chose to file a lawsuit joining 26 causes of action into a single complaint. Given the "historic federal policy against piecemeal appeals," Musk should be held to his choice and pursue an appeal in the ordinary course—after final judgment on all of his claims. *Id.* at 878. The parties and the Court are capable of expeditiously litigating and adjudicating Plaintiff's Phase II claims—as they just demonstrated with respect to the Phase I claims. In fact, the parties have already fully briefed the Defendants' motions to dismiss the Phase II claims, which remain pending and would if granted result in the prompt disposition of Plaintiff's remaining claims. Dkt. 103, 128, 150. The OpenAI Defendants should not be required to expend time and resources "detouring to the court of appeals for a piecemeal resolution of but one sliver of the case." *Jewel* v. *NSA*, 810

---

[1] Because the Court has already dismissed the breach of charitable trust and unjust enrichment claims, Trial Tr. 2690:17-22, and Plaintiff has agreed that the Court's findings and conclusions were sufficiently "stated on the record," Fed. R. Civ. P. 52(a)(1), the OpenAI Defendants understand the Court's pretrial order (Dkt. 477) directing the parties to submit proposed findings of fact and conclusions of law by this Thursday, May 21, 2026 to be now moot. Should it be of use to the Court to receive proposed findings and conclusions, the OpenAI Defendants would be pleased to submit them promptly.

F.3d 622, 631 (9th Cir. 2015).

Nor is there any merit to Plaintiff's arguments for certification. Musk contends that the recently tried claims "are entirely separate from the Phase II claims." Dkt. 577 at 2. This is not accurate. While the two sets of claims concern different types of allegations, some of the Phase II claims explicitly rely on facts that were at the core of the completed trial. *E.g.*, Dkt. 170 (Second Amended Complaint) ¶¶ 318(c) (Sherman Act claim based in part on "transferring OpenAI, Inc.'s [assets] to the For-Profit Entities"), 371 (UCL claim based in part on "soliciting contributions from Musk and others under the false pretense that such funds would be used for the non-profit's purposes"). This overlap increases the odds that the Ninth Circuit would have to revisit the same facts in a later appeal, which strongly counsels against certification. *See Wood*, 422 F.3d at 882 ("The greater the overlap the greater the chance that this court will have to revisit the same facts—spun only slightly differently—in a successive appeal.").

Plaintiff also argues that a piecemeal appeal is urgently needed because his breach of charitable trust claim raises "important issues of public policy." Dkt. 577 at 2-3. Leave to the side the extreme irony in Musk invoking a need for immediate appellate review after failing to pursue his claims in a timely fashion. As the evidence at trial showed, the facts establishing the statute of limitations defense, including Musk's eagerness to create a for-profit OpenAI entity that he would have controlled, also undermine the merits of Plaintiff's claims. The trial also demonstrated that Plaintiff's charitable trust claim is not about advancing any public interest but attacking a competitor and settling a personal vendetta against OpenAI's co-founders. Moreover, the Attorneys General with oversight over OpenAI are of course more than qualified to address "important issues of public policy" regarding OpenAI's structure and operations.

Finally, a Rule 54(b) appeal would give Plaintiff every incentive to delay prompt resolution of his Phase II claims. *See Jewel*, 810 F.3d at 630-31 (noting that "the result of this appeal has been to bring the district court proceedings to a halt"). Further delay of the Phase II claims will in turn risk harm to the administration of justice, as Musk has demonstrated that nothing will deter him from continuing to publicly impugn the integrity of these judicial proceedings and attack OpenAI

and its principals.[2]

Neither the courts nor OpenAI should be put to the burden of addressing successive appeals in the same case. And any ultimate appeal will benefit from a full record including any findings this Court should determine to prepare in connection with Phase I and the record of disposition of Phase II.[3] Because the parties' and the Court's "resources would be better spent obtaining a final judgment on all of the claims," *Jewel*, 810 F.3d at 631, Plaintiff's application for a Rule 54(b) certification should be denied.

---

[2] Dominic Patten, *Elon Musk Rages Against "Terrible Activist Oakland Judge" & Jury After Losing $150 Billion OpenAI Trial*, Deadline (May 18, 2026), *at* https://deadline.com/2026/05/elon-musk-response-openai-trial-verdict-1236915076/; Dkt. 522 (addressing Musk threat to make Brockman and Altman "the most hated men in America").

[3] Proceeding in the ordinary course without an interlocutory Rule 54(b) certification will also permit the Court to supplement its Phase I findings and conclusions if it deems appropriate at the time it enters a final judgment on all of Plaintiff's claims. *See* Fed. R. Civ. P. 52(b).

3

Dated:   May 20, 2026                          Respectfully Submitted,


                                               MORRISON & FOERSTER LLP


                                               */s/ William Frentzen*
                                               JORDAN ETH (CA SBN 121617)
                                               JEth@mofo.com
                                               WILLIAM FRENTZEN (CA SBN 343918)
                                               WFrentzen@mofo.com
                                               DAVID J. WIENER (CA SBN 291659)
                                               DWiener@mofo.com
                                               MORRISON & FOERSTER LLP
                                               425 Market Street
                                               San Francisco, CA 94105
                                               Telephone:    (415) 268-7000
                                               Facsimile:    (415) 268-7522

                                               WILLIAM SAVITT (admitted *pro hac vice*)
                                               WDSavitt@wlrk.com
                                               BRADLEY R. WILSON (admitted *pro hac vice*)
                                               BRWilson@wlrk.com
                                               SARAH K. EDDY (admitted *pro hac vice*)
                                               SKEddy@wlrk.com
                                               RANDALL W. JACKSON (admitted *pro hac vice*)
                                               RWJackson@wlrk.com
                                               STEVEN WINTER (admitted *pro hac vice*)
                                               SWinter@wlrk.com
                                               NATHANIEL CULLERTON (admitted *pro hac vice*)
                                               NDCullerton@wlrk.com
                                               WACHTELL, LIPTON, ROSEN & KATZ
                                               51 West 52nd Street
                                               New York, NY 10019
                                               Telephone:    (212) 403-1000
                                               Facsimile:    (212) 403-2000

                                               *Attorneys for the OpenAI Defendants*