# JOHNNY HAYNES

**3845 Military St N Hamiliton, AL 35570**
**Direct Line: 205-913-8186  E-Mail: JohnnyHaynes12@gmail.com**

**VIA U.S. Mail & Electronic Delivery**

*Dated: 5/19/2026 12:46 AM*

RECEIVED

MAY 26 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CLERK'S FILING INSTRUCTIONS:**

Please file the attached Brief of Amicus Curiae Johnny Haynes in support of post-trial relief in the matter styled:

**Elon Musk v. Samuel Altman, et al.**
**Case No. 3:24-cv-04722**
**United States District Court**
**Northern District of California, San Francisco Division.**

Amicus Curiae respectfully requests that the Clerk docket the filing in the above-captioned matter pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and any applicable procedures governing amicus submissions and post-trial briefing.  If leave of Court is required for filing of the Amicus Brief, Amicus respectfully requests that the filing be construed together with a request for leave in the interests of justice and judicial economy.

**/s/ Johnny A. Haynes -** *Amicus Curiae*

*Executed on this date:  5/19/2026 12:46 AM*

*Johnny A. Haynes*

*Electronically Signed Pursuant to the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001 et seq.*

*(End of Communication)*

PAGE 1 OF 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

**ELON MUSK,**
Plaintiff,

Case No. 3:24-cv-04722

v.

**SAMUEL ALTMAN, et al.,**
Defendants,



FILED

MAY 26 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## BRIEF OF AMICUS CURIAE JOHNNY HAYNES
## IN SUPPORT OF POST TRIAL RELIEF

*COMES NOW Amicus Curiae, Johnny Haynes and respectfully submits this Brief in support of post-trial relief pursuant to Rules 50, 51, 52, 59, and 61 of the Federal Rules of Civil Procedure and states as follows:*

### INTEREST OF AMICUS CURIAE

Johnny Haynes, submits this Brief because the issues presented extend substantially beyond ordinary private commercial litigation and implicate matters of exceptional public and institutional significance, including nonprofit governance integrity, equitable fraud doctrines, public reliance upon charitable and humanitarian representations, and the concentration of Artificial General Intelligence infrastructure into private commercial control systems.

PAGE 1 OF 8

**BRIEF OF AMICUS CURIAE**
**JOHNNY HAYNES IN SUPPORT**
**OF POST TRIAL RELIEF**



This matter further concerns the judiciary's obligation to ensure that procedural doctrines are not applied in a manner that abridges substantive equitable rights preserved under federal law. See 28 U.S.C. § 2072(b) ("Such rules shall not abridge, enlarge or modify any substantive right.").

**SUMMARY OF ARGUMENT**

The verdict rendered warrants heightened post-trial scrutiny because longstanding federal and California authority recognizes that fraud-based claims involving concealment, delayed disclosure, and evolving discovery do not accrue mechanically at the time of the underlying conduct. Rather, accrual depends upon discovery, inquiry notice, diligence, and concealment-related equitable doctrines.

The Supreme Court of the United States has repeatedly recognized that fraudulent concealment suspends statutory accrual where material facts remain concealed in a manner preventing reasonable discovery of actionable misconduct. *Bailey v. Glover, 88 U.S. 342 (1874); Holmberg v. Armbrecht, 327 U.S. 392 (1946); Merck & Co., Inc. v. Reynolds, 559 U.S. 633 (2010).*

California law likewise provides that fraud claims accrue only upon discovery of the facts constituting the fraud. *Cal. Civ. Proc. Code § 338(d).* California courts further recognize that accrual depends upon inquiry notice and reasonable diligence, both of which remain fact-intensive issues dependent upon the surrounding circumstances. (continued)

PAGE 2 OF 8

**BRIEF OF AMICUS CURIAE**
**JOHNNY HAYNES IN SUPPORT**
**OF POST TRIAL RELIEF**



*Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797 (2005); Norgart v. Upjohn Co., 21 Cal. 4th 383 (1999); Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103 (1988); Aryeh v. Canon Business Solutions, Inc., 55 Cal. 4th 1185 (2013).*

To the extent the **verdict** rendered **rested** upon rigid accrual assumptions, incomplete concealment analysis, materially defective jury instructions, or prejudicial omission of equitable tolling principles, post-trial relief remains appropriate under Rules 50, 51, 52, 59, and 61 of the Federal Rules of Civil Procedure.

**ARGUMENT**

**I. FEDERAL LAW RECOGNIZES THAT FRAUDULENT CONCEALMENT SUSPENDS ACCRUAL AND PREVENTS MECHANICAL APPLICATION OF LIMITATION DEFENSES**

The Supreme Court has long recognized that statutes of limitation cannot be transformed into mechanisms insulating concealed fraud from judicial review. In *Bailey v. Glover, 88 U.S. 342, 349 to 350 (1874)*, the Court held that where a plaintiff remains unaware of fraud "without any fault or want of diligence or care on his part," accrual does not begin until discovery of the fraud itself.

The Supreme Court reaffirmed this doctrine in *Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946)*, holding that equitable tolling principles are read into every federal statute of limitation absent clear congressional command to the contrary. The Court emphasized that equity will not permit procedural limitation doctrines to reward concealed misconduct.

PAGE 3 OF 8

**BRIEF OF AMICUS CURIAE
JOHNNY HAYNES IN SUPPORT
OF POST TRIAL RELIEF**



Likewise, in *Merck & Co., Inc. v. Reynolds, 559 U.S. 633, 648 (2010)*, the Supreme Court recognized that discovery-accrual principles turn upon what a reasonably diligent plaintiff could have discovered concerning the operative facts constituting the violation itself.

These doctrines exist specifically because sophisticated misconduct frequently occurs through layered entities, selective disclosure, evolving operational structures, concealed conflicts, and indirect control mechanisms designed to delay meaningful discovery of actionable conduct.

## II. CALIFORNIA LAW REQUIRES DISCOVERY, INQUIRY NOTICE, AND DILIGENCE ANALYSIS BEFORE FRAUD CLAIMS MAY BE DEEMED TIME BARRED

California law expressly provides that fraud claims accrue upon "the discovery, by the aggrieved party, of the facts constituting the fraud." *Cal. Civ. Proc. Code § 338(d)*.

In *Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005)*, the California Supreme Court held that delayed discovery principles require examination of both the time and manner of discovery and whether earlier discovery could reasonably have occurred through diligence.

The California Supreme Court further explained in *Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 to 398 (1999), and Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1110 to 1111 (1988)*, that inquiry notice exists only when a plaintiff possesses reason to suspect wrongdoing sufficient to trigger investigation obligations.

**BRIEF OF AMICUS CURIAE
JOHNNY HAYNES IN SUPPORT
OF POST TRIAL RELIEF**



Additionally, in *Aryeh v. Canon Business Solutions, Inc., 55 Cal. 4th 1185, 1192 (2013)*, the California Supreme Court reaffirmed that equitable accrual doctrines remain essential safeguards against rigid procedural application inconsistent with fairness and justice.

Accordingly, a fraud-based claim cannot properly be deemed time barred absent adequate consideration of:

1. **discovery;**

2. **inquiry notice;**

3. **reasonable diligence;**

4. **concealment;**

5. **equitable tolling; and**

6. **delayed accrual principles.**

## III. RULES 50, 51, 52, 59, AND 61 OF THE FEDERAL RULES OF CIVIL PROCEDURE AUTHORIZE POST TRIAL REVIEW OF VERDICTS AFFECTED BY LEGAL ERROR

**Federal Rule of Civil Procedure 50** authorizes judgment as a matter of law where no legally sufficient evidentiary basis supports the verdict.

**Federal Rule of Civil Procedure 51** authorizes review of erroneous jury instructions and failures to properly instruct the jury upon controlling legal standards.

PAGE 5 OF 8

**BRIEF OF AMICUS CURIAE
JOHNNY HAYNES IN SUPPORT
OF POST TRIAL RELIEF**



**Federal Rule of Civil Procedure 52** permits judicial findings and conclusions necessary to ensure proper application of governing equitable doctrines and legal standards.

**Federal Rule of Civil Procedure 59** authorizes a new trial or alteration of judgment where the verdict rests upon legal error, materially defective instructions, manifest injustice, or verdicts contrary to the weight of the evidence.

**Federal Rule of Civil Procedure 61** further requires courts to disregard harmless error but correct prejudicial error affecting substantial rights.

To the extent the verdict rendered rested upon incomplete instruction or improper analysis concerning:

1. **fraudulent concealment;**

2. **equitable tolling;**

3. **delayed discovery;**

4. **inquiry notice;**

5. **diligence;**

6. **continuing accrual doctrines; or**

7. **concealment-related equitable suspension principles,**

substantial grounds exist warranting heightened judicial scrutiny and post-trial review.

PAGE 6 OF 8

**BRIEF OF AMICUS CURIAE
JOHNNY HAYNES IN SUPPORT
OF POST TRIAL RELIEF**



Moreover, *28 U.S.C. § 2072(b)* expressly prohibits procedural rules from abridging substantive rights. Equitable tolling and fraudulent concealment protections constitute longstanding substantive equitable safeguards recognized throughout federal jurisprudence. Procedural limitation doctrines therefore cannot be applied in a manner effectively extinguishing substantive fraud claims where concealment prevented timely discovery of operative facts.

## IV. THE EXTRAORDINARY PUBLIC INTEREST IMPLICATIONS OF THIS LITIGATION WARRANT HEIGHTENED EQUITABLE SCRUTINY

This litigation implicates issues extending far beyond ordinary private injury. The allegations concern nonprofit governance, public-benefit representations, open-source commitments, fiduciary obligations, and the concentration of Artificial General Intelligence infrastructure into private commercial control systems possessing extraordinary societal and economic implications.

The public maintains a substantial institutional interest in ensuring that charitable legitimacy and nonprofit representations are not utilized to secure reliance, funding, participation, or public trust before materially diverging into opaque commercial structures shielded through procedural technicalities.

The judiciary's equitable powers therefore carry heightened significance in preserving public confidence in the administration of justice and ensuring that concealment-related doctrines remain meaningfully enforceable in technologically significant litigation involving substantial public reliance interests.

PAGE 7 OF 8

**BRIEF OF AMICUS CURIAE**
**JOHNNY HAYNES IN SUPPORT**
**OF POST TRIAL RELIEF**


1000007639500101.000139.09.10.000000

## CONCLUSION & RECOMMENDATION

WHEREFORE, Johnny Haynes respectfully submits this *Amicus* in strong support that post-trial relief pursuant to Rules 50, 51, 59, and 61 of the Federal Rules of Civil Procedure, including vacatur, reconsideration, amendment of findings, or a new trial, to ensure proper application of equitable tolling, fraudulent concealment, delayed discovery, inquiry notice, accrual doctrines, and the Federal Rules of Civil Procedure consistent with Supreme Court precedent, California law, 28 U.S.C. § 2072(b), and the interests of justice. The extraordinary public-interest implications presented by alleged concealment, nonprofit governance transformation, and concentrated Artificial General Intelligence control structures warrant heightened judicial scrutiny to preserve substantive equitable rights, institutional integrity, and public confidence in the administration of justice.

Respectfully Submitted,

**/s/ Johnny Haynes,** *Amicus Curiae*



*Electronically Signed Pursuant to the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001 et seq.*

**JOHNNY HAYNES**
**3845 Military Street North**
**Hamilton, AL 35570**
**Email:** JohnnyHaynes12@gmail.com
**Direct Line:** (205) 913-8186

**BRIEF OF AMICUS CURIAE**
**JOHNNY HAYNES IN SUPPORT**
**OF POST TRIAL RELIEF**

FIRST-CLASS MAIL
PRESORTED
U.S. POSTAGE
PAID
PERMIT NO. 634
ZIP CODE 94120

LGCFZBIA

**USPS CERTIFIED MAIL**

9214 8902 3589 0900 0040 0493 38

JOHNNY HAYNES
3845 MILITARY STREET NORTH
HAMILTON, AL 35570

CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE
SAN FRANCISCO, CA 94102-3661