United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ELON MUSK, ET AL.,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**SAMUEL ALTMAN, ET AL.,**<br><br>    Defendants. | **Case No.: 4:24-cv-4722-YGR**<br><br>**ORDER APPOINTING MEDIATOR AND CONDITIONALLY APPOINTING SPECIAL MASTER**<br><br>Re: Dkt. No. 603 |

The Court having determined that the appointment of a Mediator and, if mediation is unsuccessful, the limited-purpose appointment of a Special Master, will facilitate the just, speedy, and inexpensive resolution of this action, **ORDERS** as follows:

**I.      APPOINTMENT OF MEDIATOR**

1.      Appointment. The Court **APPOINTS** R. David Proctor as Mediator in this action. Proctor has consented to serve in this capacity and has disclosed to the Court that there are no conflicts with his service.

2.      Qualifications. The Mediator is an attorney duly licensed to practice law and possesses substantial legal and judicial experience in complex civil litigation, antitrust law, and alternative dispute resolution. The Court is satisfied that the Mediator is well qualified to serve in this capacity.

3.      Scope of Mediation. The Mediator may conduct mediation proceedings with respect to all claims and defenses asserted in this action, including, but not limited to, the antitrust claims

contained in the pleadings; any other claims, counterclaims, cross-claims, or third-party claims that have been or may be filed; and all claims that have not reached Final Judgment.

4. Terms of Engagement. The parties are **DIRECTED** to contact the Mediator directly at Proctor Resolutions LLC, 501 Riverchase Parkway E., Suite 100, Birmingham, AL 35244, (659) 273-8509, dave_proctor@proctorresolutions.com and in good faith agree on the terms of engagement governing the mediation. Such terms **SHALL** include, without limitation:

(a) scheduling and determining the format of mediation sessions;

(b) confidentiality agreements and any other procedural ground rules needed for the mediation;

(c) exchanging of pre-mediation submissions and position statements;

(d) conducting of pre-mediation sessions and mediation sessions with some or all parties;

(e) the compensation and expense reimbursement of the Mediator and the allocation of the Mediator's fees and costs among the parties; and

(f) any other matters the Mediator or the parties deem appropriate.

5. Good Faith Participation. All parties and their counsel are required to participate in the mediation process in good faith. Each party shall ensure that representatives with full settlement authority are present at all mediation sessions, unless otherwise agreed by the parties and the Mediator.

6. Confidentiality. All communications, submissions, and proceedings in connection with the mediation shall be confidential and privileged to the fullest extent permitted by applicable law, including Federal Rule of Evidence 408. The Mediator shall not be called as a witness in this or any other proceeding with respect to matters disclosed in the course of the mediation.

7. Reporting. Within fourteen (14) days of the conclusion of the mediation, the Mediator **SHALL** file with the Court a brief report indicating only whether the mediation was conducted and whether the matter was resolved, without disclosing the substance of any mediation communications.

## II. CONDITIONAL APPOINTMENT AS SPECIAL MASTER – LITIGATION PLANNING

8. Conditional Appointment as Special Master. In the event that mediation efforts are unsuccessful, R. David Proctor is hereby **CONDITIONALLY APPOINTED** as Special Master, pursuant to Federal Rule of Civil Procedure 53, to assist the Court and the parties with early pretrial litigation management, and particularly focusing on the antitrust claims asserted in this case.

9. Affidavit. Proctor **SHALL** promptly file a Rule 53 affidavit indicating that he has no conflicts and may proceed as a Special Master in this litigation if that need arises.

10. Consultation Regarding Pleadings and Litigation Plan. Upon written notice to the Court from the Special Master that mediation has been unsuccessful, the parties **SHALL** promptly consult with Proctor concerning:

(a) Status of the Pleadings. The parties will advise the Special Master of the status of all pleadings, including whether any motions to dismiss, motions to amend, or other preliminary motions are pending or anticipated. The Special Master is authorized to review the pleadings and submit recommendations to the parties, and if necessary to the Court, concerning the parties' sufficiency and readiness for the commencement of motion practice and the early stages of litigation.

(b) Development of an Efficient Early Litigation Plan. The parties **SHALL** work with the Special Master to develop a comprehensive initial litigation plan designed to ensure that this action begins efficiently and economically. The plan will specifically address the antitrust claims in the case and will include:

(i) identification of the core antitrust theories of liability and the principal defenses, and a plan for efficient briefing of the key dispositive and other legal issues;

(ii) early identification of the core decisional questions that will ultimately determine the outcome of this action;

(iii) early identification of any facts and issues amendable to stipulation;

United States District Court
Northern District of California

(iv)    early identification of discrete legal or factual issues amenable to resolution on initial dispositive motions, other pretrial motions, or other Court rulings so as to narrow the issues, including:

- electronic discovery protocols and preservation obligations;

- any protective order or confidentiality designations appropriate to govern the production of competitively sensitive materials; and

- sequencing of the initial case management activities to suggest to the Court a preliminary case-management road map; and

(v)    any other early case management matters the parties and the Special Master determine would aid the Court in establishing a framework for early case management.

11.    Rule 16 Scheduling Order. Following the parties' consultations with the Special Master pursuant to Paragraph 10, the Special Master **SHALL** assist the parties in drafting a proposed Rule 16 Scheduling and Case Management Order for submission to the Court. Such proposed order **SHALL**:

(a)    incorporate the early litigation plan items identified in paragraph 10(a);

(b)    outline a briefing schedule for early dispositive motions, to be set no earlier than the dates proposed by the parties at Dkt. No. 603; and

(b)    identify the key issues the parties should focus on in dispositive motion briefing.

12.    Submissions to the Court. The Special Master **SHALL** file recommendations, proposed orders, and other materials with the Court, which will be subject to Court review in accordance with Federal Rule of Civil Procedure 53(f). Absent an agreement among the parties otherwise, the parties will have the opportunity to file objections or otherwise state their positions on any such recommendations, proposed orders, or other material.

13.    Cooperation of the Parties. The parties and their counsel **SHALL** cooperate fully with the Special Master and comply with all reasonable requests for information, submissions, and participation in proceedings conducted by the Special Master. Failure to cooperate may be reported to the Court.

14.    Terms and Conditions of Special Master Service. If appointment becomes necessary, the terms, and conditions of the Special Master's engagement as described in Part II of this Order will be set forth in a separate order, consistent with Federal Rule of Civil Procedure 53(g).

This Order terminates Docket No. 603.

**IT IS SO ORDERED**.

Date: July 1, 2026

_____
**YVONNE GONZALEZ ROGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

United States District Court
Northern District of California

5